BRYAN WILSON (CA BAR NO. 138842)
ERIC C. PAI (CA BAR NO. 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com
E-Mail: EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
ANDERS T. AANNESTAD (CA SBN 211100)
MORRISON & FOERSTER LLP
12531 High Bluff Drive
Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com
E-Mail: SComer@mofo.com
E-Mail: AAannestad@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No. C07 02845 MEJ<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

1

COMPLAINT
pa-1168372

1  Plaintiff Applera Corporation – Applied Biosystems Group ("Applied Biosystems" or
2  "AB"), by its undersigned attorneys, alleges as follows:

## PARTIES

3.  1. Applied Biosystems is an operating group of Applera Corporation, a Delaware Corporation. Applera's principal place of business is in Norwalk, Connecticut, and Applied Biosystems's principal place of business is in Foster City, California.

2. Applied Biosystems is informed and believes, and on that basis alleges, that defendant Illumina, Inc. ("Illumina") is a Delaware Corporation with its principal place of business in San Diego, California. AB is further informed and believes that in 2005, Lynx Therapeutics, Inc. ("Lynx") acquired Solexa, and that the combined companies of Lynx and Solexa became known as Solexa. AB is further informed and believes that effective January 26, 2007, Illumina acquired Solexa, Inc. ("Solexa"), a Delaware Corporation with its principal place of business in Hayward, California. References to Illumina in this Complaint include Illumina, Solexa, and Lynx.

3. AB is informed and believes, and on that basis alleges, that defendant Stephen C. Macevicz ("Macevicz") is, and at all relevant times was, a resident of Santa Clara County, California.

## JURISDICTION

4. This is an action for declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202 for the purpose of determining a question of actual controversy between the parties as described herein.

5. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to patents), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1367 (supplemental jurisdiction).

## VENUE

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) in that AB is informed and believes, and on that basis alleges, that Illumina is subject to personal jurisdiction within the State of California and this judicial district by virtue of, *inter alia*, Illumina's principal

place of business in San Diego, California and Solexa's principal place of business in Hayward, California, Illumina and Solexa's regular and systematic business contacts with this judicial district, and Solexa's communications to AB in California. Illumina accordingly resides within this judicial district for venue purposes.

### INTRADISTRICT ASSIGNMENT

7. Assignment to the San Jose Division is proper because Defendant Stephen Macevicz resides in the County of Santa Clara.

### RELATED STATE-COURT ACTION

8. This case is related to the pending case of *Applera Corporation – Applied Biosystems Group v. Solexa, Inc., Stephen C. Macevicz, and Does 1-10*, filed on or about December 26, 2006 in the Superior Court of California, County of Santa Clara, Case No. 106CV077133 (the "State Court Action").

9. The complaint in the State Court Action alleges, *inter alia*, that Solexa (which was known during much of the relevant time period as Lynx) and Macevicz wrongfully took patents and inventions that belong to AB.

10. Macevicz is the former Chief Patent Counsel for AB. While he was employed by AB, and without the knowledge or consent of AB, Macevicz applied for patents on inventions that he was obligated to assign to AB. Under the terms of his employment with AB, he held these inventions, applications, and patents in trust for AB. Immediately after he left AB, however, and before the patents were issued, Macevicz went to work for Lynx and purported to assign the patents to Lynx.

11. AB brought the State Court Action to recover the patents because Macevicz had no right to assign the applications to Lynx, and Lynx had no right to accept the assignments. The State Court Action remains pending. As of the time of the filing of this Complaint, the State Court has not issued a decision regarding the ownership of the patents, and the case is at the beginning of discovery.

## FACTUAL BACKGROUND

12. In Spring, 1992, Macevicz accepted an offer to become patent counsel for AB. On May 4, 1992, as a condition of his employment by AB, Macevicz signed an Employee Invention Agreement ("Invention Agreement") with AB. In the Invention Agreement, Macevicz promised to disclose to AB, to hold in trust for the sole right and benefit of AB, and to assign to AB any inventions that he might make while employed by AB. The only exceptions were inventions that Macevicz could prove were developed entirely on his own time, were developed without the use of company resources, and did not relate to the actual or anticipated business of AB or result from work performed by him for AB. Macevicz further promised that if he made any inventions that he believed fell within this exception, he would disclose those inventions to AB and provide evidence to substantiate his belief that the inventions fell within the exception.

13. On April 17, 1995, while he was still working for AB, Macevicz filed United States Patent Application No. 08/424,663 ("the Application") with the United States Patent and Trademark Office. He filed the Application in his own name. The Application described and covered inventions that were owned by AB pursuant to the Invention Agreement. Macevicz did not disclose the Application, nor did he make any other disclosure required by the Invention Agreement, to AB.

14. Macevicz's Application led to at least three U.S. patents that issued after he left AB: U.S. Patent No. 5,750,341 ("the '341 Patent"), U.S. Patent No. 5,969,119 ("the '119 Patent), and U.S. Patent No. 6,306,597 (the '597 Patent) (collectively, "the Patents"). Copies of the '341 Patent, '119 Patent, and '597 Patent are attached to this Complaint as Exhibits A-C, respectively. AB did not learn about the Application or the Patents until in or around February 2006.

15. Very soon after he left AB, Macevicz went to work for Lynx. On information and belief, Macevicz purported to assign the Application and the Patents to Lynx, and Lynx purported to accept the assignments, even though they were already assigned to AB under the Invention Agreement. AB was unaware of the purported assignment to Lynx, and was unaware of the Application or the Patents, until in or around February 2006.

## GROUNDS FOR DECLARATORY RELIEF

16. This is in part an action for a declaratory judgment concerning infringement of the '341 Patent, the '119 Patent, and the '597 Patent.

17. Illumina/Solexa purports to be the owner by assignment of the Patents.

18. AB currently manufactures, sells, and intends to sell in the United States its DNA sequencing products.

19. On March 8, 2006, Dr. Tony Smith, the Vice President and Chief Scientific Officer of Solexa, wrote to Dr. Kevin McKernan, attaching a copy of the '597 Patent. Dr. McKernan was at that time the Vice President and Co-Chief Scientific Officer of Agencourt Personal Genomics, which is now owned by AB.

20. The March 8, 2006 letter indicated to AB the intention of Solexa to assert the '597 patent, as well as the related '341 and '119 patents, against DNA sequencing products of AB. In the letter Dr. Smith describes a conference at Hilton Head at which he had met with Dr. McKernan. The letter states that Dr. McKernan "made a reference to Solexa patents" at the meeting. But, during this meeting, Dr. McKernan had not made a reference to the Solexa patents listed in the letter. Thus, Agencourt and AB understand that Solexa used the conversation between Drs. McKernan and Smith at the Hilton Head conference as a pretext to put Agencourt on notice of the '597 patent, as well as the related '341 and '119 patents, thereby indicating to Agencourt/AB that Solexa is contending that Agencourt is engaging or intending to engage in activity for which it needs a license to the '597 patent and its related patents.

21. On or about February 23, 2007, Solexa served "Defendant Solexa, Inc.'s First Request for Production of Documents and Things to Plaintiff Applera Corporation – Applied Biosystems Group" in the related State Court action. In that discovery demand, Solexa demanded "All documents that refer or relate to whether You infringe any claim in the Patents". Solexa's demand defined the "Patents" as the '341 patent, '119 patent, and '597 patent. This discovery demand confirmed Illumina's intent to assert the '341, '119 and '597 patents against AB.

22. Solexa's actions have raised issues of infringement of the '341 Patent, '119 Patent, and '597 Patent for AB.

5

COMPLAINT
pa-1168372

23. AB is informed and believes, and on that basis alleges, that Solexa contends that the '341 Patent, '119 Patent, and/or '597 Patent are infringed by AB's DNA sequencing products.

24. The foregoing facts and circumstances demonstrate that Illumina/Solexa asserts rights under the '341 Patent, '119 Patent, and '597 Patent based on ongoing or planned activity of AB, namely the manufacturing, selling, offering for sale, and/or using of DNA sequencing products. AB contends that it has the right to engage in the accused activity without license. There is therefore an actual, justiciable, Article III case or controversy between the parties with respect to infringement of the Patents. Accordingly, AB is entitled to have a declaration of its rights and further relief as requested herein.

25. AB seeks a declaration of its rights to continue making, selling, offering for sale, and using DNA sequencing products without a license and without a risk of being sued for infringement of the Patents.

26. The ownership of the Patents is in dispute between AB and Illumina, as indicated by the State Court Action. In the interests of judicial economy, AB herein alleges its causes of action regarding the ownership of the Patents, so that the issues of ownership and infringement can be resolved in the most efficient manner through a consolidated proceeding. Since the parties' positions regarding infringement will be affected by the determination of ownership, the same Court should resolve all issues concerning the Patents, beginning with the issue of ownership.

**FIRST CAUSE OF ACTION**
**(Breach of Contract; Against Macevicz)**

27. AB incorporates by reference paragraphs 1 through 26 above.

28. The Invention Agreement is a valid and enforceable agreement between Macevicz and AB.

29. Macevicz breached the terms of the Invention Agreement by, among other things, failing to disclose the inventions to AB, applying for patents on the inventions in his own name, and purporting to assign the inventions and patents to Lynx.

30. AB has been harmed by Macevicz's various breaches of the Invention Agreement in ways that cannot be fully compensated by monetary damages. AB is therefore entitled to injunctive relief including, among other things, specific enforcement of Macevicz's obligations under the Invention Agreement.

**SECOND CAUSE OF ACTION**
**(Interference With Contract; Against All Defendants)**

31. AB incorporates by reference paragraphs 1 through 30 above.

32. On information and belief, Lynx knew that Macevicz had a contractual duty to disclose and assign the Application and Patents to AB. Lynx also knew that Macevicz had worked for AB prior to working for Lynx, and that the Application and Patents were within AB's scope of business. Lynx nonetheless accepted the purported assignment of the Application and Patents from Macevicz, and assisted Macevicz in violating his contractual obligations to AB by failing to disclose, hold in trust for, and assign the Application and Patents to AB. Illumina/Solexa has adopted, ratified and benefited from the wrongful conduct of Macevicz and Lynx.

33. AB has been damaged as a result of Illumina's interference with the Invention Agreement between Macevicz and AB, in an amount to be proven at trial. Illumina's conduct was intentional, willful, and malicious, thereby justifying an award of punitive damages. AB has also been damaged in ways that cannot be compensated by monetary damages, and is therefore entitled to injunctive relief.

**THIRD CAUSE OF ACTION**
**(Breach of Fiduciary Duty; Against All Defendants)**

34. AB incorporates by reference paragraphs 1 through 33 above.

35. As AB's chief patent counsel, Macevicz owed to AB fiduciary duties of utmost good faith and honesty, including duties to protect AB's business and interests with respect to inventions, patents, intellectual property, and other corporate opportunities, and not to allow those opportunities to be used by others for their own benefit. Macevicz also owed fiduciary duties to

COMPLAINT
pa-1168372

7

AB under the Invention Agreement, pursuant to which he held inventions in trust for the sole right and benefit of AB.

36. Macevicz breached fiduciary duties owed to AB by, among other things, failing to disclose the inventions to AB, applying for patents on the inventions in his own name, and purporting to assign the inventions and patents to Lynx.

37. On information and belief, Lynx knew that Macevicz was AB's chief patent counsel, held the inventions and patents in trust for AB, and owed fiduciary duties to AB. Lynx aided and abetted Macevicz in violating his fiduciary duties to AB by encouraging and accepting Macevicz's purported assignment of the Application and Patents to Lynx. Illumina/Solexa has adopted, ratified and benefited from the wrongful conduct of Macevicz and Lynx.

38. AB has been damaged as a result of Illumina's aiding and abetting of Macevicz's breaches of fiduciary duties owed to AB, in an amount to be proven at trial. Illumina's conduct was intentional, willful, and malicious, thereby justifying an award of punitive damages. AB has also been damaged by Macevicz's breaches of fiduciary duties, and Illumina's aiding and abetting thereof, in ways that cannot be fully compensated by monetary damages, and is therefore entitled to injunctive relief.

## FOURTH CAUSE OF ACTION
### (Constructive Fraud; Against All Defendants)

39. AB incorporates by reference paragraphs 1 through 38 above.

40. As AB's chief patent counsel, Macevicz owed to AB fiduciary duties of utmost good faith and honesty, including duties to protect AB's business and interests with respect to inventions, patents, intellectual property, and other corporate opportunities, and not to allow those opportunities to be used by others for their own benefit. Macevicz also owed fiduciary duties to AB under the Invention Agreement, pursuant to which he held inventions in trust for the sole right and benefit of AB.

41. Macevicz breached fiduciary duties owed to AB by, among other things, failing to disclose the inventions to AB, applying for patents on the inventions in his own name, and purporting to assign the inventions and patents to Lynx.

42. On information and belief, Lynx knew that Macevicz was AB's chief patent counsel, held the inventions and patents in trust for AB, and owed fiduciary duties to AB. Lynx aided and abetted Macevicz in violating his fiduciary duties to AB by encouraging and accepting Macevicz's purported assignment of the Application and Patents to Lynx.

43. On information and belief, Macevicz's breaches of fiduciary duties provided advantages to him, and to Lynx claiming under him, by misleading AB to its prejudice. These breaches constitute constructive fraud under the common law and according to statute, including California Civil Code section 1573.

44. On information and belief, Illumina/Solexa has adopted and ratified the wrongful conduct of Macevicz and Lynx, and Illumina's aiding and abetting of Macevicz's breaches of fiduciary duties provided advantages to Illumina, by misleading AB to its prejudice. These breaches constitute constructive fraud under the common law and according to statute, including California Civil Code section 1573.

45. AB has been damaged as a result of defendants' constructive fraud, in an amount to be proven at trial. Illumina's conduct was intentional, willful, and malicious, thereby justifying an award of punitive damages. AB has also been damaged by defendants' constructive fraud in ways that cannot be fully compensated by monetary damages, and is therefore entitled to injunctive relief.

### FIFTH CAUSE OF ACTION
### (Conversion; Against All Defendants)

46. AB incorporates by reference paragraphs 1 through 45 above.

47. AB owned and continues to own the Application and the Patents. Without AB's consent, Lynx intentionally took possession of the Application and the Patents.

48. Lynx knew or should have known that Macevicz submitted the Application while he was working for AB, and that the subject matter of the Application and the Patents related to AB's business. Lynx could not reasonably have believed that Macevicz had authority to assign the Application and the Patents to Lynx. Illumina/Solexa has adopted, ratified and benefited from the wrongful conduct of Macevicz and Lynx.

49. AB has been harmed by defendants' conduct and is entitled to recover from defendants the actual damages sustained by AB as a result of the defendants' wrongful acts as described in this Complaint. The amount of these damages cannot be determined at this time. AB is further entitled to the return of the Patents, and is also entitled to a constructive trust over the Patents and income derived therefrom.

## SIXTH CAUSE OF ACTION
### (Imposition of Constructive Trust; Against All Defendants)

50. AB incorporates by reference paragraphs 1 through 49 above.

51. Under the Invention Agreement, Macevicz holds and held the Application and the Patents in trust for AB. Although Macevicz purported to assign the Application and the Patents to Lynx, Macevicz had no right to make that assignment. Lynx knew, or should have known, that Macevicz had no right to make the assignment. Illumina/Solexa has adopted, ratified and benefited from the wrongful conduct of Macevicz and Lynx.

52. Because of the fraudulent and otherwise wrongful manner in which Illumina obtained its purported right, claim or interest in and to the Application and the Patents, Illumina has no legal or equitable right, claim or interest to the Application or the Patents, or any income or benefits derived from them. Illumina is an involuntary trustee holding the Application and the Patents and any profits or income therefrom in constructive trust for AB, with the duty to convey the same to AB.

## SEVENTH CAUSE OF ACTION
### (Unfair Competition; Against Solexa and Illumina)

53. AB incorporates by reference paragraphs 1 through 52 above.

54. Solexa has brought the Patents to the attention of third parties as if it were the legitimate assignee and owner of the Patents, and has acted in all respects as if it were the proper assignee and owner of the Patents. However, Solexa is not the proper assignee or owner of the Patents.

55. Solexa's improper receipt of the Application and the Patents, and improper representation of ownership of the Patents, constitutes unfair competition under the common law

Case 3:07-cv-02845-WHA   Document 1-5   Filed 05/31/2007   Page 11 of 13

and according to statute, including California Business and Professions Code section 17200 *et seq.* Illumina has adopted, ratified and benefited from the wrongful conduct of Solexa.

56.  As a result of Illumina and Solexa's acts of unfair competition, AB has been damaged by, among other things, the cost of this action and other measures made necessary to recover the Patents and otherwise remedy Illumina and Solexa's wrongdoing.

### EIGHTH CAUSE OF ACTION
### (Declaratory Judgment Regarding Infringement of '341 Patent, '119 Patent, and '597 Patent; Against All Defendants)

57.  AB incorporates by reference paragraphs 1 through 56 above.

58.  The parties require declaratory relief regarding infringement of the '341, '119, and '597 Patents.

59.  This judicial declaration is necessary and appropriate in order that AB may ascertain its rights and duties with respect to the Patents.

### PRAYER FOR RELIEF

WHEREFORE, AB prays for relief as follows:

1.  Actual, incidental, and consequential damages from Illumina, together with interest, in an amount to be proven at trial;

2.  Punitive damages from Illumina according to proof;

3.  Injunctive relief, in the form of the imposition of a constructive trust and an order directing Macevicz and Illumina to, at a minimum: (a) take all necessary steps to confirm and restore ownership of the Patents, including any patents that may still be pending or may yet issue based on the Application, to AB, (b) cease all use of any information that they wrongfully took or received from AB, either directly or indirectly, (c) identify and return to AB any other information, patents, or inventions made by Macevicz while he was employed by AB that he has not previously disclosed and assigned to AB;

4.  An order for an accounting of all fees, royalties, or other compensation received by Illumina based on the Patents, and imposing a constructive trust over any such fees, royalties, or other compensation in favor of AB;

COMPLAINT
pa-1168372

11

5. That the Court declare the rights and duties of AB regarding infringement of the '341 Patent, '119 Patent, or '597 Patent;

6. That the Court deem this case to be "exceptional" within the meaning of 35 U.S.C. § 285 entitling AB to an award of its reasonable attorneys' fees and expenses in this action; and

7. Any such additional and further relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Applied Biosystems demands a trial by jury of all issues triable in this action.

Dated: May 31, 2007

BRYAN WILSON
DAVID C. DOYLE
MORRISON & FOERSTER LLP

By: _____
David C. Doyle

Attorneys for Plaintiff
APPLIED BIOSYSTEMS

COMPLAINT
pa-1168372

12

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Applied Biosystems an operating group of Applera Corporation. Applera Corporation has two classes of stock, Applera-Applied Biosystems stock and Applera-Celera stock. Applera-Applied Biosystems stock is listed on the New York Stock Exchange under the ticker symbol "ABI." Applera-Celera stock is listed on the New York Stock Exchange under the ticker symbol "CRA."

Dated: May 31, 2007

DAVID C. DOYLE
BRYAN WILSON
STEVEN E. COMER
MORRISON & FOERSTER LLP

By: _____
David C. Doyle

Attorneys for Plaintiff
APPLERA CORPORATION –
APPLIED BIOSYSTEMS GROUP

COMPLAINT
pa-1168372