1  GREGORY E. STANTON (CA BAR NO. 203495)
   KEVIN M. FLOWERS
2  THOMAS I. ROSS
   JEFFREY H. DEAN
3  JOHN R. LABBE
   MARSHALL, GERSTEIN & BORUN LLP
4  6300 Sears Tower
   233 South Wacker Drive
5  Chicago, IL 60606-6357
   (312) 474-6300
6  (312) 474-0448 (facsimile)
   E-Mail: gstanton@marshallip.com
7  E-Mail: kflowers@marshallip.com
   E-Mail: tross@marshallip.com
8  E-Mail: jdean@marshallip.com
   E-Mail: jlabbe@marshallip.com
9
   Attorneys for ILLUMINA, INC. and
10 SOLEXA, INC.

11              UNITED STATES DISTRICT COURT
12            NORTHERN DISTRICT OF CALIFORNIA
                   SAN JOSE DIVISION
13

14 APPLERA CORPORATION-APPLIED          )  Case No. 07-CV-02845 MEJ
   BIOSYSTEMS GROUP, a Delaware         )
15 corporation,                         )  Magistrate Judge Maria-Elena James
                                        )
16          Plaintiff,                  )  **ANSWER OF DEFENDANTS ILLUMINA,**
                                        )  **INC. AND SOLEXA, INC. AND**
17     vs.                              )  **COUNTERCLAIMS OF DEFENDANT**
                                        )  **SOLEXA, INC.**
18 ILLUMINA, INC., a Delaware corporation, )
   SOLEXA INC., a Delaware corporation, and )  **DEMAND FOR JURY TRIAL**
19 STEPHEN C. MACEVICZ, an individual,  )
                                        )
20          Defendants.                 )
                                        )
21 _____  )

22     Defendants Illumina, Inc. and Solexa, Inc. (collectively, "Illumina") answer the Complaint

23 of Applera Corporation – Applied Biosystems Group ("AB") as follows:

24                          **PARTIES**

25     1.     Applied Biosystems is an operating group of Applera Corporation, a Delaware

26 Corporation.  Applera's principal place of business is in Norwalk, Connecticut, and Applied
   Biosystems's principal place of business is in Foster City, California.
27

28

1  **ANSWER:**

2      Illumina is without knowledge or information sufficient to form a belief as to the truth of

3  the allegations of paragraph 1.

4      2.      Applied Biosystems is informed and believes, and on that basis alleges, that

5  defendant Illumina, Inc. ("Illumina") is a Delaware Corporation with its principal place of
   business in San Diego, California.  AB is further informed and believes that in 2005, Lynx

6  Therapeutics, Inc. ("Lynx") acquired Solexa, and that the combined companies of Lynx and
   Solexa became known as Solexa.  AB is further informed and believes that effective January 26,

7  2007, Illumina acquired Solexa, Inc. ("Solexa"), a Delaware Corporation with its principal place
   of business in Hayward, California.  References to Illumina in this Complaint include Illumina,

8  Solexa, and Lynx.

9  **ANSWER:**

10      Illumina admits that it is a Delaware corporation with its principal place of business in San

11  Diego, California.  Illumina admits that in 2005, Lynx Therapeutics, Inc. ("Lynx") acquired

12  Solexa, Inc. ("Solexa") and that the combined companies of Lynx and Solexa became known as

13  Solexa.  Illumina admits that effective January 26, 2007, it acquired Solexa, which is a Delaware

14  corporation with its principal place of business in Hayward, California.  Illumina denies the

15  remaining allegations of paragraph 2.

16      3.      AB is informed and believes, and on that basis alleges, that defendant Stephen C.

17  Macevicz ("Macevicz") is, and at all relevant times was, a resident of Santa Clara County
    California.

18  **ANSWER:**

19      Illumina is without knowledge or information sufficient to form a belief as to the truth of

20  the allegations of paragraph 3.

21

22                          **JURISDICTION**

23      4.      This is an action for declaratory relief pursuant to Rule 57 of the Federal Rules of
    Civil Procedure and 28 U.S.C. §§ 2201 and 2202 for the purpose of determining a question of

24  actual controversy between the parties as described herein.

25  **ANSWER:**

26      Illumina admits that AB's Complaint purports to state an action for declaratory relief

27  pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

28

1   Illumina denies the remaining allegations of paragraph 4.

2       5.      This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1338(a) (action
3   arising under an Act of Congress relating to patents), 28 U.S.C. § 1331 (federal question), and 28
    U.S.C. § 1367 (supplemental jurisdiction).
4
    **ANSWER:**
5
        Illumina admits that this Court has subject matter jurisdiction over any action arising
6
    under an Act of Congress relating to patents under 28 U.S.C. § 1338(a), that this Court has federal
7
    question subject matter jurisdiction as set forth in 28 U.S.C. § 1331, and that this Court may
8
    assert supplemental jurisdiction as provided in 28 U.S.C. § 1367.  Illumina denies the remaining
9
    allegations of paragraph 5.
10
                                            **VENUE**
11
        6.      Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)–(c) in that AB
12  is informed and believes, and on that basis alleges, that Illumina is subject to personal jurisdiction
13  within the State of California and this judicial district by virtue of, *inter alia*, Illumina's principal
    place of business in San Diego, California and Solexa's principal place of business in Hayward,
14  California, Illumina and Solexa's regular and systematic business contacts with this judicial
    district, and Solexa's communications to AB in California.  Illumina accordingly resides within
15  this judicial district for venue purposes.
16  **ANSWER:**

17      Illumina admits that this judicial district is a proper venue for this action.

18                              **INTRADISTRICT ASSIGNMENT**
19
        7.      Assignment to the San Jose Division is proper because Defendant Stephen
20  Macevicz resides in the County of Santa Clara.
21  **ANSWER:**

22      Illumina is without knowledge or information sufficient to form a belief as to the truth of
23  the allegations of paragraph 7.

24                              **RELATED STATE-COURT ACTION**
25
        8.      This case is related to the pending case of *Applera Corporation-Applied*
26  *Biosystems Group v. Solexa, Inc., Stephen C. Macevicz, and Does 1-10,* filed on or about
    December 26, 2006 in the Superior Court of California, County of Santa Clara, Case No.
27  106CV077133 (the "State Court Action").

28

-3-

**ANSWER:**

Illumina admits the allegations of paragraph 8.

9.     The complaint in the State Court Action alleges, *inter alia*, that Solexa (which was known during much of the relevant time period as Lynx) and Macevicz wrongfully took patents and inventions that belong to AB.

**ANSWER:**

Illumina admits that the State Court Action alleges that Solexa and Macevicz wrongfully

took patents and inventions that belong to AB, but Solexa has denied those allegations.

10.     Macevicz is the former Chief Patent counsel for AB.  While he was employed by AB, and without the knowledge or consent of AB, Macevicz applied for patents on inventions that he was obligated to assign to AB.  Under the terms of his employment with AB, he held these inventions, applications, and patents in trust for AB.  Immediately after he left AB, however, and before the patents were issued, Macevicz went to work for Lynx and purported to assign the patents to Lynx.

**ANSWER:**

Illumina admits that at or around the time that Macevicz went to work for Lynx he

assigned certain patent applications to Lynx.  Illumina is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 10.

11.     AB brought the State Court Action to recover the patents because Macevicz had no right to assign the applications to Lynx, and Lynx had no right to accept the assignments.  The State Court Action remains pending.  As of the time of the filing of this Complaint, the State Court has not issued a decision regarding the ownership of the patents, and the case is at the beginning of discovery.

**ANSWER:**

Illumina admits that AB brought the State Court Action, that the State Court Action

remains pending, and that, at this time, the State Court has not issued a decision regarding the

ownership of the patents.  Illumina denies the remaining allegations of paragraph 11.

## FACTUAL BACKGROUND

12.     In Spring, 1992, Macevicz accepted an offer to become patent counsel for AB.  On May 4, 1992, as a condition of his employment by AB, Macevicz signed an Employee Invention Agreement ("Invention Agreement") with AB.  In the Invention Agreement, Macevicz promised to disclose to AB, to hold in trust for the sole right and benefit of AB, and to assign to AB any inventions that he might make while employed by AB.  The only exceptions were inventions that Macevicz could prove were developed entirely on his own time, were developed without the use

-4-

1  of company resources, and did not relate to the actual or anticipated business of AB or result from
2  work performed by him for AB. Macevicz further promised that if he made any inventions that
   he believed fell within this exception, he would disclose those inventions to AB and provide
3  evidence to substantiate his belief that the inventions fell within the exception.

4  **ANSWER:**

5      Illumina is without knowledge or information sufficient to form a belief as to the truth of

6  the allegations of paragraph 12.

7      13.    On April 17, 1995, while he was still working for AB, Macevicz filed United
   States Patent Application No. 08/424,663 ("the Application") with the United States Patent and
8  Trademark Office. He filed the Application in his own name. The Application described and
   covered inventions that were owned by AB pursuant to the Invention Agreement. Macevicz did
9  not disclose the Application, nor did he make any other disclosure required by the Invention
10 Agreement, to AB.

11 **ANSWER:**

12     Illumina admits that on April 17, 1995, Macevicz filed Patent Application No.

13 08/424,663. Illumina is without knowledge or information sufficient to form a belief as to the

14 truth of the remaining allegations of paragraph 13.

15
   16   14.    Macevicz's Application led to at least three U.S. patents that issued after he left
   AB: U.S. Patent No 5,750,341 ("the '341 Patent"), U.S. Patent No. 5,969,119 ("the '119 Patent"),
17 and U.S. Patent No. 6,306,597 (the '597 Patent) (collectively, "the Patents"). Copies of the '341
   Patent, '119 Patent, and '597 Patent are attached to this Complaint as Exhibits A-C, respectively.
18 AB did not learn about the Application or the Patents until in or around February 2006.

19 **ANSWER:**

20     Illumina admits that Macevicz's Application led to the three Patents identified in

21 paragraph 14. Illumina admits that Exhibits A-C of the Complaint appear to be copies of the '341

22 Patent, the '119 Patent, and the '597 Patent, respectively. Illumina denies the remaining

23 allegations of paragraph 14.

24     15.    Very soon after he left AB, Macevicz went to work for Lynx. On information and
   belief, Macevicz purported to assign the Application and the Patents to Lynx, and Lynx purported
25 to accept the assignments, even though they were already assigned to AB under the Invention
26 Agreement. AB was unaware of the purported assignment to Lynx, and was unaware of the
   Application or the Patents, until in or around February 2006.

27

28

1    **ANSWER:**

2        Illumina admits that Macevicz began employment with Lynx in or about September 1995.

3    Illumina admits that Macevicz assigned the Application and the Patents to Lynx.  Illumina denies

4    the remaining allegations of paragraph 15.

5                    **GROUNDS FOR DECLARATORY RELIEF**

6        16.    This is in part an action for a declaratory judgment concerning infringement of the

7    '341 Patent, the '119 Patent, and the '597 Patent.

8    **ANSWER:**

9        Illumina admits that the Complaint purports to state a claim for a declaratory judgment

10   concerning infringement of the '341 Patent, the '119 Patent, and the '597 Patent.  Illumina denies

11   any remaining allegations of paragraph 16.

12       17.    Illumina/Solexa purports to be the owner by assignment of the Patents.

13   **ANSWER:**

14       Illumina admits that it owns the Patents.

15       18.    AB currently manufactures, sells, and intends to sell in the United States its DNA

16   sequencing products.

17   **ANSWER:**

18       Illumina admits the allegations of paragraph 18.

19       19.    On March 8, 2006, Dr. Tony Smith, the Vice President and Chief Scientific
     Officer of Solexa, wrote to Dr. Kevin McKernan, attaching a copy of the '597 Patent.  Dr.
20   McKernan was at that time the Vice President and Co-Chief Scientific Officer of Agencourt
     Personal Genomics, which is now owned by AB.
21
22   **ANSWER:**

23       Illumina admits the allegations of paragraph 19.

24       20.    The March 8, 2006 letter indicated to AB the intention of Solexa to assert the '597
     patent, as well as the related '341 and '119 patents, against DNA sequencing products of AB.  In
25   the letter Dr. Smith describes a conference at Hilton Head at which he had met with Dr.
     McKernan.  The letter states that Dr. McKernan "made a reference to Solexa patents" at the
26   meeting.  But, during this meeting, Dr. McKernan had not made a reference to the Solexa patents
     listed in the letter.  Thus, Agencourt and AB understand that Solexa used the conversation
27   between Drs. McKernan and Smith at the Hilton Head conference as a pretext to put Agencourt
     on notice of the '597 patent, as well as the related '341 and '119 patents, thereby indicating to
28

                                        -6-

Agencourt/AB that Solexa is contending that Agencourt is engaging or intending to engage in activity for which it needs a license to the '597 patent and its related patents.

**ANSWER:**

Illumina admits that in the March 8, 2006 letter referenced in paragraph 20, Dr. Smith describes a conference at Hilton Head at which he had met with Dr. McKernan. Illumina further admits that the letter includes the quoted language "made a reference to Solexa patents." Illumina denies the remaining allegations of paragraph 20.

21.     On or about February 23, 2007, Solexa served "Defendant Solexa, Inc.'s First Request for Production of Documents and Things to Plaintiff Applera Corporation-Applied Biosystems Group" in the related State Court action. In that discovery demand, Solexa demanded "All documents that refer or relate to whether You infringe any claim in the Patents." Solexa's demand defined the "Patents" as the '341 patent, '119 patent, and '597 patent. This discovery demand confirmed Illumina's intent to assert the '341, '119 and '597 patents against AB.

**ANSWER:**

Illumina admits that on or about February 23, 2007, Solexa served "Defendant Solexa, Inc.'s First Request for the Production of Documents and Things to Plaintiff Applera Corporation – Applied Biosystems Group" in the related State Court action. Illumina admits that in that discovery request, Solexa, Inc. requested "All documents that refer or relate to whether You infringe any claim in the Patents." Illumina admits that the discovery request defined the "Patents" as referring to the '341 Patent, the '119 Patent, and the '597 Patent. Illumina denies the remaining allegations of paragraph 21.

22.     Solexa's actions have raised issues of infringement of the '341 Patent, '119 Patent, and '597 Patent for AB.

**ANSWER:**

Illumina denies the allegations of paragraph 22.

23.     AB is informed and believes, and on that basis alleges, that Solexa contends that the '341 Patent, '119 Patent, and/or '597 Patent are infringed by AB's DNA sequencing products.

**ANSWER:**

Illumina is without knowledge or information sufficient to form a belief as to what AB was informed and/or believed as of the date the Complaint was filed.

24.    The foregoing facts and circumstances demonstrate that Illumina/Solexa asserts rights under the '341 Patent, '119 Patent, and '597 Patent based on ongoing or planned activity of AB, namely the manufacturing, selling, offering for sale, and/or using of DNA sequencing products.  AB contends that it has the right to engage in the accused activity without license. There is therefore an actual, justiciable, Article III case or controversy between the parties with respect to infringement of the Patents.  Accordingly, AB is entitled to have a declaration of its rights and further relief as requested herein.

**ANSWER:**

Illumina admits that as of the filing of this Answer and Solexa's Counterclaims, there is

an actual, justiciable, Article III case or controversy between the parties with respect to AB's

infringement of the Patents.  Illumina denies the remaining allegations of paragraph 24.

25.    AB seeks a declaration of its rights to continue making, selling, offering for sale, and using DNA sequencing products without a license and without a risk of being sued for infringement of the Patents.

**ANSWER:**

Illumina admits that AB purports to seek declaratory relief.

26.    The ownership of the Patents is in dispute between AB and Illumina, as indicated by the State Court Action.  In the interests of judicial economy, AB herein alleges its causes of action regarding the ownership of the Patents, so that the issues of ownership and infringement can be resolved in the most efficient manner through a consolidated proceeding.  Since the parties' positions regarding infringement will be affected by the determination of ownership, the same Court should resolve all issues concerning the Patents, beginning with the issue of ownership.

**ANSWER:**

Illumina admits that AB disputes the ownership of the Patents.  Illumina admits that the

issue of ownership and infringement of the Patents should be resolved in the most efficient

manner through a consolidated proceeding.  Illumina agrees with AB that the issues of ownership

and infringement should be determined in this Court.  Illumina denies the remaining allegations

of paragraph 26.

### FIRST CAUSE OF ACTION
### (Breach of Contract; Against Macevicz)

27.    AB incorporates by reference paragraphs 1 through 26 above.

-8-

**ANSWER:**

Illumina incorporates by reference its answers to paragraphs 1 through 26 above.

28.     The Invention Agreement is a valid and enforceable agreement between Macevicz and AB.

**ANSWER:**

This cause of action is not directed against Illumina, and Illumina is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.     Macevicz breached the terms of the Invention Agreement by, among other things, failing to disclose the inventions to AB, applying for patents on the inventions in his own name, and purporting to assign the inventions and patents to Lynx.

**ANSWER:**

This cause of action is not directed against Illumina, and Illumina is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.     AB has been harmed by Macevicz's various breaches of the Invention Agreement in ways that cannot be fully compensated by monetary damages.  AB is therefore entitled to injunctive relief including, among other things, specific enforcement of Macevicz's obligations under the Invention Agreement.

**ANSWER:**

This cause of action is not directed against Illumina, and Illumina denies the allegations of paragraph 30.

**SECOND CAUSE OF ACTION**
**(Interference With Contract; Against All Defendants)**

31.     AB incorporates by reference paragraphs 1 through 30 above.

**ANSWER:**

Illumina incorporates by reference its answers to paragraphs 1 through 30 above.

32.     On information and belief, Lynx knew that Macevicz had a contractual duty to disclose and assign the Application and Patents to AB.  Lynx also knew that Macevicz had worked for AB prior to working for Lynx, and that the Application and Patents were within AB's scope of business.  Lynx nonetheless accepted the purported assignment of the Application and Patents from Macevicz, and assisted Macevicz in violating his contractual obligations to AB by failing to disclose, hold in trust for, and assign the Application and Patents to AB. Illumina/Solexa has adopted, ratified and benefited from the wrongful conduct of Macevicz and Lynx.

1

**ANSWER:**

2

    Illumina admits that Lynx knew that Macevicz had worked for AB prior to working for

3

Lynx.  Illumina denies the remaining allegations of paragraph 32.

4

    33.    AB has been damaged as a result of Illumina's interference with the Invention

5

Agreement between Macevicz and AB, in an amount to be proven at trial.  Illumina's conduct
was intentional, willful, and malicious, thereby justifying an award of punitive damages.  AB has

6

also been damaged in ways that cannot be compensated by monetary damages, and is therefore
entitled to injunctive relief.

7

**ANSWER:**

8

    Illumina denies the allegations of paragraph 33.

9

10

**THIRD CAUSE OF ACTION**
**(Breach of Fiduciary Duty; Against All Defendants)**

11

    34.    AB incorporates by reference paragraphs 1 through 33 above.

12

**ANSWER:**

13

    Illumina incorporates by reference its answers to paragraphs 1 through 33 above.

14

15

    35.    As AB's chief patent counsel, Macevicz owed to AB fiduciary duties of utmost
good faith and honesty, including duties to protect AB's business and interests with respect to

16

inventions, patents, intellectual property, and other corporate opportunities, and not to allow those
opportunities to be used by others for their own benefit.  Macevicz also owed fiduciary duties to

17

AB under the Invention Agreement, pursuant to which he held inventions in trust for the sole
right and benefit of AB.

18

**ANSWER:**

19

    This cause of action cannot properly be directed against Illumina, and Illumina is without

20

knowledge or information sufficient to form a belief as to the truth of the allegations of

21

paragraph 35.

22

    36.    Macevicz breached fiduciary duties owed to AB by, among other things, failing to

23

disclose the inventions to AB, applying for patents on the inventions in his own name, and
purporting to assign the inventions and patents to Lynx.

24

**ANSWER:**

25

    This cause of action cannot properly be directed against Illumina, and Illumina denies the

26

allegations of paragraph 36.

27

28

-10-

1   37.    On information and belief, Lynx knew that Macevicz was AB's chief patent
2   counsel, held the inventions and patents in trust for AB, and owed fiduciary duties to AB. Lynx
3   aided and abetted Macevicz in violating his fiduciary duties to AB by encouraging and accepting
    Macevicz's purported assignment of the Application and Patents to Lynx. Illumina/Solexa has
    adopted, ratified and benefited from the wrongful conduct of Macevicz and Lynx.

4   **ANSWER:**

5   This cause of action cannot properly be directed against Illumina, and Illumina denies the
6
    allegations of paragraph 37.
7
8   38.    AB has been damaged as a result of Illumina's aiding and abetting of Macevicz's
    breaches of fiduciary duties owed to AB, in an amount to be proved at trial. Illumina's conduct
9   was intentional, willful, and malicious, thereby justifying an award of punitive damages. AB has
    also been damaged by Macevicz's breaches of fiduciary duties, and Illumina's aiding and abetting
10  thereof, in ways that cannot be fully compensated by monetary damages, and is therefore entitled
    to injunctive relief.
11
    **ANSWER:**
12
13  This cause of action cannot properly be directed against Illumina, and Illumina denies the

14  allegations of paragraph 38.

15                          **FOURTH CAUSE OF ACTION**
                      **(Constructive Fraud; Against All Defendants)**
16
    39.    AB incorporates by reference paragraphs 1 through 38 above.
17
    **ANSWER:**
18
    Illumina incorporates by reference its answers to paragraphs 1 through 38 above.
19
20  40.    As AB's chief patent counsel, Macevicz owed to AB fiduciary duties of utmost
    good faith and honesty, including duties to protect AB's business and interests with respect to
21  inventions, patents, intellectual property, and other corporate opportunities, and not to allow those
    opportunities to be used by others for their own benefit. Macevicz also owed fiduciary duties to
22  AB under the Invention Agreement, pursuant to which he held inventions in trust for the sole
    right and benefit of AB.
23
    **ANSWER:**
24
    Illumina is without knowledge or information sufficient to form a belief as to the truth of
25
    the allegations of paragraph 40 relating to Macevicz's fiduciary duties to AB. Illumina denies
26
    that Macevicz had any "fiduciary duties" to AB under the Invention Agreement.
27

28

-11-

41.    Macevicz breached fiduciary duties owed to AB by, among other things, failing to disclose the inventions to AB, applying for patents on the inventions in his own name, and purporting to assign the inventions and patents to Lynx.

**ANSWER:**

Illumina denies the allegations of paragraph 41.

42.    On information and belief, Lynx knew that Macevicz was AB's chief patent counsel, held the inventions and patents in trust for AB, and owed fiduciary duties to AB. Lynx aided and abetted Macevicz in violating his fiduciary duties to AB by encouraging and accepting Macevicz's purported assignment of the Application and Patents to Lynx.

**ANSWER:**

Illumina admits that Lynx knew that Macevicz was employed as a patent attorney at AB. Illumina denies the remaining allegations of paragraph 42.

43.    On information and belief, Macevicz's breaches of fiduciary duties provided advantages to him, and to Lynx claiming under him, by misleading AB to its prejudice. These breaches constitute constructive fraud under the common law and according to statute, including California Civil Code section 1573.

**ANSWER:**

Illumina denies the allegations of paragraph 43.

44.    On information and belief, Illumina/Solexa has adopted and ratified the wrongful conduct of Macevicz and Lynx, and Illumina's aiding and abetting of Macevicz's breaches of fiduciary duties provided advantages to Illumina, by misleading AB to its prejudice. These breaches constitute constructive fraud under the common law and according to statute, including California Civil Code section 1573.

**ANSWER:**

Illumina denies the allegations of paragraph 44.

45.    AB has been damaged as a result of defendants' constructive fraud, in an amount to be proven at trial. Illumina's conduct was intentional, willful, and malicious, thereby justifying an award of punitive damages. AB has also been damaged by defendants' constructive fraud in ways that cannot be fully compensated by monetary damages, and is therefore entitled to injunctive relief.

**ANSWER:**

Illumina denies the allegations of paragraph 45.

-12-

1

2

**FIFTH CAUSE OF ACTION**
**(Conversion; Against All Defendants)**

3       46.    AB incorporates by reference paragraphs 1 through 45 above.

4    **ANSWER:**

5       Illumina incorporates by reference its answers to paragraphs 1 through 45 above.

6       47.    AB owned and continues to own the Application and the Patents.  Without AB's

7    consent, Lynx intentionally took possession of the Application and the Patents.

    **ANSWER:**

8

9       Illumina admits that Lynx took possession of the Application and the Patents.  Illumina

10   denies the remaining allegations of paragraph 47.

11      48.    Lynx knew or should have known that Macevicz submitted the Application while

12   he was working for AB, and that the subject matter of the Application and the Patents related to

     AB's business.  Lynx could not reasonably have believed that Macevicz had authority to assign

13   the Application and the Patents to Lynx.  Illumina/Solexa has adopted, ratified and benefited from

     the wrongful conduct of Macevicz and Lynx.

14   **ANSWER:**

15      Illumina admits that Lynx knew that Macevicz filed the Application before he terminated

16   his employment with AB.  Illumina denies the remaining allegations of paragraph 48.

17      49.    AB has been harmed by defendants' conduct and is entitled to recover from

18   defendants the actual damages sustained by AB as a result of the defendants' wrongful acts as

     described in this Complaint.  The amount of these damages cannot be determined at this time.

19   AB is further entitled to the return of the Patents, and is also entitled to a constructive trust over

     the Patents and income derived therefrom.

20   **ANSWER:**

21      Illumina denies the allegations of paragraph 49.

22

23

**SIXTH CAUSE OF ACTION**
**(Imposition of Constructive Trust; Against All Defendants)**

24      50.    AB incorporates by reference paragraphs 1 through 49 above.

25   **ANSWER:**

26      Illumina incorporates by reference its answers to paragraphs 1 through 49 above.

27      51.    Under the Invention Agreement, Macevicz holds and held the Application and the

28   Patents in trust for AB.  Although Macevicz purported to assign the Application and the Patents

-13-

1
2
to Lynx, Macevicz had no right to make that assignment. Lynx knew, or should have known, that Macevicz had no right to make the assignment. Illumina/Solexa has adopted, ratified and benefited from the wrongful conduct of Macevicz and Lynx.

3
**ANSWER:**

4
Illumina denies the allegations of paragraph 51.

5
6
7
8
52.     Because of the fraudulent and otherwise wrongful manner in which Illumina obtained its purported right, claim or interest in and to the Application and the Patents, Illumina has no legal or equitable right, claim or interest to the Application or the Patents, or any income or benefits derived from them. Illumina is an involuntary trustee holding the Application and the Patents and any profits or income therefrom in constructive trust for AB, with the duty to convey the same to AB.

9
**ANSWER:**

10
Illumina denies the allegations of paragraph 52.

11
12

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition; Against Solexa and Illumina)**

13
53.     AB incorporates by reference paragraphs 1 through 52 above.

14
**ANSWER:**

15
Illumina incorporates by reference its answers to paragraphs 1 through 52 above.

16
17
18
54.     Solexa has brought the Patents to the attention of third parties as if it were the legitimate assignee and owner of the Patents, and has acted in all respects as if it were the proper assignee and owner of the Patents. However, Solexa is not the proper assignee or owner of the Patents.

19
**ANSWER:**

20
21
Illumina admits that Solexa owns the Patents and has acted accordingly. Illumina denies the remaining allegations of paragraph 54.

22
23
24
55.     Solexa's improper receipt of the Application and the Patents, and improper representation of ownership of the Patents, constitutes unfair competition under the common law and according to statute, including California Business and Professions Code section 17200 *et seq.* Illumina has adopted, ratified and benefited from the wrongful conduct of Solexa.

25
**ANSWER:**

26
Illumina denies the allegations of paragraph 55.

27
28
56.     As a result of Illumina and Solexa's acts of unfair competition, AB has been damaged by, among other things, the cost of this action and other measures made necessary to recover the Patents and otherwise remedy Illumina and Solexa's wrongdoing.

-14-

**ANSWER:**

Illumina denies the allegations of paragraph 56.

### EIGHTH CAUSE OF ACTION
### (Declaratory Judgment Regarding Infringement of '341 Patent, '119 Patent, and '597 Patent; Against All Defendants)

57.    AB incorporates by reference paragraphs 1 through 56 above.

**ANSWER:**

Illumina incorporates by reference its answers to paragraphs 1 through 56 above.

58.    The parties require declaratory relief regarding infringement of the '341, '119, and '597 Patents.

**ANSWER:**

Illumina admits that the parties are asking this Court to decide the issue of infringement of the '341, '119, and '597 Patents.  Illumina denies the remaining allegations of paragraph 58.

59.    This judicial declaration is necessary and appropriate in order that AB may ascertain its rights and duties with respect to the Patents.

**ANSWER:**

Illumina denies the allegations of paragraph 59.

### ADDITIONAL DEFENSES

1.    AB is barred from relief by reason of the provisions of California Labor Code Section 2870.

2.    Some or all of the relief requested by AB is barred by the bona-fide-purchaser-for-value rule.

3.    Some or all of the relief requested by AB is barred by the doctrine of laches.

4.    Some or all of the relief requested by AB is barred by the doctrine of equitable estoppel.

5.    Some or all of the relief requested by AB is barred by the doctrine of waiver.

6.    Some or all of the relief requested by AB is barred by the doctrine of unclean hands.

7.      Some or all of the relief requested by AB is barred by the applicable statute(s) of limitations.

8.      Some or all of the relief requested by AB is barred by the doctrine of privilege.

**SOLEXA, INC.'S COUNTERCLAIMS AGAINST APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP**

For its counterclaims against Applera Corporation – Applied Biosystems Group ("AB"), Solexa, Inc. ("Solexa") states as follows:

**Nature of the Case**

1.      This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. Title 35.

**Parties**

2.      Counter-plaintiff Solexa is a Delaware corporation with its principal place of business in Hayward, California.

3.      Upon information and belief, Solexa alleges that AB is an operating group of Applera Corporation, a Delaware Corporation with a principal place of business in Norwalk, Connecticut.  Upon information and belief, AB's principal place of business is in Foster City, California.

**Jurisdiction and Venue**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over AB, and venue is proper in this district, because AB has consented thereto by filing the underlying action against Solexa.

**COUNTERCLAIM I
INFRINGEMENT OF
U.S. PATENT NO. 5,750,341**

6.      Solexa incorporates each of the allegations of paragraphs 1-5 of this counterclaim as if fully restated herein.

-16-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.      United States Patent No. 5,750,341, entitled "DNA Sequencing by Parallel Oligonucleotide Extensions" (hereinafter, the "'341 Patent," a copy of which is attached hereto as Exhibit A), was duly and legally issued on May 12, 1998.

8.      Solexa is the owner of all right, title, and interest in the '341 Patent.

9.      On information and belief, AB has been and still is making, using, selling, and/or offering for sale DNA sequencing products that infringe, directly, indirectly, contributorily, and/or by inducement, the claims of the '341 Patent, and will continue to do so unless enjoined by this Court.

10.     Solexa has suffered and continues to suffer damages as a result of AB's infringement of the claims of the '341 Patent.

11.     Solexa will suffer irreparable harm due to AB's continuing infringement of the '341 Patent, and Solexa has no adequate remedy at law for this continuing infringement.

12.     AB will continue to infringe the '341 Patent and irreparably harm Solexa unless and until enjoined by this Court.

13.     AB has had actual knowledge of the '341 Patent since at least as early as February 2006.

14.     Under the circumstances, and on further information and belief, AB's infringement of the '341 Patent has been and continues to be willful.

**COUNTERCLAIM II**
**INFRINGEMENT OF**
**U.S. PATENT NO. 5,969,119**

15.     Solexa incorporates each of the allegations of paragraphs 1-14 of this counterclaim as if fully restated herein.

16.     United States Patent No. 5,969,119, entitled "DNA Sequencing by Parallel Oligonucleotide Extensions" (hereinafter, the "'119 Patent," a copy of which is attached hereto as Exhibit B), was duly and legally issued on October 19, 1999.

17.     Solexa is the owner of all right, title, and interest in the '119 Patent.

-17-

18.    On information and belief, AB has been and still is making, using, selling, and/or offering for sale DNA sequencing products that infringe, directly, indirectly, contributorily, and/or by inducement, the claims of the '119 Patent, and will continue to do so unless enjoined by this Court.

19.    Solexa has suffered and continues to suffer damages as a result of AB's infringement of the claims of the '119 Patent.

20.    Solexa will suffer irreparable harm due to AB's continuing infringement of the '119 Patent, and Solexa has no adequate remedy at law for this continuing infringement.

21.    AB will continue to infringe the '119 Patent and irreparably harm Solexa unless and until enjoined by this Court.

22.    AB has had actual knowledge of the '119 Patent since at least as early as February 2006.

23.    Under the circumstances, and on further information and belief, AB's infringement of the '119 Patent has been and continues to be willful.

**COUNTERCLAIM III
INFRINGEMENT OF
U.S. PATENT NO. 6,306,597**

24.    Solexa incorporates each of the allegations of paragraphs 1-23 of this counterclaim as if fully restated herein.

25.    United States Patent No. 6,306,597, entitled "DNA Sequencing by Parallel Oligonucleotide Extensions" (hereinafter, the "'597 Patent," a copy of which is attached hereto as Exhibit C), was duly and legally issued on October 23, 2001.

26.    Solexa is the owner of all right, title, and interest in the '597 Patent.

27.    On information and belief, AB has been and still is making, using, selling, and/or offering for sale DNA sequencing products that infringe, directly, indirectly, contributorily, and/or by inducement, the claims of the '597 Patent, and will continue to do so unless enjoined by this Court.

28.    Solexa has suffered and continues to suffer damages as a result of AB's infringement of the claims of the '597 Patent.

29.    Solexa will suffer irreparable harm due to AB's continuing infringement of the '597 Patent, and Solexa has no adequate remedy at law for this continuing infringement.

30.    AB will continue to infringe the '597 Patent and irreparably harm Solexa unless and until enjoined by this Court.

31.    AB has had actual knowledge of the '597 Patent since at least as early as February 2006.

32.    Under the circumstances, and on further information and belief, AB's infringement of the '597 Patent has been and continues to be willful.

### Prayer for Relief

WHEREFORE, Illumina, Inc. and Solexa, Inc. pray that this honorable Court enter judgment in their favor and against AB as follows:

A.    Denying AB all the relief it seeks in its Complaint;

B.    Permanently enjoining AB, its subsidiaries, agents, officers, employees, directors, licensees, servants, successors, assigns and all others acting in privity or in concert with it, from infringing, actively inducing infringement, or contributing to the infringement of the '341 Patent, the '119 Patent, and the '597 Patent;

C.    Awarding Solexa damages adequate to compensate it for the foregoing infringement;

D.    Finding that this is an exceptional case under 35 U.S.C. § 285 and ordering AB to reimburse Solexa and Illumina for their attorneys' fees and costs incurred in prosecuting this action; and

E.    Awarding Solexa and Illumina such other and further relief as this Court deems just and reasonable under the circumstances.

1

**DEMAND FOR JURY TRIAL**

2

Illumina, Inc. and Solexa, Inc. hereby demand trial by jury of all issues properly so triable.

3

4

Dated:  August 13, 2007                Respectfully submitted,

5

_____s/ Gregory E. Stanton_____

GREGORY E. STANTON (CA BAR NO. 203495)

6

KEVIN M. FLOWERS

THOMAS I. ROSS

7

JEFFREY H. DEAN

JOHN R. LABBE

8

MARSHALL, GERSTEIN & BORUN LLP

9

6300 Sears Tower

233 South Wacker Drive

10

Chicago, IL 60606-6357

(312) 474-6300

11

(312) 474-0448 (facsimile)

E-Mail: gstanton@marshallip.com

12

E-Mail: kflowers@marshallip.com

E-Mail: tross@marshallip.com

13

E-Mail: jdean@marshallip.com

E-Mail: jlabbe@marshallip.com

14

15

Attorneys for ILLUMINA, INC. and

SOLEXA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-