Basil P. Fthenakis, Esq. (SBN 088399)
bfthenakis@tipsgroup.org
Technology & Intellectual Property
Strategies Group PC
1000 Elwell Court, Suite 150
Palo Alto, CA  94303
Telephone: (650) 293-3350 Facsimile: (800) 822-7095

Attorneys for Defendant Steven C. Macevciz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware Corporation, <br><br>     Plaintiff, <br><br> v. <br><br> ILLUMNIA, INC., a Delaware Corporation SOLEXA, INC., a Delaware Corporation and STEPHEN C. MACEVICZ, an individual <br><br>     Defendants. | Case No. C07 02845 MEJ <br><br> ANSWER OF DEFENDANT STEPHEN C. MACEVCIZ <br><br> DEMAND FOR JURY TRAIL |

Defendant Stephen C. Macevicz ("Defendant"), in answer to the Complaint of Plaintiff Applera Corporation – Applied Biosystems Group ("Plaintiff") dated May 31, 2007 (the "Complaint"), admits, denies and alleges as follows:

ANSWER TO GENERAL ALLEGATIONS

1.      Defendant admits that Applera Corporation is a Delaware Corporation and that Applied Biosystems Group maintains a place of business in Foster City, CA.  Except as so expressly admitted, Defendant lacks sufficient information or belief concerning the allegations contained in Paragraph 1 of the Complaint and, basing his denial thereon, denies such

1

allegations.

2.      Defendant admits that Illumnia, Inc. is a Delaware Corporation  and that Solexa, Inc. is a Delaware corporation.  Except as so expressly admitted, Defendant lacks sufficient information or belief concerning the allegations contained in Paragraph 2 of the Complaint and, basing his denial thereon, denies such allegations.

3.      Defendant admits the allegations contained Paragraph 3 of the Complaint.

4.      Defendant lacks sufficient information for belief concerning the allegations contained in Paragraph 4 of the Complaint and, basing his denial thereon, denies such allegations.

5.      Defendant lacks sufficient information for belief concerning the allegations contained in Paragraph 5 of the Complaint and, basing his denial thereon, denies such allegations.

6.      Defendant lacks sufficient information for belief concerning the allegations contained in Paragraph 6 of the Complaint and, basing his denial thereon, denies such allegations.

7.      Defendant admits the allegations contained Paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained Paragraph 8 of the Complaint.

9.      Defendant admits that the complaint in the state court action purports to allege, inter alia, a cause of action against Defendant for breach of contract which allegations Defendant has generally denied.  Except as so expressly admitted, Defendant lacks sufficient information or belief concerning the allegations contained in Paragraph 9 of the Complaint and, basing his denial thereon, denies such allegations.

10.     Defendant admits that Defendant was employed by Applied Biosystems, Inc. as a Patent Attorney, and that while so employed he filed a patent application in his own name. Except as so expressly admitted, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant admits that Plaintiff's state court action seeks to obtain ownership of

070813
Answer
[Federal]

Case No. C07 02845 MEJ                ANSWER OF DEFENDANT STEPHEN C. MACEVICZ

certain patents on which Defendant is named as the inventor, that the state court action remains pending and has not issued a decision. Except as so expressly admitted, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant admits that Defendant was employed by Applied Biosystems, Inc. as a patent attorney sometime in 1992 and signed an Employee Invention Agreement with Applied Biosystems, Inc. Except as so expressly admitted, Defendant denies the allegations contained in Paragraph 12 of the Complaint. Defendant further alleges that the terms and conditions of the Employee Invention Agreement speak for themselves.

13.    Defendant admits that on or about April 17, 1995 Defendant was employed by Applied Biosystems, Inc, and also filed United States Patent Application No. 08/424,663 (the "Application") with the United States Patent and Trademark Office in his own name. Except as so expressly admitted, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.    Defendant admits that U.S. Patent No. 5,750,341, ("the '341 Patent") U.S. Patent No. 5,969,119 ("the '119 Patent") and U.S. Patent No. 6,306,597 ("the '597 Patent") claim priority based on Defendant's Application. Except as so expressly admitted, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

15.    Defendant admits that Defendant assigned the Application to Lynx Therapeutics, Inc. Except as so expressly admitted, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.    Defendant admits that Illumnia, Inc. is a Delaware Corporation, and that Solexa, Inc. is a Delaware corporation. Except as so expressly admitted, Defendant lacks sufficient information or belief concerning the allegations contained in Paragraph 16 of the Complaint and, basing his denial thereon, denies such allegations.

17.    Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.    Defendant lacks sufficient information of belief concerning the allegations contained in Paragraph 18 of the Complaint and, basing his denial thereon, denies such

allegations.

    19.    Defendant lacks sufficient information of belief concerning the allegations contained in Paragraph 19 of the Complaint and, basing his denial thereon, denies such allegations.

    20.    Defendant lacks sufficient information of belief concerning the allegations contained in Paragraph 20 of the Complaint and, basing his denial thereon, denies such allegations.

    21.    Defendant lacks sufficient information of belief concerning the allegations contained in Paragraph 21 of the Complaint and, basing his denial thereon, denies such allegations.

    22.    Defendant lacks sufficient information of belief concerning the allegations contained in Paragraph 22 of the Complaint and, basing his denial thereon, denies such allegations.

    23.    Defendant lacks sufficient information of belief concerning the allegations contained in Paragraph 23 of the Complaint and, basing his denial thereon, denies such allegations.

    24.    Defendant lacks sufficient information of belief concerning the allegations contained in Paragraph 24 of the Complaint and, basing his denial thereon, denies such allegations.

    25.    Defendant lacks sufficient information of belief concerning the allegations contained in Paragraph 25 of the Complaint and, basing his denial thereon, denies such allegations.

    26.    Defendant lacks sufficient information of belief concerning the allegations contained in Paragraph 26 of the Complaint and, basing his denial thereon, denies such allegations.

## ANSWER TO FIRST PURPORTED CAUSE OF ACTION

070813
Answer
[Federal]

Case No. C07 02845 MEJ      ANSWER OF DEFENDANT STEPHEN C. MACEVICZ

27.     Defendant incorporates by reference his answers to paragraphs 1 through 26, inclusive, of the Complaint.

28.     Defendant denies the allegations contained in 28 of the Complaint.

29.     Defendant denies the allegations contained in 29 of the Complaint.

30.     Defendant denies the allegations contained in 30 of the Complaint.

## ANSWER TO SECOND PURPORTED CAUSE OF ACTION

31.     Defendant incorporates by reference his answers to paragraphs 1through 30, inclusive, of the Complaint.

32.     Defendant admits that Lynx Therapeutics, Inc. knew Defendant had been employed by Applied Biosystems, Inc. prior to commencing employment at Lynx Therapeutics, Inc. Except as so expressly admitted, Defendant lacks sufficient information or belief concerning the allegations contained in Paragraph 32 of the Complaint and, basing his denial thereon, denies such allegations.

33.     Defendant denies the allegations contained in 33 of the Complaint.

## ANSWER TO THIRD PURPORTED CAUSE OF ACTION

34.     Defendant incorporates by reference his answers to paragraphs 1through 30, inclusive, of the Complaint.

35.     Defendant admits that during his employment by Applied Biosystems, Inc. Defendant owed his employer a duty consistent with the provisions of California Labor Code section 2870 concerning Defendant's inventions. Except as so expressly admitted, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in 36 of the Complaint.

37.     Defendant admits that Lynx Therapeutics knew that Defendant had been employed by Applied Biosystems, Inc. prior to commencing employment at Lynx Therapeutics, Inc. Except as so expressly admitted, Defendant lacks sufficient information or belief

070813
Answer
[Federal]

Case No. C07 02845 MEJ          ANSWER OF DEFENDANT STEPHEN C. MACEVICZ

concerning the allegations contained in Paragraph 37 of the Complaint and, basing his denial

thereon, denies such allegations.

38.    Defendant denies the allegations contained in 38 of the Complaint.

### ANSWER TO FOURTH PURPORTED CAUSE OF ACTION

39.    Defendant incorporates by reference his answers to paragraphs 1through 38,

inclusive, of the Complaint.

40.    Defendant admits that during his employment by Applied Biosystems, Inc.

Defendant owed his employer a duty consistent with the provisions of California Labor Code

section 2870 concerning Defendant's inventions.  Except as so expressly admitted, Defendant

denies the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained in 41 of the Complaint.

42.    Defendant admits that Lynx Therapeutics knew Defendant had been employed by

Applied Biosystems, Inc. prior to commencing employment at Lynx Therapeutics, Inc.  Except as

so expressly admitted, Defendant lacks sufficient information or belief concerning the

allegations contained in Paragraph 42 of the Complaint and, basing his denial thereon, denies

such allegations.

43.    Defendant denies the allegations contained in 43 of the Complaint.

44.    Defendant denies the allegations contained in 44 of the Complaint.

45.    Defendant denies the allegations contained in 45 of the Complaint.

### ANSWER TO FIFTH PURPORTED CAUSE OF ACTION

46.    Defendant incorporates by reference his answers to paragraphs 1 through 45,

inclusive, of the Complaint.

47.    Defendant denies the allegations contained in 47 of the Complaint.

48.    Defendant admits that the Application was filed with the United States Patent and

Trademark Office while Defendant was employed by Applied Biosystems, Inc.  Defendant denies

070813
Answer
[Federal]

Case No. C07 02845 MEJ          ANSWER OF DEFENDANT STEPHEN C. MACEVICZ

that the Application was the property of Applied Biosystems, Inc. Except as so expressly admitted and denied , Defendant lacks sufficient information and belief concerning the allegations contained in Paragraph 48 of the Complaint and, basing his denial thereon, denies such allegations.

49.    Defendant denies the allegations contained in 49 of the Complaint.

## ANSWER TO PURPORTED SIXTH CAUSE OF ACTION

50.    Defendant incorporates by reference his answers to paragraphs 1through 49, inclusive, of the Complaint.

51.    Defendant denies the allegations contained in 51 of the Complaint.

52.    Defendant denies the allegations contained in 52 of the Complaint.

53.    Defendant lacks sufficient information or belief concerning the allegations contained in Paragraph 53 of the Complaint and, basing his denial thereon, denies such allegations.

54.    Defendant lacks sufficient information or belief concerning the allegations contained in Paragraph 54 of the Complaint and, basing his denial thereon, denies such allegations.

55.    Defendant lacks sufficient information or belief concerning the allegations contained in Paragraph 55 of the Complaint and, basing his denial thereon, denies such allegations.

56.    Defendant lacks sufficient information or belief concerning the allegations contained in Paragraph 56 of the Complaint and, basing his denial thereon, denies such allegations.

## ANSWER TO PURPORTED SIXTH CAUSE OF ACTION

57.    Defendant incorporates by reference his answers to paragraphs 1through 56, inclusive, of the Complaint.

58.    Defendant lacks sufficient information or belief concerning the allegations

070813
Answer
[Federal]

Case No. C07 02845 MEJ          ANSWER OF DEFENDANT STEPHEN C. MACEVICZ

1    contained in Paragraph 58 of the Complaint and, basing his denial thereon, denies such

2    allegations.

3        59.    Defendant lacks sufficient information or belief concerning the allegations

4    contained in Paragraph 59 of the Complaint and, basing his denial thereon, denies such

5    allegations.

6

7    WHEREFORE, Defendant pray judgment as hereinafter set forth.

8

9                        AFFIRMATIVE DEFENSES

10

11                    FIRST AFFIRMATIVE DEFENSE
                    [Failure to State a Cause of Action]

12        The Complaint fails to state a claim against Defendant upon which relief may be granted.

13

14                    SECOND AFFIRMATIVE DEFENSE
                        [Estoppel]

15        Plaintiff is barred from relief by the equitable principles of promissory estoppel and

16    equitable estoppel.

17

18                    THIRD AFFIRMATIVE DEFENSE
                        [Laches]

19        Plaintiff is barred from relief by the equitable doctrine of laches in that Plaintiff has

20    delayed in bringing this action and such delay has prejudiced Defendant.

21

22                    FOURTH AFFIRMATIVE DEFENSE
                        [Release]

23        Plaintiff is barred from an award of monetary damages by reason of a written release of

24    Defendant executed and delivered by Plaintiff.

25

26                    FIFTH AFFIRMATIVE DEFENSE
                        [Consent]

27

28

070813
Answer
[Federal]

Case No. C07 02845 MEJ        ANSWER OF DEFENDANT STEPHEN C. MACEVICZ

1    Plaintiff is barred from relief by Plaintiff's consent to the acts and conduct of Defendant

2    alleged in the Complaint.

3    ///

4

5                                  SIXTH AFFIRMATIVE DEFENSE
                                      [Defendant's Good Faith]

6    Plaintiff is barred from relief because Defendant acted without malice and with a good

7    faith belief in the propriety of his conduct.

8

9                                 SEVENTH AFFIRMATIVE DEFENSE
                                        [Labor Code 2870]

10    Plaintiff is barred from relief by reason of the provisions of California Labor Code

11    section 2870.

12

13                                 EIGHTH AFFIRMATIVE DEFENSE
                                           [Privilege]

14    Plaintiff is barred from relief because Defendant's disputed conduct was privileged and/or

15    justified.

16

17                                  NINTH AFFIRMATIVE DEFENSE
                                       [Lack of Ordinary Care]

18    Plaintiff is barred from relief because Plaintiff failed to exercise ordinary care in

19    connection with the matters alleged in the Complaint and such failure contributed directly and

20    proximately to the happening of the events alleged therein and to the damages, if any, sustained

21    by Plaintiff.

22

23                                  TENTH AFFIRMATIVE DEFENSE
                                           [Negligence]

24    Plaintiff is barred from relief because Plaintiff is guilty of negligence in or about the

25    matters and things complained of in the Complaint and said negligence contributed directly and

26    proximately to the happening of the events alleged therein and to the damages, if any, sustained

27    by Plaintiff.

28

070813
Answer
[Federal]

Case No. C07 02845 MEJ          ANSWER OF DEFENDANT STEPHEN C. MACEVICZ

1    ///

2    ///

3    ///

4

5                    ELEVENTH AFFIRMATIVE DEFENSE
              [Waiver, Modification or Accord and Satisfaction]

6         Plaintiff is barred from relief by a waiver, modification, or accord and satisfaction

7    executed by and between Plaintiff and Defendant.

8

9                     TWELFTH AFFIRMATIVE DEFENSE
                           [Acts of Others]

10        The damages sustained by Plaintiff, if any, whether in whole or in part, were caused by

11   persons, firms, corporations or entities other than Defendant.

12

13                  THIRTEENTH AFFIRMATIVE DEFENSE
                        [Damages too Speculative]

14        Plaintiff is barred from relief because the damages sustained by Plaintiff, if any, are too

15   speculative.

16

17                 FOURTEENTH AFFIRMATIVE DEFENSE
                        [Statute of Limitations]

18        Plaintiff is barred from relief because of the applicable statutes of limitation, including,

19   but not limited to, those codified in California Code of Civil Procedure sections 337(1), 337(2),

20   337(3), 338, 339(1), 339(3), 340.6, 343, and California Commercial Code section 2725(1).

21

22                   FIFTEENTH AFFIRMATIVE DEFENSE
                              [Waiver]

23        Plaintiff is barred from relief because Plaintiff waived any right to an assignment of the

24   inventions at issue or to otherwise acquire any rights therein.

25

26                   SIXTEENTH AFFIRMATIVE DEFENSE
                          [Mistakes of Fact]

27

28                                        10

070813
Answer
[Federal]

1    Plaintiff is barred from relief by mutual or unilateral mistakes of fact by Plaintiff and

2  Defendant in connection with any purported agreement alleged in the Complaint between

3  Plaintiff and Defendant.

4  ///

5  ///

6  ### SEVENTEENTH AFFIRMATIVE DEFENSE
[Cancellation, Repudiation or Novation]

7    Plaintiff is barred from relief as a result of the cancellation, repudiation or novation of

8  any purported agreement alleged in the Complaint.

9
10  ### EIGHTEENTH AFFIRMATIVE DEFENSE
[Failure of Condition Precedent]

11    Plaintiff is barred from relief by reason of the failure of conditions precedent to the

12  obligations, if any, of Defendant.

13
14  ### NINETEENTH AFFIRMATIVE DEFENSE
[Materiality]

15    Plaintiff is barred from relief because any purported misrepresentations by Defendant

16  were not material.

17
18  ### TWENTIETH AFFIRMATIVE DEFENSE
[Knowledge]

19    Plaintiff is barred from relief by reason of Plaintiff's knowledge of all material facts

20  regarding the events alleged in the Complaint.

21  ### TWENTY-FIRST AFFIRMATIVE DEFENSE
[Lack of Knowledge or Belief Concerning any Purported
22  Misrepresentation, Omission or Concealment of any Material Fact]

23    Plaintiff is barred from relief because Defendant lacked knowledge or belief concerning

24  any purported misrepresentation, omission or concealment of any material fact alleged by

25  Plaintiff.

26  ### TWENTY-SECOND AFFIRMATIVE DEFENSE
[Defendant's Reasonable Belief that Plaintiff
27  had Knowledge as to Alleged Undisclosed Facts]

28

11

Case No. C07 02845 MEJ          ANSWER OF DEFENDANT STEPHEN C. MACEVICZ

1    Plaintiff is barred from relief because Defendant reasonably believed that Plaintiff had
2    knowledge of all alleged undisclosed facts.

3

#### TWENTY-THIRD AFFIRMATIVE DEFENSE
[No Affirmation of Fact]

5    Plaintiff is barred from relief because Defendant did not make any affirmation of fact.

6

#### TWENTY-FOURTH AFFIRMATIVE DEFENSE
[Additional Affirmative Defenses]

8    Defendant has insufficient knowledge or information upon which to form a belief as to
9    whether he may have additional as yet unstated affirmative defenses available to him.  Defendant
10    therefore reserves the right to assert additional affirmative defenses in the event discovery
11    indicated they are available.

12

13    WHEREFORE, Defendant prays judgment as follows:

14    1.    That Plaintiff take nothing by the Complaint;

15    2.    That Defendant recover his cost of suit herein;

16    3.    That the Complaint be dismissed with prejudice;

17    4.    That the Court award Defendant his reasonable attorneys' fees; and

18    5.    That the Court award such other and further relief as it deems just and proper.

19

20

#### DEMAND FOR JURY TRAIL

21    Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a trail by jury of
22    all issues triable in this action.

23    Dated: August 13, 2007          TECHNOLOGY & INTELLECTUAL PROPERTY
24                          STRATEGIES GROUP PC

25

26

27    By:_____/S/ Basil P. Fthenakis_____
              Basil P. Fthenakis, Esq.
28              Attorneys for Defendant Stephen C. Macevicz

12

CERTIFICATE OF SERVICE BY MAIL

I declare that I am a citizen of the United States and employed in the County of Santa

Clara, State of California; I am over the age of eighteen (18) years and not a party to the within-

entitled action.  My business address is 1000 Elwell Court, Palo Alto, CA 943030

On August 13, 2007 I served the attached ANSWER OF DEFENDANT STEPHEN C.

MACEVCIZ on the parties of record in said action, by placing a true copy thereof enclosed in

a sealed envelope with postage thereon fully prepaid in the United States mail at Palo Alto,

California, addressed as follows:

Bryan Wilson
Eric C. Pai
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, California 94304-1018
**[Attorneys for Applera Corporation – Applied Biosystems Group]**

David C. Doyle
Steven E. Comer
Anders T. Aannestad
12531 High Bluff Drive Suite 100
San Diego, CA 92130
**[Attorneys for Applera Corporation – Applied Biosystems Group]**

Jeffery H. Dean
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
**[Attorney for Solexa, Inc. and Illumnia, Inc.]**

I declare that I am employed in the office of a member of the bar of this Court at whose

direction this service was made.

I declare under penalty of perjury that the foregoing is true and correct, and that this

declaration was executed on August 13, 2007 at Palo Alto, California.

_____/s/ Alexander Roome_____

13

070813
Answer
[Federal]

Case No. C07 02845 MEJ          ANSWER OF DEFENDANT STEPHEN C. MACEVICZ