BRYAN WILSON (CA BAR NO. 138842)
ERIC C. PAI (CA BAR NO. 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com
E:Mail: EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
ANDERS T. AANNESTAD (CA SBN 211100)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com
E-Mail: SComer@mofo.com
E-Mail: AAannestad@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS
GROUP

[Complete list of Defendants and their counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., SOLEXA, INC., AND STEPHEN C. MACEVICZ,<br><br>Defendants. | Case No. 07-CV-02845 WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: The Honorable William Alsup |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-10, Patent Local Rule 2-1, and Judge Alsup's Case Management Conference Order, Plaintiff APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP ("AB") and Defendants ILLUMINA, INC. and SOLEXA, INC. ("Illumina"), and STEPHEN C. MACEVICZ ("Macevicz") submit this Joint Case Management Conference Statement.[1]

**1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.**

All parties are subject to the Court's jurisdiction, venue is proper, and no parties remain to be served.

AB

This Court has subject matter jurisdiction over AB's claims pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201, 2202. Solexa does not have standing to bring an action for infringement of the '341 Patent, the '119 Patent, or the '597 Patent.

ILLUMINA

This Court has subject matter jurisdiction over Solexa's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338. Solexa has standing to bring an action for infringement of the '341 Patent, the '119 Patent, and the '597 Patent because Solexa is the legal title holder of those patents.

MACEVICZ

This court has jurisdiction over the claims asserted against Macevicz by AB only to the extent such claims constitute supplemental claims pursuant to 28 USC § 1367.

---

[1] This Joint Case Management Statement exceeds ten pages due to the unusually complex nature of this case, which includes three separately represented parties with patent ownership claims in addition to patent infringement claims.

2.  **Facts:  A brief chronology of the facts and a statement of the principal factual issues in dispute.**

AB

In Spring, 1992, Macevicz accepted an offer to become patent counsel for AB.  On May 4, 1992, as a condition of his employment by AB, Macevicz signed an Employee Invention Agreement ("Invention Agreement") with AB.  The Invention Agreement required that Macevicz disclose to AB, hold in trust for the sole right and benefit of AB, and assign to AB any inventions that he might make while employed by AB.  The only exceptions were inventions that Macevicz could prove were developed entirely on his own time, were developed without the use of company resources, and did not relate to the actual or anticipated business of AB or result from work performed by him for AB.  Macevicz further promised that if he made any inventions that he believed fell within this exception, he would disclose those inventions to AB in writing and provide evidence to substantiate his belief that the inventions fell within the exception.

After signing the Invention Agreement, and while employed by AB, Macevicz invented the subject matter of the asserted patents.  On April 17, 1995, while still working for AB, Macevicz filed United States Patent Application No. 08/424,663 ("the Application") with the United States Patent and Trademark Office.  He filed the Application, titled "DNA Sequencing By Parallel Oligonucleotide Extensions," in his own name, which disclosed and covered the subject matter Macevicz invented during his employment with AB.  Title to the Application passed to AB pursuant to the Invention Agreement.  Macevicz breached the agreement when he did not disclose the Application, or make any other disclosure required by the Invention Agreement to AB.

Macevicz's Application led to at least three U.S. patents that issued after he left AB:  U.S. Patent No. 5,750,341 ("the '341 Patent"), U.S. Patent No. 5,969,119 ("the '119 Patent), and U.S. Patent No. 6,306,597 (the '597 Patent) (collectively, "the Patents").  Copies of the '341 Patent, '119 Patent, and '597 Patent are attached to the Complaint as Exhibits A-C, respectively.  AB did not learn about the Application or the Patents until around February 2006.

1    Very soon after he left AB, Macevicz went to work for Lynx Therapeutics, Inc. ("Lynx").

2    Lynx was a spinoff of AB, and as such, Lynx representatives were both familiar with AB's

3    business, and knew Macevicz was AB's chief patent counsel.  Macevicz purported to assign the

4    Application and the Patents to Lynx, and Lynx purported to accept the assignments, even though

5    they were already assigned to AB under the Invention Agreement.  AB was unaware of the

6    purported assignment to Lynx until around February 2006.

7    This case is related to the case of Applera Corporation – Applied Biosystems Group v.

8    Solexa, Inc., Stephen C. Macevicz, and Does 1-10, filed on or about December 26, 2006 in the

9    Superior Court of California, County of Santa Clara, Case No. 106CV077133 (the "State Court

10   Action").  The complaint in the State Court Action alleged, inter alia, that Solexa (which was

11   known during much of the relevant time period as Lynx) and Macevicz wrongfully took patents

12   and inventions that belong to AB.  AB brought the State Court Action to recover the Patents.

13   During early discovery in the State Court Action it became apparent to AB that Solexa intended

14   to assert the Patents against AB.  Therefore, AB filed this case so the entire dispute could proceed

15   in a consolidated manner before a single court.  In particular, the appropriate forum for all issues

16   relating to these patents is federal court, which has exclusive patent jurisdiction.  Once

17   jurisdiction was established in this court, the State Court Action was dismissed, along with a

18   stipulation in this case preserving the filing date of the claims in the State Court Action.

19   ILLUMINA

20   Solexa holds legal title to the '341 Patent, the '119 Patent, and the '597 Patent.  Solexa

21   acquired legal title to the Patents when it merged with Lynx Therapeutics, Inc. ("Lynx") on or

22   about March 4, 2005.  Lynx acquired legal title to the Patents when Stephen C. Macevicz, the

23   inventor of the patents, assigned his right, title, and interest in the patent application underlying

24   the Patents to Lynx on August 31, 1995.  Macevicz's assignment to Lynx was recorded with the

25   United States Patent and Trademark Office on September 15, 1995.

26   The Invention Agreement between Macevicz and AB did not require Macevicz to assign

27   his rights in the Patents to AB because the inventions described and claimed in the Patents were

28   conceived and reduced to practice entirely on Macevicz's own time without the use of AB

1  resources, and they did not relate to the actual or anticipated business of AB at the time he

2  conceived them.

3      Even if the Invention Agreement obligated Macevicz to assign his rights in the Patents to

4  AB, Macevicz never actually assigned his rights in the Patents to AB.  Accordingly, AB has never

5  held legal title to the Patents.  Lynx acquired title to the Patents from Macevicz free of any

6  equitable encumbrance because Lynx was a bona fide purchaser for value of the Patents.  Lynx

7  paid Macevicz consideration for the Patents, and Lynx was unaware of any equitable claim that

8  AB may have had to the Patents.

9      The Patents relate to, inter alia, methods of DNA sequencing generally called "sequencing

10  by ligation."  AB is currently making, marketing, offering for sale, and selling instruments that

11  employ a method of DNA sequencing by ligation that infringe claims in the Patents.  AB calls its

12  DNA sequencing by ligation technology "Supported Oligonucleotide Ligation and Detection,"

13  abbreviated "SOLiD."

14      <u>MACEVICZ</u>

15      In 1994, Macevicz, who holds a Ph.D. in Biophysics , was in-house patent counsel for

16  AB, and also performed patent legal related services for AB's majority owned subsidiary, Lynx.

17  Macevicz conceived the inventions claimed in the '341 Patent, the '119 Patent, and the '597

18  Patent entirely on his own time without the use of AB resources, and they did not relate to the

19  actual or anticipated business of AB at the time he conceived the inventions.  The invention

20  claimed in the Application was disclosed to one or more members of the legal department of AB

21  during Macevicz's employment with AB.  Macevicz then commenced prosecuting the

22  Application on his own time and at his own expense.

23      On or about August 31, 1995, after resigning from AB, Macevicz assigned the

24  Application (and the related subsequent applications) to Lynx in consideration of a grant of a

25  stock option for common stock of a Lynx subsidiary, Spectragen, Inc.

26      Subsequently, AB sold its majority interest in Lynx and, sometime thereafter, Solexa

27  acquired Lynx.  More than eleven years after the assignment of the Application, AB acquired the

28  business of Agencourt, Inc., which may infringe one or more of the Patents at issue in this action.

                4

Following such acquisition, AB commenced legal proceedings to invalidate the assignment of the Application (and the related subsequent applications), and acquire the Patents.

3. **Legal Issues**: **A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.**

AB

Macevicz breached the terms of the Invention Agreement by, among other things, failing to disclose inventions to AB, applying for patents on the inventions in his own name, and purporting to assign the inventions and patents to Lynx. Macevicz's conduct, as well as Illumina and Solexa's conduct, also gives rise to AB's other causes of action including interference with contract, breach of fiduciary duty, constructive fraud, conversion, imposition of constructive trust, and unfair competition.

Solexa is not a bona fide purchaser and does not hold title to the Patents. Rather, AB holds title. Therefore, Solexa does not have standing to bring an action for infringement of the Patents. *See FilmTec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1572-73 (Fed. Cir. 1991) (the issue of standing requires "a showing that title to the patent and the rights thereunder" are in the party asserting infringement); *Leighton Techs. LLC v. Oberthur Card Sys., S.A.*, No. 04 Civ. 2496, 2007 U.S. Dist. LEXIS 57843, at ** 11-12 (S.D.N.Y. July 11, 2007) ("FilmTec holds, in keeping with established precedent, that the question of legal title is inextricably intertwined with a plaintiff's standing to maintain an infringement action.").

Claim construction, infringement, validity, and damages will be disputed only if Solexa prevails on its standing to assert the patents and is adjudged the rightful owner of the Patents.

ILLUMINA

The only disputed point of law that Illumina and Solexa are currently aware of is whether Solexa has standing to bring an action for infringement of the Patents.

Solexa has standing to bring an action for infringement of the Patents because Solexa holds legal title to the Patents. Indeed, AB has implicitly recognized Solexa's standing to sue by initiating this patent infringement lawsuit by filing a claim seeking a declaratory judgment of

1  noninfringement of the Patents. Solexa's counterclaims of infringement may be considered

2  mandatory counterclaims in response to AB's declaratory judgment claim.

3      Any claim that AB may purportedly have to the ownership of the Patents does not defeat

4  Solexa's standing to sue. Rather, AB's ownership claims are simply potential defenses to

5  Solexa's patent infringement claims. Because Solexa holds legal title to the Patents, it has

6  standing to sue for infringement of the Patents. Even assuming the facts to be as AB alleges, AB

7  has at most an equitable interest in the Patents. As *Chisum on Patents* explains,

8
           The issue in determining standing is whether the claimant possesses *legal*
9      *title* ownership of the patent. Absence of such title is of course grounds for
       dismissal of the suit. However, *it is no defense that the claimant obtained or*
10     *retains title in breach of a contractual or other obligation to another* (such as a
       contractual obligation to assign the patent to an employer or former employer.)
11     *Such "equitable" interests do not defeat standing to sue for infringement.*

12  8 *Chisum on Patents* § 21.03[2][f], at 21-174–75 (2006) (emphasis added); *see also Filmtec Corp.*

13  *v. Allied-Signal Inc*., 939 F.2d 1568, 1572 (Fed. Cir. 1991) ("The question of [the plaintiff's] right

14  to maintain the action against [the defendant] should not be confused with the question of whether

15  [the defendant] could defend by arguing that title to the patent was in a third party . . . and

16  therefore [the defendant] has a good defense against any infringement suit.").

17          MACEVICZ

18      Macevicz has no stake in the outcome of this action. He claims no interest in the Patents

19  and he is not a necessary party to the action. Macevicz contends that he should be dismissed from

20  the action.

21      The principal issue related to Macevicz's conduct is whether his actions were proper

22  pursuant to California Labor Code § 2870. If not, the trier of fact must determine whether AB's

23  claims are barred by consent, waiver, estoppel or applicable statutes of limitations.

24      **4.    Motions: All prior and pending motions, their current status, and any**
                **anticipated motions.**

25
26      No motions are pending.

27

28

1    AB

2         AB will file a motion based on Solexa's lack of standing to bring its patent infringement

3    counterclaims, so that the issue of standing/ownership of the Patents is decided first and the issues

4    of patent infringement and validity are stayed pending resolution of the standing/ownership issue.

5    Solexa's lack of standing is a threshold subject matter jurisdiction issue that the Court must

6    resolve before proceeding with any other aspect of this case. *See Ortho Pharm. Corp. v. Genetics*

7    *Inst., Inc.,* 52 F.3d 1026, 1032-33 (Fed. Cir. 1995) ("'it is well established … that before a federal

8    court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the

9    court must establish the requisite standing to sue'") (quoting *Whitmore v. Arkansas*, 495 U.S.

10   149, 154 (1990)); *Kahn v. Gen. Motors Corp.*, 77 F.3d 457, 459 (Fed. Cir. 1996) ("The ownership

11   of patent property is a matter of law, the decision of which may entail underlying factual

12   inquiries."); *Leighton Techs.*, 2007 U.S. Dist. LEXIS 57843, at ** 5, 14-15 ("There is no need for

13   a jury to address the question of ownership of the patents; courts have uniformly treated the

14   inquiry as a jurisdictional matter that does not touch upon the merits of an infringement claim but

15   rather addresses the issue of injury in fact."); *Atmel Corp. v. Authentec, Inc.*, 490 F. Supp. 2d

16   1052, 1053 (N.D. Cal. 2007) ("Standing is a threshold issue faced before reaching substantive

17   matters.").

18        AB believes that discovery and resolution of Solexa's lack of standing can be

19   accomplished in approximately six months.  The Court should stay the procedures of the Patent

20   Local Rules while the threshold jurisdictional issue of Solexa's standing to bring its

21   counterclaims is resolved.  Resolving standing quickly and first will prevent the prejudice to AB

22   from having to take "accused infringer" positions against its own patents.  This avoids, for

23   example, putting AB in the untenable position of having to attack the validity of patents it owns

24   and avoids wasting the significant resources that would be required to litigate an unnecessary

25   patent case.

26        The parties are in the process of negotiating a Protective Order including protection

27   against review by in-house counsel involved in patent prosecution.  If the parties cannot reach

28   agreement on a "patent prosecution bar," AB will file a motion for such protection.

ILLUMINA

Illumina and Solexa oppose AB's proposal for an initial discovery period directed exclusively to AB's claims of ownership of the Patents under which AB is charged with infringement. AB brought an action in the California state court in San Jose seeking transfer of ownership of the Patents. After having brought that case, AB brought this action seeking a declaration of non-infringement of the Patents. Having raised the issue of infringement so as to obtain jurisdiction over Illumina and Solexa in this Court, AB should not be permitted to have the benefit of that jurisdiction while simultaneously denying Solexa its right to seek resolution of the infringement issue raised by AB.

Illumina and Solexa therefore propose that discovery on all issues proceed concurrently. Should AB bring a motion challenging standing, Illumina and Solexa intend to oppose that motion on the basis that Solexa's indisputable legal title to the Patents affords Solexa, as a matter of law, standing to bring suit. See Section 3 above. Moreover, AB's ownership case will require an involved fact investigation dealing with matters occurring in the 1990s and will take considerable time. There is no reason to expect that limiting discovery to AB's ownership issue will be more efficient for the case than allowing full discovery. Discovery on all fact issues should proceed concurrently.

MACEVICZ

Macevicz may bring a motion for judgment on the pleadings or other motion to be dismissed from the action based on his improper joinder as a defendant.

5.   **Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.**

AB

AB does not presently expect to amend its pleadings. AB would consider amending its pleadings only if Solexa prevails on the standing issue. AB's proposed deadline for amending the pleadings is June 5, 2008 (see Exhibit A).

ILLUMINA

Illumina does not presently expect to amend its pleadings.  Illumina proposes that amended pleadings, if any, be due by December 20, 2007.

MACEVICZ

Macevicz does not presently expect to amend his pleadings.  Macevicz proposes that amended pleadings, if any, be due by December 20, 2007.

**6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction or any document-destruction program and any ongoing erasures of e-mails, voicemails, and other electronically-recorded material.**

AB

AB has issued internal document retention memoranda and deactivated automatic e-mail deletion software as appropriate to preserve hard copy and electronic documents that it believes are reasonably likely to be relevant to the issues in this litigation.  AB asserts all applicable attorney-client and work product privilege protections regarding these subjects.

ILLUMINA

Illumina and Solexa have taken necessary steps to preserve documents including notifying relevant individuals of this litigation and instructing them to preserve both hard copy and electronic documents reasonably likely to be relevant to the issues in this litigation.  Illumina asserts all applicable attorney-client privilege and work-product protections regarding these subjects.

MACEVICZ

Macevicz has conducted a diligent search to locate and preserve documents and information relevant to the claims and defenses in the action.  As an individual, he is aware of no other steps to be taken to preserve evidence.

**7.    Disclosures:  Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.**

1      <u>AB</u>

2              AB has completed its initial disclosures based on the information presently available to it.

3      The persons and entities likely to have discoverable information relevant to this dispute that AB

4      presently may rely on to support its claims and defenses are Scott Bortner, Peter Dehlinger, Sam

5      Eletr, Paul Grossman, Mike Hunkapiller, Stephen C. Macevicz, Vince Powers, and Cooley

6      Godward Kronish LLP.

7              The documents AB presently may use to support its ownership claims and defenses are

8      Stephen C. Macevicz's employee and personnel files, lab notebooks, invention disclosures,

9      memoranda, patent applications, patents, patent assignments, invention agreements, and other

10     documents and materials worked on, generated, or kept by Stephen C. Macevicz while he was

11     employed by AB, the AB Employee Invention Agreement signed by Stephen C. Macevicz and

12     similar invention agreements, the Corporate Services Agreement between AB and Lynx

13     Therapeutics, Inc., press releases, research and development plans, business plans, and SEC

14     filings from the period when Stephen C. Macevicz was employed by AB, U.S. Patent Application

15     No. 08/424,663, its file history, and related documents, U.S. Patent Nos. 5,750,341, 5,969,119,

16     and 6,306,507, their file histories, and related documents.

17             <u>ILLUMINA</u>

18             Illumina and Solexa served their initial disclosures on the other parties in this litigation on

19     August 30, 2007.  Illumina and Solexa's initial disclosures divulge a list of individuals who may

20     have knowledge of discoverable information that Illumina and Solexa may rely upon to support

21     their claims or defenses in this case.  Illumina and Solexa also disclosed a list of categories of

22     documents in their possession, custody, or control that they may use to support their claims or

23     defenses.

24             <u>MACEVICZ</u>

25             Macevicz served his initial disclosures on the other parties in this litigation on August 30,

26     2007.  His initial disclosures identified a list of individuals who may have knowledge of

27     discoverable information that he may rely upon to support his defenses.  The initial disclosures

28

1  also identified several categories of the limited number of documents in his possession, custody

2  or control that he may use to support his defenses.

3    **8.    Discovery:  Discovery taken to date, if any, the scope of anticipated discovery,
      any proposed limitations or modifications of the discovery rules, and a proposed
4      discovery plan pursuant to Fed. R. Civ. P. 26(f).**

5        The parties propose following the limitations and guidelines on discovery under the

6  Federal Rules of Civil Procedure, the local rules, and the Supplemental Order To Order Setting

7  Initial Case Management Conference In Civil Cases Before Judge William Alsup.

8        The parties agree that due to the timing of the events in question relevant to ownership,

9  the scope of such electronic discovery can be limited.  The parties agree to meet and confer

10  regarding the scope of electronic discovery once the standing issue is resolved.  The parties agree

11  that electronic documents will be produced in TIFF format with electronic load files necessary for

12  loading the TIFF images into a Concordance or Summation database.  The parties agree to meet

13  and confer regarding any additional issues that may arise concerning the format of document

14  production.  Issues relating to claims of privilege or of protection as trial-preparation material

15  including a procedure to assert such claims after production will be addressed in the Stipulated

16  Protective Order.  The parties' proposed discovery plans are presented in Exhibit A.

17        <u>AB</u>

18        AB served requests for production and interrogatories directed at the ownership dispute on

19  Illumina/Solexa on August 30, 2007.  This discovery generally seeks the same information

20  previously requested but not yet produced in the State Court Action.  AB has also issued

21  subpoenas for documents to two third parties believed to have information relevant to the

22  ownership dispute.

23        AB anticipates taking the depositions of Macevicz and Illumina/Solexa on 30(b)(6) topics

24  regarding standing.  If the case is phased, AB will limit its questioning of these witnesses during

25  the standing phase to ownership/standing issues and will address the patent issues at a resumption

26  of the depositions, if necessary.

27

28

ILLUMINA

Illumina and Solexa intend to serve discovery requests directed to the ownership dispute and AB's claims for a declaration of non-infringement and Solexa's counterclaims of patent infringement. The parties should follow the Patent Local Rules for discovery pertaining to the claims relating to patent infringement, and discovery on AB's ownership claims can proceed concurrently. Illumina and Solexa propose the schedule set forth in Exhibit A for discovery including disclosures under the Patent Local Rules.

MACEVICZ

Macevicz intends to serve discovery requests directed to the ownership dispute.

9. **Class Actions: If a class action, a proposal for how and when the class will be certified.**

This is not a class action.

10. **Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.**

No related cases or proceedings are pending.

11. **Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damage should be calculated if liability is established.**

AB

AB is seeking damages from Illumina/Solexa including the lost value of the Patents and its costs and fees. AB is not seeking damages from Macevicz.

Solexa claims that it is not practicing the Patents, and AB is not aware of any basis for Solexa to claim lost profits. Thus, Solexa's damages claims, were it not lacking standing to sue, would be limited to a reasonable royalty calculation.

ILLUMINA

Through its patent infringement counterclaims against AB, Solexa seeks permanent injunctive relief pursuant to 35 U.S.C. § 283 and damages pursuant to 35 U.S.C. § 284. Solexa seeks damages adequate to compensate it for AB's infringement. Solexa's damages may include lost profits to the extent that it has lost market share to AB due to AB's infringement of the

Patents.  At a minimum, Solexa is entitled to a reasonable royalty to compensate it for AB's

infringement.

MACEVICZ

Macevicz seeks no affirmative relief in this action, and no party is seeking any relief

which requires, or would be made more complete by, joinder of Macevicz as a party to the action.

**12. Settlement and ADR:  Prospects for settlement, ADR efforts to date, and specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.**

AB

The parties have had informal discussions regarding settlement, but have not participated

in a formal ADR process.  AB is willing to participate in a mediation at the appropriate time.

ILLUMINA

The parties have stipulated to participation in the Court's mediation process under the

Local Rules.  The parties filed their joint Stipulation and Proposed Order on August 16, 2007.

MACEVICZ

If Macevicz remains a party to the action, he is amenable to mediation.

**13. Consent to Magistrate Judge For All Purposes.  Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.**

All parties do not consent to a magistrate judge at this time.

**14. Other References.  Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.**

This case is not suitable for reference to binding arbitration, a special master, or the

Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues.  Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims or defenses.**

AB

This Court should resolve the issue of Solexa's lack of standing to sue on the Patents prior

to undertaking other issues in this case.  *See Ortho Pharm., Inc.,* 52 F.3d at 1032-33 ("'it is well

1    established … that before a federal court can consider the merits of a legal claim, the person

2    seeking to invoke the jurisdiction of the court must establish the requisite standing to sue'")

3    (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990)); *Atmel*, 490 F. Supp. 2d 1052, 1053;

4    *Leighton Techs.*, 2007 U.S. Dist. LEXIS 57843, at *5.  As discussed above, AB will file a motion

5    for lack of standing, as soon as the related discovery is complete, so that the issue of

6    standing/ownership of the Patents is decided first and the issues of patent infringement and

7    validity are addressed only if necessary after resolution of the standing/ownership issue.

8            ILLUMINA

9            Because Solexa holds legal title to the Patents, this case would be unnecessarily delayed,

10   not expedited, if discovery were stayed pending the resolution of any AB motion regarding

11   Solexa's standing to sue.

12           MACEVICZ

13           Macevicz should be dismissed as a party to the action.

14   **16.    Expedited Schedule.  Whether this is the type of case that can be handled on an
         expedited basis with streamlined procedures.**

15           AB

16           Solexa's lack of standing to sue on the Patents can be handled on an expedited basis,

17   which AB believes will lead to resolution of the entire case.

18           ILLUMINA

19           This case should proceed without delay but is not appropriate for expedited or streamlined

20   procedures.  Solexa has standing to sue on the patents-in-suit because it holds legal title to those

21   patents.

22           MACEVICZ

23           Macevicz takes no position regarding expedited procedures.

24   **17.    Scheduling:  Proposed dates for designation of experts, discovery cutoff, hearing
         of dispositive motions, pretrial conference and trial.**

25           See Exhibit A for alternative proposals.  AB proposes delaying the disclosures under the

26   Patent Local Rules; Illumina and Solexa propose proceeding under the Patent Local Rules with

27   concurrent discovery on the ownership issues.

28

18. **Trial:  Whether the case will be tried to a jury or the court and the expected length of the trial.**

AB

AB has requested a jury trial.  Solexa's lack of standing to sue is a legal issue to be decided by the Court.  *Kahn,* 77 F.3d at 459; *Leighton Techs*, 2007 U.S. Dist. LEXIS 57843, at ** 5, 14.

ILLUMINA

Illumina has demanded a jury trial, which Illumina expects would last approximately eight trial days for all the claims and counterclaims in the case.

MACEVICZ

Macevicz has demanded a jury trial.  Macevicz takes no position regarding the scheduling matters disputed by the remaining parties.

19. **Disclosure of Non-party Interested Entities or Persons:  Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.**

AB and Illumina/Solexa have each filed a Disclosure of Non-party Interested Entities or Persons.

1    Dated: September 13, 2007

2

3    ___/s/ Bryan Wilson_____          ___/s/ Gregory E. Stanton_____
     BRYAN WILSON (CA BAR NO. 138842)                 GREGORY E. STANTON (CA BAR NO. 203495)
4    ERIC C. PAI (CA BAR NO. 247604)                  KEVIN M. FLOWERS
     MORRISON & FOERSTER LLP                          THOMAS I. ROSS
5    755 Page Mill Road                               JEFFREY H. DEAN
     Palo Alto, California 94304-1018                 JOHN R. LABBE
6    Telephone: 650.813.5600                          MARSHALL, GERSTEIN & BORUN LLP
     Facsimile: 650.494.0792                          6300 Sears Tower
7    E-Mail: BWilson@mofo.com                         233 South Wacker Drive
     E-Mail: EPai@mofo.com                            Chicago, IL 60606-6357
8                                                     (312) 474-6300
     DAVID C. DOYLE (CA SBN 70690)                    (312) 474-0448 (facsimile)
9    STEVEN E. COMER (CA SBN 154384)                  E-Mail: gstanton@marshallip.com
     ANDERS T. AANNESTAD (CA SBN 211100)              E-Mail: kflowers@marshallip.com
10   MORRISON & FOERSTER LLP                          E-Mail: tross@marshallip.com
     12531 High Bluff Drive                           E-Mail: jdean@marshallip.com
11   Suite 100                                        E-Mail: jlabbe@marshallip.com
     San Diego, California 92130-2040
12   Telephone: 858.720.5100                          COUNSEL FOR ILLUMINA, INC. AND
     Facsimile: 858.720.5125                          SOLEXA, INC.
13   E-Mail: DDoyle@mofo.com
     E-Mail: SComer@mofo.com                          ___/s/ Basil P. Fthenakis_____
14   E-Mail: AAannestad@mofo.com                      BASIL P. FTHENAKIS (CA BAR NO. 88399)
                                                      TECHNOLOGY & INTELLECTUAL
15   COUNSEL FOR APPLERA CORPORATION –                PROPERTY STRATEGIES GROUP PC
     APPLIED BIOSYSTEMS GROUP                         1000 Elwell Court, Suite 150
16                                                    Palo Alto, CA  94303
                                                      Telephone: (650) 293-3350
17                                                    Facsimile: (800) 822-7095
                                                      E-Mail: bfthenakis@tipsgroup.org
18
                                                      COUNSEL FOR STEPHEN C. MACEVICZ
19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

Proposed Case Management Schedule

| | AB | ILLUMINA | MACEVICZ |
|---|---|---|---|
| Rule 26 Conference of Parties (FRCP 26(f)) | Completed | Completed | Completed |
| Last day to make Initial Disclosures (Court Order) | 08/30/07 | 08/30/07 | 08/30/07 |
| Last day to file Joint Case Management Conference Statement (Court Order) | 09/13/07 | 09/13/07 | 09/13/07 |
| Case Management Conference (Court Order) | 09/20/07 | 09/20/07 | 9/20/07 |
| Last day to join parties | _____ to join without leave of court | N/A | |
| Last day to file and serve amendments to the pleadings | 06/05/08 | 12/20/07 | |
| Complete discovery on standing issues | 12/21/07 | N/A | |
| AB to file and serve motion re standing | 01/25/08 | N/A | |
| Solexa to file and serve opposition re standing | 02/15/08 | N/A | |
| AB to file and serve reply re standing | 02/29/08 | N/A | |
| Hearing on standing | 03/__/08 | N/A | |
| Last day for Solexa to serve Disclosure of Asserted Claims and Preliminary Infringement Contentions and produce documents (Patent L.R. 3-1, 3-2) | 04/01/08 | 11/01/07 | |
| Last day for AB to serve Preliminary Invalidity Contentions and produce documents (Patent L.R. 3-3, 3-4) | 05/01/08 | 12/17/07 | |
| Last day for parties to exchange Proposed Terms and Claims Elements for Construction (Patent L.R. 4-1) | 05/22/08 | 01/07/08 | |
| Last day for parties to exchange Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | 06/27/08 | 02/01/08 | |

| | AB | ILLUMINA | MACEVICZ |
|---|---|---|---|
| Last day for parties to file Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | 07/14/08 | 02/29/08 | |
| Last day to complete Claim Construction discovery (Patent L.R. 4-4) | 08/14/08 | 04/02/08 | |
| Last day for Solexa to file Opening Claim Construction brief (Patent L.R. 4-5) | 09/18/08 | 04/17/08 | |
| Last day for AB to file Responsive Claim Construction Brief (Patent L.R. 4-5) | 10/09/08 | 05/01/08 | |
| Last day for Solexa to file Reply Claim Construction brief (Patent L.R. 4-5) | 10/16/08 | 05/08/08 | |
| Claim construction prehearing conference under Patent Local Rule 2-1(a)(5). | At Court's convenience | At Court's convenience | |
| Proposed Claim Construction Tutorial | TBD | TBD | |
| Proposed Claim Construction hearing date (Patent L.R. 4-6 – discretionary) | At Court's convenience | At Court's convenience | |
| Complete fact discovery | 90 days after Court's claim construction ruling | 90 days after Court's claim construction ruling | |
| Designate Experts / Exchange expert reports | 45 days after close of fact discovery | 45 days after close of fact discovery | |
| Designate Rebuttal Experts / Exchange rebuttal expert reports | 30 days after production of expert reports | 30 days after production of expert reports | |
| Complete expert discovery, including motions related thereto | 60 days after production of rebuttal expert reports | 60 days after production of rebuttal expert reports | |
| Status Conference | After close of expert discovery | After close of expert discovery | |

|  | **AB** | **ILLUMINA** | **MACEVICZ** |
|---|---|---|---|
| Last date to file dispositive motions | 30 days after close of expert discovery | 30 days after close of expert discovery |  |
| Pretrial Conference | At Court's convenience | At Court's convenience |  |
| Trial | At Court's convenience | At Court's convenience |  |

1

**GENERAL ORDER 45 ATTESTATION**

2

3        I, Eric C. Pai, am the ECF User whose ID and password are being used to file this Joint Case Management Conference Statement.  In compliance with General Order 45, X.B., I hereby attest that Bryan Wilson, Gregory E. Stanton, and Basil P. Fthenakis have concurred in this filing.

4

5

6
                      /s/ Eric C. Pai

7
                        Eric C. Pai

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28