| | |
|---|---|
| 1 | BRYAN WILSON (CA BAR NO. 138842) |
| | ERIC C. PAI (CA BAR NO. 247604) |
| 2 | MORRISON & FOERSTER LLP |
| | 755 Page Mill Road |
| 3 | Palo Alto, California 94304-1018 |
| | Telephone: 650.813.5600 |
| 4 | Facsimile: 650.494.0792 |
| | E-Mail: BWilson@mofo.com |
| 5 | E-Mail: EPai@mofo.com |
| 6 | DAVID C. DOYLE (CA SBN 70690) |
| | STEVEN E. COMER (CA SBN 154384) |
| 7 | ANDERS T. AANNESTAD (CA SBN 211100) |
| | MORRISON & FOERSTER LLP |
| 8 | 12531 High Bluff Drive, Suite 100 |
| | San Diego, California 92130-2040 |
| 9 | Telephone: 858.720.5100 |
| | Facsimile: 858.720.5125 |
| 10 | E-Mail: DDoyle@mofo.com |
| | E-Mail: SComer@mofo.com |
| 11 | E-Mail: AAannestad@mofo.com |
| 12 | Attorneys for Plaintiff |
| | APPLERA CORPORATION – APPLIED BIOSYSTEMS |
| 13 | GROUP |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   07-CV-02845 WHA<br><br>**APPLIED BIOSYSTEMS' SECOND AMENDED REPLY TO SOLEXA'S COUNTERCLAIMS** |

Plaintiff Applera Corporation – Applied Biosystems Group ("Applied Biosystems" or "AB"), for its Second Amended Reply to Defendant Solexa, Inc.'s ("Solexa") counterclaims, states as follows:

## **RESPONSES TO COUNTERCLAIMS**

1. Responding to paragraph 1 of Solexa's counterclaims, AB admits that Solexa's counterclaims purport to bring an action for patent infringement under 35 U.S.C. Title 35, but denies that Solexa has standing to bring an action for patent infringement under 35 U.S.C. Title 35, and denies that AB is liable for patent infringement as alleged in Solexa's counterclaims.

2. AB admits the allegations of paragraph 2 of Solexa's counterclaims.

3. AB admits the allegations of paragraph 3 of Solexa's counterclaims.

4. AB denies the allegations of paragraph 4 of Solexa's counterclaims.

5. AB admits the allegations of paragraph 5 of Solexa's counterclaims.

6. AB incorporates its replies to paragraphs 1-5 of Solexa's counterclaims.

7. AB admits that U.S. Patent No. 5,750,341 (the "'341 Patent") issued on May 12, 1998. AB denies the remaining allegations of paragraph 7.

8. AB denies the allegations of paragraph 8 of Solexa's counterclaims.

9. AB denies the allegations of paragraph 9 of Solexa's counterclaims.

10. AB denies the allegations of paragraph 10 of Solexa's counterclaims.

11. AB denies the allegations of paragraph 11 of Solexa's counterclaims.

12. AB denies the allegations of paragraph 12 of Solexa's counterclaims.

13. Responding to paragraph 13 of Solexa's counterclaims, AB admits that it did not learn about the '341 Patent until in or around February 2006. AB denies the remaining allegations of paragraph 13.

14. AB denies the allegations of paragraph 14 of Solexa's counterclaims.

15. AB incorporates its replies to paragraphs 1-14 of Solexa's counterclaims.

16. AB admits that U.S. Patent No. 5,969,119 (the "'119 Patent") issued on October 19, 1999. AB denies the remaining allegations of paragraph 16.

17. AB denies the allegations of paragraph 17 of Solexa's counterclaims.

1     18.     AB denies the allegations of paragraph 18 of Solexa's counterclaims.

2     19.     AB denies the allegations of paragraph 19 of Solexa's counterclaims.

3     20.     AB denies the allegations of paragraph 20 of Solexa's counterclaims.

4     21.     AB denies the allegations of paragraph 21 of Solexa's counterclaims.

5     22.     Responding to paragraph 22 of Solexa's counterclaims, AB admits that it did not learn about the '119 Patent until in or around February 2006. AB denies the remaining allegations of paragraph 22.

8     23.     AB denies the allegations of paragraph 23 of Solexa's counterclaims.

9     24.     AB incorporates its replies to paragraph 1-23 of Solexa's counterclaims.

10     25.     AB admits that U.S. Patent No. 6,306,597 (the "'597 Patent") issued on October 23, 2001. AB denies the remaining allegations of paragraph 25.

12     26.     AB denies the allegations of paragraph 26 of Solexa's counterclaims.

13     27.     AB denies the allegations of paragraph 27 of Solexa's counterclaims.

14     28.     AB denies the allegations of paragraph 28 of Solexa's counterclaims.

15     29.     AB denies the allegations of paragraph 29 of Solexa's counterclaims.

16     30.     AB denies the allegations of paragraph 30 of Solexa's counterclaims.

17     31.     Responding to paragraph 31 of Solexa's counterclaims, AB admits that it did not learn about the '597 Patent until in or around February 2006. AB denies the remaining allegations of paragraph 31.

20     32.     AB denies the allegations of paragraph 32 of Solexa's counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

23     33.     The causes of action asserted in Solexa's counterclaims fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

26     34.     Each of Solexa's claims for relief is barred because Solexa is not the owner of the '341 Patent, the '119 Patent, or the '597 Patent (collectively, "the Patents").

2

APPLIED BIOSYSTEMS' SECOND AMENDED REPLY TO SOLEXA'S COUNTERCLAIMS
Case No. 07-CV-02845 WHA
pa-1202397

### Third Affirmative Defense

35.  Solexa does not have standing to bring an action for infringement of the '341 Patent, the '119 Patent, or the '597 Patent.

### Fourth Affirmative Defense

36.  Each of Solexa's claims for relief is barred because AB has rights to practice the inventions claimed in the '341 Patent, the '119 Patent, and the '597 Patent.

### Fifth Affirmative Defense

37.  Each of Solexa's claims for relief is barred because the '341 Patent, the '119 Patent, and the '597 Patent are unenforceable against AB under the shop right doctrine and/or the employed to invent doctrine.

### Sixth Affirmative Defense

38.  Each of Solexa's claims for relief is barred, in whole or in part, under the doctrine of unclean hands.

### Seventh Affirmative Defense

39.  Each of Solexa's claims for relief is barred, in whole or in part, under the doctrines of estoppel and waiver.

### Eighth Affirmative Defense

40.  AB does not infringe and has not infringed any valid claim of the '341 Patent, the '119 Patent, or the '597 Patent either literally or under the doctrine of equivalents.

### Ninth Affirmative Defense

41.  Each of Solexa's claims for relief is barred, in whole or in part, because each of the asserted claims of the '341 Patent is invalid and void for failure to comply with one or more of the provisions of Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112.

### Tenth Affirmative Defense

42.  Each of Solexa's claims for relief is barred, in whole or in part, because each of the asserted claims of the '119 Patent is invalid and void for failure to comply with one or more

of the provisions of Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112.

**Eleventh Affirmative Defense**

43. Each of Solexa's claims for relief is barred, in whole or in part, because each of the asserted claims of the '597 Patent is invalid and void for failure to comply with one or more of the provisions of Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112.

**Twelfth Affirmative Defense**

44. Each of Solexa's claims for relief is barred, in whole or in part, because each of the '341, '119, and '597 Patents are void and unenforceable by Solexa due to inequitable conduct in their prosecution before the United States Patent and Trademark Office (the "PTO"), as more particularly alleged below.

45. On information and belief, the applicant failed to disclose material prior art to the PTO during prosecution of the '341, '119 and '597 Patents even though such prior art was known to the applicant, thereby rendering the '341, '119 and '597 Patents unenforceable by Solexa. In particular, during prosecution of the '341, '119 and '597 Patents, U.S. Patent No. 4,988,617 (the "Landegren Patent") and U.S. Patent No. 4,883,750 (the "Whitely Patent") were known to the applicant, Stephen C. Macevicz. The disclosures of the Landegren Patent and the Whitely Patent describe methods for determining the sequence of a nucleic acid which read directly on claims of the '341 and '597 Patents and are also material to claims of the '119 Patent.

46. Dr. Macevicz discussed the Landegren Patent and the Whitely Patent in a letter dated May 12, 1995 to Bio-Rad Laboratories. This letter demonstrates that Dr. Macevicz knew of the Landegren Patent and the Whitely Patent during the prosecution of the applications that resulted in the '341, '119 and '597 Patents. Nonetheless, the applicant failed to disclose these highly material references to the examiners overseeing the prosecution of those applications.

47. AB is entitled to a judicial declaration that the '341, '119, and '597 Patents are unenforceable by Solexa.

**Additional Affirmative Defenses**

48.    AB reserves the right to assert additional affirmative defenses if it is determined that AB is not the owner of the '341 Patent, the '119 Patent, or the '597 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, AB respectfully requests that judgment on Solexa's counterclaims be entered in AB's favor and against Solexa, and that AB be awarded such further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Applied Biosystems demands a trial by jury on Solexa's counterclaims as to all issues so triable.

Dated: November 7, 2007                    MORRISON & FOERSTER LLP

By:   /s/ Bryan Wilson
        Bryan Wilson

Attorneys for Plaintiff
APPLERA CORPORATION –
APPLIED BIOSYSTEMS GROUP