Basil P. Fthenakis, Esq. (SBN 088399)
bfthenakis@tipsgroup.org
Technology & Intellectual Property
Strategies Group PC
1000 Elwell Court, Suite 150
Palo Alto, CA  94303
Telephone: (650) 293-3350
Facsimile: (800) 822-7095

Attorneys for Defendant Steven C. Macevicz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware Corporation SOLEXA, INC., a Delaware Corporation and STEPHEN C. MACEVICZ, an individual<br><br>　　　　Defendants. | Case No. C07 02845 WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT STEPHEN C. MACEVICZ TO DISMISS OR IN THE ALTERNATIVE STRIKE PORTIONS OF FIRST AMENDED COMPLAINT OF APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP**<br><br>Date:　　　　December 27, 2007<br>Time:　　　　8:00 AM<br>Courtroom:　9, 19th Floor<br>Before:　　　Hon. William Alsup |

## **PRELIMINARY STATEMENT**

Plaintiff's First Amended Complaint improperly names Stephen C. Macevicz ("Macevicz") as a defendant in an action seeking to impose a constructive trust or other mandatory injunctive relief to obtain ownership of certain patents, the applications for which Macevicz assigned more than a decade ago to the predecessor in interest of Defendant, Solexa, Inc. ("Solexa") and to obtain declaratory relief regarding non-infringement, invalidity and unenforceability of the patents in dispute.  Plaintiff named Macevicz as a defendant despite the fact that all parties acknowledge that Macevicz claims no legal or equitable interest in the disputed patents.  The claims alleged against

Macevicz in the fall into one of two categories. The first six purported causes of action arise from the alleged breach of an Employee Invention Agreement between Plaintiff and Macevicz, or from Macevicz's employment by Plaintiff for which Plaintiff seeks an injunction or constructive trust (the "Equitable Relief Counts"). Macevicz is not named as a party to the seventh cause of action. The last three purported causes of action name Macevicz, and seek declaratory relief regarding non-infringement, invalidity and unenforceability of the patents (the "Declaratory Relief Counts").

It is particularly significant for purposes of this motion that the First Amended Complaint deliberately seeks no award of monetary damages against Macevicz. Because Plaintiff deliberately seeks no monetary damages, and Plaintiff cannot satisfy the legal requirements for imposition of equitable relief, the Equitable Relief Counts of the First Amended Complaint fail to state a claim against Macevicz upon which relief can be granted. In the alternative, the prayers for equitable relief against Macevicz should be stricken from the Equitable Relief Counts. Nor is there any basis for joining Macevicz as a defendant in the Declaratory Relief Counts, since he has no stake in the outcome of the present controversy. Accordingly, the First Amended Complaint should be dismissed as against Macevicz.

## STATEMENT OF THE ISSUES TO BE DECIDED

1. Should the entire First Amended Complaint be dismissed as against Macevicz under FRCP, Rule 12(b)(6) for failure to state a claim against Macevicz upon which relief can be granted?
2. Alternatively, should the Equitable Relief Counts of the First Amended Complaint be dismissed as against Macevicz under FRCP, Rule 12(b)(6) for failure to state a claim against Macevicz upon which relief can be granted?
3. Alternatively, should all prayers for equitable relief against Macevicz be stricken pursuant to FRCP, Rule 12(f)?
4. Should the entire First Amended Complaint be dismissed as against Macevicz under FRCP, Rule 21 for misjoinder of parties because he does not have a sufficient stake in the outcome of the controversy?
5. Alternatively, should the Declaratory Relief Counts of the First Amended Complaint be

dismissed as against Macevicz under FRCP, Rule 21?

## STATEMENT OF THE FACTS

In 1995, Macevicz assigned a patent application[1] identifying him as the inventor to Lynx Therapeutics, Inc. ("Lynx"), the predecessor in interest to defendant Solexa. The assignment was recorded in the official records of the USPTO, and is the subject of the accompanying request for judicial notice. In its First Amended Complaint, Plaintiff alleges that Macevicz had no right to assign the application to Solexa because an Employee Invention Agreement (the "Invention Agreement") obligated Macevicz to assign the application to Plaintiff.[2] The Invention Agreement ostensibly incorporates California Labor Code § 2870(a), which protects an employee's right to an invention developed entirely on the employee's own time, if certain requirements are met.[3]

In paragraph 31 of the First Amended Complaint, Plaintiff alleges that it is entitled to injunctive relief against Macevicz for breach of contract. In particular, Plaintiff alleges that it is entitled to "specific performance of Macevicz's obligations under the Invention Agreement." Plaintiff also alleges that it is entitled to injunctive relief against Macevicz for interference with contract in paragraph 34, breach of fiduciary duty in paragraph 39, and constructive fraud in paragraph 46. In Paragraph 50, Plaintiff alleges that it is entitled to the return of, and a

---

[1] Copies of the three patents that eventually issued from the original patent application are attached as Exhibits A through C to the First Amended Complaint.

[2] A copy of the Invention Agreement, dated May 4, 1992, is attached as Exhibit A to this brief. Though the Invention Agreement was not attached to the First Amended Complaint, the First Amended Complaint refers to the Invention Agreement and the Invention Agreement is central to the Plaintiff's claims. Consequently, it is a proper submission for a motion to dismiss for failure to state a claim. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

[3] California Labor Code 2870(a) states as follows:

> Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either:
>
> 1. Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or
>
> 2. Result from any work performed by the employee for the employer.

constructive trust over, the three patents, their applications and their foreign counterparts, on the basis of conversion. In paragraph 53, Plaintiff alleges that it is entitled to a constructive trust against Macevicz with respect to the three patents. In paragraphs 59, 62, and 65, Plaintiff alleges that all the parties, including Macevicz, require a declaratory judgment as to their rights with respect to the three patents.

Nevertheless, in its original state court complaint, Plaintiff expressly stated that it sought no monetary damages against Macevicz, and in the prayer for relief of the First Amended Complaint, Plaintiff again seeks no monetary damages whatsoever against Macevicz. Instead, Plaintiff requests:

> Injunctive relief, in the form of the imposition of a constructive trust and an order directing Macevicz and Illumina to, at a minimum: (a) take all necessary steps to confirm and restore ownership of the Patents and the Foreign Patents and Applications, including any patents or patent applications that may still be pending or may yet issue based on the Application, to AB, including a transfer of registration of Japanese Patent Application No. H08-531848 (Publication No. JP H11-503908) and Japanese Patent Application H19-185093 to AB; (b) cease all use of any information that they wrongfully took or received from AB, either directly or indirectly, (c) identify and return to AB any other information, patents, or inventions made by Macevicz while he was employed by AB that he has not previously disclosed and assigned to AB…

## ARGUMENT

### 1. The First Amended Complaint Fails to State a Claim Against Macevicz Upon Which Relief Can Be Granted.

Dismissal under FRCP, Rule 12(b)(6) is proper when the complaint lacks a cognizable legal theory or lacks sufficient facts alleged under a cognizable legal theory. See *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

#### A. The Equitable Relief Counts Fail to State a Claim.

In its First Amended Complaint, Plaintiff alleges five legal theories against Macevicz, arising out of the Invention Agreement: (1) breach of contract; (2) interference with contract; (3) breach of fiduciary duty; (4) constructive fraud; and (5) conversion. With respect to each of these five legal theories, Plaintiff seeks only equitable relief in the form of an injunction or the

imposition of a constructive trust.  Plaintiff has made a conscious choice not to seek monetary damages against Macevicz.

The first of these five theories, breach of contract, would be a cognizable legal theory if Plaintiff had sought monetary damages. However, Plaintiff only seeks equitable relief in the form of an injunction compelling Macevicz to transfer ownership of patents he no longer owns. Consequently, Plaintiff's cause of action for breach of contract is fatally defective.

In this regard, California Civil Code § 3390 provides, in pertinent part:

> The following obligations cannot be specifically enforced:
> . . . .
> 3.  An agreement to perform an act which the party has not power lawfully to perform when required to do so;[4]

It is well-settled that where a defendant has no title or interest in the property he contracts to convey, he cannot be required to specifically perform.  Equity will not compel him to obtain title.  *See Friedrich v. Roland*, 95 Cal. App. 2d 543, 550 (1950).

In light of; (a) the admissions contained in paragraphs 16, 30, 37, 42, 52 and 55 of the First Amended Complaint; (b) the specific identification of the assignee appearing on the face of the patents attached as exhibits to the First Amended Complaint; and (c) the recorded assignment in the official records of the USPTO; all to the effect that the disputed patents were, in fact, assigned to Lynx, it is clear that Macevicz is no longer the owner of the disputed patents. Accordingly, there is no cognizable legal theory under which Plaintiff can obtain specific performance of the Invention Agreement against Macevicz.  Likewise, since Plaintiff seeks no monetary damages against Macevicz, Plaintiff's claim for breach of the Invention Agreement fails to state a claim upon which relief can be granted[5].

---

[4]  This statute, rather than FRCP 65, governs the availability of an injunction in this action, since the underlying claim is a state law claim.  Cf., *Sims Snowboards v. Kelly*, 863 F.2d 643, 646-647 (9th Cir. 1988) (involving diversity jurisdiction.)

[5]  Plaintiff's deliberate choice not to pursue monetary damages justifies a departure from the general rule stated in *Doe v. United States Dept. of Justice* (DC Cir. 1985) 753 F2d 1092, 1104 that a motion under FRCP, Rule 12(b)(6) will not be granted merely because plaintiff requests a remedy to which he or she is not entitled as long as the court can ascertain from the face of the complaint that *some* relief can be granted.

Similar reasoning applies with respect to Plaintiff's claim for imposition of a constructive trust for breach of contract.[6] Though California has two statutes pertaining to constructive trusts, California Civil Code §§ 2223 and 2224, California Court of Appeals have often looked to contemporary commentary such as the Restatement of Restitution when rendering decisions concerning constructive trusts. *See e.g.*, *Martin v. Kehl*, 145 Cal. App. 3d 228, 237-238 (1983); *Elliott v. Elliott*, 231 Cal.App.2d 205, 211(1964).

To obtain a constructive trust, a plaintiff must show three conditions: "(1) the existence of a *res* (property or some interest in property); (2) the *right* of a complaining party to that res; and (3) some *wrongful* acquisition or detention of the res by another party who is not entitled to it." *Communist Party of U.S.A. v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 990, 41 Cal. Rptr. 2d 618, 623-24 (1995) (emphasis in original). If the party who wrongfully acquired the res has dissipated it in some manner, a constructive trust is no longer a proper remedy; instead the plaintiff should seek a judgment for compensatory damages against the party, as if that party were a trustee in breach of an express trust. *St. James Armenian Church of Los Angeles v. Kurkjian*, 47 Cal. App. 3d 547, 553 (1975).

Even assuming arguendo that Plaintiff could establish the first two conditions for a constructive trust, Plaintiff cannot establish the third required condition against Macevicz. Plaintiff's allegations in its First Amended Complaint admit that Macevicz does not presently have any legal right to the three patents-at-issue in this case nor does he have any ability to effect their disposition because he has already assigned them to Lynx. Consequently, if Plaintiff were to prevail against Macevicz, its only remedy would be compensatory damages, not a constructive trust. Yet, because Plaintiff has intentionally elected not to seek an award of damages, this Court cannot grant relief upon Plaintiff's claims for imposition of a constructive trust.

Identical arguments apply to Plaintiff's four other legal theories arising out of the Invention Agreement: (1) interference with contract, (2) breach of fiduciary duty, (3)

---

[6] Preliminarily, it is not at all clear that a constructive trust is a proper remedy for breach of an express contract, such as the Invention Agreement, as opposed to a contract implied in law to prevent unjust enrichment resulting from a "wrongful act". See *Gamma v. County of Kern*, 179 Cal. App. 2d 1, 4-5 (1960).

constructive fraud; and (4) conversion. Regardless of the legal theory, Plaintiff cannot prove all of the required elements needed for the equitable relief that it seeks. Additionally, with respect to the theory of interference with contract, it is well-established in California that the tort does not lie against a party to the contract, such as Macevicz. *Applied Equipment Corp. v. Litton Saudi Arabia, Ltd.*, 7 Cal. 4th 503, 514 (1994).

### B. The Declaratory Relief Counts Fail to State a Claim.

Macevicz claims no interest in the patents-in-suit. Accordingly, the Plaintiff cannot possibly apprehend Macevicz suing it for patent infringement. Notably, the Plaintiff has pled no facts to show that Macevicz has ever threatened it with litigation regarding infringement of the patents-in-suit. Nonetheless, the Plaintiff has included Macevicz as a defendant to its eighth, ninth and tenth causes of action seeking declaratory relief regarding the infringement, validity and enforceability of the patents. The First Amended Complaint fails to allege any facts establishing a dispute between Plaintiff and Macevicz regarding these issues. Accordingly, these claims should be dismissed against Macevicz because they fail to state a claim against him under the Declaratory Judgment Act, 28 USC § 2201(a), which requires "a case of actual controversy" among "interested part[ies]". In this case, there is no actual controversy between Plaintiff and Macevicz, and Macevicz cannot possibly be an interested party as he disclaims any interest in the patents. Accordingly, the Court should dismiss the Declaratory Relief Counts against Macevicz.

Moreover, because each and every purported cause of action contained in the First Amended Complaint fails to state a claim against Macevicz upon which relief can be granted, the Court should enter an order dismissing the entire First Amend Complaint against Macevicz pursuant to FRCP, Rule 12 (b)(6).

**2. Alternatively, the Prayers for Equitable Relief Against Macevicz Should be Stricken.**

At a minimum, the Court should strike the Plaintiff's prayers for equitable relief against Macevicz. A motion to strike may be used to strike the prayer for relief where the relief sought is not recoverable as a matter of law. *Tapley v. Lockwood Green Engineers*, *Inc*. 502 F2d 559,

560 (8th Cir. 1974) *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1479 (CD CA 1996), fn. 34; *Wilkerson v. Butler* (ED CA 2005) 229 FRD 166, 172.  Even if the Court were to conclude that Plaintiff's failure to pursue monetary damages against Macevicz is not a sufficient basis for determining that the First Amended Complaint fails to state a claim upon which relief can be granted against Macevicz, Plaintiff nevertheless cannot possibly recover equitable relief against Macevicz because he does not hold title to the patents-in-suit.

### 3. Because he has no Stake in the Outcome of the Controversy, Macevicz was Improperly Joined as a Party.

Dismissal is also proper under FRCP, Rule 21 when a defendant has no stake in the outcome of the controversy.  The issue here is whether Macevicz retains a sufficient stake in the controversy now that he no longer owns the patents, and Plaintiff does not seek any monetary damages against him. In *Procter & Gamble Co. v. Kimberly Clark Corp.*, 684 F.Supp. 1403 (N.D. Tex. 1987), the plaintiff brought an action for infringement of a patent which apparently was not assigned to the plaintiff until after commencement of the action. The defendant brought a counterclaim against the assignor, alleging that "it should be a party to this case since it continues to have a financial and legal interest in the patent".  The assignor moved for dismissal from the counterclaim, under FRCP, Rule 19.

In ruling that the motion should be granted, the District Court followed the decision in *Irving Air Chute Co. v. Switlik Parachute & Equipment Co.*, 26 F. Supp. 329, 330 (D.N.J. 1939), reasoning as follows:

> A party which assigns all of its rights and interests under a patent should not be compelled to litigate an infringement action merely because it was the patent owner on the day suit was filed and for a few days thereafter. A party which divests itself of all of its interest in a patent does not have a sufficient stake in the outcome of the controversy to require that it remain a party. Any other result would exalt form over substance.  684 F.Supp. at 1407

To the same effect are the decisions in *Ciba-Geigy Corp. v. Alza Corp.*, 804 F. Supp. 614, 636 (N.J. 1992) and *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F.Supp. 305, 312 n. 11 (Del. 1995).

The reasoning behind these decisions is applicable to this action since Macevicz admittedly assigned the three patents prior to commencement of this action. Therefore, his presence is not needed to meet some technical requirement with respect to standing or joinder pegged to the date the action was brought. The only useful purpose served by having Macevicz remain a party to the action is that his presence might make discovery easier. However, if that is truly a concern of the Court, the Court can fashion an order under FRCP 20(a) requiring him to appear for his deposition without a subpoena or otherwise cooperate with evidence gathering by the remaining parties.

Moreover, it is important to remember that Plaintiff's Declaratory Relief Counts arise under the Declaratory Judgment Act. As the United States Supreme Court has recently reiterated:

> The Declaratory Judgment Act provides that, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *28 U.S.C. § 2201(a)*. There was a time when this Court harbored doubts about the compatibility of declaratory-judgment actions with Article III's case-or-controversy requirement. We dispelled those doubts, however, in *Nashville, C. & St. L. R. Co. v. Wallace, 288 U.S. 249, 53 S. Ct. 345, 77 L. Ed. 730 (1933)*, holding (in a case involving a declaratory judgment rendered in state court) that an appropriate action for declaratory relief *can* be a case or controversy under Article III. The federal Declaratory Judgment Act was signed into law the following year, and we upheld its constitutionality in *Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S. Ct. 461, 81 L. Ed. 617 (1937)*. Our opinion explained that the phrase "case of actual controversy" in the Act refers to the type of "Cases" and "Controversies" that are justiciable under Article III. *Id., at 240, 57 S. Ct. 461, 81 L. Ed. 617*.
>
> *Aetna* and the cases following it do not draw the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not. Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id., at 240-241, 57 S. Ct. 461, 81 L. Ed. 617*. In *Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941)*, we summarized as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that

> there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 770-771 (2007) (some citations omitted)

With respect to the Declaratory Relief Counts, Macevicz lacks an adverse legal interest of sufficient immediacy and reality, due to his status as an assignor. Therefore, application of the Declaratory Judgment Act to these claims against him would not be consonant with Article III.

Because Macevicz lacks any interest in the outcome of the controversy, he should be dismissed as a party pursuant to FRCP, Rule 21.

## CONCLUSION

For all of the foregoing reasons, Macevicz respectfully requests that the First Amended Complaint be dismissed under FRCP, Rule 12(b)(6) for failure to state a claim against Macevicz upon which relief can be granted. Additionally, Macevicz requests that the First Amended Complaint be dismissed as against Macevicz under FRCP, Rule 21 for misjoinder of parties because he does not have a sufficient stake in the outcome of the controversy.

Dated: November 21, 2007            TECHNOLOGY & INTELLECTUAL PROPERTY
                                    STRATEGIES GROUP PC


                                    By:   /S/ Basil P. Fthenakis
                                          Basil P. Fthenakis, Esq.
                                          Attorneys for Defendant Stephen C. Macevicz