KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
GREGORY E. STANTON (CA Bar No. 203495)
JOHN R. LABBE (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: gstanton@marshallip.com
E-Mail: jlabbe@marshallip.com

Attorneys for Defendants
ILLUMINA, INC. and SOLEXA, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION-APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No. 07-CV-02845 WHA<br><br>Judge William H. Alsup<br><br>**ANSWER OF DEFENDANTS ILLUMINA, INC. AND SOLEXA, INC. TO APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS OF DEFENDANT SOLEXA, INC.**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Illumina, Inc. and Solexa, Inc. (collectively, "Illumina") answer the First Amended Complaint of Applera Corporation – Applied Biosystems Group ("AB") as follows:

**PARTIES**

1. Illumina is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.   Illumina admits that it is a Delaware corporation with its principal place of business in San Diego, California. Illumina admits that in 2005, Lynx Therapeutics, Inc. ("Lynx") acquired Solexa, Inc. ("Solexa") and that the combined companies of Lynx and Solexa became known as Solexa. Illumina admits that effective January 26, 2007, it acquired Solexa, which is a Delaware corporation with its principal place of business in Hayward, California. Illumina denies the remaining allegations of paragraph 2.

3.   Illumina is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

**JURISDICTION**

4.   Illumina admits that AB's Complaint purports to state an action for declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202. Illumina denies the remaining allegations of paragraph 4.

5.   Illumina admits that this Court has subject matter jurisdiction over any action arising under an Act of Congress relating to patents under 28 U.S.C. § 1338(a), that this Court has federal question subject matter jurisdiction as set forth in 28 U.S.C. § 1331, and that this Court may assert supplemental jurisdiction as provided in 28 U.S.C. § 1367. Illumina denies the remaining allegations of paragraph 5.

**VENUE**

6.   Illumina admits that this judicial district is a proper venue for this action.

**INTRADISTRICT ASSIGNMENT**

7.   Illumina is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

**RELATED STATE-COURT ACTION**

8.   Illumina admits the allegations of paragraph 8.

9.   Illumina admits that the State Court Action alleges that Solexa and Macevicz wrongfully took patents and inventions that belong to AB, but Solexa has denied those allegations.

10. Illumina admits that at or around the time that Macevicz went to work for Lynx he assigned certain patent applications to Lynx. Illumina is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10.

11. Illumina admits that AB brought the State Court Action, that the State Court Action remains pending, and that, at this time, the State Court has not issued a decision regarding the ownership of the patents. Illumina denies the remaining allegations of paragraph 11.

## FACTUAL BACKGROUND

12. Illumina is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Illumina admits that on April 17, 1995, Macevicz filed Patent Application No. 08/424,663. Illumina is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13.

14. Illumina admits that Macevicz's Application led to the three Patents identified in paragraph 14. Illumina admits that Exhibits A-C of the Complaint appear to be copies of the '341 Patent, the '119 Patent, and the '597 Patent, respectively. Illumina denies the remaining allegations of paragraph 14.

15. Illumina admits that a PCT application and several foreign patents and patent applications claim priority to Macevicz's Application.

16. Illumina admits that Macevicz began employment with Lynx in or about September 1995. Illumina admits that Macevicz assigned the Application and the Patents to Lynx. Illumina denies the remaining allegations of paragraph 16.

## GROUNDS FOR DECLARATORY RELIEF

17. Illumina admits that the Complaint purports to state a claim for a declaratory judgment concerning infringement of the '341 Patent, the '119 Patent, and the '597 Patent. Illumina denies any remaining allegations of paragraph 17.

18. Illumina admits that it owns the Patents.

19. Illumina admits the allegations of paragraph 19.

-3-

20. Illumina admits the allegations of paragraph 20.

21. Illumina admits that in the March 8, 2006 letter referenced in paragraph 21, Dr. Smith describes a conference at Hilton Head at which he had met with Dr. McKernan. Illumina further admits that the letter includes the quoted language "made a reference to Solexa patents." Illumina denies the remaining allegations of paragraph 21.

22. Illumina admits that on or about February 23, 2007, Solexa served "Defendant Solexa, Inc.'s First Request for the Production of Documents and Things to Plaintiff Applera Corporation – Applied Biosystems Group" in the related State Court action. Illumina admits that in that discovery request, Solexa, Inc. requested "All documents that refer or relate to whether You infringe any claim in the Patents." Illumina admits that the discovery request defined the "Patents" as referring to the '341 Patent, the '119 Patent, and the '597 Patent. Illumina denies the remaining allegations of paragraph 22.

23. Illumina denies the allegations of paragraph 23.

24. Illumina is without knowledge or information sufficient to form a belief as to what AB was informed and/or believed as of the date the Complaint was filed.

25. Illumina admits that as of the filing of this Answer and Solexa's Counterclaims, there is an actual, justiciable, Article III case or controversy between the parties with respect to AB's infringement of the Patents. Illumina denies the remaining allegations of paragraph 25.

26. Illumina admits that AB purports to seek declaratory relief.

27. Illumina admits that AB disputes the ownership of the Patents. Illumina admits that the issue of ownership and infringement of the Patents should be resolved in the most efficient manner through a consolidated proceeding. Illumina agrees with AB that the issues of ownership and infringement should be determined in this Court. Illumina denies the remaining allegations of paragraph 27.

## FIRST CAUSE OF ACTION
**(Breach of Contract; Against Macevicz)**

28. Illumina incorporates by reference its answers to paragraphs 1 through 27 above.

29. This cause of action is not directed against Illumina, and Illumina is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. This cause of action is not directed against Illumina, and Illumina is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. This cause of action is not directed against Illumina, and Illumina denies the allegations of paragraph 31.

### SECOND CAUSE OF ACTION
### (Interference With Contract; Against All Defendants)

32. Illumina incorporates by reference its answers to paragraphs 1 through 31 above.

33. Illumina admits that Lynx knew that Macevicz had worked for AB prior to working for Lynx. Illumina denies the remaining allegations of paragraph 33.

34. Illumina denies the allegations of paragraph 34.

### THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty; Against All Defendants)

35. Illumina incorporates by reference its answers to paragraphs 1 through 34 above.

36. This cause of action cannot properly be directed against Illumina, and Illumina is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. This cause of action cannot properly be directed against Illumina, and Illumina denies the allegations of paragraph 37.

38. This cause of action cannot properly be directed against Illumina, and Illumina denies the allegations of paragraph 38.

39. This cause of action cannot properly be directed against Illumina, and Illumina denies the allegations of paragraph 39.

**FOURTH CAUSE OF ACTION**
**(Constructive Fraud; Against All Defendants)**

40. Illumina incorporates by reference its answers to paragraphs 1 through 39 above.

41. Illumina is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 relating to Macevicz's fiduciary duties to AB. Illumina denies that Macevicz had any "fiduciary duties" to AB under the Invention Agreement.

42. Illumina denies the allegations of paragraph 42.

43. Illumina admits that Lynx knew that Macevicz was employed as a patent attorney at AB. Illumina denies the remaining allegations of paragraph 43.

44. Illumina denies the allegations of paragraph 44.

45. Illumina denies the allegations of paragraph 45.

46. Illumina denies the allegations of paragraph 46.

**FIFTH CAUSE OF ACTION**
**(Conversion; Against All Defendants)**

47. Illumina incorporates by reference its answers to paragraphs 1 through 46 above.

48. Illumina admits that Lynx took possession of the Application, the Patents, and any foreign patents or applications that claim priority to the Application or the Patents. Illumina denies the remaining allegations of paragraph 48.

49. Illumina admits that Lynx knew that Macevicz filed the Application before he terminated his employment with AB. Illumina denies the remaining allegations of paragraph 49.

50. Illumina denies the allegations of paragraph 50.

**SIXTH CAUSE OF ACTION**
**(Imposition of Constructive Trust; Against All Defendants)**

51. Illumina incorporates by reference its answers to paragraphs 1 through 50 above.

52. Illumina denies the allegations of paragraph 52.

53. Illumina denies the allegations of paragraph 53.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition; Against Solexa and Illumina)**

54. Illumina incorporates by reference its answers to paragraphs 1 through 53 above.

55. Illumina admits that Solexa owns the Patents and has acted accordingly. Illumina denies the remaining allegations of paragraph 55.

56. Illumina denies the allegations of paragraph 56.

57. Illumina denies the allegations of paragraph 57.

### EIGHTH CAUSE OF ACTION
**(Declaratory Judgment Regarding Infringement of '341 Patent, '119 Patent, and '597 Patent; Against All Defendants)**

58. Illumina incorporates by reference its answers to paragraphs 1 through 57 above.

59. Illumina admits that the parties are asking this Court to decide the issue of infringement of the '341, '119, and '597 Patents. Illumina denies the remaining allegations of paragraph 59.

60. Illumina denies the allegations of paragraph 60.

### NINTH CAUSE OF ACTION
**(Declaratory Judgment Regarding Validity of '341 Patent, '119 Patent, and '597 Patent; Against All Defendants)**

61. Illumina incorporates by reference its answers to paragraphs 1 through 60 above.

62. Illumina denies the allegations of paragraph 62.

63. Illumina denies the allegations of paragraph 63.

### TENTH CAUSE OF ACTION
**(Declaratory Judgment Regarding Enforceability of '341 Patent, '119 Patent, and '597 Patent; Against All Defendants)**

64. Illumina incorporates by reference its answers to paragraphs 1 through 63 above.

65. Illumina denies the allegations of paragraph 65.

66. Illumina denies the allegations of paragraph 66.

67. Illumina is without knowledge or information sufficient to form a belief as to whether during the prosecution of the '341, '119 and '597 Patents, the Landegren Patent and the Whitely Patent were known to the applicant, Stephen C. Macevicz. Illumina denies the remaining allegations of paragraph 67.

68. Illumina is without knowledge or information sufficient to form a belief as to

whether Dr. Macevicz knew of the Landegren Patent and the Whitely Patent during prosecution of the applications that resulted in the '341, '119 and '597 Patents. Illumina denies the remaining allegations of paragraph 68.

69. Illumina denies the allegations of paragraph 69.

## ADDITIONAL DEFENSES

1. AB is barred from relief by reason of the provisions of California Labor Code Section 2870.

2. Some or all of the relief requested by AB is barred by the bona-fide-purchaser-for-value rule.

3. Some or all of the relief requested by AB is barred by the doctrine of laches.

4. Some or all of the relief requested by AB is barred by the doctrine of equitable estoppel.

5. Some or all of the relief requested by AB is barred by the doctrine of waiver.

6. Some or all of the relief requested by AB is barred by the doctrine of unclean hands.

7. Some or all of the relief requested by AB is barred by the applicable statute(s) of limitations.

8. Some or all of the relief requested by AB is barred by the doctrine of privilege.

## SOLEXA, INC.'S COUNTERCLAIMS AGAINST APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

For its counterclaims against Applera Corporation – Applied Biosystems Group ("AB"), Solexa, Inc. ("Solexa") states as follows:

### Nature of the Case

1. This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. Title 35.

**Parties**

2. Counter-plaintiff Solexa is a Delaware corporation with its principal place of business in Hayward, California.

3. Upon information and belief, Solexa alleges that AB is an operating group of Applera Corporation, a Delaware Corporation with a principal place of business in Norwalk, Connecticut. Upon information and belief, AB's principal place of business is in Foster City, California.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over AB, and venue is proper in this district, because AB has consented thereto by filing the underlying action against Solexa.

**COUNTERCLAIM I
INFRINGEMENT OF
U.S. PATENT NO. 5,750,341**

6. Solexa incorporates each of the allegations of paragraphs 1-5 of this counterclaim as if fully restated herein.

7. United States Patent No. 5,750,341, entitled "DNA Sequencing by Parallel Oligonucleotide Extensions" (hereinafter, the "'341 Patent," a copy of which is attached hereto as Exhibit A), was duly and legally issued on May 12, 1998.

8. Solexa is the owner of all right, title, and interest in the '341 Patent.

9. On information and belief, AB has been and still is making, using, selling, and/or offering for sale DNA sequencing products that infringe, directly, indirectly, contributorily, and/or by inducement, the claims of the '341 Patent, and will continue to do so unless enjoined by this Court.

10. Solexa has suffered and continues to suffer damages as a result of AB's infringement of the claims of the '341 Patent.

-9-

11.  Solexa will suffer irreparable harm due to AB's continuing infringement of the '341 Patent, and Solexa has no adequate remedy at law for this continuing infringement.

12.  AB will continue to infringe the '341 Patent and irreparably harm Solexa unless and until enjoined by this Court.

13.  AB has had actual knowledge of the '341 Patent since at least as early as February 2006.

14.  Under the circumstances, and on further information and belief, AB's infringement of the '341 Patent has been and continues to be willful.

**COUNTERCLAIM II**
**INFRINGEMENT OF**
**U.S. PATENT NO. 5,969,119**

15.  Solexa incorporates each of the allegations of paragraphs 1-14 of this counterclaim as if fully restated herein.

16.  United States Patent No. 5,969,119, entitled "DNA Sequencing by Parallel Oligonucleotide Extensions" (hereinafter, the "'119 Patent," a copy of which is attached hereto as Exhibit B), was duly and legally issued on October 19, 1999.

17.  Solexa is the owner of all right, title, and interest in the '119 Patent.

18.  On information and belief, AB has been and still is making, using, selling, and/or offering for sale DNA sequencing products that infringe, directly, indirectly, contributorily, and/or by inducement, the claims of the '119 Patent, and will continue to do so unless enjoined by this Court.

19.  Solexa has suffered and continues to suffer damages as a result of AB's infringement of the claims of the '119 Patent.

20.  Solexa will suffer irreparable harm due to AB's continuing infringement of the '119 Patent, and Solexa has no adequate remedy at law for this continuing infringement.

21.  AB will continue to infringe the '119 Patent and irreparably harm Solexa unless and until enjoined by this Court.

-10-

22. AB has had actual knowledge of the '119 Patent since at least as early as February 2006.

23. Under the circumstances, and on further information and belief, AB's infringement of the '119 Patent has been and continues to be willful.

## COUNTERCLAIM III
## INFRINGEMENT OF
## U.S. PATENT NO. 6,306,597

24. Solexa incorporates each of the allegations of paragraphs 1-23 of this counterclaim as if fully restated herein.

25. United States Patent No. 6,306,597, entitled "DNA Sequencing by Parallel Oligonucleotide Extensions" (hereinafter, the "'597 Patent," a copy of which is attached hereto as Exhibit C), was duly and legally issued on October 23, 2001.

26. Solexa is the owner of all right, title, and interest in the '597 Patent.

27. On information and belief, AB has been and still is making, using, selling, and/or offering for sale DNA sequencing products that infringe, directly, indirectly, contributorily, and/or by inducement, the claims of the '597 Patent, and will continue to do so unless enjoined by this Court.

28. Solexa has suffered and continues to suffer damages as a result of AB's infringement of the claims of the '597 Patent.

29. Solexa will suffer irreparable harm due to AB's continuing infringement of the '597 Patent, and Solexa has no adequate remedy at law for this continuing infringement.

30. AB will continue to infringe the '597 Patent and irreparably harm Solexa unless and until enjoined by this Court.

31. AB has had actual knowledge of the '597 Patent since at least as early as February 2006.

32. Under the circumstances, and on further information and belief, AB's infringement of the '597 Patent has been and continues to be willful.

-11-

ANSWER OF DEFENDANTS ILLUMINA AND SOLEXA AND COUNTERCLAIMS OF DEFENDANT SOLEXA

**Prayer for Relief**

WHEREFORE, Illumina, Inc. and Solexa, Inc. pray that this honorable Court enter judgment in their favor and against AB as follows:

   A.   Denying AB all the relief it seeks in its Complaint;

   B.   Permanently enjoining AB, its subsidiaries, agents, officers, employees, directors, licensees, servants, successors, assigns and all others acting in privity or in concert with it, from infringing, actively inducing infringement, or contributing to the infringement of the '341 Patent, the '119 Patent, and the '597 Patent;

   C.   Awarding Solexa damages adequate to compensate it for the foregoing infringement;

   D.   Finding that this is an exceptional case under 35 U.S.C. § 285 and ordering AB to reimburse Solexa and Illumina for their attorneys' fees and costs incurred in prosecuting this action; and

   E.   Awarding Solexa and Illumina such other and further relief as this Court deems just and reasonable under the circumstances.

**ANSWER OF DEFENDANTS ILLUMINA AND SOLEXA AND COUNTERCLAIMS OF DEFENDANT SOLEXA**

**DEMAND FOR JURY TRIAL**

Illumina, Inc. and Solexa, Inc. hereby demand trial by jury of all issues properly so triable.

DATED: November 27, 2007

Respectfully submitted,

　s/ John R. Labbé
KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
GREGORY E. STANTON (CA Bar No. 203495)
JOHN R. LABBE (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: gstanton@marshallip.com
E-Mail: jlabbe@marshallip.com

Attorneys for Defendants
ILLUMINA, INC. and SOLEXA, INC.

**ANSWER OF DEFENDANTS ILLUMINA AND SOLEXA AND COUNTERCLAIMS OF DEFENDANT SOLEXA**