| | |
|---|---|
| 1 | BRYAN WILSON (CA BAR NO. 138842) |
| | DARA TABESH (CA BAR NO. 230434) |
| 2 | ERIC C. PAI (CA BAR NO. 247604) |
| | MORRISON & FOERSTER LLP |
| 3 | 755 Page Mill Road |
| | Palo Alto, California 94304-1018 |
| 4 | Telephone: 650.813.5600 |
| | Facsimile: 650.494.0792 |
| 5 | E-Mail: BWilson@mofo.com |
| | E-Mail: DTabesh@mofo.com |
| 6 | E-Mail: EPai@mofo.com |

DAVID C. DOYLE (CA BAR NO. 70690)
STEVEN E. COMER (CA BAR NO. 154384)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com
E-Mail: SComer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, <br><br> Defendants. | Case No.   07-CV-02845 WHA <br><br> **DECLARATION OF BRYAN WILSON IN SUPPORT OF PLAINTIFF APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL** <br><br> Date: January 10, 2008 <br> Time:  8:00 a.m. <br> Courtroom 9, 19th Floor <br> Honorable William H. Alsup |

I, Bryan Wilson, declare:

1.  I am an attorney with Morrison & Foerster, counsel of record for Plaintiff Applera Corporation — Applied Biosystems Group ("AB").  I make this declaration based on my personal knowledge, unless otherwise stated, and if called as a witness I could and would testify competently to the facts stated herein.

2.  I submit this declaration pursuant to Civil L.R. 79-5(d) in support of the sealability of exhibits to my Declaration in Support of Motion to Dismiss for Lack of Standing, and Motion for Partial Summary Adjudication ("Wilson Declaration"), filed herewith.

3.  AB seeks to file Exhibit 4 to the Wilson Declaration: the transcript of the November 30, 2007 Deposition of Stephen Macevicz in this matter.  Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only."  AB disputes whether this document should be designated as such, but Dr. Macevicz has designated this transcript as "Confidential."

4.  AB seeks to file Exhibit 6 to the Wilson Declaration: the transcript of the November 8, 2007 30(b)(6) Deposition of Kathy San Roman in this matter.  No protective order has been entered in this case.  Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only."  AB disputes whether this document should be designated as such, but Illumina has designated this transcript as "Confidential."

5.  AB seeks to file Exhibit 9 to the Wilson Declaration: Corporate Services Agreement, bates-labeled ILL002248-ILL002254.  No protective order has been entered in this case.  Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only."  AB disputes whether this document should be designated as such, but Defendant Illumina has designated this document as "Confidential."

6.  AB seeks to file Exhibit 11 to the Wilson Declaration: Lynx Development Agreement, bates-labeled MAC00975-MAC00983.  No protective order has been entered in this case.  Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only."  AB disputes whether this document should be

designated as such, but Defendant Stephen Macevicz has designated this document as "Confidential."

7. AB seeks to file Exhibit 13 to the Wilson Declaration: "Agreement Regarding Formation of Spectragen," bates-labeled MAC00879-MAC00886. No protective order has been entered in this case. Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only." AB disputes whether this document should be designated as such, but Defendant Stephen Macevicz has designated this document as "Confidential."

8. AB seeks to file Exhibit 14 to the Wilson Declaration: excerpts from the transcript of the August 22, 2007 Deposition of Stephen Macevicz from the action entitled *Enzo Biochem, Inc. v. Applera Corp.*, Case No. 3-04-CV-929 (D. Ct. Conn.). This deposition testimony was designated as Confidential in that action.

9. AB seeks to file Exhibit 17 to the Wilson Declaration: excerpts from the transcript of the November 30, 2004 Deposition of Stephen Macevicz from the action entitled *Bio-Rad Labs., Inc. v. Applera Corp.*, Case No. C02-5946 (N.D. Cal.). This deposition testimony was designated as Confidential in that action.

10. AB seeks to file Exhibit 23 to the Wilson Declaration: pages from Dr. Stephen Macevicz's laboratory notebook, bates-labeled MAC0031-MAC0035. No protective order has been entered in this case. Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only." AB disputes whether this document should be designated as such, but Defendant Stephen Macevicz has designated this document as "Confidential."

11. AB seeks to file Exhibit 24 to the Wilson Declaration: pages from Dr. Stephen Macevicz's laboratory notebook, bates-labeled MAC0078-MAC0083. No protective order has been entered in this case. Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only." AB disputes whether this document should be designated as such, but Defendant Stephen Macevicz has designated this document as "Confidential."

1  12. AB seeks to file Exhibit 27 to the Wilson Declaration: June 1, 1995 letter from Sam Eletr to Stephen Macevicz, bates-labeled ILL00869-ILL00870.  No protective order has been entered in this case.  Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only."  AB disputes whether this document should be designated as such, but Defendant Illumina has designated this document as "Confidential."

13. AB seeks to file Exhibit 28 to the Wilson Declaration: November 7, 1994 fax from Stephen Macevicz to Sam Eleter, bates-labeled MAC00944-MAC00949.  No protective order has been entered in this case.  Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only."  AB disputes whether this document should be designated as such, but Defendant Stephen Macevicz has designated this document as "Confidential."

14. AB seeks to file Exhibit 29 to the Wilson Declaration: February 3, 1995 fax cover page from Stephen Macevicz to Ronald C. Fedus, bates-labeled MAC001707.   No protective order has been entered in this case.  Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only."  AB disputes whether this document should be designated as such, but Defendant Stephen Macevicz has designated this document as "Confidential – Outside Attorney's Eyes Only."

15. AB seeks to file Exhibit 30 to the Wilson Declaration: "Indemnity Agreement," bates-labeled MAC001324-MAC001332.  No protective order has been entered in this case.  Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only."  AB disputes whether this document should be designated as such, but Defendant Stephen Macevicz has designated this document as "Confidential."

16. AB seeks to file Exhibit 34 to the Wilson Declaration: "Assignment," bates-labeled COOLEY000009-COOLEY000010.  No protective order has been entered in this case.  Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only."  AB disputes whether this document should be

1  designated as such, but Third Party Cooley Godward has designated this document as "Highly Confidential – Attorneys' Eyes Only."

17.  AB seeks to file Exhibit 36 to the Wilson Declaration: a Nonstatutory Stock Option, bates-labeled ILL000912-ILL000917. No protective order has been entered in this case. Consequently, the parties have agreed to treat all documents labeled as "confidential" or "highly confidential" as "Attorney's Eyes Only." AB disputes whether this document should be designated as such, but Defendant Illumina has designated this document as "Confidential."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of December, 2007, at Palo Alto, California.

By:   /s/Bryan Wilson  
       Bryan Wilson