# EXHIBIT 35

CALENDARED:
MORRISON & FOERSTER
DOCKET DEPT. SAN DIEGO

October 12, **2007**

FOR DATE(S): _____

BY: John Dukes

1   KEVIN M. FLOWERS (admitted *pro hac vice*)
    THOMAS I. ROSS (admitted *pro hac vice*)
2   JEFFREY H. DEAN (admitted *pro hac vice*)
    GREGORY E. STANTON (CA Bar No. 203495)
3   JOHN R. LABBE (admitted *pro hac vice*)
    MARSHALL, GERSTEIN & BORUN LLP
4   6300 Sears Tower
    233 South Wacker Drive
5   Chicago, IL 60606-6357
    (312) 474-6300
6   (312) 474-0448 (facsimile)
    E-Mail: kflowers@marshallip.com
7   E-Mail: tross@marshallip.com
    E-Mail: jdean@marshallip.com
8   E-Mail: gstanton@marshallip.com
    E-Mail: jlabbe@marshallip.com
9

10  STEPHEN M. HANKINS
    SCHIFF HARDIN LLP
11  One Market
    Spear Street Tower, 32nd Floor
12  San Francisco, CA 94105
    (415) 901-8756
13  (415) 901-8701 (facsimile)
    E-Mail: SHankins@schiffhardin.com
14
    Attorneys for Defendants
15  ILLUMINA, INC. and SOLEXA, INC.

16
                    UNITED STATES DISTRICT COURT
17
                  NORTHERN DISTRICT OF CALIFORNIA
18
                      SAN FRANCISCO DIVISION
19

20  APPLERA CORPORATION --APPLIED
    BIOSYSTEMS GROUP, a Delaware corpora-      )   Case No. 07-CV-02845 WHA
21  tion,                                      )
                    Plaintiff,                 )   Judge William H. Alsup
22                                             )
                    v.                         )
23                                             )   **ANSWERS AND OBJECTIONS OF**
                                               )   **ILLUMINA, INC. TO APPLIED**
24  ILLUMINA, INC., a Delaware corporation,    )   **BIOSYSTEMS' FIRST SET OF**
    SOLEXA INC., a Delaware corporation, and   )   **INTERROGATORIES TO ILLUMINA,**
25  STEPHEN C. MACEVICZ, an individual,        )   **INC. [NOS. 1-14]**
                                               )
26                  Defendants.                )
27  _____

28
                                    -1-

1    PROPOUNDING PARTY:              Applera Corporation–Applied Biosystems Group

2    RESPONDING PARTY:               Illumina, Inc.

3    SET NUMBER:                     One

4
       Defendant Illumina, Inc. ("Illumina") hereby responds to the first set of interrogatories of
5
plaintiff Applera Corporation—Applied Biosystems Group ("AB") as follows:
6
                          **GENERAL OBJECTIONS**
7
       1.     Illumina objects to each interrogatory, and to each definition and instruction, to the
8
extent that it calls for the disclosure of information that is protected by the attorney-client privi-
9
lege, the work product doctrine, or any other applicable law, rule, privilege, or immunity.
10
       2.     Illumina objects to each interrogatory, and to each definition and instruction, to the
11
extent that it calls for the disclosure of information that contains any confidential information be-
12
longing to Illumina or any third party, including, but not limited to, technical and financial infor-
13
mation and/or trade secrets, until a suitable protective order is entered in this case.
14
       3.     Illumina objects to each interrogatory, and to each definition and instruction, to the
15
extent that it calls for the disclosure of information that contains the confidential information of a
16
third party, or the joint confidential information of Illumina and a third party, until Illumina has
17
requested and received the consent of the affected third party to the disclosure of such informa-
18
tion, or the matter has been resolved by a court of competent jurisdiction, or Illumina has other-
19
wise exhausted all applicable procedures under any protective order entered in this case.
20
       4.     Illumina objects to each interrogatory, and to each definition and instruction, to the
21
extent that it imposes obligations beyond or inconsistent with the requirements of the Federal
22
Rules of Civil Procedure, the local rules of the U.S. District Court for the Northern District of
23
California, or orders entered by the Court in this case.
24
       5.     Illumina objects to each interrogatory, and to each definition and instruction, to the
25
extent that it seeks to combine in a single interrogatory what otherwise should be asked in sepa-
26
rate interrogatories.
27

28

**ILLUMINA'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1    6.    Illumina objects to each interrogatory, and to each definition and instruction, to the

2    extent that it seeks the disclosure of information not within its possession, custody, or control.

3    7.    With respect to responsive information that is protected from disclosure by the at-

4    torney-client privilege, the work product doctrine, or any other applicable privilege or immunity,

5    Illumina objects to listing on a privilege log, or otherwise identifying, privileged communications

6    between Illumina and its counsel that occurred subsequent to the commencement of this litiga-

7    tion.

8    8.    These responses are made solely for the purpose of this action.  Each answer is

9    subject to all objections as to competence, relevance, materiality, propriety, inadmissibility, and

10   any and all other objections and grounds that would require the exclusion of any statement herein

11   if the questions were asked, or any statements contained herein were made by, a witness present

12   and testifying in court all of which objections and grounds are reserved and may be interposed at

13   the time of trial.

14   9.    Except for explicit facts admitted herein, no incidental or implied admissions are

15   intended hereby.  The fact that Illumina has answered any interrogatory herein should not be

16   taken as an admission that Illumina accepts or admits the existence of any facts set forth or as-

17   sumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that

18   Illumina has answered part of, or all of, any question is not intended and shall not be construed to

19   be a waiver by Illumina of all or any part of any objection to any interrogatory herein.

20                              **OBJECTIONS TO DEFINITIONS**

21   1.    Illumina objects to the "Definitions" contained in the Interrogatories on the

22   grounds that they are vague, ambiguous, and unintelligible.  Illumina will respond to these Inter-

23   rogatories according to the Federal Rules of Civil Procedure and ordinary rules of English usage.

24   2.    Illumina objects to Definitions A, B, and F on the ground that the term "agents"

25   calls for a legal conclusion, and the term "representatives" is vague, and, to the extent understood,

26   overbroad.

27   3.    Illumina objects to Definition J on the ground that it seeks to assign meanings to

28   words that are contrary to English usage.

-3-

1

2                                **RESPONSES TO INTERROGATORIES**

3  **Interrogatory No. 1:**

4          Identify each person at Illumina or acting on behalf of Illumina who was involved in
   Macevicz's purported assignment of U.S. Patent Application No. 08/424,663 and any patents or
5  patent applications claiming priority thereto, including but not limited to the Patents as defined
   above, to Illumina.

6  **RESPONSE NO. 1**:

7          Illumina incorporates by reference each of its General Objections stated above as though

8  restated here.  Illumina objects to this interrogatory to the extent that it calls for the disclosure of

9  information that is protected by the attorney-client privilege or the work product doctrine.  Illu-

10 mina objects further to this interrogatory on the ground that the term "at" is vague and ambigu-

11 ous.  Illumina objects further to this interrogatory on the ground that the term "acting on behalf of

12 Illumina" requires Illumina to make a legal conclusion in order to answer an interrogatory.  Illu-

13 mina objects further to this interrogatory on the ground that the term "involved in" is vague and

14 ambiguous, and, to the extent understood, overbroad.  Illumina objects further to this interroga-

15 tory on the ground that the term "purported" is vague and ambiguous, and, to the extent under-

16 stood, argumentative.  Subject to and without waiving the foregoing objections, Illumina states

17 that on or about August 23, 1995, Mr. Stephen Macevicz executed and caused to be transmitted to

18 the United States Patent and Trademark Office ("PTO") a written assignment of four United

19 States Patent Applications, including U.S. Patent Application No. 08/424,663, which assignment

20 was recorded by the PTO on reel 7635 at frame 0916 on or about September 15, 1995, and which

21 has been a public record since that time.  Pamela J. Bollinger notarized the assignment.  Tonya

22 Lee, Examiner, Assignment Division, Office of Public Records, United States Patent and Trade-

23 mark Office, was the PTO employee identified as responsible for handling the assignment at the

24 PTO.  Mr. Macevicz may be contacted through his counsel in this case.  The whereabouts of Ms.

25 Bollinger and Ms. Lee are unknown.  Illumina's investigation is continuing, and Illumina thus

26 reserves the right to supplement or amend this answer in light of the discovery of additional facts

27 or the recognition of additional significance of facts presently known.

28

                                              -4-

       **ILLUMINA'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**Interrogatory No. 2:**

Identify each person at Illumina or acting on behalf of Illumina who worked on or supervised any inquiry, investigation, or due diligence concerning the ownership of and rights in U.S. Patent Application No. 08/424,663 or any patents or patent applications claiming priority thereto, including but not limited to the Patents.

**RESPONSE NO. 2**:

Illumina incorporates by reference each of its General Objections stated above as though restated here. Illumina objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege or the work product doctrine. Illumina objects to this interrogatory on the ground that the term "at" is vague and ambiguous. Illumina objects further to this interrogatory on the ground that the term "acting on behalf of Illumina" requires Illumina to make a legal conclusion in order to answer an interrogatory. Illumina objects further to this interrogatory on the ground that the term "worked on" is vague and ambiguous. Illumina objects further to this interrogatory on the ground that the term "concerning" is vague and ambiguous, and, when used in an interrogatory, renders that interrogatory incapable of reasonable demarcation. Subject to and without waiving the foregoing objections, on or about December 8, 2006, Kevin Flowers, outside counsel to Illumina, Colin Barnes, Linda Rubinstein, and Kathy San Roman, along with counsel for AB, attended a meeting with Stephen Macevicz during which Mr. Macevicz was interviewed about certain issues pertaining to the ownership of the Patents. Illumina further states that in or about January 2007, Michael Fuller of Knobbe Martens Olson & Bear LLP and Christian Cabou of Illumina reviewed information concerning the ownership of the Patents. Illumina's investigation is continuing, and Illumina thus reserves the right to supplement or amend this answer in light of the discovery of additional facts or the recognition of additional significance of facts presently known.

**Interrogatory No. 3:**

Identify each person at Illumina or acting on behalf of Illumina who worked on or supervised the prosecution of U.S. Patent Application No. 08/424,663 or any patents or patent application claiming priority thereto, including but not limited to the Patents.

ILLUMINA'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**RESPONSE NO. 3:**

Illumina incorporates by reference each of its General Objections stated above as though restated here. Illumina objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege or the work product doctrine. Illumina objects to this interrogatory on the ground that the term "at" is vague and ambiguous. Illumina objects further to this interrogatory on the ground that the term "worked on" is vague and ambiguous. Subject to and without waiving the foregoing objections, Illumina identifies the following persons as having prosecuted or supervised the prosecution of U.S. Patent Application No. 08/424,663 or any patents claiming priority thereto: Stephen Macevicz; LeeAnn Gorthey, Patent Agent, Perkins Coie LLP, 1120 N.W. Couch St., 10th Floor, Portland, Oregon, 503-727-2000; and Vincent M. Powers, Patent Attorney, whom Illumina believes is now employed as Vice President of Intellectual Property of Cepheid, Inc., 904 Caribbean Drive, Sunnyvale, CA 94089. Illumina's investigation is continuing, and Illumina thus reserves the right to supplement or amend this answer in light of the discovery of additional facts or the recognition of additional significance of facts presently known.

**Interrogatory No. 4**:

Identify each person at Illumina or acting on behalf of Illumina who knew about Macevicz's employment with AB, the nature and content of that knowledge, and the earliest date at which the person had that knowledge.

**RESPONSE NO. 4:**

Illumina incorporates by reference each of its General Objections stated above as though restated here. Illumina objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege or the work product doctrine. Illumina objects to this interrogatory on the ground that the term "at" is vague and ambiguous. Illumina objects further to this interrogatory on the ground that the term "acting on behalf of Illumina" requires Illumina to make a legal conclusion in order to answer an interrogatory. Illumina objects further to this interrogatory on the ground that the term "nature," when applied to a person's knowledge, is vague and ambiguous. Illumina objects further to this interrogatory on the ground that it calls for Illumina to speculate about the content and acquisition of facts known by

-6-

1   individuals, including individuals who are no longer employed by Illumina. Subject to and with-

2   out waiving the foregoing objections, the following individuals at some point came to know that

3   Macevicz had been employed by AB: Stephen Macevicz, Sam Eletr, Sydney Brenner, and Kathy

4   San Roman. Illumina's investigation is continuing, and Illumina thus reserves the right to sup-

5   plement or amend this answer in light of the discovery of additional facts or the recognition of

6   additional significance of facts presently known.

7   **Interrogatory No. 5:**

8       Identify each person at Illumina or acting on behalf of Illumina who knew about the Em-
    ployee Invention Agreement that Macevicz signed with AB, the nature and content of that knowl-
9   edge, and the earliest date at which the person had that knowledge.

10  **RESPONSE NO. 5:**

11      Illumina incorporates by reference each of its General Objections stated above as though

12  restated here. Illumina objects to this interrogatory to the extent that it calls for the disclosure of

13  information that is protected by the attorney-client privilege or the work product doctrine. Illu-

14  mina objects to this interrogatory on the ground that the term "at" is vague and ambiguous. Illu-

15  mina objects further to this interrogatory on the ground that the term "acting on behalf of Illu-

16  mina" requires Illumina to make a legal conclusion in order to answer an interrogatory. Illumina

17  objects further to this interrogatory on the ground that the term "nature," when applied to a per-

18  son's knowledge, is vague and ambiguous. Illumina objects further to this interrogatory on the

19  ground that it calls for Illumina to speculate about the content and acquisition of facts known by

20  individuals, including individuals who are no longer employed by Illumina. Subject to and with-

21  out waiving the foregoing objections, Stephen Macevicz knew about the Employee Invention

22  Agreement that he signed with AB. Illumina's investigation is continuing, and Illumina thus re-

23  serves the right to supplement or amend this answer in light of the discovery of additional facts or

24  the recognition of additional significance of facts presently known.

25  **Interrogatory No. 6:**

26      Identify each person at Illumina or acting on behalf of Illumina who worked on or super-
    vised any inquiry, investigation, or due diligence performed in connection with the grant, sale, or
27  award of stock or stock options in Illumina, including without limitation Spectragen, Inc., to
    Macevicz.
28

-7-

**ILLUMINA'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**RESPONSE NO. 6:**

Illumina incorporates by reference each of its General Objections stated above as though restated here. Illumina objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege or the work product doctrine. Illumina objects to this interrogatory on the ground that the term "at" is vague and ambiguous. Illumina objects further to this interrogatory on the ground that the term "acting on behalf of Illumina" requires Illumina to make a legal conclusion in order to answer an interrogatory. Illumina objects further to this interrogatory on the ground that the term "worked on" is vague and ambiguous. Illumina objects further to this interrogatory on the ground that the term "in connection with" is vague and ambiguous, and, when used in an interrogatory, renders that interrogatory incapable of reasonable demarcation. Subject to and without waiving the foregoing, Illumina is unaware of the identity of any person that would be responsive to this interrogatory. Illumina's investigation is continuing, and Illumina thus reserves the right to supplement or amend this answer in light of the discovery of additional facts or the recognition of additional significance of facts presently known.

**Interrogatory No. 7:**

Identify each person at Illumina or acting on behalf of Illumina who offered or conferred any benefit, advantage, or interest upon Macevicz in exchange or as consideration for his purported assignment of U.S. Patent Application No. 08/424,663 and any patents or patent applications claiming priority thereto, including but not limited to the Patents, to Illumina.

**RESPONSE NO. 7:**

Illumina incorporates by reference each of its General Objections stated above as though restated here. Illumina objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege or the work product doctrine. Illumina objects to this interrogatory on the ground that the term "at" is vague and ambiguous. Illumina objects further to this interrogatory on the ground that the term "acting on behalf of Illumina" requires Illumina to make a legal conclusion in order to answer an interrogatory. Illumina objects further to this interrogatory on the ground that the term "conferred any benefit, advantage, or interest upon" is vague and ambiguous, and, to the extent understood, overbroad. Illumina ob-

-8-

1  jects further to this interrogatory on the ground that the term "purported" is vague and ambiguous,

2  and, to the extent understood, argumentative.  Subject to and without waiving the foregoing ob-

3  jections, Illumina is unaware of the identity of any individual person that would be responsive to

4  this interrogatory.  Illumina's investigation is continuing, and Illumina thus reserves the right to

5  supplement or amend this answer in light of the discovery of additional facts or the recognition of

6  additional significance of facts presently known.

7  **Interrogatory No. 8:**

8      Identify each person at Illumina or acting on behalf of Illumina who knew about the Cor-
porate Services Agreement between AB and Lynx Therapeutics, Inc. dated June 30, 1992, the na-
9  ture and content of that knowledge, and the earliest date at which the person had that knowledge.

10
11 **RESPONSE NO. 8:**

12     Illumina incorporates by reference each of its General Objections stated above as though

13 restated here.  Illumina objects to this interrogatory to the extent that it calls for the disclosure of

14 information that is protected by the attorney-client privilege or the work product doctrine.  Illu-

15 mina objects to this interrogatory on the ground that the term "at" is vague and ambiguous.  Illu-

16 mina objects further to this interrogatory on the ground that the term "acting on behalf of Illu-

17 mina" requires Illumina to make a legal conclusion in order to answer an interrogatory.  Illumina

18 objects further to this interrogatory on the ground that the term "nature," when applied to a per-
son's knowledge, is vague and ambiguous.  Illumina objects further to this interrogatory on the
19 ground that it calls for Illumina to speculate about the content and acquisition of facts known by

20 individuals, including individuals who are no longer employed by Illumina.  Subject to and with-

21 out waiving the foregoing objections, on information and belief Sam Eletr must have known

22 about the Corporate Services Agreement between AB and Lynx Therapeutics, Inc. dated June 30,

23 1992 because Sam Eletr signed the agreement on behalf of Lynx Therapeutics, Inc.  Illumina's

24 investigation is continuing, and Illumina thus reserves the right to supplement or amend this an-

25 swer in light of the discovery of additional facts or the recognition of additional significance of

26 facts presently known.

27
28

**ILLUMINA'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**Interrogatory No. 9:**

Identify each grant of stock or stock options made by Illumina, including without limitation Spectragen, Inc., to Macevicz.

**RESPONSE NO. 9:**

Illumina incorporates by reference each of its General Objections stated above as though restated here. Illumina identifies the following grants of stock options to Macevicz:

| Company for Which Option to Purchase Shares | Number of Options | Exercise Price | Date of Granting Instrument |
|---|---|---|---|
| Spectragen, Inc. | 50,000 | $0.20 | Aug. 14, 1995 |
| Spectragen, Inc. | 20,000 | $0.20 | Aug. 14, 1995 |
| Lynx Therapeutics, Inc. | 150,000 | $0.10 | Sept. 1, 1995 |
| Lynx Therapeutics, Inc. | 20,000 | $11.50 | Dec. 13, 1999 |
| Lynx Therapeutics, Inc. | 20,000 | $10.63 | Dec. 15, 2000 |

Illumina's investigation is continuing, and Illumina thus reserves the right to supplement or amend this answer in light of the discovery of additional facts or the recognition of additional significance of facts presently known.

**Interrogatory No. 10:**

Identify all invention assignment agreements, including without limitation any patent or patent application assignment agreements, signed by Macevicz during his employment with Illumina.

**RESPONSE NO. 10:**

Illumina incorporates by reference each of its General Objections stated above as though restated here. Illumina objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege or the work product doctrine. Illumina is aware of a "Lynx Therapeutics, Inc., Employee Invention Agreement" signed by Macevicz on or about September 21, 1995. Illumina is further aware of an "Assignment" executed by Macevicz on or about March 30, 2001, notarized by Hae R. Choi, and assigning to Lynx Therapeutics, Inc. the following U.S. patent applications: Ser. No. 08/967,992, Ser. No. 09/028,128,

1    Ser. No. 09/187,793, and Ser. No. 09/549,748; and the following patents: U.S. Patent No.

2    6,054,276 and U.S. Patent No. 6,136,537. Illumina is unaware of any other invention assignment

3    agreements signed by Macevicz during his employment with Illumina. Illumina's investigation is

4    continuing, and Illumina thus reserves the right to supplement or amend this answer in light of the

5    discovery of additional facts or the recognition of additional significance of facts presently

6    known.

7    **Interrogatory No. 11:**

8        Identify each law firm retained by Illumina, including without limitation Spectragen, Inc.,
     between February 1, 1992 and February 1, 1996.
9
     **RESPONSE NO. 11:**
10
         Illumina incorporates by reference each of its General Objections stated above as though
11
     restated here. Illumina objects to this interrogatory to the extent that it calls for the disclosure of
12
     information that is protected by the attorney-client privilege or the work product doctrine. Illu-
13
     mina objects further to this request on the ground that it seeks information not related to any
14
     claim or defense in this action. Information regarding every law firm retained by Illumina, in-
15
     cluding Spectragen, Inc., between February 1, 1992 and February 1, 1996 to represent the com-
16
     pany in any matter is simply irrelevant to the contested issues in this case. Subject to and without
17
     waiving the foregoing objections, Illumina states that Lynx Therapeutics, Inc., including Spec-
18
     tragen, Inc., retained the following law firms between February 1, 1992 and February 1, 1996 to
19
     represent it in general corporate matters, including the awards of stock options, and to represent it
20
     in matters pertaining to patent prosecution: Cooley Godward Kronish LLP, 3175 Hanover Street,
21
     Palo Alto, CA 94304, 650-843-5000; Dehlinger & Associates, Palo Alto, CA.
22
     **Interrogatory No. 12:**
23
         Identify each stock option administrator at Illumina, including without limitation Spec-
24   tragen, Inc., who was involved in any grant, sale, or award of stock or stock options to Macevicz.

25   **RESPONSE NO. 12:**

26       Illumina incorporates by reference each of its General Objections stated above as though

27   restated here. Illumina objects to this interrogatory to the extent that it calls for the disclosure of

28

-11-

**ILLUMINA'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

information that is protected by the attorney-client privilege or the work product doctrine. Illumina further objects to this interrogatory on the ground that the phrase "was involved in" is vague and ambiguous. Subject to and without waiving the foregoing objections, Illumina states that Kathy San Roman was the stock option administrator for both Solexa and Spectragen, Inc. at the time of all awards of stock options to Macevicz.

**Interrogatory No. 13:**

Identify each member of any committee of Illumina including without limitation Spectragen, Inc., including but not limited to any compensation committee or stock option committee, which was involved in any grant, sale, or award of stock or stock options to Macevicz.

**RESPONSE NO. 13:**

Illumina incorporates by reference each of its General Objections stated above as though restated here. Illumina objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege or the work product doctrine. Illumina further objects to this interrogatory on the ground that the phrase "was involved in" is vague and ambiguous. Subject to and without waiving the foregoing objections, Illumina states that according to the board of directors meeting minutes, the following individuals were the members of the board of directors of Spectragen, Inc. or Lynx Therapeutics, Inc. (as indicated below) who were present in person or telephonically at the board of director meetings at which the relevant board of directors granted Macevicz stock options:

| Company for Which Option to Purchase Shares | Date of Granting Instrument | Members of Board of Directors Present When Options Granted |
|---|---|---|
| Spectragen, Inc. | Aug. 14, 1995 | Sam Eletr, Sydney Brenner, Craig Taylor |
| Lynx Therapeutics, Inc. | Sept. 1, 1995 | Sam Eletr, Sydney Brenner, Bill Bowes, Craig Taylor, Kathy La Porte, Jim Kitch, David Martin |
| Lynx Therapeutics, Inc. | Dec. 13, 1999 | Sam Eletr, William K. Bowes, Jr., Craig C. Taylor, Sydney Brenner, James C. Kitch |

-12-

ILLUMINA'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

| Lynx Therapeutics, Inc. | Dec. 15, 2000 | Craig C. Taylor, Sydney Brenner, James C. Kitch, Norrie Russell, Leroy Hood, Sam Eletr |
|---|---|---|

**Interrogatory No. 14:**

Identify each transfer agent or broker who was involved in any grant, sale, or award of stock or stock options in Illumina, including without limitation Spectragen, Inc., to Macevicz.

**RESPONSE NO. 14:**

Illumina incorporates by reference each of its General Objections stated above as though restated here. Illumina objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege or the work product doctrine. Illumina further objects to this interrogatory on the ground that the phrase "was involved in" is vague and ambiguous. Subject to and without waiving the foregoing objections, Illumina states that the transfer agent for both Solexa, Inc. and Spectragen, Inc. at the time of all awards of stock options to Macevicz was EquiServe (now known as Computershare Limited).

-13-

1

2    DATED: October 1, 2007                    AS TO OBJECTIONS:

3                                              _____
                                               KEVIN M. FLOWERS (admitted *pro hac vice*)
4                                              THOMAS I. ROSS (admitted *pro hac vice*)
                                               JEFFREY H. DEAN (admitted *pro hac vice*)
5                                              GREGORY E. STANTON (CA Bar No. 203495)
                                               JOHN R. LABBE (admitted *pro hac vice*)
6                                              MARSHALL, GERSTEIN & BORUN LLP
                                               6300 Sears Tower
7                                              233 South Wacker Drive
                                               Chicago, IL 60606-6357
8                                              (312) 474-6300
                                               (312) 474-0448 (facsimile)
9                                              E-Mail: kflowers@marshallip.com
                                               E-Mail: tross@marshallip.com
10                                             E-Mail: jdean@marshallip.com
                                               E-Mail: gstanton@marshallip.com
11                                             E-Mail: jlabbe@marshallip.com

12
                                               STEPHEN M. HANKINS
13                                             SCHIFF HARDIN LLP
                                               One Market
14                                             Spear Street Tower, 32nd Floor
                                               San Francisco, CA 94105
15                                             (415) 901-8756
                                               (415) 901-8701 (facsimile)
16                                             E-Mail: SHankins@schiffhardin.com

17                                             Attorneys for Defendants
                                               ILLUMINA, INC. and SOLEXA, INC.
18

19

20

21

22

23

24

25

26

27

28

-14-

**ILLUMINA'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1

**PROOF OF SERVICE**

2

I am an attorney, and on October 1, 2007, I caused the

3

**ANSWERS AND OBJECTIONS OF ILLUMINA, INC. TO APPLIED BIO-
SYSTEMS' FIRST SET OF INTERROGATORIES TO ILLUMINA, INC.**

4

**[NOS. 1-14];**

5

**RESPONSES AND OBJECTIONS OF DEFENDANT SOLEXA, INC. TO AP-
PLIED BIOSYSTEMS' FIRST REQUEST FOR PRODUCTION TO SOLEXA,**

6

**INC. [NOS. 1-24]; and**

7

**RESPONSES  AND OBJECTIONS OF DEFENDANT ILLUMINA, INC. TO AP-
PLIED BIOSYSTEMS' FIRST REQUEST FOR PRODUCTION TO ILLUMINA,**

8

**INC. [NOS. 1-24]**

9

to be served via electronic mail by electronically mailing a true and correct copy through Mar-
shall, Gerstein & Borun LLP's electronic mail system to the e-mail addresses set forth below, and

10

via First Class U.S. Mail, postage prepaid, deposited at 233 South Wacker Drive, Chicago, Illi-
nois upon:

11

12

**COUNSEL FOR PLAINTIFF:**
BRYAN WILSON                                    DAVID C. DOYLE
ERIC C. PAI                                     STEVEN E. COMER

13

MORRISON & FOERSTER LLP                         ANDERS T. AANNESTAD
755 Page Mill Road                              MORRISON & FOERSTER LLP

14

Palo Alto, CA 94304-1018                        12531 High Bluff Drive, Suite 100
E-Mail: BWilson@mofo.com                        San Diego, CA 92130-2040

15

E-Mail: EPai@mofo.com                           E-Mail: DDoyle@mofo.com
                                                E-Mail: SComer@mofo.com

16

                                                E-Mail: AAannestad@mofo.com

17

KURTIS MacFERRIN
APPLERA CORPORATION –
   APPLIED BIOSYSTEMS GROUP

18

850 Lincoln Centre Drive
Foster City, CA 94404

19

E-Mail: Kurtis.MacFerrin@appliedbiosystems.com

20

**COUNSEL FOR DEFENDANT STEPHEN MACEVICZ:**
BASIL FTHENAKIS

21

TECHNOLOGY & INTELLECTUAL PROPERTY
   STRATEGIES GROUP PC

22

1000 Elwell Court, Suite 150
Palo Alto, CA 94303

23

E-Mail: bfthenakis@tipsgroup.org

24

I declare under penalty of perjury that the foregoing is true and correct.

25

Executed at Chicago, Illinois, this 1st day of October, 2007.

26

27

_____
John R. Labbé

28