BRYAN WILSON (CA BAR NO. 138842)
DARA TABESH (CA BAR 230434)
ERIC C. PAI (CA BAR NO. 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com
E-Mail: DTabesh@mofo.com
E-Mail: EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California  92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com
E-Mail: SComer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   07-CV-02845 WHA<br><br>**APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S OPPOSITION TO STEPHEN C. MACEVICZ'S MOTION TO DISMISS OR IN THE ALTERNATIVE STRIKE PORTIONS OF FIRST AMENDED COMPLAINT**<br><br>Date:    January 10, 2008<br>Time:   8:00 a.m.<br>Before: Hon. William H. Alsup<br>            Courtroom 9, 19th Floor |

Applera Corporation – Applied Biosystems Group ("AB") respectfully opposes Stephen C. Macevicz's Motion to Dismiss or in the Alternative Strike Portions of First Amended Complaint of Applera Corporation – Applied Biosystems Group ("Motion to Dismiss").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

The central premise of Dr. Macevicz's Motion to Dismiss is that AB has not sought damages from him. However, Dr. Macevicz has not told the whole story. The reason that AB did not seek damages from Dr. Macevicz is that the parties had an agreement that AB and Illumina, Inc. ("Illumina") would not seek damages from Dr. Macevicz, for a narrowly defined set of activities, if Dr. Macevicz would engage in informal discussions before litigation was filed. Dr. Macevicz agreed that he would not rely on the fact of that agreement for any purpose in this litigation. Now, however, Dr. Macevicz is relying on the fact of AB's agreement not to seek damages to request that he be dismissed from the case. Recent discovery has also revealed other wrongful actions by Dr. Macevicz that fall outside of the agreement. As a result, Dr. Macevicz is now liable for damages and cannot cite the lack of a damages claim as a justification for dismissal.

Even without a damages claim, Dr. Macevicz still faces liability in this action. He is the person who concealed information about his inventions from AB, failed to assign inventions to AB, and then assigned those inventions to Illumina. Illumina is now claiming rights that derive from the rights that Dr. Macevicz claims. Dr. Macevicz remains a necessary party to this action because complete relief cannot be achieved unless he is bound by a judgment.

**FACTUAL BACKGROUND**

Many of the background facts relevant to this motion are discussed in AB's Motion to Dismiss for Lack of Standing, and Motion for Partial Summary Adjudication, and, for the sake of brevity, will not be repeated here. (*See* Docket No. 61 at 2-8.) The essence of the case against Dr. Macevicz is that he owed fiduciary and contractual duties to assign inventions to AB, and he breached those duties by concealing inventions from AB and then assigning them to Illumina. (First Amended Complaint ¶¶ 28-31 & 35-39 (Docket No. 46).) Illumina is suing AB in this

AB'S OPP TO MACEVICZ'S MOTION TO DISMISS OR STRIKE PORTIONS OF FIRST AMENDED COMPLAINT
Case No. 07-CV-02845 WHA
pa-1213562

1

action for infringing patents that Dr. Macevicz received for those inventions. (Answer of Defendants Illumina, Inc. and Solexa, Inc. to Applera Corporation – Applied Biosystems Group's First Amended Complaint and Counterclaims of Defendant Solexa, Inc. at 9-11 ¶¶ 6-32 (Docket No. 55).) AB seeks relief including a declaration that AB, not Illumina or Dr. Macevicz, owns those patents. (Docket No. 46 ¶¶ 17-27.)

Before this suit was filed, the three parties to this action engaged in informal settlement talks. The parties executed a partial Release to facilitate these discussions. (Wilson Decl. Ex. 1.) Under this Release, Dr. Macevicz agreed to speak truthfully to AB and Illumina about the Patents (defined as the three patents asserted by Illumina in this action, along with related applications and patents). (*Id.* at 1.) AB and Illumina agreed that they would not seek monetary damages from Dr. Macevicz "based on any claims arising out of or related to the application for or prosecution of the Patents." (*Id.* ¶ 1.) AB and Illumina retained all rights to seek equitable relief for any claim they may have against Dr. Macevicz. (*Id.*)

The parties further agreed that they would not use the Release "or the fact of its existence to argue that it affects the Companies' respective rights in any way other than any right they may have had to recover monetary damages from Dr. Macevicz" (*id.* ¶ 2), and that the Release would be confidential except as may be necessary to enforce the Release (*id.* ¶ 3). Finally, the parties agreed that the Release could be terminated if Dr. Macevicz was willfully untruthful in his meetings with AB and Illumina. (*Id.* ¶ 4.)

The parties conducted their informal discussion in December 2006. (Wilson Decl. ¶ 3.) On November 1, 2007, almost a year later, Dr. Macevicz disclosed for the first time that while he was AB's Senior Patent Counsel, he had signed an Indemnity Agreement with Lynx Therapeutics, Inc. ("Lynx"). (Wilson Decl. Ex. 2.) Pursuant to that Indemnity Agreement, Illumina is indemnifying Dr. Macevicz for legal fees and liabilities in connection with this litigation. (Wilson Decl. Ex. 3 at 10:13-12:1 & 27:12-28:7.) Dr. Macevicz did not disclose the Indemnity Agreement at the December 8, 2006 meeting between the parties.[1] (*Id.* at 167:4-12.)

---

[1] His explanation for this is that he had forgotten about the Indemnity Agreement at that time. (*See* Wilson Decl. Ex. 3 at 12:2-11 & 167:17-23.)

AB'S OPP TO MACEVICZ'S MOTION TO DISMISS OR STRIKE PORTIONS OF FIRST AMENDED COMPLAINT
Case No. 07-CV-02845 WHA
pa-1213562

2

1       Also in November 2007, Dr. Macevicz disclosed for the first time that he had engaged in negotiations with Lynx regarding the assignment of a patent application to Lynx as early as November 1994, long before he left AB. (Wilson Decl. Ex. 4.) He eventually assigned that application to Lynx after he left AB. (Wilson Decl. Ex. 5.) This, too, was something that he did not disclose in the meeting with AB and Illumina. (Wilson Decl. ¶ 3.)

      AB has now terminated the Release on the grounds that Dr. Macevicz was willfully untruthful in his discussions with AB and Illumina, and additionally, that Dr. Macevicz has relied on the fact of the Release to move for dismissal. (Wilson Decl. Ex. 6.)

## ARGUMENT

### I. AB HAS EQUITABLE CLAIMS AGAINST DR. MACEVICZ

      A court should not dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). "On a motion to dismiss, the court accepts the facts alleged in the complaint as true." *Id.* The court should construe the complaint in the light most favorable to plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

      Dr. Macevicz's motion not only fails to meet this standard, but it also improperly assumes its own particular set of facts that he has not proven. The entire premise of Dr. Macevicz's Motion to Dismiss is his assertion that he has no interest in the patents. Based on this premise, he then claims that no equitable relief can be obtained against him. Under a number of scenarios in this lawsuit, however, it might well be the case that Dr. Macevicz does have some form of interest in the patents. Dr. Macevicz must remain in the case so those claims may be resolved.

### A. AB Is Entitled To Judgment Against Dr. Macevicz For Protection Against Third Parties

      Dr. Macevicz's motion assumes away one of the ultimate issues in this case: the ownership of the patents-in-suit. The resolution of this ownership dispute requires a judicial determination of the rights, interests, title, and duties of AB, Dr. Macevicz, and Illumina and Solexa with respect to the patents.

AB'S OPP TO MACEVICZ'S MOTION TO DISMISS OR STRIKE PORTIONS OF FIRST AMENDED COMPLAINT
Case No. 07-CV-02845 WHA
pa-1213562

3

1    Since Dr. Macevicz is the named inventor on the patents, and since he engaged in various
2    acts of misconduct in taking the patents for himself and purporting to assign them to Lynx, AB
3    may not be able to establish clear title to and ownership of the patents if Dr. Macevicz is not a
4    party to this action. (Docket No. 46, Exs. A-C.) If Dr. Macevicz were dismissed from the case
5    and then AB were to prevail against only Illumina and Solexa with respect to ownership,
6    Dr. Macevicz might later assert that he does own or hold some interest in the patents. AB needs
7    to obtain a judgment entered against Dr. Macevicz to protect itself from this uncertainty.

8    Morever, even if Dr. Macevicz himself were never to claim any interest in the patents, the
9    lack of a binding judicial determination against him could cloud AB's title and rights if AB were
10   ever to assert the patents against other parties. Lack of standing, based on lack of ownership or
11   deficient title in the asserted patents, is a well-established defense to patent infringement claims.
12   *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1030-31 (Fed. Cir. 1995); *Kahn v. Gen.*
13   *Motors Corp.*, 77 F.3d 457, 459 (Fed. Cir. 1996). Because of Dr. Macevicz's status as the named
14   inventor of the patents and his central role in committing the wrongful acts here, any potential
15   licensee or accused infringer of the patents would likely question whether AB held sufficient title
16   and ownership in the patents as against Dr. Maecvicz. AB would be forced to re-explain or even
17   re-litigate this issue in the face of such challenges to its ownership of the patents. Those potential
18   issues should be resolved through a judgment in this action.

19   Finally, if AB is found to be the true and proper owner of the patents and related patent
20   applications, it will need Dr. Macevicz's cooperation in the prosecution of pending foreign
21   applications that were based on the original parent application because he is the named inventor
22   on those applications.

23   **B.    AB Is Entitled To Judgment To Forestall Potential Future Claims By Dr. Macevicz**
24

25   Dr. Macevicz claims that paragraphs 16, 30, 37, 42, 52, and 55 of the First Amended
26   Complaint contain "admissions" that he "is no longer the owner of the disputed patents."
27   (Motion to Dismiss at 5 (Docket No. 49).) This is incorrect. In each of those paragraphs, AB
28   refers only to the "*purported*" assignment of the patents from Dr. Macevicz to Lynx. (*See* Docket

AB'S OPP TO MACEVICZ'S MOTION TO DISMISS OR STRIKE PORTIONS OF FIRST AMENDED COMPLAINT
Case No. 07-CV-02845 WHA
pa-1213562

4

No. 46 ¶¶ 16, 30, 37, 42, 52 & 55 (emphasis added).)  Nowhere does AB ever allege that this purported assignment would in fact constitute a valid and effective transfer of ownership of the patents.  (*Id.*)  In fact, AB has specifically stated to the contrary that "Macevicz had *no right to assign* the applications to Lynx, and Lynx had *no right to accept* the assignments."  (*Id.* ¶ 11 (emphases added).)

Dr. Macevicz's claim that he has no interest or title in the patents relies on his assumption that his purported assignment of the patents to Lynx was valid and effective.  However, this purported assignment to Lynx was void, voidable, or otherwise invalid on any of several legal theories supported by Dr. Macevicz's misconduct in taking the patents for himself and because Lynx was not a bona fide purchaser ("BFP") for value. (*See generally* Docket No. 61.)

First, it is an illegal contract under California Civil Code § 1667 because it is an agreement tending to defraud or otherwise injure a third person and therefore "contrary to good morals."  Cal. Civ. Code § 1667; *Bacciocco v. Transamerica Corp.*, 2 Cal. App. 2d 595, 596-97 (1934).  Such contracts are void and unenforceable.  *Id.*  Here, Dr. Macevicz's purported assignment to Lynx is an agreement tending to defraud and injure AB because he had no right to assign the patents to Lynx, and he failed to disclose and assign them to AB as he was obligated to do.  (Docket No. 46 ¶¶ 10-11.)

Second, the purported assignment is voidable because Dr. Macevicz was representing Lynx, while he was still an employee and Senior Patent Counsel of AB, in a capacity that AB did not fully know about and to which it did not consent.  (Docket No. 61 at 23-24.)  "[W]here an agent, without the full knowledge of and consent of his principal, represents the adverse party in a transaction, his contracts relating thereto are voidable at the option of his principal."  *Cal. Nat'l Supply Co. v. Black*, 48 Cal. App. 122, 128 (1920) (citation omitted).

Third, the purported assignment is invalid and ineffective because Lynx was not a BFP.  The BFP rule, in the context of transfer of a patent right, provides that "when a legal title holder of a patent transfers his or her title to a third party purchaser for value without notice of an outstanding equitable claim or title, the purchaser takes the entire ownership of the patent, free of any prior equitable encumbrance."  *FilmTec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1573

AB'S OPP TO MACEVICZ'S MOTION TO DISMISS OR STRIKE PORTIONS OF FIRST AMENDED COMPLAINT
Case No.  07-CV-02845 WHA
pa-1213562

5

1  (Fed. Cir. 1991) (citing *Hendrie v. Sayles*, 98 U.S. 546, 549 (1879)).  A BFP must: (1) acquire an
2  interest in a patent (2) by paying valuable consideration (3) to the legal title holder (4) without
3  notice of an outstanding equitable claim or title on the patent.  *FilmTec*, 939 F.2d at 1573.  Lynx
4  parted with no valuable consideration when it purported to accept the patents, and it took the
5  patents with notice of AB's interests therein.[2]  (Docket No. 61 at 15-21.)  If Lynx was not a BFP,
6  then the purported assignment from Dr. Macevicz to Lynx was ineffective, and Dr. Macevicz
7  might still claim some form of interest in the patents that he would be obligated to restore to AB.
8  A judgment against Dr. Macevicz is necessary to forestall any such claims.

9  Since Dr. Macevicz's purported assignment of the patents to Lynx was invalid and
10 ineffective, proper equitable relief will require that Dr. Macevicz take steps to remedy his
11 breaches of contract and fiduciary duties in failing to disclose and assign the patents to AB.  To
12 the extent that Dr. Macevicz may have a potential claim to hold any remaining right, interest, or
13 title in the Patents, the equitable remedy should require him to confirm and restore them in AB.

**II.   AB HAS A BASIS FOR SEEKING MONETARY DAMAGES FROM DR. MACEVICZ**

16 Dr. Macevicz argues that it is "particularly significant" that AB is not seeking monetary
17 damages from Dr. Macevicz.  (Docket No. 49 at 2.)  As discussed above, the lack of a claim for
18 damages to date is not relevant, because AB is seeking equitable relief from Dr. Macevicz that
19 needs to be resolved in this case.

20 Equally important, Dr. Macevicz's argument that "[p]laintiff has made a conscious choice
21 not to seek monetary damages against Macevicz" is at best misleading.  (*Id.* at 5.)  The reason that
22 AB is not seeking damages against AB is the agreement that the parties made through the
23 Release.  Dr. Macevicz agreed not to rely on the fact of that Release and not to use it any lawsuit,
24 but has now used the fact of the Release as the basis for his Motion to Dismiss.  This now

---

[2] AB has always been the equitable owner of the applications and resulting patents. *FilmTec*, 939 F.2d at 1572; *see also Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d, 1574, 1581 (Fed. Cir. 1991) ("[A]n agreement to assign in the future inventions not yet developed may vest the promisee with *equitable* rights in those inventions once made . . . .").

AB'S OPP TO MACEVICZ'S MOTION TO DISMISS OR STRIKE PORTIONS OF FIRST AMENDED COMPLAINT
Case No.  07-CV-02845 WHA
pa-1213562

6

precludes him from using the Release as a means of avoiding AB's claims for monetary damages. *See Pry Corp. of America v. Leach*, 177 Cal. App. 2d 632, 639 (1960) ("A party complaining of the breach of a contract is not entitled to recover therefor unless he has fulfilled his obligations."). The motion is a breach of the terms of the Release and Dr. Macevicz is now subject to damages claims. If this case continues after AB's motion for summary judgment is heard, AB intends to amend its complaint to demand damages from Dr. Macevicz.

Additionally, the situation has changed since the complaint was filed, and AB now has other claims for damages against Dr. Macevicz that fall outside of the scope of the Release. As discussed above, AB has only recently learned of two additional breaches of fiduciary duty that were committed by Dr. Macevicz. The first is Dr. Macevicz's entry into an Indemnity Agreement with Lynx while he was an AB employee. The second is that when he was still AB's Senior Patent Counsel, Dr. Macevicz was negotiating with Lynx to assign a patent application unrelated to the Patents that are the subject of the Release. AB has not released Dr. Macevicz from damages for either one of these newly-discovered breaches.

If the Court grants AB's motion for summary judgment on the First Cause of Action for breach of contract and Third Cause of Action for breach of fiduciary duty against Dr. Macevicz, AB will not pursue these damages claims. If the motion is not granted, however, AB intends to amend its pleadings to include claims for monetary damages against Dr. Macevicz. At a minimum, therefore, Dr. Macevicz's motion should not be granted without also granting AB leave to amend. *DeSoto v. Yellow Freight Sys. Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

### III. DR. MACEVICZ CAN REMOVE HIMSELF FROM THE CASE BY AGREEING TO ENTRY OF JUDGMENT

Finally, Dr. Macevicz can remove himself from the case by agreeing to entry of judgment on all claims asserted against him. That would remove the need for him to continue to participate

AB'S OPP TO MACEVICZ'S MOTION TO DISMISS OR STRIKE PORTIONS OF FIRST AMENDED COMPLAINT
Case No. 07-CV-02845 WHA
pa-1213562

7

1  in this litigation as a party, while providing the protection to which AB is entitled. If
2  Dr. Macevicz is not willing to do that, he must remain in the case.

### CONCLUSION

Dr. Macevicz's desire to be dismissed from the case is not surprising given the course of conduct in which he engaged. He is, however, the primary wrongdoer. The rights at issue cannot be fully adjudicated without entry of a judgment that includes Dr. Macevicz. Even if that were not the case, AB should be allowed to amend its complaint to seek damages from Dr. Macevicz. Dr. Macevicz's Motion to Dismiss should be denied.

Dated: December 20, 2007              MORRISON & FOERSTER LLP


                                      By:   /s/Bryan Wilson
                                            Bryan Wilson

                                            Attorneys for Plaintiff
                                            APPLERA CORPORATION –
                                            APPLIED BIOSYSTEMS GROUP