# EXHIBIT 1

RELEASE

Whereas, Dr. Stephen C. Macevicz ("Dr. Macevicz") is a former employee of Applied Biosystems and of Lynx Therapeutics, now known as Solexa, Inc. (collectively "the Companies"); and

Whereas, a dispute has arisen between the Companies relating to certain inventions, patent applications and patents filed by and issued to Dr. Macevicz, and more specifically those relating to U.S. Patent No. 5,750,341, U.S. Patent No. 5,969,119, and U.S. Patent No. 6,306,597, and any continuation, continuation-in-part, divisional, reissue, reexamination, and substitution patents and patent applications relating to the foregoing, filed in the United States (collectively "the Patents"); and

Whereas, the Companies do not desire or intend to seek monetary damages from Dr. Macevicz, but reserve all rights that they may have to seek equitable relief from Dr. Macevicz; and

Whereas, by virtue of the preceding paragraph Dr. Macevicz is willing to speak informally with the companies about the Patents, and further agrees that he shall be truthful in any such conversations and communications; and

Whereas, neither the companies nor Dr. Macevicz admit or deny liability by entering this Agreement, or forfeit or otherwise relinquish any legal rights to which they may be entitled, other than the rights identified specifically in this Agreement;

IT IS HEREBY AGREED THAT:

1. The Companies release Dr. Macevicz from liability for monetary damages based on any claims arising out of or related to the application for or prosecution of the Patents or the inventions disclosed or claimed therein. Notwithstanding anything herein to the contrary, the

MAC001482

**CONFIDENTIAL**

Companies do not release Dr. Macevicz from liability for equitable relief for any claim they may have.

2. The Companies and Dr. Macevicz agree not to use this Agreement or the fact of its existence to argue that it affects the Companies' respective rights in any way other than any right they may have had to recover monetary damages from Dr. Macevicz.

3. The Companies and Dr. Macevicz agree to maintain the confidentiality of this Agreement and the fact of its existence and agree not to use this Agreement in any lawsuit, except as may be necessary to enforce this Agreement.

4. If Dr. Macevicz does not agree to a meeting with the Companies to discuss the Patents, or is willfully untruthful in any such meetings, either company shall be entitled to terminate and rescind this agreement, and seek monetary damages if they are otherwise available.

5. Subject to the express reservation by the Companies of the right to seek equitable relief other than monetary damages provided in Section 1, above, and the limitations provided in Section 4, above, the Companies, and each of them, agree that there is a risk that subsequent to the execution of this agreement, the Companies may incur damages, expenses or liabilities, or any of these, which in some way may have been caused by the acts or omissions of Dr. Macevicz released herein, but which are unknown and unanticipated at the time this agreement is executed and delivered, and that this agreement is intended to be a full and final accord and satisfaction of said matters and shall apply to all unknown and unanticipated results of said matters, as well as those now known and anticipated. In furtherance thereof, the Companies, and each of them, acknowledge that they are familiar with Section 1542 of the California Civil Code which provides:

MAC001483

**CONFIDENTIAL**

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Companies, and each of them, hereby waive and relinquish any rights or benefits which they have or may have under Section 1542 of the California Civil Code or any similar provision of the statutory or nonstatutory law of any jurisdiction to the full extent that they may lawfully waive all such rights and benefits pertaining to the subject matter of this agreement.

6. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument.

Dated: October 25, 2006

MORRISON & FOERSTER LLP

By: /s/ Bryan Wilson
Bryan Wilson
Attorneys for
APPLERA CORPORATION -
APPLIED BIOSYSTEMS GROUP

Dated: ~~October~~ November 6, 2006

MARSHALL, GERSTEIN & BORUN LLP

By: /s/ Kevin M. Flowers
Kevin M. Flowers
Attorneys for
SOLEXA, INC.

Dated: ~~October~~ November 7, 2006

TOMLINSON ZISKO LLP

By: /s/
Basil P. Pthenakis
Attorneys for
STEPHEN C. MACEVICZ

MAC001484

**CONFIDENTIAL**