# EXHIBIT 4

**Stephen C. Macevicz, Ph.D.**
Attorney at Law
21890 Rucker Drive, Cupertino, California 95014
(408) 252-4140 or
(415) 638-5552

# Facsimile Cover Sheet

**To:** Sam Eletr
**Company:**
**Phone:**
**Fax:** (415) 670- 9302

**From:** Steve Macevicz
**Company:**
**Phone:** (415) 638-5552
**Fax:** (415) 638-6071

**Date:** 7 November 1994

**Pages including this cover page:** 5

## NOTE:

The information contained in this facsimile message is confidential and subject to attorney-client privilege. It is intended only for the use of the individual named above and others specifically authorized to received it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

If you have received this communication in error, please notify the sender at the indicated number immediately and arrange to have the copy returned or destroyed. Thank you for your assistance.

## MESSAGE:

Sam:

I have tried to make the attached agreement parallel the one between Lynx and Sydney to the extent that it makes sense.

My objective was to make my patent part of the "Brenner" package of intellectual property owned by Newco or Lynx.

Best regards,

Steve Macevicz

MAC00944
Pll.'s/Deft.'s_____Exhibit __11__
Page 1 Of __6__ Witness: Sam Roman
Date Of Proceeding: 11 / 08 / 07
By: Linda Frazeur, CSR#6697

**CONFIDENTIAL**

Lynx Therapeutics, Inc.

## AGREEMENT

This Agreement ("Agreement") is made and entered into as of the _____ day of November, 1994, ("Effective Date") by and between Lynx Therapeutics, Inc., a corporation organized under the laws of Delaware and having its principal office in Hayward, California ("Lynx"), and Dr. Stephen C. Macevicz, an individual residing in Cupertino, California ("Macevicz").

### Recitals

WHEREAS, Lynx and Dr. Sydney Brenner have entered into an agreement dated 11 May 1994 ("Development Agreement") to develop and to explore the commercial feasibility of certain inventions and technology relating to improved methods for determining the sequence of DNA; and

WHEREAS, Macevicz has developed a certain invention and technology relating to improved methods for sequencing DNA, such invention and technology being described in U.S. patent application Serial No. 08/091,603 filed 13 July 1993; and

WHEREAS, Lynx and Macevicz desire to enter into an agreement whereby Macevicz agrees to assign to Lynx such invention and technology and all patent applications and related intellectual property rights thereto, and Lynx agrees to use and develop such invention and technology in conjunction with its efforts to develop the above-mentioned sequencing technology of Dr. Sydney Brenner;

NOW THEREFORE, in consideration of the foregoing premises and the covenants and promises contained in this Agreement, the parties agree as follows:

## ARTICLE 1

### Definitions

Capitalized terms used in this Agreement shall have the meanings specifically ascribed to them herein.

1.1     "Affiliate" means any entity that directly or indirectly Owns, is Owned by or is under common Ownership, with a party to this Agreement, where "Own" or "Ownership" means direct or indirect possession of at least fifty percent (50%) of the outstanding voting securities of a corporation or a comparable equity interest in any other type of entity.

1.2     "Confidential Information" means any confidential or proprietary information, relating to any research project, work in progress, future development, scientific, engineering, manufacturing, marketing, business plan, financial, or personnel matter relating to either party, its present or future products, sales, suppliers, customers, employees, investors, or business, whether in oral, written, graphic, or electronic form.

1.3     "Invention" means any and all inventions disclosed in U.S. patent application Ser. No. 08/091,603 filed 13 July 1993, and all technology, materials and know-how relating thereto.

MAC00945

CONFIDENTIAL

1.4    "Brenner Inventions" means those inventions assigned to Lynx by Dr. Sydney Brenner under the Development Agreement dated 11 May 1994.

1.5    "Patents" means U.S. patent application Ser. No. 08/091,603 filed 13 July 1993; all foreign counterparts of such application; any additional patent applications covering inventions disclosed in the foregoing filed by or on behalf of Macevicz; any and all continuations, continuations-in-part, divisions, patents of addition, reissues, reexaminations, or extensions of the foregoing; and all patents that issue from any of the foregoing applications.

1.6    "Program" means the development program implemented by Lynx under the Development Agreement with Dr. Sydney Brenner to develop and to explore the commercial feasibility of the Brenner Inventions.

1.7    "Program Technology" means all the results, data, information, inventions and improvements relating to the Invention and/or Brenner Inventions and developed by Lynx, its employees or agents, and/or Dr. Sydney Brenner and/or Macevicz during the Program, and all patent applications and patents based upon or disclosing or claiming the foregoing.

## ARTICLE 2

### Assignment

2.1    Assignment of Rights.  Macevicz hereby agrees to execute and deliver to Lynx an assignment of rights, pursuant to which Macevicz assigns and conveys to Lynx his entire right, title and interest in and to the Invention and Patents.

2.2    Compensation.  In consideration for such assignment, Lynx agrees to pay Macevicz ████████████ upon execution of this Agreement and ████████████████████ ███████████████████████████████████████████████████████████

2.3    Reconveyance.  Lynx agrees that, in the event that the Development Agreement with Dr. Brenner is terminated, Lynx shall execute an assignment to Macevicz of all rights in the Invention and Patents promptly after such termination.

## ARTICLE 3

### Commercialization of Inventions

3.1    Decision to Sell.  If, at the conclusion of the Program under the Development Agreement, it is decided to sell any of the Invention, Brenner Inventions, and Program Technology to a third party, then Macevicz shall receive one percent (1%) of the proceeds of such sale.

3.2    Formation of Subsidiary.  If it is decided to establish a new company ("Newco") under Section 4.2 of the Development Agreement to pursue further development and commercialization of the Invention, Brenner Inventions, and Program Technology, then upon formation of Newco, (a) Lynx would assign its ownership of the Invention, Brenner Inventions, intellectual property relating thereto, and all Program Technology owned by Lynx and its rights and obligations under the Development Agreement and this Agreement to Newco, in consideration

*[handwritten margin notes:]*
*No indep. right to decide route of commercial-ization.*

*Parallel's Development Agr. 1 except
89% → Lynx
10% → Brenner
1% → Macevicz*

MAC00946

## CONFIDENTIAL

for issuance to Lynx of eighty-nine percent (89%) of the Common Stock of Newco initially issued; (b) Dr. Sydney Brenner would assign to Newco his right to compensation pursuant to Section 2.2 of the Development Agreement, in consideration for issuance of ten percent (10%) of the Common Stock of Newco initially issued; and (c) Macevicz would assign to Newco his right to compensation pursuant to Section 2.2 hereunder, in consideration for issuance of one percent (1%) of the Common Stock of Newco initially issued. Lynx would retain the option to obtain from Newco a non-exclusive, royalty-free license, without the right to sublicense, to use the Invention, the Patents, and the Program Technology for Lynx' own business. The precise scope of this non-exclusive license will be negotiated and agreed at the time Lynx exercises such option.

## ARTICLE 4

### Intellectual Property Matters

**4.1    Patent Prosecution and Maintenance Regarding Inventions.**    Lynx shall undertake and shall have the sole and exclusive right, at its expense, to file any and all patent applications covering the Invention and the Program Technology and to direct and control the prosecution of all such patent applications, using counsel selected by Lynx; ~~provided that Macevicz shall have an opportunity to review and comment on such prosecution prior to submission.~~ Macevicz agrees to provide his full cooperation and assistance to Lynx and its counsel at no cost to Macevicz in prosecuting such patent applications. Lynx shall have sole discretion to decide what patent applications shall be filed and how such applications shall be prosecuted. Lynx agrees to use reasonable diligence in prosecuting such applications as are filed.

*[handwritten margin note: otherwise identical to Devel. Agr.]*

## ARTICLE 5

### Termination

**5.1    Rights upon Termination.**  Upon termination under Section 6.1 or 6.2 of the Development Agreement dated 11 May 1994 by either Lynx or Dr. Sydney Brenner, all rights to the Invention and the Patents shall revert to Macevicz, pursuant to the terms of Section 2.3.

*[handwritten margin note: No indep. right of term. Only terminates terminates if Brenner and/or Lynx terminated Devel. Agr.]*

## ARTICLE 6

### Miscellaneous

**6.1    Relationship of the Parties.**  No partnership or other legal relationship is created hereunder. Neither party is or will be deemed to be, an agent or legal representative of the other party for any purpose. Neither party will be entitled to enter into any contracts in the name of or on behalf of the other party, and neither party will be entitled to pledge the credit of the other party in any way or hold itself out as having authority to do so.

**6.2    Assignment.**  This Agreement may not be assigned by either party without the prior written consent of the other party, which consent shall not be unreasonably withheld, *provided, however,* that Lynx may assign this Agreement without such consent to any Affiliate, to any successor by way of merger, acquisition, sale or transfer of substantially all of its business assets to which this Agreement relates, in a manner such that the assignee shall assume and be responsible for the performance and observance of all of such party's duties and obligations hereunder. The Agreement will be binding upon and inure to the benefit of all permitted successors and assignees of the parties hereunder, and the heirs and personal representatives of the individual parties hereunder, and the name of each party appearing herein will be deemed to include the names

*[handwritten margin note: Same as Devel. Agr.]*

MAC00947

of such party's successors and assignees to the extent necessary to carry out the intent of this Agreement.

      **6.3**    **Amendment.** No amendment, modification or supplement of any provision of the Agreement will be valid or effective unless made in writing.

      **6.4**    **Waiver.**      No provision of the Agreement (unless such provision otherwise provides) will be waived by any act, omission or knowledge of a party or its agents or employees except by an instrument in writing expressly waiving such provision.

      **6.5**    **Headings.** The headings for each Article and Section in this Agreement have been inserted for the convenience of reference only and are not intended to limit or expand on the meaning of the language contained in the particular article or section.

      **6.6**    **Force Majeure.** Any delays in performance by any party under this Agreement shall not be considered a breach of this Agreement if and to the extent caused by occurrences beyond the reasonable control of the party affected, including but not limited to acts of God, embargoes, governmental restrictions, strikes or other concerted acts of workers, fire, flood, explosion, earthquake, riots, wars, civil disorder, rebellion or sabotage. The party suffering such occurrence shall immediately notify the other party and any time for performance hereunder shall be extended by the actual time of delay caused by the occurrence.

      **6.7**    **Notices.** Any notices given pursuant to this Agreement shall be in writing and shall be deemed delivered upon the earlier of (1) when received at the address set forth below, or (ii) five business days after mailed by certified mail in the United States mails, postage prepaid and properly addressed, with return receipt requested. Notices shall be delivered to the respective parties as indicated below, or at such other locations as such parties specify by like notice:

If to Lynx:

                Lynx Therapeutics, Inc.
                3832 Bay Center Place
                Hayward, California  94545
                Attn: President

If to Macevicz:

                Stephen C. Macevicz
                21890 Rucker Drive
                Cupertino, California  95014

      **6.8**    **Severability.** Whenever possible, each provision of the Agreement will be interpreted in such manner as to be effective and valid under applicable law, but if any revision of the Agreement is held to be prohibited by or invalid under applicable law, such provision will be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of the Agreement.

MAC00948

CONFIDENTIAL

**6.9    Entire Agreement of the Parties.** The Agreement will constitute and contain the complete, final and exclusive understanding and agreement of the parties hereof respecting the subject matter, and cancels and supersedes any and all prior negotiations, correspondence, understandings and agreements, whether oral or written, between the parties respecting the subject matter thereof.

**6.10    Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of California as applied to contracts entered into and to be performed in California, without reference to conflicts of laws. All parties to this Agreement hereby consent to the jurisdiction of the courts of the State of California and the Federal District Court for the Northern District of California for resolution of any disputes that arise hereunder.

**6.11    Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument.


**In Witness Whereof,** the parties hereto have duly executed this Agreement.


LYNX THERAPEUTICS, INC.                    Stephen C. Macevicz:


By: _____            _____

Title: _____

MAC00949

CONFIDENTIAL