Exhibit RR

1   BRYAN WILSON (CA BAR NO. 138842)
    ERIC C. PAI (CA BAR NO. 247604)
2   MORRISON & FOERSTER LLP
    755 Page Mill Road
3   Palo Alto, California 94304-1018
    Telephone: 650.813.5600
4   Facsimile: 650.494.0792
    E-Mail: BWilson@mofo.com
5   E-Mail: EPai@mofo.com

6   DAVID C. DOYLE (CA SBN 70690)
    STEVEN E. COMER (CA SBN 154384)
7   ANDERS T. AANNESTAD (CA SBN 211100)
    MORRISON & FOERSTER LLP
8   12531 High Bluff Drive, Suite 100
    San Diego, California 92130-2040
9   Telephone: 858.720.5100
    Facsimile: 858.720.5125
10  E-Mail: DDoyle@mofo.com
    E-Mail: SComer@mofo.com
11  E-Mail: AAannestad@mofo.com

12  Attorneys for Plaintiff
    APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17

18  APPLERA CORPORATION – APPLIED          Case No.   07-CV-02845 WHA
    BIOSYSTEMS GROUP, a Delaware corporation,
19                                          **APPLIED BIOSYSTEMS'**
                 Plaintiff,                 **RESPONSES TO ILLUMINA, INC.**
20                                          **AND SOLEXA, INC.'S FIRST SET**
         v.                                 **OF REQUESTS FOR**
21                                          **PRODUCTION [NOS. 1 – 41]**
    ILLUMINA, INC., a Delaware corporation,
22  SOLEXA, INC., a Delaware corporation, and
    STEPHEN C. MACEVICZ, an individual,
23
                 Defendants.
24

25  PROPOUNDING PARTY:   ILLUMINA, INC. and SOLEXA, INC.

26  RESPONDING PARTY:    APPLERA CORPORATION – APPLIED
27                        BIOSYSTEMS GROUP

28  SET NUMBER:          ONE

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Applera Corporation

2  – Applied Biosystems Group ("Applied Biosystems" or "AB") responds to Defendants Illumina,

3  Inc. and Solexa, Inc.'s (collectively, "Illumina") First Set of Requests for the Production of

4  Documents (the "Requests") as follows:

5    AB makes the general and specific objections and responses herein (collectively, the

6  "Responses") based solely on its current knowledge, understanding, and belief with respect to the

7  facts and information available to AB as of the date of the Responses.  Additional discovery,

8  investigation, or analysis may lead to additions to, changes in, or other modifications of these

9  Responses.  The Responses are given without prejudice to AB's right to amend and/or

10  supplement these Responses at any time.

11                    **GENERAL OBJECTIONS**

12    1.    AB objects to each Request to the extent that it seeks production of documents and

13  things protected by the attorney-client privilege, the attorney work product doctrine, or any other

14  privilege or protection.  AB does not waive any objection made in these Responses, nor any claim

15  of privilege, whether expressly asserted or not, by identifying, agreeing to produce, or producing

16  any document or thing in response to the Requests.  The inadvertent production of any document

17  or thing shall not constitute a waiver of any attorney-client privilege, attorney work product

18  protection, or any other applicable privilege.

19    2.    AB objects to each Request to the extent it seeks the production of documents and

20  things not in AB's possession, custody, or control.

21    3.    AB objects to each Request to the extent it purports to impose obligations on AB

22  beyond those required or authorized by the Federal Rules of Civil Procedure and the Local Rules

23  of Practice in Civil Proceedings before the United States District Court for the Northern District

24  of California.

25    4.    AB objects to each Request to the extent it seeks the confidential information of

26  AB or third parties.  AB will produce documents subject to the parties' agreement to treat any

27  documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on a

28  Trial Counsel Only basis, pending the entry of an appropriate protective order.

5.      AB objects to each Request to the extent it purports to require AB to search for files from every single AB employee and location.  AB will conduct a diligent search from employees and locations reasonably likely to have responsive documents.

6.      AB objects to listing on a privilege log any documents or communications between AB and its counsel protected from disclosure under the attorney-client privilege, the attorney work product doctrine, and/or any other privilege or protection and created subsequent to December 26, 2006.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All documents that refer or relate to Macevicz's employment by You, including but not limited to any employment agreements, personnel files, performance reviews, or any other documents regarding the terms or performance of Macevicz's employment with You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

AB incorporates by reference its General Objections as stated above.  AB further objects that the terms "relate to" and "regarding the terms or performance of" render this Request vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to its objections, AB will produce Macevicz's employment agreements, personnel files, and performance reviews.

**REQUEST FOR PRODUCTION NO. 2:**

All documents constituting or comprising Joseph Smith's employment agreements, personnel files, performance reviews, or any other documents regarding the terms or performance of Joseph Smith's employment with You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

AB incorporates by reference its General Objections as stated above.  AB further objects to this Request to the extent that it seeks documents not relevant to or reasonably calculated to lead to the discovery of admissible evidence on any claim or defense in this litigation.  AB further objects that the terms "constituting or comprising" and "regarding the terms or performance of" render this Request vague, overly broad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence. AB further objects to this Request to the extent it seeks the production of documents protected by the rights of personal or commercial privacy as reflected in the Constitution of the United States and the State of California and/or any other applicable federal or state law. Subject to its objections, AB will produce Joseph Smith's employment agreements, personnel files, and performance reviews.

**REQUEST FOR PRODUCTION NO. 3:**

All documents constituting or comprising Vincent Powers's employment agreements, personnel files, performance reviews, or any other documents regarding the terms or performance of Vincent Powers's employment with You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

AB incorporates by reference its General Objections as stated above. AB further objects to this Request to the extent that it seeks documents not relevant to or reasonably calculated to lead to the discovery of admissible evidence on any claim or defense in this litigation. AB further objects that the terms "constituting or comprising" and "regarding the terms or performance of" render this Request vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. AB further objects to this Request to the extent it seeks the production of documents protected by the rights of personal or commercial privacy as reflected in the Constitution of the United States and the State of California and/or any other applicable federal or state law. Subject to its objections, AB will produce Vincent Powers's employment agreements, personnel files, and performance reviews.

**REQUEST FOR PRODUCTION NO. 4:**

All documents constituting or comprising Paul Grossman's employment agreements, personnel files, performance reviews, or any other documents regarding the terms or performance of Paul Grossman's employment with You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

AB incorporates by reference its General Objections as stated above. AB further objects to this Request to the extent that it seeks documents not relevant to or reasonably calculated to lead to the discovery of admissible evidence on any claim or defense in this litigation. AB further

1  objects that the terms "constituting or comprising" and "regarding the terms or performance of"

2  render this Request vague, overly broad, unduly burdensome, and not reasonably calculated to

3  lead to the discovery of admissible evidence.  AB further objects to this Request to the extent it

4  seeks the production of documents protected by the rights of personal or commercial privacy as

5  reflected in the Constitution of the United States and the State of California and/or any other

6  applicable federal or state law.  Subject to its objections, AB will produce Paul Grossman's

7  employment agreements, personnel files, and performance reviews.

8  **REQUEST FOR PRODUCTION NO. 5:**

9  All communications between You and Macevicz that refer or relate to Macevicz's

10  employment with you, including but not limited to all discussions, negotiations, or other

11  communications concerning Your initial hiring or termination of employment of Macevicz.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

13  AB incorporates by reference its General Objections as stated above.  AB further objects

14  to this Request to the extent that it seeks documents not relevant to or reasonably calculated to

15  lead to the discovery of admissible evidence on any claim or defense in this litigation.  AB further

16  objects that the terms "relate to" and "concerning" render this Request vague, overly broad,

17  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

18  evidence.  Subject to its objections, AB will produce non-privileged communications between AB

19  and Macevicz that refer to AB's initial hiring, termination, or employment of Macevicz.

20  **REQUEST FOR PRODUCTION NO. 6:**

21  All communications between Macevicz and You that refer or relate in any way to the

22  Patents, including, but not limited to, correspondence referring or relating to the ownership of the

23  Patents, the inventions claimed in the Patents, or the patent applications for the Patents.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

25  AB incorporates by reference its General Objections as stated above.  AB further objects

26  that the terms "relate in any way to" and "relating to" render this Request vague, overly broad,

27  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

28  evidence.  Subject to its objections, AB will produce non-privileged communications between AB

1  and Macevicz that refer to the Patents, the ownership of the Patents, the inventions claimed in the

2  Patents, or the patent applications for the Patents.

3  **REQUEST FOR PRODUCTION NO. 7:**

4      All documents that refer or relate to any intellectual property contributions that Macevicz

5  ever made or agreed to make to You including, but not limited to, invention disclosures,

6  laboratory notebooks, memoranda, patent applications, patents, and assignments, and agreements

7  relating thereto.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

9      AB incorporates by reference its General Objections as stated above.  AB further objects

10  that the terms "relate to," "intellectual property contributions," and "relating thereto" render this

11  Request vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the

12  discovery of admissible evidence.  Subject to its objections, AB will produce invention

13  disclosures, laboratory notebooks, memoranda, patent applications, patents, assignments, and

14  agreements referring to inventions made by Macevicz.

15  **REQUEST FOR PRODUCTION NO. 8:**

16      All documents that refer or relate to any "Employee Invention Agreement" or similar

17  agreement that Macevicz entered into while employed by You.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

19      AB incorporates by reference its General Objections as stated above.  AB further objects

20  that the terms "relate to" and "similar agreement" render this Request vague, overly broad,

21  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22  evidence.  Subject to its objections, AB will produce non-privileged documents that refer to any

23  "Employee Invention Agreement" that Macevicz entered into while employed by AB.

24  **REQUEST FOR PRODUCTION NO. 9:**

25      Documents sufficient to show Your "business or actual or demonstrably anticipated

26  research or development of" as of April 17, 1995.

27

28

APPLIED BIOSYSTEMS' RESPONSES TO ILLUMINA, INC. AND SOLEXA, INC.'S FIRST SET OF RFPS
Case No.  07-CV-02845 WHA
pa- 1208336

5

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

2      AB incorporates by reference its General Objections as stated above. AB further objects

3  that the term "business or actual or demonstrably anticipated research or development of" calls

4  for a legal conclusion and renders this Request vague, overly broad, and unduly burdensome.

5  Subject to its objections, AB will produce non-privileged documents that it will rely upon to show

6  its business or actual or demonstrably anticipated research or development as of April 17, 1995.

7  **REQUEST FOR PRODUCTION NO. 10:**

8      All of Your press releases created or dated between 1992 and 1995.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

10      AB incorporates by reference its General Objections as stated above. AB further objects

11  to this Request as overly broad and unduly burdensome. AB further objects to this Request to the

12  extent that it seeks documents not relevant to or reasonably calculated to lead to the discovery of

13  admissible evidence on any claim or defense in this litigation. Subject to its objections, AB will

14  produce press releases dated between 1992 and 1995, or in the alternative AB will produce a list

15  of responsive documents or provide information about where they are publicly available, if the

16  number of responsive documents that it locates is overly voluminous.

17  **REQUEST FOR PRODUCTION NO. 11:**

18      All of Your research and development plans and forecasts created or dated between 1992

19  and 1995.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

21      AB incorporates by reference its General Objections as stated above. AB further objects

22  to this Request as overly broad and unduly burdensome. AB further objects to this Request to the

23  extent that it seeks documents not relevant to or reasonably calculated to lead to the discovery of

24  admissible evidence on any claim or defense in this litigation. AB further objects to this Request

25  to the extent that it is cumulative and duplicative of Request No. 9. Subject to its objections, AB

26  will produce non-privileged documents sufficient to show its business or actual or demonstrably

27  anticipated research or development from the applicable period.

28

**REQUEST FOR PRODUCTION NO. 12:**

All of Your strategic business plans and forecasts created or dated between 1992 and 1995.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

AB incorporates by reference its General Objections as stated above. AB further objects to this Request as overly broad and unduly burdensome. AB further objects to this Request to the extent that it seeks documents not relevant to or reasonably calculated to lead to the discovery of admissible evidence on any claim or defense in this litigation. AB further objects to this Request to the extent that it is cumulative and duplicative of Request No. 9. Subject to its objections, AB will produce non-privileged documents sufficient to show its business or actual or demonstrably anticipated research or development from the applicable period.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that You may rely upon in this litigation to support or rebut any contention regarding what "inventions, discoveries, developments, improvements, or trade secrets" were "solely or jointly conceive[d], develop[ed] or reduce[d] to practice" by Macevicz that "relate to [Your] business or actual or demonstrably anticipated research or development."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

AB incorporates by reference its General Objections as stated above. AB further objects that the terms "solely or jointly conceive[d], develop[ed] or reduce[d] to practice" and "relate to [Your] business or actual or demonstrably anticipated research or development" call for a legal conclusion and render this Request vague, overly broad, and unduly burdensome. AB further objects that it does not know all of defendants' contentions at this time and therefore does not yet know all of the documents it will ultimately rely upon in this litigation. Subject to its objections, AB will produce non-privileged documents that it currently expects to rely upon to show its business or actual or demonstrably anticipated research or development from the applicable period.

1  **REQUEST FOR PRODUCTION NO. 14:**

2      All documents that You may rely upon in this litigation to support or rebut any contention

3  regarding what "inventions, discoveries, developments, improvements, or trade secrets" were

4  "solely or jointly conceive[d], develop[ed] or reduce[d] to practice" by Macevicz that "result

5  from any work performed by" Macevicz for You.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      AB incorporates by reference its General Objections as stated above.  AB further objects

8  that the terms "solely or jointly conceive[d], develop[ed] or reduce[d] to practice" and "result

9  from any work performed by" call for a legal conclusion and render this Request vague, overly

10  broad, and unduly burdensome.  AB further objects that it does not know all of defendants'

11  contentions at this time and therefore does not yet know all of the documents it will ultimately

12  rely upon in this litigation.  Subject to its objections, AB will produce non-privileged documents

13  that it currently expects to rely upon to show what inventions resulted from any work performed

14  by Macevicz for AB.

15  **REQUEST FOR PRODUCTION NO. 15:**

16      All documents that constitute, refer or relate to U.S. Patent Application No. 08/424,663.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

18      AB incorporates by reference its General Objections as stated above.  AB further objects

19  that the term "relate to" renders this Request vague, overly broad, unduly burdensome, and not

20  reasonably calculated to lead to the discovery of admissible evidence.  Subject to its objections,

21  AB will produce non-privileged documents that constitute or refer to U.S. Patent Application No.

22  08/424,663.

23  **REQUEST FOR PRODUCTION NO. 16:**

24      All documents that refer or relate to any patents or patent applications claiming priority to

25  U.S. Patent Application No. 08/424,663, including, but not limited to, the Patents.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

27      AB incorporates by reference its General Objections as stated above.  AB further objects

28  that the term "relate to" renders this Request vague, overly broad, unduly burdensome, and not

1 reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections,

2 AB will produce non-privileged documents that refer to any patents or patent applications

3 claiming priority to U.S. Patent Application No. 08/424,663.

4 **REQUEST FOR PRODUCTION NO. 17:**

5 All documents that refer or relate to any subject matter claimed in U.S. Patent Application

6 No. 08/424,663 and/or all patent applications or patents claiming priority thereto, including but

7 not limited to the Patents.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

9 AB incorporates by reference its General Objections as stated above. AB further objects

10 that the terms "relate to," "subject matter," and "claimed" render this Request vague, overly

11 broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

12 evidence. AB further objects that this Request is cumulative and duplicative of Request Nos. 15

13 and 16.

14 **REQUEST FOR PRODUCTION NO. 18:**

15 All documents that refer or relate to any duty or obligation of Macevicz to disclose or

16 assign to You any "inventions, discoveries, developments, improvements, or trade secrets,"

17 including any "inventions, discoveries, developments, improvements, or trade secrets" disclosed

18 or claimed in U.S. Patent Application No. 08/424,663 or any patents claiming priority thereto,

19 including but not limited to the Patents.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

21 AB incorporates by reference its General Objections as stated above. AB further objects

22 that this Request is cumulative and duplicative of Request Nos. 1 and 5 through 8. Subject to its

23 objections, AB will produce non-privileged responsive documents.

24 **REQUEST FOR PRODUCTION NO. 19:**

25 All documents that refer or relate to the prosecution of U.S. Patent Application No.

26 08/424,663 or any patents or patent applications claiming priority thereto, including but not

27 limited to the Patents.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2         AB incorporates by reference its General Objections as stated above.  AB further objects

3    that the term "relate to" renders this Request vague, overly broad, unduly burdensome, and not

4    reasonably calculated to lead to the discovery of admissible evidence.  Subject to its objections,

5    AB will produce any non-privileged documents responsive to this Request.

6    **REQUEST FOR PRODUCTION NO. 20:**

7         All documents that refer or relate to any study or analysis performed by You or on Your

8    behalf concerning U.S. Patent Application No. 08/424,663 or any patents or patent applications

9    claiming priority thereto, including but not limited to the Patents.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11        AB incorporates by reference its General Objections as stated above.  AB further objects

12   that the terms "relate to," study or analysis," and "concerning" render this Request vague, overly

13   broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

14   evidence.  Subject to its objections, AB will produce any non-privileged documents responsive to

15   this Request.

16   **REQUEST FOR PRODUCTION NO. 21:**

17        All documents that refer or relate to any communications between You and Macevicz

18   concerning U.S. Patent Application No. 08/424,663 or any patents or patent applications claiming

19   priority thereto, including but not limited to the Patents.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

21        AB incorporates by reference its General Objections as stated above.  AB further objects

22   that the terms "relate to" and "concerning" render this Request vague, overly broad, unduly

23   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

24   Subject to its objections, AB will produce any non-privileged documents responsive to this

25   Request.

26   **REQUEST FOR PRODUCTION NO. 22:**

27        All documents that refer or relate to the grant, sale, or award of stock or stock options to

28   Macevicz.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

AB incorporates by reference its General Objections as stated above. AB further objects that the term "relate to" renders this Request vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, AB will produce any non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All documents that refer or relate to any benefit, advantage, or interest You conferred upon Macevicz in exchange or as consideration for any purported duty or obligation by Macevicz to disclose or assign to You any "inventions, discoveries, developments, improvements, or trade secrets," or rights in any patent or patent application relating thereto, including but not limited to U.S. Patent Application No. 08/424,663 or any patents or patent applications claiming priority thereto, including but not limited to the Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

AB incorporates by reference its General Objections as stated above. AB further objects that the terms "relate to," "benefit, advantage, or interest," "consideration," and "purported duty or obligation" render this Request vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, AB will produce any non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents that refer or relate to Lynx Therapeutics, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

AB incorporates by reference its General Objections as stated above. AB further objects to this Request to the extent that it seeks documents not relevant to or reasonably calculated to lead to the discovery of admissible evidence on any claim or defense in this litigation. AB further objects that the term "relate to" renders this Request vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. AB further objects that, to the extent that this Request seeks documents relevant to any claim or defense in this litigation, it is cumulative and duplicative of Illumina's other Requests. Subject to its objections,

APPLIED BIOSYSTEMS' RESPONSES TO ILLUMINA, INC. AND SOLEXA, INC.'S FIRST SET OF RFPS
Case No. 07-CV-02845 WHA
pa- 1208336

11

1    AB is willing to produce non-privileged documents in response to an appropriately narrowed

2    Request.

3    **REQUEST FOR PRODUCTION NO. 25:**

4        All documents that refer or relate to Spectragen, Inc.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

6        AB incorporates by reference its General Objections as stated above.  AB further objects

7    to this Request to the extent that it seeks documents not relevant to or reasonably calculated to

8    lead to the discovery of admissible evidence on any claim or defense in this litigation.  AB further

9    objects that the term "relate to" renders this Request vague, overly broad, unduly burdensome,

10   and not reasonably calculated to lead to the discovery of admissible evidence.  AB further objects

11   that, to the extent that this Request seeks documents relevant to any claim or defense in this

12   litigation, it is cumulative and duplicative of Illumina's other Requests.  Subject to its objections,

13   AB is willing to produce non-privileged documents in response to an appropriately narrowed

14   Request.

15   **REQUEST FOR PRODUCTION NO. 26:**

16       All documents that refer or relate to Solexa, Inc.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

18       AB incorporates by reference its General Objections as stated above.  AB further objects

19   to this Request to the extent that it seeks documents not relevant to or reasonably calculated to

20   lead to the discovery of admissible evidence on any claim or defense in this litigation.  AB further

21   objects that the term "relate to" renders this Request vague, overly broad, unduly burdensome,

22   and not reasonably calculated to lead to the discovery of admissible evidence.  AB further objects

23   that, to the extent that this Request seeks documents relevant to any claim or defense in this

24   litigation, it is cumulative and duplicative of Illumina's other Requests.  Subject to its objections,

25   AB is willing to produce non-privileged documents in response to an appropriately narrowed

26   Request.

27

28

1    **REQUEST FOR PRODUCTION NO. 27:**

2         All documents that refer or relate to the corporate relationship between You and Lynx

3    Therapeutics, Inc.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

5         AB incorporates by reference its General Objections as stated above.  AB further objects

6    that the terms "relate to" and "corporate relationship" render this Request vague, overly broad,

7    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8    evidence.  AB further objects that this Request is cumulative and duplicative of Request No. 28.

9    Subject to its objections, AB will produce any non-privileged documents responsive to this

10   Request.

11   **REQUEST FOR PRODUCTION NO. 28:**

12        All documents that refer or relate to any agreements between You and Lynx Therapeutics,

13   Inc.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

15        AB incorporates by reference its General Objections as stated above.  AB further objects

16   that the term "relate to" renders this Request vague, overly broad, unduly burdensome, and not

17   reasonably calculated to lead to the discovery of admissible evidence.  Subject to its objections,

18   AB will produce any non-privileged documents responsive to this Request.

19   **REQUEST FOR PRODUCTION NO. 29:**

20        All documents that refer or relate to any communication between You and any other

21   person regarding Macevicz.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

23        AB incorporates by reference its General Objections as stated above.  AB further objects

24   to this Request to the extent that it seeks documents not relevant to or reasonably calculated to

25   lead to the discovery of admissible evidence on any claim or defense in this litigation.  AB further

26   objects that the term "relate to" renders this Request vague, overly broad, unduly burdensome,

27   and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to its

28   objections, AB will produce any non-privileged documents responsive to this Request.

1    **REQUEST FOR PRODUCTION NO. 30:**

2        All documents that refer or relate to any communication between You and any third party,

3    including but not limited to Lynx Therapeutics, Inc., regarding any "inventions, discoveries,

4    developments, improvements, or trade secrets" that were "solely or jointly conceive[d],

5    develop[ed] or reduce[d] to practice" by Macevicz by April 17, 1995.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

7        AB incorporates by reference its General Objections as stated above.  AB further objects

8    to this Request to the extent that it seeks documents not relevant to or reasonably calculated to

9    lead to the discovery of admissible evidence on any claim or defense in this litigation.  AB further

10   objects that the terms "relate to," "regarding," and "solely or jointly conceive[d], develop[ed] or

11   reduce[d] to practice" render this Request vague, overly broad, unduly burdensome, and not

12   reasonably calculated to lead to the discovery of admissible evidence.  Subject to its objections,

13   AB will produce any non-privileged documents responsive to this Request.

14   **REQUEST FOR PRODUCTION NO. 31:**

15       All documents that refer or relate to any communication between You and any third party,

16   including but not limited to Lynx Therapeutics, Inc., regarding any "inventions, discoveries,

17   developments, improvements, or trade secrets" disclosed or claimed in U.S. Patent Application

18   No. 08/424,663 or any patents claiming priority thereto, including but not limited to the Patents.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

20       AB incorporates by reference its General Objections as stated above.  AB further objects

21   to this Request to the extent that it seeks documents not relevant to or reasonably calculated to

22   lead to the discovery of admissible evidence on any claim or defense in this litigation.  AB further

23   objects that the terms "relate to," "regarding," "disclosed," and "claimed" render this Request

24   vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery

25   of admissible evidence.  AB further objects that this Request is overly broad and unduly

26   burdensome because it lacks a reasonable time limitation.  Subject to its objections, AB will

27   produce any non-privileged documents responsive to this Request.

28

APPLIED BIOSYSTEMS' RESPONSES TO ILLUMINA, INC. AND SOLEXA, INC.'S FIRST SET OF RFPS
Case No. 07-CV-02845 WHA
pa- 1208336

14

**REQUEST FOR PRODUCTION NO. 32:**

All documents that refer or relate to any agreements, including litigation settlement agreements, according to which You granted or received any right or immunity under any patent relating to DNA sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

AB incorporates by reference its General Objections as stated above. AB further objects to this Request to the extent that it seeks documents not relevant to or reasonably calculated to lead to the discovery of admissible evidence on any claim or defense in this litigation. AB further objects that the terms "relate to" and "relating to" render this Request, vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. AB further objects that this Request is overly broad and unduly burdensome because it lacks a reasonable time limitation. Subject to its objections, AB is willing to produce non-privileged documents in response to an appropriately narrowed Request.

**REQUEST FOR PRODUCTION NO. 33:**

All documents that refer or relate to whether, and to what extent, You have been damaged financially by reason of the acts complained of in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

AB incorporates by reference its General Objections as stated above. AB further objects that the terms "relate to" and "by reason of the acts" render this Request vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, AB will produce any non-privileged documents that it currently expects to rely upon to show its damages.

**REQUEST FOR PRODUCTION NO. 34:**

All documents relating to whether Illumina's alleged conduct relating to the Patents was intentional, willful, and malicious.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

AB incorporates by reference its General Objections as stated above. AB further objects that the term "relating to" renders this Request vague, overly broad, unduly burdensome, and not

APPLIED BIOSYSTEMS' RESPONSES TO ILLUMINA, INC. AND SOLEXA, INC.'S FIRST SET OF RFPS
Case No. 07-CV-02845 WHA
pa- 1208336

15

1  reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections,

2  AB will produce any non-privileged documents responsive to this Request.

3  **REQUEST FOR PRODUCTION NO. 35:**

4         All documents relating to whether Lynx "knew or should have known that Macevicz

5  submitted the Application while he was working for AB, and that the subject matter of the

6  Application and the Patents related to AB's business," and that "Lynx could not reasonably have

7  believed that Macevicz had authority to assign the Application and the Patents to Lynx."

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

9         AB incorporates by reference its General Objections as stated above. AB further objects

10  that the term "relating to" renders this Request vague, overly broad, unduly burdensome, and not

11  reasonably calculated to lead to the discovery of admissible evidence. AB further objects that this

12  Request is compound. Subject to its objections, AB will produce any non-privileged documents

13  responsive to this Request.

14  **REQUEST FOR PRODUCTION NO. 36:**

15         The results of patent searches conducted by You, or on Your behalf, for the years 1995

16  through the present that refer or relate to the Patents or U.S. Patent Application No. 08/424,663.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

18         AB incorporates by reference its General Objections as stated above. AB further objects

19  that the terms "patent searches" and "relate to" render this Request vague. AB further objects that

20  this Request seeks information protected from disclosure by the attorney-client privilege and

21  attorney work product doctrine. Subject to these objections, AB responds that it is not aware of

22  any non-privileged responsive documents.

23  **REQUEST FOR PRODUCTION NO. 37:**

24         All documents that refer or relate to any valuation or opinion regarding the value of the

25  Patents, including any opinion of any third person, including but not limited to any investment

26  bank or lending institution.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

AB incorporates by reference its General Objections as stated above. AB further objects that the terms "relate to," "valuation or opinion," and "regarding" render this Request vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, AB responds that it is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to show Your practices and procedures for conducting searches of United States or foreign patents and patent applications between 1995 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

AB incorporates by reference its General Objections as stated above. AB further objects that the term "practices and procedures" renders this Request vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. AB further objects that this Request seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine. Subject to its objections, AB responds that, to the extent that AB is able to understand this Request, it is not aware of any non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that refer or relate to any research conducted by You that relates to any method or product claimed in the Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

AB incorporates by reference its General Objections as stated above. AB further objects to this Request to the extent that it seeks documents not relevant to or reasonably calculated to lead to the discovery of admissible evidence on any claim or defense in this litigation. AB further objects that the terms "relate to," "relates to," and "claimed" render this Request vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, AB is willing to produce non-privileged documents in response to an appropriately narrowed Request.

1    **REQUEST FOR PRODUCTION NO. 40:**

2        All documents relating to whether any claim in the Patents is invalid.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

4        AB incorporates by reference its General Objections as stated above.  AB further objects

5    to this Request to the extent that it seeks documents not relevant to or reasonably calculated to

6    lead to the discovery of admissible evidence on any claim or defense in this litigation.  AB further

7    objects to this Request to the extent that it calls for a legal conclusion.  AB further objects that the

8    term "relating to" renders this Request vague, overly broad, unduly burdensome, and not

9    reasonably calculated to lead to the discovery of admissible evidence.  AB further objects that this

10   Request is cumulative and duplicative of the requirements of Patent Local Rule 3-4(b).

11   **REQUEST FOR PRODUCTION NO. 41:**

12       All documents and other evidence referring to, relating to, or pertaining to any and all

13   prior art which You might rely on to show that any of the claims of the patents-in-suit is either

14   anticipated or rendered obvious under any subsection of 35 U.S.C. § 102 or § 103, including

15   copies of any prior art patents or publications, with each piece of any such art identified in all

16   particulars, as specified by Local Rule 3.3(a).

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

18       AB incorporates by reference its General Objections as stated above.  AB further objects

19   to this Request to the extent that it seeks documents not relevant to or reasonably calculated to

20   lead to the discovery of admissible evidence on any claim or defense in this litigation.  AB further

21   objects to this Request to the extent that it calls for a legal conclusion.  AB further objects that the

22   terms "other evidence," "relating to," and "pertaining to" render this Request vague, overly broad,

23   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

24   evidence.  AB further objects that this Request is cumulative and duplicative of the requirements

25   of Patent Local Rule 3-4(b).

26

27

28

1    Dated: December 10, 2007                MORRISON & FOERSTER LLP

2

3                                            By: _____
                                                 Eric C. Pai
4

5                                            Attorneys for Plaintiff
                                             APPLERA CORPORATION –
6                                            APPLIED BIOSYSTEMS GROUP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28