KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
GREGORY E. STANTON (CA Bar No. 203495)
JOHN R. LABBE (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: gstanton@marshallip.com
E-Mail: jlabbe@marshallip.com

Counsel for Defendants
ILLUMINA, INC. AND SOLEXA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No. 07-CV-02845 WHA |
| | District Judge William H. Alsup |
| Plaintiff, | **DECLARATION OF JOHN R. LABBÉ IN SUPPORT OF DEFENDANTS' REQUEST FOR RELIEF UNDER FED. R. CIV. P. 56(f)** |
| - vs. - | |
| ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | Date:     January 10, 2008 |
| | Time:    8:00 a.m. |
| | Place:    Courtroom 9, 19th Floor |
| Defendants. | |

1    I, John R. Labbé, declare as follows:

2        1.    I am an attorney at Marshall, Gerstein & Borun LLP, counsel of record for

3   defendants Illumina, Inc. and Solexa, Inc. (collectively, "Illumina").  I am admitted *pro*

4   *hac vice* to practice before this Court in this case.  The statements in this declaration are

5   true and correct.  If called as a witness, I could and would testify thereto under oath.

6        2.    I make this declaration in support of Illumina and Solexa's Opposition to

7   Plaintiff's Motion to Dismiss for Lack of Standing and Motion for Summary Adjudication

8   ("AB's Motion for Summary Judgment").

9        3.    On November 9, 2007, Illumina served its First and Second Sets of Requests

10   for Production (collectively, "Illumina's Document Requests") on AB.  I attach true and

11   correct copies of Illumina's Document Requests as Exhibits A and B hereto.

12        4.    On December 10, 2007, AB served written responses and objections to Il-

13   lumina's Document Requests.  AB did not produce any documents along with its written

14   responses and objections on December 10, 2007.

15        5.    I did not receive any documents from AB responsive to Illumina's Docu-

16   ment Requests until today, December 20, 2007.  Today I received two compact disks from

17   AB that, according to the labels on the disks, contain documents bearing production num-

18   bers AB 0001289 through AB 00001366 and AB 00001367 through AB 00001691.  Be-

19   cause I just received the documents on these disks today, I have not yet had an opportu-

20   nity to review any of the documents, much less assess the completeness of AB's produc-

21   tion.  Nor has counsel for Illumina had an opportunity to depose any witnesses concerning

22   these documents.

23        6.    Illumina's Document Requests include numerous requests seeking produc-

24   tion of documents that are probative concerning the ownership of the patents-in-suit in

25   this litigation.

26        7.    For example, in an effort to explore the nature of AB's business at the time

27   that Stephen Macevicz assigned the patents-in-suit to Lynx Therapeutics, Illumina has re-

28   quested that AB produce press releases, research and development plans and forecasts,

DECLARATION OF JOHN R. LABBÉ IN SUPPORT OF DEFENDANTS' REQUEST FOR RELIEF UNDER FED. R. CIV. P. 56(F); CASE NO:07-CV-02845 WHA

1    and strategic business plans and forecasts during the relevant time period. (Illumina's

2    First Set of Requests for Production, Nos. 10-12.)

3        8.    Further, Illumina has requested that AB produce the results of any patent

4    searches it has conducted that relate to the patents-in-suit and that AB produce documents

5    sufficient to show AB's practices and procedures for searching patent applications in 1995

6    through the present. (Illumina's First Set of Requests for Production, Nos. 36, 38.)

7        9.    In addition to the opportunity to review AB's document production, counsel

8    for Illumina would like the opportunity to take depositions of several former AB employ-

9    ees who may possesses knowledge of facts probative of the ownership dispute between

10   AB and Illumina. Both AB and Illumina have identified the following former AB em-

11   ployees in their initial disclosures: Sam Eletr, Paul Grossman, Mike Hunkapillar, Vincent

12   Powers, and Joseph Smith. According to AB's initial disclosures, each of these individu-

13   als possesses knowledge concerning the "rights to and ownership of the [patents-in-suit]."

14   I attach true and correct copies of Illumina's and AB's initial disclosures as Exhibits C

15   and D hereto.

16       10.    Although Drs. Sam Eletr, Paul Grossman, and Mike Hunkapillar, Mssrs.

17   Vincent Powers and Joseph Smith, are all third-party witnesses, Illumina believes that all

18   of these individuals were previously employees of AB at one time. Accordingly, in order

19   to conduct meaningful depositions of these individuals, counsel for Illumina has awaited

20   the production of documents in response to Illumina's Document Requests before seeking

21   to depose these individuals.

22       11.    Documents in AB's exclusive control and the deposition testimony of Sam

23   Eletr, Paul Grossman, Mike Hunkapillar, Vincent Powers, and/or Joseph Smith may result

24   in Illumina's discovery of numerous categories of evidence that would controvert the evi-

25   dence that AB presents in support of its current motion for summary judgment.

26       12.    For example, documents concerning the nature of AB's business in the mid-

27   1990s and the deposition testimony of AB's officers and other employees during that

28   timeframe would allow Illumina to fully discover the nature of AB's business during that

---

DECLARATION OF JOHN R. LABBÉ IN SUPPORT OF DEFENDANTS' REQUEST FOR RELIEF UNDER FED. R. CIV. P.
56(F); CASE NO:07-CV-02845 WHA

1    time.  Additional documentary and deposition discovery may serve to further support Il-

2    lumina's contention that AB's business was focused on refining one kind of DNA se-

3    quencing (*i.e.*, the Sanger Chain Termination Method) and that it would not have appreci-

4    ated nor been interested in Stephen Macevicz's inventions.

5        13.    Additional document discovery and depositions may also reveal that AB

6    knew about, or should have known about, Stephen Macevicz's assignment of patent rights

7    to Lynx Therapeutics.  Notably, Illumina has requested the results of AB's patent searches

8    during the relevant timeframe, and Illumina has requested documents reflecting AB's

9    practices and procedures for conducting patent searches.  AB has thus far refused to pro-

10   duce such documents.

11

12       I declare under penalty of perjury that the foregoing is true and correct.  Executed

13   on December 20, 2007.

14

15                         s/ John R. Labbé
                           John R. Labbé
16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JOHN R. LABBÉ IN SUPPORT OF DEFENDANTS' REQUEST FOR RELIEF UNDER FED. R. CIV. P. 56(F); CASE NO:07-CV-02845 WHA

-3-