# EXHIBIT B

# EXHIBIT B

KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
GREGORY E. STANTON (CA Bar No. 203495)
JOHN R. LABBE (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: gstanton@marshallip.com
E-Mail: jlabbe@marshallip.com

Attorneys for Defendants
ILLUMINA, INC. and SOLEXA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION --APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No. 07-CV-02845 WHA<br><br>Judge William H. Alsup<br><br>**ILLUMINA, INC. AND SOLEXA, INC.'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP [NOS. 1-28]** |

PROPOUNDING PARTIES:   Illumina, Inc. and Solexa, Inc.

RESPONDING PARTY:   Applera Corporation – Applied Biosystems Group

SET NUMBER:   Two

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Illumina, Inc. and Defendant and Counterclaim Plaintiff Solexa, Inc. (collectively, "Illumina") request that Plaintiff Applera Corporation – Applied Biosystems Group ("AB") respond to the following requests for the production of documents within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

1. "You," "Your," "Yourself," "Applied Biosystems," or "AB" refers to the Plaintiff and Counterclaim Defendant in this case, namely, Applera Corporation – Applied Biosystems Group, and all of its parents, subsidiaries, affiliates, predecessors, and successors, including, but not limited to, Agencourt (as defined below).

2. "Your SOLiD™ System" refers to, *inter alia*, the SOLiD™ Analyzer, the SOLiD™ Instrument, Computer system, and SOLiD™ Software Suite, the SOLiD™ Emuls-O-Matic™ Device, Hydroshear® from Genomic Solutions®, the Covaris™ S2 System, SOLiD™ Library Oligos, SOLiD™ Bead Deposition Kit, SOLiD™ Bead Enrichment Kit, SOLiD™ Buffer Kit, SOLiD™ ePCR Kit, SOLiD™ Slide Kit, SOLiD™ Fragment Library Sequencing Kit, SOLiD™ Instrument Buffer Kit, SOLiD™ Mate-Paired Library Sequencing Kit, SOLiD™ Sequencing Probes Kit, SOLiD™ DH10B Fragment Library Control Kit, SOLiD™ DH10B Mate-Paired Library Control Kit, and SOLiD™ Library Titration Reagent.

3. "Patents" refers to U.S. Patent No. 5,750,341, U.S. Patent No. 5,969,119, and U.S. Patent No. 6,306,597.

4. "Agencourt" means Agencourt Personal Genomics, a privately-held company acquired by You in 2006, and all present and former officers, directors, agents, employees, representatives, attorneys and accountants thereof.

5. "Person(s)" means any natural person, company, corporation, partnership, firm, association, or other entity cognizable at law, and its agents, employees, and representatives.

6. The term "Document" is used in its customary and broad sense, and includes without limitation the broadest scope given in Fed. R. Civ. P. 34(a), and specifically includes electronic data including electronic mail, computer files, backup media, and databases; files and file folders; books and their contents, whether printed or recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged or confidential or personal; namely, agreements, communications, including intra-company communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations,

-2-

summaries or records of personal conversations; diaries; forecasts; statistical statements; graphs, laboratory and engineering reports and notebooks, changes, plans, drawings, graphs, samples prototypes and tangible things, photographs, films, pictures, and videotapes; minutes or records of meetings, including directors' meetings, minutes or records of conferences; expressions of statements or policy; lists of persons attending minutes or records of conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; records, reports or summaries of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing material and notices, press releases; and litigation files and databases, Including drafts of any document, revisions of drafts of any document, original and preliminary notes and marginal comments appearing on any document. A comment or notation appearing on any document, and not a part of the original document, is considered a separate document. A draft or non-identical copy is a separate document within the meaning of the term.

7. "Communication" means any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form, including electronic forms such as e-mail.

8. "Patent Application" means all parent, continuation application, continuation-in-part application, divisional application, file-wrapper continuation, reexamination, proceeding, reissue application, provisional application or abandoned application and other applications, Including applications from which an issued patent claims priority in whole or in part, regardless of whether the patent application issued as a patent, was abandoned, or is currently pending, and regardless of whether the patent application was filed in the United States Patent and Trademark Office or any foreign patent office or both.

9. "Relate to" and "relating to" includes "constitute, summarize, memorialize, describe, relate or refer to" (as that phrase is used in Your discovery requests in this action).

10. As used herein, the words "and" and "or" shall be construed either conjunctively and disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed as being outside of its scope; the singular shall be deemed to refer to the plural and vice-versa; and any reference to the male gender shall include the female gender.

11. You are to produce the original and each non-identical copy of each document or other tangible thing requested herein which is in Your possession, custody or control, or that of Your officers, directors, employees, agents, representatives, successors, assigns and attorneys and all persons acting or purporting to act on behalf of You or who are in possession of or who may have obtained information for or on behalf of You in regard to the requested subject matter or any matter pertinent to this case.

12. Each Request shall be answered fully unless it is in good faith objected to, in which event the reasons for your objection shall be stated in detail. If an objection pertains only to a portion of a Request, or a word phrase, or clause contained within it, you are required to state your objection to that portion only and to respond to the remainder of the Request, using your best efforts to do so.

13. Whenever a Request calls for information which is not available to You in the form requested, but is available in another form or can be obtained, at least in part, from other data in Your possession, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

14. In the event that any English translation exists, either in part or in full, of any document produced in response to any Request for any document or other tangible Thing herein, You shall produce the original and each non-identical copy of such translation which is in Your possession, custody or control, or that of Your agents, attorneys, accountants, Employees or representatives.

15. These Requests are continuing in nature. You shall supplement Your responses, as and when additional responsive documents become known or available to You, or when so requested prior to trial.

16. If You contend that any document requested to be produced is protected from discovery by attorney-client privilege, attorney work-product doctrine or any other ground of privilege or immunity, then You shall identify for each such document:

(a) the name (title or position of the authors) of the document;

(b) the existence and identity of any attachments to the document;

-4-

ILLUMINA AND SOLEXA'S SECOND SET OF DOCUMENT REQUESTS

(c) the name and title or position of all persons designated as addressees or otherwise receiving copies of the document;

(d) the general subject matter of the document;

(e) the date of the document;

(f) the medium (e.g., electronic or paper), type (e.g., memorandum, letter, email, report, etc.) and length of the document;

(g) the specific grounds for withholding the document, Including the specific facts upon which You will rely to establish the asserted attorney-client privilege, work product doctrine, or other ground of privilege.

If an attachment to a document is also being withheld on the grounds of privilege, in addition to being identified as required by subpart (b), above, such attachment shall be identified in the privilege log as a separate document.

17. All requested documents produced shall be organized either to correspond to the categories in these requests, or as they are kept in the ordinary course of business. In either case, the file name, path and directory information for each such document shall also be provided. If produced in hard copy, all pages now stapled or fastened together shall be produced stapled or fastened together, and shall include all attachments currently or previously appended to each document, regardless of whether such attachments themselves are responsive to these requests. All documents that cannot be legibly copied shall be produced in original form.

18. If any document responsive to this request once existed but has been destroyed, lost, discarded or is otherwise not available for production, You shall identify in writing each such document, including the date of the document's creation, a description of the document's subject matter, the name and address of each person who prepared, received, viewed, or had possession, custody or control of the document or otherwise had knowledge of its subject matter, and a statement of the circumstances under which the document was destroyed, lost, discarded or why such document is not otherwise available for production.

# REQUESTS FOR PRODUCTION

1. Documents sufficient to identify each individual involved in the research, development, promotion, and marketing of Your SOLiD™ System technology.

2. Documents sufficient to show Your internal business organization and employee hierarchy relating to the research, development, promotion, and marketing of Your SOLiD™ System, including the reporting relationships of officers, managing agents, and employees whose duties and/or responsibilities relate in any way to Your SOLiD™ System.

3. All documents referring, relating or pertaining to the research and development of Your SOLiD™ System.

4. Documents sufficient to show the operation of Your SOLiD™ System, including, but not limited to, detailed step-wise descriptions of the procedures, reagents, chemical reactions, and any physical or chemical manipulations or steps utilized by the one-base and dual-base methods of employing the SOLiD™ System technology, as well as any other product, system, technology, or device employing or embodying the SOLiD™ System technology.

5. Source code, specifications, schematics, flowcharts, artwork, formulas, or other documentation sufficient to show the operation of Your SOLiD™ System.

6. All Specification Sheets, Product Brochures, and Application Fact Sheets relating to Your SOLiD™ System.

7. A functional sample of each product, reagent, instrument, component and device (including all software components and code) that has been or is promoted, marketed or sold by You relating to Your SOLiD™ System.

8. Documents sufficient to show each of the instructions provided by You for the use of Your SOLiD™ System by a purchaser or licensee.

9. All User's Manuals and Package Inserts relating to Your SOLiD™ System.

10. All documents relating to the training of any individual to use Your SOLiD™ System.

11. All documents relating to any patent application or patent disclosing, describing, claiming, or relating to any aspect of Your SOLiD™ System.

12. All documents relating to any analysis of Agencourt's "cycled ligation sequencing" or "massively parallel sequencing by ligation" technology.

13. All documents relating to opinions or studies of any kind (including opinions of counsel) that refer or relate to whether any aspect or feature of Agencourt's "cycled ligation sequencing" or "massively parallel sequencing by stepwise ligation" technology or any other product does or does not infringe any claim of the Patents.

14. All documents relating to opinions or studies of any kind (including opinions of counsel) that refer or relate to whether any aspect or feature of Your SOLiD™ System or any other product made, marketed or sold by You infringes any claim of the Patents.

15. All documents relating to Your SOLiD™ System that have been submitted to any government agency or body anywhere in the world.

16. All documents that refer or relate to sales of Your SOLiD™ System including:

(a) number of units sold;

(b) dollar amount of sales;

(c) gross profits;

(d) net profits;

(e) fixed costs per unit relating to or otherwise attributable or attributed to Your SOLiD™ System; and

(f) variable costs per unit relating to or otherwise attributable or attributed to Your SOLiD™ System.

17. Documents sufficient to identify each sale or license of any product constituting or embodying Your SOLiD™ System, including the date of sale or license, the identity of the purchaser or licensor, the price or royalty paid or to be paid, and all other terms of the transaction.

18. All documents relating to any analysis of potential customers for Your SOLiD™ System.

19. All documents relating to any analysis of the pricing of Your SOLiD™ System.

20. All documents relating to promotion, advertising and marketing of Your SOLiD™ System.

21. All documents relating to budgets and plans for promotion, advertising, and marketing of Your SOLiD™ System.

22. All documents relating to any forecast or projection of sales of Your SOLiD™ System in the United States.

23. Your audited and unaudited financial statements since May 12, 1998 including income statements, cash flow statements, and balance sheets.

24. All documents constituting, pertaining to, or reflecting an established royalty for a patent license in the art to which the Patents pertain, and all documents and other evidence supporting your determination or calculation of what you contend would be a reasonable royalty in this case.

25. All patent license agreements referring or relating to any DNA sequencing technology.

26. Documents sufficient to show Your corporate structure since May 12, 1998.

27. Your organizational charts, telephone directories, and employee lists since May 12, 1998.

28. Documents sufficient to show Your corporate history since May 12, 1998.

-8-

DATED: November 9, 2007

*/s/ John Labbe*

KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
GREGORY E. STANTON (CA Bar No. 203495)
JOHN R. LABBE (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: gstanton@marshallip.com
E-Mail: jlabbe@marshallip.com

Attorneys for Defendants
ILLUMINA, INC. and SOLEXA, INC.

ILLUMINA AND SOLEXA'S SECOND SET OF DOCUMENT REQUESTS

# PROOF OF SERVICE

I am an attorney, and on November 9, 2007, I caused the

**ILLUMINA, INC. AND SOLEXA, INC.'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP [NOS. 1-28]**

to be served via electronic mail by electronically mailing a true and correct copy through Marshall, Gerstein & Borun LLP's electronic mail system to the e-mail addresses set forth below, and via First Class U.S. Mail, postage prepaid, deposited at 233 South Wacker Drive, Chicago, Illinois upon:

**COUNSEL FOR PLAINTIFF:**

BRYAN WILSON
DARA TABESH
ERIC C. PAI
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
E-Mail: BWilson@mofo.com
E-Mail: DTabesh@mofo.com
E-Mail: EPai@mofo.com

DAVID C. DOYLE
STEVEN E. COMER
ANDERS T. AANNESTAD
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
E-Mail: DDoyle@mofo.com
E-Mail: SComer@mofo.com
E-Mail: AAannestad@mofo.com

KURTIS MacFERRIN
APPLERA CORPORATION –
  APPLIED BIOSYSTEMS GROUP
850 Lincoln Centre Drive
Foster City, CA 94404
E-Mail: Kurtis.MacFerrin@appliedbiosystems.com

**COUNSEL FOR DEFENDANT STEPHEN MACEVICZ:**

BASIL FTHENAKIS
TECHNOLOGY & INTELLECTUAL PROPERTY
  STRATEGIES GROUP PC
1000 Elwell Court, Suite 150
Palo Alto, CA 94303
E-Mail: bfthenakis@tipsgroup.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Chicago, Illinois, this 9th day of November, 2007.

_____
John R. Labbé