# EXHIBIT C

1  BRYAN WILSON (CA BAR NO. 138842)
   ERIC C. PAI (CA BAR NO. 247604)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792
   E-Mail: BWilson@mofo.com
5  E-Mail: EPai@mofo.com

6  DAVID C. DOYLE (CA SBN 70690)
   STEVEN E. COMER (CA SBN 154384)
7  ANDERS T. AANNESTAD (CA SBN 211100)
   MORRISON & FOERSTER LLP
8  12531 High Bluff Drive, Suite 100
   San Diego, California 92130-2040
9  Telephone: 858.720.5100
   Facsimile: 858.720.5125
10 E-Mail: DDoyle@mofo.com
   E-Mail: SComer@mofo.com
11 E-Mail: AAannestad@mofo.com

12 Attorneys for Plaintiff
   APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP
13

14                   UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17

18 | APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, | Case No. 07-CV-02845 WHA |
|---|---|
| Plaintiff, | **APPLIED BIOSYSTEMS' AMENDED INITIAL DISCLOSURE STATEMENT** |
| v. | (Fed. R. Civ. P. 26(a)(1)) |
| ILLUMINA, INC., SOLEXA, INC., AND STEPHEN C. MACEVICZ, | Judge: The Honorable William Alsup |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Applera Corporation – Applied Biosystems Group ("AB") hereby makes its amended initial disclosures.

### A. General Statements Regarding Initial Disclosures

Consistent with F.R.C.P. 26(a)(1), AB has disclosed witnesses and categories of documents that AB may use to support its claims or defenses, unless solely for impeachment. AB provides these initial disclosures based upon a reasonable investigation and the information reasonably available to it at this time. However, the claims and defenses that may arise in this matter are complex, Solexa has not yet provided any specific contentions in support of its allegations of patent infringement, and the parties have not yet produced information in discovery. Accordingly, AB reserves the right to supplement these disclosures as discovery and case developments proceed, as new information arises and/or as otherwise necessary and appropriate. For example, AB may provide supplemental disclosures after Solexa has served its infringement contentions and disclosures under Patent Local Rules 3-1 and 3-2. In addition, to the extent that there exist other potentially relevant witnesses and categories of documents that AB presently does not intend to use in support of its claims or defenses, AB has not listed those witnesses or categories of documents. AB reserves the right to supplement these initial disclosures should AB determine that it may use an additional witness, document or category of documents. *See* Advisory Committee Notes to the 2000 Amendments to F.R.C.P. 26.

AB designates witnesses and categories of documents that AB presently believes it may use to support its claims or defenses. AB, however, may not in fact use all designated witnesses or documents. AB does not admit that these witnesses do or will possess discoverable information or that these categories of documents are or will be discoverable. AB reserves its right to object to the discovery of any witness, document or category of documents responsive to a discovery request, regardless of whether the witness, document or category of documents is disclosed herein.

Consistent with F.R.C.P. 26(a)(1)(B), AB has disclosed and described only those categories of documents in AB's possession, custody or control.

When AB identifies categories of "documents," these documents may include hard copies, information on computer, or both. Also, the "documents" are not necessarily located or maintained in discrete file folders, but the term may refer to, for example, a compilation of documents, a single document, documents stored in various locations, or otherwise. The term "documents" includes documents, data compilations and tangible things.

The categories of documents identified include documents protected by the attorney-client privilege, the work product doctrine and/or other applicable legal privileges and protections. Similarly, the witnesses identified may possess knowledge or information protected by the attorney-client privilege, the work product doctrine and/or other applicable legal privileges and protections. By listing the witnesses, documents and categories of documents, AB does not waive these privileges and protections, and AB reserves its right to assert any applicable privilege or protection at an appropriate time. In response to a proper document request, and unless otherwise agreed, AB will describe the nature of such privileged and/or protected documents to the extent required by law.

The categories of documents identified herein include documents which contain proprietary or confidential information for which a protective order limiting their disclosure may be appropriate under F.R.C.P. 26(c). By listing the categories of documents, AB does not waive its right to designate the documents under the protective order in this case, or seek an additional protective order should such an order be necessary.

B.  **Initial Disclosures Regarding Individuals (Fed. R. Civ. P. 26(a)(1)(A)).**

The persons likely to have discoverable information relevant to this dispute that AB may rely on to support its claims and defenses include those listed below. AB notes that this list of potential witnesses is necessarily long because AB does not presently know what claims of the patents-in-suit will be asserted against AB, what specific products will be accused of infringement, or what theories of infringement will be alleged against AB. AB has identified potential witnesses to cover what it presently believes to be the full range of potential issues.

The identity of certain witnesses, including key persons from the various groups that work on research and development, design, and/or function of AB's DNA sequencing products,

constitutes AB's highly confidential information. Those witnesses are listed on Attachment A, which is designated Highly Confidential – Outside Attorneys' Eyes Only and should be treated accordingly.

Additional witnesses are listed in the chart below.

| Person | Subject |
|---|---|
| Scott Bortner<br>c/o Morrison & Foerster | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Sydney Brenner | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Kim Caple<br>c/o Morrison & Foerster | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Cooley Godward Kronish LLP<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306 | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Kevin Corcoran<br>c/o Morrison & Foerster | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Peter Dehlinger<br>Perkins Coie LLP<br>101 Jefferson Drive<br>Menlo Park, CA 94025 | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Sam Eletr<br>94 Norwood Avenue<br>Kensington, CA 94707 | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Paul Grossman<br>c/o Morrison & Foerster | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Mike Hunkapiller<br>c/o Morrison & Foerster | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| James C. Kitch<br>Cooley Godward Kronish LLP<br>5 Palo Alto Square<br>Palo Alto, CA 94306 | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Jason Liu<br>c/o Morrison & Foerster | Marketing information regarding AB's DNA sequencing products. |
| Stephen C. Macevicz<br>c/o Basil Fthenakis<br>1000 Elwell Court, Suite 150<br>Palo Alto, CA 94303 | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |

AB's Amended Initial Disclosure Statement         -3-
Case No. 07-CV-02845 WHA

pa-1196095

| | |
|---|---|
| Charles Moehle<br>c/o Morrison & Foerster | Licensing information, including license agreements. |
| Vince Powers<br>Cepheid, Inc.<br>904 Caribbean Drive<br>Sunnyvale, CA 94089 | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Linda Rubinstein | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Ed Salay<br>c/o Morrison & Foerster | Financial information regarding AB's DNA sequencing products. |
| Kathy San Roman | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |
| Joseph Smith<br>c/o Morrison & Foerster | The rights to and ownership of the Application, the '341 Patent, the '119 Patent, and the '597 Patent. |

Other individuals employed by or associated with Illumina or Solexa may be in possession of relevant information to support AB's claims and defenses. In addition to the above-listed individuals, AB incorporates all individuals identified by all other parties to this action in their initial disclosures.

Through identification of specific individuals in this disclosure, AB does not waive any attorney-client privilege or work product protection that may exist.

C.    **Initial Disclosures Regarding Documents (Fed. R. Civ. P. 26(a)(1)(B)).**

AB discloses and describes by category the following documents, data compilations and tangible things that are or may be in the possession, custody or control of AB and that AB currently and reasonably believes it may use to support its claims or defenses, unless solely for impeachment.

1.    Stephen C. Macevicz's employee and personnel files from the period when he was employed by AB.

2.    Lab notebooks, invention disclosures, memoranda, patent applications, patents, patent assignments, invention agreements, and other documents and materials worked on, generated, or kept by Stephen C. Macevicz while he was employed by AB.

    3.      The AB Employee Invention Agreement signed by Stephen C. Macevicz and similar invention agreements signed by other AB employees or personnel.

    4.      The Corporate Services Agreement between AB and Lynx Therapeutics, Inc.

    5.      Press releases, research and development plans, business plans, and SEC filings from the period when Stephen C. Macevicz was employed by AB.

    6.      U.S. Patent Application No. 08/424,663, its file history, and related documents.

    7.      U.S. Patent Nos. 5,750,341, 5,969,119, and 6,306,507 (collectively, the "Patents"), their file histories, and related documents.

    8.      Prior art to the Patents.

    9.      Documents related to AB's DNA sequencing products, including research and development, design, and function of AB's DNA sequencing products.

    10.    Licensing information, including license agreements.

    11.    Financial records, including but not limited to revenues, costs, and sales regarding AB's DNA sequencing products.

These documents and materials are located in AB's offices and electronic databases in Foster City, California and in off-site storage facilities maintained by third-party vendors.

Through identification of specific documents or categories of documents in this disclosure, AB does not waive any attorney-client privilege or work product protection that may exist.

**D.**     **Initial Disclosures Regarding Computation of Damages (Fed. R. Civ. P. 26(a)(1)(C)).**

Actual, incidental, and consequential damages from Illumina and Solexa, together with interest, in an amount to be proven at trial, as well as punitive damages from Illumina and Solexa according to proof. AB reserves the right to bring any and all claims for damages in this case.

AB does not believe that Defendants have suffered any damages resulting from any alleged conduct by AB.

**E.**     **Initial Disclosures Regarding Insurance (Fed. R. Civ. P. 26(a)(1)(D)).**

AB's Amended Initial Disclosure Statement     -5-
Case No. 07-CV-02845 WHA

pa-1196095

At this time, AB is unaware of any insurance agreement implicated by this litigation. Therefore, insurance agreements are not identified at this time.

The undersigned counsel certifies that to the best of his knowledge, information and belief, formed after reasonable inquiry under the circumstances, this disclosure is complete and correct as of this date.

Dated: September 28, 2007

BRYAN WILSON
DAVID C. DOYLE
MORRISON & FOERSTER LLP

By: /s/ Eric C. Pai
    Eric C. Pai

Attorneys for Plaintiff
APPLIED BIOSYSTEMS

AB's Amended Initial Disclosure Statement
Case No. 07-CV-02845 WHA     -6-

pa-1196095