1  KEVIN M. FLOWERS (admitted *pro hac vice*)
2  THOMAS I. ROSS (admitted *pro hac vice*)
   JEFFREY H. DEAN (admitted *pro hac vice*)
3  GREGORY E. STANTON (CA Bar No. 203495)
   JOHN R. LABBE (admitted *pro hac vice*)
4  MARSHALL, GERSTEIN & BORUN LLP
5  6300 Sears Tower
   233 South Wacker Drive
6  Chicago, Illinois 60606-6357
7  (312) 474-6300 (telephone)
   (312) 474-0448 (facsimile)
8  E-Mail: kflowers@marshallip.com
   E-Mail: tross@marshallip.com
9  E-Mail: jdean@marshallip.com
   E-Mail: gstanton@marshallip.com
10 E-Mail: jlabbe@marshallip.com
11
   Counsel for Defendant
12 STEPHEN C. MACEVICZ

13

14                  UNITED STATES DISTRICT COURT
15                 NORTHERN DISTRICT OF CALIFORNIA
16                      SAN FRANCISCO DIVISION
17

18 _____ )
                                    )
19 APPLERA CORPORATION—APPLIED      )  Case No. 07-CV-02845 WHA
   BIOSYSTEMS GROUP, a Delaware     )
20 corporation,                     )  District Judge William H. Alsup
                                    )
21            Plaintiff,            )  **REPLY MEMORANDUM OF**
                                    )  **DEFENDANT STEPHEN C.**
22     - vs. -                      )  **MACEVICZ IN SUPPORT OF HIS**
                                    )  **MOTION TO DISMISS OR IN THE**
23                                  )  **ALTERNATIVE STRIKE PORTIONS**
                                    )  **OF FIRST AMENDED COMPLAINT**
24 ILLUMINA, INC., a Delaware corporation, )
   SOLEXA, INC., a Delaware corporation,   )
25 and STEPHEN C. MACEVICZ, an      )  Date:  January 10, 2008
26 individual,                      )  Time:  8:00 a.m.
                                    )  Place: Courtroom 9, 19th Floor
27            Defendants.           )
28 _____ )

**REPLY MEMORANDUM OF DEFENDANT STEPHEN C. MACEVICZ IN SUPPORT OF HIS MOTION TO DISMISS OR IN THE ALTERNATIVE STRIKE PORTIONS OF FIRST AMENDED COMPLAINT; CASE NO: 07-CV-02845 WHA**

1   In an attempt to avoid dismissal of its First Amended Complaint (the "Complaint") against Defendant Stephen C. Macevicz, AB interjects numerous allegations and speculative claims for relief that are not found in its Complaint. Macevicz seeks dismissal of AB's current Complaint against him, not a hypothetical Complaint that AB has not pled nor sought leave of Court to file. AB's Complaint as pled fails to include any claims against Macevicz upon which the Court could possibly grant AB any relief. First, AB cannot recover equitable relief against Macevicz because the Complaint fails to plead any facts to suggest that Macevicz holds any title whatsoever to the patents-in-suit. In fact, Macevicz assigned whatever rights he had in the patents-in-suit to Lynx Therapeutics, Inc. (now Solexa, Inc.) in 1995. Accordingly, Solexa indisputably holds legal title to the patents. AB cannot, and does not, plead contrary facts in its Complaint. Moreover, AB does not and cannot seek damages against Macevicz in its Complaint. Although AB now complains in its Opposition that Macevicz may have breached a release agreement between AB and Macevicz, the Complaint makes no mention of the release agreement and fails to state a claim for breach of it.

**I.    AB HAS NO EQUITABLE CLAIM AGAINST MACEVICZ.**

    **A.    Macevicz Does Not Hold Title to the Patents-in-Suit and AB Fails to Plead Any Facts to the Contrary.**

Macevicz indisputably assigned his legal title to the patents-in-suit in 1995 when he assigned the patent application underlying the patents to Lynx Therapeutics, Inc. ("Lynx") (now Solexa, Inc.). In its Opposition, AB argues that determining ownership of the patents is one of the ultimate issues in this case and that it is entitled to a judgment against Macevicz in order to remove any cloud over AB's title to the patents. (Opp. at 3–4.)

Indeed, ownership of the patents is a central issue in this case, but Macevicz has no stake in the dispute. AB does not plead that Macevicz holds legal title to the patents. Nor could it. The Court should take judicial notice of Macevicz's 1995 assignment, recorded with the Patent & Trademark Office, of the patent application leading to all three of the patents-in-suit. Although AB alleges in its Complaint that it is entitled to recover title to

REPLY MEMORANDUM OF DEFENDANT STEPHEN C. MACEVICZ IN SUPPORT OF HIS MOTION TO DISMISS OR IN THE ALTERNATIVE STRIKE PORTIONS OF FIRST AMENDED COMPLAINT; CASE NO: 07-CV-02845 WHA

-1-

the patents from Solexa, AB cannot recover title to the patents from Macevicz because Macevicz assigned his rights in the patents to Solexa. *See, e.g.*, *Filmtec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1573 (Fed. Cir. 1991) (distinguishing between legal title and equitable title). Indeed, by alleging that Lynx converted the patents-in-suit, AB recognizes that Lynx (now Solexa) holds legal title to the patents.[1]

In addition to failing to plead that Macevicz has *legal title* to the patents-in-suit, AB also fails to plead any facts to suggest that Macevicz has *equitable title* to the patents-in-suit. Instead, AB alleges that it holds equitable title by virtue of its Employee Invention Agreement with Macevicz. (Compl. ¶¶ 12, 49–50.) Accordingly, taking all the facts that AB alleges in its Complaint to be true, Macevicz has no interest in the patents. Instead, Solexa holds legal title to the patents, and AB has, at best, an equitable claim to the patents under the Employee Invention Agreement. Macevicz, however, has no place in the ownership dispute.

AB further argues in its Opposition that Macevicz's assignment to Lynx was "void, voidable, or otherwise invalid" because Macevicz assigned the patents under an illegal contract, Macevicz was an agent of AB, and because Lynx was not a bona fide purchaser for value. (Opp. at 5.) Yet none of these arguments change the fact that Macevicz assigned his rights in the patents to Lynx in 1995. Rather, these arguments address whether Macevicz was *entitled to assign* his rights to Lynx and whether Lynx may keep title to the patents despite AB's equitable claims. These arguments cannot vest Macevicz with title to the patents that he assigned to Lynx.

AB is wrong to suggest that "[if] Lynx was not a BFP, then . . . Dr. Macevicz might still claim some form of interest in the patents." (Opp. at 6.) Macevicz cannot and does not claim any interest in the patents-in-suit. Solexa now holds legal title to the pat-

---

[1] By the very nature of this lawsuit, AB recognizes that Macevicz no longer has title to the patents-in-suit. If AB thought that Macevicz still held title to the patents, AB would not be suing him for breach of contract or for breach of fiduciary duty, nor would AB be suing Solexa to recover title to the patents that AB alleges Solexa converted.

**REPLY MEMORANDUM OF DEFENDANT STEPHEN C. MACEVICZ IN SUPPORT OF HIS MOTION TO DISMISS OR IN THE ALTERNATIVE STRIKE PORTIONS OF FIRST AMENDED COMPLAINT; CASE NO: 07-CV-02845 WHA**

ents because Macevicz assigned title to it. The only question under the BFP rule is whether AB has an equitable claim to the patents that trumps Solexa's legal title. Macevicz is not a necessary party to the resolution of that dispute between AB and Solexa. In any event, what Macevicz "might still claim" if Lynx is not a BFP is purely speculative and not a part of AB's current Complaint.

### B. The Hypothetical Scenarios That AB Suggests in Its Opposition Do Not Create an Actual Case or Controversy Between AB and Macevicz.

In its Opposition, AB cites numerous hypothetical scenarios under which it might benefit from a judgment entered against Macevicz in this case. (Opp. at 3-4.) But "conjectural" or "hypothetical" disputes are never sufficient to give rise to a justiciable case or controversy nor are disputes where the relief sought is merely speculative. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). AB's effort to divine numerous hypothetical scenarios that it did not plead in its Complaint cannot save its case against Macevicz. These conjectural theories do not create a case or controversy where no dispute otherwise exists between AB and Macevicz.

## II. AB'S COMPLAINT DOES NOT SEEK MONETARY DAMAGES FROM MACEVICZ.

Regardless of the reason, AB does not seek damages from Macevicz in its Complaint. AB now says in its Opposition that it does not seek damages because AB and Macevicz entered a release in 2006 that would prevent AB from seeking damages from Macevicz. (Opp. at 6.) But based on the Complaint now before the Court, AB fails to state a claim against Macevicz for which the Court may award any damages to AB.

In its Opposition, AB alleges that Macevicz has breached his release agreement with AB by relying on the release as the basis for his Motion to Dismiss. (Opp. at 6–7.) Not surprisingly, AB cites no authority for this bizarre proposition that Macevicz could somehow breach his release by interposing it as a defense to litigation. The very purpose of the release agreement between AB and Macevicz is to prevent Macevicz from incurring financial liability to AB. The release agreement itself recognizes this purpose, stating that

**REPLY MEMORANDUM OF DEFENDANT STEPHEN C. MACEVICZ IN SUPPORT OF HIS MOTION TO DISMISS OR IN THE ALTERNATIVE STRIKE PORTIONS OF FIRST AMENDED COMPLAINT; CASE NO: 07-CV-02845 WHA**

-3-

the parties "agree not to use this Agreement in any lawsuit, *except as may be necessary to enforce this Agreement.*" (Wilson Decl. Ex. 1, ¶ 3 (emphasis added).) To the extent that Macevicz is relying on the release agreement (which he did not even mention in his Motion to Dismiss), he is only relying on it as necessary to enforce it and avoid any possible award of damages against him.

In any event, Macevicz's Motion to Dismiss is directed to AB's current Complaint, which makes no mention of any breach of the release agreement between AB and Macevicz. Nor does AB's current Complaint include any claims concerning what AB describes as "newly-discovered" "other claims for damages against Dr. Macevicz that fall outside of the scope of the Release." (Opp. at 7.) Even if AB could state claims against Macevicz for any additional wrongdoing, those claims are not part of AB's current Complaint and can form no basis for denying Macevicz's Motion to Dismiss.[2]

### III. MACEVICZ WILL NOT AGREE TO ENTRY OF JUDGMENT AGAINST HIM.

AB suggests that Macevicz "can remove himself from the case by agreeing to entry of judgment on all claims asserted against him." (Opp. at 7–8.) While this suggested course of action may serve to conclude the litigation against Macevicz, agreeing to entry of judgment would subject Macevicz to liability that he denies. Instead of holding Macevicz accountable to AB, the Court should dismiss AB's Complaint against Macevicz because it fails to state any claims against him upon which the Court can grant relief. Under these circumstances, Macevicz is uninterested in conceding to the entry of a judgment against him.

---

[2] In fact, AB is wrong to say that it has not released Macevicz for "newly-discovered" breaches. The release agreement between AB and Macevicz covers "unknown and unanticipated" claims and includes a waiver of any rights under Section 1542 of the California Civil Code. (Wilson Decl. Ex. 1, ¶ 5.)

**REPLY MEMORANDUM OF DEFENDANT STEPHEN C. MACEVICZ IN SUPPORT OF HIS MOTION TO DISMISS OR IN THE ALTERNATIVE STRIKE PORTIONS OF FIRST AMENDED COMPLAINT; CASE NO: 07-CV-02845 WHA**

-4-

### IV. AB FAILS TO ADDRESS WHY MACEVICZ IS A PARTY TO ITS DECLARATORY JUDGMENT CLAIMS.

In its Opposition, AB fails to address why it named Macevicz as a party to its Eighth, Ninth, and Tenth Causes of Action seeking declaratory judgment regarding the infringement, validity, and enforceability of the patents-in-suit. AB has not pled any facts to indicate why it apprehends that Macevicz might sue it for infringement of patents that Macevicz does not own. Notably, Macevicz has not brought any counterclaims against AB for infringement of the patents-in-suit. Accordingly, because AB cannot possibly apprehend that Macevicz will sue it for patent infringement, the Court should dismiss Macevicz as a party from the patent declaratory judgment claims.

### CONCLUSION

For the foregoing reasons, the Court should dismiss all claims of AB's First Amended Complaint directed against Macevicz under Fed. R. Civ. P. 12(b)(6) because they fail to state a claim upon which relief can be granted.

Dated: December 27, 2007

Respectfully submitted,

_s/ Gregory E. Stanton_
KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
GREGORY E. STANTON (CA Bar No. 203495)
JOHN R. LABBE (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: gstanton@marshallip.com
E-Mail: jlabbe@marshallip.com

*Attorneys for Defendant Stephen C. Macevicz*

**REPLY MEMORANDUM OF DEFENDANT STEPHEN C. MACEVICZ IN SUPPORT OF HIS MOTION TO DISMISS OR IN THE ALTERNATIVE STRIKE PORTIONS OF FIRST AMENDED COMPLAINT; CASE NO: 07-CV-02845 WHA**

-5-