# EXHIBIT  D

I hereby certify that this correspondence is being deposited with the U.S. Postal Service with sufficient postage as First Class
Mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C., 20231, on:

Date: Oct 16, 1996          By: Vincet M Powers

DOCKET NO.: 5525-0015

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

IN RE APPLICATION OF:

    Stephen C. Macevicz          EXAMINER:  P.B. Tran

SERIAL NO.: 08/424,663          ART UNIT:  1807

FILED:  April 17, 1995

FOR: DNA Sequencing by Parallel
     Oligonucleotide Extensions

### AMENDMENT

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

    In response to the Office action mailed April 16, 1996,
please amend the application as indicated below.  A Petition for
3-Month Extension of Time with fee is enclosed herewith.

In the Specification:

    On page 3, line 32, change "required" to --require--.
    On page 4, line 21, after "that" insert --of--; on
line 27, change "initializiang" to --initializing--; and on
line 30, change "identifed" to --identified--.
    On page 5, line 24, change "the the" to --the--.
    On page 6, line 28, after "start" insert --of--; and on
line 35, change "i in" to "in".
    On page 7, line 25, change "be be" to --be--.
    On page 12, line "4.816,571" to --4,816,571--.
    On page 13, line 7, change "application," to
--application number--; and on line 26, insert --step-- after
"ligation", and change "steps" to --step--.
    On page 14, line 22, change "Internation" to
--International--.

ILL000280

On page 17, line 1, after "by" delete "several"; line 16, change "hybrized" to --hybridized--; on line 19, change "hybrization" to --hybridization--; and on line 24, change "simutaneously" to --simultaneously--.

On page 18, line 35, change "stingency" to --stringency--.

On page 20, line 3, after "on" insert --the--; on line 7, change "corresponence" to --correspondence--; and on line 32, after "pUC19", insert --(SEQ ID NO. 1)--.

On page 21, line 33, before "5'-", insert --(SEQ ID NO. 2)    --; and on line 35, before "5'-", insert --(SEQ ID NO. 3)    --.

On page 22, line 1, before "5'-", insert --(SEQ ID NO. 4)    --; on line 3, before "5'-", insert --(SEQ ID NO. 5)    --; and on line 29, change "))" to --)--.

On page 23, line 13, before "and", insert --(SEQ ID NO. 6)--; on line 14, change "3'" to --3' (SEQ ID NO. 7)--; and on line 22, before "5'-", insert --(SEQ ID NO. 8)    --.

In the Claims:

Please cancel claims 4, 8 and 13-19, without prejudice.

Please amend claims 1-3, 5, 7, 9, 11 and 12 as follows:

1.  (Amended)  A method for [identifying] determining a sequence of nucleotides in a target polynucleotide, the method comprising the steps of:

[(a) extending an initializing oligonucleotide along the polynucleotide by ligating an oligonucleotide probe thereto to form an extended duplex;

(b) identifying one or more nucleotides of the polynucleo-tide; ]

(a) providing a probe-target duplex comprising an initial-izing oligonucleotide probe hybridized to a target polynucleotide, said probe having an extendable probe terminus;

2

(b) ligating an extension oligonucleotide probe to said extendable probe terminus, to form an extended duplex containing an extended oligonucleotide probe;

(c) identifying, in the extended duplex, at least one nucleotide in the target polynucleotide that is either (1) complementary to the just-ligated extension probe or (2) a nucleotide residue in the target polynucleotide which is immediately ~~adjacent to; and~~ downstream of/ the extended oligonucleotide probe;

(d) generating an extendable probe terminus on the extended probe, if an extendable probe terminus is not already present, such that the terminus generated is different from the terminus to which the last extension probe was ligated; and

[(c)] (e) repeating steps [(a) and] (b), (c) and (d) until [the] a sequence of nucleotides in the target polynucleotide is determined.

2.   (Amended)  The method of claim 1 wherein each [said] extension [oligonucleotide] probe has a chain-terminating moiety at a terminus distal to said initializing oligonucleotide probe.

3.   (Amended)  The method of claim 2 wherein said step of identifying includes removing said chain-terminating moiety and extending said extended oligonucleotide probe with a nucleic acid polymerase in the [presense] presence of one or more labeled chain-terminating nucleoside triphosphates.

~~4~~.  (Amended)  The method of claim [4] 3 wherein said extension [oligonucleotide] probe includes a subsequence of four ribonucleotides and wherein said step of regenerating includes cleaving said extended oligonucleotide probe with RNase H.

~~6~~.  (Amended)  The method of claim 2 further including a step of capping an extended [duplex] oligonucleotide probe [or said initializing oligonucleotide] whenever [the extended duplex or said initializing oligonucleotide fails to ligate to said oligonu-

3

*a 3*

cleotide probe] <u>no extension probe has ligated to the extendable</u>
<u>terminus in the ligation step.</u>

*a 4*

7 8.  (Amended)  The method of claim [8] <u>2</u> wherein said step of
regenerating includes cleaving a chemically scissile internucleo-
sidic linkage in said extended [duplex] <u>oligonucleotide probe</u>.

9 1x.  (Amended)  The method of claim [8] <u>2</u> wherein said step
of regenerating includes enzymatically cleaving an internucleo-
sidic linkage in said extended [duplex] <u>oligonucleotide probe</u>.

*a s⁻*

10 1x.  (Amended)  The method of claim 1x wherein [said] <u>at</u>
<u>least one extension</u> [oligonucleotide] probe includes a subsequence
of four ribonucleotides and wherein said step of regenerating
includes cleaving said oligonucleotide probe with RNase H.

Please add claims 20-28 as follows:

*a 6*

--20.  The method of claim 1, wherein step (a) includes
providing, in separate aliquots, a plurality of distinct target-
primer duplexes, each distinct duplex comprising an initializing
oligonucleotide primer hybridized to a target polynucleotide,
wherein
    the target polynucleotide in each duplex is the same, but the
initializing oligonucleotide in each duplex is bound to a differ-
ent sequence of the target polynucleotide; and
    steps (b) to (e) are carried out independently on each
aliquot.

*c*

21.  The method of claim 20 wherein for each aliquot, said extension
oligonucleotide probe has a chain-terminating moiety at a terminus
distal to said primer.

22.  The method of claim 21 wherein for each aliquot, said
step of identifying includes removing said chain-terminating
moiety and extending said extended oligonucleotide probe with a

4

*33*

ILL000283

nucleic acid polymerase in the presence of one or more labeled
chain-terminating nucleoside triphosphates.

18 ~~26~~. The method of claim ~~26~~ wherein for each aliquot, said
extension probe includes a subsequence of four ribonucleotides and
wherein said step of regenerating includes cleaving said extended
oligonucleotide probe with RNase H.

15 ~~24~~. The method of claim ~~20~~ wherein said chain-terminating
moiety is a 3' phosphate.

a6

16 ~~26~~. The method of claim ~~20~~ further including a step of
capping an extended oligonucleotide probe whenever no extension
probe has ligated to the extendable terminus in the ligation step.

17 ~~26~~. The method of claim ~~20~~ wherein for each aliquot, said
step of regenerating includes cleaving a chemically scissile
internucleosidic linkage in said extended oligonucleotide probe.

18 ~~28~~. The method of claim ~~28~~ wherein said chemically scissile
internucleosidic linkage is a phosphoramidate.

19 ~~26~~. The method of claim ~~20~~ wherein for each aliquot, said
step of regenerating includes enzymatically cleaving an inter-
nucleosidic linkage in said extended duplex.--

REMARKS

Reconsideration of the rejections set forth in the Office
action mailed April 16, 1996 is respectfully requested. By the
present amendment, claims 4, 8 and 13-19 have been canceled,
claims 1-3, 5, 7, 9, 11 and 12 have been amended, and claims 20-28
have been added. Claims 1-3, 5-7, 9-12, and 20-28 are pending in
the application.

3.4

5

ILL000284

I. Amendments

The specification has been amended to correct various typo-graphical errors, and to include SEQ ID identifiers.

The claims have been amended to correct typographical errors and provide further clarification. In particular, claim 1 has been amended to include the step of providing a probe-target duplex preliminary to the ligation step; to further define the identifying step; and to add a step (d) for generating an extend-able probe terminus on the extended probe, if necessary, prior to the next ligation cycle. Claims 2, 3, 5, 7, 9, 11 and 12 have been amended to comport with the language of claim 1 and to correct minor typographical errors.

Support for amended claim 1 can be found in original claim 1, and in the specification and drawings at least at the following locations:

Step (a): page 4, lines 5-8;

step (b): page 4, lines 8-10;

step (c): page 4, lines 11-13; Figs. 1 to 3B and correspond-ing text in the application (identification of target nucleotides complementary to the added ex-tension probe; Fig. 4 and the corresponding text (identification of target nucleotides immediately adjacent and downstream of the added/ligated probe);

step (d): page 4, lines 13-17 and pages 12-16;

step (e): page 4, lines 10-11.

New claim 20 is directed to the use of multiple initiating primers for obtaining sequence information from different reading frames, as discussed in the specification at page 6, line 17 to page 11, line 8, and as illustrated in Fig. 1. Dependent claims 21-28 find support in original claims 2, 3, 5-7, and 9-11, respec-tively.

No new matter is added by any of the amendments.

6

ILL000285

## II. Restriction Requirement

The Examiner requested election between method claims 1-17 (Group I) and probe claims 18 and 19 (Group II). In response, applicant confirms election of claims 1-17 without traverse. Non-elected claims 18 and 19 have been canceled.

## III. Objection to the Disclosure

The disclosure was objected to because of typographical errors and the lack of SEQ ID identifiers on pages 20-23. Accordingly, various typographical errors have been corrected, and SEQ ID identifiers have been added on pages 20-23 to comport with the sequence listing on pages 25-27. Withdrawal of the rejection is respectfully requested.

## IV. Rejections Under 35 U.S.C. §112, Second Paragraph

Claims 1-17 were rejected under 35 U.S.C., second paragraph, as being indefinite on account of claims 1, 13, 4, and 7. The rejections are respectfully traversed in light of the following remarks.

In order to meet the definiteness requirement of 35 U.S.C. §112, claims need only set forth the invention so that one skilled in the art is apprised of the metes and bounds of the invention (e.g., Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 231 USPQ 81, Fed. Cir. 1986). The "definiteness of the [claim] language must be analyzed ... in light of the teachings of the prior art and of the particular application disclosure as it would be interpreted by one possessing the ordinary level of skill in the pertinent art." In re Moore, 439 F.2d 1232, 169 USPQ 236 (CCPA 1971).

Claim 1. The examiner considered claim 1 to be indefinite for failing to define the identifying step in greater detail as to the relative position of the nucleotide(s) identified and the mode of identification. The applicant submits that claim 1 as amended is definite. In particular, claim 1 now specifies that the target nucleotide(s) identified in each ligation cycle are either complementary to the just-ligated extension probe or (2) are immediately

7

ILL000286

adjacent to, and downstream of, the extended oligonucleotide probe. Furthermore, there is no need to recite the use of a label. The applicant submits that the skilled person would readily understand the metes and bounds of what is claimed given the ample guidance provided by the applicant's disclosure coupled with knowledge of the relevant art.

Claim 13. Claims 13-17 were considered indefinite because of the label recited in step (e). The rejection is moot in light of cancellation of claim 13.

Claim 4. Claims 4-6 were considered indefinite because of the phrase "said extended duplex". The rejection is moot in light of cancellation of claim 4.

Claim 7. Claim 7 was considered indefinite because of the phrase "an extended duplex". It is submitted that the meaning of this phrase is clear in light of amended claim 1 -- that is, the skilled person would understand that an extended probe produced in each iteration of step b is capped whenever the probe ligation step has failed for that particular extended probe.

In view of the amendments and remarks above, withdrawal of the rejections is respectfully requested.

V.  Rejections Under 35 U.S.C. §103

Claims 1, 2, 7 and 13 were rejected under 35 U.S.C. §103 as being unpatentable over Brennan et al. (U.S. Patent No. 5,403,708) in view of Cantor (U.S. Patent No. 5,503,980) or Broude et al. (1995). The rejection is respectfully traversed in light of the following remarks.

A.  The Invention

The present invention, as embodied in claim 1, is directed to a method for determining a sequence of nucleotides in a target polynucleotide. In the method, there is provided a probe-target duplex comprising an initializing oligonucleotide probe hybridized to a target polynucleotide, where the probe has an extendable probe terminus. An extension oligonucleotide probe is ligated to the extendable probe terminus, forming an extended duplex con-

8

ILL000287

taining an extended oligonucleotide probe. At least one target
nucleotide is then identified in the extended duplex, wherein the
nucleotide is either (1) complementary to the just-ligated exten-
sion probe or (2) a nucleotide residue in the target polynucleo-
tide which is immediately adjacent to, and downstream of, the
extended oligonucleotide probe. If an extendable probe terminus
is not already present on the extended probe after the identifying
step is complete, a new extendable probe terminus on the extended
probe is generated. The steps of ligation, identification, and
(optional) regeneration are repeated until a sequence of nucleo-
tides in the target is determined.

    In a further embodiment, claim 20 and dependent claims 21-28
are directed to a sequencing method wherein a plurality of probe-
target duplexes are processed as in claim 1.

B.  The Cited Art
    Brennan et al. (5,403,708) discloses a method of sequencing
wherein a primed template is contacted with a ligation enzyme and
a pool of random extension oligonucleotides of length N.

    In a first general embodiment, the primed template is reacted
with the extension oligonucleotides in the presence of a terminat-
ing oligonucleotide. The terminating oligonucleotide contains a
blocking group which prevents further ligase-mediated extension,
and a labeled nucleotide at a predetermined position for sequence
determination. The reaction produces a mixture of ligation prod-
ucts containing different numbers of extension oligonucleotides.
The mixture may then be separated by size, e.g., by gel electro-
phoresis, to produce ladders of fragments which are read much like
a standard Sanger or Maxam and Gilbert sequencing gel (e.g., Fig.
3).

    In a second general embodiment, primer extension is carried
out in the presence of a mixture of random sequence extension
oligonucleotides, without terminator moieties. Each extension
oligonucleotide contains a labeled nucleotide residue at a prede-
fined position such that the ligation products contain identifying
labels separated by intervals of N nucleotides. The fragments are

9

ILL000288

then capped with a terminating moiety for immobilization on a
solid support, immobilized, and then sequenced by single molecule
nuclease digestion (e.g., Figs. 5 and 6, and column 9, line 11 to
column 10, line 17).

In no instance does Brennan et al. suggest extending an
initiating oligonucleotide probe by one oligonucleotide probe at a
time, and identifying one or more target nucleotides in between
each extension/ligation step.  Rather, Brennan teaches obtaining
sequence information only after all ligations have been completed.

Cantor (5,503,980) discloses a method of sequencing by
hybridization.  In the method, a single-stranded DNA target is
hybridized with a set of separate, immobilized different-sequence
probes containing (i) a double-stranded portion and (ii) a single-
stranded portion having a random but determinable sequence for
hybridizing to the target.  The double stranded portions provide
base-stacking interactions which promote hybridization (e.g.,
column 3, lines 36-40).  A ligation step may also be included to
further assure fidelity of hybridization (e.g., column 8, lines
33-36).

The method taught by Cantor is merely an elaboration of the
seuqencing method known as "sequencing by hybridization" (dis-
cussed in Cantor at column 2, lines 6-32), where target DNA is
hybridized to an array of different sequence probes, and sequence
information is derived from the pattern of hybridization on the
array.  Cantor does not anywhere suggest a method in accordance
with the present invention.

Broude et al., which was coauthored by Cantor, is directed to
experimental characterization of the methods taught in the Cantor
patent.  Thus, Broude et al. teaches nothing more than Cantor.

C.  Analysis

The consistent criterion for determining obviousness under 35
USC §103 is whether the prior art would have suggested to one
skilled in the art that the claimed invention should be carried
out and would have a reasonable likelihood of success (e.g.,
*Burlington Industries v. Quigg*, 822 F.2d 1581, 3 USPQ2d 1436 (Fed.

10

Cir. 1987; *In re Hedges* 783 F.2d 1038, 228 USPQ 685 (Fed. Cir. 1987). Both the suggestion and the expectation of success must be founded in the prior art, not in the applicant's disclosure. *In re Dow Chemical Co.*, 837 F.2d 469, 5 USPQ2d 1529 (Fed. Cir. 1988).

In the present case, the Examiner has failed to point to any objective teaching in the cited references which would have led the skilled person to the present invention. In fact, to arrive at the present invention would have required substantial departures from the teachings of Brennan et al. and Cantor or Broude et al.

Brennan et al. teaches forming mixtures of extended oligonucleotides by primer ligation in the presence of terminating oligonucleotides, in a method analogous to Sanger dideoxy sequencing. Brennan et al. also teaches preparing long chains of labeled oligonucleotides which are digested by exonuclease to derive sequence information. Nowhere does this reference suggest iterative cycles of single-probe ligation and target nucleotide identification in a probe-target duplex, in accordance with the present invention. Nor is it seen how such modification would even be compatible with the Brennan et al. method.

Cantor and Broude et al. teach hybridization of a target sequence with probes containing random sequences which hybridization with the target. Although hybridization may be followed by ligation to link the probes to correctly hybridized targets, conducting further cycles of oligonucleotide ligation and nucleotide identification would have no place in the disclosed method.

In summary, there is no suggestion in the cited art of a sequencing method comprising the steps of:

(a) providing a probe-target duplex comprising an initializing oligonucleotide probe hybridized to a target polynucleotide, said probe having an extendable probe terminus;

(b) ligating an extension oligonucleotide probe to said extendable probe terminus, to form an extended duplex containing an extended oligonucleotide probe;

(c) identifying, in the extended duplex, at least one nucleotide in the target polynucleotide that is either (1) complementary

11

to the just-ligated extension probe or (2) a nucleotide residue in the target polynucleotide which is immediately adjacent to, and downstream of, the extended oligonucleotide probe;

(d) generating an extendable probe terminus on the extended probe, if an extendable probe terminus is not already present, such that the terminus generated is different from the terminus to which the last extension probe was ligated; and

(e) repeating steps (b), (c) and (d) until a sequence of nucleotides in the target polynucleotide is determined.

The applicant appreciates the Examiner's suggestion that the claims would be allowable over the cited art if limited to the subject matter of claims 3-6, 8-12 and 14-17 [now canceled]. However, such claim scope would not fairly define the applicant's invention.

In the absence of any objective teaching in the cited art that the claimed invention should be carried out, the invention embodied in claim 1 and its dependent claims cannot be considered obvious. Withdrawal of the rejection is therefore respectfully requested.

VI. Conclusion

In view of the foregoing, the applicant submits that the claims pending in the application are in condition for allowance. A Notice of Allowance is therefore respectfully requested.

Respectfully submitted,

Date: Oct. 16, 1996

Vincent M. Powers
Registration No. 36,246

Correspondence Address:
Dehlinger & Associates
P.O. Box 60850
Palo Alto, CA  94306
Phone: (415) 324-0880

12

ILL000291