BRYAN WILSON (CA BAR NO. 138842)
DARA TABESH (CA BAR NO. 230434)
ERIC C. PAI (CA BAR NO. 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com
E-Mail: DTabesh@mofo.com
E-Mail: EPai@mofo.com

DAVID C. DOYLE (CA BAR NO. 70690)
STEVEN E. COMER (CA BAR NO. 154384)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com
E-Mail: SComer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   07-CV-02845 WHA<br><br>**MOTION FOR ADMINISTRATIVE RELIEF REQUESTING CASE MANAGEMENT CONFERENCE REGARDING OWNERSHIP CLAIMS FOLLOWING JANUARY 30, 2008 TUTORIAL**<br><br>Date: January 30, 2008<br>Time: 1:30 p.m.<br>Place: Courtroom 9, 19th Floor<br>Honorable William H. Alsup |

Pursuant to Civil Local Rule 7-11, Plaintiff Applera Corporation – Applied Biosystems Group ("AB") respectfully requests that the Court hold an abbreviated case management conference following the tutorial already scheduled for Wednesday, January 30, 2008.  AB will request that the Court order an expedited discovery schedule regarding the ownership dispute between the parties and set an appropriate briefing schedule for resolving the issue on cross motions for summary judgment.  AB will further request that if both summary judgment motions are denied on a fully developed ownership record, the Court order an immediate trial on the ownership dispute.  AB will not request that any other dates involving the patent infringement and invalidity dispute be continued or otherwise stayed.

By way of review, after taking the depositions of Defendants Stephen Macevicz and Illumina/Solexa, and after taking other discovery on the ownership issue, AB filed a motion for summary judgment that it is the rightful owner of the three patents-in-suit and that the Defendants are liable for breach of contract, breach of fiduciary duty, and conversion.  (Docket No. 61.)  Without taking any depositions, Defendants opposed the motion, in part, relying on Federal Rule of Civil Procedure 56(f) and arguing that it should be afforded the opportunity to take depositions of Dr. Sam Eletr (founder and former CEO of Illumina's predecessor Lynx), Dr. Steven Fung (an AB scientist who signed Dr. Macevicz's inventor notebooks), Dr. Paul Grossman (an AB scientist and patent agent who signed Dr. Macevicz's inventor notebooks), Dr. Michael Hunkapiller (AB's former president), and Dr. Vincent Powers (a patent attorney who prosecuted some of the patents-in-suit).  On January 10, 2008, the Court held a hearing on AB's motion and repeatedly urged the parties to "[g]et out there and start taking depositions."  (Docket No. 87 at 15.)  The Court also addressed the status of written discovery.  (*See, e.g.*, *id.* at 14-15 (discussing absence of evidence regarding search reports showing AB's actual knowledge of the patents-in-suit).)  On January 17, 2008, the Court entered an order denying AB's motion.  Much of the Court's order focused on the lack of a complete record.  (*E.g.*, Docket No. 88 at 10 ("In the present action, a fully developed record may eventually yield substantial evidence showing plaintiff's notice of the existence of its claims.").)

1      One week following the Court's order, and still without taking any depositions, Defendants filed a summary judgment motion, arguing that AB's ownership claims are barred by the statute of limitations. (Docket No. 95.) The motion is noticed for February 28. Defendants primarily argue three things: (1) the statute of limitations began to run upon the issuance of the patents-in-suit without regard to AB's actual notice of the issuance of the patents; (2) Dr. Macevicz did not conceal the filing of his patent applications from AB, despite, among other things, using his home address to communicate with Lynx (now Defendant Illumina); and (3) Dr. Macevicz's breach of fiduciary duty did not toll the statute of limitations because the patents-in-suit were related to AB's business, contending that AB had a duty to locate the patents or lose its rights under the invention agreement with Dr. Macevicz.

While the parties disagree as to who is the rightful owner of the patents-in-suit, the parties do agree that the ownership dispute can be decided on summary judgment. With the Court's permission, AB's opposition to Illumina's pending motion will include a cross motion for summary judgment following its proposed expedited discovery on the ownership issue.

AB has been seeking to expedite Illumina's completion of discovery regarding patent ownership. (*See* correspondence between counsel attached as Exhibits A-D to accompanying Declaration of David C. Doyle in Support of Motion for Administrative Relief.) At the time of the Court's January 17, 2008 Order, the Court found the record inadequate for either party to prevail on its claims or defenses.[1] An order requiring the parties to expedite discovery on the ownership dispute is appropriate because resolution of this single issue may obviate the patent dispute.

---

[1] While the Court did not cite Rule 56(f) in its summary judgment order, AB understands the order as amounting, in part, to a denial based on that ground. To the extent the Court's denial of summary judgment was based on anything other than Rule 56(f), AB respectfully submits that the Court afforded Defendants unwarranted factual inferences. For example, with regard to Defendants' allegation that AB had actual knowledge of the patents-in-suit, the Court noted that "the record does not reveal the extent of plaintiff's patent searches and results from 1995 onwards, which may have put plaintiff on notice of that patent itself. . . ." As the parties with the burden of proof on their statute of limitations defense, Defendants bore the burden of bringing forth actual evidence (*e.g.*, search reports) on that issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). That burden could not be satisfied by speculation about what hypothetical search reports might show. Nor could that burden be satisfied by speculation about what Dr. Vincent Powers might have known, or further speculation on top of that about what he might have told AB, regarding the ownership of the Macevicz patents.

1   The Court's reasoning that precluded summary judgment in AB's favor on January 17, 2008, applies equally to Illumina's present motion.  For example, the Court held that disputed issues of fact remain regarding whether Dr. Macevicz's invention was related to AB's business or anticipated research in 1995.  (Docket No. 88 at 7.)  Defendants must establish that relationship to support its argument that AB was on constructive notice of the patents.  In its pending motion, Defendants do not bring forth new evidence that the invention was related to AB's business.  Instead, they rely solely on AB's unsuccessful argument in its summary judgment motion as a purported admission that the two were related.  (Docket No. 95 at 8.)  In other words, after successfully urging the Court that there is a factual dispute regarding the relationship between the patents-in-suit and AB's business, Defendants have now switched positions and claimed that the issue is undisputed.  (*Id.*)  Putting judicial estoppel aside, Defendants' flip-flopping highlights that with targeted discovery, the record on this issue can be completed and a summary judgment decision can be made on a complete record.

Some discovery on this issue is complete, and the parties are working to schedule the depositions of Drs. Hunkapiller, Grossman, and Powers in February.  AB proposes the following schedule for the ownership dispute:

| | |
|---|---|
| February 22, 2008 | Discovery Cutoff Regarding Ownership |
| February 25, 2008 (3 days after discovery cutoff) | AB's Opposition and Cross Motion for Summary Judgment |
| March 6, 2008 | Defendants' Opposition to Cross Motion and Reply Brief in Support of Its Motion |
| March 13, 2008 | AB's Reply in Support of Its Cross Motion |
| March 20, 2008 | Hearing on Cross Motions for Summary Judgment |

If the Court denies summary judgment for both parties, the summary judgment process will have prepared the parties for an immediate trial on patent ownership.  Again, assuming summary judgment is denied, AB will request that the Court expedite the trial on patent ownership.  AB does not request a change to any other dates in the case.  Resolution of the ownership issue in AB's favor would moot the need for a trial on the patent issues and would relieve AB from the unfairness of having to "fight" patents which belong to AB.

1  The only specific relief requested in this motion is an abbreviated case management
2  conference following the tutorial scheduled for this Wednesday.  AB has discussed this motion
3  with Defendants' counsel, and Defendants have no objection to the Court holding a case
4  management conference.  Defendants do not, however, agree to AB's proposed briefing and
5  discovery schedule.  AB will continue to work with Defendants to see if a stipulation can be
6  reached before Wednesday's tutorial.  If no stipulation can be reached, AB requests the Court's
7  assistance with the matter.

8  Dated: January 28, 2008    MORRISON & FOERSTER LLP

10              By:   /s/ David C. Doyle
11                    David C. Doyle
                      Email: DDoyle@mofo.com
                      Attorneys for Plaintiff
12                    APPLERA CORPORATION—
                      APPLIED BIOSYSTEMS GROUP