KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>- vs. -<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No. 07-CV-02845 WHA<br><br>District Judge William H. Alsup<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JURY TRIAL FOR PLAINTIFF'S OWNERSHIP CLAIMS** |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JURY TRIAL FOR PLAINTIFF'S OWNERSHIP CLAIMS; CASE NO: 07-CV-02845 WHA**

Pursuant to the Court's instruction during the case management conference on January 30, 2008, Defendants Illumina, Inc. and Solexa, Inc. ("Defendants") submit the following supplemental memorandum of law in support of a jury trial on all of Plaintiff Applera Corporation – Applied Biosystems Group's ("AB") claims to ownership of the patents-in-suit.

If the Court denies all motions for summary judgment regarding AB's claims to ownership of the patents-in-suit, thereby finding genuine disputes of material fact regarding those claims, then a jury must resolve those factual disputes for at least three reasons.

First, AB's "standing" argument is entirely contingent upon, and derivative of, AB's state-law ownership claims, which indisputably confer upon Defendants a Seventh-Amendment right to a jury trial.

Second, AB seeks money damages against Illumina and Solexa under its state-law ownership claims (such as breach of contract and conversion), which also confers upon Defendants a Seventh-Amendment right to a jury trial.

Third, AB asserts its state-law ownership claims as a defense to Solexa's patent infringement counterclaims, for which Solexa seeks damages against AB. Those counterclaims will be tried to a jury, and Defendants have a right to have that same jury resolve any factual disputes underlying AB's ownership defense.

And in any event, AB's argument that Solexa lacks standing to sue for patent infringement is a red herring because Solexa indisputably holds legal title to the patents-in-suit, which is all that is required for standing.

For at least these reasons, the Court should reject any proposal by AB to hold a bench trial on the ownership ("standing") issue, or to otherwise bifurcate discovery or trial in this case.

**I.   AB'S "STANDING" ARGUMENT IS WHOLLY CONTINGENT UPON ITS STATE-LAW CLAIMS, WHICH MUST BE TRIED TO A JURY**

AB's "standing" argument is entirely contingent upon, and derivative of, AB's state-law claims. The relief AB seeks could be obtained only as a consequence of AB pre-

DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JURY TRIAL FOR PLAINTIFF'S OWNERSHIP CLAIMS; CASE NO: 07-CV-02845 WHA

-1-

vailing on its state-law claims (and defeating Defendants' pending statutes-of-limitation defenses). As such, any trial on the "standing" issue would be—no more and no less—a trial on the state-law claims, *e.g.*, breach of contract, interference with contract, and conversion, which indisputably confer upon Defendants a Seventh-Amendment right to a jury trial.

## II. DEFENDANTS ARE ENTITLED TO A JURY TRIAL BECAUSE AB SEEKS MONEY DAMAGES AS A REMEDY FOR ITS OWNERSHIP CLAIMS

Throughout its First Amended Complaint (Dkt. No. 46), AB seeks money damages (including punitive damages) as a remedy for its ownership claims against Defendants, *i.e.*, for interference with contract (*id.* at ¶ 34), aiding and abetting a breach of fiduciary duty (*id.* at ¶ 39), constructive fraud (*id.* at ¶ 46), conversion (*id.* at ¶ 50), and unfair competition (*id.* at ¶ 57). AB also seeks "profits or income" from Defendants under a theory of constructive trust (*id.* at ¶ 53). AB pled these claims for damages as elements of its ownership claims.

Because AB seeks money damages as a remedy for its state-law ownership claims, Defendants are entitled to a jury trial on those claims.[1] Even where the nature of a cause of action is equitable, if the remedy sought (such as an accounting) is tantamount to seeking the legal remedy of damages, then the parties have a right to a jury trial. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478–79 (1962).[2] Because AB seeks damages, the Court may not resolve factual disputes underlying even the equitable aspects of AB's claims without a jury. *Id.*; Fed. R. Civ. P. 42(b) ("When ordering a separate trial, the court must preserve any federal right to a jury trial.").

---

[1] Federal law under the Seventh Amendment applies to determine whether the Defendants have a right to a jury trial. *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989); *Simler v. Conner*, 372 U.S. 221, 222 (1963) ("[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions.").

[2] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) (whether the remedy sought is "legal or equitable in nature" is the most important question in determining whether a party has a right to a jury trial under the Seventh Amendment).

DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JURY TRIAL FOR PLAINTIFF'S OWNERSHIP CLAIMS; CASE NO: 07-CV-02845 WHA

-2-

### III. AB ASSERTS OWNERSHIP AS A DEFENSE TO SOLEXA'S PATENT INFRINGEMENT COUNTERCLAIMS, WHICH MUST BE TRIED TO A JURY

Solexa seeks damages from AB for infringement of the patents-in-suit. Accordingly, Solexa is entitled to a jury trial on its patent infringement counterclaims. *See, e.g.*, *In re Tech. Licensing Corp.*, 423 F.3d 1286, 1290–91 (Fed. Cir. 2005). Because AB raises its ownership claims in part as a defense against Solexa's infringement counterclaims, that defense should be tried to the same jury that hears Solexa's claims for infringement.

### IV. AB'S CHARACTERIZATION OF ITS OWNERSHIP CLAIMS AS AN ISSUE OF "STANDING" DOES NOT DEPRIVE DEFENDANTS OF A JURY TRIAL ON FACTUAL DISPUTES UNDERLYING THOSE CLAIMS

AB attempts to characterize all of its ownership claims against the Defendants as an issue of "standing." Although standing may ultimately be an issue of law for the Court, standing may also depend on factual disputes to be resolved by a jury. As the Federal Circuit stated in one of the cases on which AB relied in its Motion to Dismiss (*see* Dkt. No. 61 at 9), "ownership of patent property is a matter of law, the decision of which may entail underlying factual inquiries." *Kahn v. Gen. Motors Corp.*, 77 F.3d 457, 459 (Fed. Cir. 1996). In another case on which AB relies, the court initially thought it could decide an issue of standing without a jury, only to more recently conclude—after a two-day evidentiary hearing—that a jury trial would be necessary. *See Leighton Techs. LLC v. Oberthur Card Sys., S.A.*, 2008 WL 123849 (S.D.N.Y. Jan. 8, 2008) at *4 ("The case should proceed to trial so that the factfinder, not the Court, can determine the facts.").

### V. AB'S "STANDING" ARGUMENT FAILS BECAUSE SOLEXA HAS UNDISPUTED LEGAL TITLE IN THE PATENTS-IN-SUIT

AB's argument about "standing" is a red herring; there is no genuine issue of "standing" in this case. Solexa indisputably has standing to bring its patent infringement counterclaims against AB because Solexa holds legal title to the patents-in-suit. As Defendants explained in their opposition to AB's motion to dismiss (Dkt. No. 76 at 13), standing is established if the plaintiff has legal title "as of the commencement of suit." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) (quoting

DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JURY TRIAL FOR PLAINTIFF'S OWNERSHIP CLAIMS; CASE NO: 07-CV-02845 WHA

-3-

1  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992)). Even if one were to assume
2  the facts to be as AB alleges, AB has at most an equitable interest in the patents-in-suit,
3  which cannot defeat Solexa's standing to counter-claim for infringement of those patents,
4  as Professor Chisum explains:

> The issue in determining standing is whether the claimant possesses *legal title* ownership of the patent. Absence of such title is of course grounds for dismissal of the suit. However, *it is no defense that the claimant obtained or retains title in breach of a contractual or other obligation to another* (such as a contractual obligation to assign the patent to an employer or former employer.) *Such "equitable" interests do not defeat standing to sue for infringement.*

9  8 *Chisum on Patents* § 21.03[2][f], at 21-174–75 (2006) (emphasis added); *see also Film-*
10 *tec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1572 (Fed. Cir. 1991) ("The question of
11 [the plaintiff's] right to maintain the action against [the defendant] should not be confused
12 with the question of whether [the defendant] could defend by arguing that title to the pat-
13 ent was in a third party . . . and therefore [the defendant] has a good defense against any
14 infringement suit.").

15      AB has pled no facts or causes of action that could possibly defeat Solexa's legal
16 title in the patents at the time this case commenced. As reflected on the face pages of the
17 patents themselves, Dr. Macevicz assigned his rights in the patents to Lynx Therapeutics,
18 Inc. (the predecessor of Solexa) (*see* AB's First Amended Complaint, Dkt. No. 46, Exhib-
19 its A–C). This assignment, recorded in the Patent Office, transferred legal title to Solexa.
20 AB has never held legal title in the patents.

21      AB relies on its Employee Invention Agreement with Dr. Macevicz, but that
22 agreement did not assign legal title to AB. Rather, the Employee Invention Agreement
23 says only that Dr. Macevicz "will assign" certain inventions to AB, not that he "hereby
24 does assign" those inventions. An "agreement to assign" is not an assignment and cannot
25 itself transfer legal title. *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1580–81
26 (Fed. Cir. 1991). Even if AB were ultimately to prevail on its ownership claims and win a
27 judgment awarding it legal title, that result would not "retroactively divest" Solexa of le-
28 gal title. *Id.* at 1579. Rather, Solexa would be deprived of standing to sue for infringement

DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JURY TRIAL FOR PLAINTIFF'S OWNERSHIP CLAIMS; CASE NO: 07-CV-02845 WHA

-4-

1 of the patents only *after* this Court entered judgment in AB's favor. Unless and until that would happen, Solexa has standing to bring its counterclaims for infringement.

## VI. CONCLUSION

For at least the reasons discussed above, the Court should reject any proposal by AB to hold a bench trial on AB's ownership ("standing") claims or defenses, or to otherwise bifurcate discovery or trial in this case.

Dated: February 4, 2008              Respectfully submitted,

/s/ John R. Labbé
KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

*Attorneys for Defendants Illumina, Inc., Solexa, Inc., and Stephen C. Macevicz*

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JURY TRIAL FOR PLAINTIFF'S OWNERSHIP CLAIMS; CASE NO: 07-CV-02845 WHA**

-5-