1  KEVIN M. FLOWERS (admitted *pro hac vice*)
   THOMAS I. ROSS (admitted *pro hac vice*)
2  JEFFREY H. DEAN (admitted *pro hac vice*)
   JOHN R. LABBE (admitted *pro hac vice*)
3  CULLEN N. PENDLETON (admitted *pro hac vice*)
   MARSHALL, GERSTEIN & BORUN LLP
4  6300 Sears Tower
   233 South Wacker Drive
5  Chicago, IL 60606-6357
   (312) 474-6300
6  (312) 474-0448 (facsimile)
   E-Mail: kflowers@marshallip.com
7  E-Mail: tross@marshallip.com
   E-Mail: jdean@marshallip.com
8  E-Mail: jlabbe@marshallip.com
   E-Mail: cpendleton@marshallip.com
9
   Attorneys for Defendant
10 STEPHEN C. MACEVICZ

11

12                UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
13                 SAN FRANCISCO DIVISION

14 APPLERA CORPORATION-APPLIED            )
   BIOSYSTEMS GROUP, a Delaware           )  Case No. 07-CV-02845 WHA
15 corporation,                           )
                                          )  Judge William H. Alsup
16              Plaintiff,                 )
                                          )  **ANSWER OF DEFENDANT STEPHEN**
17      vs.                               )  **C. MACEVICZ TO APPLERA**
                                          )  **CORPORATION – APPLIED**
18 ILLUMINA, INC., a Delaware corporation, )  **BIOSYSTEMS GROUP'S FIRST**
   SOLEXA, INC., a Delaware corporation,  )  **AMENDED COMPLAINT**
19 and STEPHEN C. MACEVICZ, an            )
   individual,                            )  **DEMAND FOR JURY TRIAL**
20                                         )
                                          )
21              Defendants.               )
                                          )
22 _____

23

24      Defendant Stephen C. Macevicz ("Macevicz") answers the First Amended

25 Complaint of Applera Corporation – Applied Biosystems Group ("AB") as follows:

26                          **PARTIES**

27      1.    Macevicz admits that Applera Corporation is a Delaware Corporation and

28 that Applied Biosystems Group maintains a place of business in Foster City, California.

1  Macevicz is without knowledge or information sufficient to form a belief as to the truth of
2  the remaining allegations of paragraph 1.

3       2.     Macevicz admits that Illumina, Inc. is a Delaware corporation and that
4  Solexa, Inc. is a Delaware corporation.  Macevicz is without knowledge or information
5  sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

6       3.     Macevicz admits the allegations of paragraph 3.

7  **JURISDICTION**

8       4.     Macevicz admits that AB's Complaint purports to state an action for
9  declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28
10  U.S.C. §§ 2201 and 2202.  Macevicz denies the remaining allegations of paragraph 4.

11       5.     Macevicz admits that this Court has subject matter jurisdiction over any
12  action arising under an Act of Congress relating to patents under 28 U.S.C. § 1338(a), that
13  this Court has federal question subject matter jurisdiction as set forth in 28 U.S.C. § 1331,
14  and that this Court may assert supplemental jurisdiction as provided in 28 U.S.C. § 1367.
15  Macevicz denies the remaining allegations of paragraph 5.

16  **VENUE**

17       6.     Macevicz admits that this judicial district is a proper venue for this action.

18  **INTRADISTRICT ASSIGNMENT**

19       7.     Macevicz admits the allegations of paragraph 7.

20  **RELATED STATE-COURT ACTION**

21       8.     Macevicz admits the allegations of paragraph 8.

22       9.     Macevicz admits that the State Court Action alleges that Solexa and
23  Macevicz wrongfully took patents and inventions that belong to AB, but Solexa and
24  Macevicz denied those allegations.

25       10.     Macevicz admits that he was employed by Applied Biosystems, Inc. as a
26  patent attorney and that while so employed he filed a patent application in his own name.
27  Macevicz denies the remaining allegations of paragraph 10.

28       11.     Macevicz admits that AB brought the State Court Action and that the State

-2-

1  Court Action has since been voluntarily dismissed.  Macevicz denies the remaining

2  allegations of paragraph 11.

3                                **FACTUAL BACKGROUND**

4          12.     Macevicz admits that he was employed by Applied Biosystems, Inc. as a

5  patent attorney sometime in 1992 and signed an Employee Invention Agreement with

6  Applied Biosystems, Inc.  Macevicz alleges that the terms and conditions of the Employee

7  Invention Agreement speak for themselves.  Macevicz denies the remaining allegations of

8  paragraph 12.

9          13.     Macevicz admits that on or about April 17, 1995, he was employed by

10 Applied Biosystems, Inc., and he filed Patent Application No. 08/424,663 with the United

11 States Patent and Trademark Office in his own name.  Macevicz denies the remaining

12 allegations of paragraph 13.

13         14.     Macevicz admits that his Application led to the three Patents identified in

14 paragraph 14.  Macevicz admits that Exhibits A-C of the Complaint appear to be copies of

15 the '341 Patent, the '119 Patent, and the '597 Patent, respectively.  Macevicz denies the

16 remaining allegations of paragraph 14.

17         15.     Macevicz admits that a PCT application and several foreign patents and

18 patent applications claim priority to Macevicz's Application.  Macevicz is without

19 knowledge or information sufficient to form a belief as to the truth of the remaining

20 allegations of paragraph 15.

21         16.     Macevicz admits that he assigned the Application and the Patents to Lynx.

22 Macevicz denies the remaining allegations of paragraph 16.

23                        **GROUNDS FOR DECLARATORY RELIEF**

24         17.     Macevicz admits that the Complaint purports to state a claim for a

25 declaratory judgment concerning infringement of the '341 Patent, the '119 Patent, and the

26 '597 Patent.  Macevicz denies any remaining allegations of paragraph 17.

27         18.     Macevicz admits the allegations of paragraph 18.

28

-3-

19.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

**FIRST CAUSE OF ACTION**
**(Breach of Contract; Against Macevicz)**

28.    Macevicz incorporates by reference his answers to paragraphs 1 through 27 above.

29.    Macevicz denies the allegations of paragraph 29.

30.    Macevicz denies the allegations of paragraph 30.

31.    Macevicz denies the allegations of paragraph 31.

**SECOND CAUSE OF ACTION**
**(Interference With Contract; Against All Defendants)**

32.    Macevicz incorporates by reference his answers to paragraphs 1 through 31

-4-

1   above.

2       33.    Macevicz admits that Lynx knew that Macevicz had worked for AB prior to

3   working for Lynx.  Macevicz is without knowledge or information sufficient to form a

4   belief as to the truth of the remaining allegations of paragraph 33.

5       34.    Macevicz denies the allegations of paragraph 34.

6                                **THIRD CAUSE OF ACTION**
7                       **(Breach of Fiduciary Duty; Against All Defendants)**

8       35.    Macevicz incorporates by reference his answers to paragraphs 1 through 34

9   above.

10      36.    Macevicz denies the allegations of paragraph 36.

11      37.    Macevicz denies the allegations of paragraph 37.

12      38.    Macevicz admits that Lynx knew that Macevicz had worked for AB prior to

13   working for Lynx.  Macevicz denies the remaining allegations of paragraph 38.

14      39.    Macevicz denies the allegations of paragraph 39.

15                               **FOURTH CAUSE OF ACTION**
16                        **(Constructive Fraud; Against All Defendants)**

17      40.    Macevicz incorporates by reference his answers to paragraphs 1 through 39

18   above.

19      41.    Macevicz denies the allegations of paragraph 41.

20      42.    Macevicz denies the allegations of paragraph 42.

21      43.    Macevicz admits that Lynx knew that he was employed as a patent attorney

22   at AB.  Macevicz denies the remaining allegations of paragraph 43.

23      44.    Macevicz denies the allegations of paragraph 44.

24      45.    Macevicz denies the allegations of paragraph 45.

25      46.    Macevicz denies the allegations of paragraph 46.

26                                **FIFTH CAUSE OF ACTION**
27                          **(Conversion; Against All Defendants)**

28      47.    Macevicz incorporates by reference his answers to paragraphs 1 through 46

above.

48.    Macevicz admits that Lynx took possession of the Application, the Patents, and any foreign patents or applications that claim priority to the Application or the Patents.  Macevicz denies the remaining allegations of paragraph 48.

49.    Macevicz admits that he filed the Application with the United States Patent and Trademark Office while he was employed by Applied Biosystems, Inc.  Macevicz denies the remaining allegations of paragraph 49.

50.    Macevicz denies the allegations of paragraph 50.

**SIXTH CAUSE OF ACTION**
**(Imposition of Constructive Trust; Against All Defendants)**

51.    Macevicz incorporates by reference his answers to paragraphs 1 through 50 above.

52.    Macevicz denies the allegations of paragraph 52.

53.    Macevicz denies the allegations of paragraph 53.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition; Against Solexa and Illumina)**

54.    Macevicz incorporates by reference his answers to paragraphs 1 through 53 above.

55.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.    Macevicz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

**EIGHTH CAUSE OF ACTION**
**(Declaratory Judgment Regarding Infringement of '341 Patent, '119 Patent, and '597 Patent; Against All Defendants)**

58.    Macevicz incorporates by reference his answers to paragraphs 1 through 57 above.

-6-

1    59.    Macevicz is without knowledge or information sufficient to form a belief as

2    to the truth of the allegations of paragraph 59.

3    60.    Macevicz is without knowledge or information sufficient to form a belief as

4    to the truth of the allegations of paragraph 60.

5
## NINTH CAUSE OF ACTION
**(Declaratory Judgment Regarding Validity of '341 Patent, '119 Patent, and '597**
6    **Patent; Against All Defendants)**

7    61.    Macevicz incorporates by reference his answers to paragraphs 1 through 60

8    above.

9    62.    Macevicz is without knowledge or information sufficient to form a belief as

10    to the truth of the allegations of paragraph 62.

11    63.    Macevicz is without knowledge or information sufficient to form a belief as

12    to the truth of the allegations of paragraph 63.

13
## TENTH CAUSE OF ACTION
**(Declaratory Judgment Regarding Enforceability of '341 Patent, '119 Patent, and**
14    **'597 Patent; Against All Defendants)**

15    64.    Macevicz incorporates by reference his answers to paragraphs 1 through 63

16    above.

17    65.    Macevicz is without knowledge or information sufficient to form a belief as

18    to the truth of the allegations of paragraph 65.

19    66.    Macevicz is without knowledge or information sufficient to form a belief as

20    to the truth of the allegations of paragraph 66.

21    67.    Macevicz is without knowledge or information sufficient to form a belief as

22    to the truth of the allegations of paragraph 67.

23    68.    Macevicz is without knowledge or information sufficient to form a belief as

24    to the truth of the allegations of paragraph 68.

25    69.    Macevicz is without knowledge or information sufficient to form a belief as

26    to the truth of the allegations of paragraph 69.

27
## ADDITIONAL DEFENSES

28    1.    AB is barred from relief by reason of the provisions of California Labor

1 | Code Section 2870.

2 |     2.    Some or all of the relief requested by AB is barred by the applicable
3 | statute(s) of limitations.

4 |     3.    Some or all of the relief requested by AB is barred by the doctrine of laches.

5 |     4.    Some or all of the relief requested by AB is barred by the doctrine of
6 | equitable estoppel.

7 |     5.    Some or all of the relief requested by AB is barred by the doctrine of
8 | waiver.

9 |     6.    Some or all of the relief requested by AB is barred by the doctrine of
10 | unclean hands.

11 |     7.    Some or all of the relief requested by AB is barred by the doctrine of
12 | privilege.

13 |     8.    AB is barred from an award of monetary damages by reason of a written
14 | release of Macevicz executed and delivered by AB.

15 |     9.    AB is barred from relief by AB's consent to the acts and conduct of
16 | Macevicz alleged in the Complaint.

17 |     10.    AB is barred from relief because AB acted without malice and with a good
18 | faith belief in the propriety of his conduct.

19 |     11.    AB is barred from relief because AB failed to exercise ordinary care in
20 | connection with the matters alleged in the Complaint and such failure contributed directly
21 | and proximately to the happening of the events alleged therein and to the damages, if any,
22 | sustained by AB.

23 |     12.    AB is barred from relief because AB is guilty of negligence in or about the
24 | matters and things complained of in the Complaint and said negligence contributed
25 | directly and proximately to the happening of the events alleged therein and to the
26 | damages, if any, sustained by AB.

27 |     13.    AB is barred from relief by a waiver, modification, or accord and
28 | satisfaction executed by and between AB and Macevicz.

14.     The damages sustained by AB, if any, whether in whole or in part, were caused by persons, firms, corporations, or entities other than Macevicz.

15.     AB is barred from relief because the damages sustained by AB, if any, are too speculative.

16.     AB is barred from relief by mutual or unilateral mistakes of fact by AB and Macevicz in connection with any purported agreement alleged in the Complaint between AB and Macevicz.

17.     AB is barred from relief as a result of the cancellation, repudiation, or novation of any purported agreement alleged in the Complaint.

18.     AB is barred from relief by reason of the failure of conditions precedent to the obligations, if any, of Macevicz.

19.     AB is barred from relief because any purported misrepresentations of Macevicz were not material.

20.     AB is barred from relief by reason of AB's knowledge of all material facts regarding the events alleged in the Complaint.

21.     AB is barred from relief because Macevicz lacked knowledge or belief concerning any purported misrepresentation, omission, or concealment of any material fact alleged by AB.

22.     AB is barred from relief because Macevicz reasonably believed that AB had knowledge of all alleged undisclosed facts.

23.     AB is barred from relief because Macevicz did not make any affirmation of fact.

24.     Macevicz has insufficient knowledge or information upon which to form a belief as to whether he may have additional as yet unstated defenses available to him. Macevicz therefore reserves the right to assert additional defenses in the event discovery indicates they are available.

### Prayer for Relief

WHEREFORE, Macevicz prays that this honorable Court enter judgment in his

1  favor and against AB denying AB all the relief it seeks in its Complaint, awarding

2  Macevicz his costs, dismissing the Complaint with prejudice, awarding Macevicz his

3  reasonable attorney fees, and awarding Macevicz such other and further relief as the Court

4  deems just and proper.

### DEMAND FOR JURY TRIAL

6       Macevicz hereby demands trial by jury of all issues properly so triable.

7  DATED: February 7, 2008           Respectfully submitted,

                    /s/ John R. Labbé
                    KEVIN M. FLOWERS (admitted *pro hac vice*)
                    THOMAS I. ROSS (admitted *pro hac vice*)
                    JEFFREY H. DEAN (admitted *pro hac vice*)
                    JOHN R. LABBE (admitted *pro hac vice*)
                    CULLEN N. PENDLETON (admitted *pro hac vice*)
                    MARSHALL, GERSTEIN & BORUN LLP
                    6300 Sears Tower
                    233 South Wacker Drive
                    Chicago, IL 60606-6357
                    (312) 474-6300
                    (312) 474-0448 (facsimile)
                    E-Mail: kflowers@marshallip.com
                    E-Mail: tross@marshallip.com
                    E-Mail: jdean@marshallip.com
                    E-Mail: jlabbe@marshallip.com
                    E-Mail: cpendleton@marshallip.com

                    Attorneys for Defendant
                    STEPHEN C. MACEVICZ

-10-