BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone:  650.813.5600
Facsimile: 650.494.0792
E-Mail:  BWilson@mofo.com
E-Mail: EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEPHEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California  92130-2040
Telephone:  858.720.5100
Facsimile:  858.720.5125
E-Mail:  DDoyle@mofo.com
E-Mail: SComer@mofo.com
E-Mail: BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   C07 02845 WHA<br><br>**DECLARATION OF PAUL GROSSMAN, PH.D.**<br><br>Date:      March 13, 2008<br>Time:     8:00 a.m.<br>Place:     Courtroom 9, 19th Floor<br>Honorable William H. Alsup |

DECLARATION OF PAUL GROSSMAN
Case No. C07 02845 WHA
pa-1208941

1

I, Paul Grossman, declare as follows:

1.  I was employed by Applied Biosystems ("AB") for more than 20 years, until I left AB in 2007. I make these statements based on personal knowledge, unless otherwise stated, and if called as a witness I could and would testify competently hereto.

2.  I have a doctorate in Chemical Engineering. I joined AB as a research scientist, and worked for AB as a research scientist for more than ten years. In April 1993, I became a registered patent agent. I attended law school while I was working at AB and was admitted to the California Bar in December 1997.

3.  In 1994, I was working in the legal department as a patent agent. I was not an officer, director, or manager of AB. Stephen Macevicz was my supervisor. As far as I can recall, all of my interactions with Dr. Macevicz were related to AB, took place at AB's facilities or offsite AB functions, and were in the course of my work for AB. I did not work with Dr. Macevicz outside of AB, and I did not socialize with Dr. Macevicz outside of AB. I did not consult or work with Dr. Macevicz on non-AB projects.

4.  I have reviewed several pages from Dr. Macevicz's lab notebook from July 1994. My signature appears on those pages, dated July 21, 1994, as a witness to the dates and descriptions of the work. I have no independent recollection of signing the notebook. At the time, I had been a patent agent for about a year. Dr. Macevicz was my supervisor. As stated above, the only work I recall doing with Dr. Macevicz was in the course of AB's business. I do not recall Dr. Macevicz ever asking me to do any work for him outside of our work for AB, nor do I recall him asking me to witness work that he was doing outside of AB. I think that I would remember such a request if he had made it. Dr. Macevicz's request that I sign his lab notebook, and my signing the book, can only have been in the course of my work at AB.

5.  I have reviewed U.S. Patent No. 5,750,341 ("'341 patent") and its related patents ("the 341 patent family"), issued to Dr. Macevicz. The patents describe methods of DNA sequencing. I was not aware that Dr. Macevicz intended to file for patents on these inventions without assigning them to AB. One of the responsibilities of the legal department, which Dr.

1   Macevicz headed, was to review research and inventions relating to all aspects of AB's business,
2   including DNA sequencing.

3   6. I first became aware of the '341 patent family in approximately March 2006, when
4   I was working at AB. Before that I was not aware of the patents or the corresponding application,
5   or that Dr. Macevicz had applied for a patent on DNA without assigning it to AB. I was surprised
6   to learn that the '341 patent had not been assigned to AB. I received more than 70 patents while
7   working for AB, and it never occurred to me that I could apply for any of them without assigning
8   them to AB. Dr. Macevicz was well aware of many or most of my patents, and he never
9   suggested that any of them should not be assigned to AB.

10   7. AB had a process by which employees were supposed to disclose their inventions
11   so the company could decide whether it wanted to pursue the invention or not. This was done
12   through filling out invention disclosure forms. Dr. Macevicz, among other people, reviewed
13   these forms to make determinations about whether to pursue specific inventions. This was one of
14   the important functions we performed within the legal department.

15   I declare under the penalty of perjury under the laws of the State of California that the
16   foregoing is true and correct.

17   Executed on  Feb 6 , 2008 in  Marco Island , Florida

*Paul Grossman*

Paul Grossman, Ph.D.

DECLARATION OF PAUL GROSSMAN
Case No. C07 02845 WHA
pa-1208941

3