1    BRYAN WILSON (CA SBN 138842)
     ERIC C. PAI (CA SBN 247604)
2    MORRISON & FOERSTER LLP
     755 Page Mill Road
3    Palo Alto, California  94304-1018
     Telephone:  650.813.5600
4    Facsimile: 650.494.0792
     E-Mail:  BWilson@mofo.com
5    E-Mail: EPai@mofo.com

6    DAVID C. DOYLE (CA SBN 70690)
     STEVEN E. COMER (CA SBN 154384)
7    ANDERS T. AANNESTAD (CA SBN 211100)
     MORRISON & FOERSTER LLP
8    12531 High Bluff Drive, Suite 100
     San Diego, California  92130-2040
9    Telephone:  858.720.5100
     Facsimile:  858.720.5125
10   E-Mail:  DDoyle@mofo.com
     E-Mail: SComer@mofo.com
11   E-Mail: AAannestad@mofo.com

12

     Attorneys for Plaintiff
13   APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                      SAN FRANCISCO DIVISION

18

19   APPLERA CORPORATION – APPLIED            Case No.   C07 02845 WHA
     BIOSYSTEMS GROUP, a Delaware corporation,
20                                            **DECLARATION OF SCOTT
                   Plaintiff,                 BORTNER**
21
           v.                                 Date:     March 13, 2008
22                                            Time:     8:00 a.m.
     ILLUMINA, INC., a Delaware corporation,  Place:    Courtroom 9, 19th Floor
23   SOLEXA, INC., a Delaware corporation, and Honorable William H. Alsup
     STEPHEN C. MACEVICZ, an individual,
24
                   Defendants.
25
          I, Scott Bortner, declare as follows:
26
          1.      I am a Senior Patent Attorney at Applied Biosystems ("AB"), where I have
27
     worked since April 1996.  I manage a portion of AB's patent prosecution portfolio.  I make these
28

1    statements based on personal knowledge, unless otherwise stated, and if called as a witness I

2    could and would testify competently hereto.

3         2.    I am familiar with the U.S. Patents in this litigation, including U.S. Patent Nos.

4    5,750,341, U.S. Patent No. 5,969,119, and U.S. Patent No. 6,306,597, all entitled "DNA

5    Sequencing By Parallel Oligonucleotide Extensions," and all issued to Stephen Macevicz ("the

6    Macevicz patents").

7         3.    During my employment at AB, the company has not conducted routine,

8    comprehensive patent searches for all patents related to all aspects of AB's business. When I first

9    started at AB, I experimented with patent searches and found that class-wide searches were overly

10   broad and turned up so much information that they were worthless. For example, during that

11   time, I was working on several projects involving nucleic acids. I conducted a search of issued

12   patents in U.S. Patent & Trademark Office Art Unit 435 ("Chemistry: Molecular Biology and

13   Microbiology"), Subclass 6 ("Involving nucleic acid"). I remember that such searches turned up

14   so many patents that I could not read them all. I no longer have a report for that particular search

15   that I conducted, but I made a similar search when preparing this declaration. Specifically, I ran a

16   search for all patents in Unit 435/6 for the years 1996-1997 and found 1445 patents. Reading

17   through 1445 patents would have taken me months. Reading through the titles and skimming the

18   abstracts alone would have taken days, and I would not have focused on the name of the inventors

19   when searching for technologies relevant to AB's business. Moreover, that particular art unit and

20   subclass was only one of several patent classifications that would need to be searched to

21   encompass all of AB's business. I concluded at that time that untargeted, general patent searches

22   were not helpful to the company because they were a "needle in the haystack" exercise in which

23   enormous time was required, and the outcome was completely unpredictable.

24        4.    Sometimes, targeted patent searches were conducted for a specific competitor or

25   for a specific product. For example, in 1996, Lynx Therapeutics ("Lynx") had approached AB

26   regarding licensing of certain technologies invented by Dr. Sydney Brenner. As part of that

27   potential agreement, I conducted a DIALOG patent search for all patents assigned to Lynx.   That

28   search did not reveal the Macevicz patents, which did not begin to issue until 1998. Prior to

DECLARATION OF SCOTT BORTNER
Case No. C07 02845 WHA
pa-1208956

2

1   February 2006, other than that particular search for Lynx patents, I did not conduct searches for

2   all patents issued to Lynx or Solexa, Inc., nor to my knowledge did anyone else at AB.

3         5.     Like the search I conducted for Lynx in 1996, I have conducted targeted patent

4   searches for particular products or particular competitors on an *ad hoc* basis. Recently, a former

5   employee (other than Dr. Macevicz) was suspected of stealing inventions from AB, and a patent

6   search was conducted for patents issued to that particular former employee. No evidence of

7   wrongdoing was found in that case. Unless there is reason to suspect a specific individual of

8   wrongdoing, we have not conducted patent searches for any former employees, current

9   employees, or others with access to confidential AB information. Such searches would be

10  impractical because it would require repeatedly searching for patents issued to over ten thousand

11  people.

12        6.     To my knowledge, instances in which AB employees have secretly applied for

13  patents and taken inventions belonging to AB are extremely rare. In the entire time I have been

14  employed with AB, I am aware of only one AB employee, Stephen Macevicz, who has engaged

15  in such wrongdoing.

16        7.     I was not aware of the Macevicz patents or corresponding applications when Dr.

17  Macevicz applied for them, or when the Macevicz patents issued. I first became aware of the

18  patents in about February 2006, in the course of doing due diligence for AB's eventual purchase

19  of a company called Agencourt Personal Genomics. I also saw a copy of U.S. Patent No.

20  5,750,341 in some Agencourt documents that I was reviewing.

21

22

23

24

25

26

27

28

1         I declare under the penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3         Executed on ___Feb 7___, 2008 in Foster City, California

4

5                                                                    _____

6                                                                   Scott Bortner

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28