**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

February 29, 2008

Writer's Direct Contact
650.813.5623
EPai@mofo.com

**By CM/ECF and Hand Delivery**

The Honorable William H. Alsup
U.S. District Court for the Northern District of California, San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Applera Corporation – Applied Biosystems Group v. Illumina, Inc., Solexa, Inc., and Stephen C. Macevicz* (Case No. C07 02845 WHA)

Dear Judge Alsup:

I write on behalf of Plaintiff Applera Corporation – Applied Biosystems Group ("AB") to respectfully request that the Court resolve a discovery dispute. The parties have reached an impasse over the terms of a protective order that will govern confidential information exchanged by the parties.

**Issue to be Decided**

AB and Defendants Illumina, Inc. and Solexa, Inc. (collectively "Illumina") are competitors. The companies develop and market a variety of biotechnology, life sciences, and genetic analysis products. Moreover, Illumina actively seeks patent protection on products and methods in these fields.

The materials and information sought by Illumina in discovery include AB's trade secrets, unpublished patent applications, research and development information, customer lists, business and marketing strategies, and financial data and analysis for one of AB's newest products. This information is among AB's most highly sensitive and protected information, and its disclosure to anyone at Illumina would be extremely harmful to AB's business.

AB and Illumina disagree over whether in-house counsel for the parties should be barred from reviewing materials designated "Highly Confidential – Attorneys' Eyes Only."[1] AB

---

[1] The draft protective order negotiated by the parties provides two levels of confidentiality designations. "Highly Confidential – Attorneys' Eyes Only" is the more restrictive designation. The parties agree that in-house counsel may review materials under the less restrictive "Confidential" designation.

pa-1237681

**MORRISON | FOERSTER**

The Honorable William H. Alsup
February 29, 2008
Page Two

believes that in-house counsel should not be permitted to review such materials, and that this bar should apply to all parties. Illumina, on the other hand, has argued that the parties should be permitted to designate in-house counsel who will be allowed to review such materials.

In particular, Illumina insists that Christian Cabou, Illumina's Senior Vice President and General Counsel, be allowed to review Highly Confidential – Attorneys' Eyes Only information. AB believes that such access would be improper because Mr. Cabou participates in competitive decisionmaking for Illumina.

**Legal Standard and Argument**

Both the Ninth Circuit and the Federal Circuit have held that a court should limit counsel's access to a competitor's confidential information when that counsel is involved in "competitive decisionmaking" on behalf of a party. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (citing *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)).

Competitive decisionmaking includes "advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *U.S. Steel*, 730 F.2d at 1468 n.3. It also specifically includes patent prosecution activities, "as claims may be drafted to 'read on new products and new directions where [a party] project[s] sales to be most critical.'" *Commissariat A l'Energie Atomique v. Dell Computer Corp.*, No. 03-484-KAJ, 2004 U.S. Dist. LEXIS 12782, at *8 (D. Del. May 25, 2004) (citation omitted); *see also Chan v. Intuit, Inc.*, 218 F.R.D. 659, 661-62 (N.D. Cal. 2003).

The good faith and ethics required of attorneys cannot overcome the problem. In *Brown Bag*, the Ninth Circuit found that, despite in-house counsel's "integrity and good faith," he could not effectively "lock-up trade secrets in his mind, safe from inadvertent disclosure to his employer once he had read the documents." 960 F.2d at 1471.

Mr. Cabou is Illumina's Senior Vice President and General Counsel. He is a high-ranking member of Illumina's management team and has "worldwide responsibility for all legal and intellectual property matters."[2] Illumina has told AB that Mr. Cabou supervises this patent litigation and has ultimate authority over whether to pursue Illumina's claims or to consider settlement options. Most importantly, Illumina has told AB that Mr. Cabou supervises and directs the prosecution of Illumina's patent portfolio.

---

[2] http://investor.illumina.com/phoenix.zhtml?c=121127&p=irol-govBio&ID=152683. Mr. Cabou is listed second only to Illumina's President and CEO, Jay Flatley, on its Management team. http://investor.illumina.com/phoenix.zhtml?c=121127&p=irol-govmanage.
pa-1237681

**MORRISON | FOERSTER**

The Honorable William H. Alsup
February 29, 2008
Page Three

In short, Mr. Cabou's job responsibilities necessarily mean that he is involved in helping Illumina decide how it can best compete against AB. Mr. Cabou does this in both his business capacity, and in his legal capacity where he supervises the prosecution of patents that will likely be directed against AB. Because of this role, Mr. Cabou should not have access to AB's most confidential information, any more than other member of Illumina's management team would have access to that information.

Illumina is fully aware of the importance of barring competitive decision makers from accessing highly confidential information, as it argued for precisely such protection in another case where its own information was at stake. *Affymetrix, Inc. v. Illumina, Inc.*, No. 04-901-JJF, 2005 U.S. Dist. LEXIS 15482 (D. Del. 2005). Moreover, the court in that case held that Illumina's own in-house counsel at the time (Mr. Cabou's predecessor) should be barred from access because her role as "part of Illumina's management team" and in "settling patent litigation and licensing . . . crosses over into the competitive decision making at Illumina." *Id.* at *8; *see also Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 529-30 (N.D. Cal. 2000) (barring in-house counsel involved in intellectual property litigation, licensing, and settlement). The same reasoning should be applied here.

**Conclusion**

Aside from this dispute, the parties agree on all other terms for the protective order. The parties have been producing documents responsive to each other's requests for production under an interim agreement whereby documents marked with any confidentiality designation may not be reviewed by or disclosed to anyone except outside trial counsel.

AB respectfully requests that the Court resolve this remaining issue so that a protective order may be entered. AB is prepared to address the issue further in a written motion, telephone conference, or hearing at the Court's direction. For the Court's reference, AB has attached a copy of the proposed protective order with all the terms agreed upon by the parties, plus AB's version of the language for the treatment of Highly Confidential – Attorneys' Eyes Only information in Paragraph 7.3.

Respectfully submitted,

/s/

Eric C. Pai (CA Bar No. 247604)
Morrison & Foerster LLP
Counsel for Plaintiff Applera Corporation – Applied Biosystems Group

pa-1237681