1  BRYAN WILSON (CA BAR NO. 138842)
   ERIC C. PAI (CA BAR NO. 247604)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792
   E-Mail: BWilson@mofo.com
5  E-Mail: EPai@mofo.com

6  DAVID C. DOYLE (CA SBN 70690)
   STEVEN E. COMER (CA SBN 154384)
7  BRIAN M. KRAMER (CA SBN 212107)
   MORRISON & FOERSTER LLP
8  12531 High Bluff Drive, Suite 100
   San Diego, California  92130-2040
9  Telephone: 858.720.5100
   Facsimile: 858.720.5125
10 E-Mail: DDoyle@mofo.com
   E-Mail: SComer@mofo.com
11 E-Mail: BMKramer@mofo.com

12 Attorneys for Plaintiff
   APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.    07-CV-02845 WHA<br><br>**[PROPOSED] PROTECTIVE ORDER** |

[PROPOSED] PROTECTIVE ORDER
Case No. 07-CV-02845 WHA
pa- 1236507

**1.     PURPOSES AND LIMITATIONS**

WHEREAS this action concerns patents and patent applications relating to the sequencing of nucleic acids, and instruments and reagents used therein,

WHEREAS the parties to this action are competitors in the marketplace with respect to, among other things, products and technologies relating to the sequencing of nucleic acids, and instruments and reagents used therein,

WHEREAS disclosure and discovery activity in this action are anticipated to lead to the production of confidential, proprietary, or private information of the parties and non-parties,

WHEREAS such information includes, but is not limited to, business and marketing plans, current and future product plans, non-public research and development, trade secrets, and non-public financial data,

WHEREAS the improper use or disclosure of this information would result in competitive harm and serious injury to the parties and non-parties,

WHEREAS disclosure and discovery activity in this action are therefore likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted,

Accordingly, AB petitions the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

**2.     DEFINITIONS**

2.1     <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

  2.3 <u>"Confidential" Information</u>: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including but not limited to business and marketing plans, current and future product plans, non-public research and development, trade secrets, non-public financial data, unpublished United States or foreign patent applications, information relating to ownership or control of any non-public company, information of a personal or intimate nature regarding any individual, secret information of an attorney's client not otherwise privileged but required to be kept secret under applicable law, or any other category of information hereinafter given "Confidential" status by the Court.

  2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information</u>: Extremely sensitive "Confidential" Information whose disclosure to another Party or non-Party would create a substantial risk of serious injury or irreparable harm to a Party or non-Party, including but not limited to business and marketing plans, current and future product plans, non-public research and development, trade secrets, non-public financial data, unpublished United States or foreign patent applications, information relating to ownership or control of any non-public company, information of a personal or intimate nature regarding any individual, secret information of an attorney's client not otherwise privileged but required to be kept secret under applicable law, or any other category of information hereinafter given "Highly Confidential – Attorneys' Eyes Only" status by the Court.

  2.5 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material in this action.

  2.6 <u>Producing Party</u>: A Party or non-Party that discloses or produces Disclosure or Discovery Material in this action.

  2.7 <u>Designating Party</u>: A Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Non-Parties producing Disclosure or Discovery Material pursuant to a subpoena shall have all rights granted to Designating Parties.

2.8 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9 <u>Outside Counsel</u>: Attorneys (as well as their support staff) who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>: Attorneys (as well as their support staff) who are employees of a Party.

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Final Disposition</u>: For purposes of this Protective Order, final disposition occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals, or a dismissal without prejudice in which a new pleading alleging substantially the same claims is not re-filed within 90 days.

**3. SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.   DURATION OF THE ACTION**

Even after Final Disposition of this action (as defined above), the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.   DESIGNATING PROTECTED MATERIAL**

   5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Party's or a non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-Party must promptly notify all other parties that it is withdrawing the mistaken designation, and of the correct designation.

   5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the top or bottom of each page that contains Protected Material.

   A Party or non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During this inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and then, before producing the specified

documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") at the top or bottom of each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that a Party or non-Party either (1) state on the record, before the close of the deposition, hearing, or other proceeding, that the testimony shall be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or (2) provide written notice to all Parties, within 10 days after receipt of the transcript, that the testimony shall be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The Parties shall treat the testimony as "Highly Confidential – Attorneys' Eyes Only" until the expiration of the 10 day period.

Transcript pages containing Protected Material must be marked with the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as instructed by the Party or non-Party.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

5.3 <u>Inadvertent Failure to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (or by such other procedure as may be specified by the Court).  Each such motion shall be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of proof in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When a Final Disposition occurs, a Receiving Party must comply with the provisions of Section 12, below.

1       Protected Material must be stored and maintained by a Receiving Party at a
2  location and in a secure manner that ensures that access is limited to the persons authorized under
3  this Order.

4       7.2     <u>Disclosure of "Confidential" Information</u>.  Unless otherwise ordered by the
5  Court or permitted in writing by the Designating Party, a Receiving Party may disclose any
6  information or item designated "Confidential" only to:

7       (a)     the Receiving Party's Outside Counsel of record in this action, as
8  well as employees of said Counsel to whom it is reasonably necessary to disclose the information
9  for this litigation;

10      (b)     the officers, directors, and employees (including House Counsel) of
11 the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
12 signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

13      (c)     Experts (as defined in this Order) of the Receiving Party to whom
14 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
15 Bound by Protective Order" (Exhibit A);

16      (d)     the Court and its personnel;

17      (e)     Court reporters, their staffs, and Professional Vendors to whom
18 disclosure is reasonably necessary for this litigation;

19      (f)     during their depositions, witnesses in the action to whom disclosure
20 is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
21 (Exhibit A); and

22      (g)     an author, signatory, or prior recipient of the document or the
23 original source of the information.

24      7.3     <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information</u>.
25 Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a
26 Receiving Party may disclose any information or item designated "Highly Confidential –
27 Attorneys' Eyes Only" only to:

28

    (a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation provided that the individual attorneys, agents, and employees who receive "Highly Confidential – Attorneys' Eyes Only" Information are not, until at least 12 months after Final Disposition of this action as defined in Section 2.14, involved in patent prosecution of any patent or patent application having claims directed to the sequencing of nucleic acids, or instruments or reagents used therein;

    (b)  Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not, until at least 12 months after Final Disposition of this action as defined in Section 2.14, involved in patent prosecution of any patent or patent application having claims directed to the sequencing of nucleic acids, or instruments or reagents used therein, (3) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (4) as to whom the procedures set forth in Section 7.4, below, have been followed;

    (c)  the Court and its personnel;

    (d)  Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

    (e)  an author, signatory, or prior recipient of the document or the original source of the information.

  7.4  <u>Procedures for Approving Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items to "Experts."</u>

    (a)  Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "Highly Confidential – Attorneys' Eyes Only" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume and curriculum vitae, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her

1  areas of expertise or to whom the Expert has provided professional services at any time during the
2  preceding 5 years, and (5) identifies (by name and number of the case, filing date, and location of
3  court) any litigation in connection with which the Expert has provided any professional services
4  during the preceding 5 years.

5  (b)  A Party that makes a request and provides the information specified
6  in the preceding paragraph may disclose the subject Protected Material to the identified Expert
7  unless, within 7 Court days of delivering the request, the Party receives a written objection from
8  the Designating Party. Any such objection must set forth in detail the grounds on which it is
9  based.

10  (c)  A Party that receives a timely written objection must meet and
11  confer with the Designating Party directly to try to resolve the matter by agreement. If no
12  agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as
13  provided in Civil Local Rule 7 (or by such other procedure as may be specified by the Court).

14  In any such proceeding, the Party opposing disclosure to the Expert shall bear the
15  burden of proving that the risk of harm that the disclosure would entail (under the safeguards
16  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

17  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**
18  **IN OTHER LITIGATION**

19  If a Receiving Party is served with a subpoena or an order issued in other litigation that
20  would compel disclosure of any information or items designated in this action as "Confidential"
21  or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the
22  Designating Party, in writing (by electronic mail, if possible) immediately and in no event more
23  than 3 Court days after receiving the subpoena or order. Such notification must include a copy of
24  the subpoena or court order.

25  The Receiving Party also must immediately inform in writing the Party who caused the
26  subpoena or order to issue in the other litigation that some or all of the material covered by the
27  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

28

[PROPOSED] PROTECTIVE ORDER
Case No. 07-CV-02845 WHA
pa- 1236507

9

1  deliver a copy of this Protective Order promptly to the Party in the other action that caused the
2  subpoena or order to issue.

3        The purpose of imposing these duties is to alert the interested parties to the existence of
4  this Protective Order and to afford the Designating Party in this case an opportunity to try to
5  protect its confidentiality interests in the court from which the subpoena or order issued.  The
6  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its
7  confidential material – and nothing in these provisions should be construed as authorizing or
8  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9      **9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
11  Material to any person or in any circumstance not authorized under this Protective Order, the
12  Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized
13  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the
14  person or persons to whom unauthorized disclosures were made of all the terms of this Order, and
15  (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order"
16  that is attached hereto as Exhibit A.

17      **10.    INADVERTENT PRODUCTION OF PRIVILEGED OR IMMUNE**
18  **DOCUMENTS, ITEMS, OR INFORMATION**

19        The Parties agree that inadvertent production of documents, items, or information subject
20  to the attorney-client privilege or work product immunity (despite the Parties' reasonable efforts
21  to prescreen such documents, items, and information prior to production) does not waive the
22  attorney-client privilege or work product immunity if the Producing Party requests a recall of
23  such documents, items, or information promptly after the Producing Party learns of the
24  inadvertent production.  If the Receiving Party disagrees with the Producing Party's recall
25  request, the Receiving Party shall move to compel production of the recalled documents, items, or
26  information no more than 30 days after receiving the recall request.  The Receiving Party shall
27  not use recalled documents, items, or information for any purpose until the Court makes a ruling
28  on the motion to compel.  If the Receiving Party does not file a motion to compel within 30 days

1    of receiving the recall request, the Receiving Party shall destroy all copies, abstracts,
2    compilations, summaries, or any other form of reproducing or capturing any of the recalled
3    documents, items, or information in its possession. In addition to the protections and procedures
4    set forth in this paragraph, the parties shall adhere to the provisions of Rule 26(b)(5)(B) of the
5    Federal Rules of Civil Procedure.

6    **11.    FILING PROTECTED MATERIAL**

7    Without written permission from the Designating Party or a court order secured after
8    appropriate notice to all interested persons, a Party may not file in the public record in this action
9    any Protected Material. A Party that seeks to file under seal any Protected Material must comply
10   with Civil Local Rule 79-5.

11   **12.    FINAL DISPOSITION**

12   Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after
13   a Final Disposition of this action, each Receiving Party must return to the Producing Party or
14   destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all
15   copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of
16   the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving
17   Party must submit a written certification to the Producing Party (and, if not the same person or
18   entity, to the Designating Party) by the 90 day deadline affirming that all Protected Material has
19   been returned or destroyed and that the Receiving Party has not retained any copies, abstracts,
20   compilations, summaries or other forms of reproducing or capturing any of the Protected
21   Material. Notwithstanding this provision, (a) Counsel are entitled to retain an archival copy of all
22   pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product
23   (including exhibits, deposition exhibits, and trial exhibits), even if such materials contain
24   Protected Material, and one copy of any Disclosure or Discovery Material for the sole purpose of
25   maintaining a complete copy of the file of the action, and (b) Experts are entitled to retain an
26   archival copy of any expert report prepared from any Protected Material provided to them in
27   accordance with Section 7.4 above. Any such archival copies that contain or constitute Protected
28   Material remain subject to this Protective Order as set forth in Section 4 above.

**13. MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Meaningful Advice.</u>  Nothing in this Protective Order shall bar or otherwise restrict any attorney representing one of the Parties from providing advice to his or her client with respect to this proceeding, and in the course thereof, referring to or relying upon his or her examination of Protected Material, provided that in providing such advice and in otherwise communicating with clients, the attorney shall not disclose any Protected Material in a manner not otherwise permitted under this Protective Order.

IT IS SO ORDERED.

Dated: _____, 2008

WILLIAM H. ALSUP

United States District Judge

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2008, in the case of *Applera Corporation – Applied Biosystems Group v. Illumina, Inc., Solexa, Inc., and Stephen C. Macevicz*, Case No. 07-CV-02845 WHA. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____
                                [print name]

Signature: _____
                            [signature]