MARSHALL, GERSTEIN & BORUN LLP

— ATTORNEYS·AT·LAW —

John R. Labbé
(312) 423-3453
jlabbe@marshallip.com

March 5, 2008

*Via CM/ECF & Hand Delivery*

The Honorable William H. Alsup
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:    *AB v. Illumina, et al.*, Case No. 07-CV-02845 WHA (N.D. Cal.)

Dear Judge Alsup:

I write on behalf of Defendants Illumina, Inc., Solexa, Inc. and Steven C. Macevicz ("Illumina") in response to Plaintiff Applera Corporation – Applied Biosystems Group's ("AB") letter seeking the entry of a proposed protective order that bars Illumina's and Solexa's General Counsel, Mr. Christian G. Cabou, from viewing documents AB designates as "Highly Confidential" under that proposed protective order.[1]

## AB failed to meet its burden to show a "clearly defined and serious injury"

Under Fed. R. Civ. P. 26(c), AB must establish "good cause" to limit other parties' access to AB's documents.[2] "Good cause, in turn, is defined as a demonstration that a clearly defined and serious injury will result in the absence of a protective order."[3] "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'"[4]

AB states that Mr. Cabou must be prevented from viewing AB's "most highly sensitive and protected information" because Mr. Cabou's access to such documents "would be extremely harmful to AB's business."[5] AB fails to identify a single document containing such information, or the nature of any specific information it says it must protect. AB has thus failed to meet its

---

[1] Docket No. 140 (Pai Letter).

[2] Fed. R. Civ. P. 26(c); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.")

[3] *L.G. Philips LCD Co., Ltd v. Tatung Co.*, 2007 WL 869256 at *2 (N.D. Cal. 2007) (Alsup, J.).

[4] *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986); *Welsh v. City & County of San Francisco,* 887 F. Supp. 1293, 1297 (N.D. Cal. 1995) (same).

[5] Docket No. 140 (Pai Letter) at p. 1.

MARSHALL, GERSTEIN & BORUN LLP

The Honorable William H. Alsup
March 5, 2008
Page 2

burden to show that any "clearly defined and serious injury will result" from Mr. Cabou's access to AB's documents.[6]

### AB has already unjustifiably designated information as "Highly Confidential"

Moreover, AB failed to tell this Court that it has thus far marked 97% of the documents it has produced as "Highly Confidential."[7] AB says that under its proposed protective order, Mr. Cabou could still see documents AB designates merely as "confidential." But AB has not designated *any* of the 28,000 pages it has produced thus far as merely "confidential."[8] Indeed, AB has even designated the documents it provides to the public as "Highly Confidential." For example, AB designated the User's Guide for its accused SOLiD™ System as "Highly Confidential" even though AB provides this document to all of its customers on a non-confidential basis.[9]

AB also designated the entire transcripts of the recent depositions of Drs. Grossman, Hunkapiller and Bortner regarding the ownership issues in this case as "Highly Confidential," even though their testimony did not reveal AB trade secrets. AB's over-designation of documents and deposition testimony as "Highly Confidential" shows that it simply wants to prevent anyone at Illumina (as well as Dr. Macevicz, who is himself a party in this lawsuit) from seeing any AB internal documents or reading deposition transcripts of AB witnesses.

### AB has not established that Mr. Cabou is a "competitive decisionmaker"

AB offers no more than conclusory statements to support its argument that Mr. Cabou is involved "in competitive decisionmaking for Illumina."[10] In *U.S. Steel Corp. v. United States,* 730 F.2d 1465 (Fed. Cir. 1984), the Federal Circuit defined "competitive decision making" as "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor."[11] The fact that Mr. Cabou is a "Senior Vice-President" and has overall responsibility for Illumina's legal matters as General Counsel does not establish that he is a "competitive decisionmaker."[12]

---

[6] *L.G. Philips*, 2007 WL 869256 at *2.

[7] AB marked 3,090 of the 3,178 documents (27,856 out of the 28,788 pages) produced to date as "Highly Confidential."

[8] The only documents AB has not designated as "Highly Confidential" are patents, published patent applications, scientific articles (prior art), and other third-party public documents.

[9] AB 00000683 – AB 00000973 (Applied Biosystems SOLiD™ System User Guide).

[10] *See* Docket No. 140 (Pai Letter) at p. 2.

[11] *U.S. Steel*, 730 F.2d at 1468 n.3; *see also Brown Bag*, 960 F.2d at 1470.

[12] *See Avocent Redmond Corp. v. Rose Electronics, Inc.*, 242 F.R.D. 574, 579 (W.D. Wash.) (counsel's involvement in patent prosecution does not equate to "competitive decisionmaking.").

MARSHALL, GERSTEIN & BORUN LLP

The Honorable William H. Alsup
March 5, 2008
Page 3

As Mr. Cabou states in his declaration submitted herewith, although his duties as General Counsel involve interaction with other individuals at Illumina regarding pricing and product design issues, his input relates solely to legal issues, and does not involve the kind of information he would see in AB's internal documents.[13] Moreover, he does not participate in the day-to-day patent prosecution efforts at Illumina.[14] Mr. Cabou is a lawyer subject to strict ethical duties, and he will obviously follow this Court's orders to the letter.[15] AB has not identified how revealing the information it seeks to shield from Mr. Cabou would cause it harm. Defendants are willing to enter into a protective order that would limit Mr. Cabou's access to certain actual trade secrets, such as source code, unpublished patent applications, or negotiations with potential customers. But Defendants cannot agree to a protective order that AB has already shown it will use to block Mr. Cabou's (and Dr. Macevicz's) access to essentially all AB internal documents.

### Denying Mr. Cabou access will likely impair Defendants' presentation of their case

Mr. Cabou is the only in-house lawyer managing this litigation for Illumina and Solexa. AB's proposal preventing Mr. Cabou from seeing AB's internal documents would seriously hinder Mr. Cabou's ability to effectively communicate with outside trial counsel regarding critical issues in this litigation, such as infringement and damages. For example, under AB's proposal, Mr. Cabou could not review AB's documents showing how the accused SOLiD™ System operates, or review AB's sales information. This is the very information that Mr. Cabou needs to manage the conduct (and potential settlement) of this litigation.

In *Brown Bag*, Brown Bag's in-house counsel was denied access to Symantec's trade secrets because Brown Bag failed to show how its counsel's management of the litigation could be impaired by denying access to those trade secrets.[16] That is not the situation here. The information AB seeks to keep from Mr. Cabou is the most relevant information in the patent infringement aspect of the case, and his inability to discuss such information with trial counsel will impair Illumina's and Solexa's presentation of their case on infringement and damages.

Because AB has failed to establish that any "clearly defined and serious injury will result" from allowing Mr. Cabou to see AB's internal documents, and preventing Mr. Cabou from seeing such documents will impair Illumina's and Solexa's presentation of their case, he should be allowed access to such documents. Attached as Exhibit A is Illumina and Solexa's alternative proposed language for the Protective Order.

---

[13] Declaration of Christian G. Cabou ("Cabou Decl.") at ¶¶ 5-6.

[14] Cabou Decl. at ¶ 7.

[15] Cabou Decl. at ¶ 9.

[16] *Brown Bag*, 960 F.2d at 1471-72 ("[N]one of the trade secrets were themselves relevant to Brown Bag's 'look and feel' infringement claim . . . . We stress that Brown Bag failed to demonstrate how the protective order actually could have or did prejudice its case.").

MARSHALL, GERSTEIN & BORUN LLP

The Honorable William H. Alsup
March 5, 2008
Page 4

Respectfully submitted,

/s/

John R. Labbé

*Counsel for Defendants*