KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, <br><br> Plaintiff/Counterdefendant, <br><br> - vs. - <br><br> ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, <br><br> Defendants/Counterclaimants. | Case No. 07-CV-02845 WHA <br><br> District Judge William H. Alsup <br><br> **DECLARATION OF CHRISTIAN G. CABOU IN SUPPORT OF DEFENDANTS' MARCH 5, 2008 DISCOVERY LETTER** <br><br> Hearing: March 6, 2008 <br> Time: 2:00 p.m. <br> Place: Courtroom 9, 19th Floor |

**DECLARATION OF CHRISTIAN G. CABOU**
**CASE NO: 07-CV-02845 WHA**

I, Christian G. Cabou, declare:

1.  I am an attorney admitted to practice law in Wisconsin and New York, and have been practicing law since September, 1990. I am currently admitted to practice law in California as a "Registered In-House Counsel," which permits out-of-state attorneys to practice law in California on a limited basis. I am also registered to practice in the U.S. Patent and Trademark Office.

2.  I am currently Illumina's and Solexa's Senior Vice President and General Counsel.

3.  I make this declaration in support of Defendants' response to a discovery letter submitted by counsel for Plaintiff Applera Corporation – Applied Biosystems Group ("AB") concerning limiting my access to AB documents marked with the designation "Highly Confidential-Attorneys' Eyes Only."

4.  The statements in this declaration are true and correct to the best of my knowledge and belief. If called as a witness, I could and would testify thereto under oath.

5.  In my role as General Counsel for Illumina, I am a member of a committee that deals with product pricing issues. My role on that committee is solely to provide legal advice regarding antitrust and similar legal concerns. I do not provide advice to the committee other than legal advice. I do not independently obtain information about competitors' pricing, or provide any such information to any member of the committee.

6.  I am only involved with product design at Illumina to the extent that I provide advice on freedom-to-operate concerns. During Illumina's product development process, a new product must pass certain intellectual property milestones. This is the only time that I have any involvement with the product design process. I do not recommend which products or product features Illumina should develop.

7.  I do not draft patent applications or patent claims for Illumina. My technical background is in electrical engineering. Therefore, I am not qualified to prepare or prosecute Illumina's patents, which encompass biotechnology-related methods and products. I

1  do work with our in-house patent agent and attorney, and with outside counsel, to ensure
2  that Illumina receives adequate protection of its intellectual property.

3      8.    In the *Affymetrix, Inc. v. Illumina, Inc.* litigation that AB cites in its discov-
4  ery letter to the Court, I was permitted to review confidential and highly confidential in-
5  formation from our opponent, Affymetrix, including expert reports, deposition transcripts,
6  deposition exhibits, and other documents. Under the arrangement in *Affymetrix*, I was
7  only permitted to review highly confidential documents at a location away from Illu-
8  mina's offices. I am willing to do the same in this litigation. I attach as Exhibit 1 a copy
9  of the "General Counsel Confidentiality Undertaking" that I entered in *Affymetrix*.

10      9.    If this Court permits me to review any trade secrets or other highly confi-
11  dential information from AB, I will do my utmost to avoid passing on any such informa-
12  tion to anyone else at Illumina or Solexa who is not permitted under this Court's orders to
13  see such information.

14  I declare under penalty of perjury that the foregoing is true and correct.

15  DATED: March 5, 2008            /s/ Christian G. Cabou
16                                                  Christian G. Cabou

17

18  I, John R. Labbé, am the ECF User whose ID and password are being used to file this
19  DECLARATION OF CHRISTIAN G. CABOU IN SUPPORT OF DEFENDANTS'
    MARCH 5, 2008 DISCOVERY LETTER. In compliance with General Order 45, § X.B, I
20  hereby attest that Christian G. Cabou has concurred in this filing.

21  DATED: March 5, 2008            /s/ John R. Labbé
22
23
24
25
26
27
28

**DECLARATION OF CHRISTIAN G. CABOU**
**CASE NO: 07-CV-02845 WHA**