KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff/Counterdefendant,<br><br>- vs. -<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants/Counterclaimants. | Case No. 07-CV-02845 WHA<br><br>District Judge William H. Alsup<br><br>**DECLARATION OF JOHN R. LABBE IN SUPPORT OF DEFENDANTS':**<br><br>**(1) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S STATE-LAW CAUSES OF ACTION FOR FAILURE TO COMPLY WITH THE STATUTES OF LIMITATIONS; AND**<br><br>**(2) OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Date: March 20, 2008<br>Time: 8:00 a.m.<br>Place: Courtroom 9, 19th Floor |

I, John R. Labbé, declare:

1. I am an attorney at Marshall, Gerstein, and Borun LLP, counsel of record for Defendants Illumina, Inc., Solexa, Inc., and Stephen C. Macevicz. I am admitted *pro hac vice* to practice before this Court in this case.

2. I make this declaration in support of Defendants' Reply in Support of Motion for Summary Judgment on Plaintiff's State-Law Causes of Action for Failure to Comply with the Statutes of Limitations, and Defendants' Opposition to Plaintiff's Cross-Motion for Summary Judgment.

3. The statements in this declaration are true and correct. If called as a witness, I could and would testify thereto under oath.

4. Exhibit 1 hereto is a true and correct copy of a page excerpted from Paul D. Grossman's personnel file, produced by Plaintiff bearing the production number AB 00001471.

5. Exhibit 2 hereto is a true and correct copy of two pages page excerpted from Paul D. Grossman's personnel file, produced by Plaintiff bearing the production numbers AB 00001478 and AB 00001480.

6. Exhibit 3 hereto is a true and correct copy of select pages from the transcript of the deposition of Paul Grossman, dated February 14, 2008.

7. Exhibit 4 hereto is a true and correct copy of select pages from the transcript of the deposition of Vincent M. Powers, dated February 22, 2008.

8. Exhibit 5 hereto is a true and correct copy of an assignment recorded at the U.S. Patent & Trademark Office at Reel 8605, Frame 0332, dated June 10, 1997.

9. Exhibit 6 hereto is a true and correct copy of United States Patent Number 5,750,341.

10. Exhibit 7 hereto is a true and correct copy of the "Associate Power of Attorney," dated October 15, 1996, and filed with the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial Number 08/424,663.

11. Exhibit 8 hereto is a true and correct copy of the "Amendment," dated October 16, 1996, and filed with the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial Number 08/424,663.

12. Exhibit 9 hereto is a true and correct copy of the "Interview Summary," dated February 14, 1997, signed Paul B. Tran, an examiner at the U.S. Patent & Trademark Office, in connection with U.S. Patent Application Serial Number 08/424,663.

13. Exhibit 10 hereto is a true and correct copy of the "Transmittal of Issue Fee and Advance Order," dated May 27, 1997, and filed with the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial Number 08/424,663.

14. Exhibit 11 hereto is a true and correct copy of the "Communication," dated February 18, 1998, and filed with the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial Number 08/424,663.

15. Exhibit 12 hereto is a true and correct copy of the "Filing Under 37 CFR §1.60 Without Abandonment of Pending Parent Application," dated June 10, 1997, and filed with the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial Number 08/872,446.

16. Exhibit 13 hereto is a true and correct copy of the "Transmittal of Issue Fee and Advance Order," dated February 19, 1999, and filed with the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial Number 08/872,446.

17. Exhibit 14 hereto is a true and correct copy of the "Issue Fee Transmittal," dated February 19, 1999, and filed with the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial Number 08/872,446.

18. Exhibit 15 hereto is a true and correct copy of United States Patent Number 5,969,119.

19. Exhibit 16 hereto is a true and correct copy of the "Transmittal of Continuation Patent Application for Filing Under 37 CFR §1:53(b)", dated March 29, 1999, and filed with the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial Number 09/280,270.

DECLARATION OF JOHN R. LABBÉ IN SUPPORT OF DEFENDANTS': (1) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S STATE-LAW CAUSES OF ACTION FOR FAILURE TO COMPLY WITH THE STATUTES OF LIMITATIONS; AND (2) OPPOSITION TO PLAINTIFF'S CROSS-MOTION; CASE NO: 07-CV-02845 WHA

-2-

20. Exhibit 17 hereto is a true and correct copy of the "Response to Notice to File Missing Parts of Application," dated June 21, 1999, and filed with the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial Number 09/280,270.

21. Exhibit 18 hereto is a true and correct copy of the "Preliminary Amendment," dated June 21, 1999, and filed with the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial Number 09/280,270.

22. Exhibit 19 hereto is a true and correct copy of United States Patent Number 6,306,597.

23. Exhibit 20 hereto is a true and correct copy of the "Issue Fee Transmittal," dated August 1, 2001, and filed with the U.S. Patent & Trademark Office in connection with U.S. Patent Application Serial Number 09/280,270.

24. Exhibit 21 hereto is a true and correct copy of select pages from the transcript of the deposition of Michael Hunkapiller, dated February 21, 2008.

25. Exhibit 22 hereto is a true and correct copy of select pages from the transcript of the deposition of Scott Bortner, dated February 22, 2008.

26. Using the U.S. Patent and Trademark Office website located at http://www.uspto.gov/patft/index.html, I conducted the searches described in paragraphs 27 and 29.

27. I ran a search for U.S. Patents issued between January 1, 1970 and October 31, 1999 that contain the term "DNA sequencing" in the title of the patent. Exhibit 23 attached hereto is a true and correct copy of the search results which found 80 patents.

28. Exhibit 24 hereto is a true and correct copy of a timeline available at http://www-03.ibm.com/ibm/history/history/year_1993.html, which shows that IBM Corporation represented that it had 256,207 employees in 1993.

29. I ran a search for U.S. Patents issued between January 1, 1993 and December 31, 1999 and list "Applied Biosystems" as the assignee of the patent. Exhibit 25 attached hereto is a true and correct copy of the search results which found 17 patents.

30. Exhibit 26 hereto is a true and correct copy of an article that originally appeared in the New York Times Newspaper on March 10, 1997, entitled "For the patent-curious, a variety of research sites make it easier to study the archives."

I declare under penalty of perjury that the foregoing is true and correct.

DATED: February 28, 2008

   s/ John R. Labbé
John R. Labbé