

850 Lincoln Centre Drive, Foster City, California 94404 U.S.A
Tel: (415) 570-6667 • Telex: 470052 APBIO UI • Fax: 415-572-2743

APPLIED BIOSYSTEMS, INC.

EMPLOYEE INVENTION AGREEMENT

1. As an employee of Applied Biosystems, Inc. (the "Company"), and in consideration of the compensation now and hereafter paid to me, I agree at all times during the term of my employment and thereafter, to hold in strictest confidence, and not to use or to disclose to any person, firm or corporation, without express authorization of an officer of the Company, any information, manufacturing technique, processes, formulas, development or experimental work, work in process, trade secrets or any other proprietary or confidential matter relating to the products, sales or business of the Company.

2. I further agree that I will promptly make full disclosure to the Company, will hold in trust for the sole right and benefit of the Company, and will assign all my right, title and interest to, any and all inventions, discoveries, developments, improvements or trade secrets which I may solely or jointly conceive, develop or reduce to practice, or cause to be conceived, developed or reduced to practice, during the period of time I am in the employ of the Company, except any invention, discovery, development, improvement or trade secret as to which I can prove that

    (a) it was developed entirely on my own time; and

    (b) no equipment, supplies, facility or trade secret of the Company was used in its development; and

    (c) (i) it does not relate to the business or actual or demonstrably anticipated research or development of the Company, or (ii) it does not result from any work performed by me for the Company.

Notwithstanding the foregoing, I also assign to or as directed by the Company all my right, title and interest in and to any and all inventions, discoveries, developments, improvements or trade secrets, full title to which is required to be in the United States by a contract between the Company and the United States or any of its agencies.

DEFENDANT'S EXHIBIT
Maccvicz 22
8·22·07  AD

1

MAC 001903

EXHIBIT 1

3. I agree to execute any proper oath or verify any proper document in connection with carrying out the terms of this agreement. In the event the Company is unable because of my mental or physical incapacity or for any other reason whatsoever to secure my signature to apply for, or to pursue any application for any United States or foreign letters patent, covering inventions assigned to the Company as stated above, I hereby irrevocably designate and appoint the Company and its duly authorized officer and agents as my agent and attorney in fact, to act for and in my behalf and stead to execute and file any such applications and to do all other lawfully permitted acts to further the prosecution and issuance of letters patent thereon with the same legal force and effect as if executed by me. I have attached hereto a list describing all inventions made by me prior to my employment with the Company belonging to me, relating to the Company's proposed business and products and not assigned to the Company, or, if no such list is attached, I represent that there are no such inventions. I hereby waive and quitclaim to the Company any and all claims of any nature whatsoever which I now or may hereafter have for infringement of any patent or patents resulting from any such application for letters patent assigned hereunder to the Company.

4. I recognize that the Company may receive from third parties their confidential or proprietary information subject to a duty on the Company's part to maintain the confidentiality of such information and to use it only for certain limited purposes. I agree that I owe the Company and such third parties during the term of my employment and thereafter a duty to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation (except as necessary in carrying out my work for the Company consistent with the Company's agreement with such third party) or use it for the benefit of anyone other than for the Company or such third party consistent with the Company's agreement with such third party without the express authorization of an officer of the Company.

5. I further agree that at the time of leaving the employ of the Company, I will deliver to the Company and will not keep in my possession, nor deliver to anyone else, any and all drawings, blueprints, notes, memoranda, specifications, devices, documents, or any other material containing or disclosing any of the matters referred to herein.

6. I agree that I will not during my employment at the Company improperly use or disclose any proprietary information or trade secrets of my former or concurrent employers or companies, if any, and that I shall not bring onto the premises of the Company any unpublished document or any property belonging to my former or concurrent employers or companies, if any, unless consented to in writing by said employers or companies.

2

MAC 001904

EXHIBIT 1

7. The provisions of this agreement requiring assignment to the Company do not apply to any invention which qualifies fully under the provisions of Section 2870 of the California Labor Code. I will advise the Company promptly in writing of any inventions, discoveries, developments, improvement or trade secrets that I believe meet the criteria in subparagraphs 2(a), (b) and (c) above; and I will at that time provide to the Company in writing all evidence necessary to substantiate that belief. I understand that the Company will keep in confidence and will not disclose to third parties without my consent any confidential information disclosed in writing to the Company relating to inventions which qualify fully under the provisions of Section 2870 of the California Labor Code.

IN WITNESS WHEREOF, I have subscribed my name hereunto this ____4th____ day of __May__, 199_2_.

_____
Signature

_Stephen C. Macevicz_
Print Name

_Suzanne Preston_
Witness

Ed. 4/90

3

MAC 001905

**EXHIBIT 1**