KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No. 07-CV-02845 WHA |
| Plaintiff/counterdefendant, | District Judge William H. Alsup |
| - vs. - | **DEFENDANTS' RESPONSE TO PLAINTIFF'S NEW "CONFLICT OF INTEREST" ARGUMENT (SUBMITTED PURSUANT TO COURT'S ORDER AT MARCH 20, 2008 MOTION HEARING)** |
| ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | |
| Defendants/counterclaimants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S "CONFLICT OF INTEREST" ARGUMENT; CASE NO: 07-CV-02845 WHA**

## I. Introduction

In its reply brief,[1] AB argues that had Vincent Powers "known about Dr. Macevicz's misconduct in applying for the patents," he would have been precluded from disclosing that information to his employer, AB, because the disclosure would have violated his ethical duty owed to Macevicz, his former client.[2] By this argument, AB hopes to block the imputation of attorney Powers's knowledge of the Macevicz patents (two of which he prosecuted to issuance just before he joined AB's legal department in September 1999) to AB.[3] This attempt fails for several reasons.

## II. Argument

First, AB's argument that attorney Powers could not have disclosed "claims regarding the patents" to AB misses the point. In its reply brief, AB admits that Powers knew about the Macevicz patents, but argues that Powers needed to know that Macevicz worked at AB when he conceived his inventions and/or filed his original patent application.[4] As discussed at the hearing yesterday, based on the record facts, this is a reasonable inference to draw; but Defendants' motion for summary judgment does <u>not</u> require it. The relevant and dispositive question here is whether AB had sufficient facts (either constructively through issuance of the Macevicz patents, or directly through its agents) by 2002 to raise a suspicion about the ownership of the Macevicz patents.

Only two pieces of knowledge were required to raise that suspicion: (i) one or more of the patents existed; and (ii) Dr. Macevicz worked at AB when he filed his original patent application in 1995. There can be no dispute that attorney Powers knew the first piece when he joined AB's legal department in 1999. It is only that knowledge — not knowledge of "Macevicz's misconduct" — that must be imputed to AB in order to grant

---

[1] Docket No. 147, AB's Reply, at p. 7.
[2] At the hearing yesterday, the Court recognized that this argument appeared for the first time in AB's reply brief, and granted Defendants leave to file this response. Docket No. 161.
[3] *Id.*
[4] *Id.* at p. 6 ("Because Dr. Powers did not know that Dr. Macevicz worked at AB when he applied for the DNA sequencing patents at issue in this case, there is no "knowledge" to impute to AB.").

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NEW "CONFLICT OF INTEREST" ARGUMENT; CASE NO: 07-CV-02845 WHA**

-1-

Defendants' motion, because attorney Grossman (and thus AB)[5] already knew the second piece.

Second, Powers's disclosure to AB of the Macevicz patents themselves (which were already published and thus publicly known), would not have constituted taking an adverse position to his former client. In disclosing the existence of the patents themselves to anyone else at AB, including attorney Grossman, Powers would not have been taking a "position" at all, much less an "adverse" position. He didn't have to tell Dr. Grossman anything about "Macevicz's misconduct"; as the record reflects, Grossman immediately suspected AB might have a claim to the Macevicz patents as soon as he saw them. Thus, there is no basis to draw AB's requested inference that Powers would have been ethically prohibited from sharing his knowledge of the Macevicz patents with AB.

Even at the hearing yesterday, AB did not point the Court to any authority for the proposition that Powers's disclosure of the patents themselves to AB would have constituted taking an adverse position to Macevicz.

AB's cited cases, *People v. Baylis*, 43 Cal. Rptr. 3d 559 (Cal. Ct. App. 2006), *People v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, (1999), and *Flatt v. Super. Ct.*, 9 Cal. 4th 275, 283 (1994), are inapposite. These cases address the issue of when counsel may be disqualified from representing a second client due to ethical obligations owed to a prior client. That issue is not before the Court. And even if imputing Powers's knowledge of the Macevicz patents was somehow analogous to representing AB against Macevicz (or Lynx), the parties' pre-litigation conduct shows that any potential conflict between Powers's representation of AB and Macevicz (and Lynx) either never existed or was waived: the record shows that Powers was simultaneously prosecuting patent applications

---

[5] The President and General Manager of AB, Dr. Hunkapiller, also knew this (*see* Docket No. 121 ("Declaration of Michael Hunkapiller, Ph.D."), at 2, ¶ 2)("I was with AB during the entire time that Stephen Macevicz worked for AB. When Dr. Macevicz first started with AB he reported to Joseph Smith . . . . Later, . . . Dr. Macevicz reported to me."). As the Court pointed out yesterday, many other people at AB must also have known this.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NEW "CONFLICT OF INTEREST" ARGUMENT; CASE NO: 07-CV-02845 WHA**

in the same areas for AB and Macevicz/Lynx for years prior to becoming a full-time AB employee in 1999.[6]

Because Powers's knowledge of the relevant operative facts giving rise to AB's current causes of action did not relate to any confidential information disclosed to him by Macevicz, no conflict or adverse interest could have existed that would preclude imputing Powers's knowledge to AB:

> For a conflict to arise there must be a threatened disclosure of that information resulting from adverse employment of the attorney. Nothing in the rule prohibits an attorney from accepting employment adverse to a former client if the matter has no relationship to confidential information acquired by reason of or in the course of his employment by the former client.[7]

As stated above, AB's current causes of action accrued solely on the basis of publicly available, non-confidential information of which AB had both constructive notice and actual knowledge through its agents Powers and Grossman. AB's reliance on the Rules of Professional Conduct of the State Bar of California to avoid the imputation of knowledge held by AB's agents to AB should be rejected.

## III. Conclusion

AB's briefs and the testimony of its own witnesses establish that by 1999, AB knew all of the operative facts underlying its current ownership claims, from information found on the face of the Macevicz patents (the subject-matter of the patents, that Dr. Macevicz was the inventor, that he filed for the patents in 1995, and that he assigned the patents to Lynx rather than AB) and from knowledge held by its agents (that Macevicz worked at AB when he filed for the patents). Consequently, AB's current ownership claims are barred by the applicable California statutes of limitations, and the Court should therefore grant Defendants' motion for summary judgment.

---

[6] Docket No. 152-5, Deposition of Vincent Powers, at p. 24, line 16 – p. 25, line 12; Docket No. 147, AB's Reply, at p. 4 ("Dr. Powers reasonably believed that the Macevicz patent application was just another Lynx project.").

[7] *Chambers v. Superior Court*, 121 Cal. App. 3d 893, 897 (Cal. App. 1981) (quoting *In re Charles L.*, 63 Cal. App. 3d 760, 763-64 (1976)) (internal punctuation and citations omitted; emphasis added).

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NEW "CONFLICT OF INTEREST" ARGUMENT; CASE NO: 07-CV-02845 WHA**

-3-

| | | |
|---|---|---|
| 1 | Dated: March 21, 2008 | Respectfully submitted, |
| 2 | | |
| 3 | | s/ John R. Labbé |
| | | KEVIN M. FLOWERS (admitted pro hac vice) |
| 4 | | THOMAS I. ROSS (admitted pro hac vice) |
| | | JEFFREY H. DEAN (admitted pro hac vice) |
| 5 | | JOHN R. LABBE (admitted pro hac vice) |
| 6 | | CULLEN N. PENDLETON (admitted pro hac vice) |
| | | MARSHALL, GERSTEIN & BORUN LLP |
| 7 | | 6300 Sears Tower |
| | | 233 South Wacker Drive |
| 8 | | Chicago, IL 60606-6357 |
| 9 | | (312) 474-6300 |
| | | (312) 474-0448 (facsimile) |
| 10 | | E-Mail: kflowers@marshallip.com |
| | | E-Mail: tross@marshallip.com |
| 11 | | E-Mail: jdean@marshallip.com |
| 12 | | E-Mail: jlabbe@marshallip.com |
| | | E-Mail: cpendleton@marshallip.com |
| 13 | | |
| 14 | | *Attorneys for Defendants* |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NEW "CONFLICT OF INTEREST" ARGUMENT; CASE NO: 07-CV-02845 WHA**

-4-