1  BRYAN WILSON (CA SBN 138842)
   ERIC C. PAI (CA SBN 247604)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792
   E-Mail: BWilson@mofo.com; EPai@mofo.com
5
   DAVID C. DOYLE (CA SBN 70690)
6  STEVEN E. COMER (CA SBN 154384)
   BRIAN M. KRAMER (CA SBN 212107)
7  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
8  San Diego, California 92130-2040
   Telephone: 858.720.5100
9  Facsimile: 858.720.5125
   E-Mail: DDoyle@mofo.com; SComer@mofo.com;
10 BMKramer@mofo.com

11 Attorneys for Plaintiff
   APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP
12

13                 UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16

17 | APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No. C07 02845 WHA |
|---|---|
| Plaintiff, | District Judge William H. Alsup |
| v. | |
| ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | **APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S MEMORANDUM OF LAW ADDRESSING NEWLY CITED CASES REGARDING IMPUTATION OF KNOWLEDGE** |
| Defendants. | |

AB'S MEMO ADDRESSING NEWLY CITED CASES RE IMPUTATION OF KNOWLEDGE
Case No. C07 02845 WHA
sd-417123

At yesterday's summary judgment hearing, Defendants cited two new cases that they contend support a new theory that Plaintiff ("AB") had sufficient knowledge of Dr. Stephen Macevicz's wrongdoing to trigger the statute of limitations. Specifically, Defendants argue that when Dr. Vincent Powers arrived at AB in September 1999, he knew that Dr. Macevicz had filed a patent application four years earlier, in April 1995. They further argue that another employee, Dr. Paul Grossman, knew that Dr. Macevicz worked at AB until August 1995. Although (as discussed in previous briefing) Dr. Grossman did not know that Dr. Macevicz had applied for any patents, and Dr. Powers did not know that Dr. Macevicz worked for AB when he applied for the patents, Defendants, primarily relying on *People v. Forest E. Olson, Inc.*, 186 Cal. Rptr. 804 (Ct. App. 1982), now argue that the independent knowledge of these separate individuals should be imputed to AB and combined to commence the running of the statute of limitations.

*Olson* has no relevance to this case. It does not involve the statute of limitations, and it was not decided on summary judgment.[1] *Olson*, like virtually all cases involving imputation of knowledge to corporations, imputed employees' knowledge to prevent a corporation from exploiting its corporate form to achieve an unfair result. This case could not be more different. Here, Defendants seek to use imputation of knowledge to AB to escape liability for Macevicz's own wrongdoing against AB. Counsel for AB is aware of no case supporting the use of combined corporate knowledge to provide a wrongdoer with a defense under the statute of limitations, let alone a fiduciary wrongdoer. The Court should not make new law to accomplish such a perverse result.

In *Olson*, the State of California sued a real estate company for falsely advertising that it sold 926 homes within 8 days of listing. *Id.* at 805. In reality, hundreds of the homes were new homes that were not listed until they were actually sold. The issues were (1) whether the real estate company should have known of the errors in its advertisements, and (2) whether the company exercised reasonable care to catch errors. *Id.* at 806. The real estate company argued

---

[1] Defendants noted at the hearing that *Olson* relied on *Sanders v. Magill*, 9 Cal. 2d 145 (1937). *Sanders*, like *Olson*, was neither a statute of limitations case nor a summary judgment case.

AB'S MEMO ADDRESSING NEWLY CITED CASES RE IMPUTATION OF KNOWLEDGE  1
Case No. C07 02845 WHA
sd-417123

that it was not liable for the wrongdoing because "no one employee ha[d] all the information necessary to realize the advertisements are wrong." *Id.* The Court of Appeal reviewed the trial testimony of three witnesses, including one who admitted that the inclusion of the new homes was "questionable," and concluded that the employees and the company could not escape liability for its false advertising because it "had the information proving the advertisements were misleading." *Id.* at 806-07. In reaching its conclusion, the Court of Appeal relied on *Sanders*, which holds that a corporation cannot escape its collective fraud "by not letting its right hand know what is in its left hand, to mislead and deceive those who are dealing with it in perfectly good faith." *Sanders*, 9 Cal. 2d at 154.

Imputing the knowledge of corporate officials to prevent fraud is sound, but inapplicable to the present case. Here, AB is the victim, not the perpetrator. The issue here is whether AB should be precluded from seeking relief when there are disputes of material fact regarding whether AB had reason to be suspicious of Dr. Macevicz. Defendants seek a windfall of constructive knowledge based on AB's coincidental hiring of Dr. Powers four and one-half years after Dr. Macevicz's wrongdoing. However, Dr. Powers's innocuous knowledge of the Macevicz patent application alone is not enough to make AB suspicious of Dr. Macevicz's breach of contract and breach of fiduciary duty.[2] Likewise, knowledge that Dr. Macevicz was working at AB in April 1995 is not suspicious. Each fact alone is innocuous. There is no case in statute of limitations jurisprudence holding that innocuous facts known separately by multiple employees can be cobbled together with the benefit of hindsight and imputed to the company, resulting in the company losing its rights to proceed against a fiduciary wrongdoer.

---

[2] Defendants assert that Dr. Powers knew that Macevicz filed the patent application in April 1995. That fact, however, is disputed. Further, such knowledge could be imputed to AB only if Dr. Powers had the Macevicz patents "in mind" while working at AB. *See O'Riordan v. Fed. Kemper Life Assurance Co.*, 36 Cal. 4th 281, 288 (2005) ("The principal is charged with knowledge which his agent acquires before the commencement of the relationship when that knowledge can reasonably be said to be present in the mind of the agent while acting for the principal.") (quoting *Columbia Pictures Corp. v. DeToth*, 197 P.2d 580, 587 (Cal. Ct. App. 1948)). Dr. Powers testified that he did not have the Macevicz patents in mind when working at AB. (*See generally* Docket No. 147 at 6.)

AB'S MEMO ADDRESSING NEWLY CITED CASES RE IMPUTATION OF KNOWLEDGE    2
Case No. C07 02845 WHA
sd-417123

If the Court accepts that one can combine imputed knowledge to create "constructive suspicion," it would be creating new law. In doing so, it would contradict well established law that, in the fiduciary context, the duty to investigate is not triggered until actual suspicion has been aroused. *Miller v. Bechtel Corp.*, 33 Cal. 3d 868, 875 (1983). If Defendants' new theory were viable, there would be case law to support it. Instead, the law is well established to the contrary: different statute of limitations rules apply when a fiduciary is accused of wrongdoing. *See, e.g.*, *Bennett v. Hibernia Bank*, 47 Cal. 2d 540, 563 (1956). Those cases require actual notice or actual suspicion.

Dated: March 21, 2008                MORRISON & FOERSTER LLP

By:  /s/ David C. Doyle
     David C. Doyle

Attorneys for Plaintiff
APPLERA CORPORATION -
APPLIED BIOSYSTEMS GROUP