Exhibit B

BRYAN WILSON (CA BAR NO. 138842)
ERIC C. PAI (CA BAR NO. 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com; EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com; SComer@mofo.com;
BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   C07 02845 WHA<br><br>**APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA, INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:    SOLEXA, INC.

RESPONDING PARTY:     APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

SET NUMBER:          ONE

1       Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Applera Corporation

2   – Applied Biosystems Group ("Applied Biosystems" or "AB") responds to Defendant Solexa,

3   Inc.'s First Set of Interrogatories (the "Interrogatories") as follows:

4       AB makes the general and specific objections and responses herein (collectively, the

5   "Responses") based solely on its current knowledge, understanding, and belief with respect to the

6   facts and information available to AB as of the date of the Responses. Additional discovery,

7   investigation, or analysis may lead to additions to, changes in, or other modifications of these

8   Responses. The Responses are given without prejudice to AB's right to amend and/or

9   supplement these Responses at any time.

10      AB makes these Responses with the understanding that Lynx Therapeutics, Inc. ("Lynx")

11  acquired Solexa, Inc. ("Solexa"), and that the combined companies of Lynx and Solexa became

12  known as Solexa. AB is further informed and believes that effective January 26, 2007, Illumina,

13  Inc. ("Illumina") acquired Solexa. References to Illumina in these Responses include Illumina,

14  Solexa, and Lynx.

## GENERAL OBJECTIONS

16      1.      AB objects to each Interrogatory to the extent that it seeks information protected

17  by the attorney-client privilege, the attorney work product doctrine, or any other privilege or

18  protection. AB does not waive any objection made in these Responses, nor any claim of

19  privilege, whether expressly asserted or not, by responding to the Interrogatories, identifying

20  documents, agreeing to produce documents, or producing any document or thing in response to

21  the Interrogatories. The inadvertent production of any document or thing shall not constitute a

22  waiver of any attorney-client privilege, attorney work product protection, or any other applicable

23  privilege.

24      2.      AB objects to each Interrogatory to the extent that it seeks proprietary,

25  confidential, or private business information, including information constituting or pertaining to

26  trade secrets, personnel information and/or competitively sensitive information. AB further

27  objects to providing such highly confidential information in an interrogatory response because

28

1    Defendants have not agreed to a protective order that would provide the appropriate level of

2    protection for these Responses.

3           3.      AB objects to each Interrogatory to the extent it seeks information not in AB's

4    possession, custody, or control.

5           4.      AB objects to each Interrogatory to the extent that it seeks information that is

6    neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relevant

7    to the subject matter of this action.

8           5.      AB objects to each Interrogatory to the extent it purports to impose obligations on

9    AB beyond those required or authorized by the Federal Rules of Civil Procedure and the Local

10   Rules of Practice in Civil Proceedings before the United States District Court for the Northern

11   District of California.

12          6.      AB objects to each Interrogatory to the extent it seeks the confidential information

13   of AB or third parties.

14          7.      AB objects to each Interrogatory to the extent it purports to require AB to search

15   for files from every single AB employee and location.  AB will conduct a diligent search from

16   employees and locations reasonably likely to have responsive information.

17          8.      AB objects to listing on a privilege log any documents or communications

18   between AB and its counsel protected from disclosure under the attorney-client privilege, the

19   attorney work product doctrine, and/or any other privilege or protection and created subsequent to

20   December 26, 2006.

21          **<u>RESPONSES TO INTERROGATORIES</u>**

22   **<u>INTERROGATORY NO. 1</u>:**

23          State in detail the complete factual basis for Your Second Cause of Action for Interference

24   with Contract against Solexa, including the identification of each witness on whose testimony,

25   and each document or thing containing information on which, You may rely to support Your

26   claim, and the nature of that testimony and/or information.

27

28

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

3

1  **RESPONSE TO INTERROGATORY NO. 1:**

2       Subject to its objections, including the General Objections stated above, AB responds as

3  follows. AB incorporates its Response to Interrogatories Nos. 2-6 and 17. AB also incorporates

4  its papers in support of its motion to dismiss and its motion for summary judgment (Docket Nos.

5  61-63, 80-81). In Spring, 1992, Stephen Macevicz ("Macevicz") accepted an offer to become

6  patent counsel for AB. On May 4, 1992, as a condition of his employment by AB, Macevicz

7  signed an Employee Invention Agreement ("Invention Agreement") with AB. The Invention

8  Agreement is a valid and enforceable agreement between Macevicz and AB. In the Invention

9  Agreement, Macevicz promised to disclose to AB, to hold in trust for the sole right and benefit of

10  AB, and to assign to AB any inventions that he might make while employed by AB. The only

11  exception was for inventions that Macevicz could prove were developed entirely on his own time,

12  without the use of company resources, and did not relate to the actual or anticipated business of

13  AB or result from work performed by him for AB. Macevicz further promised that if he made

14  any inventions that he believed fell within this exception, he would disclose those inventions to

15  AB and provide evidence to substantiate his belief that the inventions fell within the exception.

16       On April 17, 1995, while he was still working for AB, Macevicz filed United States Patent

17  Application No. 08/424,663 ("the Application") with the United States Patent and Trademark

18  Office. He filed the Application in his own name. The Application described and covered

19  inventions that were owned by AB pursuant to the Invention Agreement. Macevicz did not

20  disclose the Application, nor did he make any other disclosure required by the Invention

21  Agreement, to AB.

22       Macevicz's Application led to at least three U.S. patents that issued after he left AB: U.S.

23  Patent No. 5,750,341 ("the '341 Patent"), U.S. Patent No. 5,969,119 ("the '119 Patent"), and U.S.

24  Patent No. 6,306,597 (the '597 Patent) (collectively, "the Patents"). AB did not learn about the

25  Application or the Patents until in or around February 2006.

26       A PCT application and several foreign patents and patent applications also claim priority

27  to Macevicz's Application, including but not limited to PCT Application PCT/US96/05245,

28  European Patent Application Publication No. EP 0871646, Canadian Patent No. 2,218,017,

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

4

1  Australian Patent No. 754991, Australian Patent No. 718937, Japanese Patent Application No.

2  H08-531848 (Publication No. JP H11-503908), and Japanese Patent Application H19-185093

3  ("the Foreign Patents and Applications").

4        Very soon after he left AB, Macevicz went to work for Lynx Therapeutics ("Lynx").

5  Macevicz purported to assign the Application and the Patents to Lynx, and Lynx purported to

6  accept the assignments.  AB was unaware of the purported assignment to Lynx, and was unaware

7  of the Application or the Patents, until in or around February 2006.

8        Macevicz also applied for other patent applications for sequencing by hybridization in his

9  own name, which he did not disclose to AB, and offered to assign those applications to Lynx.

10       Macevicz breached the terms of the Invention Agreement by, among other things, failing

11  to disclose the inventions to AB, applying for patents on the inventions in his own name, and

12  purporting to assign the inventions and patents to Lynx.  AB has been harmed by Macevicz's

13  various breaches of the Invention Agreement.

14       Lynx knew or should have known that Macevicz had a contractual duty to disclose and

15  assign the Application, the Patents, and the Foreign Patents and Applications to AB.  Lynx also

16  knew or should have known that Macevicz had worked for AB prior to working for Lynx, and

17  that the Application, the Patents, and the Foreign Patents and Applications were within AB's

18  scope of business.  Lynx nonetheless accepted the purported assignment of the Application, the

19  Patents, and the Foreign Patents and Applications from Macevicz, and assisted Macevicz in

20  violating his contractual obligations to AB by failing to disclose, hold in trust for, and assign the

21  Application, the Patents, and the Foreign Patents and Applications to AB.  Lynx also encouraged

22  Macevicz to breach his contractual obligations to AB by, without limitation, negotiating with

23  Macevicz regarding the assignment of other patent applications and indemnifying Macevicz for

24  his wrongful conduct against AB.  Illumina has adopted, ratified and benefited from the wrongful

25  conduct of Macevicz and Lynx.

26       AB has been damaged as a result of Illumina's interference with the Invention Agreement

27  between Macevicz and AB, in an amount to be proven at trial.  For example, this litigation has

28

1   disrupted AB's business and caused AB significant expense. Illumina's conduct was intentional,

2   willful, and malicious.

3       Regarding likely witnesses, AB does not yet know the identity of all witnesses whose

4   testimony it may rely upon, but AB believes that it is likely to rely upon the testimony of Stephen

5   Macevicz, Kathy San Roman (both in her individual capacity and on behalf of Illumina pursuant

6   to Fed. R. Civ. P. 30(b)(6)), Paul Grossman, Steven Fung, Joseph Smith, Mike Hunkapiller, and

7   Sam Eletr. Likewise, AB does not yet know the identity of all documents it will rely upon, but

8   AB believes that it is likely to rely upon the Invention Agreement and the Application, the

9   Patents, and the Foreign Patents and Applications, and the indemnity agreement and

10  correspondence between Macevicz and Lynx while he was still employed at AB.

11  **INTERROGATORY NO. 2:**

12      State in detail the complete factual basis for Your Third Cause of Action for Breach of

13  Fiduciary Duty against Solexa, including the identification of each witness on whose testimony,

14  and each document or thing containing information on which, You may rely to support Your

15  claim, and the nature of that testimony and/or information.

16  **RESPONSE TO INTERROGATORY NO. 2:**

17      Subject to its objections, including the General Objections stated above, AB responds as

18  follows. AB incorporates its Response to Interrogatory No. 1, 3-6, and 17. AB also incorporates

19  its papers in support of its motion to dismiss and its motion for summary judgment (Docket Nos.

20  61-63, 80-81). As AB's chief patent counsel, Macevicz owed to AB fiduciary duties of utmost

21  good faith and honesty, including duties to protect AB's business and interests with respect to

22  inventions, patents, intellectual property, and other corporate opportunities, and not to allow those

23  opportunities to be used by others for their own benefit and to harm AB. Macevicz also owed

24  fiduciary duties to AB under the Invention Agreement, pursuant to which he held inventions in

25  trust for the sole right and benefit of AB.

26      Macevicz breached fiduciary duties owed to AB by, among other things, failing to

27  disclose the inventions to AB, applying for patents on the inventions in his own name, and

28  purporting to assign the inventions and patents to Lynx. Macevicz also offered other patent

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

6

1   applications to Lynx, and entered an indemnity agreement with Lynx, thereby putting his own

2   and Lynx's interests ahead of AB's while he was still a fiduciary of AB. Macevicz further

3   breached his fiduciary duties by concealing all of these actions and activities from AB.

4          Lynx knew or should have known that Macevicz was AB's chief patent counsel, held the

5   inventions and patents in trust for AB, and owed fiduciary duties to AB. Lynx aided and abetted

6   Macevicz in violating his fiduciary duties to AB by encouraging and accepting Macevicz's

7   purported assignment of the Application, the Patents, and the Foreign Patents and Applications to

8   Lynx. Lynx also encouraged Macevicz to breach his duties to AB by, without limitation,

9   negotiating with Macevicz regarding the assignment of other patent applications and

10  indemnifying Macevicz for his wrongful conduct against AB. Illumina has adopted, ratified and

11  benefited from the wrongful conduct of Macevicz and Lynx.

12         AB has been damaged as a result of Illumina's aiding and abetting of Macevicz's breaches

13  of fiduciary duties owed to AB. Illumina's conduct was intentional, willful, and malicious.

14         Regarding likely witnesses, AB does not yet know the identity of all witnesses whose

15  testimony it may rely upon, but AB believes that it is likely to rely upon the testimony of Stephen

16  Macevicz, Kathy San Roman (both in her individual capacity and on behalf of Illumina pursuant

17  to Fed. R. Civ. P. 30(b)(6)), Paul Grossman, Steven Fung, Joseph Smith, Mike Hunkapiller, and

18  Sam Eletr. Likewise, AB does not yet know the identity of all documents it will rely upon, but

19  AB believes that it is likely to rely upon the Invention Agreement and the Application, the

20  Patents, and the Foreign Patents and Applications, and the indemnity agreement and

21  correspondence between Macevicz and Lynx while he was still employed at AB.

22  **INTERROGATORY NO. 3:**

23         State in detail the complete factual basis for Your Fourth Cause of Action for Constructive

24  Fraud against Solexa, including the identification of each witness on whose testimony, and each

25  document or thing containing information on which, You may rely to support Your claim, and the

26  nature of that testimony and/or information.

27

28

1    **RESPONSE TO INTERROGATORY NO. 3:**

2           Subject to its objections, including the General Objections stated above, AB responds as

3    follows. AB incorporates its Response to Interrogatories Nos. 1-2, 4-6, and 17. AB also

4    incorporates its papers in support of its motion to dismiss and its motion for summary judgment

5    (Docket Nos. 61-63, 80-81). As AB's chief patent counsel, Macevicz owed to AB fiduciary

6    duties of utmost good faith and honesty, including duties to protect AB's business and interests

7    with respect to inventions, patents, intellectual property, and other corporate opportunities, and

8    not to allow those opportunities to be used by others for their own benefit and to harm AB.

9    Macevicz also owed fiduciary duties to AB under the Invention Agreement, pursuant to which he

10   held inventions in trust for the sole right and benefit of AB.

11          Macevicz breached fiduciary duties owed to AB by, among other things, failing to

12   disclose the inventions to AB, applying for patents on the inventions in his own name, and

13   purporting to assign the inventions and patents to Lynx. Lynx knew or should have known that

14   Macevicz was AB's chief patent counsel, held the inventions and patents in trust for AB, and

15   owed fiduciary duties to AB. Lynx aided and encouraged Macevicz in violating his fiduciary

16   duties to AB by encouraging and accepting Macevicz's purported assignment of the Application,

17   the Patents, and the Foreign Patents and Applications to Lynx. Lynx also encouraged Macevicz

18   to breach his agreement with AB by, without limitation, negotiating with Macevicz regarding the

19   assignment of other patent applications and indemnifying Macevicz for his wrongful conduct

20   against AB.

21          Macevicz's breaches of fiduciary duties provided advantages to him, and to Lynx

22   claiming under him, by misleading AB to its prejudice. These breaches constitute constructive

23   fraud under the common law and according to statute, including California Civil Code section

24   1573. AB has been damaged as a result of Defendants' constructive fraud.

25          Illumina has adopted and ratified the wrongful conduct of Macevicz and Lynx, and

26   Illumina's aiding and abetting of Macevicz's breaches of fiduciary duties provided advantages to

27   Illumina, by misleading AB to its prejudice. These breaches constitute constructive fraud under

28   the common law and according to statute, including California Civil Code section 1573.

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

8

1   Regarding likely witnesses, AB does not yet know the identity of all witnesses whose

2   testimony it may rely upon, but AB believes that it is likely to rely upon the testimony of Stephen

3   Macevicz, Kathy San Roman (both in her individual capacity and on behalf of Illumina pursuant

4   to Fed. R. Civ. P. 30(b)(6)), Paul Grossman, Steven Fung, Joseph Smith, Mike Hunkapiller, and

5   Sam Eletr.  Likewise, AB does not yet know the identity of all documents it will rely upon, but

6   AB believes that it is likely to rely upon the Invention Agreement and the Application, the

7   Patents, and the Foreign Patents and Applications, and the indemnity agreement and

8   correspondence between Macevicz and Lynx while he was still employed at AB.

9   **INTERROGATORY NO. 4:**

10   State in detail the complete factual basis for Your Fifth Cause of Action for Conversion

11   against Solexa, including the identification of each witness on whose testimony, and each

12   document or thing containing information on which, You may rely to support Your claim, and the

13   nature of that testimony and/or information.

14   **RESPONSE TO INTERROGATORY NO. 4:**

15   Subject to its objections, including the General Objections stated above, AB responds as

16   follows.  AB incorporates its Response to Interrogatories Nos. 1-3, 5-6, and 17.  AB also

17   incorporates its papers in support of its motion to dismiss and its motion for summary judgment

18   (Docket Nos. 61-63, 80-81).  AB owned and continues to own the Application, the Patents and

19   the Foreign Patents and Applications.  Without AB's consent, Lynx intentionally took possession

20   of the Application, the Patents, and the Foreign Patents and Applications.  Macevicz submitted

21   the Application while he was working for AB, and Lynx knew or should have known that the

22   subject matter of the Application, the Patents, and the Foreign Patents and Applications related to

23   AB's business.  Macevicz could not reasonably have believed that he had authority to assign the

24   Application, the Patents, and the Foreign Patents and Applications to Lynx.  Lynx encouraged

25   Macevicz to purportedly assign to Lynx the Application, the Patents and the Foreign Patents and

26   Applications that Lynx knew or should have known belonged to AB.  Lynx also encouraged

27   Macevicz to breach his agreement with AB by, without limitation, negotiating with Macevicz

28   regarding the assignment of other patent applications and indemnifying Macevicz for his

1   wrongful conduct against AB.  Illumina has adopted, ratified and benefited from the wrongful

2   conduct of Macevicz and Lynx.

3          Regarding likely witnesses, AB does not yet know the identity of all witnesses whose

4   testimony it may rely upon, but AB believes that it is likely to rely upon the testimony of Stephen

5   Macevicz, Kathy San Roman (both in her individual capacity and on behalf of Illumina pursuant

6   to Fed. R. Civ. P. 30(b)(6)), Paul Grossman, Steven Fung, Joseph Smith, Mike Hunkapiller, and

7   Sam Eletr.  Likewise, AB does not yet know the identity of all documents it will rely upon, but

8   AB believes that it is likely to rely upon the Invention Agreement and the Application, the

9   Patents, and the Foreign Patents and Applications, and the indemnity agreement and

10  correspondence between Macevicz and Lynx while he was still employed at AB.

11  **INTERROGATORY NO. 5:**

12         State in detail the complete factual basis for Your Sixth Cause of Action for Imposition of

13  Constructive Trust against Solexa, including the identification of each witness on whose

14  testimony, and each document or thing containing information on which, You may rely to support

15  Your claim, and the nature of that testimony and/or information.

16  **RESPONSE TO INTERROGATORY NO. 5:**

17         Subject to its objections, including the General Objections stated above, AB responds as

18  follows.  AB incorporates its Response to Interrogatories Nos. 1-4, 6, and 17.  AB also

19  incorporates its papers in support of its motion to dismiss and its motion for summary judgment

20  (Docket Nos. 61-63, 80-81).  Under the Invention Agreement, Macevicz holds and held the

21  Application, the Patents, and the Foreign Patents and Applications in trust for AB.  Although

22  Macevicz purported to assign the Application, the Patents, and the Foreign Patents and

23  Applications to Lynx, Macevicz had no right to make that assignment.  Macevicz could not

24  reasonably have believed that he had authority to assign the Application, the Patents, and the

25  Foreign Patents and Applications to Lynx.  Lynx encouraged Macevicz to assign to Lynx the

26  Application, the Patents and the Foreign Patents and Applications that Lynx knew or should have

27  known belonged to AB.  Lynx knew or should have known that Macevicz had no right to make

28  the assignment.  Lynx also encouraged Macevicz to breach his agreement with AB by, without

1  limitation, negotiating with Macevicz regarding the assignment of additional patent applications

2  and indemnifying Macevicz for his wrongful conduct against AB. Illumina adopted, ratified and

3  benefited from the wrongful conduct of Macevicz and Lynx.

4  Because of the fraudulent and otherwise wrongful manner in which Illumina obtained its

5  purported right, claim or interest in and to the Application, the Patents, and the Foreign Patents

6  and Applications, Illumina has no legal or equitable right, claim or interest to the Application, the

7  Patents, and the Foreign Patents and Applications, or any income or benefits derived from them.

8  Illumina is an involuntary trustee holding the Application, the Patents, and the Foreign Patents

9  and Applications and any profits or income therefrom in constructive trust for AB, with the duty

10  to convey the same to AB.

11  Regarding likely witnesses, AB does not yet know the identity of all witnesses whose

12  testimony it may rely upon, but AB believes that it is likely to rely upon the testimony of Stephen

13  Macevicz, Kathy San Roman (both in her individual capacity and on behalf of Illumina pursuant

14  to Fed. R. Civ. P. 30(b)(6)), Paul Grossman, Steven Fung, Joseph Smith, Mike Hunkapiller, and

15  Sam Eletr. Likewise, AB does not yet know the identity of all documents it will rely upon, but

16  AB believes that it is likely to rely upon the Invention Agreement and the Application, the

17  Patents, and the Foreign Patents and Applications, and the indemnity agreement and

18  correspondence between Macevicz and Lynx while he was still employed at AB.

19  **INTERROGATORY NO. 6:**

20  State in detail the complete factual basis for Your Seventh Cause of Action for Unfair

21  Competition against Solexa, including the identification of each witness on whose testimony, and

22  each document or thing containing information on which, You may rely to support Your claim,

23  and the nature of that testimony and/or information.

24  **RESPONSE TO INTERROGATORY NO. 6:**

25  Subject to its objections, including the General Objections stated above, AB responds as

26  follows. AB incorporates its Response to Interrogatories Nos. 1-5, and 17. AB also incorporates

27  its papers in support of its motion to dismiss and its motion for summary judgment (Docket Nos.

28  61-63, 80-81). Solexa has brought the Patents to the attention of third parties as if it were the

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

11

1   legitimate assignee and owner of the Patents, acting as if it were the proper assignee and owner of

2   the Patents. However, Solexa is not the proper assignee or owner of the Patents. Solexa's

3   improper receipt of the Application, the Patents, and the Foreign Patents and Applications

4   constitutes unfair competition under the common law and according to statute, including

5   California Business and Professions Code section 17200 *et seq.* Illumina has adopted, ratified

6   and benefited from the wrongful conduct of Solexa.

7          Regarding likely witnesses, AB does not yet know the identity of all witnesses whose

8   testimony it may rely upon, but AB believes that it is likely to rely upon the testimony of Stephen

9   Macevicz, Kathy San Roman (both in her individual capacity and on behalf of Illumina pursuant

10  to Fed. R. Civ. P. 30(b)(6)), Paul Grossman, Steven Fung, Joseph Smith, Mike Hunkapiller, and

11  Sam Eletr. Likewise, AB does not yet know the identity of all documents it will rely upon, but

12  AB believes that it is likely to rely upon the Invention Agreement and the Application, the

13  Patents, and the Foreign Patents and Applications, correspondence between Solexa and

14  Agencourt Personal Genomics, and the indemnity agreement and correspondence between

15  Macevicz and Lynx while he was still employed at AB.

16  **INTERROGATORY NO. 7:**

17         Identify all products that You have made or make, have sold or sell, or have offered or

18  currently offer for sale that comprise, constitute or relate to Your SOLiD™ System including any

19  of its components, systems, subsystems, or reagents, including oligonucleotides and probes. A

20  complete response to this interrogatory will include the name and product numbers of any such

21  products, identification of the sequencing method(s) employed in using each product, and the

22  associated equipment, reagents, or other materials that You have made, make, have sold, sell,

23  have offered or currently offer for sale for use with any such products.

24  **RESPONSE TO INTERROGATORY NO. 7:**

25         AB incorporates the General Objections stated above. AB further objects that this

26  Interrogatory is compound, vague and ambiguous. AB further objects to providing this highly

27  confidential information in an interrogatory response because Defendants have not agreed to a

28  protective order that would provide the appropriate level of protection for this Response. AB

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

12

1   further objects that, pursuant to Fed. R. Civ. P. 33(d), this Interrogatory is unnecessarily

2   burdensome in that it would require AB to create a compilation of information that Solexa can

3   obtain from documents that were already provided to Solexa pursuant to Patent Local Rule 3-4

4   and that are being provided to Solexa pursuant to AB's document production. In particular, the

5   components and reagents that are sold as part of the SOLiD system are listed in the SOLiD User's

6   Manual. The reagents are also listed in the table of consumables, and the components and

7   reagents that have been sold are listed in the sales invoices. The probe sets are listed in the

8   SOLiD User's Manual and the probe chemistry is described in the Trilink Certificates of

9   Analysis.

10  **INTERROGATORY NO. 8:**

11      Describe the sales or leasing terms for all products identified in response to Interrogatory

12  Number 7. A complete response to this interrogatory will include identification of the first sale or

13  lease of any such products, a list of purchaser(s) or lessor(s) of any such product(s), the person(s)

14  who initiated any sale or lease, the person(s) monitoring any customer's use of any such

15  product(s), and the person(s) involved in marketing any responsive products.

16  **RESPONSE TO INTERROGATORY NO. 8:**

17      AB incorporates the General Objections stated above. AB further objects that this

18  Interrogatory is compound. AB further objects to providing this highly confidential information

19  in an interrogatory response because Defendants have not agreed to a protective order that would

20  provide the appropriate level of protection for this Response. AB further objects that, pursuant to

21  Fed. R. Civ. P. 33(d), this Interrogatory is unnecessarily burdensome in that it would require AB

22  to create a compilation of information that Solexa can obtain from documents that are being

23  provided to Solexa pursuant to AB's document production. In particular, the terms of the sales

24  are listed in the sales invoices. The first placements of SOLiD were made in about June 2007

25  with Stanford University and the Broad Institute. The marketing efforts and identities of people

26  involved in marketing are listed in the marketing documents. AB further objects to having to

27  determine the names of all of the people involved in each sale and in marketing and monitoring

28  the use of the accused product. AB, however, identifies the following people as primarily

1  responsible for current marketing and sales of SOLiD:  Jason Liu, Kimberly Caple, and Carla

2  Wike.

3  **INTERROGATORY NO. 9:**

4        Identify each customer and prospective customer to whom Your agents, officers,

5  directors, salespersons, contractors, or employees have provided or arranged to provide any

6  materials or documentation referring or relating to Your SOLiD™ System.

7  **RESPONSE TO INTERROGATORY NO. 9:**

8        AB incorporates the General Objections stated above.  AB further objects that this

9  Interrogatory is compound, vague and ambiguous.  AB further objects that this Interrogatory

10  seeks information beyond AB's possession, custody, or control.  AB further objects to providing

11  this highly confidential information in an interrogatory response because Defendants have not

12  agreed to a protective order that would provide the appropriate level of protection for this

13  Response.  AB further objects that this Interrogatory is overly broad and unduly burdensome.  AB

14  provides product information to many people, including at trade shows and makes materials

15  available for viewing or download through its web site.  AB further objects that, pursuant to Fed.

16  R. Civ. P. 33(d), this Interrogatory is unnecessarily burdensome in that it would require AB to

17  create a compilation of information that Solexa can obtain from documents that are being

18  provided to Solexa pursuant to AB's document production.  In particular, the sales and marketing

19  documents discuss certain potential customers.  The marketing efforts and identities of people

20  involved in marketing are listed in the marketing documents.  AB further objects that it would be

21  overly burdensome to determine the names of all of the people involved in providing or arranging

22  the delivery of any materials to customers or prospective customers.  AB, however, identifies the

23  following people as primarily responsible for current marketing and sales of SOLiD:  Jason Liu,

24  Kimberly Caple, and Carla Wike.

25  **INTERROGATORY NO. 10:**

26        For each customer and prospective customer identified in response to Interrogatory

27  Number 9, identify the specific materials provided to each, the name(s) of the person(s) providing

28  the materials, and the date each such material was provided.

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

14

1    **RESPONSE TO INTERROGATORY NO. 10:**

2        AB incorporates the General Objections stated above.  AB further objects that this

3    Interrogatory is compound, vague and ambiguous.  AB further objects that this Interrogatory

4    seeks information beyond AB's possession, custody, or control.  AB further objects to providing

5    this highly confidential information in an interrogatory response because Defendants have not

6    agreed to a protective order that would provide the appropriate level of protection for this

7    Response.  AB further objects that this Interrogatory is overly broad and unduly burdensome.  AB

8    provides product information to many people, including at trade shows and makes materials

9    available for viewing and download through its web site.  AB further objects that, pursuant to

10   Fed. R. Civ. P. 33(d), this Interrogatory is unnecessarily burdensome in that it would require AB

11   to create a compilation of information that Solexa can obtain from documents that are being

12   provided to Solexa pursuant to AB's document production.  In particular, the sales and marketing

13   documents discuss certain materials provided to particular customers and potential customers.

14   The marketing efforts and identities of people involved in marketing are listed in the marketing

15   documents.  AB further objects to having to determine the names of all of the people involved in

16   providing or arranging the delivery of any materials to customers or prospective customers.  AB,

17   however, identifies the following people as primarily responsible for current marketing and sales

18   of SOLiD:  Jason Liu, Kimberly Caple, and Carla Wike.

19   **INTERROGATORY NO. 11:**

20       Identify all persons or entities that have contracted to purchase or have purchased Your

21   SOLiD™ System or any of its components, systems, subsystems, or reagents, including

22   oligonucleotides and probes.

23   **RESPONSE TO INTERROGATORY NO. 11:**

24       AB incorporates the General Objections stated above.  AB further objects to providing

25   this highly confidential information in an interrogatory response because Defendants have not

26   agreed to a protective order that would provide the appropriate level of protection for this

27   Response.  AB further objects that, pursuant to Fed. R. Civ. P. 33(d), this Interrogatory is

28   unnecessarily burdensome in that it would require AB to create a compilation of information that

1    Solexa may obtain from documents that are being provided to Solexa pursuant to AB's document

2    production. In particular, the identities of the customers are listed in the sales invoices.

3    **INTERROGATORY NO. 12:**

4        If you contend that the use of Your SOLiD™ System does not infringe any asserted claim

5    in the Patents, set forth in detail, on an element-by-element basis, each basis for your contention

6    that the use of Your SOLiD™ System has not, does not, or will not infringe each such element,

7    either literally or under the doctrine of equivalents, specifically identifying each element allegedly

8    not infringed by the use of Your SOLiD™ System, the facts, documents, and other evidence upon

9    which you may rely in support of your contention, and the three person(s) associated with You

10   who are most knowledgeable concerning such facts, documents, and other evidence.

11   **RESPONSE TO INTERROGATORY NO. 12:**

12       AB incorporates the General Objections stated above. AB further objects to providing

13   this highly confidential information in an interrogatory response because Defendants have not

14   agreed to a protective order that would provide the appropriate level of protection for this

15   Response. AB further incorporates its discussion of noninfringement in its Preliminary Invalidity

16   Contentions (because the asserted claims are invalid, they cannot be infringed), its Tutorial, and

17   its Claim Construction Brief (Docket No. 92). Additionally, because AB is the rightful owner of

18   the Patents, it cannot infringe them. AB objects to having to list three people who are most

19   knowledgeable regarding SOLiD because it is a complex system and different people are most

20   knowledgeable about different aspects of the system. However, AB identifies the following three

21   employees as having significant knowledge about the system overall: Kevin McKernan, Lee

22   Jones, and Tim Burcham.

23       AB does not yet know the identity of all documents it will rely upon, but AB believes that

24   it is likely to rely upon the Application, the Patents, the file histories of the Patents, the evidence

25   cited by AB in the Joint Claim Construction and Prehearing Statement (Docket No. 78), AB's

26   Claim Construction Brief (Docket No. 92), the Court's Claim Construction Order (Docket No.

27   133), the SOLiD User's Manual, the Trilink Certificates of Analysis, the documents produced by

28

1    AB pursuant to Patent Local Rule 3-4, and other documents and materials relating to the

2    chemistry, software, and operation of SOLiD.

3             AB objects to having to list all grounds for noninfringement.  AB also objects to having to

4    discuss the grounds for noninfringement under the doctrine of equivalents when Solexa has

5    asserted the doctrine of equivalents only as to claims 8 and 18 of the '341 Patent and claim 1 of

6    the '119 Patent.  Discovery and analysis is ongoing, and additional claim construction remains to

7    be completed.  However, at this time, AB identifies the following grounds for noninfringement:

8    Claim 1 of the '341 Patent and all asserted claims that depend thereon:

9         The SOLiD method does not provide a probe-target duplex comprising an initializing
          oligonucleotide probe hybridized to a target polynucleotide.  In the SOLiD method, the
10        initializing oligonucleotide is hybridized to the P1 adapter, which is a known sequence
          that is not targeted for analysis.  The initializing oligonucleotide is not hybridized to the
11        target polynucleotide.

12        The SOLiD method does not ligate an extension oligonucleotide probe to the extendable
          probe terminus of the initializing oligonucleotide in the repeated ligation cycles.  In the
13        SOLiD method, the probe in each subsequent cycle is ligated to the previously-ligated
          probe, not to the initializing oligonucleotide.
14
          The SOLiD method does not, within each cycle, determine the identity of a base in the
15        target polynucleotide.  The SOLiD method has been described in AB's Claim
          Construction Brief.  In summary, SOLiD uses a two-base encoding system that gathers
16        information that narrows the possibilities of two adjacent nucleotides from sixteen to four.
          But it does not identify the base of either nucleotide.  Either one can be an A, T, C or G.
17        The identity of either nucleotide is not determined until all of the cycles and resets are run
          and intensive computation is performed to align the color reads against a known reference
18        sequence that has been converted to the two-base encoding system.

19        The SOLiD method does not repeat steps (b), (c) and (d) until a sequence of nucleotides in
          the target polynucleotide is determined.  As discussed above, the SOLiD method does not
20        perform the steps required prior to this step.  Additionally, the SOLiD method does not
          perform the steps in the repeated cycles.  For example, in the repeated cycles, the probes
21        are not ligated to the initializing primer.  Further, the SOLiD method does not determine a
          sequence of nucleotides until after computation is performed, subsequent to the chemistry
22        steps.

23   Claims 6 and 16 of the '341 Patent:

24        The SOLiD method does not include a step of capping an extended oligonucleotide probe.
          The SOLiD method instead includes a step of dephosphorylation.
25
     Claims 8 and 18 of the '341 Patent:
26
          The SOLiD method does not have a chemically scissile internucleosidic linkage that is a
27        phosphoramidate.  The probes used in the SOLiD method use a phosphorothiolate linkage.
          A phosphorothiolate linkage is not the equivalent of a phosphoramidate linkage because,
28

among other things, that would vitiate the claim's express requirement that the linkage be a phosphoramidate.

Claim 11 of the '341 Patent and all asserted claims that depend thereon:

The SOLiD method does not provide, in separate aliquots, a plurality of distinct target-primer duplexes. It does not provide separate aliquots.

The SOLiD method does not provide distinct duplexes comprising an initializing oligonucleotide primer hybridized to a target polynucleotide. It does not provide separate aliquots. Additionally, as discussed above, it does not provide an initializing oligonucleotide primer hybridized to a target polynucleotide.

The SOLiD method does not provide aliquots wherein the target polynucleotide in each duplex is the same, but the initializing oligonucleotide in each duplex is bound to a different sequence of the target polynucleotide. It does not provide separate aliquots. It also does not provide separate aliquots in which each duplex is the same, but the initializing oligonucleotide in each duplex is bound to a different sequence of the target polynucleotide. In the SOLiD system, the initializing primers are the same, and the target polynucleotides on each bead are essentially all different.

The SOLiD method does not provide that steps (b) to (e) are carried out independently on each aliquot. As discussed above, the SOLiD method does not provide separate aliquots. Additionally, steps (b) and (e) are not carried out in subsequent cycles because the probes are not ligated to the initializing primer.

Claim 1 of the '119 Patent:

SOLiD does not contain an oligonucleotide probe of the formula: HO—(3′)(B)j(5′)—OP(==O)(O—)NH—(B)k-Bt*. The probes used in the SOLiD method use a phosphorothiolate linkage. A phosphorothiolate linkage does not contain the nitrogen atom required by the formula above. A phosphorothiolate linkage is not the equivalent of a phosphoramidate linkage because, among other things, that would vitiate the claim's express requirement that the linkage be a phosphoramidate.

Claim 1 of the '597 Patent:

The SOLiD method does not extend an initializing oligonucleotide along the polynucleotide by ligating an oligonucleotide probe thereto in the repeated cycles. In the SOLiD method, the probe in each subsequent cycle is ligated to the previously-ligated probe.

The SOLiD method does not, within each cycle, determine the identity of a base in the target polynucleotide. The SOLiD method has been described in AB's Claim Construction Brief. As discussed above, in summary, SOLiD uses a two-base encoding system that gathers information that narrows the possibilities of two adjacent nucleotides from sixteen to four. But it does not identify the base of either nucleotide. Either one can be an A, T, C or G. The identity of either nucleotide is not determined until all of the cycles and resets are run and intensive computation is performed to align the color reads against a known reference sequence that has been converted to the two-base encoding system.

The SOLiD method does not repeat steps (a) and (b) until the sequence of nucleotides is determined. As discussed above, the SOLiD method does not perform the steps required prior to this step. Additionally, the SOLiD method does not perform the steps in the

1    repeated cycles. For example, in the repeated cycles, the probes are not ligated to the
2    initializing primer. Further, the SOLiD method does not determine a sequence of
     nucleotides until after computation is performed, subsequent to the chemistry steps.

3    **INTERROGATORY NO. 13:**

4    State in detail how and when You first became aware of the Patents or U.S. Patent
5    Application No. 08/424,663. A complete response to this interrogatory will include
6    identification, separately for each patent and application, of the person(s) employed by or
7    associated with You who first acquired awareness of the Patents or U.S. Patent Application
8    No. 08/424,663, the circumstances under which each such person acquired awareness, all reasons
9    that You did not acquire such awareness at any earlier time, and all reasons why You did not,
10   substantially contemporaneously with Your acquiring that awareness, bring an action seeking the
11   remedies set out in Your Complaint in this lawsuit, including the identification of each witness on
12   whose testimony, and each document or thing containing information on which, You may rely to
13   support Your answer to this interrogatory, and the nature of that testimony and/or information.

14   **RESPONSE TO INTERROGATORY NO. 13:**

15   AB incorporates the General Objections stated above. AB further objects that this
16   Interrogatory is vague and ambiguous as to the term "substantially contemporaneously," and
17   lacks foundation. Subject to its objections, AB responds as follows. AB incorporates its papers
18   in support of its opposition to Defendants' motion for summary judgment and AB's cross-motion
19   for summary judgment on statute of limitations (Docket Nos. 119-124). AB became aware of the
20   Patents and the Patent Application in early 2006 in connection with AB's acquisition of
21   Agencourt Personal Genomics ("Agencourt"). Scott Bortner saw the '341 Patent in the results of
22   a patent search and learned of the other Patents in the course of reviewing Agencourt's documents
23   while conducting due diligence for the transaction, and first raised the possibility of AB's claims
24   against Macevicz and Illumina.

25   Macevicz was AB's attorney and Senior Patent Counsel, and owed AB fiduciary duties of
26   the very highest character. More specifically, Macevicz was charged with, among other duties,
27   the duty to protect AB's intellectual property. AB therefore was not in a position to recognize

28

1  Macevicz's wrongdoing.  By secretly applying for the patents and then secretly exploiting them

2  for his own benefit, Macevicz concealed his breach of the very duty he owed to AB as its

3  fiduciary.  Since AB held Macevicz in a position of trust and confidence to protect its patent

4  rights, Macevicz's wrongdoing deprived AB of the very means it depended on to learn of his

5  wrongdoing.

6        Lynx knew or should have known that Macevicz was AB's chief patent counsel, held the

7  inventions and patents in trust for AB, and owed fiduciary duties to AB.  Lynx aided and abetted

8  Macevicz in violating his fiduciary duties to AB by encouraging and accepting Macevicz's

9  purported assignment of the Application, the Patents, and the Foreign Patents and Applications to

10  Lynx.  Lynx also encouraged Macevicz to breach his duties to AB by, without limitation,

11  negotiating with Macevicz regarding the assignment of other patent applications and

12  indemnifying Macevicz for his wrongful conduct against AB.  Illumina has adopted, ratified and

13  benefited from the wrongful conduct of Macevicz and Lynx.

14        Additionally, patent applications were not published by the United States Patent and

15  Trademark Office during the applicable time period, and AB does not search and monitor all

16  issuing patents.

17        Regarding likely witnesses, AB does not yet know the identity of all witnesses whose

18  testimony it may rely upon, but AB believes that it is likely to rely upon the testimony of Stephen

19  Macevicz, Kathy San Roman (both in her individual capacity and on behalf of Illumina pursuant

20  to Fed. R. Civ. P. 30(b)(6)), Paul Grossman, Steven Fung, Joseph Smith, Mike Hunkapiller, and

21  Sam Eletr.  Likewise, AB does not yet know the identity of all documents it will rely upon, but

22  AB believes that it is likely to rely upon the Application, the Patents, and the Foreign Patents and

23  Applications, and the indemnity agreement and correspondence between Macevicz and Lynx

24  while he was still employed at AB.

25  **INTERROGATORY NO. 14:**

26        Identify each agreement by which You obtained or granted any right or immunity under

27  any patent claiming subject matter relating to DNA sequencing.

28

1  **RESPONSE TO INTERROGATORY NO. 14:**

2      AB incorporates the General Objections stated above. AB further objects to providing

3  this highly confidential information in an interrogatory response because Defendants have not

4  agreed to a protective order that would provide the appropriate level of protection for this

5  Response. AB further objects to this Interrogatory as overbroad and burdensome. Subject to

6  these objections, AB responds as follows. AB is searching for and investigating its license

7  agreements and will timely supplement this Response as appropriate.

8  **INTERROGATORY NO. 15:**

9      Identify every oral and written opinion or other communication (including opinions of

10  counsel) that refers or relates to the validity or invalidity of any of the Patents, the enforceability

11  or unenforceability of any of the Patents, and/or whether the use of Your SOLiD™ System or any

12  related system infringes or would infringe any of the Patents.

13  **RESPONSE TO INTERROGATORY NO. 15:**

14      AB incorporates the General Objections stated above. AB further objects that this

15  Interrogatory seeks information protected by the attorney-client privilege and/or the attorney

16  work product doctrine. AB further objects to providing this information at this time because,

17  pursuant to Patent Local Rules 2-5(d) and 3-8, as well as the case schedule set by the Court, the

18  response to this question is not yet due. AB will provide its response pursuant to the schedule set

19  by the Patent Local Rules and the Court.

20  **INTERROGATORY NO. 16:**

21      State in detail the complete factual basis for Your contention in Your Complaint that You

22  have been damaged financially as a result of the acts of which You complain. A complete

23  response to this interrogatory will include the amount of such damage, the component parts of

24  such damage (e.g., lost profits, royalties, detrimental economic reliance), and the method of

25  calculation for each, and the identification of each witness on whose testimony, and each

26  document or thing containing information on which, You may rely to support Your answer to this

27  interrogatory, and the nature of that testimony and/or information.

28

1  **RESPONSE TO INTERROGATORY NO. 16:**

2      AB incorporates the General Objections stated above.  AB further objects that this

3  Interrogatory is premature, overly broad, vague and ambiguous, and compound.  AB further

4  objects that this Interrogatory is directed at information that is properly the subject of expert

5  opinion and testimony.  Subject to its objections, AB responds as follows.  AB has been damaged

6  by, among other things and without limitation, the cost of negotiating and litigating with

7  Defendants, and the potential revenues and benefits that AB could have received from licensing,

8  enforcing, and/or commercializing the inventions in the Application, the Patents, the Foreign

9  Patents and Applications, and the other patent applications that Macevicz offered to assign to

10  Lynx, if AB had known about them.

11  **INTERROGATORY NO. 17:**

12      State in detail the complete factual basis for Your contention in Your Complaint that

13  Solexa's alleged conduct was intentional, willful, and/or malicious.  A complete response to this

14  interrogatory will include identification of each witness on whose testimony, and each document

15  or thing containing information on which, You may rely to support Your answer to this

16  interrogatory, and the nature of that testimony and/or information.

17  **RESPONSE TO INTERROGATORY NO. 17:**

18      Subject to its objections, including the General Objections stated above, AB responds as

19  follows.  AB incorporates its Response to Interrogatories Nos. 1-6.  AB also incorporates its

20  papers in support of its motion to dismiss and its motion for summary judgment (Docket Nos. 61-

21  63, 80-81).  AB owned and continues to own the Application, the Patents and the Foreign Patents

22  and Applications.  Without AB's consent, Lynx intentionally took possession of the Application,

23  the Patents, and the Foreign Patents and Applications.  Macevicz submitted the Application while

24  he was working for AB, and Lynx knew or should have known that the subject matter of the

25  Application, the Patents, and the Foreign Patents and Applications related to AB's business.

26      Under the Invention Agreement, Macevicz holds and held the Application, the Patents,

27  and the Foreign Patents and Applications in trust for AB.  Although Macevicz purported to assign

28  the Application, the Patents, and the Foreign Patents and Applications to Lynx, Macevicz had no

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

22

1  right to make that assignment. Macevicz could not reasonably have believed that he had

2  authority to assign the Application, the Patents, and the Foreign Patents and Applications to Lynx.

3  Lynx encouraged Macevicz to assign to Lynx the Application, the Patents and the Foreign Patents

4  and Applications that Lynx knew or should have known belonged to AB.

5       Lynx knew or should have known that Macevicz had no right to make the assignment.

6  Lynx knew or should have known that Macevicz had a contractual duty to disclose and assign the

7  Application, the Patents, and the Foreign Patents and Applications to AB. Lynx also knew or

8  should have known that Macevicz had worked for AB prior to working for Lynx, and that the

9  Application, the Patents, and the Foreign Patents and Applications were within AB's scope of

10  business. Lynx nonetheless accepted the purported assignment of the Application, the Patents,

11  and the Foreign Patents and Applications from Macevicz, and assisted Macevicz in violating his

12  contractual obligations to AB by failing to disclose, hold in trust for, and assign the Application,

13  the Patents, and the Foreign Patents and Applications to AB. Lynx also encouraged Macevicz to

14  breach his agreement with AB by, without limitation, negotiating with Macevicz regarding the

15  assignment of other patent applications and indemnifying Macevicz for his wrongful conduct

16  against AB. Illumina adopted, ratified and benefited from the wrongful conduct of Macevicz and

17  Lynx.

18       Solexa has brought the Patents to the attention of third parties as if it were the legitimate

19  assignee and owner of the Patents, acting as if it were the proper assignee and owner of the

20  Patents. However, Solexa is not the proper assignee or owner of the Patents.

21       Regarding likely witnesses, AB does not yet know the identity of all witnesses whose

22  testimony it may rely upon, but AB believes that it is likely to rely upon the testimony of Stephen

23  Macevicz, Kathy San Roman (both in her individual capacity and on behalf of Illumina pursuant

24  to Fed. R. Civ. P. 30(b)(6)), Paul Grossman, Steven Fung, Joseph Smith, Mike Hunkapiller, and

25  Sam Eletr. Likewise, AB does not yet know the identity of all documents it will rely upon, but

26  AB believes that it is likely to rely upon the Invention Agreement and the Application, the

27  Patents, and the Foreign Patents and Applications and the indemnity agreement and

28  correspondence between Macevicz and Lynx while he was still employed at AB.

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

23

1  **INTERROGATORY NO. 18:**

2       Describe in detail the product market in which Your SOLiD™ System competes, including

3  identification of competitor products and their estimated share of the market, identification of

4  customers by type of product use, identification of price considerations or functional needs,

5  identification of competition differences and similarities, and identification of all documents

6  evidencing Your analysis of the products market.

7  **RESPONSE TO INTERROGATORY NO. 18:**

8       AB incorporates the General Objections stated above.  AB further objects that this

9  Interrogatory is premature, overly broad, vague and ambiguous, and compound.  AB further

10  objects that this Interrogatory is directed at information that is properly the subject of expert

11  opinion and testimony.  Subject to its objections, AB responds as follows.  SOLiD competes in

12  the market for DNA sequencers, and the included sub-market for next-generation sequencers.

13  Some of the competitors in the market for next-generation sequencing include Solexa, 454 Life

14  Sciences, and Helicos BioSciences.

15

16

17       Dated: February 28, 2008            MORRISON & FOERSTER LLP

18

19                                By: _____
                                     Eric C. Pai

20                                   Attorneys for Plaintiff
                                     APPLERA CORPORATION –
21                                   APPLIED BIOSYSTEMS GROUP

22

23

24

25

26

27

28