# Exhibit C

```
 1  KEVIN M. FLOWERS (admitted pro hac vice)
    THOMAS I. ROSS (admitted pro hac vice)
 2  JEFFREY H. DEAN (admitted pro hac vice)
    GREGORY E. STANTON (CA Bar No. 203495)
 3  JOHN R. LABBE (admitted pro hac vice)
    MARSHALL, GERSTEIN & BORUN LLP
 4  6300 Sears Tower
    233 South Wacker Drive
 5  Chicago, IL 60606-6357
    (312) 474-6300
 6  (312) 474-0448 (facsimile)
    E-Mail: kflowers@marshallip.com
 7  E-Mail: tross@marshallip.com
    E-Mail: jdean@marshallip.com
 8  E-Mail: gstanton@marshallip.com
    E-Mail: jlabbe@marshallip.com
 9
    Attorneys for Defendants
10  ILLUMINA, INC. and SOLEXA, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION --APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No. 07-CV-02845 WHA<br><br>Judge William H. Alsup<br><br>**ILLUMINA, INC. AND SOLEXA, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP [NOS. 1-41]** |

PROPOUNDING PARTIES:    Illumina, Inc. and Solexa, Inc.

RESPONDING PARTY:    Applera Corporation – Applied Biosystems Group

SET NUMBER:    One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Illumina, Inc. and Defendant and Counterclaim Plaintiff Solexa, Inc. (collectively, "Illumina") request that Plaintiff Applera Corporation – Applied Biosystems Group ("AB") respond to the following requests for the production of documents within thirty (30) days of service.

ILLUMINA AND SOLEXA'S FIRST SET OF DOCUMENT REQUESTS

## DEFINITIONS AND INSTRUCTIONS

1. "You," "Your," "Yourself," "Applied Biosystems," or "AB" refers to the Plaintiff and Counterclaim Defendant in this case, namely, Applera Corporation – Applied Biosystems Group, and all of its parents, subsidiaries, affiliates, predecessors, and successors, including, but not limited to, Agencourt.

2. "Illumina" refers to Illumina, Inc. and Solexa, Inc., and all of their officers, directors, agents, employees, representatives, predecessors, and successors, including Lynx Therapeutics, Inc.

3. "Macevicz" refers to Stephen C. Macevicz, an individual.

4. "Patents" refers to U.S. Patent No. 5,750,341, U.S. Patent No. 5,969,119, and U.S. Patent No. 6,306,597.

5. "Agencourt" means Agencourt Personal Genomics, a privately-held company acquired by You in 2006, and all present and former officers, directors, agents, employees, representatives, attorneys and accountants thereof.

6. "Person(s)" means any natural person, company, corporation, partnership, firm, association, or other entity cognizable at law, and its agents, employees, and representatives.

7. The term "Document" is used in its customary and broad sense, and includes without limitation the broadest scope given in Fed. R. Civ. P. 34(a), and specifically includes electronic data including electronic mail, computer files, backup media, and databases; files and file folders; books and their contents, whether printed or recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged or confidential or personal; namely, agreements, communications, including intra-company communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations; diaries; forecasts; statistical statements; graphs, laboratory and engineering reports and notebooks, changes, plans, drawings, graphs, samples, prototypes and tangible things, photographs, films, pictures, and videotapes; minutes or records of meetings, including directors' meetings, minutes or records of conferences; expressions of state-

ments or policy; lists of persons attending minutes or records of conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; records, reports or summaries of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing material and notices, press releases; and litigation files and databases, including drafts of any document, revisions of drafts of any document, original and preliminary notes and marginal comments appearing on any document. A comment or notation appearing on any document, and not a part of the original document, is considered a separate document. A draft or non-identical copy is a separate document within the meaning of the term.

8. "Communication" means any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form, including electronic forms such as e-mail.

9. "Patent Application" means all parent, continuation application, continuation-in-part application, divisional application, file-wrapper continuation, reexamination, proceeding, re-issue application, provisional application or abandoned application and other applications, including applications from which an issued patent claims priority in whole or in part, regardless of whether the patent application issued as a patent, was abandoned, or is currently pending, and regardless of whether the patent application was filed in the United States Patent and Trademark Office or any foreign patent office or both.

10. "Relate to" and "relating to" includes "constitute, summarize, memorialize, describe, relate or refer to" (as that phrase is used in Your discovery requests in this action).

11. The phrases "inventions, discoveries, developments, improvements, or trade secrets," "solely or jointly conceive[d], develop[ed] or reduce[d] to practice," and "the business or actual or demonstrably anticipated research or development of" are intended to have the same meanings as they have in Paragraph 2 of the "Employee Invention Agreement" between You and Macevicz dated May 4, 1992.

12. As used herein, the words "and" and "or" shall be construed either conjunctively and disjunctively as necessary to bring within the scope of the request all responses that might

otherwise be construed as being outside of its scope; the singular shall be deemed to refer to the plural and vice-versa; and any reference to the male gender shall include the female gender.

13.  You are to produce the original and each non-identical copy of each document or other tangible thing requested herein which is in Your possession, custody or control, or that of Your officers, directors, employees, agents, representatives, successors, assigns and attorneys and all persons acting or purporting to act on behalf of You or who are in possession of or who may have obtained information for or on behalf of You in regard to the requested subject matter or any matter pertinent to this case.

14.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reasons for your objection shall be stated in detail. If an objection pertains only to a portion of a Request, or a word, phrase, or clause contained within it, you are required to state your objection to that portion only and to respond to the remainder of the Request, using your best efforts to do so.

15.  Whenever a Request calls for information that is not available to You in the form requested, but is available in another form or can be obtained, at least in part, from other data in Your possession, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

16.  In the event that any English translation exists, either in part or in full, of any document produced in response to any Request for any document or other tangible Thing herein, You shall produce the original and each non-identical copy of such translation that is in Your possession, custody, or control, or that of Your agents, attorneys, accountants, employees, or representatives.

17.  These Requests are continuing in nature. You shall supplement Your responses, as and when additional responsive documents become known or available to You, or when so requested prior to trial.

18.  If You contend that any document requested to be produced is protected from discovery by attorney-client privilege, attorney work-product doctrine or any other ground of privilege or immunity, then You shall identify for each such document:

-4-

(a) the name (title or position of the authors) of the document;

(b) the existence and identity of any attachments to the document;

(c) the name and title or position of all persons designated as addressees or otherwise receiving copies of the document;

(d) the general subject matter of the document;

(e) the date of the document;

(f) the medium (e.g., electronic or paper), type (e.g., memorandum, letter, email, report, etc.) and length of the document;

(g) the specific grounds for withholding the document, including the specific facts upon which You will rely to establish the asserted attorney-client privilege, work product doctrine, or other ground of privilege.

If an attachment to a document is also being withheld on the grounds of privilege, in addition to being identified as required by subpart (b), above, such attachment shall be identified in the privilege log as a separate document.

19. All documents produced shall be organized either to correspond to the categories in these requests, or as they are kept in the ordinary course of business. In either case, all documents produced shall include the file name, path, and directory information for each document. If produced in hard copy, all pages now stapled or fastened together shall be produced stapled or fastened together, and shall include all attachments currently or previously appended to each document, regardless of whether such attachments themselves are responsive to these requests. All documents that cannot be legibly copied shall be produced in original form.

20. If any document responsive to a Request once existed but has been destroyed, lost, discarded or is otherwise not available for production, You shall identify in writing each such document, including the date of the document's creation, a description of the document's subject matter, the name and address of each person who prepared, received, viewed, or had possession, custody or control of the document or otherwise had knowledge of its subject matter, and a statement of the circumstances under which the document was destroyed, lost, discarded or why such document is not otherwise available for production.

# REQUESTS FOR PRODUCTION

1. All documents that refer or relate to Macevicz's employment by You, including but not limited to any employment agreements, personnel files, performance reviews, or any other documents regarding the terms or performance of Macevicz's employment with You.

2. All documents constituting or comprising Joseph Smith's employment agreements, personnel files, performance reviews, or any other documents regarding the terms or performance of Joseph Smith's employment with You.

3. All documents constituting or comprising Vincent Powers's employment agreements, personnel files, performance reviews, or any other documents regarding the terms or performance of Vincent Powers's employment with You.

4. All documents constituting or comprising Paul Grossman's employment agreements, personnel files, performance reviews, or any other documents regarding the terms or performance of Paul Grossman's employment with You.

5. All communications between You and Macevicz that refer or relate to Macevicz's employment with You, including but not limited to all discussions, negotiations, or other communications concerning Your initial hiring or termination of employment of Macevicz.

6. All communications between Macevicz and You that refer or relate in any way to the Patents, including, but not limited to, correspondence referring or relating to the ownership of the Patents, the inventions claimed in the Patents, or the patent applications for the Patents.

7. All documents that refer or relate to any intellectual property contributions that Macevicz ever made or agreed to make to You including, but not limited to, invention disclosures, laboratory notebooks, memoranda, patent applications, patents, and assignments, and agreements relating thereto.

8. All documents that refer or relate to any "Employee Invention Agreement" or similar agreement that Macevicz entered into while employed by You.

9. Documents sufficient to show Your "business or actual or demonstrably anticipated research or development of" as of April 17, 1995.

10. All of Your press releases created or dated between 1992 and 1995.

11. All of Your research and development plans and forecasts created or dated between 1992 and 1995.

12. All of Your strategic business plans and forecasts created or dated between 1992 and 1995.

13. All documents that You may rely upon in this litigation to support or rebut any contention regarding what "inventions, discoveries, developments, improvements, or trade secrets" were "solely or jointly conceive[d], develop[ed] or reduce[d] to practice" by Macevicz that "relate to [Your] business or actual or demonstrably anticipated research or development."

14. All documents that You may rely upon in this litigation to support or rebut any contention regarding what "inventions, discoveries, developments, improvements, or trade secrets" were "solely or jointly conceive[d], develop[ed] or reduce[d] to practice" by Macevicz that "result from any work performed by" Macevicz for You.

15. All documents that constitute, refer or relate to U.S. Patent Application No. 08/424,663.

16. All documents that refer or relate to any patents or patent applications claiming priority to U.S. Patent Application No. 08/424,663, including, but not limited to, the Patents.

17. All documents that refer or relate to any subject matter claimed in U.S. Patent Application No. 08/424,663 and/or all patent applications or patents claiming priority thereto, including but not limited to the Patents.

18. All documents that refer or relate to any duty or obligation of Macevicz to disclose or assign to You any "inventions, discoveries, developments, improvements, or trade secrets," including any "inventions, discoveries, developments, improvements, or trade secrets" disclosed or claimed in U.S. Patent Application No. 08/424,663 or any patents claiming priority thereto, including but not limited to the Patents.

19. All documents that refer or relate to the prosecution of U.S. Patent Application No. 08/424,663 or any patents or patent applications claiming priority thereto, including but not limited to the Patents.

20. All documents that refer or relate to any study or analysis performed by You or on Your behalf concerning U.S. Patent Application No. 08/424,663 or any patents or patent applications claiming priority thereto, including but not limited to the Patents.

21. All documents that refer or relate to any communications between You and Macevicz concerning U.S. Patent Application No. 08/424,663 or any patents or patent applications claiming priority thereto, including but not limited to the Patents.

22. All documents that refer or relate to the grant, sale, or award of stock or stock options to Macevicz.

23. All documents that refer or relate to any benefit, advantage, or interest You conferred upon Macevicz in exchange or as consideration for any purported duty or obligation by Macevicz to disclose or assign to You any "inventions, discoveries, developments, improvements, or trade secrets," or rights in any patent or patent application relating thereto, including but not limited to U.S. Patent Application No. 08/424,663 or any patents or patent applications claiming priority thereto, including but not limited to the Patents.

24. All documents that refer or relate to Lynx Therapeutics, Inc.

25. All documents that refer or relate to Spectragen, Inc.

26. All documents that refer or relate to Solexa, Inc.

27. All documents that refer or relate to the corporate relationship between You and Lynx Therapeutics, Inc.

28. All documents that refer or relate to any agreements between You and Lynx Therapeutics, Inc.

29. All documents that refer or relate to any communication between You and any other person regarding Macevicz.

30. All documents that refer or relate to any communication between You and any third party, including but not limited to Lynx Therapeutics, Inc., regarding any "inventions, discoveries, developments, improvements, or trade secrets" that were "solely or jointly conceive[d], develop[ed] or reduce[d] to practice" by Macevicz by April 17, 1995.

31. All documents that refer or relate to any communication between You and any third party, including but not limited to Lynx Therapeutics, Inc., regarding any "inventions, discoveries, developments, improvements, or trade secrets" disclosed or claimed in U.S. Patent Application No. 08/424,663 or any patents claiming priority thereto, including but not limited to the Patents.

32. All documents that refer or relate to any agreements, including litigation settlement agreements, according to which You granted or received any right or immunity under any patent relating to DNA sequencing.

33. All documents that refer or relate to whether, and to what extent, You have been damaged financially by reason of the acts complained of in the Complaint.

34. All documents relating to whether Illumina's alleged conduct relating to the Patents was intentional, willful and malicious.

35. All documents relating to whether Lynx "knew or should have known that Macevicz submitted the Application while he was working for AB, and that the subject matter of the Application and the Patents related to AB's business," and that "Lynx could not reasonably have believed that Macevicz had authority to assign the Application and the Patents to Lynx."

36. The results of patent searches conducted by You, or on Your behalf, for the years 1995 through the present that refer or relate to the Patents or U.S. Patent Application No. 08/424,663.

37. All documents that refer or relate to any valuation or opinion regarding the value of the Patents, including any opinion of any third person, including but not limited to any investment bank or lending institution.

38. Documents sufficient to show Your practices and procedures for conducting searches of United States or foreign patents and patent applications between 1995 and the present.

39. All documents that refer or relate to any research conducted by You that relates to any method or product claimed in the Patents.

40. All documents relating to whether any claim in the Patents is invalid.

41. All documents and other evidence referring to, relating to, or pertaining to any and all prior art which You might rely on to show that any of the claims of the patents-in-suit is either anticipated or rendered obvious under any subsection of 35 U.S.C. § 102 or § 103, including copies of any prior art patents or publications, with each piece of any such art identified in all particulars, as specified by Local Rule 3.3(a).

DATED: November 9, 2007

*John Labbe* (signature)

KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
GREGORY E. STANTON (CA Bar No. 203495)
JOHN R. LABBE (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: gstanton@marshallip.com
E-Mail: jlabbe@marshallip.com

Attorneys for Defendants
ILLUMINA, INC. and SOLEXA, INC.

ILLUMINA AND SOLEXA'S FIRST SET OF DOCUMENT REQUESTS

PROOF OF SERVICE

I am an attorney, and on November 9, 2007, I caused the

**ILLUMINA, INC. AND SOLEXA, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP [NOS. 1-41]**

to be served via electronic mail by electronically mailing a true and correct copy through Marshall, Gerstein & Borun LLP's electronic mail system to the e-mail addresses set forth below, and via First Class U.S. Mail, postage prepaid, deposited at 233 South Wacker Drive, Chicago, Illinois upon:

**COUNSEL FOR PLAINTIFF:**

BRYAN WILSON
DARA TABESH
ERIC C. PAI
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
E-Mail: BWilson@mofo.com
E-Mail: DTabesh@mofo.com
E-Mail: EPai@mofo.com

DAVID C. DOYLE
STEVEN E. COMER
ANDERS T. AANNESTAD
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
E-Mail: DDoyle@mofo.com
E-Mail: SComer@mofo.com
E-Mail: AAannestad@mofo.com

KURTIS MacFERRIN
APPLERA CORPORATION –
  APPLIED BIOSYSTEMS GROUP
850 Lincoln Centre Drive
Foster City, CA 94404
E-Mail: Kurtis.MacFerrin@appliedbiosystems.com

**COUNSEL FOR DEFENDANT STEPHEN MACEVICZ:**

BASIL FTHENAKIS
TECHNOLOGY & INTELLECTUAL PROPERTY
  STRATEGIES GROUP PC
1000 Elwell Court, Suite 150
Palo Alto, CA 94303
E-Mail: bfthenakis@tipsgroup.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Chicago, Illinois, this 9th day of November, 2007.

_____
John R. Labbé