# Exhibit D

**MARSHALL, GERSTEIN & BORUN LLP**

— ATTORNEYS·AT·LAW —

Mark Izraelewicz
(312) 474-6633
mizraelewicz@marshallip.com

January 31, 2008

*Via E-Mail & Facsimile*

Bryan Wilson
Dara Tabesh
Eric C. Pai
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018

David C. Doyle
Seven E. Comer
Morrison & Foerster LLP
12531 High Bluff Drive
Suite 100
San Diego, CA 92130-2040

   Re: <u>AB v. Illumina, et al.</u>, Case No. 07-CV-02845 WHA (N.D. Cal.)

Gentlemen:

  I write to request and schedule an immediate telephonic meet-and-confer regarding AB's failure to produce documents responsive to, and the positions AB has taken in response to, Illumina, Inc. and Solexa, Inc.'s First and Second Sets of Requests for Production. Please let me know when one of you is available to participate in such a conference tomorrow.

  The following is a list of topics to be resolved during our meet-and-confer:

MARSHALL, GERSTEIN & BORUN LLP

Bryan Wilson
Dara Tabesh
Eric C. Pai
David C. Doyle
Steven E. Comer
January 31, 2008
Page 2

A.    AB's improper responses and objections to Illumina's Requests for Production

      Many of AB's responses to Illumina's Requests for Production violate Judge Alsup's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge Alsup (Docket No. 22) ("Judge Alsup's Order").

      First, AB responded to twenty-three (23) requests with the conclusion that "[s]ubject to its objections, AB will produce non-privileged documents responsive to this Request." Judge Alsup's Order expressly states that "[i]t is not sufficient to state that 'responsive' documents will be or have been produced." (Judge Alsup's Order at ¶ 13.) Instead, AB must "affirmatively state in a written response the full extent to which they will produce materials…" (*Id*.) As Judge Alsup states in his Order, AB's responses "leave[] open the distinct possibility that other responsive materials have not been produced." (*Id.*) In each of these instances, Illumina cannot determine whether AB intends to produce documents responsive to the full scope of the request, or whether AB has limited the scope of its production consistent with its objections.

      Second, AB responded to nine requests by objecting to the breadth of the request, and offered "to produce non-privileged documents responsive to an appropriately narrowed Request." AB's responses to these requests likewise violate Judge Alsup's Order, which states that "overbreadth or similar objection shall not be a valid reason for withholding requested materials actually known to counsel or a party representative responsible for the conduct of the litigation." (*Id.* at ¶ 16.) AB's offer to negotiate with Illumina regarding the scope of Illumina's requests does not satisfy AB's obligations under Judge Alsup's Order or Fed. R. Civ. P. 26.

      Third, AB responded to a number of requests that sought "all documents" for a given topic by stating that AB will provide documents that AB intends to rely on at trial, or a limited subset of the requested documents (*i.e.*, documents "sufficient to show") (*see, e.g.,* AB's Response to Illumina and Solexa's First Set of Requests for Production at 6, 7, 13; and AB's Response to Illumina and Solexa's Second Set of Requests for Production at 8). Under Fed. R. Civ. P. 26, AB is not permitted to produce only those documents AB "intends to rely on at trial" while withholding other documents.

      These responses and objections to Illumina's First and Second Sets of Requests for Production are improper and must be withdrawn, and AB must immediately produce all documents that have been withheld on the basis of such responses and objections.

**MARSHALL, GERSTEIN & BORUN LLP**

Bryan Wilson
Dara Tabesh
Eric C. Pai
David C. Doyle
Steven E. Comer
January 31, 2008
Page 3

B.     Documents improperly withheld by AB

There are several categories of documents that AB has improperly withheld from its production. These are the most glaring omissions from AB's production and Illumina reserves the right (and expects) to raise additional issues regarding additional deficiencies in AB's production.

(1) AB has not produced *any* documents relating to the development of the SOLiD™ system. For example, AB has not produced *any* documents created at Agencourt Personal Genomics ("Agencourt"), where the methods used in the accused SOLiD™ System were initially developed.

AB objected to a number of Illumina's requests (*e.g.*, Request Nos. 4 and 6 in the Second Set of Requests) relating to the design and development of the accused SOLiD™ System as "cumulative and duplicative of the requirements of Patent Local Rule 3-4(a)" (AB's Responses to Illumina's and Solexa's Second Set Requests for Production at 3-4). AB's objection and its withholding of documents on this basis violates Patent Local Rule 2-5:

> [I]t shall not be a legitimate ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to FRCivP 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Local Rules.

> Patent Local Rule 2-5.

Moreover, the local rules, including the Patent Local Rules, "supplement the applicable Federal Rules," and are not intended to limit the parties' obligations under the Federal Rules. (*see* Local Rule 1.2(b); *Renesas Technology Corp. v. Nanya Technology Corp.*, 2005 WL 2072121, at *3 (N.D. Cal. August 26, 2005) (applying Local Rule 1.2(b) to the Patent Local Rules).).

AB's failure to produce any documents relating to the development of the accused products, including the SOLiD™ System, directly violates Fed. R. Civ. P. 26, Patent Local Rule 2-5, and Judge Alsup's Order. AB must immediately produce all such documents.

(2) AB has not produced any marketing materials relating to the SOLiD™ System or its predecessor(s).

**MARSHALL, GERSTEIN & BORUN LLP**

Bryan Wilson
Dara Tabesh
Eric C. Pai
David C. Doyle
Steven E. Comer
January 31, 2008
Page 4

      AB's (and Agencourt's) marketing materials are sought in a number of Illumina's requests (*see, e.g.,* Request Nos. 9, 10, 12, and 20 in the Second Set of Requests). For example, Request No. 20 in the Second Set of Requests seeks "[a]ll documents relating to promotion, advertising and marketing of Your SOLiD™ System." AB objected to Request No. 20 as "overly broad," and offered to produce documents in response to an "appropriately narrowed request" (*see* AB's Response to Illumina and Solexa's Second Set of Requests for Production at 9-10).

      As noted above, such an objection and response violates Judge Alsup's Order and Fed. R. Civ. P. 26. AB must withdraw this objection and immediately produce all marketing materials relating to the accused products.

      (3) AB has not produced any documents relating to potential or actual sales of its accused products or its potential or actual customers. Request Nos. 16-25 in the Second Set of Requests seek documents relating to:

      (a) AB's sales, including cost and profit information (No. 16);

      (b) licenses (Nos. 17, 24, 25);

      (c) market analysis (No. 18);

      (d) pricing (No. 19);

      (e) marketing plans and advertising (Nos. 20, 21); and

      (f) financial forecasts and sales projections (Nos. 22, 23).

      In its Responses, AB offered to produce "non-privileged documents responsive to" a number of these requests (Nos. 17-19, 21, 22) (*see* AB's Response to Illumina and Solexa's Second Set of Requests for Production at 8-11). AB also objected to the breadth of a few of these requests (Nos. 20, 22), and offered to produce documents responsive to "appropriately narrowed Request[s]." (*Id.* at 10.) With respect to two of these requests (Nos. 16, 23), AB offered to produce "documents sufficient to show" a given topic, even though the request sought "all documents." (*Id.* at 8, 11.)

      Notwithstanding AB's promises to produce documents responsive to some of these requests, AB has not produced *any* sales- or marketing-related documents. Such documents contain information indisputably relevant to, *e.g.*, the damages issues in this case. AB must produce all such documents immediately.

MARSHALL, GERSTEIN & BORUN LLP

Bryan Wilson
Dara Tabesh
Eric C. Pai
David C. Doyle
Steven E. Comer
January 31, 2008
Page 5

      AB's failure to produce the indisputably relevant, responsive, and non-privileged categories of documents listed above is inexcusable and must be rectified immediately. Other categories of documents improperly withheld by AB are discussed separately below.

      (4) AB has not produced any patents or patent applications relating to the SOLiD™ System. Request No. 11 in the Second Set of Requests seeks "[a]ll documents related to any patent application or patent disclosing, describing, claiming, or relating to any aspect of Your SOLiD™ System." AB objected to this request "to the extent it seeks documents … not relevant to or reasonably calculated to lead to the discovery of admissible evidence on any claim or defense in this litigation" (AB's Response to Illumina and Solexa's Second Set of Requests for Production at 5-6). AB's and/or Agencourt's patents and patent applications that cover any aspect of the SOLiD™ System are indisputably relevant to the issues in this case because they contain AB's descriptions of, e.g., potentially relevant prior art, the operation of the SOLiD™ system, and possibly the Macevicz patents. AB must withdraw its improper objection and immediately produce all such documents.

      (5) AB has not produced any documents relating to the SOLiD™ System that have been or will be submitted to a government agency. Request No. 15 in the Second Set of Requests seeks "[a]ll documents relating to Your SOLiD™ System that have been submitted to any government agency or body anywhere in the world." AB objected to this request as "overly broad," and offered to produce documents in response to an "appropriately narrowed request." (*See* AB's Response to Illumina and Solexa's Second Set of Requests for Production at 7-8.) AB refused to produce any documents responsive to this request.

      As stated above, AB's overbreadth objection and failure to produce any documents responsive to this request violate Judge Alsup's Order and Fed. R. Civ. P. 26. The objection must be withdrawn and AB must immediately produce all such documents.

      (6) AB has not produced all documents relating to the '663 Application. Request Nos. 15-17 in the First Set of Requests seek documents that refer or in any way relate to the Macevicz patents or the subject matter claimed in U.S. Patent Application Serial No. 08/424,663 ("the '663 Application"). While AB stated that it will produce certain documents responsive to these requests, AB's carefully worded responses limit the scope of documents that it intends to search for and produce (*see* AB's Response to Illumina and Solexa's First Set of Requests for Production at 8-9). Such a unilateral narrowing is improper and must be withdrawn, and AB must produce all such documents immediately.

      (7) AB has not produced any documents relating to settlement agreements or licenses relating to DNA sequencing. Request No. 32 in the First Set of Requests seeks all documents that

**MARSHALL, GERSTEIN & BORUN LLP**

Bryan Wilson
Dara Tabesh
Eric C. Pai
David C. Doyle
Steven E. Comer
January 31, 2008
Page 6

refer or relate to agreements, such as licenses or covenants not to sue, in which AB received or granted a right under a patent related to DNA sequencing. AB objected to this request as "overly broad," and offered to produce documents in response to an "appropriately narrowed request" (*see* AB's Response to Illumina and Solexa's First Set of Requests for Production at 15).

As noted above, such a response is improper and must be withdrawn. Such agreements contain information relating to royalties for patents addressing relevant technologies, which is relevant to, *e.g.*, the damages issues in this case. AB must produce all such documents immediately.

C.      AB's Claims of Privilege and Limited Waiver

To date, AB has not provided Illumina with a privilege log listing the responsive documents AB is withholding on the basis of privilege. However, it appears from AB's representation to the Court at the hearing on AB's summary judgment motion that AB is not claiming attorney-client privilege with respect to AB's knowledge and awareness of the Macevicz patents. A number of issues need to be considered with respect to this issue. For example, is AB claiming privilege with respect to Dr. Powers's communications (if any) with AB regarding the Macevicz patents? The same question arises with regard to Dr. Grossman and Joseph Smith. We would simply like to clarify AB's position on this issue. Please be prepared to discuss this and AB's plans to provide Illumina with a suitable privilege log.

I look forward to discussing these issues with one of you tomorrow.

Sincerely,

Mark Izraelewicz

cc:     Kevin M. Flowers
        John Labbé