Exhibit E

**Cullen Pendleton**

---

**From:** Cullen Pendleton
**Sent:** Wednesday, March 05, 2008 8:24 PM
**To:** 'Pai, Eric C.'
**Cc:** Kevin Flowers; Thomas Ross; Mark Izraelewicz; John Labbe
**Subject:** Summary of Meet and Confer; letter; 4th Set of RFPs

    

Letter.pdf (61 KB)    Proof of Service.pdf (22 KB)    4th Set of RFPs.pdf (54 KB)

```
                    Dear Eric
I write to memorialize the issues we discussed this afternoon during our meet and confer.
Please also find attached a letter concerning certain document requests for which AB has
not yet produced all responsive documents.

With regard to each parties's interrogatory responses, we each agreed to update our
previously served responses to satisfy the requirement that interrogatory responses be
answered under oath and signed by the person answering them, pursuant to Fed. R. Civ. P.
33(b)(1) and (2).

We also discussed the progress of AB's document production in the context of Judge Alsup's
requirement that parties "shall, promptly after the production, confirm in writing that
they have produced all such materials so described that are locatable after a diligent
search of all locations at which such materials might plausibly exist."(Docket No. 22 at
3-4). You represented that you did not know whether AB has completed its document
production for any of the Defendants's Requests for Production, but that you would make
inquiries.

I also discussed my concern at not having received any documents responsive to Solexa and
Illumina's requests for production and interrogatories that seek the factual bases for the
parties's damages cases (for example, Request 33 of Illumina's first set of RFPs (served
11-9-07), Requests 16, 17, 24, & 25 of Illumina's second set of RFPs (served 11-9-07), and
Interrogatories 16 & 18 of Solexa's first set of interrogatories (served 1-29-08)). I
advised you that documents responsive to these requests and interrogatories must be
produced well in advance of the May 30, 2008 cut-off for fact discovery, that further
delay would be viewed as an attempt to "sandbag" on the damages issues, and that we would
move to exclude any evidence that is not timely produced and to strike any portion of AB's
expert reports that rely on such evidence. You expressed your understanding that experts
cannot rely on factual evidence that is not produced during fact discovery.

We also discussed four additional categories of documents responsive to Illumina's First
and Second Sets of Requests for Production for which AB has thus far not produced all (or
any) responsive documents. You represented that no Agencourt documents responsive to our
RFPs, including documents referring to a "one-base" or "single-base" encoding system
developed at Agencourt, are being deliberately withheld. Our position is that all
responsive documents have to be produced forthwith, along with emails and other
correspondence and complete versions of the computer software used in the accused systems,
as memorialized in the attached letter. Furthermore, in an abundance of caution, we are
serving herewith Illumina's Fourth Set of Requests for Production.

Sincerely,
Cullen Pendleton, Ph.D., J.D.
Marshall, Gerstein & Borun, LLP
233 S. Wacker Dr., 6300 Sears Tower
Chicago, IL 60606-6357

(312) 474-6300 (main)
(312) 474-6619 (direct)
(312) 474-0448 (fax)
cpendleton@marshallip.com
www.marshallip.com
```

1