# Exhibit F

**MARSHALL, GERSTEIN & BORUN LLP**

———— ATTORNEYS·AT·LAW ————

Cullen Pendleton
(312) 474-6619
cpendleton@marshallip.com

March 5, 2008

*Via E-Mail & Facsimile*

Eric C. Pai
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018

        Re:    <u>AB v. Illumina, et al.</u>, Case No. 07-CV-02845 WHA (N.D. Cal.)

Dear Eric:

     I write to follow up on our meet and confer this afternoon regarding AB's continuing failure to produce documents in response to requests found in Illumina, Inc.'s and Solexa, Inc.'s first and second set of requests for the production of documents ("the RFPs"). Although documents responsive to the RFPs should have been produced nearly three months ago, AB has still not produced all—or, in several cases, any—of the responsive documents within its custody and control. The time for delay and obfuscation is long-past: AB must comply with its obligations under the Federal Rules of Civil Procedure, the Patent Local Rules, and Judge Alsup's Supplemental Order (Docket No. 22) immediately, or Defendants will be forced to seek relief from Judge Alsup.

     As we discussed today, AB's production thus far is deficient with regard to, *inter alia*, the following categories of documents sought by one or more of the RFPs:

1. Agencourt documents responsive to all RFPs

     Based on our review of AB's production, AB has not produced a single document from Agencourt Personal Genomics, created either before or after its acquisition by AB in 2006. There is no justification for withholding such documents. AB is required to identify and produce documents regarding all versions of the technology AB calls the "SOLiD System" and all methods employing that technology, whether or not expressly referred to as the "SOLiD System"

**MARSHALL, GERSTEIN & BORUN LLP**

Eric C. Pai
March 5, 2008
Page 2

or some other name, that AB or Agencourt (as defined in Illumina's RFPs) have ever practiced, made, used, offered for sale, sold, or imported. The RFPs specifically requested that AB produce Agencourt documents relating to all of the RFPs. Agencourt personnel developed the technology underlying the "SOLiD™ System," and Agencourt documents, whether created before or after its acquisition by AB, must be produced in response to Illumina's RFPs.

2. Documents describing the "one-base encoding" version of the SOLiD System

Based on our review of AB's production, AB has only produced documents—and an unjustifiably limited set of documents at that—describing the "two-base encoding" version of the SOLiD system. However, based on publicly available documents, it is apparent that AB and/or Agencourt made and used the SOLiD System in a "one-base encoding" version. AB must immediately produce all non-privileged responsive documents that refer or relate to, without limitation, all versions of the SOLiD System that have ever been made, used, offered for sale, or sold by AB or Agencourt, as defined by Illumina's RFPs.

3. Emails and other correspondence responsive to all RFPs

Based on our review of AB's production, AB has only produced a handful of emails and other correspondence in response to the RFPs. The Court has ordered the parties to diligently search for responsive materials wherever they might plausibly be expected to be found, including emails. (Supplemental Order (Docket No. 22) at 3 & 4). The small number of documents produced thus far cannot possibly constitute all of the non-privileged, responsive documents in AB's possession, custody or control. AB must produce all non-privileged, responsive emails and other correspondence immediately.

4. Complete versions of all computer software code and components

Based on our review of AB's production, AB has only produced very limited and selective portions of the SOLiD System's software code. Illumina and Solexa are entitled to complete copies of all versions of the software code developed by AB and/or Agencourt for all versions of the SOLiD System. AB must produce all such software code immediately.

A full response by AB to all of these requests is long overdue. Illumina and Solexa can no longer tolerate delay. If AB fails to make a complete production of non-privileged documents and things responsive to all of the requests found in the 1st and 2nd set of RFPs, Illumina and Solexa will move to compel such documents and will seek sanctions, including attorney's fees and costs, under Fed. R. Civ. P. 37. Furthermore, if it is subsequently discovered, either as a result of the motion to compel, witness testimony, or other evidence, that a "one-base encoding" system was made, used, offered for sale, or sold, Solexa will move the Court to penalize AB for withholding that information by ordering that any such system(s) infringe the patents-in-suit as a matter of law.

MARSHALL, GERSTEIN & BORUN LLP

Eric C. Pai
March 5, 2008
Page 3

                                                 Sincerely,

                                               Cullen N. Pendleton

cc:       Kevin M. Flowers
            John Labbé