1 | BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
2 | MORRISON & FOERSTER LLP
755 Page Mill Road
3 | Palo Alto, California 94304-1018
Telephone: 650.813.5600
4 | Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com; EPai@mofo.com
5 |
DAVID C. DOYLE (CA SBN 70690)
6 | STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
7 | MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
8 | San Diego, California  92130-2040
Telephone: 858.720.5100
9 | Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com; SComer@mofo.com;
10 | BMKramer@mofo.com

11 | Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP
12 |

13 | UNITED STATES DISTRICT COURT

14 | NORTHERN DISTRICT OF CALIFORNIA

15 | SAN FRANCISCO DIVISION

16 |

17 | APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,   |   Case No.   C07 02845 WHA

18 | Plaintiff,   |   **REPLY DECLARATION OF BRYAN WILSON IN SUPPORT OF APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S MOTION TO BIFURCATE**

19 | v.

20 | ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,

21 | Defendants.   |   Date: April 3, 2008
Time: 8:00 a.m.
Place: Courtroom 9, 19th Floor
Honorable William H. Alsup

REPLY DECLARATION OF BRYAN WILSON ISO AB'S MOTION TO BIFURCATE
Case No. C07 02845 WHA

I, Bryan Wilson, declare:

1. I am a partner with the law firm of Morrison & Foerster LLP, counsel of record for Plaintiff Applera Corporation – Applied Biosystems Group ("AB"). I am an attorney duly licensed to practice law in the courts of the State of California and am a member of the Bar of this Court. I make this reply declaration in support of AB's Motion to Bifurcate, and specifically in response to various statements that counsel for Illumina and Dr. Macevicz have made about the status of discovery. This declaration is based on my personal knowledge, unless otherwise stated, and if called as a witness I could and would testify competently to the facts stated herein.

2. We have been trying to negotiate the terms of a protective order for months. After we brought a motion for entry of a protective order, the Court ordered in a hearing on March 6 that the parties should agree to the same terms to which Illumina previously agreed in litigation with Affymetrix. I offered to stay after the hearing to work out the final language with John Labbe, who represented Illumina at the hearing. However, Mr. Labbe said that he would have to consult with Illumina's lead counsel, Kevin Flowers, before making any final decisions. Shortly after the hearing I sent draft language to Mr. Labbe that I thought tracked the Affymetrix order and would comply with the Court's order. Mr. Labbe rejected this, and proposed language that I believed was unacceptable because it would have allowed Illumina's in-house counsel to have access to AB's most confidential information.

3. I suggested to Dr. Flowers and Mr. Labbe that we should stay after the settlement conference on March 19 to work out the protective order language in person. Dr. Flowers attended the settlement conference along with Illumina's client representative (although he was not excused, Dr. Macevicz did not attend the settlement conference), but left the courthouse before we had the opportunity to discuss the protective order.

4. I next suggested to Dr. Flowers that we should meet in person following the summary judgment motion hearing on March 20 to work out language for the protective order. We did meet after the hearing, and reached what we believed to be an agreement in principle, but again could not reach agreement on specific language. The agreement in principle was to allow Illumina's general counsel, Chistian Cabou, to have access to confidential information based

REPLY DECLARATION OF BRYAN WILSON ISO AB'S MOTION TO BIFURCATE
Case No. C07 02845 WHA

1

1  upon Illumina's representations that he would not use that information in the scope of his job
2  duties. Dr. Flowers said that he would send language that would be tailored to Mr. Cabou's job
3  duties to use in the protective order. As of this writing, Dr. Flowers has not provided that
4  language despite our reminders asking that he do so.

5      5.    Illumina has produced non-confidential documents with an "attorneys-only"
6  designation, and has not responded to our requests to dedesignate those documents. One example
7  of this is a July 1995 letter from Dr. Macevicz to Sam Eletr, who was the head of Lynx
8  Therapeutics at the time of the letter. I asked Mr. Labbe in a March 27 email to dedesignate this
9  document. As of this writing he has not responded to my request. Another example is that every
10 document produced by the Cooley Godward law firm, which was at various times counsel to each
11 of the parties in this action, has been designated attorneys-only by Illumina. These documents
12 include patent file histories and other public documents. Cooley Godward has informed us that
13 Illumina is responsible for the confidentiality designations. In a March 28 email to Mr. Labbe I
14 requested that Illumina dedesignate these documents, but as of this writing Mr. Labbe has not
15 responded to my request.

16     6.    Illumina's opposition memorandum suggests that Scott Bortner, an AB patent
17 attorney, retained the results of freedom to operate searches that were done in previous years and
18 that AB has withheld those documents from production. That is not correct. A true copy of pages
19 28 through 41 of Dr. Bortner's deposition transcript, in which he describes the patent searching
20 that was done at AB, is attached as Exhibit 1 (Illumina submitted only page 32 of this transcript).
21 Dr. Bortner testified on page 38 that he did not keep freedom to operate searches. In an
22 interchange on pages 29 to 30, I told Mr. Labbe that we had specifically searched for documents
23 that would reflect search terms or the circumstances under which AB first learned of Dr.
24 Macevicz's patents, and found none. Illumina also suggested that relevant information was
25 redacted from the search results that were produced. That is not correct. As I told Mr. Labbe, the
26 only redactions were for comments on the search results that reflect attorney work product. No
27 search results were redacted.

28

REPLY DECLARATION OF BRYAN WILSON ISO AB'S MOTION TO BIFURCATE
Case No. C07 02845 WHA

2

1        7.    AB has completed another search for documents and has located additional search
2   results from around May 1996, which AB will produce this week.  AB also found more recent
3   search results (post January 2006) that we believe are not responsive to Illumina's requests, but
4   AB will produce them to avoid any dispute about whether it has satisfied its discovery
5   obligations.

6        8.    AB took the first part of the deposition of Dr. Macevicz on November 28, 2007.
7   The deposition lasted for only a part of the day, and was limited to ownership issues.  Per
8   agreement of the parties, the deposition may be resumed to address validity and infringement
9   issues.

10       9.    The Rule 26(f) conference in this case was on August 30, 2007.  Illumina did not
11  serve any discovery until November 9, 2007, when it served its first two sets of document
12  requests.  Illumina served a third document request on February 8, 2008, and a fourth set on
13  March 5, 2008.  Dr. Macevicz and Solexa served interrogatories on January 29, 2008.

14       10.   AB responded to all of this discovery (with the exception of those for which
15  responses are not yet due) without requesting or receiving any extensions.

16       11.   Illumina did not request any depositions until January 22, 2008, after AB asked
17  them what depositions they wanted to take.  Illumina did not follow up on actually scheduling
18  these depositions until AB stated that it would file a cross-motion on the statute of limitations.

19       12.   Attached as Exhibit 2 is a true and correct copy of excerpted pages from the
20  deposition transcript of Vincent M. Powers, Ph.D., taken on February 22, 2008.

21       13.   Attached as Exhibit 3 is a true and correct copy of excerpted pages from the
22  Transcript of Proceedings, dated January 30, 2008.

23       I declare under penalty of perjury under the laws of the United States that the foregoing is
24  true and correct.  Executed on April 1, 2008 in Palo Alto, California.

                                          /s/ Bryan Wilson
26                                        Bryan Wilson

REPLY DECLARATION OF BRYAN WILSON ISO AB'S MOTION TO BIFURCATE
Case No. C07 02845 WHA                                                                    3