IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

APPLERA CORPORATION-APPLIED
BIOSYSTEMS GROUP, a Delaware
corporation,

    Plaintiff,

    v.

ILLUMINA, INC., a Delaware corporation,
SOLEXA INC., a Delaware corporation,
and STEPHEN C. MACEVICZ, an
individual

    Defendants.

No. C 07-02845 WHA

**ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT AND DENYING
PLAINTIFF'S CROSS MOTION FOR
SUMMARY JUDGMENT AS TO
STATUTE OF LIMITATIONS
DEFENSE**

With respect to the issue of constructive notice, the main line of authority began with *Wine Railway Appliance Co. v. Enterprise Railway. Equip. Co.*, 297 U.S. 387 (1936). To be precise, Justice McReynolds said, "[t]he parties agree that issuance of a patent and recordation in the Patent Office constitute notice to the world of its existence." *Id*. at 393. This was not a ringing holding, only an allusion to some common ground between the litigants as background for the controverted questions to be decided. The Court went on to hold that an infringer of a patent on an apparatus not made or sold by the patentee was liable for damages from the date of the issuance of the patent as opposed to the date the infringement claim was made. The decision did not address the statute of limitations. The decision had no occasion to calibrate when publication of a patent would or would not serve as constructive notice for statute of limitations purposes or any other purpose beyond the immediate holding of the case. For our purposes, it was a dictum.

In other contexts, this broad dictum has *not* been taken literally. *See nCube Corp. v. SeaChange Int'l, Inc.*, 436 F.3d 1317, 1324 (Fed. Cir. 2006) (finding that damages for willful infringement can only be awarded from when an infringer had actual notice of the patent); *see also Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157 (Fed. Cir. 1993) (declining to extend the rule of *Wine Railway* to a laches defense); *see also University of Colorado Foundation, Inc. v. American Cyanamid*, 880 F.Supp. 1387, 1345 n.4 (D. Colo. 1995), *rev'd on other grounds*, 196 F.3d 1366 (Fed. Cir. 1999) (The Supreme Court's dicta in [*Wine Railway*] and other cases cited by [the defendant] to the effect that the issuance of a patent is notice to the world for certain purposes, do not support the conclusion that such issuance is notice for all purposes, including the statute of limitations.")

Yet, in the context of cases like our own involving a dispute over ownership of a patent, the Ninth Circuit, in *General Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1398 (9th Cir. 1991), has assumed, if not held, that the dictum *does* apply in the statute of limitations context as a rule of constructive notice. It went on to state, however, that constructive notice of the patent itself may still not place a plaintiff on notice of critical facts of its alleged claims (holding on those facts that it had not done so). No federal decision has ever taken the dictum quite as far as defendants insist so as to actually time bar a claim based on constructive notice.

Turning to California law, the parties cite to *Prudential Home Mortgage Co. v. Superior Court*, 66 Cal. App. 4th 1236 (1998), where one of the issues was whether matters of public record can constitute constructive notice for purposes of invoking the statute of limitations defense. There, the opinion said, "[b]ut we have found no case suggesting the existence of public records precludes the application of the delayed discovery doctrine as a matter of law." *Id*. at 1247. Indeed, in *Gryczman v. 4550 Pico Partners, Ltd.*, 107 Cal. App. 4th 1, 6 (2003), materials of public and county records were found to be insufficient to give constructive notice to the plaintiff.

On the other hand, as stated, the Ninth Circuit opinion in *General Bedding* is subject to a construction adopting the opposite rule (*id.* at 1398):

> The patent may also have put General Bedding on
> constructive notice if it should alerted General Bedding of

2

> the need to inquire further. The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud.

This Court may eventually accept this reading of *General Bedding*. On reflection, however, the Court has decided to do so, if at all, only after a trial on issues presented by the ownership claims. In that regard, *General Bedding* itself distinguished *Hartley Pen Co. v. Lindy Pen Co.,* 16 F.R.D. 141 (S.D. Cal. 1954), by highlighting that the ultimate decision was only affirmed by the Ninth Circuit after a full trial. *General Bedding*, 947 F.2d at 1399.

With respect to actual notice, a second string to the defense bow, the issue would clearly benefit from a more developed factual record at trial. To give only one example, it would be helpful to know whether Attorney Powers learned of the issuance of the third patent (the '597 patent) when it issued (at a time when Attorney Powers was already working for Applied). The snippets of the Powers' deposition provided to the Court fail to address this issue.

Accordingly, defendants' motion for summary judgment and plaintiff's cross motion for summary judgment as to the statute of limitations defense are **DENIED**. Please do not claim that anything in this order is the law of the case. All issues are open for legal and factual development at trial.

*       *       *

There has been too much motion practice in this case. Henceforth, each side will have one more summary judgment motion, limited to 25 briefing pages, limited to the issues of infringement and invalidity. Please wait until all fact discovery is closed and all expert discovery is closed.

**IT IS SO ORDERED.**

Dated: April 4, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3