IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

APPLERA CORPORATION-APPLIED BIOSYSTEMS GROUP, a Delaware corporation,

    Plaintiff,

  v.

ILLUMINA, INC., a Delaware corporation, SOLEXA INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual

    Defendants.

No. C 07-02845 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO BIFURCATE AND TO ADVANCE TRIAL**

Plaintiff's motion to bifurcate and to advance trial is **DENIED**. Contrary to plaintiff, this is not a "standing" situation. *DDB Technologies* does not apply. Rather, Applied is the one who sued, seeking, under various state-law theories, to establish ownership of the patents. These theories include breach of contract. Plaintiff seeks damage. This is a classic jury trial situation, including the statute of limitations defense.

Things are not changed because defendants later threatened to sue for and did counterclaim for patent infringement. Defendants still retain their right to a jury trial on the issues put in play by the complaint. This is so even if defendants would have no right to a jury trial on the "standing" issue in the counterclaims, which is not so clear anyway (but need not be decided).

At the trial already set for September 29 by the case management order, the jury shall be told that the trial will be in two phases. The first phase will be all issues on the complaint (and

1  defenses). The jury will then render a verdict. Possibly, this will also resolve any standing
2  issues as to the counterclaim as well. We then will proceed promptly with the same jury to the
3  counterclaims (and defenses). Unless and until necessary, the jury will not be told how the
4  verdict in phase one will impact phase two. The jury will then render a verdict on the
5  counterclaim issues.

**IT IS SO ORDERED.**

Dated: April 4, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE