BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com; EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com; SComer@mofo.com;
BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.  C07 02845 WHA<br><br>**APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S NOTICE OF MOTION AND MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER**<br><br>Date: May 15, 2008<br>Time: 8:00 a.m.<br>Place: Courtroom 9, 19th Floor<br>Honorable William H. Alsup |

**NOTICE OF MOTION AND MOTION**

TO ILLUMINA, INC., SOLEXA, INC., AND STEPHEN C. MACEVICZ ("DEFENDANTS") AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 15, 2008, in the Courtroom of the Honorable William H. Alsup, located at 450 Golden Gate Avenue, San Francisco, California, in the hour of 8:00 a.m., Plaintiff Applera Corporation – Applied Biosystems Group ("AB"), by and through its counsel, will move and hereby does move, pursuant to Federal Rules of Civil Procedure 15(a) and 16(b), for leave to file its Second Amended Complaint and to modify the scheduling order accordingly to permit such leave to be granted. This motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Bryan Wilson in Support of AB's Motion Seeking Leave to Amend and to Modify Scheduling Order ("Wilson Decl."), and on all of the documents and records on file in this action and all matters judicially noticeable.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

AB seeks leave to amend its complaint to add two sets of allegations: a damages claim against Stephen Macevicz and additional grounds supporting its claim that the patents-in-suit should be declared unenforceable by Illumina due to inequitable conduct. These allegations could not have been added before the October 25, 2007 date for amended pleadings set in the Court's scheduling order. (Docket No. 32, at 1.) Defendants, however, have refused to stipulate to AB's amendments based solely on the passing of that deadline. Therefore, AB also seeks a modification of the scheduling order to permit AB to obtain leave to amend its complaint.

Neither of AB's amendments would have been possible on October 25, 2007. At that time, AB's damages claim against Macevicz was unavailable because a Release of monetary damages against Macevicz was still in effect. It was not until two months later that Macevicz breached the terms of the Release by relying on it in an attempt to get dismissed from the case, and AB learned that he had breached the terms of the Release by failing to be truthful in his communications with AB. AB terminated the Release in December 2007. Likewise, because allegations of inequitable conduct require pleading with particularity, AB could not have pleaded the additional grounds for its inequitable conduct claim until after it had developed the underlying facts.

Defendants will not be prejudiced by the filing of AB's amendments. The addition of the damages claim against Macevicz is the result of his own conduct after the previous deadline for amending the pleadings. It does not change the other substantive claims against him, and does not affect any discovery that has taken place to date. Additionally, Macevicz claims he is being indemnified by Illumina, Inc. and Solexa, Inc. (collectively, "Illumina") in this litigation, and damages claims against Illumina have been part of this case since it was first filed. Similarly, the additional grounds supporting AB's inequitable conduct claim do not prejudice Illumina. They are based on facts that Illumina already knew, and they simply provide additional bases for an inequitable conduct claim that is already contained in AB's complaint.

AB'S NOM AND MOTION SEEKING LEAVE TO FILE 2D AMENDED COMPLAINT AND TO MODIFY SCHED ORDER
Case No. C07 02845 WHA
pa-1240472

2

Based on these reasons, there is good cause for allowing AB to file these amendments to its complaint. Therefore, AB respectfully requests that the Court grant leave for AB to file its Second Amended Complaint[1] and modify the scheduling order accordingly.

## II.   FACTUAL BACKGROUND

Before this suit was filed, the parties to this action engaged in informal settlement talks. The parties executed a partial Release to facilitate these discussions. (Docket No. 72-2.) Under this Release, Macevicz agreed to speak truthfully to AB and Illumina about the Patents.[2] (*Id.* at 1.) AB and Illumina agreed that they would not seek monetary damages from Macevicz "based on any claims arising out of or related to the application for or prosecution of the Patents." (*Id.* ¶ 1.) AB and Illumina retained all rights to seek equitable relief for any claim they may have against Macevicz. (*Id.*)

The parties further agreed that they would not use the Release "or the fact of its existence to argue that it affects the Companies' respective rights in any way other than any right they may have had to recover monetary damages from Dr. Macevicz," and that the Release would be confidential except as might become necessary to enforce the Release. (*Id.* ¶¶ 2, 3.) Finally, the parties agreed that the Release could be terminated if Macevicz was willfully untruthful in his meetings with AB and Illumina. (*Id.* ¶ 4.)

AB terminated the Release on December 17, 2007, shortly before filing its opposition to Macevicz's motion to dismiss on December 20, 2007. (Docket No. 72-7; Docket No. 71.) During the discussions required by the Release, Macevicz failed to disclose that he had signed an Indemnity Agreement with Lynx Therapeutics, Inc. ("Lynx"), pursuant to which Illumina is apparently indemnifying Macevicz for legal fees and liabilities in connection with this litigation. (Docket No. 72-3; Docket No. 72-4, at 10:13-12:1 & 27:12-28:7; 167:4-12.) Macevicz also failed to disclose that he had engaged in negotiations with Lynx regarding the assignment of a patent

---

[1] Copies of AB's proposed Second Amended Complaint and a redline comparison against AB's First Amended Complaint are attached as Exhibits 1 and 2 respectively to the Wilson Decl.

[2] "Patents" refers to the three patents asserted by Illumina in this action, along with related applications and patents.

AB'S NOM AND MOTION SEEKING LEAVE TO FILE 2D AMENDED COMPLAINT AND TO MODIFY SCHED ORDER
Case No. C07 02845 WHA
pa-1240472

3

application to Lynx as early as November 1994, long before he left AB. (Docket No. 72-5; Docket No. 72-1, ¶ 3.) He eventually assigned that application to Lynx after he left AB. (Docket No. 72-6.) Finally, Macevicz breached the release by relying on the fact of the Release to move for dismissal. (Docket No. 72-7.) AB therefore terminated the Release based on this combination of reasons. (*Id.*)

Having terminated the Release, AB investigated and developed its damages claim against Macevicz, and pursued this amendment. AB also developed and fleshed out the additional grounds for its inequitable conduct claim. AB sent Defendants a copy of its proposed Second Amended Complaint containing these amendments and asked if Defendants would stipulate to its filing. (Wilson Decl. Ex. 3.) Defendants refused, based solely on the fact that the October 25, 2007 deadline in the Court's scheduling order had already passed. (*Id.*)

### III. ARGUMENT

#### A. Legal Standard.

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing FRCP 15(a)). In exercising its discretion to allow amendments to pleadings, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Leave to amend is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). Rule 15(a) thus requires a strong showing of prejudice, delay, futility, or bad faith before leave to amend may be denied. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Foman*, 371 U.S. at 182.

When a district court has established a deadline for amended pleadings in the case scheduling order, the party seeking leave to amend must request to modify the scheduling order and the good cause standard of Rule 16(b) applies. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

AB'S NOM AND MOTION SEEKING LEAVE TO FILE 2D AMENDED COMPLAINT AND TO MODIFY SCHED ORDER
Case No. C07 02845 WHA
pa-1240472

4

### B. Good Cause Exists For Allowing AB To File Its Second Amended Complaint.

The inquiry under Rule 16(b)'s good cause standard focuses initially on the diligence of the party seeking the amendment. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting FRCP 15 advisory committee notes). That is exactly the scenario here.

There is no way that AB could have amended its complaint to allege damages against Macevicz before October 25, 2007 because the Release was still in effect at that time. AB was not in a position to consider terminating the Release until Macevicz filed his motion to dismiss relying on the fact of the Release, and AB learned of his failure to disclose information as required by the Release. Moreover, AB did not know whether or not it would be futile to allege damages against Macevicz until January 17, 2008 when the Court denied Macevicz's motion to be dismissed from the case. AB then had to determine whether there would be a factual and legal basis for obtaining damages from Macevicz, and promptly sought this amendment once it determined that there was such a basis.

The same is true of AB's additional allegations in support of its inequitable conduct claim. To plead inequitable conduct, a party must allege an "affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive" the PTO. *eSpeed, Inc. v. BrokerTec USA, L.L.C.*, 480 F.3d 1129, 1135 (Fed. Cir. 2007) (citation omitted). Where inequitable conduct is grounded in fraud, it must be pleaded with particularity under Rule 9(b). *See Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003). In other words, since notice pleading is not enough for inequitable conduct, AB could not have simply included in its complaint a blanket allegation that the patents-in-suit are unenforceable by Illumina.

AB's First Amended Complaint already contains an inequitable conduct claim for all three of the patents-in-suit based on Macevicz's failure to disclose material prior art to the PTO. (Docket No. 46, at 12.) However, AB has since developed facts that provide additional grounds

AB'S NOM AND MOTION SEEKING LEAVE TO FILE 2D AMENDED COMPLAINT AND TO MODIFY SCHED ORDER
Case No. C07 02845 WHA
pa-1240472

5

supporting that claim of inequitable conduct.  As contained in AB's proposed Second Amended Complaint, these additional allegations concern Illumina's failure to pay maintenance fees in accordance with its large entity status, and Macevicz's failure to disclose to the PTO that the same claim language in the '597 Patent was rejected for indefiniteness earlier during the prosecution of the '341 Patent.[3]  (Wilson Decl. Ex. 1.)  Having determined that there is a sufficient factual and legal basis for these allegations, AB has promptly sought to add them to its complaint to ensure that all of the grounds for its inequitable conduct claim are stated clearly and specifically.

In sum, there is good cause for allowing AB to file its Second Amended Complaint because AB has been diligent in seeking to do so, and AB could not have sought the present amendments before the October 25, 2007 deadline.

### C. Defendants Will Not Be Unduly Prejudiced By AB's Amendments.

The other factors normally considered for a motion seeking leave to amend also favor granting AB's motion.  In particular, Defendants will not suffer any prejudice from AB's amendments.  *See Coleman*, 232 F.3d at 1295.  The damages claim against Macevicz, as well as the fact that it could not have been added earlier, result entirely from his own conduct in violating the terms of the Release.  Moreover, Macevicz apparently is being indemnified by Illumina for legal fees and liabilities in connection with this litigation.  Also, none of the other claims on which the parties have been engaged in discovery and motion practice are affected or changed by this amendment.  Finally, the amendment adds little, if any, discovery burden on Macevicz.  Fact discovery is still ongoing, so Macevicz can easily seek discovery on AB's damages claim.

Nor will Defendants be prejudiced by the additional grounds for AB's inequitable conduct claim.  AB's complaint already has an inequitable conduct claim, so this amendment does not add any new causes of action – it merely provides more detailed allegations supporting an existing claim.  The underlying facts are already known to Defendants because it was their own conduct

---

[3] "'597 Patent" refers to U.S. Patent No. 6,306,597.  "'341 Patent" refers to U.S. Patent No. 5,750,341.

AB'S NOM AND MOTION SEEKING LEAVE TO FILE 2D AMENDED COMPLAINT AND TO MODIFY SCHED ORDER
Case No. C07 02845 WHA
pa-1240472

6

that is the subject of the inequitable conduct allegations. Fact discovery is still ongoing, so to the extent that Defendants need any discovery from AB on these allegations, they can easily obtain it. Furthermore, as of the date of this motion, Defendants have not sought any discovery on inequitable conduct, not even for the allegations already contained in AB's First Amended Complaint.

The remaining factors considered in connection with a motion to amend do not apply here. By diligently seeking leave to amend, AB has not engaged in undue delay. AB's amendments are not futile, nor are they sought in bad faith.

### IV.    CONCLUSION

AB respectfully requests that the Court grant AB leave to file its Second Amended Complaint and to modify the scheduling order accordingly.

Dated: April 8, 2008            MORRISON & FOERSTER LLP

By:    /s/ Bryan Wilson
       Bryan Wilson

       Attorneys for Plaintiff
       APPLERA CORPORATION –
       APPLIED BIOSYSTEMS GROUP

AB'S NOM AND MOTION SEEKING LEAVE TO FILE 2D AMENDED COMPLAINT AND TO MODIFY SCHED ORDER
Case No. C07 02845 WHA
pa-1240472

7