THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No. 07-CV-02845 WHA |
| | District Judge William H. Alsup |
| Plaintiff/counterdefendant, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER** |
| - vs. - | |
| ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | |
| | Date: May 15, 2008 |
| | Time: 8:00 a.m. |
| | Place: Courtroom 9, 19th Floor |
| Defendants/counterclaimants. | |

## I. INTRODUCTION

In October 2006, in return for the opportunity to have an off-the-record interview with Dr. Macevicz, AB signed an agreement releasing Dr. Macevicz from any financial liability related to any claims arising out of the Macevicz patents or inventions at issue in this case. Now, without justification and near the close of discovery, AB wants to renege on that release and amend its complaint to seek damages from Dr. Macevicz, thereby compounding the complexity of this already-complex dispute. Moreover, AB seeks to amend its complaint to include additional grounds for its accusation of inequitable conduct, grounds that were available to AB since before it filed its complaint, but which AB says it has only recently "developed and fleshed out."

AB's motion should be denied for at least the following three reasons.

First, AB's motion fails to show the required "good cause" why the Court's Case Management Order of September 20, 2007 should be altered to allow AB to yet again amend its Complaint based on facts that AB has known since at least November 2007. AB has wholly failed to justify its months of delay in seeking to once again amend its Complaint.

Second, AB's proposed amendments would prejudice the Defendants both because they come at the end of the fact discovery period and because the Court has decided that it will not hear any more summary judgment motions on the patent ownership issues.

Third, AB's proposed amendment to add damages claims against Dr. Macevicz would be futile because AB agreed to release Dr. Macevicz from any damages in connection with this case and that release is still in effect.

## II. FACTUAL BACKGROUND

In the fall of 2006, AB and Solexa entered into a "Release" agreement with Dr. Macevicz that absolved him "from liability for monetary damages based on any claims arising out of or related to" the patents or inventions at issue in this litigation.[1]  In exchange

---

[1] Decl. of John R. Labbé in Supp. of Defs.' Opp. to Pl.'s Mot. Seeking Leave to File Second Amended Compl. ("Labbé Decl."), Ex. A.

for the Release, Dr. Macevicz agreed to meet informally with AB's counsel to discuss his patents.

Under its terms, AB could only terminate the Release if Dr. Macevicz had refused to discuss the patents with AB or if he had been "willfully untruthful" in his answers to AB's questions at the informal meeting.[2] On December 8, 2006, as contemplated in the Release, Dr. Macevicz met with AB's counsel[3] and answered all of AB's questions.[4] Nevertheless, on December 17, 2007, AB sent a letter to Dr. Macevicz's then-counsel in this litigation purporting to terminate the Release.[5] AB alleged in its letter that Dr. Macevicz had been untruthful because he had failed to disclose a draft agreement from 1994 and an indemnity agreement from 1995.[6] AB also alleged that Dr. Macevicz had breached the Release because he was relying on it in his motion seeking his dismissal as a defendant in this case[7] (despite the fact that Dr. Macevicz in fact did not mention the Release in his motion to dismiss).[8]

AB now seeks to file a Second Amended Complaint in this case to add damages claims against Dr. Macevicz, and to add additional inequitable conduct allegations against all Defendants.

## III. ARGUMENT

AB cannot show good cause for its proposed amendments to its complaint because (i) AB has not been diligent in seeking to amend its Complaint; (ii) allowing the proposed amendments at this point would prejudice the Defendants; and (iii) the proposed amendments would ultimately be futile.[9]

---

[2] Labbé Decl., Ex. A ¶ 4.
[3] Solexa's counsel, Dr. Flowers, was also present at the meeting.
[4] In its motion, AB does not actually allege that Dr. Macevicz was untruthful in his answers to any of AB's questions at the December 2006 meeting.
[5] *Id.*, Ex. B.
[6] *Id.*
[7] *Id.*
[8] Docket No. 49.
[9] *See, e.g., Van Slyke v. Capital One Bank*, No. C07-00671 (WHA), 2007 WL 3435095, at *3-6 (N.D. Cal. 2007) (Alsup, J.) (denying leave to amend where the plaintiff delayed

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER; CASE NO: 07-CV-02845 WHA

2

**A.    AB fails to show just cause for amending its complaint at this late date**

The deadline for amending pleadings under the Court's Case Management Order was October 25, 2007. Because that deadline passed long ago, AB must show "good cause" under Rule 16(b)(4) to justify its request for leave to file its proposed Second Amended Complaint.[10]  Under this standard, "the focus of the inquiry is upon the moving party's reasons for seeking modification," and "[i]f that party was not diligent, the inquiry should end."[11]

"The inquiry should end" here because AB has not been diligent in seeking to make its proposed pleading amendments. With respect to the new damages claims that AB seeks to bring against Dr. Macevicz, AB asserts that it could not have brought those claims earlier because it had released Dr. Macevicz from all financial liability regarding his patents. This argument fails on its face because AB purported to terminate the Release on December 17, 2007,[12] and it has not shown that it was diligent in seeking to add its damages claim to its Complaint in the more than three months that passed between the December 17, 2007 letter and the April 3, 2008 filing of its motion for leave to amend its complaint.

AB's argument also fails because AB has known since at least early November 2007 of the facts upon which it bases its purported termination of the Release and its belated request to amend its Complaint. On November 8, 2007, AB used those very documents as exhibits in the first deposition it took in this case.[13]  In its current motion, AB implies that it was diligent in waiting so long because it "had to determine whether there would be a factual and legal basis for obtaining damages from Macevicz" before "promptly" seeking to amend its Complaint "once it determined that there was such a basis."[14]  This vague expla-

---

three months in seeking leave, the amendment would have prejudiced the defendants, and the amendment would have been futile).

[10] *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
[11] *Johnson*, 975 F.2d at 609.
[12] Labbé Decl., Ex. B.
[13] *Id.*, ¶¶ 6-7 & Exs. C-D.
[14] AB's Motion at 5.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER; CASE NO: 07-CV-02845 WHA

nation cannot satisfy the just-cause standard of Rule 16. AB fails to explain what "factual and legal" investigation it had to undertake (indeed, one would think AB would have investigated this issue before entering into the Release itself), or why any such "investigation" took five months (from November 2007 to April 2008). Further, AB's proposed Second Amended Complaint does not assert any additional "basis" for damages other than the facts that AB has known since before it filed its original complaint in this case.

AB also fails to demonstrate good cause for its proposed additions to its inequitable conduct count. AB has already pled inequitable conduct against the Defendants, but now seeks to add additional grounds for that claim based on Illumina's alleged failure to pay "large entity" maintenance fees at certain times, and Dr. Macevicz's alleged failure to disclose certain facts about the prosecution of the '341 Patent during prosecution of the '597 Patent. AB wholly fails to explain why it could not have raised these allegations in its original Complaint or its First Amended Complaint. AB does not assert that it needed any discovery before pleading these additional grounds for inequitable conduct. It cannot, because the facts on which it relies are drawn from the prosecution histories of the patents, and other publicly available records regarding those patents, which AB undoubtedly had long before it filed its original Complaint in this case.

**B.   AB's proposed amendments should also be denied under Rule 15(a)**

Even under the less-stringent standard of Rule 15(a), the Court should deny AB's current motion. Under Rule 15(a), the Court should consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."[15]

As explained above, AB has unduly delayed in seeking to amend its Complaint. Since before November 2007, AB has either known, or through diligence could have known, of all the facts underlying its proposed amendments to its ownership and inequitable conduct claims, and should have sought to amend its Complaint long ago. Moreover, as explained below, the proposed amendments would prejudice the Defendants and would ul-

---

[15] *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER; CASE NO: 07-CV-02845 WHA**

4

timately be futile.

### 1. AB's belated addition of damages claims against Dr. Macevicz would prejudice the Defendants

The Defendants will be prejudiced if AB is permitted to amend its Complaint to add damages claims against Dr. Macevicz because (i) AB's undue delay leaves Defendants with little time to plan for or take discovery about AB's damages claims, and (ii) Defendants will not be able to seek summary judgment on AB's damages claims against Dr. Macevicz. For example, even if the Court were to grant AB's motion on May 15 (the day AB's motion is scheduled for hearing) and AB were to file its Second Amended Complaint that same day, the Defendants' answer and any counterclaims to the Second Amended Complaint would be due one day before the end of the fact discovery period (May 30).[16]

To defeat AB's claims for damages against him, Dr. Macevicz would assert the Release as a defense and would likely counterclaim against AB for breaching the Release (by suing him for damages). Dr. Macevicz would then require discovery into AB's basis for asserting that he was "willfully untruthful" when he met with AB in December 2006 (and such discovery would require depositions of AB's trial counsel, Mr. Wilson, and its in-house counsel, Dr. MacFerrin, who were present at the December 2006 meeting). To date, Dr. Macevicz has had no reason to seek discovery on this issue.

Dr. Macevicz would also be prejudiced if AB is allowed to amend its Complaint because he would not be able to seek summary judgment on AB's damages claims against him. AB has not included any facts in its proposed Second Amended Complaint to support its argument that Dr. Macevicz was "willfully untruthful" when he met with AB in December 2006. Accordingly, if AB is allowed to seek damages against Dr. Macevicz, he should be permitted to seek summary judgment based on the Release. But the Court has ordered that the parties may not bring any additional summary judgment motions on the patent

---

[16] *Coleman*, 232 F.3d at 1295 ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.") (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER; CASE NO: 07-CV-02845 WHA**

5

ownership disputes in this case.[17] Just as the time has passed in this case for summary judgment practice regarding the ownership dispute, so too has the time passed for AB to seek to amend its Complaint to add damages claims against Dr. Macevicz.

AB contends that Dr. Macevicz would not be prejudiced by its proposed amendment because AB has always sought damages from Illumina in this case and Illumina is indemnifying Dr. Macevicz. That is not correct. Clearly, AB's new damage claims against Dr. Macevicz open new avenues of relief for AB; if it were otherwise, AB would not be seeking to amend its Complaint to add those claims. AB asserts its breach-of-contract claim only against Dr. Macevicz because only Dr. Macevicz (not Solexa or Illumina) had an employment agreement with AB.[18] Further, although AB asserts its breach of fiduciary duty claim against all Defendants, it can only assert that Illumina "aided and abetted" Dr. Macevicz's breach of a fiduciary duty,[19] an assertion that will require additional proof beyond the proof AB needs to support its claim for breach of fiduciary duty against Dr. Macevicz. Consequently, AB's proposed additional damages claims against Dr. Macevicz would broaden the scope of the damages that AB seeks to recover even though Illumina is indemnifying Dr. Macevicz.

### 2. AB's damages claims against Dr. Macevicz would be futile

Finally, the Court should not allow AB to amend its Complaint to add damages claims against Dr. Macevicz because those claims would ultimately be futile. AB released Dr. Macevicz from any liability for monetary damages in this litigation, and for at least the reasons stated above, that Release is still in effect. The Release covers "unknown and unanticipated" claims, and includes a waiver of any rights under Section 1542 of the California Civil Code,[20] so AB's argument that it can terminate the Release because it only later learned about facts that would support a damages claim against Dr. Macevicz fails.

---

[17] Docket No. 180 at 3.
[18] Wilson Decl., Ex. 2 at 6-7.
[19] *Id.* at 7-8.
[20] Labbé Decl., Ex. A ¶ 5.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER; CASE NO: 07-CV-02845 WHA**

6

AB may only terminate the Release if Dr. Macevicz was "willfully untruthful" in his informal discussions with AB in 2006. In its December 17, 2007 letter to Dr. Macevicz's counsel, AB asserted that Dr. Macevicz was "willfully untruthful" because he failed to disclose a 1994 discussion he had with Lynx and a 1995 indemnity agreement with Lynx.[21] AB points to these purported "failures to disclose" again in its current motion.[22] But AB does not include any factual allegations in its letter, in its current motion, or in its proposed Second Amended Complaint to support its conclusory allegation that Dr. Macevicz's failure to mention these issues to AB constituted willful untruthfulness. AB would have to prove that an omission (rather than an affirmative misrepresentation) by Dr. Macevicz regarding events that had occurred over ten years earlier constituted willful untruthfulness, yet AB fails to plead any facts or point to any evidence about what Dr. Macevicz *did* say during his informal meeting with AB in 2006, much less what he willfully and untruthfully *did not* say.[23]

AB also alleges that Dr. Macevicz breached the Release by relying on the Release as the basis for his motion to dismiss filed in November 2007.[24] But Dr. Macevicz did not even mention the Release in his motion to dismiss.[25] Moreover, AB does not cite any authority for the bizarre proposition that Macevicz could somehow breach the Release by interposing it as a defense in litigation against AB itself. The very purpose of the Release was to prevent Dr. Macevicz from incurring financial liability to AB. The Release itself recognizes this purpose, stating that the parties "agree not to use this Agreement in any lawsuit, *except as may be necessary to enforce this Agreement.*"[26] To the extent that Dr. Macevicz has ever relied on the Release, he did so only as necessary to enforce it so as to avoid any

---

[21] *Id.*, Ex. B.
[22] *Id.* at 1-2.
[23] Moreover, because he had been absolved through the Release of any financial liability prior to the December 2006 meeting, Dr. Macevicz had no reason to be untruthful about these subjects.
[24] Labbé Decl., Ex. B.
[25] Docket No. 49.
[26] Labbé Decl., Ex. B, ¶ 3. (emphasis added).

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER; CASE NO: 07-CV-02845 WHA**

7

possible award of damages against him.

## IV. CONCLUSION

AB released Dr. Macevicz of any financial liability relating to his patents back in 2006. After learning that Illumina is indemnifying Dr. Macevicz, AB wants to renege on that Release, and to amend its Complaint to seek damages against Dr. Macevicz, in violation of that Release. But nothing that AB has learned since entering into the Release allows AB to terminate the Release, or can justify AB's lengthy delay in seeking to amend its Complaint. Further, AB has not shown any diligence in seeking to add grounds to its inequitable conduct claims against the Defendants (all of which were available to AB since before it filed the original Complaint in this case).

Consequently, the Court should deny AB's Motion Seeking Leave to File Second Amended Complaint and to Modify Scheduling Order.

Dated: April 24, 2008                    Respectfully submitted,

/s/ John R. Labbé
THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

*Attorneys for Defendants*

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER; CASE NO: 07-CV-02845 WHA**

8