# EXHIBIT B

Case 3:07-cv-02845-WHA    Document 192-3    Filed 04/24/2008    Page 1 of 3

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

December 17, 2007

Writer's Direct Contact
650.813.5603
Telefacsimile: 650.251.3907
BWilson@mofo.com

**By E-Mail (Confirmation by U.S. Mail)**

Kevin M. Flowers, Ph.D.
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606

Basil P. Fthenakis
Technology & Intellectual Property Strategies Group PC
1000 Elwell Court, Suite 150
Palo Alto, CA 94303

Re: *Applera Corporation -- Applied Biosystems Group v. Illumina, Inc., et al.*
Case No. C07 02845 WHA

Dear Kevin and Basil:

I am writing on behalf of Applied Biosystems ("AB") to terminate and rescind the Release that was entered into by the parties earlier this year. The basis for termination is that Dr. Macevicz was willfully untruthful in the interview that we conducted at Mr. Fthenakis' office on December 8, 2006.

First, Dr. Macevicz said at that meeting that he did not give a lot of thought to the Assignment of the patent applications that he made to Lynx on August 31, 1995. He explained that he had decided to accept a job offer from Lynx, and then had some brief conversations in which he offered the applications to Lynx, and Lynx agreed to accept them. As Dr. Macevicz explained it, this conversation was brief and took place in connection with accepting a position with Lynx.

We have since learned that Dr. Macevicz was not telling the truth. Contrary to what Dr. Macevicz told us, he had been discussing assigning his patent applications to Lynx for many months prior to his resignation from Applied Biosystems. Exhibit 11 to the deposition of Kathy San Roman documents this discussion. Exhibit 11 shows further that Dr. Macevicz was conducting these earlier negotiations with Lynx on AB time, using AB resources. This

pa-1215377

MORRISON | FOERSTER

Basil P. Fthenakis, Esq.
December 17, 2007
Page Two

is inconsistent with Dr. Macevicz's further statements that he used no AB resources for his own purposes.

Second, Dr. Macevicz did not disclose in our meeting that he had signed an indemnity agreement with Lynx several weeks before he resigned from AB. This was a material omission which also constitutes willful untruthfulness.

We believe that there are other matters on which Dr. Macevicz was untruthful, as well, but these two are more than sufficient for termination of the release.

A further ground for termination is Dr. Macevicz's violation of Paragraph 2 of the Release. Paragraph 2 provides that Dr. Macevicz may not use the fact of the Release to argue that it affects AB's rights other than any right that it may have to recover monetary damages from Dr. Macevicz. However, Dr. Macevicz has filed a motion to dismiss in which he argues that it is "particularly significant" that AB is not seeking monetary damages from Dr. Macevicz. As you know, the Release is the only reason that AB is not seeking monetary damages. Thus Dr. Macevicz is using the fact of the release in his effort to dismiss the case. Dr. Macevicz's use of the release to seek dismissal of the case is a terminating breach of Paragraph 2. We will, of course, need to discuss the release in AB's opposition papers now that Dr. Macevicz has made it an issue in the case.

Sincerely,

*Bryan Wilson*
Bryan J. Wilson

pa-1215377