BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com; EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com; SComer@mofo.com;
BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   C07 02845 WHA<br><br>**APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S REPLY IN SUPPORT OF MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER**<br><br>Date: May 15, 2008<br>Time: 8:00 a.m.<br>Place: Courtroom 9, 19th Floor<br>Honorable William H. Alsup |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In seeking to prevent AB from amending its complaint, Defendants mischaracterize (1) the former Release of monetary damages against Stephen Macevicz; (2) the grounds for terminating the Release; and (3) Macevicz's motion to dismiss. The terms of the Release prohibited Macevicz from relying upon it for any purpose beyond the limited and conditional agreement of the parties not to seek damages against him. Macevicz breached this requirement when he relied upon the Release in filing his motion to be dismissed from the case entirely. AB properly terminated the Release and has sought damages against Macevicz only in response to Macevicz's own misuse and breach of the Release.

Defendants will not be prejudiced by AB's amendments because discovery is still in progress, Defendants will be able to obtain the discovery they need, and AB's proposed amendments will not disrupt the progress of the case. AB's motion should be granted because AB has diligently sought amendments that are neither prejudicial to Defendants nor futile.

## II. FACTUAL BACKGROUND

Defendants' brief inaccurately portrays the informal meeting with Macevicz pursuant to the Release as sought solely by AB's counsel, with Solexa's counsel on the sidelines. To the contrary, as stated in the Release itself, both Solexa and AB agreed not to seek monetary damages against Macevicz in exchange for a meeting in which Macevicz would speak truthfully with both parties. Moreover, Solexa's promise not to seek damages against Macevicz was illusory, since at the time of the meeting there was already in effect an Indemnity Agreement under which Solexa was obligated to indemnify Macevicz, which was not disclosed to AB. In short, the Release and the meeting were to Solexa's benefit, not AB's.

The terms of the Release specifically provided that the parties would not use the Release "or the fact of its existence to argue that it affects the Companies' respective rights in any way other than any right they may have had to recover monetary damages from Dr. Macevicz." (Docket No. 72-2 ¶ 2.) It also specifically reserved for AB and Solexa the right to seek equitable relief against Macevicz. (*Id.* ¶ 1.)

AB'S REPLY ISO MOTION SEEKING LEAVE TO FILE 2D AMENDED COMPLAINT AND TO MODIFY SCHED ORDER
Case No. C07 02845 WHA
pa-1251800

1

1    Under the terms of the Release, AB sought only equitable relief, not damages, against
2 Macevicz in its First Amended Complaint. Having gained the benefit of the bargain in avoiding a
3 damages claim from AB, Macevicz then breached his end of the agreement by filing a motion to
4 dismiss based on the very premise that his presence in the case was unnecessary because AB had
5 not sought damages from him. (Docket No. 72-7 at 2.) Defendants claim that Macevicz's motion
6 to dismiss did not specifically mention the Release, but concede that he nonetheless relied upon
7 "the fact of its existence" in attempting to escape from AB's equitable claims against him.
8 (Docket No. 72-2 ¶ 2.) The existence of the Release was what prevented AB from seeking
9 damages from Macevicz in the first place.

10    The Release also required Macevicz to speak truthfully in his meetings with AB and
11 Solexa. (*Id.* ¶¶ 1, 4.) However, Macevicz failed to disclose that he had signed an Indemnity
12 Agreement with Lynx Therapeutics, Inc. ("Lynx"), pursuant to which Illumina and Solexa are
13 now indemnifying Macevicz for legal fees and liabilities in connection with this litigation.
14 (Docket No. 72-3; Docket No. 72-4 at 10:13-12:1, 27:12-28:7, & 167:4-12.) Macevicz also failed
15 to disclose that he had engaged in negotiations with Lynx regarding the assignment of a patent
16 application to Lynx as early as November 1994, long before he left AB. (Docket No. 72-5;
17 Docket No. 72 ¶ 3.) He eventually assigned that application to Lynx after he left AB. (Docket
18 No. 72-6.) These major omissions of facts also constituted breaches of the Release. Accordingly,
19 AB terminated the Release on December 17, 2007 based on Macevicz's various breaches of its
20 terms. (Docket No. 72-7.)

21    **III.    ARGUMENT**
22        **A.    Good Cause Exists For Allowing AB's Proposed Amendments.**
23    Defendants do not deny that AB could not have amended its complaint to allege damages
24 against Macevicz before the October 25, 2007 deadline because the Release was still in effect at
25 that time. Instead, Defendants now make various inconsistent claims about the very earliest
26 moment at which they contend AB could have filed a motion to amend.
27    Defendants' assertions about diligence take into account neither the relevant facts nor the
28 actual steps that AB had to take before it could reasonably assert damages against Macevicz.

AB's REPLY ISO MOTION SEEKING LEAVE TO FILE 2D AMENDED COMPLAINT AND TO MODIFY SCHED ORDER
Case No. C07 02845 WHA
pa-1251800

2

1  Despite arguing at length about futility elsewhere in their brief, Defendants ignore that AB did
2  not know whether or not it would be futile to allege damages against Macevicz until January 17,
3  2008 when the Court denied Macevicz's motion to be dismissed from the case. Had Macevicz
4  been dismissed from the case entirely, it would have been impossible to assert damages against
5  him.

6  AB then had to investigate whether there was a factual and legal basis for obtaining
7  damages from Macevicz, which Defendants refer to as a "vague explanation" that they do not
8  understand. (Docket No. 191 at 3.) Simply put, AB had to determine if there was an available
9  theory of damages which AB could use to show the amount in which AB had been harmed by
10 Macevicz's conduct. Moreover, AB's damages theory against Macevicz is based partly on
11 Macevicz prosecuting the Patents[1] with drafting errors that reduce their value and that AB could
12 have corrected during prosecution if Macevicz had disclosed and assigned them to AB. AB did
13 not develop such a theory earlier in the case because it had signed the Release and did not expect
14 to pursue monetary damages against Macevicz until it learned of his various breaches of the
15 Release and determined that they warranted its termination. AB's Second Amended Complaint
16 does not elaborate on the details of AB's damages theory because it is unnecessary under the
17 notice pleading standard.

18 By contrast, inequitable conduct must be pleaded with particularity under Rule 9(b), a
19 consideration that Defendants ignore in asserting that AB's inequitable conduct allegations should
20 have been made sooner. *See Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*, 350 F.3d
21 1327, 1344 (Fed. Cir. 2003). Because of this heightened pleading standard, it is not unusual in a
22 patent case that the accused infringer will need to amend its pleadings later in the case to add or
23 supplement inequitable conduct allegations. In fact, AB has recently learned and developed

---

[1] "Patents" refers to U.S. Patent No. 5,750,341, U.S. Patent No. 5,969,119, and U.S. Patent No. 6,306,597.

additional grounds for inequitable conduct which it also seeks to add to its complaint in connection with the instant motion.[2]

Specifically, in preparing its Final Invalidity Contentions, which it served on April 11, 2008, AB learned that Macevicz was aware of U.S. Patent No. 5,552,278 ("Brenner") and WO 95/04160 ("Southern") during the prosecution of the Patents. Brenner and Southern describe methods for determining the sequence of a nucleic acid which are material to the asserted claims of the Patents. However, Macevicz did not disclose either Brenner or Southern to the U.S. Patent and Trademark Office during the prosecution of the Patents. These additional grounds for AB's inequitable conduct claim were disclosed in AB's Final Invalidity Contentions, and AB seeks to add them to its complaint as well. AB has also been diligent in investigating, developing, and seeking to add these inequitable conduct allegations.[3]

**B.     AB's Proposed Amendments Satisfy The Standard Of Rule 15(a).**

AB's proposed amendments to add grounds for its inequitable conduct claim do not prejudice Defendants, nor are they futile. In particular, it should be noted that Defendants have not sought any discovery into AB's existing inequitable conduct claim as pleaded in its First Amended Complaint. They have not even served basic written discovery seeking documents or interrogatory responses on the basis for AB's inequitable conduct claim. There is no prejudice to Defendants, and Defendants do not contest this in their brief.

Defendants do assert prejudice and futility with respect to AB's damages claim against Macevicz. They argue that Defendants would be prejudiced by the inability to seek sufficient discovery on AB's damages claims. However, Defendants still have ample opportunity to obtain the discovery they need for two reasons.

---

[2] A revised version of AB's proposed Second Amended Complaint and a redline against AB's First Amended Complaint are attached as Exhibits 1 and 2 respectively to the accompanying Reply Declaration of Eric C. Pai ("Pai Reply Decl.").

[3] Defendants only recently produced, on April 11, an email suggesting that Illumina was aware of potential claims of inequitable conduct based on a patent that issued from a continuation-in-part to Brenner. (Pai Reply Decl. Ex. 3.)

AB'S REPLY ISO MOTION SEEKING LEAVE TO FILE 2D AMENDED COMPLAINT AND TO MODIFY SCHED ORDER
Case No. C07 02845 WHA
pa-1251800

4

1   First, both fact discovery and expert discovery are still in progress. Defendants have not
2   yet taken or noticed any depositions on any of the damages issues in the case in relation to either
3   ownership issues or patent issues. The parties have only recently resolved a number of damages-
4   related concerns – for example, at the April 10 discovery conference just three weeks ago,
5   Defendants stipulated that they would not seek lost profits against AB, and the parties reached
6   several agreements on the scope of document production related to damages issues. (Docket No.
7   188 at 1, 7.) Neither side has disclosed any expert testimony or reports on damages issues. In
8   short, much discovery is still ongoing on all of the damages issues in the case.

9   Second, much of the damages discovery that Macevicz seeks will overlap with discovery
10  that the parties are already seeking. To the extent that Defendants seek discovery from AB on its
11  damages against Illumina and Solexa, this will overlap partly with the discovery they would seek
12  from AB on its damages against Macevicz. As to issues of valuation of the Patents and how that
13  value has been diminished due to Macevicz's misconduct resulting in drafting errors in the
14  Patents, this will overlap with discovery related to damages on the patent side of the case.

15  Defendants also assert prejudice with respect to not having an opportunity to move for
16  summary judgment on AB's damages claims against Macevicz. However, this is not the result of
17  the timing of AB's amendments, but rather the Court's determination that the parties have
18  engaged in excessive and premature summary judgment motion practice. (Docket No. 180 at 3.)

19  Finally, Defendants claim both prejudice and futility based on their belief that the Release
20  remains in effect and that AB therefore cannot seek damages against Macevicz. As discussed
21  above, however, AB has already terminated the Release based on Macevicz's various breaches of
22  its terms. Here, Defendants again misrepresent both the terms of the Release and Macevicz's
23  motion to dismiss. Their argument fails to recognize the distinction between expressly
24  mentioning the Release and *using or relying upon the fact of its existence*. Macevicz's motion to
25  dismiss did not expressly state that there was a Release. But he did use the fact of its existence –
26  which caused AB not to seek damages against Macevicz in its original complaint – to attempt to
27  get himself dismissed from the case entirely, including the equitable claims that the Release
28  specifically reserved to AB.

AB'S REPLY ISO MOTION SEEKING LEAVE TO FILE 2D AMENDED COMPLAINT AND TO MODIFY SCHED ORDER
Case No. C07 02845 WHA                                                                                         5
pa-1251800

1    In sum, it is untrue that, as Defendants claim in their brief, "[t]o the extent that Dr. Macevicz has ever relied on the Release, he did so only as necessary to enforce it so as to avoid any possible award of damages against him." (Docket No. 191 at 7-8.) AB did not seek damages against Macevicz at any point prior to his filing of his motion to dismiss. There was nothing against which to "enforce" the Release. Instead, Macevicz's motion to dismiss relied on the Release not to avoid damages, but to avoid all responsibility and to be dismissed completely from a case where he is a central figure with respect to multiple acts of misconduct. By breaching the Release in this way, Macevicz brought the damages claim upon himself.

## IV.    CONCLUSION

AB respectfully requests that the Court grant AB leave to file its Second Amended Complaint and to modify the scheduling order accordingly.

Dated: May 1, 2008                MORRISON & FOERSTER LLP

By:    /s/ Eric C. Pai
       Eric C. Pai

       Attorneys for Plaintiff
       APPLERA CORPORATION –
       APPLIED BIOSYSTEMS GROUP

AB's REPLY ISO MOTION SEEKING LEAVE TO FILE 2D AMENDED COMPLAINT AND TO MODIFY SCHED ORDER
Case No. C07 02845 WHA
pa-1251800

6