United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLERA CORPORATION-APPLIED BIOSYSTEMS GROUP, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> ILLUMINA, INC., a Delaware corporation, SOLEXA INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual <br><br> Defendants. | No. C 07-02845 WHA <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND VACATING HEARING** |

Plaintiff's motion for leave to file a second amended complaint is **DENIED**. The hearing on this motion is hereby **VACATED**. Before this action was filed, the parties entered into a release agreement where plaintiff Applied Biosystems Group and defendant Illumina, Inc., agreed that they would not seek any monetary damages from defendant Macevicz "based on any claims arising out of or related to the application for or prosecution of the Patents" (Dkt. 72 Exh. 2). The "Patents" referred to the three patents involved in this action. In exchange, Macevicz agreed to speak "truthfully" to Applied and Illumina about the patents. The agreement had a provision which provided that the parties could terminate the agreement if Macevicz was "willfully untruthful" in his discussions with Applied and Illumina. Macevicz then moved to dismiss all claims against him on the ground that Applied was only seeking equitable relief against him. The motion was denied. Applied then terminated the release agreement with Macevicz based in part on Macevicz's attempt to get out the suit and his alleged

1  untruthfulness during the initial discussions with Applied.  Applied now moves for leave to
2  filed a second amended complaint that includes:  (i) claims for monetary damages against
3  Macevicz and (ii) additional allegations supporting Applied's inequitable conduct defense.

4      Under Rule 16(b), once a court has entered a scheduling order, subsequent pleading
5  amendments are not allowed without a request to first modify the scheduling order.  At that
6  point, any modification must be based on a showing of good cause.  *See Coleman v. Quaker*
7  *Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  If the party seeking modification was not
8  diligent, then leave to amend should be denied.  *Johnson v. Mammoth Recreations, Inc.*,
9  975 F.2d 604, 609 (9th Cir. 1992).

10     Here, leave to amend is inappropriate.  The deadline for amending pleadings under the
11 operating case management order was October 25, 2007 (Dkt. 32).  The fact discovery cutoff
12 date is imminent — May 30, 2008.  Applied argues that it only knew of the facts giving rise to
13 the instant motion after the deadline for amending pleadings had passed.  Even so, however, this
14 does not explain Applied's prolonged delay in filing this motion.  The very documents that
15 Applied relies on to show Macevicz's untruthfulness were in Applied's possession in November
16 2007.  Macevicz filed his motion to dismiss on November 21, 2007.  Over four months passed
17 before Applied noticed the instant motion.  Applied's response that it needed additional time to
18 evaluate the basis for its added claims is unconvincing.  Four months is unjustifiably too long in
19 light of the case scheduling order known to all sides at all relevant times.  Applied had ample
20 time and opportunity to request leave to amend much earlier in this case.  It waited too long.
21 Too much prejudice would flow from this last-minute manipulation of the pleadings.

22     More fundamentally, even if it is true that Macevicz was "willfully untruthful" in his
23 conversations with Applied, the fact remains that it was Applied that created this obstacle to
24 suing him in the first place.  Applied has nobody but itself to blame for entering into such a
25 bizarre arrangement.  In light of these circumstances, it is difficult to sympathize with Applied's
26 position.

27     The same goes for Applied's additional allegations of inequitable conduct.  Applied has
28 not shown good cause why it could not have discovered its additional grounds for inequitable

1  conduct earlier in the discovery period, which ends in less than a month. It is simply too little
2  too late. Accordingly, plaintiff's motion for leave to file a second amended complaint is
3  **DENIED**.
4      **IT IS SO ORDERED**.

6  Dated: May 5, 2008.

    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

3