**MARSHALL, GERSTEIN & BORUN LLP**

— ATTORNEYS-AT-LAW —

John R. Labbé<br>
(312) 474-9575<br>
jlabbe@marshallip.com

May 19, 2008

<u>Via ECF Filing</u>

Honorable William H. Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Applera Corporation – Applied Biosystems Group v. Illumina, Inc., et al.*
           Case No. 07-CV-02845 WHA

Dear Judge Alsup:

    I write in response to Bryan Wilson's letter of today requesting a protective order to preclude Solexa from taking the deposition of Kevin McKernan, Ph.D. Defendant Solexa noticed the deposition for Boston near where Dr. McKernan works and resides.

    Solexa asked only that AB produce Dr. McKernan for a 90-minute deposition at a time and place of his choosing before May 30, when fact discovery closes and Solexa's opening expert reports are due. Because AB and Dr. McKernan refuse to allow Solexa to take his deposition before Solexa's opening expert reports are due on May 30, then Dr. McKernan should be barred from testifying at trial.

    Dr. McKernan is a likely trial witness in this case. However, AB listed over 30 witnesses on its Initial Disclosure Statement including 17 witnesses identified as having knowledge of the "[r]esearch and development, design, and/or function of AB's DNA sequencing products." Because the Defendants could not reasonably depose all of these witnesses, the Defendants asked AB as early as January 22 to "identify which of these witnesses AB reasonably expects to testify at trial" so that the Defendants could depose those witnesses. (*See* Attachment A.) AB has repeatedly refused to provide this information on the basis that the time has not yet come for it to identify trial witnesses. (*See* Attachment B.)

    Accordingly, the Defendants expect to rely primarily on the Rule 30(b)(6) testimony of AB regarding the design and development of the instrumentalities that Defendant Solexa accuses

MARSHALL, GERSTEIN & BORUN LLP

Honorable William H. Alsup
May 19, 2008
Page 2

of infringing the patents-in-suit. The deposition on these topics is already scheduled for tomorrow in Boston. The deposition will be in Boston at AB's request because the division of AB's business (formerly Agencourt Personal Genomics) that developed the accused products is located in Beverly, Massachusetts.

The Defendants have been unable to take the Rule 30(b)(6) deposition of AB on these topics until this month because AB produced over 750,000 pages of documents during April, which required review and analysis before the Rule 30(b)(6) deposition. The vast majority of the documents that AB produced in April pertain to the design and development of the accused products.

After learning that Dr. McKernan would not be AB's Rule 30(b)(6) designee at tomorrow's deposition, the Defendants requested that Dr. McKernan be made available for a short Rule 30(b)(1) deposition. Because Dr. McKernan's wife is expected to have a baby at anytime, the Defendants offered to limit his deposition to just 90 minutes and take it at a time and place of Dr. McKernan's choosing.

Although several other depositions are scheduled in this case for this week and next week, most of those are AB's depositions. Defendant Solexa is scheduled to take the Rule 30(b)(6) deposition of AB tomorrow and May 30 on a total of eight topics. Meanwhile, AB has scheduled the Rule 30(b)(6) depositions of Solexa and Illumina on a total of 15 topics this Friday and next Thursday, in addition to the Rule 30(b)(1) depositions of Illumina's CEO next Thursday, a third-party lawyer next Thursday, and another Illumina executive next Friday. Accordingly, although the deposition schedule is crowded in this case over the next two weeks, this should not be a reason to bar the Defendants from taking a short deposition of Dr. McKernan.

Respectfully submitted,

/s/ John R. Labbé

John R. Labbé
Counsel for Defendants

Attachments

cc:   Counsel of record (via ECF system)