

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/424,663 | 04/17/95 | MACEVICZ | S  PE01 |

18M2/0416

STEPHEN C MACEVICZ
21890 RUCKER DRIVE
CUPERTINO CA 95014

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1807 | |

DATE MAILED: 04/16/96

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (REV. 2/95)   1 - File Copy

ILL000263

EXHIBIT D

| Office Action Summary | Application No. 08/424,663 | Applicant(s) MACEVICZ |
|---|---|---|
| | Examiner PAUL B. TRAN | Group Art Unit 1807 |

☐ Responsive to communication(s) filed on _____

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-19* _____ is/are pending in the application.

Of the above, claim(s) *18 and 19* _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-17* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, ~~Paper No(s)~~ (3 pages)

☐ Interview Summary, PTO-413

☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)        Office Action Summary        Part of Paper No. 5

ILL000264

Serial Number: 08/424,663                                              -2-
Art Unit: 1807

**Part III   DETAILED ACTION**

**Election/Restriction**

1. Restriction to one of the following inventions is required under 35 U.S.C. 121:

   Group I, Claims 1-17, drawn to a method of identify a sequence of a polynucleotide, classified in Class 435, subclass 91.52.

   Group II, Claims 18 and 19, drawn to an oligonucleotide probe, classified in Class 536, subclass 24.3.

   The inventions are distinct, each from the other because of the following reasons:
   Inventions II and I are related as product and process of use. The inventions can be shown to be distinct if either or both of the following can be shown: (1) the process for using the product as claimed can be practiced with another materially different product or (2) the product as claimed can be used in a materially different process of using that product (M.P.E.P. § 806.05(h)). In the instant case, the product, an oligonucleotide probe, can be used not only in nucleotide sequencing but also as a probe for detection of target nucleic acid.

   Because these inventions are distinct for the reasons given above and have a separate status in the art as shown by their different classification and because of their recognized divergent subject matter, restriction for examination purposes as indicated is proper.

   During a telephone conversation with Stephen C. Macevicz on January 30, 1995, a provisional election was made with traverse to prosecute the invention of Group I, claims 1-17. Affirmation of this election must be made by applicant in responding to this

ILL000265

EXHIBIT D

Serial Number: 08/424,663            -3-
Art Unit: 1807

Office action. Claims 18 and 19 are withdrawn from further consideration by the Examiner, 37 C.F.R. § 1.142(b), as being drawn to a non-elected invention.

### Objection & Rejection

2. The disclosure is objected to because of the following informalities:

    (a) Page 5, line 32, the term "required" is typographically erred; Page 6, line 35, the term "in" is redundant; Claims 4 and 8, the terms "futher" are typographically erred.

    (b) Applicant is required to comply with Sequence Rule 1.821(d), which is to accompany the disclosed nucleotide sequences on pages 20-23 with identifier SEQ ID NOS.

3. Claims 1-12 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. The claims are vague and indefinite because in the independent Claim 1, it is unclear as to what limitations are involved in the identifying step (b) and how it is related to step (a), for instance, the relative position of the nucleotide(s), with respect to the initializing oligonucleotide, the oligonucleotide probe and the duplex, which is to be identified is not recited. Nor is it clear as to by what mechanism, e.g. using a label, the identification is carried out.

4. Claims 13-17 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. The claims are vague and indefinite because in the independent Claim 13, it is unclear as to what limitations are involved in the identifying step (e), which is recited to be done by a label on the ligated oligonucleotide

ILL000266

EXHIBIT D

Serial Number: 08/424,663                                        -4-
Art Unit: 1807

probe. For instance, the relative position of the labeled nucleotide(s), with respect to the initializing oligonucleotide, the oligonucleotide probe and the duplex, is not recited. ✓ C

5. Claims 4-6 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. The claims are vague because of the phrase "said extended duplex" recited in Claim 4, which is not clear as to whether it refers to the extended duplex produced in step (a) of Claim 1, or to that produced in the extending of the oligonucleotide probe after the identifying step (Claim 3). ✓ A

6. Claim 7 is rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. The claim is vague and indefinite because it is unclear as to whether or not "an extended duplex" recited in the claim is that produced in step (a) of the independent Claim 1. ✓ A

   The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

   A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

   Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same

ILL000267

EXHIBIT D

Serial Number: 08/424,663                                           -5-
Art Unit: 1807

person or subject to an obligation of assignment to the same person.

C.

Claims 1, 2, 7 and 13 are rejected under 35 U.S.C. § 103 as being unpatentable over Brennan et al. (U.S. Patent No. 5,403,708) in view of Cantor (U.S. Patent No. 5,503,980) or Broude et al.

Brennan et al. discloses a method of determining a nucleotide sequence template using a set of ligation primers and probes to identify the unknown nucleotides of the template. The primers hybridize to the template at a fixed position, and the probes (or extension oligonucleotides) to the unknown sequence, from which unknown nucleotides are identified. (See Figures 1A, 1B and 2; column 4, line 20 to column 6, line 26). In addition, terminating moieties comprising a terminal nucleotide which is capable of terminating the ligation reaction (column 6, line 27 to column 7, line 31), and extension oligonucleotides having modified backbone such as phosphorothioate or phosphorodithioate backbones (column 6, lines 20-26) are also disclosed.

Cantor et al. discloses a method of determining a nucleotide sequencing using an array of probes having both a double- and single-strand portions. After the probes and the target are hybridized to each other, they are ligated to increase the fidelity of hybridization, which allows for the incorrectly hybridized target to be washed from the correctly hybridized target (Figure 11, column 7, line 62 to column 8, line 36).

Broude et al. teaches a method determining nucleotide sequence in which ligase is used after hybridization between the probes and the target, which is to increase the discrimination power of base pair mismatch (Figure 1, Section bridging pages 3073 and 3074).

One of ordinary skill in the art would have been motivated to combine Brennan et al. and Cantor et al. to develop a method of identifying a nucleotide sequence using a primer, or as

ILL000268

EXHIBIT D

Serial Number: 08/424,663                                      -6-
Art Unit: 1807

designated in the instant invention, an initializing
oligonucleotide; ligase and probes comprising a chain terminating
terminal nucleotide as set forth in the claims (Claims 1, 2, 13).
While Brennan et al. discloses a method of determining nucleotide
sequence using a primer which is to be ligated to the hybridizing
probes and/or chain terminating moieties, both Cantor et al. and
Broude et al. emphasize the use of ligase to increase the
fidelity of hybridization and hence identifying correct
nucleotides. With regard to Claim 7, the artisan would have been
motivated to cap the oligonucleotides which fail to ligate to
remove them from further participating in the subsequent
ligation; otherwise they would affect the fidelity of nucleotide
identification. Therefore, it would have been *prima facie*
obvious to one of ordinary skill in the art at the time the
instant invention was made to carry the claimed methods.

8.   The prior art made of record and not relied upon is
considered pertinent to applicant's disclosure.
     Kuznetsova et al. teaches that the use of chemical ligation
to construct modified DNA containing a substituted pyrophosphate
internucleotide link would eliminate ambiguities in determining
the sequence of DNA containing repeats.
     Macevicz (U.S. Patent No. 5,002,867) discloses a method of
determining a nucleic acid sequence using multiple mixed
oligonucleotide probes.

9.   Claims 3-6, 8-12 and 14-17 are free of prior art. The prior
art of record neither teaches nor suggests a method of
identifying a nucleotide sequence in which the chain-terminating
probes are regenerated to allow them for subsequent ligation to
continue the sequencing reactions further downstream.

ILL000269

EXHIBIT D

Serial Number: 08/424,663                               -7-
Art Unit: 1807

10. Any inquiry concerning this communication or those earlier from the examiner should be directed to Paul B. Tran, Ph.D., whose telephone number is (703) 308-4040.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose phone number is (703) 308-0196.

Paper related to this application may be submitted to Group 1800 by facsimile transmission. Papers should be faxed to Group 1800 via the PTO Fax Center located in Crystal Mall 1. The faxing of such papers must conform with the notice published in the Official Gazette, 1096 OG 30 (November 15, 1989). The CM1 Fax Center number is (703) 305-7401.

pbt
AU 1807
4/11/96

PAUL B. TRAN
PATENT EXAMINER
GROUP 1800

ILL000270

EXHIBIT D