I hereby certify that this correspondence is being deposited with the U.S. Postal Service with sufficient postage as First Class Mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C., 20231, on:

Date: May 12, 1998    By: [signature]

Docket No.: 5525-0015.20

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

IN RE APPLICATION OF:
    Stephen C. Macevicz

SERIAL NO.: 08/872,446

FILED: June 10, 1997

FOR: **DNA Sequencing by Parallel Oligonucleotide Extensions**

EXAMINER: E. Whisenant
ART UNIT: 1634

### AMENDMENT

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

In response to the Office action mailed December 12, 1998, please amend the application as indicated below. A Petition for 2-Month Extension of Time with fee authorization is enclosed herewith.

<u>In the Specification</u>:

    On page 3, line 32, change "required" to --require--.
    On page 4, line 21, after "that" insert --of--; on line 27, change "initializiang" to --initializing--; and on line 30, change "identifed" to --identified--.
    On page 5, line 24, change "the the" to --the--.
    On page 6, line 28, after "start" insert --of--; and on line 35, change "$i_n$ in" to "in".
    On page 7, line 25, change "be be" to --be--.
    On page 12, line "4.816,571" to --4,816,571--.
    On page 13, line 7, change "application," to --application number--; and on line 26, insert --step-- after "ligation", and change "steps" to --step--.

ILL000103

EXHIBIT G

On page 14, line 22, change "Internation" to --International--.

On page 17, line 1, after "by" delete "several"; line 16, change "hybrized" to --hybridized--; on line 19, change "hybrization" to --hybridization--; and on line 24, change "simutaneously" to --simultaneously--.

On page 18, line 35, change "stingency" to --stringency--.

On page 20, line 3, after "on" insert --the--; on line 7, change "corresponence" to --correspondence--; and change line 32 to read as follows: --region is ligated into a Sac I/Sma I-digested pUC19 (upper strand: SEQ ID NO. 1; lower strand: SEQ ID NO. 9):--.

On page 21, line 33, before "5'-", insert --(SEQ ID NO. 2)  --; on line 6, after "3'" insert --(SEQ ID NO. 10)--; on line 7, after "GGT-3'", insert --(SEQ ID NO. 11)--.; and on line 35, before "5'-", insert --(SEQ ID NO. 3)  --.

Also on page 21, line 25, change "sequence:" to --sequence, where the defined sequence separated by the ellipses (...) are listed in the attached sequence listing as two separate sequences, SEQ ID NO. 12 and SEQ ID NO. 13:--.

On page 22, line 1, before "5'-", insert --(SEQ ID NO. 4)  --; on line 3, before "5'-", insert --(SEQ ID NO. 5)  --; and on line 29, change "))" to --)--.

On page 23, line 13, before "and", insert --(SEQ ID NO. 6)--; on line 14, change "3'" to --3' (SEQ ID NO. 7)--; and on line 22, before "5'-", insert --(SEQ ID NO. 8)  --.

In the Claims

Please amend claims 18 and 19 as follows:

In claim 18, last line, after "labeled" insert --, non-extendable--.

2

ILL000104

EXHIBIT G

2 ~~19~~. (Amended) An oligonucleotide probe selected from the group consisting of:

$$OP(=O)(O-)O-(5')(B)sRRRR(B)wBt*$$

$$[ HO-(3')(B)sRRRR(B)wBt* ]$$

and

$$OP(=O)(O-)O-(5')(B)sRRRR(B)w(3')OP(=O)(O-)O$$

/63

wherein:
   B is a deoxyribonucleotide or an analog thereof;
   R is a ribonucleotide;
   s is in the range of from 1 to 8;
   w is in the range of from 0 to 8, such that the sum of s [j] and w [k] is less than or equal to 8; and
   Bt* is a labeled, non-extendable chain-terminating moiety.

## REMARKS

Reconsideration of the application is respectfully requested in light of the following remarks. Claims 18 and 19 are pending.

I. Amendments

The specification has been amended to correct various typographical errors, and to include SEQ ID identifiers. Claim 19 has been amended to delete the second member of the Markush group, to replace parameters j and k with s and w, and to add --and-- before the last clause of the claim. Claims 18 and 19 have been amended to change "labeled chain terminating moiety" to --labeled, non-extendable chain terminating moiety--, to further define the claimed invention. No new matter is added by any of the amendments.

II. Abstract

The application was objected to for lack of an abstract. Accordingly, a new abstract is attached hereto for the Examiner's consideration.

3

III. Rejections Under 35 U.S.C. §112, First Paragraph

Claim 18 was rejected under 35 U.S.C. §112, first paragraph, as not being enabled. The Examiner argued that the specification did not contain guidance sufficient to allow one skilled in the art to make oligonucleotide probes containing a phosphoramidate linkage (N3'-->P5') between the terminal and penultimate nucleotides. However, the applicant submits that such methodology was well known in the art at the time of the present invention, and therefore need not be repeated in the specification.

In support of this position, enclosed herewith are copies of three illustrative references showing that the requisite synthetic methodology was well known.

Gryaznov et al., Nucl. Acids Res. 20:3403 (1992), discloses synthesis of oligonucleotides having internal bridging phosphoramidates by way of dimer blocks (I) and/or (X) shown in the first column of page 3406. U.S. Patent No. 5,476,925 (of record) is based on this disclosure.

Gryaznov and Chen, JACS 116:3143 (1994), discloses a method of synthesizing oligos with any number of internal N3'-->P5' phosphoramidate linkages.

Bannwarth, Helv. Chim. Acta 71:1517 (1988), discloses synthesis of oligos having internal N5'-->P3' phosphoramidate linkages.

"A patent need not teach, and preferably omits, what is well known in art." Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 231 USPQ 81 (CAFC 1986). Given that methods for synthesizing oligonucleotides containing such phosphoramidate linkages were well known in the art, the specification meets the enablement requirement. Withdrawal of the rejection is therefore respectfully requested.

IV. Rejections Under 35 U.S.C. §112, Second Paragraph

Claims 18 and 19 were rejected under 35 U.S.C., second paragraph, as being indefinite (i) due to the Examiner's uncertainty regarding the ranges of j and k (claims 18 and 19), (ii) because the symbols j and k were inadvertently used in claim 19 instead of

4

s and w, and (iii) because of the phrase "labeled chain terminating moiety" (claims 18 and 19).

With regard to the ranges of j and k in claim 18, and s and w in claim 19, the applicant submits that the recited ranges are not in conflict. In particular, there is nothing in the specification to require that the range for k cannot be from 0 to 12 as recited, rather than 0 to 11 as suggested by the examiner. Nor is this in conflict with the limitation that the sum of j + k is less than or equal to 12. For example, if j is 0, k is 12 or less. If k is 0, j is 12 or less. Similar reasoning applies to s and w in claim 19. A person of ordinary skill in the art would have no difficulty understanding the metes and bounds of the recited ranges.

With regard to antecedent basis for k and j in claim 19, this claim has been amended to correct an inadvertent typographical error, in accordance with the Examiner's suggestion.

Finally, the phrase "labeled chain terminating moiety" has been amended in claims 18 and 19 to --labeled, non-extendable chain terminating moiety-- to recite that the moiety is not extendable by DNA polymerase.

V. Rejection Under 35 U.S.C. §102(b)/103(a)

Claim 19 was rejected under either 35 U.S.C. §102(b) or 103(a) as being unpatentable over Duck et al. (U.S. Patent No. 5,011,769). This rejection is believed moot in light of the amendment to claim 19.

VI. Conclusion

In view of the foregoing, the applicant submits that the claims pending in the application are in condition for allowance. A Notice of Allowance is therefore respectfully requested.

Date: _____

Respectfully submitted,

*[signature]*

Vincent M. Powers
Registration No. 36,246

Correspondence Address:
Dehlinger & Associates
P.O. Box 60850
Palo Alto, CA 94306
Phone: (650) 324-0880

5