## STEPHEN C. MACEVICZ RELEASE

This Release is made and effective December 17, 2007, by and among the following parties.

**PARTIES**

| | | |
|---|---|---|
| SOLEXA, INC. ("Solexa")<br>Hayward, California<br>(a Delaware corporation) | ILLUMINA, INC. ("Illumina")<br>San Diego, California<br>(a Delaware corporation) | DR. STEPHEN C. MACEVICZ<br>Santa Clara County, California<br>(an individual) |

**RECITALS**

Whereas, Macevicz is a former employee of Lynx Therapeutics, Inc. ("Lynx") and entered into an Indemnity Agreement effective as of May 1, 1995, with Lynx (the "Indemnity Agreement");

Whereas, effective in 2005, Lynx acquired Solexa and the combined companies of Lynx and Solexa became Solexa and, effective January 26, 2007, Illumina acquired Solexa;

Whereas, the Applied Biosystems operating group of Applera Corp., a Delaware corporation, has instituted litigation(s) against Illumina, Solexa, and Macevicz concerning the ownership of certain patent applications filed by Macevicz and relating to U.S. Patent No. 5,750,341, U.S. Patent No. 5,969,119, and U.S. Patent No. 6,306,597 (the "Applications"), including Case No. C07 02845 WHA (N.D. Cal., San Francisco Division) ("the Litigation");

Whereas, pursuant to Paragraph 7(b) of the Indemnity Agreement, Solexa/Illumina has elected to assume the defense of Macevicz in the Litigation and has so notified Macevicz by email notice from Kevin Flowers, Esq. of Marshall Gerstein addressed to Basil P. Fthenakis, Esq. dated December 17, 2007, at about 2:55 p.m. CST invoking Paragraph 7(b) of the Indemnity Agreement ; and

1



CONFIDENTIAL                                    ILL044592

**EXHIBIT 8**

Whereas, Macevicz is agreeable to having Solexa/Illumina assume his defense and represent him with the same counsel representing Solexa/Illumina in the Litigation as long as Solexa/Illumina agree to release Macevicz from any equitable or legal claims arising from the Litigation as set forth below;

IT IS HEREBY AGREED THAT:

1. Solexa/Illumina releases Macevicz from any equitable or legal claims Solexa/Illumina may have against Macevicz and arising out of or relating to (i) the prosecution of the Applications or (ii) the assignment of the Applications to Lynx, or (iii) the patents that are the subject of the Litigation.

2. Subject to the Indemnity Agreement, Macevicz acknowledges and agrees that Solexa/Illumina, through counsel of its choice, assumes exclusively the defense of Macevicz in the Litigation. Macevicz further acknowledges and agrees that the issues addressed by the Litigation do not currently raise any actual conflicts of interest between on the one hand Solexa/Illumina and Macevicz on the other hand. Consistent therewith, Macevicz agrees not to invoke section 7(b)(ii) of the Indemnity Agreement in the context of the Litigation unless outside counsel for Solexa/Illumina determines that an actual conflict of interest has arisen at some time in the future between Macevicz and Solexa/Illumina. In the event that such a conflict of interest should arise, outside counsel for Solexa/Illumina will continue to represent Solexa/Illumina but will continue to represent Macevicz only if both Solexa/Illumina and Macevicz waive the conflict of interest.

2

3. This Release will not affect or pertain to a judicial order or judgment, that is in force and not stayed or the subject of a motion to stay, for specific performance by Macevicz personally, and will not affect or pertain to consequences of Macevicz's failure to comply with such an order or judgment.

4. At no cost to Solexa/Illumina (except for the reimbursement of Macevicz' reasonable travel expenses), Macevicz does hereby agree to cooperate and assist in defense of the Litigation with counsel representing Solexa/Illumina, including making himself and pertinent documents in his custody and control available to such counsel, testifying, executing documents, and reviewing documents preparatory to being filed or served in the Litigation.

5. Macevicz does also agree to be responsible for any legal fees or costs charged by Basil P. Fthenakis or the TIPS Group, Palo Alto, California (or by other attorneys representing Macevicz), in connection with the Litigation for activities subsequent to the email notice from Kevin Flowers, Esq. of Marshall Gerstein addressed to Fthenakis dated December 17, 2007, at about 2:55 p.m. CST invoking Paragraph 7(b) of the Indemnity Agreement.

6. This Release does not and is not meant to admit or imply any liability on the part of any of Macevicz, Solexa, and Illumina for any claim, equitable or legal, asserted in the Litigation.

7. This Release may be pled as the full and complete right to enforce the Release against Macevicz for any breach by Macevicz of any of his obligations hereunder. Macevicz agrees that in the event an action or proceeding is instituted by Solexa/Illumina

3

CONFIDENTIAL

ILL044594

**EXHIBIT 8**

to enforce the terms or provisions of this Release, Solexa/Illumina shall be entitled to an award of reasonable costs and attorneys' fees incurred in connection therewith.

8. This Release constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof; provided, however, that, for clarity, except as provided in Paragraph 2 of this Release, the terms and conditions of the Indemnity Agreement shall remain in full force and effect and the protections afforded Macevicz under it shall not be diminished in any way by the terms and conditions of this Release. It shall be interpreted and enforced in accordance with the laws of the State of Delaware, and may not be amended except by a writing signed by the parties.

9. This Release may be executed in counterparts, each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument.

SOLEXA, INC./ ILLUMINA, INC.

By: _____
Title: SVP + CFO

DR. STEPHEN C. MACEVICZ

By: _____
Dr. Stephen C. Macevicz

4

CONFIDENTIAL

ILL044595

**EXHIBIT 8**