# Exhibit 3

# Exhibit 3

# Deposition of
# KEITH BACKMAN, PhD

**Date:** June 27, 2008
**Volume:** 1

**Case:** APPLERA v. ILLUMINA

SHARI MOSS & ASSOCIATES
Phone: (650) 692-8900  (415) 402-0004
Fax: (650) 692-8909
Email: sharimoss@sharimoss.com
Internet: www.iptranscripts.com

```
             UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
                SAN FRANCISCO DIVISION




--------------------------- x
APPLERA CORPORATION -
 APPLIED BIOSYSTEMS GROUP,
a Delaware corporation,
         Plaintiff,

v.                                     Case Number
                                       C07 02845 WHA
ILLUMINA, INC, a Delaware
 corporation, SOLEXA, INC.,
 a Delaware corporation,
and STEPHEN C. MACEVICZ,
an individual,

         Defendants.
--------------------------- x
```

  DEPOSITION OF KEITH C. BACKMAN, Ph.D., a witness called by and on behalf of the Plaintiff, taken pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before Dana Welch, CSR, Registered Professional Reporter, Certified Realtime Reporter, and Notary Public, in and for the Commonwealth of Massachusetts, at Regus Center, 60 State Street, Suite 700, Boston, Massachusetts, on June 27, 2008, commencing at 8:51 a.m.

```
 1   APPEARANCES:
 2   For the Plaintiff:
 3         MORRISON & FOERSTER LLP
 4         12531 High Bluff Drive, Suite 100
 5         San Diego, California  92130-2040
 6         858.720.5100  Fax:  858.720.5125
 7         scomer@mofo.com
 8         By:  Steven E. Comer, Esq.
 9
10   For the Defendants:
11         MARSHALL, GERSTEIN & BORUN LLP
12          233 South Wacker Drive
13          6300 Sears Tower
14          Chicago, IL 60606-6357
15          312.474.6300 Fax: 312.474.0448
16          mizraelewicz@marshallip.com
17          kflowers@marshallip.com
18        By:  Mark Izraelewicz, Esq.
19          and Kevin M. Flowers, Ph.D, Esq.
20
21
22   Also Present:  Shawn Budd, Videographer
23
24
25
```

1                          I N D E X

2    WITNESS:

3       KEITH C. BACKMAN, Ph.D.

4

5    EXAMINATION:                                          PAGE:

6       BY MR. COMER                                        5

7    EXHIBITS MARKED:

8     NO.   DESCRIPTION                                    PAGE:

9      Exhibit No. 262, Synthesis and Selective            174
       Cleavage of an Oligodeoxynucleotide...
10     article by Mag (remarked from previous
       deposition.)
11

12     Exhibit No. 501, Expert Statement of Keith          13
       C. Backman, Ph.D. Regarding Infringement
13

14     Exhibit No. 502, Expert Rebuttal Statement          13
       of Keith C. Backman, Ph.D.
15

16     Exhibit No. 503, Patent Local Rule 4-2,             49
       Claim Construction Disclosures of
17     Counterclaim Plaintiff Solexa, Inc.

18     Exhibit No. 504, Claim Construction Order           135

19     Exhibit No. 505, U.S. Patent Number                 142
       5,770,367
20

21
     Exhibits appended to transcript.
22

23

24

25

Page 4

```
 1                P R O C E E D I N G S
 2         THE VIDEOGRAPHER:  Okay.  We are on the
 3     record.  This is the video operator speaking,
 4     Shawn Budd.  Today's date is June 27th, 2008,
 5     and the time is 8:51.
 6         We are here at the offices of HQ Global,
 7     located at 60 State Street, Boston,
 8     Massachusetts to take the videotaped
 9     deposition Dr. Keith Backman, in the matter of
10     Applera Corporation, et al., versus Illumina
11     Inc., et al.
12         Would counsel please introduce themselves.
13         MR. COMER:  Steve Comer of Morrison &
14     Foerster for Applied Biosystems.
15         MR IZRAELEWICZ:  Mark Izraelewicz and
16     Kevin Flowers of Marshall Gerstein & Borun for
17     defendants.
18         THE VIDEOGRAPHER:  And would the court
19     reporter please swear in the witness.
20              KEITH C. BACKMAN, Ph.D.,
21  having been satisfactorily identified by the
22  production of his driver's license, and duly sworn
23  by the Notary Public, was examined and testified as
24  follows:
25
```

1  hybridizes, though, would you?

2       A.  Well, that's not necessarily the case.

3       Q.  How would you know?

4       A.  Well, if you had a molecule of completely

5  unknown sequence, there might be -- you might do a

6  very quick determination of some small region of

7  sequence within it and then say, well, this is the

8  region, you know, somewhere in this 30 bases that

9  I'm going to determine, I'm going to use that as my

10 binding region because now I know it's sequenced.

11 And it's not something I've added; it's something

12 which is inherent in the molecule to begin with.

13 But I'm going to start there and I'm going to move

14 outward.

15      Q.  So how would you know where the primer

16 hybridizes?

17      A.  Well, because if you determine a short

18 sequence, you would then design primers and

19 synthesize them that bound to that region.  So

20 you'd know they bind to this region which I

21 determined.

22          It's not something I added; it's something

23 that's in the molecule to begin with.  I'm going to

24 design primers -- it's much like when I talked

25 about the pUC example where he could have used a

Page 73

1   binding region which was inherent in the pUC
2   plasmid, and he would have known the sequence.  And
3   so he could have used that known sequence as a
4   binding region, saying I'm only interested in
5   determining sequence that's adjacent to that.
6       Q.  So he could have described that, but he
7   did not describe that, did he?
8       A.  He could have described that, but he did
9   not describe that?  I think by implication, he did
10  describe that.
11      Q.  Where?
12      A.  By implication when he talks about what's
13  preferable, and then by implication, what's less
14  preferable.
15      Q.  Do you take the same view of the prior art
16  references, that what they teach as preferred
17  embodiments include things that are less preferred?
18          MR. IZRAELEWICZ:  Objection.
19          THE WITNESS:  I'm not a lawyer, so I don't
20      know what the standard to answer that question
21      by is.
22  BY MR. COMER:
23      Q.  Well, where did you get this idea that
24  disclosing a preferred embodiment includes lesser
25  embodiments that are not preferred and not

1  covered that a question or two ago.

2      Q.  In paragraph 139, you say that "One of
3  ordinary skill in the art would have understood
4  that alternatively the claimed method could be
5  practiced on a target polynucleotide after partial
6  sequence information was obtained, perhaps by some
7  other method, to allow design of one or more
8  complementary initializing oligonucleotides."  Did
9  I read that correctly?

10     A.  Yes.

11     Q.  Do you still stand by that statement?

12     A.  Yes.

13     Q.  Is that taught anywhere in the Macevicz
14 patents?

15     A.  Only by implication, as I said, as being a
16 less preferred.  I mean, the preference is
17 specifically pointed to as having the binding
18 region of known sequence; that's a specific
19 preferred embodiment.  So when you say, well,
20 what's less preferred, it's the elimination of
21 that, and that's what's here.

22     Q.  Is it -- does the patent teach a binding
23 region of unknown sequence?

24     A.  Well, that's, if you'll excuse me, I think
25 a contradiction in terms.