```
 1                UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
 2                   SAN FRANCISCO DIVISION
 3
 4     --------------------------- x
       APPLERA CORPORATION -
 5     APPLIED BIOSYSTEMS GROUP,
       a Delaware corporation,
 6              Plaintiff,
 7     v.                                    Case Number
                                              C07 02845 WHA
 8     ILLUMINA, INC, a Delaware
        corporation, SOLEXA, INC.,
 9      a Delaware corporation,
       and STEPHEN C. MACEVICZ,
10     an individual,
11              Defendants.
       --------------------------- x
12
13           DEPOSITION OF KEITH C. BACKMAN, Ph.D., a
14        witness called by and on behalf of the
15        Plaintiff, taken pursuant to the applicable
16        provisions of the Federal Rules of Civil
17        Procedure, before Dana Welch, CSR, Registered
18        Professional Reporter, Certified Realtime
19        Reporter, and Notary Public, in and for the
20        Commonwealth of Massachusetts, at Regus
21        Center, 60 State Street, Suite 700, Boston,
22        Massachusetts, on June 27, 2008, commencing at
23        8:51 a.m.
24
25
```

1    correct?
2        A.  There is an N minus 1 or N minus 3, 4, 5
3    to which bridge probes are added.  But the purpose
4    of adding those bridge probes has nothing to do
5    with obtaining sequence information.  It has to do
6    with providing a place from which the cycles of the
7    Macevicz patent can begin.
8            So in that context, it's a convenient
9    way -- I understand the convenience of it in the
10   context of the -- of the SOLiD system, but it
11   simply is a convenient way to finish the
12   manufacture of the initializing oligonucleotide
13   probe.
14       Q.  Well, what about the bridge probe does not
15   meet this definition you've given of extension
16   oligonucleotide probe?
17       A.  It serves a different function.
18       Q.  So you think that there's a function
19   required in this extension oligonucleotide probe?
20       A.  Within the context of the patent, yes.
21       Q.  What is -- what is that function?
22       A.  In the Macevicz patents, the function of
23   the extension oligonucleotide probes directly
24   relates to obtaining information that -- that is
25   used to determine sequence.  The bridge probes are

1   specifically not intended to have any direct
2   relationship.  They're -- they're like raising the
3   launching pad six feet higher so the rocket has six
4   foot less to go to get into space.
5        Q.   Well, what -- so you believe that the
6   claim term "extension oligonucleotide probe" also
7   requires the function of obtaining information
8   about the target sequence; is that right?
9        A.   As it is used in Macevicz, a person of
10  ordinary skill in the art in 1995 would understand
11  he was referring to a probe that had that function,
12  if you want to use that term.
13       Q.   So would you change your proposed
14  construction of extension oligonucleotide probe?
15       A.   No.
16       Q.   So you don't believe that the claim
17  language requires the function of obtaining
18  sequence information?
19       A.   Which claim?
20       Q.   Claim 1 of the '341 patent.
21       A.   Well, it's implicit.  The extension
22  oligonucleotide probe is ligated to the extendable
23  probe terminus in step (b); and then in step (c),
24  the very first thing is identifying.
25       Q.   So there can be no intervening steps?

1      A.   Well, certainly there can be intervening
2  steps because we have a comprising claim, not a
3  consisting-of claim.  But as in the context of what
4  Macevicz teaches, the extension probe as it's
5  described is related to the identifying.
6      Q.   So in your view, the extension
7  oligonucleotide probe must also perform the
8  function of obtaining sequence information?
9           MR. IZRAELEWICZ:  Objection.  Asked and
10      answered.
11          THE WITNESS:  Must also perform the
12      function?  I would -- I wouldn't state it that
13      way, no.  I'd state it more in terms of it
14      must not be the overwhelming function of the
15      molecule -- the probe -- that particular
16      probe.  It can be something completely
17      different.
18          (Clarification by the reporter.)
19          THE WITNESS:  It must not be the function
20      of that entity, probe, to do something
21      completely different, which in my opinion
22      bridge probes do something completely
23      different, unrelated.
24  BY MR. COMER:
25      Q.   Are the bridge probes oligonucleotide

1              CERTIFICATE
2    Commonwealth of Massachusetts
3    Suffolk, ss.
4
5          I, Dana Welch, Registered Professional
6    Reporter, Certified Realtime Reporter and Notary
7    Public in and for the Commonwealth of
8    Massachusetts, do hereby certify that KEITH C.
9    BACKMAN, Ph.D., the witness whose deposition is
10   hereinbefore set forth, was duly sworn by me and
11   that such deposition is a true record of the
12   testimony given by the witness.
13         I further certify that I am neither related
14   to nor employed by any of the parties in or counsel
15   to this action, nor am I financially interested in
16   the outcome of this action.
17         In witness whereof, I have hereunto set my
18   hand and seal this 30th day of June, 2007.
19
20                        _____
21                        Dana Welch
                          Notary Public
22                        My commission expires:
                          October 22, 2010
23
24
25

**EXHIBIT 1**