THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com
E-Mail: mizraelewicz@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, <br><br> Defendants/Counterclaimants. | Case No. 07-CV-02845 WHA <br><br> Honorable William H. Alsup <br><br> **SOLEXA'S MOTION FOR CLARIFICATION AND FOR LEAVE TO FILE MOTION SEEKING RECONSIDERATION OF THE COURT'S AUGUST 22, 2008 ORDER** |

1    **I.    INTRODUCTION AND STATEMENT OF RELIEF SOUGHT**

2    Pursuant to Civil Local Rule 7-9, Solexa seeks clarification of, and leave to file a motion

3    seeking reconsideration of, the Court's August 22, 2008 Order.[1]

4    First, Solexa requests that the Court clarify that its grant of summary judgment of non-

5    infringement regarding the '341 and '597 patents applies only to the "two-base-encoding" version

6    of the SOLiD System. As written, the Court's holding of non-infringement of the "identifying"

7    limitation in the asserted claims might be interpreted to apply not only to the two-base-encoding

8    version of the SOLiD System (which was the sole subject of AB's arguments regarding non-

9    infringement of the "identifying" limitation), but <u>also</u> to the one-base-encoding version (which, in

10    its opposition brief, AB expressly admitted satisfied the "identifying" limitation). Indeed, in dis-

11    cussion between counsel, AB has indicated that it considers the Order as having "resolved" the

12    '341 patent in regard to infringement by the one-base-encoding version and as having left "only

13    the '597 and '119 as open issues," *i.e.*, AB takes the position that the Court has granted summary

14    judgment of non-infringement of the '341 patent as to both the two-base- <u>and</u> one-base-encoding

15    versions of the SOLiD System. Solexa requests that the Court clarify its Order so that the parties

16    can go forward with a clear understanding of what issues remain for trial in this case regarding

17    the one-base-encoding version of the SOLiD System.

18    Second, given AB's admission of infringement, Solexa seeks leave to file a motion seek-

19    ing reconsideration of the Court's denial of Solexa's motion for summary judgment of infringe-

20    ment of the '341 and '597 patents by the <u>one</u>-base-encoding version of the SOLiD System.

21    Finally, Solexa seeks leave to file a motion seeking reconsideration of the Court's holding

22    that Solexa waived reliance on the Doctrine of Equivalents with regard to the "identifying" limi-

23    tation in the asserted claims of the '341 and '597 patents, because AB's vague and conclusory

24    comments about that issue in its opening brief were wholly inadequate to require a response by

25    Solexa.

26

27

28    [1] Docket No. 232 (hereinafter "the Order").

**SOLEXA'S MOTION FOR CLARIFICATION AND FOR LEAVE TO FILE MOTION SEEKING RECONSIDERATION OF THE COURT'S AUGUST 22, 2008 ORDER; CASE NO. 07-CV-02845 WHA**

1    **II.    ARGUMENT**

2        **A.    The Court should clarify that its holding of non-infringement of the '341 and
3                '597 patents applies only to the two-base-encoding version of the SOLiD Sys-
                tem**

4        It is undisputed that AB has made, used, and sold the "two-base-encoding" version of the

5    SOLiD System, which the Court has found does not infringe the '341 or '597 patents. But it is

6    also undisputed that AB's predecessor-in-interest, Agencourt, also made and used a "one-base-

7    encoding" version of the SOLiD System.[2] In its motion for summary judgment, AB requested that

8    the Court find "(1) that all versions of the SOLiD System (including any one-base-encoding pro-

9    totypes) do not infringe any asserted claims of the '341 and '119 patents; and (2) that all two-base

10   encoding versions of the Solid System do not infringe the sole asserted claim of the '597 patent."[3]

11   But AB never sought summary judgment that the one-base-encoding version of the SOLiD Sys-

12   tem did not infringe claim 1 of the '597 patent (on any ground), and it never sought summary

13   judgment that the one-base-encoding version did not satisfy the "identifying" limitation in the

14   claims of either the '341 or '597 patents.

15       Although the Court's discussion in the Order was limited to how the two-base-encoding

16   version of the SOLiD System does not satisfy the "identifying" term in the claims of the '341 and

17   '597 patents, the Order nevertheless includes the blanket statement that "summary judgment of

18   non-infringement as to all asserted claims of the '341 and '597 patents is GRANTED," without

19   specifying whether the grant was with regard to the two-base-encoding or one-base-encoding ver-

20   sions (or both) of the SOLiD System.

21       Because it is currently unclear what issues remain for trial with regard to infringement of

22   these patents by the one-base-encoding version of the SOLiD System, Solexa respectfully re-

23   quests that the Court clarify that it has only granted summary judgment of non-infringement with

24       [2] As AB admitted in its Opposition (Docket No. 216 at 17-18), the "one-base-encoding" ver-
25   sion of the SOLiD System used oligonucleotide probes where the fluorescent labels on the probes
     corresponded to the identity of a single base, while the "two-base-encoding" format uses oligonu-
26   cleotide probes where the fluorescent labels on the probes correspond to the identity of two adja-
     cent bases.

27       [3] AB Motion for Summary Judgment of Non-Infringement (Docket No. 207) at 1 (emphases
28   added).

**SOLEXA'S MOTION FOR CLARIFICATION AND FOR LEAVE TO FILE MOTION SEEKING
RECONSIDERATION OF THE COURT'S AUGUST 22, 2008 ORDER; CASE NO. 07-CV-02845 WHA**

**2**

1    regard to the two-base-encoding version of the SOLiD System, because the two-base-encoding

2    version fails to satisfy the "identifying" limitation.

3    **B.    The Court should reconsider its denial of Solexa's motion for summary judgment of infringement of the '341 and '597 patents by the one-base-encoding version of the SOLiD System**

4

5    The Local Rules for the Northern District of California provide that a motion for recon-

6    sideration may not be noticed "without first obtaining leave of Court to file the motion."[4] A mo-

7    tion for leave to file a Motion for Reconsideration must specifically show that one or more of

8    three specific grounds for reconsideration exist.[5] In this case, because the record shows "a mani-

9    fest failure by the Court to consider material facts or dispositive legal arguments which were pre-

10   sented to the Court"[6] regarding Solexa's motion for summary judgment of infringement of claim

11   1 of the '597 patent and claim 1 of the '341 patent by the one-base-encoding version of the

12   SOLiD System, the Court should reconsider its denial of Solexa's motion.

13   Solexa moved for partial summary judgment that the one-base-encoding version of the

14   SOLiD System infringed both the '341 and '597 patents.[7] As AB admitted in its Opposition to

15   Solexa's motion,[8] the one-base-encoding version of the SOLiD System, developed and used by

16   Agencourt, used sets of oligonucleotide probes in which each oligonucleotide probe in the set was

17   assigned a fluorescent dye ("label") corresponding to the identity of one of the bases in a specific

18   position (the "interrogation position").[9]

19   Although the Court granted summary judgment of non-infringement as to the two-base-

20   encoding version of the SOLiD System, its decision on that issue did not require denying

21   _____

      [4] L. R. 7-9(a).

22    [5] L. R. 7-9(b)(1)-(3).

23    [6] L. R. 7-9(b)(3).

24    [7] Solexa's Motion for Partial Summary Judgment of Infringement (Docket No. 203) at, *e.g.*, 1, 2 and 13-24.

25    [8] AB's Opposition to Solexa's Motion for Partial Summary Judgment of Infringement (Docket No. 216) at 17-18.

26

27    [9] The one-base-encoding version is distinct from the commercial versions of the SOLiD System that use "two-base-encoding probes," *i.e.*, probes where the label corresponds to the identities of two adjacent bases.

28

      **SOLEXA'S MOTION FOR CLARIFICATION AND FOR LEAVE TO FILE MOTION SEEKING RECONSIDERATION OF THE COURT'S AUGUST 22, 2008 ORDER; CASE NO. 07-CV-02845 WHA**

1   Solexa's motion for summary judgment of infringement as to the one-base-encoding version. The

2   Order does not provide a basis for denial of Solexa's motion with regard to the one-base-encoding

3   version of the SOLiD System,[10] or, indeed, any indication that the Court considered the evidence

4   presented in Solexa's motion (or the admission in AB's opposition brief) that the one-base-

5   encoding version satisfied the "identifying" limitation in the claims of the '341 and '597 patents.

6       The Order suggests that the Court only considered the operation of the <u>two</u>-base-encoding

7   version of the SOLiD System in reaching its conclusion regarding the parties' motions for sum-

8   mary judgment. For example, the Order states:

9       The record is clear that the Solid System does not literally determine the identity
        of a base in the target sequence on each and every cycle when a new probe is hy-
10      bridized to the target sequence. This, of course, is because the Solid System em-
        ploys a *two-base identification scheme* with software at the back end of the system
11      to decode the sequence.[11]

12      Such statements in the Order suggest that the Court did not consider the operation of the

13  one-base-encoding version of the SOLiD System, or whether this system infringed the '341 and

14  '597 patents as alleged by Solexa in its motion for partial summary judgment.[12] The Court's ap-

15

16      [10] Docket No. 232 at 19, n.7.

17      [11] *Id*. at 14. *See also id*. at 6 ("The Solid System is a DNA sequencing machine that operates
        by interrogating *two bases* of an unknown DNA sequence at a time.") (emphasis added), and *id*.
18      at 7 ("Unlike the inventions in the asserted patents, however, *the Solid System assigns a color la-
        bel that is based on the identity of two bases in the probe - not one*.") (emphasis added). Likewise,
19      none of the Figures used in the Court's discussion of the operation of "the SOLiD System" relate
        to the one-base-encoding version. *See id*. at 7-10, Figures 5-8 (indeed, Figure 6 is specifically en-
20      titled "SOLiD Two Base Encoding") (*id*. at 8).

21      [12] Based on other statements in the Order, it appears that the Court would agree with Solexa
        that a one-base-encoding version of the SOLiD System would satisfy the "identifying" limitation
22      in the asserted claims of the '341 and '597 patents. For example, the Court stated that the '341
        patent describes the use of oligonucleotide probes in which "each oligonucleotide probe in the set
23      of probes is assigned a label corresponding to the identity of *one* of the bases located in the same
        position as the other probes." *Id*. at 3 (emphasis added). These probes are one-base-encoding
24      probes, not two-base encoding probes. *See id*. at 4, Fig. 1, and 5, Fig. 2. The Court further stated
        that when one-base-encoding probes are hybridized to a target, "[t]he specific oligonucleotide
25      probe that hybridized may then be identified by recording the label that had previously been as-
        signed to it (*e.g*., yellow) . . . . Once the color for the probe has been determined, *the user then
26      knows the specific identity of a nucleotide in the probe* (*e.g*., the fifth nucleotide is an A)" (*id*. at
        4) (emphasis added), that "[r]epeating this process by ligating further oligonucleotide probes to
27      the previously ligated probe allows additional nucleotide bases in the DNA target sequence to be

28

**SOLEXA'S MOTION FOR CLARIFICATION AND FOR LEAVE TO FILE MOTION SEEKING
RECONSIDERATION OF THE COURT'S AUGUST 22, 2008 ORDER; CASE NO. 07-CV-02845 WHA**

1  parent oversight justifies granting Solexa leave to file a motion for reconsideration of the denial

2  of its motion.

3         Most importantly, the Court should reconsider its denial of Solexa's motion because in its

4  Opposition brief,[13] AB admitted that the one-base-encoding version of the SOLiD System satis-

5  fied the "identifying" limitation. AB admitted that "the prototype [i.e., the one-base-encoding

6  version of the SOLiD System] used one-base encoded probes in which the label on each probe

7  corresponded one-to-one with the identity of the target nucleotide being interrogated, and *was*

8  *therefore used to determine the identity of a base within each cycle*."[14] AB's only arguments re-

9  garding infringement by the one-base-encoding version were that its infringement was excusable

10  as *de minimis*[15] and that its affirmative ownership defenses precluded summary judgment.[16]

11  Solexa fully rebutted both of these arguments in its Reply brief,[17] and will not repeat its argu-

12  ments here.

13         In light of AB's admission, the Court should grant Solexa leave to file a motion seeking

14  reconsideration of its motion for partial summary judgment that the one-base-encoding version of

15  the SOLiD System infringed the '341 and '597 patents, and on reconsideration should grant

16  Solexa's motion for partial summary judgment.

17  **C.    The Court should reconsider its holding that Solexa waived any arguments regarding infringement of the "identifying" term under the Doctrine of Equivalents**

18

19         In its Order, the Court held that Solexa had waived its reliance on the Doctrine of Equiva-

20  lents as to the "identifying" limitation because "Solexa made no infringement argument under the

21  doctrine of equivalents despite the fact it was raised by AB in its opening brief."[18] Solexa requests

22  identified" (*id*. at 5), and that "[c]ontinuing this process ultimately allows for identification of
every nucleotide in the target DNA sequence" (*id*. at 6).

23     [13] Docket No. 216.

24     [14] Docket No. 216 at 17-18 (emphasis added).

25     [15] *Id*. at 18.

26     [16] *Id*. at 20-24.

27     [17] Solexa's Reply in Support of Its Motion for Partial Summary Judgment of Infringement
(Docket No. 221) at 11-15.

28     [18] Docket No. 232 at 19, fn. 6.

SOLEXA'S MOTION FOR CLARIFICATION AND FOR LEAVE TO FILE MOTION SEEKING
RECONSIDERATION OF THE COURT'S AUGUST 22, 2008 ORDER; CASE NO. 07-CV-02845 WHA

5

1    that the Court reconsider this holding because, although AB mentioned the Doctrine of Equiva-

2    lents in two paragraphs in its opening brief,[19] other than providing quotes from cases, all AB said

3    was that "Illumina is estopped based on the arguments it made during prosecution" because

4    "Macevicz's arguments clearly and unambiguously narrowed the scope of the claims."[20] AB did

5    not identify which "arguments" it was relying upon, or offer any explanation whatsoever as to

6    how or why these unidentified "arguments" narrowed the scope of any claim or would preclude

7    application of the Doctrine of Equivalents. There was simply no substance to which Solexa had to

8    respond.

9          As the Supreme Court has held, "[i]t is not enough to move for summary judgment with-

10   out supporting the motion in any way . . . ."[21] To the contrary, "[t]he moving party bears the bur-

11   den of establishing the absence of a genuine issue of material fact."[22] As the Supreme Court held

12   in *Celotex*,

13          a party seeking summary judgment always bears the initial responsibility of in-
            forming the district court of the basis for its motion, and identifying those portions
14          of "the pleadings, depositions, answers to interrogatories, and admissions on file,
            together with the affidavits, if any," which it believes demonstrate the absence of a
15          genuine issue of material fact.[23]

16          Solexa was not required to "fill-in-the-blanks" in a speculative attempt to rebut AB's two

17   vague and wholly conclusory sentences about Macevicz's "arguments" during prosecution, and

18   consequently should not be held to have waived any argument regarding the Doctrine of Equiva-

19   lents.

20   **III.    CONCLUSION**

21          For at least the reasons stated above, the Court should (i) clarify that its grant of summary

22   judgment of non-infringement applies only to the two-base-encoding version of the SOLiD Sys-

23

24   _____

          [19] Docket No. 207 at 15-16.

25        [20] Docket No. 207 at 16.

26        [21] *Celotex Corp. v. Catrett*, 477 U.S. 319, 328 (1986) (J. White, concurring).

27        [22] *Cline v. Industrial Maintenance Eng'g & Contr. Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000).

28        [23] *Celotex*, 477 U.S. at 323.

SOLEXA'S MOTION FOR CLARIFICATION AND FOR LEAVE TO FILE MOTION SEEKING
RECONSIDERATION OF THE COURT'S AUGUST 22, 2008 ORDER; CASE NO. 07-CV-02845 WHA

6

1    tem; (ii) grant Solexa leave to file a motion seeking reconsideration of the denial of Solexa's mo-

2    tion for summary judgment of infringement of the '341 and '597 patents by the one-base-

3    encoding version of the SOLiD System; and (iii) grant Solexa leave to file a motion seeking re-

4    consideration of the Court's decision that Solexa waived reliance on the Doctrine of Equivalents

5    with regard to infringement by the two-base-encoding version of the SOLiD System.

6

7    DATED: August 26, 2008                    /s/ Cullen N. Pendleton
                                                _____
8                                               THOMAS I. ROSS (admitted *pro hac vice*)
                                                KEVIN M. FLOWERS (admitted *pro hac vice*)
9                                               JEFFREY H. DEAN (admitted *pro hac vice*)
                                                JOHN R. LABBE (admitted *pro hac vice*)
10                                              CULLEN N. PENDLETON (admitted *pro hac vice*)
                                                MARK H. IZRAELEWICZ (admitted *pro hac vice*)
11                                              MARSHALL, GERSTEIN & BORUN LLP
                                                6300 Sears Tower
12                                              233 South Wacker Drive
                                                Chicago, Illinois 60606-6357
13                                              (312) 474-6300 (telephone)
                                                (312) 474-0448 (facsimile)
14                                              E-Mail: kflowers@marshallip.com
                                                E-Mail: tross@marshallip.com
15                                              E-Mail: jdean@marshallip.com
                                                E-Mail: jlabbe@marshallip.com
16                                              E-Mail: cpendleton@marshallip.com
                                                E-Mail: mizraelewicz@marshallip.com
17

18                                              Counsel for Defendants
19                                              ILLUMINA, INC., SOLEXA, INC.,
                                                and STEPHEN C. MACEVICZ
20

21

22

23

24

25

26

27

28

**SOLEXA'S MOTION FOR CLARIFICATION AND FOR LEAVE TO FILE MOTION SEEKING
RECONSIDERATION OF THE COURT'S AUGUST 22, 2008 ORDER; Case No. 07-CV-02845 WHA**