| | |
|---|---|
| 1 | BRYAN WILSON (CA SBN 138842) |
| | ERIC C. PAI (CA SBN 247604) |
| 2 | MORRISON & FOERSTER LLP |
| | 755 Page Mill Road |
| 3 | Palo Alto, California 94304-1018 |
| | Telephone: 650.813.5600 |
| 4 | Facsimile: 650.494.0792 |
| | E-Mail: BWilson@mofo.com; EPai@mofo.com |

BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com; EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com; SComer@mofo.com; BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   C07 02845 WHA<br><br>**PLAINTIFF APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY RE INFRINGEMENT DAMAGES BY 1-BASE ENCODING PROTOTYPE**<br><br>Trial Date: September 29, 2008<br>Time:       7:30 a.m.<br>Place:      Courtroom 9, 19th Floor<br>Judge:     William H. Alsup |

PLAINTIFF'S MIL NO. 1 TO EXCLUDE DAMAGES TESTIMONY RE 1-BASE ENCODING PROTOTYPE
CASE NO. C07 02845 WHA
pa-1278760

## I. INTRODUCTION

In its order granting in part AB's motion for summary judgment, the Court ruled that AB's SOLiD System does not infringe the '341 or '597 patents. Illumina argues, though, that a one-base encoding prototype that was used only once by Agencourt Personal Genomics, a predecessor to AB, infringes these patents, and that this issue remains to be tried. Even if Illumina were correct, Illumina should be barred from seeking damages for any alleged infringement of the '341 and '597 patents by the one-base encoding prototype. Illumina's only evidence on damages is that offered by its damages expert, and he admitted that he has no damages opinion if only the one-base encoding prototype infringes. Accordingly, Illumina has no evidentiary basis for alleging damages for infringement by the one-base encoding prototype of the '341 and '597 patents.

## II. ARGUMENT

### A. Illumina's Interrogatory Responses Said That Illumina Would Rely Only On Expert Testimony.

AB's Interrogatory Number Two to Solexa[1] asked Solexa to identify all damages that it is claiming as a result of AB's alleged patent infringement. In its amended responses, dated May 30, 2008, Solexa stated that it would rely only on its expert witness, Dr. Gerald Siuta, in support of its damages claims:

> Subject to all of its objections, Solexa responds that it currently intends to rely on all of the information contained within the expert report of Dr. Gerald Siuta, which is being served concurrently herewith, and the documents cited therein, which are all incorporated herein. Solexa further responds that it intends to rely on the testimony of Dr. Gerald Siuta to establish the measure of money damages to be awarded Solexa for AB's infringement.

(Solexa's Amended Responses And Objections To Plainitiff's First Set Of Interrogatories, Pai Decl. Exh. 1 at 5:21-6:1.) Thus Solexa has no basis for alleging damages, other than through Dr. Siuta.

---

[1] The infringement claims were filed by Solexa, which is owned by Illumina.

**B.     Illumina's Expert Has No Opinion On Damages If One-Base Encoding Infringes and Two-Base Encoding Does Not.**

Dr. Siuta, in turn, had no opinion on damages in the event, as would be the case here, that only the one-base encoding prototype infringes. He offered no such opinion in his expert report, and confirmed in deposition testimony that he had formed no opinion:

> Q. If we assume that the two base encoding version of the SOLiD system is found not to infringe, what are the appropriate damages in this case?
>
> A. I don't have an opinion on that at this moment. That's not something that I considered.

(Siuta Dep., Pai Decl. Ex. 2 at 160:1-7; also *see id.* at 160:8-12, 165:15-166:3.) Therefore Dr. Siuta may not testify at trial about damages that Illumina should be awarded based on alleged infringement by the one-base encoding prototype of the '341 and '597 patents.

### III.     CONCLUSION

Since Illumina can present no competent evidence of damages if the one-base encoding prototype infringes the '341 or '597 patents, Illumina should not be allowed to present evidence of damages resulting from alleged infringement by the one-base encoding prototype of those patents.

Dated: August 26, 2008                    MORRISON & FOERSTER LLP

By:   /s/ David C. Doyle
        David C. Doyle

        Attorneys for Plaintiff
        APPLERA CORPORATION –
        APPLIED BIOSYSTEMS GROUP

PLAINTIFF'S MIL NO. 1 TO EXCLUDE DAMAGES TESTIMONY RE 1-BASE ENCODING PROTOTYPE
CASE NO. C07 02845 WHA
pa-1278760

2