1  KEVIN M. FLOWERS (admitted *pro hac vice*)
   THOMAS I. ROSS (admitted *pro hac vice*)
2  JEFFREY H. DEAN (admitted *pro hac vice*)
   JOHN R. LABBE (admitted *pro hac vice*)
3  CULLEN N. PENDLETON (admitted *pro hac vice*)
   MARK H. IZRAELEWICZ (admitted *pro hac vice*)
4  MARSHALL, GERSTEIN & BORUN LLP
   6300 Sears Tower
5  233 South Wacker Drive
   Chicago, Illinois 60606-6357
6  (312) 474-6300 (telephone)
   (312) 474-0448 (facsimile)
7  E-Mail: kflowers@marshallip.com
   E-Mail: tross@marshallip.com
8  E-Mail: jdean@marshallip.com
   E-Mail: jlabbe@marshallip.com
9  E-Mail: cpendleton@marshallip.com
   E-Mail: mizraelewicz@marshallip.com
10
   Counsel for Defendants
11 ILLUMINA, INC., SOLEXA, INC.,
   and STEPHEN C. MACEVICZ

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14                 **SAN FRANCISCO DIVISION**

15 _____
                                          )
16 APPLERA CORPORATION—APPLIED            )
   BIOSYSTEMS GROUP, a Delaware           )   Case No. 07-CV-02845 WHA
17 corporation,                           )
                                          )   District Judge William H. Alsup
18              Plaintiff/Counterdefendant,)
                                          )
19     - vs. -                            )   **SOLEXA, INC.'S AMENDED**
                                          )   **RESPONSES AND OBJECTIONS TO**
20                                         )   **APPLERA CORPORATION -**
   ILLUMINA, INC., a Delaware corporation, )   **APPLIED BIOSYSTEMS GROUP'S**
21 SOLEXA, INC., a Delaware corporation,   )   **FIRST SET OF INTERROGATORIES**
   and STEPHEN C. MACEVICZ, an            )   **TO SOLEXA, INC. [NOS. 1-3]**
22 individual,                            )
                                          )
23              Defendants/Counterclaimants.)
                                          )
24 _____

25   PROPOUNDING PARTY:        Applera Corporation – Applied Biosystems Group

26   RESPONDING PARTY:         Solexa, Inc.

27   SET NUMBER:               One

28
   _____
   SOLEXA'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

EXHIBIT 1

Pursuant to Fed. R. Civ. P. 33 and 26(e), Solexa, Inc. ("Solexa") hereby amends and supplements its response to Applera Corporation - Applied Biosystems Group's First Set of Interrogatories to Solexa, Inc. [Nos. 1-3] as follows:

**GENERAL OBJECTIONS**

1.    Solexa objects to each interrogatory, and to each definition and instruction, to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable law, rule, privilege, or immunity.

2.    Solexa objects to each interrogatory, and to each definition and instruction, to the extent that it calls for the disclosure of information that contains the confidential information of a third party, or the joint confidential information of Solexa and a third party, until Solexa has requested and received the consent of the affected third party to the disclosure of such information, or the matter has been resolved by a court of competent jurisdiction, or Solexa has otherwise exhausted all applicable procedures under any protective order entered in this case.

3.    Solexa objects to each interrogatory, and to each definition and instruction, to the extent that it imposes obligations beyond or inconsistent with the requirements of the Federal Rules of Civil Procedure, the local rules of the U.S. District Court for the Northern District of California, or orders entered by the Court in this case.

4.    Solexa objects to each interrogatory, and to each definition and instruction, to the extent that it seeks to combine in a single interrogatory what otherwise should be asked in separate interrogatories.

5.    Solexa objects to each interrogatory, and to each definition and instruction, to the extent that it seeks the disclosure of information not within Solexa's possession, custody, or control.

6.    With respect to responsive information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity, Solexa objects to listing on a privilege log, or otherwise identifying, privileged com-

1  munications between Solexa and its counsel that occurred subsequent to the commencement of

2  this litigation.

3        7.     These responses are made solely for the purpose of this action. Each response is

4  subject to all objections as to competence, relevance, materiality, propriety, inadmissibility, and

5  any and all other objections and grounds that would require the exclusion of any statement herein

6  if the questions were asked, or any statements contained herein were made by, a witness present

7  and testifying in court, all of which objections and grounds are reserved and may be interposed at

8  the time of trial.

9        8.     Except for explicit facts admitted herein, no incidental or implied admissions are

10 intended hereby. The fact that Solexa has answered any interrogatory herein should not be taken

11 as an admission that Solexa accepts or admits the existence of any facts set forth or assumed by

12 such interrogatory, or that such response constitutes admissible evidence. The fact that Solexa has

13 answered part of, or all of, any question is not intended to be a waiver by Solexa of all or any part

14 of any objection to any interrogatory herein..

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SOLEXA'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

EXHIBIT 1

# RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

For each of AB's products that You contend infringe any of the asserted claims of the Patents, describe in detail, on an element-by-element basis, each basis for Your contention that each such product infringes each such element, either literally or under the doctrine of equivalents, specifically identifying each element allegedly infringed by each such product, including identification of all documents, facts, and other evidence or information upon which You may rely in support of Your contention, each person on whose testimony You may rely in support of Your contention, and the nature of that information and/or testimony.

**RESPONSE**

To the extent this interrogatory seeks the identification of all the evidence on which Solexa will rely at trial, Solexa further objects to the interrogatory as an attempt to circumvent the Court-ordered deadline of September 1, 2008 for the parties' submission of exhibit lists.[1] Solexa further objects to this interrogatory as an attempt to circumvent the Court-ordered deadline of September 1, 2008 for the parties' submission of witness lists.[2] Solexa will identify the exhibits and witnesses it intends to present at trial by the Court-ordered deadline of September 1, 2008.

Subject to all of its objections, Solexa responds that it currently intends to rely on all of the information contained within the expert report of Dr. Keith Backman, which is being served concurrently herewith, and the documents cited therein, which are all incorporated herein. Solexa further responds that it intends to rely on the testimony of Dr. Keith Backman, Dr. Gina Costa, and Mr. Kevin McKernan to establish that the accused instrumentalities infringe the asserted claims.[3]

---

[1] *See* Docket Number 32, p. 6; Judge Alsup's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases, at p. 11.

[2] *See* Docket Number 32, p. 6; Judge Alsup's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases, at pp. 1, 11.

[3] *See* Solexa's Final Infringement Contentions, served on March 24, 2008

**SOLEXA'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1

**Interrogatory No. 2:**

2

3

For each asserted claim of the Patents, describe in detail any damages that You contend You have suffered or will suffer due to AB's alleged infringement, including a specific description of each damages theory or methodology (including lost profits, an established royalty and/or a reasonable royalty) by which You contend the amount of damages should be calculated, the specific inputs that You contend should be used under each such theory or methodology in the damages calculation (such as a specific royalty rate, royalty base, and so forth), and identification of all documents, facts, and other evidence or information upon which You may rely in support of Your contention, each person on whose testimony You may rely in support of Your contention, and the nature of that information and/or testimony.

4

5

6

7

**RESPONSE**

8

To the extent this interrogatory seeks the identification of all the evidence on which

9

Solexa will rely at trial, Solexa further objects to the interrogatory as an attempt to circumvent the

10

Court-ordered deadline of September 1, 2008 for the parties' submission of exhibit lists.[4] Solexa

11

further objects to this interrogatory as an attempt to circumvent the Court-ordered deadline of

12

September 1, 2008 for the parties' submission of witness lists.[5] Solexa will identify the exhibits

13

and witnesses it intends to present at trial by the Court-ordered deadline of September 1, 2008.

14

As counsel for Solexa stated at the discovery conference on April 10, 2008, Solexa will

15

not seek lost-profits damages (*i.e.*, the lost profits that Solexa would have made but-for AB's past

16

and future infringement). Instead, Solexa seeks no less than a reasonable royalty for each of AB's

17

manufacture, use, sale, and offer for sale of the "one-base encoding" and "two-base encoding"

18

embodiments of the accused SOLiD™ system. *See* 35 U.S.C. § 284; *Georgia-Pacific Corp. v.*

19

*United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446

20

F.2d 295 (2nd Cir.), *cert. denied*, 404 U.S. 870 (1971).

21

Subject to all of its objections, Solexa responds that it currently intends to rely on all of

22

the information contained within the expert report of Dr. Gerald Siuta, which is being served con-

23

currently herewith, and the documents cited therein, which are all incorporated herein. Solexa fur-

24

ther responds that it intends to rely on the testimony of Dr. Gerald Siuta to establish the measure

25

---

26

[4] *See* Docket Number 32, p. 6; Judge Alsup's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases, at p. 11.

27

[5] *See* Docket Number 32, p. 6; Judge Alsup's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases, at pp. 1, 11.

28

**SOLEXA'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1  of money damages to be awarded Solexa for AB's infringement.

2  **Interrogatory No. 3:**

3       Describe in detail how You contend 35 U.S.C. § 287's notice and/or marking provisions
   apply with respect to each asserted claim of the Patents, including identification of the date(s) on
4  which any notice of alleged infringement was given by You, a statement of all devices, products,
   processes, systems or other materials that have been marked with the patent numbers of any of the
5  Patents, a statement of when such marking occurred, a specific description of the method of
   marking (including a statement of which patent numbers were used), and identification of all
6  documents, facts, and other evidence or information upon which You may rely in support of Your
   contention, each person on whose testimony You may rely in support of Your contention, and the
7  nature of that information and/or testimony.

8  **RESPONSE**

9       As stated in Solexa's Final Infringement Contentions, "Solexa does not intend to rely on the

10  assertion that its own instrumentality practices the claimed inventions." Accordingly, Solexa is

11  not aware of any "devices, products, processes, systems or other materials that have been marked

12  with the patent numbers of any of the Patents." The marking requirement of 35 U.S.C. § 287 only

13  applies to "[p]atentees, and persons making, offering for sale, or selling within the United States

14  any patented article for or under them." 35 U.S.C. § 287(a). As set forth above, Solexa is not

15  aware of any products made, offered for sale, or sold by Solexa within the United States that are

16  covered by any of the Patents. Therefore, the marking requirement of 35 U.S.C. § 287 is not ap-

17  plicable in this case.

18

19

20

21

22

23

24

25

26

27

28

**SOLEXA'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1

2      DATED: May 30, 2008

3                                          _John Platt_____

4                                          KEVIN M. FLOWERS (admitted *pro hac vice*)
                                           THOMAS I. ROSS (admitted *pro hac vice*)
5                                          JEFFREY H. DEAN (admitted *pro hac vice*)
                                           JOHN R. LABBE (admitted *pro hac vice*)
6                                          CULLEN N. PENDLETON (admitted *pro hac vice*)
                                           MARK H. IZRAELEWICZ (admitted *pro hac vice*)
7                                          MARSHALL, GERSTEIN & BORUN LLP
                                           6300 Sears Tower
8                                          233 South Wacker Drive
                                           Chicago, Illinois 60606-6357
9                                          (312) 474-6300 (telephone)
                                           (312) 474-0448 (facsimile)
10                                         E-Mail: kflowers@marshallip.com
                                           E-Mail: tross@marshallip.com
11                                         E-Mail: jdean@marshallip.com
                                           E-Mail: jlabbe@marshallip.com
12                                         E-Mail: cpendleton@marshallip.com
                                           E-Mail: mizraelewicz@marshallip.com

13                                         Counsel for Defendants
                                           ILLUMINA, INC., SOLEXA, INC.,
14                                         and STEPHEN C. MACEVICZ

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SOLEXA'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1

**PROOF OF SERVICE**

2
    I am an attorney, and on May 30, 2008, I caused

3
**SOLEXA, INC.'S AMENDED RESPONSES AND OBJECTIONS TO APPLERA CORPORATION - APPLIED BIOSYSTEMS GROUP'S FIRST SET OF**
4
**INTERROGATORIES TO SOLEXA, INC. [NOS. 1-3]**

5

6
to be served via electronic mail by electronically mailing a true and correct copy through Marshall, Gerstein & Borun LLP's electronic mail system to the e-mail addresses set forth below, and via First Class U.S. Mail, postage prepaid, deposited at 233 South Wacker
7
Drive, Chicago, Illinois upon:

8

| **COUNSEL FOR PLAINTIFF:** | |
|---|---|
| BRYAN WILSON<br>DARA TABESH<br>ERIC C. PAI<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304-1018<br>E-Mail: BWilson@mofo.com<br>E-Mail: DTabesh@mofo.com<br>E-Mail: EPai@mofo.com | DAVID C. DOYLE<br>STEVEN E. COMER<br>BRIAN M. KRAMER<br>ANDERS T. AANNESTAD<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA 92130-2040<br>E-Mail: DDoyle@mofo.com<br>E-Mail: SComer@mofo.com<br>E-Mail: BMKramer@mofo.com<br>E-Mail: AAannestad@mofo.com |
| KURTIS MacFERRIN<br>APPLERA CORPORATION –<br>   APPLIED BIOSYSTEMS GROUP<br>850 Lincoln Centre Drive<br>Foster City, CA 94404<br>E-Mail: Kurtis.MacFerrin@appliedbiosystems.com | |

9
10
11
12
13
14
15
16
17

18

19
    I declare under penalty of perjury that the foregoing is true and correct.

20
    Executed at Chicago, Illinois, this 30th day of May, 2008.

21

22

23
_____

24
    Mark H. Izraelewicz

25

26

27

28

THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>        Plaintiff/Counterdefendant,<br><br>    - vs. -<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>        Defendants/Counterclaimants. | Case No. 07-CV-02845 WHA<br><br>District Judge William H. Alsup<br><br>**VERIFICATION OF THE ANSWERS OF ILLUMINA, INC. AND SOLEXA, INC. TO APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S INTERROGATORIES** |

**VERIFICATION**

I, Christian G. Cabou, declare:

I am the senior vice president and general counsel of Illumina, Inc., and I am authorized to make this verification on behalf of Illumina, Inc. and Solexa, Inc.

I have read and know the contents of the following interrogatory responses:

1) Illumina, Inc.'s Amended Answers and Objections to Applied Biosystems' First Set of Interrogatories to Illumina, Inc. [Nos. 1-14];

2) Illumina, Inc.'s Amended Responses and Objections to Applera Corporation – Applied Biosystems Group's Second Set of Interrogatories to Illumina, Inc. [No. 15];

3) Illumina, Inc.'s Responses and Objections to Applera Corporation – Applied Biosystems Group's Third Set of Interrogatories to Illumina, Inc. [Nos. 16-22];

4) Solexa, Inc.'s Amended Responses and Objections to Applera Corporation – Applied Biosystems Group's First Set of Interrogatories to Solexa, Inc. [Nos. 1-3];

5) Solexa, Inc.'s Responses and Objections to Applera Corporation – Applied Biosystems Group's Second Set of Interrogatories to Solexa, Inc. [Nos. 4-5];

6) Solexa, Inc.'s Responses and Objections to Applera Corporation – Applied Biosystems Group's Third Set of Interrogatories to Solexa, Inc. [Nos. 6-25].

To the best of my knowledge and belief, the information provided in these interrogatory responses represents all the information in the possession, custody, or control of Illumina, Inc. or Solexa, Inc. in response to Applera Corporation – Applied Biosystems Group's interrogatories, and the information provided therein is true and accurate to the best of my knowledge based on information personally known to me and provided to me.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 9, 2008 in San Diego, California.

Christian G. Cabou

-2-

VERIFICATION

EXHIBIT 1

1

**PROOF OF SERVICE**

2

I am an attorney, and on June 9, 2008, I caused the

3

**VERIFICATION OF THE ANSWERS OF ILLUMINA, INC. AND
SOLEXA, INC. TO APPLERA CORPORATION – APPLIED BIO-
SYSTEMS GROUP'S INTERROGATORIES**

4

5

to be served via electronic mail by electronically mailing a true and correct copy through Mar-
shall, Gerstein & Borun LLP's electronic mail system to the e-mail addresses set forth below, and
via First Class U.S. Mail, postage prepaid, deposited at 233 South Wacker Drive, Chicago, Illi-
nois upon:

6

7

8

**COUNSEL FOR PLAINTIFF:**

9

BRYAN WILSON
DARA TABESH
ERIC C. PAI
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
E-Mail: BWilson@mofo.com
E-Mail: DTabesh@mofo.com
E-Mail: EPai@mofo.com

DAVID C. DOYLE
STEVEN E. COMER
BRIAN M. KRAMER
ANDERS T. AANNESTAD
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
E-Mail: DDoyle@mofo.com
E-Mail: SComer@mofo.com
E-Mail: BMKramer@mofo.com
E-Mail: AAannestad@mofo.com

10

11

12

13

14

KURTIS MacFERRIN
APPLERA CORPORATION –
    APPLIED BIOSYSTEMS GROUP
850 Lincoln Centre Drive
Foster City, CA 94404
E-Mail: Kurtis.MacFerrin@appliedbiosystems.com

15

16

17

18

I declare under penalty of perjury that the foregoing is true and correct.

19

Executed at Chicago, Illinois, this 9th day of June, 2008.

20

21

22

_____

23

John R. Labbé

24

25

26

27

28