Page 1

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4   ------------------------------------------x
 5   APPLERA CORPORATION - APPLIED
 6   BIOSYSTEMS GROUP, a Delaware
 7   corporation,
 8                      Plaintiff/
 9                      Counterdefendant,
10       -against-                   Civil Action No.
11   ILLUMINA, INC., a Delaware      07-CV-02845 WHA
12   corporation, SOLEXA, INC., a
13   Delaware corporation, and
14   STEPHEN C. MACEVICZ, an individual,
15                      Defendants/
16                      Counterclaimants.
17   ------------------------------------------x
18
19             VIDEOTAPED DEPOSITION OF:
20                GERALD J. SIUTA, Ph.D.
21               Tuesday, June 10, 2008
22                  New York, New York
23
24
25   Reported in stenotype by:
     Rich Germosen, CCR, CRCR, RPR, CRR, CLR
```

```
 1          Q.     If we assume that the two base
 2   encoding version of the SOLiD system is found not
 3   to infringe, what are the appropriate damages in
 4   this case?
 5          A.     I don't have an opinion on that at
 6   this moment.  That's not something that I
 7   considered.
 8          Q.     Do you have any opinion on what
 9   those damages would be or how they would be
10   determined?
11          A.     Not at this, not sitting here, not
12   without a lot of consideration of all the facts.
13          Q.     Going back to the non-infringing
14   alternatives issue for a moment, you said that
15   there is some point at which there is a high
16   enough royalty on the ligation approach at which
17   Agencourt would find it beneficial to switch to
18   the synthesis approach, but you don't know what
19   that number is?
20          A.     Right.
21          Q.     Is that right?
22          A.     That's right.
23          Q.     Is that number higher than fifteen
24   million?
25          A.     I can't make that opinion here.
```

1  Q. If you assume that the two base
2  system is found not to infringe and it would have
3  been possible to develop the two base system
4  without ever making a one base system even though
5  a one base system actually was used, what damages
6  are warranted in this case?
7  A. I don't know if that's -- that's a
8  legal question. I can't -- I was asked to
9  determine damages based on the assumption that
10 they are infringed.
11 Q. So you --
12 A. If they're not infringed then I
13 wouldn't be asked to do damages. I mean they're
14 either infringed or they're not infringed.
15 Q. What if it is found that only the
16 one base system infringes the patents, what
17 damages are appropriate?
18 A. I can't give you an answer sitting
19 here without having time to reconsider all of the
20 information.
21 Q. Okay.
22    So you have not offered any
23 opinion --
24 A. No.
25 Q. -- on what damages are appropriate

```
 1   if only the one base system --
 2        A.    No, I have not.
 3        Q.    -- is found to infringe?
 4              Okay, you used the Georgia-Pacific
 5   factors in reaching your opinion, is that right?
 6        A.    Yes.
 7        Q.    Which factors are most important
 8   in this case?
 9        A.    Number 5.  I mean they're all
10   important, but if you want me to pick out one --
11        Q.    What is, what is Factor 5?
12        A.    Are they licensor and licensee and
13   competing in the same type of business then they
14   would be.
15        Q.    Are there any other factors among
16   the most important in this case?
17        A.    Number 9.
18        Q.    And which factor is that?
19        A.    Relative to the advantage of the
20   patented property.
21        Q.    Any other factors among the most
22   important for this case?
23        A.    Number 13.
24        Q.    And which factor is that?
25        A.    They are relative to the invention
```

```
1                    C E R T I F I C A T E
2       STATE OF  New Jersey  )
                              ) :ss.
3       COUNTY OF _____)

4              I, RICH GERMOSEN, a Certified Court
5       Reporter, (License No. XI01847), Certified Realtime
6       Court Reporter-NJ, (License No. XR00168), NCRA
7       Registered Professional Reporter, NCRA Certified
8       Realtime Reporter, Certified LiveNote Reporter, and
9       Notary Public within and for the States of New York
10      and New Jersey, do hereby certify:
11             That  GERALD SIUTA, PhD , the witness
12      whose deposition is hereinbefore set forth, having
13      been duly sworn by a Notary Public of the States of
14      New York and New Jersey, and that such deposition is
15      a true record of the testimony of said witness.
16             I further certify that I am not related
17      to any of the parties to this action by blood or
18      marriage, and that I am in no way interested in the
19      outcome of this matter.
20             IN WITNESS WHEREOF, I have hereunto set
21      my hand this  19th  day of    June    2008.
22
23             _____
24             RICH GERMOSEN, CCR, CRCR, RPR, CRR, CLR
               LICENSE NO. XI01847
25             LICENSE NO. XR00168
```

EXHIBIT 2