1  BRYAN WILSON (CA SBN 138842)
   ERIC C. PAI (CA SBN 247604)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792
   E-Mail: BWilson@mofo.com; EPai@mofo.com
5
   DAVID C. DOYLE (CA SBN 70690)
6  STEVEN E. COMER (CA SBN 154384)
   BRIAN M. KRAMER (CA SBN 212107)
7  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
8  San Diego, California 92130-2040
   Telephone: 858.720.5100
9  Facsimile: 858.720.5125
   E-Mail: DDoyle@mofo.com; SComer@mofo.com;
10  BMKramer@mofo.com

11 Attorneys for Plaintiff
   APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP
12

13                 UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

16

17 | APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No.   C07 02845 WHA |
|---|---|
| Plaintiff, | **PLAINTIFF APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF WILLFUL INFRINGEMENT** |
| v. | |
| ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | Trial Date: September 29, 2008<br>Time:   7:30 a.m.<br>Place:  Courtroom 9, 19th Floor<br>Judge:  William H. Alsup |
| Defendants. | |

PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF WILLFUL INFRINGEMENT
CASE NO. C07 02845 WHA
sd-437867

## I.   INTRODUCTION

AB moves *in limine* to preclude Illumina from introducing evidence at trial of willful infringement. In other recent patent litigation with Affymetrix, Illumina argued that:

> If the plaintiff does not seek an injunction or otherwise demonstrate that the case is not a close one with respect to infringement and validity, there can be no 'objective recklessness' as a matter of law. Illumina believes that the objective facts, including the fact that Affymetrix never moved for a preliminary injunction or even for summary judgment on the validity or infringement of any of the patents-in-suit, reveal that this is a classic case of no objective recklessness as a matter of law.

(Ex. 3 at 1 (Illumina Oct. 8, 2007 letter to Honorable J. Farnan).)[1] Here, the Court found that AB has a strong case on the merits of its claim to ownership of the Macevicz patents, making proof of objective recklessness not possible as a matter of law. (1/17/08 Order at 6 (D.I. 88).) In addition, Illumina did not move for a preliminary injunction, and did not seek summary judgment of ownership, further establishing that there is no basis to present willfulness to the jury.

## II.   ARGUMENT

### A.   Legal Background

Illumina agrees that the Federal Circuit rewrote the law of willfulness in *Seagate*, requiring evidence from which a court can make an objective determination of recklessness. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*), *cert denied*, __ U.S. __, 128 S. Ct. 1415 (2008); *Informatica Corp. v. Bus. Objects Data Integration, Inc.*, 527 F. Supp. 2d 1076, 1083 (N.D. Cal. 2007) (declining to enhance damages based on *Seagate*, which "significantly raised the bar for a finding of willfulness"). The Federal Circuit held that this standard requires a plaintiff to meet a threshold inquiry "by clear and convincing evidence" that the defendant disregarded an "objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate*, 497 F.3d at 1371.

---

[1] All exhibit references in this Motion are to the Declaration of Brian M. Kramer In Support of AB's Motion in Limine Nos. 1-3, filed concurrently herewith.

### B. Illumina Should Not Be Allowed to Introduce Evidence of Willfulness Because AB's Ownership Case Is Strong, Precluding A Finding of Objective Recklessness

Illumina cannot make the threshold showing required by *Seagate*. AB sought summary judgment that it is the owner of the Macevicz Patents, and this Court concluded that AB "has a strong case on the merits" of this claim. (1/17/08 Order at 6.) If AB is the owner of the Macevicz patents, it cannot infringe. AB's strong case on ownership cannot be found "objectively reckless." Under these circumstances, the Court should rule that infringement could not be willful, making the presentation of willfulness evidence irrelevant, prejudicial, and wasteful of resources. Fed. R. Evid. 402, 403.

Even were the jury to find on statute of limitations grounds that AB is precluded from making an affirmative claim of ownership to the patents, AB's strong evidence of ownership means that AB's affirmative defenses and equitable rights still make objective recklessness, and therefore willful infringement, impossible. *See Styne v. Stevens*, 26 Cal. 4th 42, 51 (2001) ("Under well-established authority, a defense may be raised at any time, even if the matter alleged would be barred by a statute of limitations if asserted as the basis for affirmative relief."); *see generally* 3 Bernard E. Witkin, *California Procedure, Actions* § 423, at 532 (4th ed. 1997). Thus, irrespective of AB's affirmative recovery of the Macevicz patents, the statute of limitations does not affect AB's ownership as a defense to infringement. Moreover, as Illumina argued against Affymetrix, other objective facts, including that Illumina did not move for a preliminary injunction or for summary judgment of ownership "reveal that this is a classic case of no objective recklessness as a matter of law." (*See* Ex. 3 at 1.)

///
///
///
///
///
///
///

### III. CONCLUSION

Illumina will be unable to meet the high standard necessary to prove willful infringement. AB therefore requests that the Court preclude Illumina from presenting evidence or argument pertaining to willfulness at trial.

Dated: August 19, 2008          MORRISON & FOERSTER LLP

By:   /s/ David C. Doyle
        David C. Doyle

        Attorneys for Plaintiff
        APPLERA CORPORATION –
        APPLIED BIOSYSTEMS GROUP