1    BRYAN WILSON (CA SBN 138842)
     ERIC C. PAI (CA SBN 247604)
2    MORRISON & FOERSTER LLP
     755 Page Mill Road
3    Palo Alto, California 94304-1018
     Telephone: 650.813.5600
4    Facsimile: 650.494.0792
     E-Mail: BWilson@mofo.com; EPai@mofo.com
5

6    DAVID C. DOYLE (CA SBN 70690)
     STEVEN E. COMER (CA SBN 154384)
     BRIAN M. KRAMER (CA SBN 212107)
7    MORRISON & FOERSTER LLP
     12531 High Bluff Drive, Suite 100
8    San Diego, California  92130-2040
     Telephone: 858.720.5100
9    Facsimile: 858.720.5125
     E-Mail: DDoyle@mofo.com; SComer@mofo.com;
10    BMKramer@mofo.com

11    Attorneys for Plaintiff
     APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

12

13                  UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO DIVISION

16

| | |
|---|---|
| 17   APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No.    C07 02845 WHA |
| 18 | **PLAINTIFF APPLERA CORPORATION – APPLIED** |
| 19          Plaintiff, | **BIOSYSTEMS GROUP'S MOTION IN LIMINE NO. 3 TO** |
| 20     v. | **EXCLUDE TESTIMONY OF DR. GERALD SIUTA** |
| 21   ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | Trial Date:  September 29, 2008 |
| 22 | Time:     7:30 a.m. |
| 23         Defendants. | Place:    Courtroom 9, 19th Floor |
| | Judge:    William H. Alsup |

24

25

26

27

28

## I.    INTRODUCTION

AB moves to preclude Illumina from introducing evidence or arguing at trial that there would have been two "hypothetical negotiations" for calculating damages.  It is fundamental that when establishing a reasonable royalty, the "hypothetical negotiation" occurs at the time of first infringement.  As a matter of law, that hypothetical negotiation happened once, between Solexa and Agencourt Personal Genomics ("APG"), not twice, as assumed by Illumina's damages expert Dr. Siuta.  Thus, his testimony, all of which is based on this incorrect legal assumption, should be excluded.  *Wang Lab., Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993).

## II.    ARGUMENT

35 U.S.C. § 284 provides that plaintiffs in patent infringement cases are entitled to recover damages to compensate for proven infringement, "but in no event less than a reasonable royalty." The "'reasonable royalty' contemplates a hypothetical negotiation between the patentee and the infringer *at a time before the infringement began*." *Riles v. Shell Exploration & Prod.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002) (emphasis added).  Illumina's expert Dr. Siuta professes agreement, stating "[t]he touchstone for determining reasonable royalty damages is to hypothesize a royalty negotiation between the patent owner and the infringer *at the start of infringement*."  (Ex. 4 at 10 (emphasis added).)[1]  Dr. Siuta violates this tenet, however, by offering an opinion relying on a first negotiation by APG for "development use" and a second negotiation two years later by AB for "sales."  (*Id.* at 50-53.)

Dr. Siuta's analysis begins with consideration of a negotiation between APG and Solexa, which AB agrees are the correct parties for a hypothetical negotiation if infringement, validity, and enforceability are established.  (*Id.* at 22, 50-52.)  However, Dr. Siuta violates Federal Circuit precedent by adding a second hypothetical negotiation years later between AB and Illumina for "commercial sale" of the SOLiD products.  (*Id.* at 29, 31, 52-53.)  At his deposition, Dr. Siuta confirmed that his opinion depended on "two different" hypothetical negotiations.  (Ex. 5 at 62:6-

---

[1] All exhibit references in this Motion are to the Declaration of Brian M. Kramer In Support of AB's Motion in Limine Nos. 1-3, filed concurrently herewith.

16.)  Dr. Siuta assumes that APG's license would be incomplete, providing only for "product development" requiring AB to "renegotiate" later for a separate right to sell.  (*Id.* at 70:22-71:11.)  Dr. Siuta's "two hypothetical negotiations" assumption has no basis in the law and should be excluded.

The Federal Circuit ruled in *Wang* that it is reversible error to move the date of a hypothetical negotiation from the date of first infringement.  *Wang*, 993 F.2d at 870.  In *Wang*, the district court did just that when it moved the hypothetical negotiation from the date of first infringement (April 1987), to the date when Wang first gave notice of its patent and its right to collect damages first began (January 1990).  *Id.* at 869-70.  The Federal Circuit reversed, holding that in "choosing the January 1990 date, the district court failed to follow our precedent."  *Id.* at 870.  The case was remanded for the trial court to determine damages based on a hypothetical negotiation on the date of first infringement.  *Id.*

In *Integra*, the alleged infringing acts were a series of experiments conducted between 1994 and 1998.  *Integra Lifesciences I, Ltd. v. Merck KGaA,* 331 F.3d 860, 870 (Fed. Cir. 2003), *vacated and remanded on other grounds*, 545 U.S. 193 (2005).  The trial court failed to set the date of the hypothetical negotiation in 1994 because it determined that the 1994 experiments did not constitute infringement.  *Id.*  The Federal Circuit found that some of the 1994 experiments could constitute infringement.  *Id.*  It therefore remanded for a determination by the trial court of whether or not the earlier experiments were infringing acts, and with instructions to move the date of the hypothetical negotiation back to 1994 if they were.  *Id.*

Similarly, in *Unisplay*, the Federal Circuit reversed a jury damages award based on expert testimony of a royalty rate from a hypothetical negotiation that occurred *after* the date of first infringement.  *Unisplay, S.A. v. Am. Elec. Sign Co.,* 69 F.3d 512, 518 (Fed. Cir. 1995).  In doing so, the Federal Circuit stated that "[a] reasonable royalty determination for purposes of making a damages evaluation must relate to the time infringement occurred, and not be an after-the-fact assessment."  *Id.* (citations omitted); *see also Fromson v. W. Litho Plate & Supply Co.*, 853 F.2d 1568, 1575 (Fed. Cir. 1988) (hypothetical negotiation methodology "speaks of negotiations as of the time infringement began."); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1079

1  (Fed. Cir. 1983) ("[t]he key element in setting a reasonable royalty . . . is the necessity for return

2  to the date when the infringement began.").

3      Dr. Siuta admitted at his deposition that he has not formed any opinion based on only one

4  hypothetical negotiation:

> Q. If we assume that there should be only one hypothetical negotiation in
>    September 2005, do you have any opinion on the appropriate damages in
>    this case?
> A. No.
> Q. If we assume that there is only one hypothetical negotiation in July 2007,
>    do you have any opinion on the appropriate damages in this case?
> A. No, because *I did not consider only one hypothetical negotiation.*

9  (Ex. 5 at 119:11-21 (emphasis added); *see also id.* at 119:3-121:15.)  Because the law allows for

10 only one hypothetical negotiation, Dr. Siuta has no admissible opinions to offer, and he should be

11 precluded from testifying.  (*See* 9/20/07 CMC Order at 3 (D.I. No. 32).)

12     **III.    CONCLUSION**

13     Because the "hypothetical negotiation" for establishing the reasonable royalty in patent

14 infringement cases is deemed to take place once, *just prior to the commencement of infringement,*

15 Dr. Siuta's opinion requiring two hypothetical negotiations is legally precluded.  Dr. Siuta's

16 testimony and any evidence offered solely in support of a "two hypothetical negotiations"

17 damages theory should be excluded.

18
       Dated: August 19, 2008              MORRISON & FOERSTER LLP

19

20

21              By:    /s/ David C. Doyle
                       David C. Doyle

22                     Attorneys for Plaintiff
                       APPLERA CORPORATION –
23                     APPLIED BIOSYSTEMS GROUP

24

25

26

27

28