# Morris James LLP

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

October 8, 2007

**VIA EFILING AND HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *Affymetrix, Inc. v. Illumina, Inc.*, D. Del., C.A. No. 04-901-JJF

Your Honor:

On behalf of Illumina, this letter sets forth Illumina's views relating to the scheduling and structuring of the next phase of the trial, in advance of the status conference scheduled for October 10, 2007.

As previously indicated in Maryellen Noreika's letter to the Court dated August 9, 2007, the parties are currently available for the next phase of the trial on any one of the weeks of January 14, or February 4, 11 or 18, 2008. The parties also have agreed that a trial that includes the invalidity issues for the five patents-in-suit should commence on one of these dates. The parties have not agreed on whether other issues can or should be included in that trial, or whether other issues should be tried during this timeframe.

One key issue of dispute between the parties is whether and when to try the issue of willful infringement. As the Court is undoubtedly aware, the recent *en banc Seagate* decision has essentially re-written the law on willfulness. No longer is the defendant's subjective state of mind relevant. Instead, the lower court must now look at the objective facts, including the plaintiff's pre- and post-filing conduct, and make a threshold determination whether the record demonstrates "objective recklessness." *Seagate* teaches that a plaintiff patentee cannot sit back and hope for enhanced damages. If the plaintiff does not seek an injunction or otherwise demonstrate that the case is not a close one with respect to infringement and validity, there can be no "objective recklessness" as a matter of law. Illumina believes that the objective facts, including the fact that Affymetrix never moved for a preliminary injunction or even for summary judgment on the validity or infringement of any of the patents-in-suit, reveal that this is a classic case of no objective recklessness as a matter of law. As a result, Illumina intends to ask the Court's permission at the status conference to file a motion to strike the willfulness allegations from the case.

Even if there remains some triable issue of willfulness (which there does not after *Seagate*), Illumina believes that the issue of willfulness ***cannot*** be tried in the same trial with the invalidity issues, without presenting severe and undue prejudice to Illumina. Illumina believes

500 Delaware Avenue, Suite 1500 | Wilmington, DE 19801-1494   T 302.888.6800   F 302.571.1750
Mailing Address   P.O. Box 2306 | Wilmington, DE 19899-2306   www.morrisjames.com

**EXHIBIT 3**

Morris James LLP

The Honorable Joseph J. Farnan, Jr.
October 8, 2007
Page 2

that the claim of willful infringement would prevent the jury from fully considering the invalidity arguments that Illumina will present on the five patents-in-suit. As the party that bears the burden of proof in the invalidity trial, Illumina should be permitted to present its case first, without being burdened with having to respond to claims from Affymetrix. Indeed, just as Affymetrix had the ability to present its infringement case without claims from Illumina in the first phase of the trial, Illumina should be permitted to present its invalidity case without the distraction of a claim from Affymetrix. Furthermore, it is impossible to conceive of a way to try the willful infringement issue, most certainly under the new "objective recklessness" standard set forth by *Seagate*, without tainting the second phase trial with the issues and result from the phase one trial. At bottom, it would be fundamentally unfair and prejudicial to Illumina if Affymetrix is permitted to taint the invalidity trial with presentation of a willful infringement case.

The decision remains as to when the equitable defenses and Illumina's business-tort counterclaims should be tried. Illumina believes that there is a high likelihood this case could settle, after the invalidity verdict, since the parties will have more insight into the likely ultimate outcome. Therefore, Illumina proposes court-sponsored mediation following the verdict on the invalidity issues. If the case does not settle after this mediation, the remaining issues can be tried in the summer of 2008, after a brief period to conclude discovery with respect to the antitrust issues.

Illumina looks forward to discussing these issues in more detail with the Court at the status conference on October 10, 2007.

Respectfully,

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: MaryEllen Noreika, Esq. (via email & hand delivery)
    Daniel Reed, Esq. (via email)

**EXHIBIT 3**