1  THOMAS I. ROSS (admitted *pro hac vice*)
   KEVIN M. FLOWERS (admitted *pro hac vice*)
2  JEFFREY H. DEAN (admitted *pro hac vice*)
   MARK H. IZRAELEWICZ (admitted *pro hac vice*)
3  JOHN R. LABBE (admitted *pro hac vice*)
   CULLEN N. PENDLETON (admitted *pro hac vice*)
4  MARSHALL, GERSTEIN & BORUN LLP
   6300 Sears Tower
5  233 South Wacker Drive
   Chicago, Illinois 60606-6357
6  (312) 474-6300 (telephone)
   (312) 474-0448 (facsimile)
7  E-Mail: tross@marshallip.com
   E-Mail: kflowers@marshallip.com
8  E-Mail: jdean@marshallip.com
   E-Mail: mizraelewicz@marshallip.com
9  E-Mail: jlabbe@marshallip.com
   E-Mail: cpendleton@marshallip.com
10
   Counsel for Defendants
11 ILLUMINA, INC., SOLEXA, INC.,
   and STEPHEN C. MACEVICZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No. 07-CV-02845 WHA |
| | District Judge William H. Alsup |
| Plaintiff/counterdefendant, | **DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE AB'S "DISGORGEMENT DAMAGES" THEORY AND OTHER THEORIES OF DAMAGES** |
| - vs. - | |
| ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | Date: September 8, 2008<br>Time: 2:00 P.M.<br>Place: Courtroom 9, 19th Floor |
| Defendants/counterclaimants. | |

1   The Court should exclude AB's reliance on any theory of "disgorgement damages" against Defendant Macevicz because AB did not plead disgorgement or restitution as a remedy against Macevicz. Rather, AB's restitution theory is merely an attempt to end-run this Court's earlier ruling excluding AB's damages claims against Macevicz. Although restitution is technically a remedy distinct from damages, it is also a remedy that, like damages, AB did not plead against Macevicz. Injunctive relief is the only remedy that AB pled against Macevicz. Indeed, under the release that AB gave Macevicz before this litigation began, AB released Macevicz of all liability other than equitable relief, and the form of restitution that AB now seeks against Macevicz is technically a legal form of relief tantamount to damages.

The Court should also exclude AB's other damage theories under F.R.C.P. 37(c)(1) because AB has never provided sufficient fact or expert discovery to support them. Moreover, under the American Rule, AB may not recover legal fees for its ownership claims. And absent actual damages, AB may not recover punitive damages.

## BACKGROUND

On May 30, AB first disclosed in the expert report of Dr. Alan J. Cox, an economist, that it would seek "disgorgement damages" from Macevicz for his alleged misappropriation of the inventions underlying the patents-in-suit.[1] In its First Amended Complaint, the only remedy that AB sought against Macevicz was injunctive relief.[2] Later, the Court denied AB's request for leave to file a second amended complaint that would have added damages claims against Macevicz.[3]

But according to Dr. Cox, AB is entitled to recover disgorgement damages measured by the value of the stock options that Macevicz received in exchange for assigning his inventions to Lynx Therapeutics, Inc. ("Lynx") in 1995. Dr. Cox uses various methodolo-

---

[1] Declaration of John R. Labbé in Supp. of Defs.' Mot. in Limine No. 1 ("Labbé Decl."), Ex. 1 at 6 (Expert Report of Alan J. Cox, Ph.D.).
[2] Labbé Decl., Ex. 2 at 13 ¶ 4 (AB's First Amended Complaint).
[3] Docket No. 196 (order denying AB leave to amend).

**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE AB'S "DISGORGEMENT DAMAGES" THEORY AND OTHER THEORIES OF DAMAGES; CASE NO: 07-CV-02845 WHA**

gies to approximate the value of all the stock option grants that Macevicz received while working at Lynx.[4]

Dr. Cox also alleges that AB is entitled to recover damages for its legal fees in this litigation, disruption to its business, and errors in the prosecution of the patents-in-suit. But rather than explain the factual basis for these allegations, Dr. Cox merely says that AB will provide a "full accounting" at trial.[5]

## ARGUMENT

### I. THE COURT SHOULD EXCLUDE AB'S "DISGORGEMENT DAMAGES" OR RESTITUTION THEORY

#### A. AB May Not Seek "Disgorgement Damages" Because It May Not Seek Damages Against Macevicz

According to Dr. Cox, the value of the stock options that Macevicz received in exchange for assigning his patent rights to Lynx is "[a]n additional component of damages" that AB is entitled to recover.[6] Dr. Cox categorizes these damages as "disgorgement damages."[7] But the Court has already ruled that AB may not seek damages from Macevicz.[8] AB did not plead damages against Macevicz in its First Amended Complaint, and the Court later denied AB's request for leave to file a further amended complaint that would have added damages claims against Macevicz.[9] Accordingly, the Court should exclude AB from seeking "disgorgement damages" from Macevicz at trial.

#### B. AB Also Did Not Plead Restitution as a Remedy Against Macevicz

AB will likely argue that the "disgorgement damages" that Dr. Cox outlines in his expert report are not really damages, but rather a form of restitution, which is technically a remedy distinct from damages.[10] "Restitution measures the remedy by the defendant's gain

---

[4] Labbé Decl., Ex. 1 at 6-10.
[5] *Id.* at 11.
[6] *Id.* at 3.
[7] *Id.* at 6.
[8] Docket No. 196 (order denying AB leave to amend).
[9] *Id.*
[10] *See Colgan v. Leatherman Tool Group, Inc.*, 38 Cal. Rptr. 3d 36, 59 (Cal. Ct. App. 2006) (noting that damages and restitution are different remedies).

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE AB'S "DISGORGEMENT DAMAGES" THEORY AND OTHER THEORIES OF DAMAGES; CASE NO: 07-CV-02845 WHA

2

and seeks to force disgorgement of that gain. It differs in its goal or principle from damages, which measures the remedy by the plaintiff's loss and seeks to provide compensation for that loss."[11]

But AB has not pled restitution as a remedy against Macevicz. Neither the term "restitution" nor "disgorgement" appears anywhere in AB's First Amended Complaint.[12] Although AB alleges a cause of action seeking the imposition of a constructive trust against Macevicz,[13] AB does not and cannot seek the disgorgement outlined in Dr. Cox's expert report under a constructive trust theory. The only remedy that AB seeks under its constructive trust theory against Macevicz is injunctive relief.[14] Specifically, AB contends that Macevicz and/or Illumina holds the patents-in-suit in trust for AB's benefit. Under this theory, AB asks the court to impose a constructive trust over the patents and order the Defendants to give the patents to AB.

In fact, an award of the patents themselves is the only relief that AB *may* seek under a constructive trust theory. A constructive trust is an equitable, restitutionary remedy under which a plaintiff may seek the return of specific property.[15] In this case, AB seeks return of the patents. But disgorgement equal to the value that Macevicz received when he sold the patents to Lynx is not a cognizable remedy under a constructive trust theory. The *Dobbs* treatise describes the difference between a constructive trust and other forms of restitution as follows:

> For example, if the defendant fraudulently obtained title to Blackacre from the plaintiff, the plaintiff might ask the court to declare a "constructive trust," the upshot of which would be to order the defendant to reconvey Blackacre to the plaintiff. Such a claim is restitutionary and also historically regarded as equitable.

---

[11] 1 Dan B. Dobbs, *Dobbs Law of Remedies* 555 (2d ed. 1993).
[12] Labbé Decl., Ex. 2.
[13] *Id.* at 10-11, 13.
[14] *Id.* at 13.
[15] *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 947 (Cal. 2003) ("To create a constructive trust, there must be a res, an 'identifiable kind of property or entitlement in defendant's hands.'" (quoting 1 Dan B. Dobbs, *Dobbs Law of Remedies* 589-90 (2d ed. 1993))).

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE AB'S "DISGORGEMENT DAMAGES" THEORY AND OTHER THEORIES OF DAMAGES; CASE NO: 07-CV-02845 WHA

3

> *If the same plaintiff merely asked for the money value of Blackacre or the sums gained by the defendant in selling that famous property, then the claim could still be restitutionary but it would now be a claim "at law."*[16]

Under the disgorgement theory found in Dr. Cox's expert report, AB does not seek the return of particular property from Macevicz. Rather, Dr. Cox estimates the value that Macevicz received from Lynx when he assigned his inventions to Lynx and alleges that AB is entitled to recover an equal amount of money from Macevicz. But AB did not plead this remedy against Macevicz and it is not available under its constructive trust theory. Rather, a constructive trust "requires 'money or property identified as belonging in good conscience to the plaintiff [which can] clearly be traced to particular funds or property in the defendant's possession.'"[17] "[W]here 'the property [sought to be recovered] or its proceeds have been dissipated so that no product remains, [the plaintiff's] claim is only that of a general creditor,' and the plaintiff 'cannot enforce a constructive trust of or an equitable lien upon other property of the [defendant].'"[18] Because the only particular property to which AB can allegedly trace an entitlement are the patents-in-suit themselves, AB may not seek disgorgement damages from Macevicz under its constructive trust theory, and AB has not pled any other theory of restitution.

### C. AB May Not Seek "Disgorgement Damages" from Macevicz Under the Release AB Gave Macevicz

Before this litigation began, both AB and Illumina gave Macevicz a release "from liability for monetary damages based on any claims arising out of or related to" the patents-in-suit, with the exception that the parties did not release Macevicz "from liability for equitable relief for any claim they may have."[19] Because the "disgorgement damages" outlined in Dr. Cox's report are monetary, AB may not seek this relief against Macevicz. Even if the

---

[16] 1 Dan B. Dobbs, *Dobbs Law of Remedies* 556 (2d ed. 1993) (emphasis added).

[17] *Korea Supply*, 63 P.3d at 947 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002)) (alteration in original).

[18] *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213-14 (2002) (quoting *Restatement of Restitution* § 215, Comment a, at 867 (1936)) (alteration in original).

[19] Labbé Decl., Ex. 3 at 1-2.

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE AB'S "DISGORGEMENT DAMAGES" THEORY AND OTHER THEORIES OF DAMAGES; CASE NO: 07-CV-02845 WHA

4

disgorgement that AB seeks is restitutionary, because AB's disgorgement theory does not seek the return of specific property that was taken from AB, it is not an equitable remedy, but rather a legal form of restitution tantamount to damages.[20] Accordingly, the release is yet another reason that AB may not seek disgorgement damages from Macevicz.

## II. THE COURT SHOULD ALSO EXCLUDE AB'S ADDITIONAL DAMAGES THEORIES

AB's First Amended Complaint seeks "[a]ctual, incidental, and consequential damages," as well as punitive damages, against Solexa and Illumina. But the Court should exclude AB's damages theories against Solexa and Illumina because AB has never provided sufficient fact or expert discovery to support any of those theories, AB may not recover attorney fees as damages under the American Rule, and AB may not recover punitive damages without first proving actual damages.

### A. AB Has Not Provided Discovery to Substantiate Its Actual Damages

Solexa's Interrogatory No. 16 to AB requested the "complete factual basis for [AB's] contention in [its] Complaint that [it] [has] been damaged financially as a result of the acts of which [AB] complain[s]."[21] AB objected to this interrogatory saying that it "is directed at information that is properly the subject of expert opinion and testimony."[22] AB further responded saying that it has been damaged by "the cost of negotiating and litigating with Defendants, and the potential revenues and benefits that AB could have received" from the patents-in-suit.[23] AB provided no further facts to substantiate these claims.

In his expert report regarding damages, Dr. Cox fails to provide any additional facts or analysis to substantiate AB's damages claims. Rather, Dr. Cox merely lists several conclusory allegations regarding damages and promises that AB "will make a full accounting" regarding those damages at trial.[24] Specifically, Dr. Cox alleges that AB has been damaged

---

[20] *See* discussion *supra* § 1.B.
[21] Labbé Decl., Ex. 4 at 21.
[22] *Id.* at 22.
[23] *Id.*
[24] Labbé Decl., Ex. 1 at 11.

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE AB'S "DISGORGEMENT DAMAGES" THEORY AND OTHER THEORIES OF DAMAGES; CASE NO: 07-CV-02845 WHA

5

by the legal fees to prosecute this case, disruption to its business, and potential errors in the prosecution of the patents-in-suit.[25]

AB is thwarting the discovery process by not ever having explained any of these damages theories at a time before trial. In response to Solexa's interrogatory, AB first said that it would require expert testimony to substantiate its damages claims. Then, in his expert report, Dr. Cox simply said that AB will provide an accounting of damages at trial. AB has never provided any discovery to substantiate its damages theories. Accordingly, under F.R.C.P. 37(c)(1), the Court should exclude all of AB's damages theories.

### B. AB May Not Recover Attorney Fees as Damages

Moreover, AB may not seek legal fees as damages under the American Rule, which has been codified in California as follows: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ."[26] No statute authorizes AB to seek attorney fees as damages for its state-law ownership claims.[27] Accordingly, the American Rule provides an additional basis for the Court to exclude AB's theory that it has been damaged by expending legal fees on this case.

### C. AB May Not Recover Punitive Damages

Finally, under California law, actual damages are an absolute prerequisite to an award of punitive damages.[28] Because AB cannot substantiate any actual damages, the Court should not allow AB to ask the jury to award it punitive damages.

---

[25] *Id.*

[26] Cal. Civ. Proc. Code § 1021 (West 2008).

[27] Although Cal. Civ. Code § 3336 provides that damages for conversion may include "fair compensation for the time and money properly expended in pursuit of the property," that statute does not authorize recovery of attorney fees or litigation expenses. *See, e.g.*, *Haines v. Parra*, 239 Cal. Rptr. 178, 181 (Cal. Ct. App. 1987).

[28] *See, e.g.*, *Kizer v. County of San Mateo*, 806 P.2d 1353, 1357 (Cal. 1991) ("In California, as at common law, actual damages are an absolute predicate for an award of exemplary or punitive damages.").

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE AB'S "DISGORGEMENT DAMAGES" THEORY AND OTHER THEORIES OF DAMAGES; CASE NO: 07-CV-02845 WHA

6

## CONCLUSION

The Court should exclude AB's "disgorgement damages" theory because AB may not seek damages from Macevicz and because the disgorgement that AB seeks is a legal remedy tantamount to damages. AB did not plead restitution or disgorgement against Macevicz, and it is not a remedy available under AB's claim for a constructive trust.

The Court should also exclude all other forms of damages that AB seeks against Solexa and Illumina. AB has never provided fact or expert discovery to substantiate these claims, AB may not seek legal fees as damages under the American Rule, and AB may not recover punitive damages without first proving actual damages.

Dated: August 19, 2008         Respectfully submitted,

   /s/ John R. Labbé
THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ  (admitted pro hac vice)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

*Attorneys for Defendants*

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE AB'S "DISGORGEMENT DAMAGES" THEORY AND OTHER THEORIES OF DAMAGES; CASE NO: 07-CV-02845 WHA

7