# EXHIBIT 4

```
 1   BRYAN WILSON (CA BAR NO. 138842)
     ERIC C. PAI (CA BAR NO. 247604)
 2   MORRISON & FOERSTER LLP
     755 Page Mill Road
 3   Palo Alto, California 94304-1018
     Telephone: 650.813.5600
 4   Facsimile: 650.494.0792
     E-Mail: BWilson@mofo.com; EPai@mofo.com
 5
     DAVID C. DOYLE (CA SBN 70690)
 6   STEVEN E. COMER (CA SBN 154384)
     BRIAN M. KRAMER (CA SBN 212107)
 7   MORRISON & FOERSTER LLP
     12531 High Bluff Drive, Suite 100
 8   San Diego, California 92130-2040
     Telephone: 858.720.5100
 9   Facsimile: 858.720.5125
     E-Mail: DDoyle@mofo.com; SComer@mofo.com;
10   BMKramer@mofo.com

11   Attorneys for Plaintiff
     APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP
12
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No. C07 02845 WHA<br><br>**APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA, INC.'S FIRST SET OF INTERROGATORIES** |
|---|---|

PROPOUNDING PARTY:    SOLEXA, INC.

RESPONDING PARTY:     APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

SET NUMBER:           ONE

---

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

1

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Applera Corporation – Applied Biosystems Group ("Applied Biosystems" or "AB") responds to Defendant Solexa, Inc.'s First Set of Interrogatories (the "Interrogatories") as follows:

AB makes the general and specific objections and responses herein (collectively, the "Responses") based solely on its current knowledge, understanding, and belief with respect to the facts and information available to AB as of the date of the Responses. Additional discovery, investigation, or analysis may lead to additions to, changes in, or other modifications of these Responses. The Responses are given without prejudice to AB's right to amend and/or supplement these Responses at any time.

AB makes these Responses with the understanding that Lynx Therapeutics, Inc. ("Lynx") acquired Solexa, Inc. ("Solexa"), and that the combined companies of Lynx and Solexa became known as Solexa. AB is further informed and believes that effective January 26, 2007, Illumina, Inc. ("Illumina") acquired Solexa. References to Illumina in these Responses include Illumina, Solexa, and Lynx.

## GENERAL OBJECTIONS

1. AB objects to each Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. AB does not waive any objection made in these Responses, nor any claim of privilege, whether expressly asserted or not, by responding to the Interrogatories, identifying documents, agreeing to produce documents, or producing any document or thing in response to the Interrogatories. The inadvertent production of any document or thing shall not constitute a waiver of any attorney-client privilege, attorney work product protection, or any other applicable privilege.

2. AB objects to each Interrogatory to the extent that it seeks proprietary, confidential, or private business information, including information constituting or pertaining to trade secrets, personnel information and/or competitively sensitive information. AB further objects to providing such highly confidential information in an interrogatory response because

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

2

1  Defendants have not agreed to a protective order that would provide the appropriate level of
2  protection for these Responses.
3       3.    AB objects to each Interrogatory to the extent it seeks information not in AB's
4  possession, custody, or control.
5       4.    AB objects to each Interrogatory to the extent that it seeks information that is
6  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relevant
7  to the subject matter of this action.
8       5.    AB objects to each Interrogatory to the extent it purports to impose obligations on
9  AB beyond those required or authorized by the Federal Rules of Civil Procedure and the Local
10 Rules of Practice in Civil Proceedings before the United States District Court for the Northern
11 District of California.
12      6.    AB objects to each Interrogatory to the extent it seeks the confidential information
13 of AB or third parties.
14      7.    AB objects to each Interrogatory to the extent it purports to require AB to search
15 for files from every single AB employee and location. AB will conduct a diligent search from
16 employees and locations reasonably likely to have responsive information.
17      8.    AB objects to listing on a privilege log any documents or communications
18 between AB and its counsel protected from disclosure under the attorney-client privilege, the
19 attorney work product doctrine, and/or any other privilege or protection and created subsequent to
20 December 26, 2006.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

State in detail the complete factual basis for Your Second Cause of Action for Interference with Contract against Solexa, including the identification of each witness on whose testimony, and each document or thing containing information on which, You may rely to support Your claim, and the nature of that testimony and/or information.

**RESPONSE TO INTERROGATORY NO. 14:**

AB incorporates the General Objections stated above. AB further objects to providing this highly confidential information in an interrogatory response because Defendants have not agreed to a protective order that would provide the appropriate level of protection for this Response. AB further objects to this Interrogatory as overbroad and burdensome. Subject to these objections, AB responds as follows. AB is searching for and investigating its license agreements and will timely supplement this Response as appropriate.

**INTERROGATORY NO. 15:**

Identify every oral and written opinion or other communication (including opinions of counsel) that refers or relates to the validity or invalidity of any of the Patents, the enforceability or unenforceability of any of the Patents, and/or whether the use of Your SOLiD™ System or any related system infringes or would infringe any of the Patents.

**RESPONSE TO INTERROGATORY NO. 15:**

AB incorporates the General Objections stated above. AB further objects that this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. AB further objects to providing this information at this time because, pursuant to Patent Local Rules 2-5(d) and 3-8, as well as the case schedule set by the Court, the response to this question is not yet due. AB will provide its response pursuant to the schedule set by the Patent Local Rules and the Court.

**INTERROGATORY NO. 16:**

State in detail the complete factual basis for Your contention in Your Complaint that You have been damaged financially as a result of the acts of which You complain. A complete response to this interrogatory will include the amount of such damage, the component parts of such damage (e.g., lost profits, royalties, detrimental economic reliance), and the method of calculation for each, and the identification of each witness on whose testimony, and each document or thing containing information on which, You may rely to support Your answer to this interrogatory, and the nature of that testimony and/or information.

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

21

**RESPONSE TO INTERROGATORY NO. 16:**

AB incorporates the General Objections stated above. AB further objects that this Interrogatory is premature, overly broad, vague and ambiguous, and compound. AB further objects that this Interrogatory is directed at information that is properly the subject of expert opinion and testimony. Subject to its objections, AB responds as follows. AB has been damaged by, among other things and without limitation, the cost of negotiating and litigating with Defendants, and the potential revenues and benefits that AB could have received from licensing, enforcing, and/or commercializing the inventions in the Application, the Patents, the Foreign Patents and Applications, and the other patent applications that Macevicz offered to assign to Lynx, if AB had known about them.

**INTERROGATORY NO. 17:**

State in detail the complete factual basis for Your contention in Your Complaint that Solexa's alleged conduct was intentional, willful, and/or malicious. A complete response to this interrogatory will include identification of each witness on whose testimony, and each document or thing containing information on which, You may rely to support Your answer to this interrogatory, and the nature of that testimony and/or information.

**RESPONSE TO INTERROGATORY NO. 17:**

Subject to its objections, including the General Objections stated above, AB responds as follows. AB incorporates its Response to Interrogatories Nos. 1-6. AB also incorporates its papers in support of its motion to dismiss and its motion for summary judgment (Docket Nos. 61-63, 80-81). AB owned and continues to own the Application, the Patents and the Foreign Patents and Applications. Without AB's consent, Lynx intentionally took possession of the Application, the Patents, and the Foreign Patents and Applications. Macevicz submitted the Application while he was working for AB, and Lynx knew or should have known that the subject matter of the Application, the Patents, and the Foreign Patents and Applications related to AB's business.

Under the Invention Agreement, Macevicz holds and held the Application, the Patents, and the Foreign Patents and Applications in trust for AB. Although Macevicz purported to assign the Application, the Patents, and the Foreign Patents and Applications to Lynx, Macevicz had no

APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSES TO SOLEXA'S FIRST SET OF ROGS
Case No. C07 02845 WHA
sd-412969

22

**INTERROGATORY NO. 18:**

Describe in detail the product market in which Your SOLiD™ System competes, including identification of competitor products and their estimated share of the market, identification of customers by type of product use, identification of price considerations or functional needs, identification of competition differences and similarities, and identification of all documents evidencing Your analysis of the products market.

**RESPONSE TO INTERROGATORY NO. 18:**

AB incorporates the General Objections stated above. AB further objects that this Interrogatory is premature, overly broad, vague and ambiguous, and compound. AB further objects that this Interrogatory is directed at information that is properly the subject of expert opinion and testimony. Subject to its objections, AB responds as follows. SOLiD competes in the market for DNA sequencers, and the included sub-market for next-generation sequencers. Some of the competitors in the market for next-generation sequencing include Solexa, 454 Life Sciences, and Helicos BioSciences.

Dated: February 28, 2008            MORRISON & FOERSTER LLP

                                    By: _____
                                        Eric C. Pai

                                    Attorneys for Plaintiff
                                    APPLERA CORPORATION –
                                    APPLIED BIOSYSTEMS GROUP