THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No. 07-CV-02845 WHA |
| | District Judge William H. Alsup |
| Plaintiff/counterdefendant, | **DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO MACEVICZ AS A FIDUCIARY** |
| - vs. - | |
| ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | Date: September 8, 2008
Time: 2:00 P.M.
Place: Courtroom 9, 19th Floor |
| Defendants/counterclaimants. | |

The Court should exclude AB from presenting any testimony or argument regarding the fiduciary relationship between Defendant Macevicz and AB. The alleged fiduciary relationship between Macevicz and AB arises out of the attorney-client relationship between the parties. But under the one-year statute of limitations of California Civil Code § 340.6 for a "wrongful act or omission" of an attorney, AB's claims for breach of fiduciary duty and constructive fraud are time barred. Although AB filed an earlier complaint in California state court on December 26, 2006, AB did not plead breach of fiduciary duty or constructive fraud until it commenced this litigation in this Court on May 31, 2007. But AB admits that it knew of Macevicz's patents by February 2006. Because AB's breach of fiduciary duty claim is time barred, any testimony or argument at trial about Macevicz owing AB a fiduciary duty will be irrelevant and prejudicial to Defendants, and thus the Court should exclude it under F.R.E. 402 and 403.

## BACKGROUND

On May 31, 2007, AB commenced this action with the filing of its Complaint asserting, among others, causes of action for breach of fiduciary duty and constructive fraud.[1] Although AB asserted some of its claims in a California state-court action initiated on December 26, 2006, AB did not assert either breach of fiduciary duty or constructive fraud in that case. Before AB voluntarily dismissed its state-court case, the parties in this case entered a stipulation that AB's claims would be treated as if they were filed on December 26, 2006, except for those claims that AB did not plead in its state-court complaint (*i.e.*, breach of fiduciary duty and constructive fraud).[2]

## ARGUMENT

Under F.R.E. 402 and 403, the Court should exclude AB from presenting evidence or argument at trial regarding Macevicz's role as a fiduciary because that evidence will be irrelevant and prejudicial. Based on AB's own admissions, its breach of fiduciary duty claim and constructive fraud claim (which is premised on Macevicz's alleged breach of fi-

---

[1] Docket No. 1-5.
[2] Docket No. 30.

duciary duty) are barred by California's one-year statute of limitations for a "wrongful act or omission" by an attorney.

AB disputes that it knew about Macevicz's patents before February 2006. But because AB did not initiate its fiduciary duty or constructive fraud claims until May 31, 2007, those two claims are clearly barred by the one-year statute of limitations for actions alleging attorney misconduct. Although AB may present its other claims, most notably breach of contract, to the jury, AB should not be allowed to present irrelevant evidence about Macevicz's alleged fiduciary duties, which would be prejudicial to the Defendants.

**I.   AB CANNOT SUCCEED ON ITS BREACH OF FIDUCIARY DUTY OR CONSTRUCTIVE FRAUD CLAIMS**

**A.   California's One-Year Statute of Limitations for Commencing Actions "Against an Attorney for a Wrongful Act or Omission" Applies to AB's Fiduciary Duty and Constructive Fraud Claims**

California Code of Civil Procedure § 340.6 sets forth a special one-year statute of limitations for actions against an attorney:

> a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist:
>
> (1) The plaintiff has not sustained actual injury;
>
> (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred;
>
> (3) The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation; and
>
> (4) The plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action.[3]

Section 340.6 applies to *any* action against an attorney "for a wrongful act or omis-

---

[3] Cal. Civ. Proc. Code § 340.6.

sion, other than for actual fraud."[4] Therefore, the statute applies to AB's breach of fiduciary duty and constructive fraud claims, neither of which is premised on actual fraud. For example, in *Stoll v. Superior Court*, the court decided that the one-year statute applied to a breach of fiduciary duty claim against an attorney who had been retained to assist a client in purchasing property for a ski resort.[5] In that case, the attorney failed to disclose to his client that he had a conflict of interest because he had previously entered a "finder's fee agreement" with another party to assist with the sale of the ski resort that the client ultimately purchased.[6] After a careful consideration of the legislative intent and policy justifications underlying section 340.6, the court reversed the trial court's application of the "catch-all" four-year statute of limitations found in California Code of Civil Procedure § 343.[7] The Court held, and the courts since have agreed, that an action against an attorney complaining of a breach of fiduciary duty is governed by the one-year rule in section 340.6 because the statute applies to any claim against an attorney other than for actual fraud.[8]

> **B.  AB Concedes That It Knew About the Patents and the Basis for Its Claims More Than One Year Before It Commenced This Action**

AB concedes that it knew about the patents before May 31, 2006, one year before it commenced this action. In its Complaint, AB admits that it knew about the patents no later than February 2006.[9] And, Dr. Paul Grossman, who was the Vice President in charge of AB's patent department from 2001 until he left AB in 2007,[10] said he considered whether Dr. Macevicz should have assigned his patents to AB "as soon as he saw the patents":

---

[4] *Stoll v. Superior Court*, 12 Cal. Rptr. 2d 354, 357 (Cal. Ct. App. 1992).
[5] *Id.*
[6] *Id.* at 355.
[7] *Id.* at 357.
[8] *Id.* at 354, 357; *see also Quintilliani v. Mannerino*, 72 Cal. Rptr. 2d 359, 367-68 (Cal. Ct. App. 1998) (applying one-year statute of limitations to breach of fiduciary duty claim against an attorney).
[9] Docket No. 46, ¶ 16.
[10] Docket No. 122, ¶¶ 2, 3 (Grossman Decl.); Docket No. 152-4 at 83:13-84:6; 89:5-9 (Grossman deposition). Dr. Grossman led AB's patent department in early 2006, when AB says it first learned of the Macevicz patents. Docket No. 122, ¶ 6.

DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO MACEVICZ AS A FIDUCIARY;
CASE NO: 07-CV-02845 WHA

3

> Q. When did you first consider that AB was the rightful owner of the Macevicz patents that you were discussing with Agencourt?
>
> A. As soon as I saw the patents.
>
> Q. So when you saw the Macevicz patents, it would have occurred to you or did occur to you that based on the time that those patents issued Dr. Macevicz should have assigned them to AB?
>
> A. Yes.[11]

Because Dr. Grossman admits that he learned about the Macevicz patents by about March of 2006,[12] and because he immediately realized that AB had a claim to the patents, AB's breach of fiduciary duty and constructive fraud claims are barred because AB did not file those claims until May 31, 2007.[13]

## II. AB'S FIDUCIARY DUTY CLAIM CANNOT SUPPORT ITS "EQUITABLE TITLE" DEFENSE

AB may argue that even if the statute of limitations bars its breach of fiduciary duty and constructive fraud claims, the Court should nevertheless allow AB to try those claims because they may form the basis for AB's "equitable title" defense to patent infringement. But AB's equitable title defense only arises if Macevicz was obligated to assign his inventions to AB, therefore according AB a "beneficial interest" in the patents.[14] Any duty that Macevicz may have had to assign his inventions to AB, however, was based on his contractual duties under his Employee Invention Agreement.[15] AB cannot convert this contractual duty into a fiduciary duty. "[A]n omission to perform a contract obligation is never a tort,

---

[11] Docket No. 152-4 at 112:4-12.

[12] Docket No. 122, ¶ 6.

[13] Under the language of the rule itself, relation back of claims under F.R.C.P. 15(c) only applies to *amended* pleadings, not to entirely new lawsuits filed in a different court.

[14] *See, e.g.*, *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1578 n.3 (Fed. Cir. 1991) ("Equitable title may be defined as the 'beneficial interest of one person whom equity regards as the real owner, although the legal title is vested in another.'" (quoting *Black's Law Dictionary* 1486 (6th ed. 1990))).

[15] *Id.* at 1581 ("[A]n agreement to assign in the future inventions not yet developed may vest the promisee with equitable rights in those inventions once made . . . .").

unless that omission is also an omission of a legal duty."[16] Applying this rule, this Court in *McGehee v. Coe Newnes/McGehee ULC* found that the alleged breach of the assignment provision of an invention agreement could not form the basis for a separate tort claim based on conversion because any duty "with respect to the patents and inventions necessarily arose only from contract."[17] The same is true in this case. To the extent that Dr. Macevicz owed AB a duty to assign it certain inventions, that duty arose from his Employee Invention Agreement, not a fiduciary duty. Even if AB were to prove that Macevicz breached a fiduciary obligation to tell AB about his invention or avoid entering an indemnity agreement with Lynx, those duties cannot form the basis for AB's claim to equitable title because they would not vest AB with a beneficial interest in the patents.

Moreover, even if the Court does not allow AB to argue Macevicz's fiduciary duties to the jury, AB can still appeal to the Court for relief under its equitable title defense after the jury returns its verdict. At the end of the ownership trial, the Court will have heard all the relevant evidence to enable it to decide whether to allow AB's equitable title defense. Because the jury will not decide AB's equitable title defense, and because AB's affirmative claims for breach of fiduciary duty and constructive fraud are time barred, there is no need for AB to present evidence at trial about Macevicz's fiduciary duties.

### III. MACEVICZ'S ROLE AS A FIDUCIARY WILL BE IRRELEVANT TO DEFENDANTS' STATUTE OF LIMITATIONS DEFENSE AT TRIAL

AB may also argue that it must be permitted to present evidence about Macevicz's fiduciary duties in order to defeat Defendants' inquiry notice arguments under the statute of limitations for AB's other ownership claims. AB has argued that it could not have been on inquiry notice of Macevicz's alleged wrongdoing because he was a fiduciary, and thus AB cannot be faulted for not suspecting him of wrongdoing.[18] But Defendants do not intend to advance inquiry notice as a basis for its statute of limitations defense at trial. Rather, De-

---

[16] *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 460 (Cal. 1994) (quoting *Jones v. Kelly*, 208 Cal. 251, 255, 280 P. 942 (1929)).
[17] *McGehee v. Coe Newnes/McGehee ULC*, 2004 WL 2452855, *3 (N.D. Cal. 2004).
[18] Docket No. 119 at 9-12.

fendants will only rely on AB's actual notice (through the knowledge of attorney Vincent Powers and other AB employees) and the application of the four-year statute of limitations for actions against attorneys for wrongdoing, for which inquiry notice is irrelevant. Because Defendants will not rely on inquiry notice at trial, AB need not present evidence regarding Macevicz's fiduciary duty to refute inquiry notice.

## CONCLUSION

The Court should exclude AB's reference to Macevicz as a fiduciary because any argument or evidence regarding Macevicz's fiduciary duty to AB would be irrelevant and prejudicial to the Defendants. AB's fiduciary duty and constructive fraud claims are time barred and evidence regarding Macevicz's fiduciary duties would have no other relevance at trial.

Dated: August 19, 2008             Respectfully submitted,

    /s/ John R. Labbé
THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted pro hac vice)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

*Attorneys for Defendants*