BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com; EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California  92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com; SComer@mofo.com; BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   C07 02845 WHA<br><br>**PLAINTIFF APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S RESPONSE TO SOLEXA'S MOTION FOR CLARIFICATION AND FOR LEAVE TO FILE MOTION SEEKING RECONSIDERATION OF THE COURT'S AUGUST 22, 2008 ORDER** |

## I. INTRODUCTION

The Court's Order Granting In Part And Denying In Part Plaintiff's Motion For Summary Judgment Of Non-Infringement And Denying Defendants' Motion For Partial Summary Judgment Of Infringement (the "Order"), as understood by AB, is correct in all respects. The Order correctly determines that the SOLiD System employing two-base encoding, which is the only SOLiD System ever sold, does not infringe the '341 or '597 patents. The Court correctly ruled that Illumina waived the doctrine of equivalents as to the '341 and '597 patents by failing to respond to AB's direct and specific (not "vague and conclusory") doctrine of equivalents argument in its Summary Judgment Motion. The Court's ruling is also correct that the Agencourt one-base encoding prototype did not infringe the '341 patent. In the prototype the initializing oligonucleotide probe did not hybridize to the target polynucleotide as required by the claims of the '341 patent and the Court's claim construction.

AB does not understand the Order to grant summary judgment that the one-base encoding prototype does not infringe the '597 patent. AB did not seek that relief in its motion. This does not mean, as argued by Illumina in seeking reconsideration, that <u>it</u> is entitled to summary judgment that the one-base encoding prototype <u>does</u> infringe the '597 patent. As explained herein and in AB's summary judgment briefing, multiple fact issues regarding infringement and AB's affirmative defenses preclude the granting of Illumina's motion.

## II. DISCUSSION

### A. Solexa Waived its Infringement Argument Under the Doctrine of Equivalents and Has Not Established Grounds for Reconsideration.

Solexa acknowledges that "[a] motion for leave to file a Motion for Reconsideration must specifically show that one or more of three specific grounds for reconsideration exist. L. R. 7-9(b)(1)-(3)." (Mot. at 3.) These three grounds are (1) a material difference in fact or law than that which was previously presented to the Court before entry of the order at issue; (2) new material facts or a change of law since entry of the order at issue; and (3) "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L. R. 7-9(b)(1)-(3). However, in requesting that this Court

reconsider its holding that Solexa waived the doctrine of equivalents, Solexa fails to establish, or even attempt to establish, the existence of at least one of these three grounds as required under the Rules of this Court.

Solexa does not dispute the Court's finding that in its opposition, "Solexa made no infringement argument under the doctrine of equivalents despite the fact it was raised by AB in its opening brief." (Mot. at 5.) Because Solexa did not dispute AB's doctrine of equivalents argument in its opposition, Solexa cannot now contend (1) that there is "a material difference in fact or law than …was presented to the Court"; (2) that there are "new material facts or a change of law"; or (3) that the Court manifestly failed "to consider material facts or dispositive legal arguments which were presented to the Court." L.R. 7-9(b)(1)-(3). This Court properly considered the absence of such facts and arguments in the face of AB's arguments, and affirmed that "[i]f a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." (Order at 19 n.6 (internal quotation omitted).) The Local Rules do not authorize a motion for reconsideration under these circumstances.

Instead of demonstrating grounds for leave to file a Motion for Reconsideration, Solexa makes the argument that it failed to make in its opposition, and thus waived. In doing so, Solexa selectively cites a portion of AB's doctrine of equivalents argument from its Motion for Summary Judgment: "Illumina is estopped based on the arguments it made during prosecution because Macevicz's arguments clearly and unambiguously narrowed the scope of the claims." (Mot. at 6 (internal quotation omitted).) Solexa then ignores the rest of AB's argument, falsely telling this Court that "AB did not identify which 'arguments' it was relying upon." (*Id.*)

In fact, the portion of AB's Motion selectively quoted by Solexa goes on to identify the arguments at issue as those "Macevicz made to the PTO" in which he "clearly and unambiguously narrowed the scope of the claims, surrendering subject matter relating to when in the claimed process the 'identifying' step must be performed." (AB's Motion at 16, Docket No. 207.) AB then cites pages 13-14 of this Court's Claim Construction Order, in which the Court, on page 14, quotes in full Macevicz's arguments to the PTO that were at issue. AB's citation to

1  Macevicz's PTO arguments is a more than sufficient ground for this Court's grant of summary
2  judgment under *Celotex*, which states that a motion for summary judgment "may, and should, be
3  granted so long as whatever is before the district court demonstrates that the standard for the entry
4  of summary judgment, as set forth in Rule 56(c) is satisfied." *Celotex Corp. v. Catrett*, 477 U.S.
5  317, 323 (1986).

6  Solexa moves from selective quoting to disingenuousness when it claims to be so
7  unfamiliar with AB's prosecution history argument that it could not be "required to 'fill-in-the-
8  blanks' in a speculative attempt to rebut AB's two vague and wholly conclusory sentences about
9  Macevicz's 'arguments' during prosecution." (Mot. at 6.) Solexa is intimately familiar with
10 AB's prosecution history estoppel arguments in this case. The Court, in fact, poked a little fun at
11 the parties in its Claim Construction Order on this subject: "[t]he parties spill much ink over how
12 the term 'identifying' should be construed." (Claim Const. Order at 13, Docket No. 133.) In
13 light of both parties' extensive, prior briefing of the estoppel issue, Solexa made a strategic
14 decision not to respond to AB's doctrine of equivalents argument, and instead concentrate on
15 literal infringement. Indeed, Illumina did not address the doctrine of equivalents at the motion
16 hearing despite AB having pointed out Illumina's waiver in its reply brief. (AB's MSJ Reply Br.
17 at 7, Docket No. 225.)

18 Because Solexa chose not "to assert a legal reason why summary judgment should not be
19 granted [with respect to AB's doctrine of equivalents arguments], that ground is waived and
20 cannot be considered or raised on appeal." (Order at 19 n.6 (quoting *Vaughner v. Pulito*, 804
21 F.2d 873, 877 n.2 (5th Cir. 1986)).) This Court was correct in holding that "Solexa has thus
22 waived its reliance on" its "infringement argument under the doctrine of equivalents." (*Id.*)

**B.  The One-Base Encoding Prototype Did Not Infringe the '341 Patent Because The Initializing Oligonucleotide Probe Was Hybridized to the Binding Region, Not the Target Polynucleotide.**

25 In its motion for reconsideration, Solexa neglected to mention that AB also argued that the
26 one-base encoding prototype did not infringe the '341 patent because the "initializing
27 oligonucleotide probe" was not "hybridized to the target polynucleotide" as required by all of the
28 claims of the '341 patent. (*See* AB's Opp'n at 11, Docket No. 216.) A key limitation of claim 1

of the '341 patent is that step (a) requires "an initializing oligonucleotide probe hybridized to a target polynucleotide." In its Claim Construction Order, the Court held that the express language of the claim requires that the initializing oligonucleotide probe hybridize to the target polynucleotide, not the binding region. (Claim Const. Order at 8-9.) No accused product – including the one-base encoding prototype at issue in Illumina's motion – met this limitation. Therefore, the Court correctly concluded that the one-base encoding prototype did not infringe the '341 patent as a matter of law.

There was no dispute over how this aspect of the prototype worked. The only dispute was the correct construction of "hybridized to a target polynucleotide," which the Court already resolved in determining the correct construction of "initializing oligonucleotide probe."

In its Claim Construction Order, the Court found that the patent clearly distinguishes between the binding region and the target polynucleotide:

> The language makes clear that a binding region and the target polynucleotide are connected, and together form the template. . . . <u>The binding region, target polynucleotide, and template are each distinct items</u>.

(*Id.* at 8-9 (emphasis added).) The Court held that the express language of the claim requires that the initializing oligonucleotide probe hybridize to the target polynucleotide, not the binding region. (*Id.*)

Illumina sought to reargue, through its expert, the same claim construction position the Court already rejected. Dr. Backman tried to conflate the "binding region" and the "target polynucleotide," despite the Court's conclusion that the terms are distinct: "I respectfully disagree with Judge Alsup's statement that the use of the term 'target polynucleotide' in claim 1 represents a 'drafting error.'" (Comer Decl. Ex. I (Backman Report) ¶ 136, Docket No. 212.) Dr. Backman then repeated Illumina's legal argument that the distinctions between the target polynucleotide, the binding region, and the template can be ignored as only part of a preferred embodiment. (*Id.* ¶ 136; Solexa's Reply Claim Const. Br. at 8, 11, Docket No. 100.) That position was addressed and rejected during claim construction. (Claim Const. Order at 9 ("The binding region, target polynucleotide, and template are each distinct items.").)

AB also showed that amendment-based estoppel barred Illumina from asserting the doctrine of equivalents because Macevicz narrowed the scope of the claim limitation at issue through an amendment in response to a rejection by the Patent Office. *Norian Corp. v. Stryker Corp.*, 432 F.3d 1356, 1363 (Fed. Cir. 2005) (citing *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 741 (2002)). In the original application, Macevicz drafted claim 1 to read "extending an initializing oligonucleotide along the polynucleotide." (Comer Decl. Ex. N at 28, Docket No. 212 (emphasis added).) This used the broad term "polynucleotide," rather than any of the specific terms Macevicz used in the specification: target polynucleotide, binding region, or template. The Examiner rejected this language as indefinite. (*Id.* Ex. D at 3.) In amending the claim in response to the rejection, Macevicz could have chosen to replace "polynucleotide" with any of the three specific terms he used in the specification – "target polynucleotide," "binding region," or "template." He chose "target polynucleotide" and thereby relinquished any additional claim scope that would have been covered by those other terms or by the original term "polynucleotide." (*Id.* Ex. E at 2-3.) Illumina cannot recapture that relinquished claim scope through the doctrine of equivalents.[1]

Illumina's only response was to try to duck under an exception that applies when "the rationale underlying the amendment . . . bear[s] no more than a tangential relation to the equivalent in question." *Festo Corp.*, 535 U.S. at 740. (Illumina's Opp'n at 18-19, Docket No. 213.) The Federal Circuit cautions that this exception "for overcoming the *Festo* presumption is very narrow." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 480 F.3d 1335, 1342

---

[1] Even if Illumina had been entitled to assert the doctrine of equivalents, it could not (and did not attempt to) show that hybridizing the primer to the binding region is equivalent to hybridizing the primer to the target polynucleotide. Its expert, Dr. Backman, had already admitted that hybridizing the primer to a fully-known binding region provides advantages in efficiency, consistency, and convenience:

> Linking the target polynucleotide to a binding region of known sequence is advantageous because it allows predesigned initializing oligonucleotides to be used in the claimed method. . . . Because these regions and oligonucleotides are pre-designed, they can be tested, optimized, and kept conveniently at hand for use.

(Comer Decl. Ex. I (Backman Report) ¶ 138, Docket No. 212.)

1  (Fed. Cir. 2007), *cert. denied*, 128 S. Ct. 614 (2007).  The amendment changing "polynucleotide"

2  to "target polynucleotide" does not fit this very narrow exception for two alternative reasons.

3        First, no rationale was given for the amendment.  "If the prosecution history reveals no

4  reason for the narrowing amendment, the presumption is not rebutted.  Silence does not overcome

5  the presumption."  *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 523 F.3d 1304, 1315-16

6  (Fed. Cir. 2008) (citation omitted).  Illumina conceded that no reason was given:

7      [In the amendment] in which the applicant explained the rationales
       underlying the various amendments to the pending claims, there is
8      <u>no</u> discussion of the change of "polynucleotide" to "target
       polynucleotide" (or of the terms "binding region" or "template").
9

10  (Illumina's Opp'n at 19, Docket No. 213.)  This was an admission that the tangential relation

11  exception cannot be met.

12        Second, if there were any reason for changing "polynucleotide" to "target

13  polynucleotide," it was to overcome the indefiniteness rejection by specifying where the

14  initializing oligonucleotide hybridizes, which is directly related to the equivalent in question.  The

15  indefiniteness rejection was based on where the initializing oligonucleotide hybridizes:

16      The claims are vague and indefinite because in the independent
        Claim 1, it is unclear as to what limitations are involved in the
17      identifying step (b) and how it is related to step (a), for instance, <u>the
        relative position of the nucleotide(s), with respect to the initializing
18      oligonucleotide</u>, the oligonucleotide probe and the duplex, which is
        to be identified is not recited.
19

20  (Comer Decl. Ex. D ¶ 3, Docket No. 212 (emphasis added).)  Amending the claim to specify "an

21  initializing oligonucleotide probe hybridized to a <u>target</u> polynucleotide" surrendered any claim

22  scope over potential equivalents based on hybridizing the initializing oligonucleotide probe

23  elsewhere, such as the binding region or template.  Illumina was therefore precluded from

24  asserting the doctrine of equivalents.

25        Illumina further precluded itself from relying on the doctrine of equivalents by not

26  addressing it in opposition to AB's motion.  *PC Connector Solutions LLC v. Smartdisk Corp.*,

27  406 F.3d 1359, 1364 (Fed. Cir. 2005) (affirming summary judgment of noninfringement where

28  patentee offered only "conclusory statements regarding equivalence").  Illumina's opposition did

1  not even offer conclusory statements regarding equivalence – it simply asserts without
2  explanation that there is a "factual dispute." (Illumina's Opp'n at 17, Docket No. 213.)
3  Accordingly, Illumina waived the doctrine of equivalents as a ground for opposing summary
4  judgment of noninfringement as to this limitation as well.

### C. The One-Base Encoding Prototype Was Used To Identify A Base Within Each Cycle, But It Did Not Infringe.

Solexa argues that the Court did not consider the arguments regarding whether the one-base prototype infringed the '341 and '597 patents. AB raised a number of noninfringement grounds in opposition to Solexa's motion for summary judgment as to the prototype. Each of these grounds supported, and required, denial of Solexa's motion.

#### 1. The Use of the Prototype was *De Minimis*.

AB argued in its opposition to Solexa's motion for summary judgment that infringement cannot be found because the use was *de minimis*. (*See* AB's Opp'n at 17-18, Docket No. 216.) The one-base prototype is so insignificant that Illumina did not have its damages expert evaluate damages attributable to the prototype. (Pai Decl. Ex. 3 (Siuta Dep.) at 160:1-7, Docket No. 219 ("Q. If we assume that the two base encoding version of the SOLiD system is found not to infringe, what are the appropriate damages in this case? A. I don't have an opinion on that at this moment. That's not something that I considered.").)

The Federal Circuit recognizes a *de minimis* exception to patent infringement. *Embrex, Inc. v. Serv. Eng'g Corp.*, 216 F.3d 1343, 1349 (Fed. Cir. 2000). While the Federal Circuit has not set precise boundaries for the exception, there is a question of fact as to whether AB's use of the prototype, which was used for internal research and never marketed or sold to the public, qualifies for the exception. *See Baxter Diagnostics Inc. v. AVL Scientific Corp.*, 924 F. Supp. 994, 1016, *modified on other grounds*, 954 F. Supp. 199 (C.D. Cal. 1996) (*de minimis* infringement exists where the manufacture or sale is insignificant in amount and where alleged infringing activity is terminated at the *de minimis* stage); *Maxon Premix Burner Co. v. Eclipse Fuel Eng'g Co.*, 471 F.2d 308, 317 (7th Cir. 1972) (holding that manufacture and sale of a single experimental prototype would be excused as *de minimis* activity). Factual disputes regarding the

nature and extent of Agencourt's use of the one-base encoding prototype required denial of Illumina's motion for summary judgment.

### 2. AB's Defenses Based On Ownership Precluded Summary Judgment.

AB also argued in opposition to Illumina's motion that even if the Court were to accept every representation and argument offered by Illumina, its motion must still be denied because Illumina failed to overcome AB's affirmative defenses. (*See* Order at 11, Docket No. 88 (statute of limitations defense basis for denial of summary judgment).) The issues of fact regarding AB's defenses, which were never addressed by Illumina, preclude summary judgment of infringement. Summary judgment of infringement is precluded unless Illumina demonstrated that there is no genuine issue of material fact that all of AB's affirmative defenses must fail. *See* 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2734, at 256 (3d ed. 1998) ("A claimant is entitled to summary judgment only when . . . every one of the defenses asserted legally are insufficient"). Illumina did not do so. AB's defenses ─ ownership, standing, shop rights, equitable rights to practice the patents, estoppel, and unclean hands ─ are all based on its legal or equitable title to the Macevicz patents and Illumina's misconduct in claiming title to the patents. (*See* Docket Nos. 61, 70.) The Court has already held that there are disputed issues of fact that require trial.[2] (*See* Orders, Docket Nos. 88, 180.)

### III. CONCLUSION

On all of the issues presented by the parties' motions for summary judgment, the Court's rulings are correct. They should not be reconsidered. Illumina's complaints are that it disagrees with the Court's rulings or that it wants the Court to provide further explanation for its rulings.

---

[2] Even if the Court had ruled on statute of limitations grounds that AB was precluded from making an affirmative claim of ownership of the patents, evidence of ownership would remain relevant to AB's affirmative defenses. *See Styne v. Stevens,* 26 Cal. 4th 42, 51 (2001) ("Under well-established authority, a defense may be raised at any time, even if the matter alleged would be barred by a statute of limitations if asserted as the basis for affirmative relief."); *see generally* 3 Bernard E. Witkin, *California Procedure* § 423 (4th ed. 1996). Thus, even if AB's affirmative state law causes of action had been barred, defenses based on Macevicz's misconduct would still be viable.

To the extent that Illumina disagrees with the Court's rulings, it has not shown grounds for reconsideration under Local Rule 7-9. To the extent that it seeks further explanation, its request seems presumptuous, given that Illumina's arguments on the key summary judgment issues directly conflicted with the Court's claim constructions.

Dated: August 29, 2008                MORRISON & FOERSTER LLP

By:   /s/ Steven E. Comer
      Steven E. Comer

      Attorneys for Plaintiff
      APPLERA CORPORATION -
      APPLIED BIOSYSTEMS GROUP