THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff/counterdefendant,<br><br>- vs. -<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants/counterclaimants. | Case No. 07-CV-02845 WHA<br><br>District Judge William H. Alsup<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY OF ALAN J. COX, PH.D., REGARDING NON-INFRINGING ALTERNATIVES**<br><br>Date: September 8, 2008<br>Time: 2:00 P.M.<br>Place: Courtroom 9, 19th Floor |

The Court should exclude the testimony of AB's damages expert, Alan J. Cox, Ph.D., regarding non-infringing alternatives to the patented invention. Dr. Cox's calculation of a reasonable royalty rate assumes an 80% probability that AB could have used a non-infringing alternative instead of the patented invention. But Dr. Cox is not qualified to offer expert opinion regarding the availability of non-infringing alternatives, and AB has not submitted an expert report to support Dr. Cox's reliance on non-infringing alternatives.

## BACKGROUND

In his rebuttal damages expert report, Dr. Cox relies heavily on the availability of non-infringing alternatives to the patented invention. Dr. Cox explains that "it is probable that a company with the relevant experience that APG[1] enjoyed would be able to turn to alternative technologies that would allow it to sell next generation sequencers."[2] But Dr. Cox does not have personal knowledge of non-infringing alternatives. Rather, Dr. Cox says that he "discussed this issue with Kevin McKernan" who told him "that there was a very high probability that, should APG not be able to use the Patents, they would develop an alternative technique that would have been just as acceptable to customers."[3] During his deposition, Dr. Cox conceded that he personally has no idea whether there were any suitable non-infringing alternatives to the patented invention during the relevant timeframe:

> Q. Okay. But you have no idea whether or not such technology could be competent to go – well, let me put it this way: You have no idea whether or not there is, or there isn't, an alternative technology available, correct?
>
> A. That's correct. I'm only going by what I discussed with Mr. McKernan.[4]

Although Dr. Cox relies on Kevin McKernan's opinion regarding the availability of non-infringing alternatives, AB has not designated Dr. McKernan as an expert witness, and

---

[1] APG is Agencourt Personal Genomics, the company that AB acquired in 2006 that initially developed the technology behind AB's SOLiD System at issue in this case.

[2] Declaration of John R. Labbé in Supp. of Defs.' Mot. in Limine No. 1 ("Labbé Decl."), Ex. 1 at 34 (Expert Rebuttal Report of Alan J. Cox, Ph.D.).

[3] *Id.*

[4] Labbé Decl., Ex. 2 at at 91:2-8 (Cox deposition).

DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY OF ALAN J. COX, PH.D., REGARDING NON-INFRINGING ALTERNATIVES; CASE NO: 07-CV-02845 WHA

he has not submitted an expert report.

## ARGUMENT

The Court should exclude Dr. Cox's testimony regarding non-infringing alternatives both because Dr. Cox's testimony on this subject does not satisfy the requirements of Federal Rule of Evidence 702 and because AB has not submitted an expert report regarding non-infringing alternatives.

### A. Dr. Cox's Opinions Regarding Non-Infringing Alternatives Do Not Satisfy the Requirements of Federal Rule of Evidence 702

Dr. Cox's opinions regarding non-infringing alternatives do not satisfy the minimum requirements of F.R.E. 702 because Dr. Cox is not "qualified as an expert," his testimony would not "assist the trier of fact," and his opinion is not "based upon sufficient facts or data."[5]

First, Dr. Cox is not qualified as an expert regarding acceptable non-infringing alternatives. Rather, Dr. Cox is an economist. He is not an expert regarding DNA sequencing machines. Dr. Cox concedes as much because his opinion regarding non-infringing alternatives is not based on his own opinion regarding the availability of suitable alternatives, but is rather based on the opinion of Dr. McKernan. Accordingly, Dr. Cox cannot qualify as an expert under F.R.E. 702.

Second, Dr. Cox's testimony regarding non-infringing alternatives would not be helpful to the jury because Dr. Cox himself is unable to shed any light on the ultimate question of whether there were any suitable non-infringing alternatives to the patented invention at the time of the hypothetical negotiation. "Determining whether a non-infringing alternative was available during the infringement period and whether it was suitable are factual issues." *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1298 (Fed. Cir. 2007). Accordingly, before discounting any damages award due to the availability of non-infringing alternatives, the jury must first conclude that there in fact were non-infringing alternatives.

---

[5] F.R.E. 702.

DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY OF ALAN J. COX, PH.D., REGARDING NON-INFRINGING ALTERNATIVES; CASE NO: 07-CV-02845 WHA

2

But Dr. Cox does not even identify any non-infringing alternatives in his expert report, much less explain why they do not infringe the patents-in-suit. Accordingly, Dr. Cox's expert testimony regarding non-infringing alternatives can only serve to confuse the jury, rather than assist.

Third, Dr. Cox's non-infringing alternatives opinion is not based on "sufficient facts or data." Indeed, the only facts or data that Dr. Cox relies upon is the hearsay expert opinion of Dr. McKernan whom AB has not designated as an expert witness. Dr. Cox fails to even name a single non-infringing alternative in his expert report. Rather, he just assumes that there must have been suitable non-infringing alternatives to the patented invention because Dr. McKernan says so.

### B.    AB Has Not Submitted an Expert Report Regarding the Availability of Non-Infringing Alternatives

The Court should exclude Dr. Cox's testimony relying on a conversation he had with Kevin McKernan regarding non-infringing alternatives because AB has not designated Dr. McKernan as an expert witness or submitted an expert report for him. Under F.R.C.P. 26(a)(2), AB was required to identify its expert witnesses and submit an expert report for any expert opinions that it intends to introduce at trial. But because AB did not designate Dr. McKernan as an expert witness or submit an expert report for him, the Court must exclude Dr. McKernan's expert opinions under F.R.C.P. 37(c)(1). Because Dr. McKernan's opinion regarding the availability of non-infringing alternatives is the only basis for Dr. Cox's testimony regarding non-infringing alternatives, the Court should also exclude Dr. Cox from testifying about non-infringing alternatives.

DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY OF ALAN J. COX, PH.D., REGARDING NON-INFRINGING ALTERNATIVES; CASE NO: 07-CV-02845 WHA

3

# CONCLUSION

Dr. Cox relies on the alleged availability of non-infringing alternatives to drastically reduce the royalty rate that would apply for a damages calculation in this case. But Dr. Cox is not qualified to give expert testimony about non-infringing alternatives, and AB has not designated any other witness to provide this testimony. Accordingly, the Court should exclude Dr. Cox's testimony regarding the availability of non-infringing alternatives to the patented invention.

Dated: August 19, 2008         Respectfully submitted,

   /s/ John R. Labbé
THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted pro hac vice)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

*Attorneys for Defendants*

DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY OF ALAN J. COX, PH.D., REGARDING NON-INFRINGING ALTERNATIVES; CASE NO: 07-CV-02845 WHA

4