# Exhibit 1

KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
GREGORY E. STANTON (CA Bar No. 203495)
JOHN R. LABBE (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: gstanton@marshallip.com
E-Mail: jlabbe@marshallip.com

STEPHEN M. HANKINS
SCHIFF HARDIN LLP
One Market
Spear Street Tower, 32nd Floor
San Francisco, CA 94105
(415) 901-8756
(415) 901-8701 (facsimile)
E-Mail: SHankins@schiffhardin.com

Attorneys for Counterclaim Plaintiff SOLEXA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION --APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No. 07-CV-02845 WHA<br><br>Judge William H. Alsup<br><br>**PRELIMINARY INFRINGEMENT CONTENTIONS OF COUNTERCLAIM PLAINTIFF SOLEXA, INC.** |

Counterclaim Plaintiff Solexa, Inc. ("Solexa") hereby serves its "Disclosures of Asserted Claims and Preliminary Infringement Contentions" pursuant to Patent Local Rule 3-1, as well as

accompanying document production under Patent Local Rule 3-2. By providing the following contentions, Solexa does not waive any claim, contention, or argument regarding the factual and legal details of the following preliminary infringement contentions, and the following should not be construed as Solexa's preliminary construction of any asserted claim. Solexa reserves the right to modify, amend, supplement, or otherwise alter its construction of any claim, as well as the right to contend that the claims do not require construction, clarification, or interpretation. Solexa reserves the right to amend or supplement these contentions based on receipt of further information that will be furnished by Applera Corporation – Applied Biosystems Group ("AB") in its disclosures and document production under the Patent Local Rules and otherwise during the course of discovery. Solexa will amend these contentions, as necessary, within the time allowed under the Patent Local Rules. For convenience only, Solexa groups its contentions by elements of each patent claim, but no inference should be made from the use of these groupings regarding Solexa's contentions regarding the construction of the claims.

I.   **DISCLOSURES OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS AGAINST AB.**

Solexa provides the following disclosures regarding its claims of infringement of U.S. Patent No. 5,750,341 (the "'341 Patent"), U.S. Patent No. 5,969,119 (the "'119 Patent"), and U.S. Patent No. 6,306,597 (the "'597 Patent") against AB in compliance with Patent Local Rule 3-1:

a) Solexa currently asserts claims 1, 2, 6, 7, 8, 11, 12, 16, 17, and 18 of the '341 Patent against AB. Solexa currently asserts claim 1 of the '119 Patent against AB. Solexa currently asserts claim 1 of the '597 Patent against AB.

b) As used herein, Solexa uses the term "Accused Instrumentality" to refer to AB's DNA sequencing-by-ligation technology, which, on information and belief, AB refers to as "Supported Oligonucleotide Ligation and Detection" and commonly abbreviates as "SOLiD." The Accused Instrumentality includes all of AB's SOLiD technology, including, but not limited to, both one-base and dual-base methods of employing the SOLiD technology, as well as the use of apparatus and devices in the form of SOLiD arrays, the Dual Slide Flowcell, Optics subsystem, Dual 4Mpx Cameras, Fluid Delivery System, and Linux Cluster. Solexa contends that the Accused Instru-

mentality infringes each of the patent claims identified in subparagraph (a) above.

c) Solexa attaches three charts identifying specifically where each element of each asserted patent claim is found within the Accused Instrumentality as follows: Exhibit A is a chart for the asserted claims of the '341 Patent, Exhibit B is a chart for the asserted claim of the '119 Patent, and Exhibit C is a chart for the asserted claim of the '597 Patent.

d) As reflected in the attached claim infringement charts, Solexa contends that AB's Accused Instrumentality literally infringes claims 1, 2, 6, 7, 11, 12, 16, and 17 of the '341 Patent and claim 1 of the '597. Solexa contends that AB's Accused Instrumentality infringes claims 8 and 18 of the '341 Patent and claim 1 of the '119 Patent under the doctrine of equivalents.

e) Each patent claim that Solexa asserts as being infringed is entitled to the priority date of April 17, 1995, the date the application for the '341 Patent was filed. The '119 Patent issued from a division of the application that led to the '341 Patent, and the '597 Patent issued from a continuation of the application that led to the '119 Patent. Accordingly, the '341 Patent, the '119 Patent, and the '597 Patent issued from applications having the same disclosures and are entitled to the same priority date.

f) Solexa does not intend to rely on the assertion that its own instrumentality practices the claimed inventions.

## II. DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURES.

Pursuant to Patent Local Rule 3-2(a) through (c), Solexa identifies and produces the following documents:

a) Solexa is not aware of any documents falling within the categories identified in Patent Local Rule 3-2(a).

b) Solexa produces a copy of documents responsive to Patent Local Rule 3-2(b) bearing production numbers ILL000768 through ILL000773. Solexa designates these documents as "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" under Patent Local Rule 2-2. Solexa has not located any additional documents within its possession responsive to Patent Local Rule 3-2(b).

c) Solexa produces a copy of the file history for each of the patents-in-suit as follows: the

-3-

**SOLEXA'S PRELIMINARY INFRINGEMENT CONTENTIONS**

'341 Patent (ILL000181 through ILL000606), the '119 Patent (ILL000001 through ILL000180), and the '597 Patent (ILL000607 through ILL000767).

DATED: October 4, 2007

Respectfully submitted,

/s/ John Labbe

KEVIN M. FLOWERS (admitted *pro hac vice*)
THOMAS I. ROSS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
GREGORY E. STANTON (CA Bar No. 203495)
JOHN R. LABBE (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: gstanton@marshallip.com
E-Mail: jlabbe@marshallip.com


STEPHEN M. HANKINS
SCHIFF HARDIN LLP
One Market
Spear Street Tower, 32nd Floor
San Francisco, CA 94105
(415) 901-8756
(415) 901-8701 (facsimile)
E-Mail: SHankins@schiffhardin.com

Attorneys for Counterclaim Plaintiff SOLEXA, INC.