THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No. 07-CV-02845 WHA |
| | District Judge William H. Alsup |
| Plaintiff/counterdefendant, | **DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE AB'S INVALIDITY CONTENTIONS NOT SET FORTH IN AB'S FINAL INVALIDITY CONTENTIONS** |
| - vs. - | |
| ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | |
| | Date: September 8, 2008 |
| | Time: 2:00 P.M. |
| | Place: Courtroom 9, 19th Floor |
| Defendants/counterclaimants. | |

This Court should exclude any testimony, evidence, and attorney argument regarding the obviousness of claim 1 of the U.S. Patent No. 5,969,119 ("the '119 patent") other than that set forth in AB's Final Invalidity Contentions, which were served pursuant to Patent Local Rules 3-3 and 3-6 on April 11, 2008. It was not until after that date and the close of fact discovery that AB served expert reports presenting a new combination of prior art to argue that claim 1 of the '119 patent was invalid for obviousness. AB's shifting sands approach to disclosing its contentions is the type of behavior the Patent Local Rules were designed to prevent. As this Court recently noted "[i]t is the practice of the undersigned judge to enforce all local patent rules," and this is a classic case of a violation of the Patent Local Rules.[1] Consequently, this Court should preclude AB from presenting any testimony, evidence and arguments on the obviousness of claim 1 of the '119 patent that were not presented in AB's Final Invalidity Contentions.

## BACKGROUND

Claim 1 of the '119 patent recites a probe with a particular chemical structure, in particular, one that includes a "labeled…chain terminating moiety."[2] AB contends that it's use and sale of the chemical probes used in its SOLiD System do not infringe claim 1 of the '119 patent, and that claim 1 of the '119 patent is invalid.

AB's Final Invalidity Contentions were served on April 11, 2008.[3] With regard to claim 1 of the '119 patent, AB set forth a single reference to support its anticipation and obviousness argument: Mag et al., *Tetrahedron Letters*, 33(48):7319-7322 (1992) ("Mag"). Indeed, the following is the sum total of AB's Final Invalidity Contentions regarding claim 1 of the '119 patent:[4]

---

[1] *Therasense, Inc. v. Becton, Dickinson and Co.*, 2008 WL 2323856, at *7 (N.D. Cal. May 22, 2008)

[2] Declaration of John R. Labbé in Supp. of Defs.' Mot. in Limine No. 5 ("Labbé Decl."), Ex. 1 at col. 21, lines 29-39 (the '119 patent).

[3] *See* Labbé Decl., Ex. 2 (AB's Final Invalidity Contentions).

[4] Ex. 2, at p. 13, lines 8-16.

### C.   The '119 Patent

#### 1.   Anticipation

<u>Claim 1 of the '119 Patent is anticipated by</u>:

- Mag

<u>Claim 1 of the '119 Patent is obvious based upon</u>:

- Mag

Yet, on May 30, 2008, AB served the reports of its technical experts, Drs. Metzker and Sibson, presenting a new theory on the obviousness of claim 1 of the '119 patent, which was to combine Mag with U.S. Patent No. 5,403,708 ("Brennan"). Both Drs. Metzker and Sibson state that the missing element from Mag, namely the "use of a labeled terminating moiety," can be found in Brennan, and the resulting combination of Mag with Brennan would have been obvious to one of ordinary skill in the art.[5]

AB failed to include any reference to the combination of Mag and Brennan in its Preliminary[6] and Final Invalidity Contentions.[7] It was not until discovery had closed, on May 30, 2008, that AB provided Solexa with the contentions it intends to present at trial.

---

[5] Labbé Decl., Ex. 3 (Expert Report of D. Ross Sibson, Ph.D.), at p. 24; Labbé Decl., Ex. 4 (Expert Report of Michael L. Metzker, Ph.D.), at p. 29.
[6] *See* Labbé Decl., Ex. 5 (AB's Preliminary Invalidity Contentions), at p. 9.
[7] Ex. 2, at p. 13, lines 8-16.

DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE AB'S INVALIDITY CONTENTIONS NOT SET FORTH IN AB'S FINAL INVALIDITY CONTENTIONS; CASE NO: 07-CV-02845 WHA

2

## ARGUMENT

The Patent Rules contemplate fixed deadlines for the orderly prosecution of the litigation.[8] The intent of the rules it to "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."[9] Permitting the tardy addition of a new theory of prior art invalidity subverts the purpose of the Patent Rules.

Local Patent Rule 3-3 explicitly states that "[i]f a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, *must* be identified."[10] AB had not identified a combination of references to establish the obviousness of claim 1 of the '119 patent, but instead relied on a single reference, Mag. Now, through the testimony of Drs. Metzker and Sibson, AB seeks to present a different obviousness argument to the jury. AB's conduct is a violation of Patent Local Rule 3-3.

As Judge Smith noted, allowing the indiscriminate amendment of a party's contentions would cause "infringement cases [to] fall prey to a vexatious shuffling of positions--a kind of legal musical chairs serving no purpose other than to entertain highly paid lawyers and to thwart the very intention behind the patent local rules."[11] The prejudice to Solexa from AB's failure to disclose its contentions within the proscribed time is plain.

## CONCLUSION

The Court should exclude AB from offering any testimony, evidence, or attorney argument regarding a combination of Mag with any other reference because no such combination was disclosed in AB's Final Invalidity Contentions.

---

[8] *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860 at *3 (N.D. Cal. 2004) ("The Local [Patent] Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.").

[9] *Integrated Circuit Sys., Inc. V. Realtek Semiconductor Co., Ltd.*, 308 F.Supp.2d 1106, 1107 (N.D. Cal. 2004) (quoting *Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 WL 775115 at *2 (N.D. Cal. Nov. 5, 1998).

[10] Local Patent Rule 3-3, effective for cases filed after Jan. 1, 2000 and before March 1, 2008 (emphasis added).

[11] *Atmel Corp.*, 1998 WL 775115 at *2.

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE AB'S INVALIDITY CONTENTIONS NOT SET FORTH IN AB'S FINAL INVALIDITY CONTENTIONS; CASE NO: 07-CV-02845 WHA**

Dated: August 19, 2008                    Respectfully submitted,


 /s/ John R. Labbé
THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

*Attorneys for Defendants*

---

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE AB'S INVALIDITY CONTENTIONS NOT SET FORTH IN AB'S FINAL INVALIDITY CONTENTIONS; CASE NO: 07-CV-02845 WHA**

4