Exhibit 2

BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone:  650.813.5600
Facsimile: 650.494.0792
E-Mail:  BWilson@mofo.com
E-Mail: EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California  92130-2040
Telephone:  858.720.5100
Facsimile:  858.720.5125
E-Mail:  DDoyle@mofo.com
E-Mail:  SComer@mofo.com
E-Mail: BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.    C07 02845 WHA<br><br>**APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S FINAL INVALIDITY CONTENTIONS** |

1    Pursuant to Patent Local Rule 3-6(b), Plaintiff Applera Corporation – Applied Biosystems

2    Group ("AB") hereby submits the following Final Invalidity Contentions regarding U.S. Patent

3    No. 5,750,341 (the "'341 Patent"), U.S. Patent No. 5,969,119 (the "'119 Patent"), and U.S. Patent

4    No. 6,306,597 (the "'597 Patent").

5        The Final Invalidity Contentions are made in response to Defendant Solexa's Final

6    Infringement Contentions ("Contentions"). In those Contentions, Solexa asserted claims 1, 2, 6, 7,

7    8, 11, 12, 16, 17 and 18 of the '341 Patent, claim 1 of the '119 Patent, and claim 1 of the '597

8    Patent (collectively "the asserted claims").  AB's Final Invalidity Contentions address only the

9    asserted claims.

10        These contentions are made without prejudice to AB's right to obtain and present at trial

11    or in pretrial proceedings such additional evidence as may be acquired through discovery or

12    otherwise in this action.  All references are to be considered in light of the state of the art at the

13    relevant time.  AB bases these invalidity contentions on Solexa's Final Infringement Contentions.

14    AB reserves the right to supplement its invalidity contentions.  Formal discovery is ongoing,

15    AB's investigation is still underway, and the Court may construe additional terms.  AB, therefore,

16    reserves the right to modify or add to this list.

17

18                        **INVALIDATING PRIOR ART**

19

20    I.    **PATENT LOCAL RULE 3-3(a) & (b)**

21

22        A.    **The '341 Patent**

23

24            1.    **Anticipation**

25    Claim 1 of the '341 Patent is anticipated by:

26

27    • U.S. Patent No. 4,988,617 (Filed March 25, 1988, Issued January 29, 1991

28        to Ulf Landegren and Leroy Hood) ("Landegren")

- U.S. Patent No. 4,883,750 (Filed December 13, 1984, Issued November 28, 1989 to Norman M. Whiteley *et al.*) ("Whiteley")

- WO 95/04160 (Filed August 1, 1994, Published February 9, 1995 to Edwin Southern and William Cummins) ("Southern")

- D. Ross Sibson, Sorted (cDNA) Restriction Fragments, at the International Symposium "Large-Scale DNA Sequencing" (March 18, 1994, Tokyo, Japan) ("Sibson I")

- D. Ross Sibson presentation at Glaxo Research and Development Limited on or about June 9, 1994, UK  ("Sibson II')

- Christopher Mundy presentation at Chalk River Laboratories, on or about May, 1994, Ontario, Canada ("Mundy")

- GB 9401200 (Filed January 21, 1994 to David Ross Sibson) ("Sibson III")

- WO 95/20053 (Filed January 20, 1995, claiming priority to January 21, 1994 to David Ross Sibson) ("Sibson IV")

- U.S. Patent No. 6,348,313 (Filed July 19, 1996, priority to January 21, 1994, Issued February 19, 2002 to David Ross Sibson) ("Sibson V")

Claim 2 of the '341 Patent is anticipated by:

- Whiteley

- Southern

- Sibson I

- Sibson II

- Mundy

Claim 7 of the '341 Patent is anticipated by:

- Sibson I

- Sibson II

- Mundy

Claim 11 of the '341 Patent is anticipated by:

- Southern

Claim 12 of the '341 Patent is anticipated by:

- Whiteley

- Southern

### 2.    Obviousness

Claim 1 of the '341 Patent is obvious based upon:

- Whiteley, Landegren, Sibson I, Sibson II, Mundy, and/or Southern, taken alone, together, or in view of the state of the art that nucleic acid sequences can be sequenced by hybridization to ligated oligonucleotide probes, which was well known at the time of the invention, and/or in combination with U.S. Patent No. 5,403,708 (Filed July 6, 1992, Issued April 4, 1995) ("Brennan"), Sibson III, Sibson IV, and/or Sibson V.

- It would have been obvious to repeatedly extend an initializing primer or ligated probe along a polynucleotide by ligation to an oligonucleotide probe, and to identify one or more nucleotides after each round of ligation in the DNA sequencing methods of Whiteley, Landegren, Southern, Sibson

I, Sibson II, Mundy, and/or Brennan. The motivation to combine the references may be found in the common knowledge of those skilled in the art, the prior art as a whole, and/or the nature of the problem itself. Motivation to combine Brennan with Landegren is found in Brennan at column 1, lines 52-58.

<u>Claim 2 of the '341 Patent is obvious based upon:</u>

- Whiteley, Landegren, Sibson I, Sibson II, Mundy, Southern, and/or Brennan, taken alone, together, or in view of the state of the art that using chain-terminating moieties in sequencing methods were well known at the time of the invention, or combined with any of the following:

  o WO 91/06678 (Filed October 26, 1990, Published May 16, 1991) ("Tsien")

  o WO 94/11530 (Filed November 5, 1993, Published May 26, 1994) ("Cantor I")

  o U.S. Patent No. 5,503,980 (Filed October 17, 1994, claiming priority to November 6, 1992, Issued April 2, 1996) ("Cantor II")

  o U.S. Patent No. 6,007,987 (Filed October 16, 1996, claiming priority to November 6, 1992, Issued December 28, 1999) ("Cantor III")

  o WO 94/23064 (Filed March 28, 1994, Published October 13, 1994; U.S. Patent No. 5,798,210 is provided as the English translation thereof) ("Canard I")

1    o  Canard & Sarfati, *DNA Sequencing Using Fluorescent Chain*

2       *Terminators Reversibly Tagged in 3'*, Genome Mapping &

3       Sequencing Abstracts, May 11-15, 1994, pp. 295 ("Canard II")

4

5    o  Metzker *et al.*, *Progress of BASS (Base Addition Sequencing*

6       *Scheme) as a Novel DNA Sequencing Approach*, Genome Mapping

7       & Sequencing Abstracts, May 12-16, 1993, pp. 164 ("Metzker I")

8    o  Metzker *et al.*, *Stop-Start DNA Synthesis in the Base Addition*

9       *Sequencing Scheme (BASS)*, Genome Mapping & Sequencing

10      Abstracts, May 11-15, 1994, pp. 170 ("Metzker II")

11

12   o  Rosenthal & Brenner, *DNA Sequencing by Sequential Addition of*

13      *Tagged Nucleotides*, Genome Mapping & Sequencing Abstracts,

14      May 12-16, 1993, pp. 222 ("Rosenthal")

15   o  Spurgeon *et al.*, *Automated Referenced Fluorescent Sequencing of*

16      *DNA templates and its Application to Multiplex Sequencing*,

17      Genome Mapping & Sequencing Abstracts, May 6-10, 1992, pp.

18      331 ("Spurgeon")

19   o  Sibson III

20

21   o  Sibson IV

22

23   o  Sibson V

24   •  It would have been obvious to use chain-terminating moieties in the DNA

25      sequencing method of Whiteley, Landegren, Sibson I, Sibson II, Mundy,

26      Southern, and/or Brennan.  The motivation to combine the references may

27      be found in the common knowledge of those skilled in the art, the prior art

28      as a whole, and/or the nature of the problem itself.  Motivation to combine

Brennan with Landegren is found in Brennan at column 1, lines 52-58. Those skilled in the art recognized the advantages of adding one labeled sequencing moiety at a time in a sequencing reaction, and that this advantage was enhanced by the use of chain-terminating moieties.

<u>Claim 6 of the '341 Patent is obvious based upon:</u>

- Whiteley, Landegren, Sibson I, Sibson II, Mundy, Southern, and/or Brennan, taken alone, together, or in view of the state of the art that the capping of a probe that has not undergone ligation in a sequencing reaction is "capped" and rendered inert in subsequent cycles of sequencing was well known at the time of the invention, or combined with any of the following:

  o U.S. Patent No. 5,552,278 (Filed July 25, 1994, Issued September 3, 1996 to Sydney Brenner) ("Brenner")

  o U.S. Patent No. 7,070,927 (Filed February 5, 2002, claiming priority to September 27, 1993, Issued July 4, 2006 to Radoje Drmanac) ("Drmanac I")

  o WO 95/09248 (Filed September 27, 1994, Published April 6, 1995 to Radoje Drmanac) ("Drmanac II")

  o Sibson III

  o Sibson IV

  o Sibson V

- It would have been obvious to use capping in the DNA sequencing method of Whiteley, Landegren, Sibson I, Sibson II, Mundy, Southern, and/or Brennan. The motivation to combine the references may be found in the common knowledge of those skilled in the art, the prior art as a whole,

1    and/or the nature of the problem itself.  Motivation to combine Drmanac I

2    and II with Landegren is found in Drmanac I at Col. 25, line 65 through

3    Col. 26, line 8, and in Drmanac II at Page 53, lines 5-17.  Motivation to

4    combine Brennan with Landegren is found in Brennan at column 1, lines

5    52-58.  Those skilled in the art recognized the advantages of preventing

6    "out of phase" signals during DNA sequencing by capping target

7    polynucleotides and rendering them inert to subsequent cycles of

8    sequencing.

9    <u>Claim 7 of the '341 Patent is obvious based upon:</u>

10

11   •   Whiteley, Landegren, Sibson I, Sibson II, Mundy, Southern, and/or

         Brennan, taken alone, together, or in view of the state of the art that chain-

12       terminating nucleotides may be chemically cleaved during sequencing

13       reactions to generate an extendable nucleoside were well known at the time

14       of the invention, or combined with any of the following:

15

16       o   Canard I

17

18       o   Canard II

19       o   Tsien

20

21       o   Drmanac I

22       o   Drmanac II

23

24       o   Rosenthal

25       o   Metzker I

26

27       o   Metzker II

28       o   Sibson III

1       o Sibson IV

2

3       o Sibson V

4   • It would have been obvious to use chemically cleavable chain-terminating

5      nucleotides in the DNA sequencing method of Whiteley, Landegren,

6      Sibson I, Sibson II, Mundy, Southern, and/or Brennan.  Motivation to

7      combine the references may be found in the common knowledge of those

8      skilled in the art, the prior art as a whole, and/or the nature of the problem

9      itself.  Motivation to combine Drmanac I and II with Landegren is found in

10      Drmanac I at Col. 25, line 65 through Col. 26, line 8, and in Drmanac II at

11      Page 53, lines 5-17.  Motivation to combine Brennan with Landegren is

12      found in Brennan at column 1, lines 52-58.  Those skilled in the art

13      recognized the advantages of adding one labeled sequencing moiety at a

14      time in a sequencing reaction, and that this advantage was enhanced by the

15      use of chemically cleavable chain-terminating moieties.

16

17

18

19

20

21

22

23

24

25

26

27

28

Claim 8 of the '341 Patent is obvious based upon:

- Whiteley, Landegren, Sibson I, Sibson II, Mundy, Southern, and/or Brennan, taken alone, together, or in view of the state of the art that phosphoramidate linkages are chemically cleavable during sequencing were well known at the time of the invention, as taught by Mag *et al.*, Tetrahedron Letters 33(48):7319-7322 (1992) ("Mag") and/or Bannwarth, Helvetica Chimica Acta 71:1517-1527 (1988) ("Bannwarth"), or combined with any of the following:

    - Sibson III

    - Sibson IV

    - Sibson V

- It would have been obvious to use phosphoramidate linkages as the chemically cleavable chain-terminating nucleotides in the DNA sequencing method of Whiteley, Landegren, Sibson I, Sibson II, Mundy, Southern, and/or Brennan.  The motivation to combine the references may be found in the common knowledge of those skilled in the art, the prior art as a whole, and/or the nature of the problem itself.  Those skilled in the art recognized the advantages of adding one labeled sequencing moiety at a time in a sequencing reaction, and that this advantage was enhanced by the use of chemically cleavable chain-terminating moieties.  Those skilled in the art also would have recognized that phosphoramidate linkages were readily incorporated into oligonucleotides, and were chemically scissile.

Claim 11 of the '341 Patent is obvious based upon:

1
2
3
4
5
6

- Whiteley, Landegren, Sibson I, Sibson II, Mundy, Southern, and/or Brennan, taken alone, together, or in view of the state of the art that forming aliquots containing DNA duplexes with different known sequencing origins by annealing different initializing sequencing primers to the target sequence was well known at the time of the invention, or combined with any of the following:

7
8

  o Drmanac I

9

  o Drmanac II

10
11

  o Cantor I

12

  o Cantor III

13
14

  o Brenner

15

  o Sibson III

16
17

  o Sibson IV

18

  o Sibson V

19
20
21
22
23

  o Crkvenjakov *et al.*, Miniaturization of Sequencing by Hybridization (SBH):  A Novel Method for Genome Sequencing, Human Genome Contractors/Grantee Workshop Abstracts, Santa Fe, New Mexico on November 3-4, 1989 ("Crkvenjakov")

24
25

  o Drmanac & Crkvenjakov, Scientia Yugoslavica, 16(1-2):97-107 (1990) ("Drmanac III")

26
27
28

- It would have been obvious to use different initializing primers in separate aliquots in the DNA sequencing method of Whiteley, Landegren, Sibson I,

Sibson II, Mundy, Southern, and/or Brennan. Motivation to combine the references may be found in the common knowledge of those skilled in the art, the prior art as a whole, and/or the nature of the problem itself. Motivation to combine Brennan with Landegren is found in Brennan at column 1, lines 52-58. Motivation to combine Drmanac I and II with Landegren is found in Drmanac I at Col. 25, line 65 through Col. 26, line 8, and in Drmanac II at Page 53, lines 5-17. Those skilled in the art recognized the advantages of performing separate sequencing reactions of the same target sequence with different known origins of initiation when sequencing using oligonucleotides, such that the sequence of the entire target sequence could be obtained.

Claim 12 of the '341 Patent is obvious based upon:

- *See* Disclosure for Claim 2 of the '341 Patent.

Claim 16 of the '341 Patent is obvious based upon:

- *See* Disclosure for Claim 6 of the '341 Patent.

Claim 17 of the '341 Patent is obvious based upon:

- *See* Disclosure for Claim 7 of the '341 Patent.

Claim 18 of the '341 Patent is obvious based upon:

- *See* Disclosure for Claim 8 of the '341 Patent.

**B.    The '597 Patent**

**1.    Anticipation**

Claim 1 of the '597 Patent is anticipated by:

- Whiteley

- Landegren

- U.S. Patent No. 5,800,994 (Filed July 24, 1996 with a priority date of April 4, 1994, Issued September 1, 1998 to Richard A. Martinelli and John C. Arruda) ("Martinelli")

- Drmanac I

- Drmanac II

- Sibson I

- Sibson II

- Mundy

- Southern

Claim 1 of the '597 Patent is obvious based upon:

- Whiteley, Landegren, Martinelli, Drmanac I, Drmanac II, Sibson I, Sibson II, Mundy, and/or Southern taken alone, together, or in view of the state of the art that nucleic acid sequences can be sequenced by hybridization to ligated oligonucleotide probes was well known at the time of the invention, or combined with any of the following:

  o Sibson III

  o Sibson IV

  o Sibson V

- It would have been obvious to repeatedly extend an initializing primer along a polynucleotide by ligation to an oligonucleotide probe, and identify a nucleotide after each round of ligation in the DNA sequencing methods of Whiteley, Landegren, Martinelli, Drmanac I, Drmanac II, Sibson I, Sibson II, Mundy, and/or Southern. Motivation to combine the references may be found in the common knowledge of those skilled in the art, the prior art as a whole, and/or the nature of the problem itself.

## C.    The '119 Patent

### 1.    Anticipation

Claim 1 of the '119 Patent is anticipated by:

- Mag

Claim 1 of the '119 Patent is obvious based upon:

- Mag

## D.    Additional Prior Art

Additional art invalidating claims 1, 2, 6, 7, 8, 11, 12, 16, 17 and 18 of the '341 Patent, claim 1 of the '119 Patent, and claim 1 of the '597 Patent under 35 U.S.C. §§ 102 and/or 103 and providing information regarding the state of the art include:

- References cited in the '341 Patent, the '119 Patent, and the '597 Patent (*see* Ex. D); and

- References cited in the PCT search report of WO 96/33205, cited by the EPO in examining EP 0871646, and cited by the JPO in examining Japanese Patent Publication No. JP H11-503908 (*see* Ex. E).

1

**E.     Prior Art Under 35 U.S.C. § 102(g).**

2    Plaintiff reserves the right to amend, modify, or supplement these Final Invalidity

3    Contentions as discovery in this action proceeds.  At the present time, and for purposes of

4    complying with Local Rule 3-3(a), Plaintiff identifies Edwin Southern, and William Jonathan

5    Cummins, named inventors on U.S. Patent No. 5,770,367, and David Ross Sibson, named

6    inventor on U.S. Patent No. 6,348,313, as potential prior inventors.   U.S. Patent No. 5,770,367

7    claims priority to a patent application filed July 30, 1993, and U.S. Patent No. 6,348,313 claims

8    priority to a patent application filed January 21, 1994.  These dates antedate the critical date for

9    the '341, '597 and '119 Patents.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### F.    PATENT LOCAL RULE 3-3(c)

In accordance with Patent Local Rule 3-3(c), charts identifying where in each item of the prior art listed above each element of each asserted claim of the '341, '597 and '119 Patents are attached as **Exhibit A**, **Exhibit B**, **and Exhibit C.**  Where elements are disclosed at multiple locations within a single item of prior art, AB has not necessarily identified every location of that element.  AB notes that discovery is still ongoing, and, therefore, AB reserves its right to supplement these contentions in view of further information learned during the course of discovery.  AB further reserves its right to supplement these contentions to include additional information indicating the state of the art at the relevant time.  Finally, AB specifically reserves the right to amend these contentions as otherwise permitted by the Patent Local Rules.

### G.    PATENT LOCAL RULE 3-3(d)

#### 1.    Indefiniteness

In accordance with Patent Local Rule 3-3(d), AB identifies the following grounds of invalidity of the asserted claims based on indefiniteness under 35 U.S.C. § 112(2).

Claim 1 of the '597 Patent is invalid because the claim fails to particularly point out and distinctly claim the subject matter regarded by the inventors as the invention.  As a result, the claim fails to reasonably apprise those skilled in the art as to its scope when read in light of the specification, rendering the limits of the claim unknown.

In particular, the relationship between step (a) and step (b) is unclear.  Step (b) merely requires that a nucleotide be identified, but the claim does not state how that identified nucleotide is related to the limitations of step (a).  For example, step (b) does not identify the relative position of the identified nucleotide with respect to the initializing oligonucleotide, the oligonucleotide probe and/or the extended duplex.  Nor is it clear from the claim language what mechanism of identification is used.  Given this lack of clarity, one skilled in the art would not be apprised of the scope of the claim.

Claim 1 of the '341 Patent and all claims dependent therefrom are invalid because claim 1 fails to particularly point out and distinctly claim the subject matter regarded by the inventors as

15

1    the invention.  For example, the phrases "extended oligonucleotide probe" and "just-ligated

2    extension probe" render claim 1 and all claims dependent therefrom indefinite.  It is unclear

3    whether these terms refer to the same or different probes, or whether the terms refer to just a

4    portion of the extended or ligated probes.  Neither of these terms is used in the specification, let

5    alone defined in the specification.  As a result, the claim fails to reasonably apprise those skilled

6    in the art as to its scope when read in light of the specification, rendering the limits of the claim

7    unknown.

8          Claim 1 of the '341 Patent and all claims depending therefrom are also invalid as being

9    vague and indefinite because the antecedent basis for the phrase "said extendable probe terminus"

10   appearing in step (b) is not clear.  Both steps (a) and (d) of Claim 1 recite "an extendable probe

11   terminus."  Step (a) of Claim 1 requires providing an initializing oligonucleotide probe having

12   "an extendable probe terminus."  Step (b) of the method recites ligating an extension probe to

13   "said extendable probe terminus" to form an extended duplex.  Step (c) calls for identifying at

14   least one nucleotide in the target polynucleotide.  Step (d) recites the optional generation of "an

15   extendable probe terminus" on the extended probe if one is not already present.  Step (e) requires

16   that steps (b), (c), and (d) be repeated until a sequence of nucleotides is determined.  Claim 1 is

17   indefinite because it is not clear if, in the second cycle of the method, the step of "ligating an

18   extension oligonucleotide probe to said extendable probe terminus" refers to a ligation reaction

19   between the extension oligonucleotide probe and the extendable probe terminus of the initializing

20   probe of step (a) or with the extendable probe terminus of the extended probe recited step (d).  As

21   a result of this vague and indefinite claim language, one of ordinary skill in the art would not be

22   able to determine the metes and bounds of the claimed invention.

23         Claim 1 of the '341 Patent and all claims depending therefrom are also invalid as being

24   vague and indefinite because the phrase "a sequence of nucleotides in a target polynucleotide" in

25   the preamble and the phrase "a sequence of nucleotides in the target polynucleotide" appearing in

26   step (e) are not clear.  Claim 1 of the '597 patent is invalid as being vague and indefinite because

27   the phrase "a sequence of nucleotides in a polynucleotide" in the preamble and the phrase "the

28   sequence of nucleotides in the polynucleotide" appearing in step (e) are not clear.  It is not clear if

the steps of the claims require identification of only one nucleotide in the polynucleotide, or whether more than one nucleotide must be identified. Moreover, it is unclear whether the claim language requires the identification of contiguous nucleotides comprising the entire sequence of the polynucleotide, or whether the identification of non-contiguous nucleotides would satisfy the claim requirements. Further, if the claims only require identifying one nucleotide, repeating step (e) of the '341 patent and step (c) of the '597 patent are unnecessary. As a result of this vague and indefinite claim language, one of ordinary skill in the art would not be able to determine the metes and bounds of the claimed invention.

Claim 7 of the '341 Patent and all claims dependent therefrom are invalid because claim 7 fails to particularly point out and distinctly claim the subject matter regarded by the inventors as the invention. For example, the term "regenerating" lacks antecedent basis. It is unclear whether this term refers to the generating step (d) of claim 1, whether it refers only to the generating step (d) of claim 1 during repeating step (e), or whether it refers to some omitted steps, whereby a particular extendable probe terminus is first generated, removed and subsequently generated yet again. As a result, the claim fails to reasonably apprise those skilled in the art as to its scope when read in light of the specification, rendering the limits of the claim unknown.

Other indefiniteness grounds may result from claim constructions proposed or adopted during this litigation.

## 2. Enablement and Written Description

In accordance with Patent Local Rule 3-3(d), AB identifies the following grounds of invalidity of the asserted claims based on lack of enablement and lack of written description under 35 U.S.C. § 112(1):

Claim 1 of the '341 Patent and all of its dependent claims are not supported by an enabling disclosure. Undue experimentation would be required to practice the method of Claim 1 because step (e) of Claim 1 requires that a subsequent extension oligonucleotide probe be ligated to the extendable probe terminus of initializing oligonucleotide probe in step (a). The disclosure of the '341 Patent does not provide any guidance whatsoever as to how to remove completely the first extension oligonucleotide probe ligated to the initializing oligonucleotide probe that occurred

17

1    in the first cycle of the method so that a second extension probe can be ligated to the same

2    initializing oligonucleotide.  At best, the '341 Patent teaches how to cleave a portion of the

3    extension oligonucleotide probe ligated to initializing probe.  However, such a cleavage step

4    would not regenerate "said extendable probe terminus" of the initializing oligonucleotide probe

5    but rather would create a new extendable probe terminus within the extension probe.

6         Undue experimentation would also be required to practice the method of Claim 1 and the

7    dependent claims of the '341 Patent because step (a) of Claim 1 requires that an initializing

8    oligonucleotide probe be hybridized to a target polynucleotide.  The disclosure of the '341 Patent

9    does not provide guidance as to how to design and/or use an initializing oligonucleotide that

10   hybridizes to a target polynucleotide.  Instead, the '341 Patent teaches the hybridization of an

11   initializing oligonucleotide to a binding region having a known sequence, which is connected to

12   the target polynucleotide.

13        Accordingly, one of ordinary skill in the art would not be able to practice the full scope of

14   the claimed invention of the '341 Patent without undue experimentation.

15        Claim 1 of the '597 Patent is not enabled and lacks adequate written description for failure

16   to include an essential element.  Claim 1 requires that an initializing oligonucleotide is extended

17   by ligation to an oligonucleotide probe to create an extended duplex.  The repeating step (c)

18   requires that the initializing oligonucleotide be extended by an oligonucleotide probe.  In contrast,

19   the disclosure of the '597 Patent teaches extending the initializing oligonucleotide with an

20   oligonucleotide probe to create an extended duplex, which is further extended by ligation with

21   one or more additional oligonucleotide probes.  Claim 1 does not require that the extended duplex

22   be further extended by one or more additional oligonucleotide probes.  Claim 1 thus omits the

23   required element that the extended duplex be further extended by ligation with a subsequent

24   oligonucleotide probe in the repeating step.

25        The '597 Patent does not enable one of ordinary skill in the art to make or use the full

26   scope of the claimed subject matter without undue experimentation, and fails to convey to one of

27   ordinary skill in the art that the named inventors were in possession of the claimed subject matter

28   at the time the specification was filed.

1

2

### H.    INEQUITABLE CONDUCT

3    Each of the asserted claims may also be unenforceable by Solexa for inequitable conduct,

4    as asserted in the pleadings.

5    Specifically, each of the '341, '119, and '597 Patents are void and unenforceable by

6    Solexa due to inequitable conduct in their prosecution before the United States Patent and

7    Trademark Office (the "PTO").

8    Upon information and belief, the applicant failed to disclose material prior art to the PTO

9    during prosecution of the '341, '119 and '597 Patents even though such prior art was known to

10    the applicant, thereby rendering the '341, '119 and '597 Patents unenforceable by Solexa.  In

11    particular, U.S. Patent No. 4,988,617 ("Landegren"), U.S. Patent No. 4,883,750 ("Whiteley"),

12    U.S. Patent No. 5,552,278 ("Brenner") (and WO 95/04160 ("Southern") were known to the

13    applicant, Stephen C. Macevicz.  The disclosures of Landegren, Whiteley, Brenner, and Southern

14    describe methods for determining the sequence of a nucleic acid which anticipate or make

15    obvious the claims of the '341 and '597 Patents and are also material to claims of the '119 Patent.

16    Dr. Macevicz discussed Landegren and Whiteley in a letter dated May 12, 1995 to Bio-

17    Rad Laboratories.  This letter demonstrates that Dr. Macevicz knew of Landegren and Whiteley

18    during the prosecution of the applications that resulted in the '341, '119, and '597 Patents.

19    Dr. Macevicz was aware of U.S. Patent No. 5,770,367, a U.S. patent issuing from

20    Southern, during prosecution of U.S. Patent No. 6,511,802 ("the '802 Patent").  The '802 Patent

21    was owned by Lynx, and is currently owned by Solexa.  U.S. Patent No. 5,770,367 was cited by

22    the Examiner in an Office Action mailed September 21, 1999.  Dr. Macevicz was employed by

23    Lynx at this time, and was involved in the prosecution of the '802 Patent.  Dr. Macevicz's name

24    is listed as a prosecuting attorney on the front page of the '802 Patent.  This demonstrates that Dr.

25    Macevicz knew of Southern during the prosecution of the applications that resulted in the '119

26    and '597 Patents.

27    Dr. Macevicz was the prosecuting attorney of the patent application that issued as

28    Brenner.  At the very least, Dr. Macevicz filed the application with the USPTO, conducted

interviews with the Examiner on April 19, 1995, November 20, 1995, and February 7, 1996, and signed responses to Office Actions submitted to the Patent and Trademark Office on May 3, 1995, and December 11, 1995. Dr. Macevicz's name is listed as a prosecuting attorney on the front page of the Brenner patent. This demonstrates that Dr. Macevicz knew of Brenner during the prosecution of the applications that resulted in the '341, '119, and '597 Patents.

Despite being aware of Landegren, Whiteley, Brenner, and Southern, the applicant failed to disclose these highly material references to the examiners overseeing the prosecution of those applications. Because the applicant thereby knew, or should have known, that the withheld information would be material to the PTO's consideration of the patent applications issuing as the '341, '119 and '597 Patents, intent to deceive may be inferred.

As separate and independent grounds, Claim 1 of the '597 Patent is separately unenforceable by Solexa due to inequitable conduct because, on information and belief, although Claim 1 of the '597 Patent is identical to Claim 1 as originally filed in the '341 Patent, the applicant did not disclose to the PTO during the prosecution of the '597 Patent that the original Claim 1 of the '341 Patent had been rejected.

Claim 1 of the '341 Patent in its original form was rejected as indefinite for failing to identify the relative position of relevant nucleotides with respect to the initializing oligonucleotide, the oligonucleotide probe, and the extended duplex. The Examiner also stated that it was not clear what mechanism, such as the employment of a label, was being utilized in the identification step. In response to the rejections, the claim was amended to clarify and further define the identifying step in what would ultimately become Claim 1 of the '341 Patent. The amended claim was allowed after an Examiner's amendment.

At no time during the prosecution of the '597 Patent did the applicant disclose the Office Action or Response thereto relating to the rejection of claim language identical to that previously pending in the '341 Patent. Claim 1 of the '597 Patent was not amended during prosecution and was allowed. Nevertheless, a reasonable examiner would consider a rejection directed toward a claim having the identical language in a related case to be material. Because the applicant

thereby knew, or should have known, that the withheld information would be material to the PTO's consideration of the '597 patent application, intent to deceive may be inferred.

As separate and independent grounds, the '341 Patent is separately unenforceable by Solexa because, on information and belief, Lynx improperly made its maintenance fees payments as a small entity, even after it had represented to the PTO with respect to the '119 and '597 Patents that its status had changed to a large entity.

Two maintenance fee payments were paid for the '341 Patent. Although these maintenance fees were paid as a small entity, the '341 Patent was assigned to a large entity at the time each maintenance fee was paid. As early as February 19, 1999, Lynx, the then-owner of the '341 Patent, filed a statement with the PTO formally notifying it that the application that issued as the '119 Patent was now owned by a large entity. The rights to the '119 Patent were co-assigned to Lynx along with the rights to the '341 Patent. Despite this, Lynx paid the first maintenance fee for the '341 Patent as a small entity on November 9, 2001. More than five and a half years later, after the first large entity notification was filed and after at least six assertions to the PTO that the '119 or '597 Patents were owned by a large entity, Solexa again paid the '341 Patent maintenance fee as a small entity on November 14, 2005. At no time has the maintenance fee for the '341 Patent been properly paid. Lynx and Solexa knew that at the time they paid the maintenance fees that they did not qualify as a small entity, yet they continued to make improper maintenance fee payments. The PTO would consider the entity's status as large or small to be material. Because the applicant thereby knew, or should have known, that the withheld information would be material to the PTO, intent to deceive may be inferred.

AB reserves the right to supplement its disclosures regarding these defenses as discovery and case developments proceed, as new information arises, and/or as otherwise necessary and appropriate.

## I.     DOCUMENTS

Pursuant to Patent Local Rule 3-4(a), AB is providing or making available for copying documents sufficient to show the operation of the relevant aspects of the accused device. These documents are provided in a good-faith effort to provide sufficient information regarding

1  operation of the relevant aspects of the accused device.  AB reserves the right to supplement or

2  correct the documents to conform to the actual operation of the accused device.  AB is not at this

3  time providing information regarding the details of the operation of the computers supplied with

4  the accused device because, as AB has informed Solexa, those computers are standard items

5  purchased from others, and the details of the operation of the particular computer hardware is not

6  relevant to the infringement allegations.

7        Pursuant to Patent Local Rule 3-4(b), AB is providing copies of each prior art document

8  listed above that does not appear in the file history of the patents.

9

10       Dated: April 11, 2008           MORRISON & FOERSTER LLP

11

12                            By:

13                                 Steven E. Comer

14                                 Attorneys for Plaintiff

                               APPLERA CORPORATION –

15                                 APPLIED BIOSYSTEMS GROUP

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| 1. A method for determining a sequence of nucleotides in a target polynucleotide, the method comprising the steps of:<br><br>(a) providing a probe-target duplex comprising an initializing oligonucleotide probe hybridized to a target polynucleotide, said probe having an extendable probe terminus;<br><br>(b) ligating an extension oligonucleotide probe to said extendable probe terminus, to form an extended duplex containing an extended oligonucleotide probe;<br><br>(c) identifying, in the extended duplex, at least one nucleotide in the target polynucleotide that is either (1) complementary to the just-ligated extension probe or (2) a nucleotide residue in the target polynucleotide which is immediately downstream of the extended oligonucleotide probe;<br><br>(d) generating an extendable probe terminus on the extended probe, if an extendable probe terminus is not already present, such that the terminus generated is different from the terminus to which the last extension probe was ligated; and<br><br>(e) repeating steps (b), (c) and (d) until a sequence of | U.S. Patent No. 4,988,617 ("Landegren") discloses an assay for determining the nucleic acid sequence of a target polynucleotide.[1] (*See* Landegren at the Abstract, Col. 2, lines 34-39, and Col. 4, lines 12-15.) The method involves hybridizing an initializing oligonucleotide probe and extension oligonucleotide probe to a target polynucleotide, wherein the initializing oligonucleotide probe is adjacent to and contiguous with an extension oligonucleotide probe. (Landegren at Col. 2, line 68 – Col. 3, line 4, Col. 3, lines 5-9, and Col. 7, lines 4-7.) The two probes are then ligated, demonstrating that the initializing oligonucleotide contains an extendable probe terminus. (Landegren at Col. 3, lines 10-15 and Col. 9, lines 35-36.) At least one nucleotide of the target polynucleotide that is complementary to the just-ligated extension probe is identified. (Landegren at Col. 2, lines 56-58, Col. 3, lines 21-22, Col. 8, lines 43-46, Col. 8, lines 63-66, Col. 10, lines 15-18, and Col. 4, lines 31-50.) The extension oligonucleotide contains an extendable probe terminus. (Landegren at Claim 8.) Landegren provides a method for repeating steps (b), (c) and (d) using a probe to extend the extendable probe terminus. (Landegren at Col. 7, line 67 – Col. 8, line 11, Col. 8, line 66 to Col. 9, line 2, Col. 11, lines 39-44, and Claim 8.)<br><br>U.S. Patent No. 4,883,750 ("Whiteley") also discloses an assay for determining the nucleic acid sequence of a target polynucleotide. (*See* Whiteley at the Abstract, Col. 3, lines 28-30 and 41-43, and Col. 1, lines 6-8.) The method involves hybridizing the target polynucleotide with an initializing oligonucleotide probe and an extension oligonucleotide probe, wherein the initializing oligonucleotide probe is adjacent to and contiguous with an extension oligonucleotide probe. (Whiteley at Col. 3, lines 44-48, Col. 6, lines 65-66, and Col. 5, lines 8-18.) One of the probes is terminated in a manner that permits ligation to the contiguous probe, thus it contains an extendable probe terminus. (Whiteley at Col. 6, lines 58-59.) The two probes are then ligated. (Whiteley at Col. 3, lines 51-53, Col. 5, lines 29-40, Col. 7, line 39, and Claim 18.) At least one nucleotide complementary to the just-ligated extension probe is identified. (Whiteley at Col. 3, lines 54-61, Col. 5, line 64 – Col. 6, line 4, and Claim 20.) The extension |

---

[1] AB's invalidity analysis uses the term "target polynucleotide" as it was used by Solexa in its Contentions. AB does not agree with this claim construction.

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| nucleotides in the target polynucleotide is determined. | oligonucleotide contains an extendable probe terminus. (Whiteley at Example 1, claim 4, and Col. 6, lines 37-52.) Whiteley provides a method for repeating steps (b), (c), and (d) using a probe to extend the extendable probe terminus. (Whiteley at Col. 13, lines 12-17.)

WO 95/04160 ("Southern") discloses an assay for determining the nucleic acid sequence of a target polynucleotide. (*See* Southern at page 2, lines 9-13 and 22-26, page 4, lines 33-36, page 14, line 31-32, page 21, lines 4-15, and Figures 4 and 5.) The method involves hybridizing the target polynucleotide with an initializing oligonucleotide probe and an extension oligonucleotide probe, wherein the initializing oligonucleotide probe is adjacent to and contiguous with an extension oligonucleotide probe. (Southern at page 14, line 31- page 15, line 8, page 15, lines 22-33, page 19, lines 4 - 15, page 20, lines 17 - 24, page 21, lines 4-15, and Figure 5.) One of the probes is terminated in a manner that permits ligation to the contiguous probe, thus it contains an extendable probe terminus. (Southern at page 15, line 33 - page 16, line 1, page 43, lines 14-22, page 21, lines 4-15, and Figures 4 and 5.) The two probes are then ligated. (Southern at page 15, lines 9-10, page 15, line 33 - page 16, line 1, page 20, lines 25 - 27, page 21, lines 4-15, and Figures 4 and 5.) At least one nucleotide complementary to the just-ligated extension probe is identified. (Southern at page 15, lines 12-14, page 16, lines 7 - 10, page 19, lines 17 - 19, page 20, lines 29 - 31, page 21, lines 4-15, and Figures 4 and 5.) An extendable probe terminus is generated on the extension oligonucleotide. (Southern at page 16, lines 7 - 18, page 20, lines 32 - 34, and Figure 4.)   Southern provides a method for repeating steps (b), (c), and (d) using a probe to extend the extendable probe terminus. (Southern at page 16, lines 19 - 35, page 19, lines 20 - 24, page 20, line 35 - page 21, line 3, and Figure 4.)

The invention disclosed in GB 9401200 (Sibson III), filed January 21, 1994, and published July 27, 1995 as WO 95/20053 (Sibson IV) was publicly disclosed prior to July 17, 1994 by each of Sibson I, II, and Mundy. Sibson I, II, and Mundy disclose a DNA sequencing method employing the ligation of a labeled oligonucleotide to an initializing primer hybridized to a target polynucleotide. The oligonucleotide is labeled to permit the identification of one or more nucleotides complementary to the just-ligated oligonucleotide. A portion of the just-ligated oligonucleotide is then removed by enzymatic or chemical cleavage. The process is repeated to the extent necessary to determine the sequence of the target polynucleotide. |

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| | Sibson III, IV, and V disclose a DNA sequencing method employing the ligation of a labeled oligonucleotide to an initializing primer hybridized to a target polynucleotide. (*See* Sibson III at page 8, lines 1-16, page 11, line 23 – page 12, line 2, and Figure 2. *See* Sibson IV at page 6, line 26 – page 7, line 6, page 10, line 21 – page 11, line 18, and Figure 2.  *See* Sibson V at Col. 3, line 60 – Col. 4, line 8, Col. 9, lines 39-65, and Figure 2.) The oligonucleotide is labeled to permit the identification of one or more nucleotides complementary to the just-ligated oligonucleotide.  (*See* Sibson III at page 13, lines 4-19, page 30, lines 5-10.  *See* Sibson IV at page 11, lines 21-35, page 25, lines 4-9.  *See* Sibson V at Col. 5, line 66 – Col. 6, line 13, Col. 12, lines 13-18.)  A portion of the just-ligated oligonucleotide is then removed by enzymatic or chemical cleavage to thus generate an extendable probe terminus. (*See* Sibson III at page 12, lines 21-24, page 30, lines 12-18. *See* Sibson IV at page 11, lines 11-14, page 25, lines 11-17. *See* Sibson V at Col. 5, lines 61-62, Col. 12, lines 19-24.) The process is repeated to the extent necessary to determine the sequence of the target polynucleotide. (*See* Sibson III at page 12, line 26 – page 27, line 2.  *See* Sibson IV at page 11, lines 16-19.  *See* Sibson V at Col. 5, lines 63-65, and Figure 2.)<br><br>U.S. Patent No. 5,403,708 ("Brennan") discloses a DNA sequencing method employing the ligation of multiple labeled oligonucleotides to an initializing primer hybridized to a target polynucleotide, where the labeled oligonucleotides permit the identification of one or more nucleotides complementary to the ligated oligonucleotides. (*See* Brennan at Col. 2, line 23 – Col. 3, line 16, Col. 4, lines 30-63, Col. 5, line 42- 54, Col. 7, lines 42 – 55, and Figure 1B.) |
| 2. The method of claim 1 wherein each extension probe has a chain-terminating moiety at a terminus distal to said initializing oligonucleotide probe. | *See* claim 1.  It was well known in the art at the time of the invention that chain-terminating moieties are useful in DNA sequencing methods.<br><br>Southern discloses a DNA sequencing method employing the sequential ligation of oligonucleotides to a primer hybridized to a polynucleotide, where the oligonucleotide contains a chain terminating moiety.  (Southern, page 16, lines 7 - 18, page 12, line 20 – page 13, line 8, and Figures 4 and 5.)<br><br>Whiteley discloses a DNA sequencing method employing the ligation of an extension probe having a chain-terminating moiety to a primer hybridized to a target polynucleotide. (*See* Whiteley at Col. 5, line 64 – Col. 6, |

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| | line 4, and Col. 12, lines 4-6.) |
| | Sibson III, IV, and V disclose a DNA sequencing method employing the sequential ligation of oligonucleotides to a primer hybridized to a polynucleotide, where the oligonucleotide contains a chain terminating moiety. (*See* Sibson III at page 6, line 13 – page 7, line 18, and Figure 2. Sibson IV at page 5, line 19 – page 6, line 16, and Figure 2. Sibson V at Col. 3, lines 10-52, and Figure 2.) |
| | Sibson I, II, and Mundy disclose a DNA sequencing method employing the ligation of a labeled oligonucleotide to an initializing primer hybridized to a target polynucleotide, where the oligonucleotide contains a chain-terminating moiety. |
| | Brennan discloses a DNA sequencing method employing the ligation of oligonucleotides to a primer hybridized to a polynucleotide, where the oligonucleotide contains a labeled nucleotide and has a 5' or 3' chain-terminating nucleotide. (*See* Brennan at Col. 3, lines 12-16 and 38-46, Col. 5, lines 18-41, Col. 6, line 27 – Col. 7, line 31, and claims 2 and 3.) |
| | Tsien discloses a DNA sequencing method employing the incorporation of chain terminating moieties comprising a deoxynucleotide triphosphate (dNTP) having a blocking group at its 3'-OH position. (*See* Tsien at page 12, line 22 - page 13, line 35, page 14, lines 19-26, page 20, line 24 - page 32, line 7, and claim 4.) |
| | Canard I and II disclose a DNA sequencing method employing the incorporation of chain terminating moieties comprising a dNTP ester blocked at its 3'-OH position. (*See* Canard I at Col. 3, lines 8-25, Col. 8, lines 40-42, and Col. 9, lines 14-18 and 39-45.  *See* Canard II at lines 1-9.) |
| | Cantor I, II, and III disclose DNA sequencing methods employing the ligation of a nucleotide or short sequences (oligonucleotides) to a primer hybridized to a polynucleotide, wherein the nucleotide is a dideoxynucleotide triphosphate (ddNTP) or the oligonucleotide contains a 5' or 3' chain-terminating nucleotide. (*See* Cantor I, page 17, lines 10-19 and page 46, line 21 - page 47, line 9.  *See* Cantor II, Col. 8, lines 47-52 and Col. 17, lines 16-42.  *See* Cantor III, Col. 10, line 63 – Col. 11, line 9 and Col. 29, line 61 – Col. 30, line 20.) |
| | Metzker I and II disclose a DNA sequencing method employing the incorporation of chain terminating moieties comprising a 3' protected dNTP. (*See* Metzker I at lines 1- |

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| | 6.  *See* Metzker II in its entirety.) |
| | Rosenthal discloses a DNA sequencing method employing the incorporation of chain terminating moieties comprising dideoxynucleotide triphosphates (ddNTPs).  (*See* Rosenthal, lines 8-13.) |
| | Spurgeon discloses a DNA sequencing method employing the incorporation of chain terminating moieties dye-labeled terminators.  (*See* Spurgeon, lines 13-16.) |
| 6. The method of claim 2 further including a step of capping an extended oligonucleotide probe whenever no extension probe has ligated to the extendable terminus in the ligation step. | *See* claim 2.  It was well known in the art that capping is useful for preventing "out of phase" signals during DNA sequencing. |
| | Brenner discloses capping of a polynucleotide that has not undergone ligation to a probe in a DNA sequencing reaction.  The capped polynucleotide is rendered inert to further ligation steps in subsequent cycles of sequencing. (*See* Brenner at Col. 13, lines 53-67.) |
| | Drmanac I and II disclose treatment with a phosphatase from DNA and/or RNA to prevent ligation, thus rendering the polynucleotide inert to further ligation steps.  (*See* Drmanac I at Col. 24, lines 44-51 and Drmanac II at Page 50, lines 18-29.) |
| | Sibson III, IV, and V disclose a DNA sequencing method employing the sequential ligation of oligonucleotides to a primer hybridized to a polynucleotide, where the oligonucleotide contains a chain terminating moiety. Such a method prevents the molecules within the samples from becoming out of phase during the sequencing process.  (*See* Sibson III at page 6, line 13 – page 7, line 18, and Figure 2. Sibson IV at page 5, line 19 – page 6, line 16, and Figure 2. Sibson V at Col. 3, lines 10-52, and Figure 2.) |
| 7. The method of claim 2 wherein said step of regenerating includes cleaving a chemically scissile internucleosidic linkage in said extended oligonucleotide probe. | *See* claim 2.  It was well known in the art to cleave a chemically scissile internucleosidic linkage to generate a new extendable terminus in a sequencing reaction. |
| | Sibson I, II, and Mundy disclose a DNA sequencing method employing the sequential incorporation and ligation of an oligonucleotide containing a chain-terminating moiety.  The moiety may be removed by enzymatic or chemical cleavage, thus generating an extendable nucleoside. |
| | Sibson III, IV, and V disclose a DNA sequencing method employing the sequential incorporation and ligation of an oligonucleotide containing a chain-terminating moiety.  The moiety may be removed by enzymatic or chemical |

| Exhibit A – '341 Patent | |
| --- | --- |
| '341 Patent Claim | Invalidating Prior Art |
| | cleavage, thus generating an extendable nucleoside. (*See* Sibson III at page 12, lines 21-24, page 30, line 20 – page 31, line 1, and Figure 2. Sibson IV at page 11, lines 11-14, page 25, lines 19-27, and Figure 2.  Sibson V at Col. 5, lines 60-62, Col. 12, lines 25-33, and Figure 2.) |
| | Southern discloses a DNA sequencing method employing the sequential incorporation and ligation of an oligonucleotide containing a chain-terminating moiety.  The moiety may be removed by enzymatic cleavage, thus generating an extendable nucleoside.  (*See* Southern, page 8, lines 12-18, Figures 4 and 5.) |
| | Canard I and II disclose a DNA sequencing method employing the incorporation of chain terminating moieties blocked at its 3'-OH position, where the blocking group is chemically or enzymatically removed from each dNTP after incorporation into the complementary DNA molecule, thus generating an extendable nucleoside.  (*See* Canard I at Col. 3, lines 8-25, Col. 8, lines 40-42, Col. 9, lines 14-18 and 39-45, and claim 4. *See* Canard II at lines 10-14.) |
| | Tsien discloses a DNA sequencing method employing the incorporation of chain terminating moieties having a blocking group at its 3'-OH position, where the blocking group is chemically removed from each dNTP after incorporation into the complementary DNA molecule, thus creating an extendable nucleotide.  (*See* Tsien at page 12, line 22 - page 13, line 35, page 14, lines 19-26, page 20, line 24 - page 32, line 7, and claim 5.) |
| | Drmanac I and II disclose a DNA sequencing method incorporating a chemically cleavable internucleosidic bond, wherein the bond is cleaved after the labeled probe is detected, thus generating an extendable nucleotide.  (*See* Drmanac I at Col. 30, lines 11-32, and Drmanac II at Page 61, line 36 through Page 62, line 22.) |
| | Metzker I and II disclose a DNA sequencing method employing the incorporation of chain terminating moieties blocked at its 3'-OH position, where the blocking group is removed from each dNTP after incorporation into the complementary DNA molecule, thus generating an extendable nucleoside.  (*See* Metzker I, lines 3-9.  *See* Metzker II, lines 3-6 and 15-17.) |
| | Rosenthal discloses a DNA sequencing method incorporating a tagged nucleotide and a ddNTP terminator, where ExoIII is used to remove the tagged nucleotide and ddNTP after incorporation into the complementary DNA molecule, thus generating an extendable nucleoside.  (*See* |

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| | Rosenthal, lines 7-23.) |
| 8. The method of claim 7 wherein said chemically scissile internucleosidic linkage is a phosphoramidate. | *See* claim 7.  It was well known in the art that phosphoramidate linkages could be incorporated into oligonucleotides and were chemically scissile.<br><br>Mag describes the generation of oligonucleotides containing phosphoramidate linkages, and describes the chemically scissile nature of the linkages.  (*See* Mag at page 7319 and page 7322.)<br><br>Bannwarth also describes oligonucleotides containing phosphoramidate linkages and describes the chemically scissile nature of the linkages.  (*See* Bannwarth at pages 1517-1518.)<br><br>Sibson III, IV, and V disclose a DNA sequencing method employing the sequential incorporation and ligation of oligonucleotides containing phosphothionate, phosphoramidite and phosphorothioate linkages, and describing the chemically scissile nature of the linkages.  (*See* Sibson III at page 30, line 20 – page 31, line 1, page 34, lines 6-25, and Figure 2. Sibson IV at page 25, lines 19-27, page 28, line 15 – page 29, line 2, and Figure 2.  Sibson V at Col. 12, lines 25-33, Col. 13, lines 45-67, and Figure 2.) |
| 11. The method of claim 1, wherein step (a) includes providing, in separate aliquots, a plurality of distinct target-primer duplexes, each distinct duplex comprising an initializing oligonucleotide primer hybridized to a target polynucleotide, wherein the target polynucleotide in each duplex is the same, but the initializing oligonucleotide in each duplex is bound to a different sequence of the target polynucleotide; and steps (b) to (e) are carried out independently on each aliquot. | *See* claim 1.  It was well known in the art at the time of the invention that using different initializing primers in separate aliquots of the same target polynucleotide are useful in DNA sequencing methods.<br><br>Southern discloses a method for DNA sequencing that anneals oligonucleotides having different sequences to a target polynucleotide, thus forming distinct duplexes for multiplex sequencing.  (*See* Southern, page 17, line 1 – page 18, line 5, and page 20, lines 9-36.)<br><br>Sibson III, IV, and V disclose a method for DNA sequencing that anneals oligonucleotides having different sequences to a target polynucleotide, thus forming distinct duplexes for multiplex sequencing.  (*See* Sibson III at page 31, line 3 – page 33, line 15.  Sibson IV at page 25, line 29 – page 27, line 33.  Sibson V at Col. 12, line 34-Col. 13, line 41.)<br><br>Brennan discloses a method for DNA sequencing that anneals different overlapping primers to the polynucleotide in separate samples or aliquots, thus forming distinct duplexes with different known origins for each sequencing reaction.  (*See* Brennan at Col. 4, line 44 – Col. 5, line 17, |

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| | and Figure 1.) |
| | Drmanac I and II disclose a method for DNA sequencing that anneals different primers to the same polynucleotide in separate aliquots, thus forming distinct duplexes.  (*See* Drmanac I at Col. 9, line 58 – Col. 10, line 3, and Drmanac II at Page 19, lines 15-28.) |
| | Cantor I and III disclose DNA sequencing methods employing separate aliquots of streptavidin-coated magnetic beads attached to initializing oligonucleotides, whereby the oligonucleotides can anneal to the same polynucleotide, thus forming distinct duplexes.  (*See* Cantor I at Page 33, line 18 – Page 34, line 2.  *See* Cantor III at Col. 20, line 64 through Col. 21, line 15.) |
| | Brenner discloses separate aliquots containing populations of the same target polynucleotide attached via an adaptor sequence to microparticles, thus providing for parallel sequencing.  (*See* Brenner at Col. 11, lines 6-34.) |
| | Crkvenjakov discloses a method for DNA sequencing that anneals oligonucleotides having different sequences to a target polynucleotide, thus forming distinct duplexes for multiplex sequencing. (*See* Crkvenjakov in its entirety.) |
| | Drmanac discloses a method for DNA sequencing that anneals oligonucleotides having different sequences to a target polynucleotide, thus forming distinct duplexes for multiplex sequencing.  (*See* Drmanac at page 100, section B.1, and page 105, sections APP.3 and APP.4.) |
| 12. The method of claim 11 wherein for each aliquot, said extension oligonucleotide probe has a chain-terminating moiety at a terminus distal to said primer. | *See* claim 11.  It was well known in the art at the time of the invention that chain-terminating moieties are useful in DNA sequencing methods. |
| | Whiteley discloses a DNA sequencing method employing the ligation of an extension probe having a chain-terminating moiety to a primer hybridized to a target polynucleotide. (*See* Whiteley at Col. 5, line 64 – Col. 6, line 4, and Col. 12, lines 4-6.) |
| | Sibson I, II, and Mundy disclose a DNA sequencing method employing the ligation of a labeled oligonucleotide to an initializing primer hybridized to a target polynucleotide, where the oligonucleotide contains a chain-terminating moiety. |
| | Sibson III, IV, and V disclose a DNA sequencing method employing the sequential ligation of oligonucleotides to a primer hybridized to a polynucleotide, where the |

| Exhibit A – '341 Patent | |
| --- | --- |
| '341 Patent Claim | Invalidating Prior Art |
| | oligonucleotide contains a chain terminating moiety. (*See* Sibson III at page 6, line 13 – page 7, line 18, and Figure 2. Sibson IV at page 5, line 19 – page 6, line 16, and Figure 2. Sibson V at Col. 3, lines 10-52, and Figure 2.)<br><br>Southern discloses a DNA sequencing method employing the sequential ligation of oligonucleotides to a primer hybridized to a polynucleotide, where the oligonucleotide contains a chain terminating moiety.  (Southern, page 16, lines 7 - 18, page 12, line 20 – page 13, line 8, page 21, lines 4-15, and Figures 4 and 5.)<br><br>Brennan discloses a DNA sequencing method employing the ligation of termination oligonucleotides to a primer hybridized to a polynucleotide, where the sequencing oligonucleotide contains a labeled nucleotide and has a 5' or 3' chain-terminating nucleotide.  (*See* Brennan at Col. 3, lines 12-16 and 38-46, Col. 5, lines 18-41, Col. 6, line 27 – Col. 7, line 31, and claims 2 and 3.)<br><br>Tsien discloses a DNA sequencing method employing the incorporation of chain terminating moieties comprising a deoxynucleotide triphosphate (dNTP) having a blocking group at its 3'-OH position.  (*See* Tsien at page 12, line 22 - page 13, line 35, page 14, lines 19-26, page 20, line 24 - page 32, line 7, and claim 4.)<br><br>Canard I and II disclose a DNA sequencing method employing the incorporation of chain terminating moieties comprising a dNTP ester blocked at its 3'-OH position. (*See* Canard I at Col. 3, lines 8-25, Col. 8, lines 40-42, and Col. 9, lines 14-18 and 39-45.  *See* Canard II at lines 1-9.)<br><br>Cantor I, II, and III disclose DNA sequencing methods employing the ligation of a nucleotide or short sequences (oligonucleotides) to a primer hybridized to a polynucleotide, wherein the nucleotide is a dideoxynucleotide triphosphate (ddNTP) or the oligonucleotide contains a 5' or 3' chain-terminating nucleotide.  (*See* Cantor I, page 17, lines 10-19 and page 46, line 21 - page 47, line 9.  *See* Cantor II, Col. 8, lines 47-52 and Col. 17, lines 16-42.  *See* Cantor III, Col. 10, line 63 – Col. 11, line 9 and Col. 29, line 61 – Col. 30, line 20.)<br><br>Metzker I and II disclose a DNA sequencing method employing the incorporation of chain terminating moieties comprising a 3' protected dNTP.  (*See* Metzker I at lines 1-6.  *See* Metzker II in its entirety.)<br><br>Rosenthal discloses a DNA sequencing method employing the incorporation of chain terminating moieties comprising |

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| | dideoxynucleotide triphosphates (ddNTPs).  (*See* Rosenthal, lines 8-13.) |
| | Spurgeon discloses a DNA sequencing method employing the incorporation of chain terminating moieties dye-labeled terminators.  (*See* Spurgeon, lines 13-16.) |
| 16. The method of claim 11 further including a step of capping an extended oligonucleotide probe whenever no extension probe has ligated to the extendable terminus in the ligation step. | *See* claim 11.  It was well known in the art that capping is useful for preventing "out of phase" signals during DNA sequencing. |
| | Brenner discloses capping of a polynucleotide that has not undergone ligation to a probe in a DNA sequencing reaction.  The capped polynucleotide is rendered inert to further ligation steps in subsequent cycles of sequencing.  (*See* Brenner at Col. 13, lines 53-67.) |
| | Drmanac I and II disclose treatment with a phosphatase from DNA and/or RNA to prevent ligation, thus rendering the polynucleotide inert to further ligation steps.  (*See* Drmanac I at Col. 24, lines 44-51 and Drmanac II at Page 50, lines 18-29.) |
| | Sibson III, IV, and V disclose a DNA sequencing method employing the sequential ligation of oligonucleotides to a primer hybridized to a polynucleotide, where the oligonucleotide contains a chain terminating moiety. Such a method prevents the molecules within the samples from becoming out of phase during the sequencing process.  (*See* Sibson III at page 6, line 13 – page 7, line 18, and Figure 2. Sibson IV at page 5, line 19 – page 6, line 16, and Figure 2. Sibson V at Col. 3, lines 10-52, and Figure 2.) |
| 17. The method of claim 11 wherein for each aliquot, said step of regenerating includes cleaving a chemically scissile internucleosidic linkage in said extended oligonucleotide probe. | *See* claim 11.  It was well known in the art to cleave a chemically scissile internucleosidic linkage to generate a new extendable terminus in a sequencing reaction. |
| | Sibson I, II, and Mundy disclose a DNA sequencing method employing the sequential incorporation and ligation of an oligonucleotide containing a chain-terminating moiety.  The moiety may be removed by enzymatic or chemical cleavage, thus generating an extendable nucleoside. |
| | Sibson III, IV, and V disclose a DNA sequencing method employing the sequential incorporation and ligation of an oligonucleotide containing a chain-terminating moiety.  The moiety may be removed by enzymatic or chemical cleavage, thus generating an extendable nucleoside. (*See* Sibson III at page 12, lines 21-24, page 30, line 20 – page 31, line 1, and Figure 2. Sibson IV at page 11, lines 11-14, page 25, lines 19-27, and Figure 2.  Sibson V at Col. 5, |

| Exhibit A – '341 Patent | |
| --- | --- |
| '341 Patent Claim | Invalidating Prior Art |
| | lines 60-62, Col. 12, lines 25-33, and Figure 2.) |
| | Southern discloses a DNA sequencing method employing the sequential incorporation and ligation of an oligonucleotide containing a chain-terminating moiety.  The moiety may be removed by enzymatic cleavage, thus generating an extendable nucleoside.  (*See* Southern, page 8, lines 12-18, page 21, lines 4-15, Figures 4 and 5.) |
| | Canard I and II disclose a DNA sequencing method employing the incorporation of chain terminating moieties blocked at its 3'-OH position, where the blocking group is chemically or enzymatically removed from each dNTP after incorporation into the complementary DNA molecule, thus generating an extendable nucleoside.  (*See* Canard I at Col. 3, lines 8-25, Col. 8, lines 40-42, Col. 9, lines 14-18 and 39-45, and claim 4. *See* Canard II at lines 10-14.) |
| | Tsien discloses a DNA sequencing method employing the incorporation of chain terminating moieties having a blocking group at its 3'-OH position, where the blocking group is chemically removed from each dNTP after incorporation into the complementary DNA molecule, thus creating an extendable nucleotide.  (*See* Tsien at page 12, line 22 - page 13, line 35, page 14, lines 19-26, page 20, line 24 - page 32, line 7, and claim 5.) |
| | Drmanac I and II disclose a DNA sequencing method incorporating a chemically cleavable internucleosidic bond, wherein the bond is cleaved after the labeled probe is detected, thus generating an extendable nucleotide.  (*See* Drmanac I at Col. 30, lines 11-32, and Drmanac II at Page 61, line 36 through Page 62, line 22.) |
| | Metzker I and II disclose a DNA sequencing method employing the incorporation of chain terminating moieties blocked at its 3'-OH position, where the blocking group is removed from each dNTP after incorporation into the complementary DNA molecule, thus generating an extendable nucleoside.  (*See* Metzker I, lines 3-9.  *See* Metzker II, lines 3-6 and 15-17.) |
| | Rosenthal discloses a DNA sequencing method incorporating a tagged nucleotide and a ddNTP terminator, where ExoIII is used to remove the tagged nucleotide and ddNTP after incorporation into the complementary DNA molecule, thus generating an extendable nucleoside.  (*See* Rosenthal, lines 7-23.) |
| 18. The method of claim 17 wherein said chemically | *See* claim 17.  It was well known in the art that phosphoramidate linkages could be incorporated into |

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| scissile internucleosidic linkage is a phosphoramidate. | oligonucleotides and were chemically scissile.<br><br>Mag describes the generation of oligonucleotides containing phosphoramidate linkages, and describes the chemically scissile nature of the linkages.  (*See* Mag at page 7319 and page 7322.)<br><br>Bannwarth also describes oligonucleotides containing phosphoramidate linkages and describes the chemically scissile nature of the linkages.  (*See* Bannwarth at pages 1517-1518.)<br><br>Sibson III, IV, and V disclose a DNA sequencing method employing the sequential incorporation and ligation of oligonucleotides containing phosphothionate linkages, and describing the chemically scissile nature of the linkages. (*See* Sibson III at page 30, line 20 – page 31, line 1, page 34, lines 6-25, and Figure 2. Sibson IV at page 25, lines 19-27, page 28, line 15 – page 29, line 2, and Figure 2.  Sibson V at Col. 12, lines 25-33, Col. 13, lines 45-67, and Figure 2.) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

| Exhibit B – '597 Patent | |
|---|---|
| '597 Patent Claim | Invalidating Prior Art |
| 1. A method for identifying a sequence of nucleotides in a polynucleotide, the method comprising the steps of:<br><br>(a) extending an initializing oligonucleotide along the polynucleotide by ligating an oligonucleotide probe thereto to form an extended duplex;<br><br>(b) identifying one or more nucleotides of the polynucleotide; and<br><br>(c) repeating steps (a) and (b) until the sequence of nucleotides is determined. | U.S. Patent No. 4,883,750 ("Whiteley") discloses an assay for determining the nucleic acid sequence of a polynucleotide. (*See* Whiteley at the Abstract, Col. 3, lines 28-30 and 41-43, and Col. 1, lines 6-8.) The method involves hybridizing the polynucleotide with an initializing oligonucleotide probe and extension oligonucleotide probe, wherein the initializing oligonucleotide probe is adjacent to and contiguous with an extension oligonucleotide probe. (Whiteley at Col. 3, lines 44-48, Col. 5, lines 8-18, Col. 6, lines 65-66, and Col. 7, lines 8-9.) The two probes are then ligated, which extends the initializing oligonucleotide along the polynucleotide. (Whiteley at Col. 3, lines 51-53, Col. 5, lines 29-40, Col. 6, lines 58-59, Col. 7, line 39, and claim 18.) At least one nucleotide is identified. (Whiteley at Col. 3, lines 54-61, Col. 5, line 64 – Col. 6, line 4, and claim 20.) Whiteley provides a method for repeating steps (a) and (b) to determine a sequence of nucleotides. (Whiteley at Col. 13, lines 12-17.)<br><br>U.S. Patent No. 4,988,617 ("Landegren") discloses an assay for determining the nucleic acid sequence of a polynucleotide. (*See* Landegren at the Abstract, Col. 2, lines 34-39, and Col. 4, lines 12-15.) The method involves hybridizing an initializing oligonucleotide probe and extension oligonucleotide probe to a polynucleotide, wherein the initializing oligonucleotide is adjacent to and contiguous with an extension oligonucleotide probe. (Landegren at Col. 2, line 68 – Col. 3, line 15, and Col. 7, lines 4-7.) The two probes are then ligated, which extends the initializing oligonucleotide along the polynucleotide. (Landegren at Col. 3, lines 10-15 and Col. 9, lines 35-36.) At least one nucleotide is identified. (Landegren at Col. 2, lines 56-58, Col. 3, lines 21-22, Col. 4, lines 31-50, Col. 8, lines 43-46, Col. 8, lines 63-66, and Col. 10, lines 15-18.) Landegren provides a method for repeating steps (a) and (b) to determine a sequence of nucleotides. (Landegren at Col. 7, line 67 – Col. 8, line 11, Col. 8, line 66 to Col. 9, line 2, Col. 11, lines 39-44, Col. 13, lines 17-20, and claim 8.)<br><br>U.S. Patent No. 5,800,994 ("Martinelli") discloses an assay for determining the nucleic acid sequence of a polynucleotide. (*See* Martinelli at Col. 9, lines 28-29, and claims 1, 14, 18, 27, 28-30, 33, 34, 38, 39, 41, and 42.) The method involves hybridizing an initializing oligonucleotide probe and extension oligonucleotide probe to a polynucleotide, wherein the initializing oligonucleotide is adjacent to and contiguous with an extension oligonucleotide probe. (Martinelli at Col. 3, lines 58-61 and |

| Exhibit B – '597 Patent | |
|---|---|
| '597 Patent Claim | Invalidating Prior Art |
| | Col. 4, lines 5-7.)  The two probes are then ligated, which extends the initializing oligonucleotide along the polynucleotide.  (Martinelli at Col. 3, lines 13-18, and claims 12 and 13.)  At least one nucleotide is identified. (Martinelli at Col. 3, lines 1-5, Col. 5, lines 20-25, and claim 1.)  Martinelli provides a method for repeating steps (a) and (b) to determine a sequence of nucleotides. (Martinelli at Col. 4, lines 56-61 and Col. 5, lines 54-58.)<br><br>U.S. Patent No. 7,070,927 ("Drmanac I") and WO 95/09248 ("Drmanac II") disclose an assay for determining the nucleic acid sequence of a polynucleotide. (*See* Drmanac I Col. 1, lines 25-30.  *See* Drmanac II at Page 1, lines 22-27.)  The method involves hybridizing an initializing oligonucleotide probe and extension oligonucleotide probe to a polynucleotide, wherein the initializing oligonucleotide is adjacent to and contiguous with an extension oligonucleotide probe.  (Drmanac I at Col. 2, lines 56-62, Col. 3, lines 46-53, Col. 3, line 56 – Col. 4, line 3, and Col. 5, lines 45-56.  Drmanac II at Page 4, lines 21-27, Page 6, lines 13-21, Page 6, line 24 – page 7, line 2, and Page 10, lines 13-28.)  The two probes are then ligated, which extends the initializing oligonucleotide along the polynucleotide.  (Drmanac I at Col. 7, lines 1-2.  Drmanac II at Page 13, lines 15-16.)  At least one nucleotide is identified by identifying one or more labels from the labeled probes.  (Drmanac I at Col. 4, lines 1-3, Col. 5, line 64 – Col. 6, line 3, Col. 7, lines 14 – 21, and Col. 26, lines 27-28.  Drmanac II at Page 6, line 37 – page 7, line 2, Page 11, lines 1-9, Page 13, lines 29-36, and Page 54, lines 4-5.)  Drmanac provides a method for repeating steps (a) and (b) to determine a sequence of nucleotides. (Drmanac I at Col. 8, lines 55-67 and Col. 13, lines 55-67.  Drmanac II at Page 17, lines 8-22 and Page 27, line 24 – page 28, line 2.)<br><br>WO 95/04160 ("Southern") discloses an assay for determining the nucleic acid sequence of a polynucleotide. (*See* Southern at page 2, lines 9-13 and 22-26, page 4, lines 33-36, page 14, line 31-32, page 21, lines 4-15, and Figures 4 and 5.)  The method involves hybridizing the target polynucleotide with an initializing oligonucleotide probe and an extension oligonucleotide probe, wherein the initializing oligonucleotide probe is adjacent to and contiguous with an extension oligonucleotide probe. (Southern at page 14, line 31- page 15, line 8, page 15, lines 22-33, page 19, lines 4 - 15, page 20, lines 17 - 24, page 21, lines 4-15, and Figure 5.)  The two probes are then ligated. (Southern at page 15, lines 9-10, page 15, line 33 - page 16, line 1, page 20, lines 25 - 27, page 21, lines 4-15, and Figures 4 and 5.)  At least one nucleotide complementary to |

| Exhibit B – '597 Patent | |
|---|---|
| '597 Patent Claim | Invalidating Prior Art |
| | the just-ligated extension probe is identified.  (Southern at page 15, lines 12-14, page 16, lines 7 - 10, page 19, lines 17 - 19, page 20, lines 29 - 31, page 21, lines 4-15, and Figures 4 and 5.)  Southern provides a method for repeating steps (a), and (b) to determine a sequence of nucleotides.  (Southern at page 16, lines 19 - 35, page 19, lines 20 - 24, page 20, line 35 - page 21, line 3, and Figure 4.)<br><br>The invention disclosed in GB9401200, filed January 21, 1994, and published July 27, 1995 as WO 95/20053 was publicly disclosed prior to July 17, 1994 by each of Sibson I, II, and Mundy.  Sibson I, II, and Mundy disclose a DNA sequencing method employing the ligation of a labeled oligonucleotide to an initializing primer hybridized to a target polynucleotide.  The oligonucleotide is labeled to permit the identification of one or more nucleotides complementary to the just-ligated oligonucleotide.  The process is repeated to the extent necessary to determine the sequence of the target polynucleotide.<br><br>Sibson III, IV, and V disclose a DNA sequencing method employing the ligation of a labeled oligonucleotide to an initializing primer hybridized to a polynucleotide.  (*See* Sibson III at page 8, lines 1-16, page 11, line 23 – page 12, line 2, and Figure 2. *See* Sibson IV at page 6, line 26 – page 7, line 6, page 10, line 21 – page 11, line 18, and Figure 2. *See* Sibson V at Col. 3, line 60 – Col. 4, line 8, Col. 9, lines 39-65, and Figure 2.) The oligonucleotide is labeled to permit the identification of one or more nucleotides complementary to the just-ligated oligonucleotide.  (*See* Sibson III at page 13, lines 4-19, page 30, lines 5-10.  *See* Sibson IV at page 11, lines 21-35, page 25, lines 4-9.  *See* Sibson V at Col. 5, line 66 – Col. 6, line 13, Col. 12, lines 13-18.)  The process is repeated to the extent necessary to determine the sequence of the target polynucleotide. (*See* Sibson III at page 12, line 26 – page 27, line 2.  *See* Sibson IV at page 11, lines 16-19.  *See* Sibson V at Col. 5, lines 63-65, and Figure 2.) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Exhibit C – '119 Patent | |
|---|---|
| '119 Patent Claim | Invalidating Prior Art |
| 1. An oligonucleotide probe of the formula:<br><br>HO—(3')(B)j(5')—<br>OP(==O)(O—)NH—(B)k-Bt*<br><br>wherein:<br><br>B is a nucleotide or an analog thereof;<br><br>j is in the range of from 1 to 12;<br><br>k is in the range of from 1 to 12, such that the sum of j and k is less than or equal to 12;<br><br>Bt* is a labeled, non-extendable chain-terminating moiety. | Mag discloses a dodecameric oligonucleotide having the formula (12:d[AGAGAT$_{NH}$pATCTCT]), from 5' to 3'. (Mag at page 7321.)  The letters in the dodecamer indicate nucleotides. (Mag at page 7321.)  The single underlined portion of the oligonucleotide corresponds to (B)k and contains 6 residues. (Mag at page 7321.)  The double underlined portion of the oligonucleotide corresponds to (B)j and contains 6 residues.  The sum of j and k is equal to 12.  (Mag at page 7321.)  The disclosed dodecamer contains a 5' O-(dimethoxytrityl) (DMTO) protecting group at position Bt*, which is attached to the oligonucleotide. (Mag at page 7320, Figure 2.)  The DMTO protecting group is a non-extendable, chain terminating moiety.  DMTO serves as a label, as shown by color quantization of the cleaved dimethoxytrityl group at 498 nm.  (Mag at page 7322.) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit D

AB'S FINAL INVALIDITY CONTENTIONS
Case No. C07 02845 WHA
sd-419723

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Exhibit D |
|---|
| References cited in the '341, the '597, and the '119 Patents |
| U.S. Patent No. 3,846,402 (November 1974) |
| U.S. Patent No. 4,123,610 (October 1978) |
| U.S. Patent No. 4,362,876 (December 1982) |
| U.S. Patent No. 4,415,732 (November 1983) |
| U.S. Patent No. 4,458,066 (July 1984) |
| U.S. Patent No. 4,661,450 (April 1987) |
| U.S. Patent No. 4,689,405 (August 1987) |
| U.S. Patent No. 4,725,677 (February 1988) |
| U.S. Patent No. 4,734,363 (March 1988) |
| U.S. Patent No. 4,757,141 (July 1988) |
| U.S. Patent No. 4,816,571 (March 1989) |
| U.S. Patent No. 4,855,225 (August 1989) |
| U.S. Patent No. 4,876,187 (October 1989) |
| U.S. Patent No. 4,973,679 (November 1990) |
| U.S. Patent No. 4,980,460 (December 1990) |
| U.S. Patent No. 5,002,867 (March 1991) |
| U.S. Patent No. 5,011,769 (April 1991) |
| U.S. Patent No. 5,013,830 (May 1991) |
| U.S. Patent No. 5,091,519 (February 1992) |
| U.S. Patent No. 5,114,839 (May 1992) |
| U.S. Patent No. 5,124,246 (June 1992) |
| U.S. Patent No. 5,149,796 (September 1992) |
| U.S. Patent No. 5,151,507 (September 1992) |
| U.S. Patent No. 5,188,934 (February 1993) |
| U.S. Patent No. 5,218,103 (June 1993) |
| U.S. Patent No. 5,264,562 (November 1993) |
| U.S. Patent No. 5,272,250 (December 1993) |
| U.S. Patent No. 5,302,509 (April 1994) |
| U.S. Patent No. 5,367,066 (November 1994) |
| U.S. Patent No. 5,380,833 (January 1995) |
| U.S. Patent No. 5,403,708 (April 1995) |
| U.S. Patent No. 5,407,799 (April 1995) |
| U.S. Patent No. 5,476,925 (December 1995) |
| U.S. Patent No. 5,503,980 (April 1996) |
| U.S. Patent No. 5,625,050 (April 1997) |
| U.S. Patent No. 5,652,355 (July 1997) |
| U.S. Patent No. 5,679,524 (October 1997) |
| U.S. Patent No. 5,750,341 (May 1998) |
| U.S. Patent No. 5,769,524 (October 1997) |
| PCT/GB89/00304 |
| PCT/CA90/00267 |
| PCT/US90/05565 |
| PCT/US90/06178 |
| PCT/US90/07067 |
| PCT/US91/05287 |
| PCT/US91/00968 |

| Exhibit D |
|---|
| References cited in the '341, the '597, and the '119 Patents |
| PCT/US91/08347 |
| PCT/EP92/01219 |
| PCT/EP92/01220 |
| PCT/US92/01675 |
| PCT/US93/04145 |
| PCT/FR94/00345 |
| PCT/US94/05896 |
| PCT/US94/09039 |
| PCT/GB95/00109 |
| DE 4141178 |
| EP 0 395 398 |
| EP 0 549 107 |
| Atabekov *et al.*, FEBS Letters 232(1) : 96-98 (1988) |
| Baase, Computer Algorithms (Addison-Wesley, Menlo Park, 1978) |
| Bankier *et al.,* Meth. Enzymol., 155: 51-93 (1987) |
| Bannwarth W., Helvetica Chimica Acta 71 : 1517-1527 (1988) |
| Barany, PCR Methods and Applications, 1: 5-16 (1991) |
| Bevan *et al.,* PCR Methods and Applications, 1: 222-228 (1992) |
| Beaucage and Iyer, Tetrahedron, 48: 2223-2311 (1992) |
| Brenner and Livak, Proc. Natl. Acad. Sci., 86: 8902-8906 (1989) |
| Breslauer *et al.,* Proc. Natl. Acad. Sci. 83: 3746-3750 (1986) |
| Broude *et al.*, Proc. Natl. Acad. Sci. (USA) 91:3072-3076, (1994) |
| Caetano-Anolles *et al.,* Mol. Gen. Genet., 235: 157-165 (1992) |
| Carrano *et al.,* Genomics, 4:129-136 (1989) |
| Chretien *et al.,* DNA and Cell Biology, 11: 337-343 (1992) |
| Church *et al.,* Science, 240: 185-188 (1988) |
| Connell *et al.,* Biotechniques, 5: 342-348 (1987) |
| Dove and Davidson, J. Mol. Biol. 5: 467-478 (1962) |
| Eckstein, editor, Oligonucleotides and Analogues: A Practical Approach (IRL Press, Oxford, 1991) |
| Engler *et al.,* DNA Ligases, pages 3-30 in Boyer, editor, The Enzymes, Vol. 15B (Academic Press, New York, 1982) |
| Ferris *et al.,* Nucleosides & Nucleotides, 8: 407-414 (1989) |
| Fujita *et al.,* Biotechniques, 9: 584-591 (1990) |
| Gibbs *et al.,* Proc. Natl. Acad. Sci., 86: 1919-1923 (1989) |
| Gotoh, Adv. Biophys. 16: 1-52 (1983) |
| Green *et al.,* PCR Methods and Applications, 1: 77-90 (1991) |
| Grothues *et al.,* Nucleic Acids Research, 21: 1321-1322 (1993) |
| Gryaznov *et al.,* Nucleic Acid Research, 20: 3403-3409 (1992) |
| Gryaznov *et al.,* Nucleic Acids Research, 21: 1403-1408 (1993) |
| Gryaznov *et al.,* Nucleic Acids Research, 22: 2366-2369 (1994) |
| Gryaznov *et al.*, J. of the American Chemical Society 116 (7) : 3143-3144 (1994) |
| Gyllensten *et al.,* PCR Methods and Applications, 1: 91-98 (1991) |
| Gyllensten *et al.,* Proc. Natl. Acad. Sci, 85: 7652-7656 (1988) |
| Hanvey *et al.,* Science, 258: 1481-1485 (1992) |
| Harrison *et al.,* Biotechniques, 14: 88-97 (1993) |
| Haugland, Handbook of Fluorescent Probes and Research Chemicals (Molecular Probes, Inc., Eugene, 1992) |
| Hawkins *et al.,* Electrophoresis, 13: 552-559 (1992) |

| Exhibit D |
|---|
| References cited in the '341, the '597, and the '119 Patents |
| Hogrefe *et al.*, J. Biol. Chem., 265: 5561-5566 (1990) |
| Horn and Urdea, Tetrahedron Lett., 27: 4705 (1986) |
| Hou *et al.*, Nucleic Acids Research, 21: 3331-3332 (1993) |
| Hultman *et al.*, Nucleic Acids Research, 17: 4937-4946 (1989) |
| Hultman *et al.*, Biotechniques, 10: 84-93 (1991) |
| Hunkapiller *et al.*, Science, 254: 59-67 (1991) |
| Hutton, Nucleic Acids Research, 10: 3537-3555 (1977) |
| Innis *et al.*, editors, PCR Protocols (Academic Press, New York, 1990) |
| Inoue *et al.*, FEBS Letters 215(2) :327-330 (1987) |
| Jablonski *et al.*, Nucleic Acids Research, 14: 6115-6128 (1986) |
| Kaczorowski *et al.*, Anal. Biochem., 221: 127-135 (1994) |
| Karger *et al.*, Nucleic Acids Research, 19: 4955-4962 (1991) |
| Keller and Manak, DNA Probes, 2nd Edition (Stockton Press, New York, 1993) |
| Kempe *et al.*, Nucleic Acids Research 10(21) :6695-6714 (1982) |
| Kieleczawa *et al.*, Science, 258: 1787-1790 (1992) |
| Kong Thoo Lin *et al.*, Nucleic Acids Research, 20: 5149-5152 |
| Kornberg and Baker, DNA Replication, 2nd Ed. (Freeman, San Francisco, 1992) |
| Kotler *et al.*, Proc. Natl. Acad. Sci., 90: 4241-4245 (1993) |
| Kuznetsova *et al.*, Molecular Biology (Moscow) 28(2), Part 1: 190-195 (1994) |
| Lavina *et al.*, Biochemie 75 : 25-27 (1993) |
| Lehman, Science, 186: 790-797 (1974) |
| Lee *et al.*, Nucleic Acids Researchs, 20: 2471-2483 (1992) |
| Letsinger *et al.*, J. Am. Chem. Soc., 94: 292-293 (1971) |
| Letsinger *et al.*, Biochem., 15: 2810-2816 (1976) |
| Lowe *et al.*, Nucleic Acids Research, 18: 1757-1761 (1990) |
| Marsh *et al.*, Strategies, 5:73-76 (1992) |
| Matson *et al.*, Anal. Biochem., 224: 110-116 (1995) |
| Matthews *et al.*, Anal. Biochem., Vol 169, pgs. 1-25 (1988) |
| Maxam *et al.*, Proc. Natl. Acad. Sci., 74: 560-564 (1977) |
| McGraw *et al.*, Biotechniques, 8: 674-678 (1990) |
| Metzker *et al.*, Nucleic Acids Research, 22: 4259-4267 (1994) |
| Miyazawa *et al.*, J. Mol. Biol., 11: 223-237 (1965) |
| Nichols *et al.*, Nature, 369: 492-493 (1994) |
| Nielson *et al.*, Science, 254:1497-1500 (1991) |
| Nishikawa *et al.*, Electrophoresis, 12: 623-631 (1991) |
| Pease *et al.*, Proc. Natl. Acad. Sci., 91: 5022-5026 (1994) |
| Perreault *et al.*, Nature 344 :565-567 (1990) |
| Prober *et al.*, Science, 238: 336-341 (1987) |
| Sambrook *et al.*, Molecular Cloning: A Laboratory Manual., 2nd Edition (Cold Spring Harbor Laboratory, New York, 1989) |
| Sanger *et al.*, Proc. Natl. Acad. Sci., 74: 5463-5467 (1977) |
| Sanger *et al.*, J. Mol. Biol., 143: 161-178 (1980) |
| Scheit, Nucleotide Analogs (John Wiley, New York, 1980) |
| Schreier *et al.*, J. Mol. Biol., 129: 169-172 (1979) |
| Section II, Meth. Enzymol., 155: 51-334 (1987) |
| Shabarova *et al.*, Nucleic Acids Research, 19: 4247-4251 (1991) |
| Smith *et al.*, Nucleic Acids Research, 13: 2399-2412 (1985) |
| Smith *et al.*, Nature, 321: 674-679 (1987) |
| Southern *et al.*, J. Biotechnology, 35: 217-227 (1994) |

1

2

| Exhibit D |
| :---: |
| References cited in the '341, the '597, and the '119 Patents |

3

4

5

6

7

8

9

| |
| :--- |
| Stratagene catalog (1994), p. 109. Published by Stratagene Cloning Systems, 11011 North Torrey Pines Road, La Jolla, Ca 92037 |
| Studier, Proc. Natl. Acad. Sci., 86: 6917-6921 (1989) |
| Syvanen *et al.,* Nucleic Acids Research, 16: 11327-11338 (1988) |
| Szybalski, Gene, 90: 177-178 (1990) |
| Telenius *et al.,* Genomics, 13: 718-725 (1992) |
| Tong *et al.,* Anal. Chem., 64: 2672-2677 (1992) |
| Trainor, Anal. Biochem., 62: 418-426 (1990) |
| Versalovic *et al.,* Nucleic Acids Research, 19: 6823-6831 (1991) |
| Wada *et al.,* Rev. Sci. Instrum., 54: 1569-1572 (1983) |
| Wahlberg *et al.,* Electrophoresis, 13: 547-551 (1992) |
| Welsh *et al.,* Nucleic Acids Research, 19: 5275-5279 (1991) |
| Wetmur, Critical Reviews in Biochemistry and Molecular Biology, 26: 227-259 (1991) |
| Wolf *et al.,* Nucleic Acids Research, 15: 2911-2926 (1987) |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

# Exhibit E

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

| Exhibit E |
|---|
| References cited in the PCT search report of WO 96/33205, cited by the EPO in examining EP 0871646, and cited by the JPO in examining Japanese Patent Publication No. JP H11-503908 |
| U.S. Patent No. 5,403,708 (April 4, 1995) |
| WO 94/11530 |
| Broude *et al.*, Proc. Natl. Acad. Sci. USA, 91:3072-3076 (Apr. 1994) |
| Hogrefe et al., J. Biol. Chem., 265:5561-6 (1990) |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  BRYAN WILSON (CA SBN 138842)
   ERIC C. PAI (CA SBN 247604)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California  94304-1018
   Telephone:  650.813.5600
4  Facsimile: 650.494.0792
   E-Mail:  BWilson@mofo.com
5  E-Mail: EPai@mofo.com

6  DAVID C. DOYLE (CA SBN 70690)
   STEVEN E. COMER (CA SBN 154384)
7  BRIAN M. KRAMER (CA SBN 212107)
   MORRISON & FOERSTER LLP
8  12531 High Bluff Drive, Suite 100
   San Diego, California  92130-2040
9  Telephone:  858.720.5100
   Facsimile:  858.720.5125
10 E-Mail:  DDoyle@mofo.com
   E-Mail: SComer@mofo.com
11 E-Mail: BMKramer@mofo.com

12
   Attorneys for Plaintiff
13 APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

14

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                     SAN FRANCISCO DIVISION

18
   APPLERA CORPORATION – APPLIED              Case No.    C07 02845 WHA
19 BIOSYSTEMS GROUP, a Delaware corporation,
                                              **PROOF OF SERVICE**
20                 Plaintiff,

21        v.

22 ILLUMINA, INC., a Delaware corporation,
   SOLEXA, INC., a Delaware corporation, and
23 STEPHEN C. MACEVICZ, an individual,

24                 Defendants.

25

26

27

28

PROOF OF SERVICE
Case No. C07 02845-WHA
sd-420478

1

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California  94304-1018.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date hereof, I served a copy of:

- **APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S FINAL INVALIDITY CONTENTIONS**

☐ **BY FACSIMILE, [Fed. Rule Civ. Proc. rule 5(b)]** by sending a true copy from Morrison & Foerster LLP's facsimile transmission telephone number 650.494.0792 to the fax number(s) set forth below, or as stated on the attached service list.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile transmissions, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be transmitted by facsimile on the same date that it (they) is (are) placed at Morrison & Foerster LLP for transmission.

☐ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California  94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☒ **BY OVERNIGHT DELIVERY [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for Saturday collection by UPS for Monday delivery.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

☐   **BY PERSONAL SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

☒   **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)(2)(a)]** by electronically mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail system to the e-mail address(s) set  forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

**COUNSEL FOR ILLUMINA INC., SOLEXA**      _____ Fax
**INC. and STEPHEN C. MACEVICZ:**      _____ U.S. Mail
GREGORY E. STANTON                      X\_\_\_\_\_ Overnight
KEVIN M. FLOWERS                       _____ Personal
THOMAS I. ROSS                          X\_\_\_\_\_ Electronic
JEFFREY H. DEAN
JOHN R. LABBE
CULLEN N. PENDLETON
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL  60606-6357
Fax: (312) 474-0448
Email: gstanton@marshallip.com
       kflowers@marshallip.com
       tross@marshallip.com
       jdean@marshallip.com
       jlabbe@marshallip.com
       cpendleton@marshallip.com

1

**COUNSEL FOR ILLUMINA INC. AND**          _____ Fax

2

**SOLEXA INC.:**                           _____ U.S. Mail

GEORGE C. BEST                            X\_\_\_\_\_ Overnight

3

KIMBERLY K. DODD                          _____ Personal

FOLEY & LARDNER LLP                       X\_\_\_\_\_ Electronic

4

975 Page Mill Road

Palo Alto, CA 94304-1125

5

Fax: (650) 856-3700

Email: gbest@foley.com

6

kdodd@foley.com

7

8

I declare under penalty of perjury that the foregoing is true and correct.

9

Executed at San Diego, California, this 11th day of April, 2008.

10

11

12

13

_____        _____
          Brian M. Kramer                         (signature)
              (typed)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28