Exhibit 5

1  BRYAN WILSON (CA SBN 138842)
   ERIC C. PAI (CA SBN 247604)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792
   E-Mail: BWilson@mofo.com
5  E-Mail: EPai@mofo.com

6  DAVID C. DOYLE (CA SBN 70690)
   STEVEN E. COMER (CA SBN 154384)
7  ANDERS T. AANNESTAD (CA SBN 211100)
   MORRISON & FOERSTER LLP
8  12531 High Bluff Drive, Suite 100
   San Diego, California 92130-2040
9  Telephone: 858.720.5100
   Facsimile: 858.720.5125
10 E-Mail: DDoyle@mofo.com
   E-Mail: SComer@mofo.com
11 E-Mail: AAannestad@mofo.com

12
   Attorneys for Plaintiff
13 APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

14

15                 UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17                   SAN FRANCISCO DIVISION

18

19 APPLERA CORPORATION – APPLIED            Case No.   C07 02845 WHA
   BIOSYSTEMS GROUP, a Delaware corporation,
20                                          **APPLERA CORPORATION –**
                        Plaintiff,          **APPLIED BIOSYSTEMS**
                                            **GROUP'S PRELIMINARY**
21          v.                              **INVALIDITY CONTENTIONS**

22 ILLUMINA, INC., a Delaware corporation,
   SOLEXA, INC., a Delaware corporation, and
23 STEPHEN C. MACEVICZ, an individual.,

24                     Defendants.

25

26

27

28

1    Pursuant to Patent Local Rules 3-3 and 3-4, Plaintiff Applera Corporation – Applied

2  Biosystems Group ("AB") provides its Preliminary Invalidity Contentions regarding U.S. Patent

3  Nos. 5,750,341 (the "'341 Patent"), U.S. Patent No. 5,969,119 (the "'119 Patent"), and U.S.

4  Patent No. 6,306,597 (the "'597 Patent").

5                                    **PRELIMINARY STATEMENT**

6    On October 4, 2007, Solexa served its Disclosure of Asserted Claims and Preliminary

7  Infringement Contentions ("Contentions"). In these Contentions, Solexa asserted claims 1, 2, 6,

8  7, 8, 11, 12, 16, 17 and 18 of the '341 Patent, claim 1 of the '119 Patent, and claim 1 of the '597

9  Patent (collectively "the asserted claims"). AB's Preliminary Invalidity Contentions address only

10  the asserted claims.

11    AB predicates certain of its Preliminary Invalidity Contentions in part on the claim

12  constructions reflected in Solexa's Contentions, as best as AB can understand those contentions.

13  Accordingly, these preliminary contentions should not be presumed to represent or otherwise

14  reflect AB's position with respect to the correct claim construction.

15    These preliminary contentions are based on information reasonably available at this time.

16  Discovery is continuing and AB has not received or completed review of all the relevant

17  evidence. AB specifically reserves its right to amend or supplement these contentions after the

18  Court's ruling on claim construction or as otherwise permitted by the Patent Local Rules. AB

19  further reserves the right to supplement or amend these preliminary contentions based on further

20  investigation, discovery, and evaluation of the scope and content of the prior art, and based on

21  any changes in Solexa's contentions. All references are to be considered in light of the state of

22  the art at the relevant time. AB reserves the right to supplement these contentions to include

23  additional information regarding the combination of any of the references cited herein and

24  indicating the state of the art at the relevant time.

25

26

27

28

# INVALIDATING PRIOR ART

## I.    PATENT LOCAL RULE 3-3(a) & (b)

### A.    The '341 Patent

#### 1.    Anticipation

Claim 1 of the '341 Patent is anticipated by:

- U.S. Patent No. 4,988,617 (Filed March 25, 1988, Issued January 29, 1991 to Ulf Landegren and Leroy Hood) ("Landegren")

- U.S. Patent No. 4,883,750 (Filed December 13, 1984, Issued November 28, 1989 to Norman M. Whiteley *et al.*) ("Whiteley")

#### 2.    Obviousness

Claim 1 of the '341 Patent is obvious based upon:

- Whiteley and/or Landegren, taken alone, together, or in view of the state of the art that nucleic acid sequences can be sequenced by hybridization to ligated oligonucleotide probes, which was well known at the time of the invention, and/or in combination with U.S. Patent No. 5,403,708 (Filed July 6, 1992, Issued April 4, 1995) ("Brennan").

- It would have been obvious to repeatedly extend an initializing primer or ligated probe along a polynucleotide by ligation to an oligonucleotide probe, and to identify a nucleotide after each round of ligation in the DNA sequencing methods of Whiteley, Landegren, and/or Brennan. The motivation to combine the references may be found in the common knowledge of those skilled in the art, the prior art as a whole, and/or the nature of the problem itself. Motivation to combine Brennan with Landegren is found in Brennan at column 1, lines 52-58.

Claim 2 of the '341 Patent is obvious based upon:

- Whiteley, Landegren and/or Brennan, taken alone, together, or in view of the state of the art that using chain-terminating moieties in sequencing methods were well known at the time of the invention, or combined with any of the following:

  - WO 91/06678 (Filed October 26, 1990, Published May 16, 1991) ("Tsien")

  - WO 94/11530 (Filed November 5, 1993, Published May 26, 1994) ("Cantor I")

  - U.S. Patent No. 5,503,980 (Filed October 17, 1994, claiming priority to November 6, 1992, Issued April 2, 1996) ("Cantor II")

  - U.S. Patent No. 6,007,987 (Filed October 16, 1996, claiming priority to November 6, 1992, Issued December 28, 1999) ("Cantor III")

  - WO 94/23064 (Filed March 28, 1994, Published October 13, 1994; U.S. Patent No. 5,798,210 is provided as the English translation thereof) ("Canard")

- It would have been obvious to use chain-terminating moieties in the DNA sequencing method of Whiteley, Landegren and/or Brennan. The motivation to combine the references may be found in the common knowledge of those skilled in the art, the prior art as a whole, and/or the nature of the problem itself. Motivation to combine Brennan with Landegren is found in Brennan at column 1, lines 52-58. Those skilled in the art recognized the advantages of adding one labeled sequencing moiety

at a time in a sequencing reaction, and that this advantage was enhanced by the use of chain-terminating moieties.

Claim 6 of the '341 Patent is obvious based upon:

- Whiteley, Landegren and/or Brennan, taken alone, together, or in view of the state of the art that the capping of a probe that has not undergone ligation in a sequencing reaction is "capped" and rendered inert in subsequent cycles of sequencing was well known at the time of the invention, or combined with any of the following:

  o U.S. Patent No. 5,552,278 (Filed July 25, 1994, Issued September 3, 1996 to Sydney Brenner) ("Brenner")

  o U.S. Patent No. 7,070,927 (Filed February 5, 2002, claiming priority to September 27, 1993, Issued July 4, 2006 to Radoje Drmanac) ("Drmanac I")

  o WO 95/09248 (Filed September 27, 1994, Published April 6, 1995 to Radoje Drmanac) ("Drmanac II")

- It would have been obvious to use capping in the DNA sequencing method of Whiteley, Landegren and/or Brennan. The motivation to combine the references may be found in the common knowledge of those skilled in the art, the prior art as a whole, and/or the nature of the problem itself. Motivation to combine Drmanac I and II with Landegren is found in Drmanac I at Col. 25, line 65 through Col. 26, line 8, and in Drmanac II at Page 53, lines 5-17. Motivation to combine Brennan with Landegren is found in Brennan at column 1, lines 52-58. Those skilled in the art recognized the advantages of preventing "out of phase" signals during

1    DNA sequencing by capping target polynucleotides and rendering them

2    inert to subsequent cycles of sequencing.

3    <u>Claim 7 of the '341 Patent is obvious based upon:</u>

4

5    • Whiteley, Landegren and/or Brennan, taken alone, together, or in view of

6    the state of the art that chain-terminating nucleotides may be chemically

7    cleaved during sequencing reactions to generate an extendable nucleoside

8    were well known at the time of the invention, or combined with any of the

9    following:

10       ○ Canard

11

12       ○ Tsien

13       ○ Drmanac I

14

15       ○ Drmanac II

16    • It would have been obvious to use chemically cleavable chain-terminating

17    nucleotides in the DNA sequencing method of Whiteley, Landegren and/or

18    Brennan. Motivation to combine the references may be found in the

19    common knowledge of those skilled in the art, the prior art as a whole,

20    and/or the nature of the problem itself. Motivation to combine Drmanac I

21    and II with Landegren is found in Drmanac I at Col. 25, line 65 through

22    Col. 26, line 8, and in Drmanac II at Page 53, lines 5-17. Motivation to

23    combine Brennan with Landegren is found in Brennan at column 1, lines

24    52-58. Those skilled in the art recognized the advantages of adding one

25    labeled sequencing moiety at a time in a sequencing reaction, and that this

26    advantage was enhanced by the use of chemically cleavable chain-

27    terminating moieties.

28

1    Claim 8 of the '341 Patent is obvious based upon:

2
3    • Whiteley, Landegren and/or Brennan, taken alone, together, or in view of
       the state of the art that phosphoramidate linkages are chemically cleavable
4
       during sequencing were well known at the time of the invention, as taught
5
       by Mag *et al*., Tetrahedron Letters 33(48):7319-7322 (1992) ("Mag") and
6
       Bannwarth, Helvetica Chimica Acta 71:1517-1527 (1988) ("Bannwarth").
7

8    • It would have been obvious to use phosphoramidate linkages as the
9       chemically cleavable chain-terminating nucleotides in the DNA sequencing
10      method of Whiteley, Landegren and/or Brennan.  The motivation to
11      combine the references may be found in the common knowledge of those
12      skilled in the art, the prior art as a whole, and/or the nature of the problem
13      itself.  Those skilled in the art recognized the advantages of adding one
14      labeled sequencing moiety at a time in a sequencing reaction, and that this
15      advantage was enhanced by the use of chemically cleavable chain-
16      terminating moieties.  Those skilled in the art also would have recognized
17      that phosphoramidate linkages were readily incorporated into
18      oligonucleotides, and were chemically scissile.

19
     Claim 11 of the '341 Patent is obvious based upon:
20

21   • Whiteley, Landegren and/or Brennan, taken alone, together, or in view of
22      the state of the art that forming aliquots containing DNA duplexes with
23      different known sequencing origins by annealing different initializing
24      sequencing primers to the target sequence was well known at the time of
25      the invention, or combined with any of the following:

26
        o Drmanac I
27

28      o Drmanac II

- o   Cantor I

- o   Cantor III

- o   Brenner

- It would have been obvious to use different initializing primers in separate aliquots in the DNA sequencing method of Whiteley, Landegren and/or Brennan.  Motivation to combine the references may be found in the common knowledge of those skilled in the art, the prior art as a whole, and/or the nature of the problem itself.  Motivation to combine Brennan with Landegren is found in Brennan at column 1, lines 52-58.  Motivation to combine Drmanac I and II with Landegren is found in Drmanac I at Col. 25, line 65 through Col. 26, line 8, and in Drmanac II at Page 53, lines 5-17.  Those skilled in the art recognized the advantages of performing separate sequencing reactions of the same target sequence with different known origins of initiation when sequencing using oligonucleotides, such that the sequence of the entire target sequence could be obtained.

Claim 12 of the '341 Patent is obvious based upon:

- *See* Disclosure for Claim 2 of the '341 Patent.

Claim 16 of the '341 Patent is obvious based upon:

- *See* Disclosure for Claim 6 of the '341 Patent.

Claim 17 of the '341 Patent is obvious based upon:

- *See* Disclosure for Claim 7 of the '341 Patent.

Claim 18 of the '341 Patent is obvious based upon:

- *See* Disclosure for Claim 8 of the '341 Patent.

**B.     The '597 Patent**

    **1.     Anticipation**

Claim 1 of the '597 Patent is anticipated by:

- Whiteley

- Landegren

- U.S. Patent No. 5,800,994 (Filed July 24, 1996 with a priority date of April 4, 1994, Issued September 1, 1998 to Richard A. Martinelli and John C. Arruda) ("Martinelli")

- Drmanac I

- Drmanac II

Claim 1 of the '597 Patent is obvious based upon:

- Whiteley, Landegren, Martinelli, Drmanac I and/or Drmanac II, taken alone, together, or in view of the state of the art that nucleic acid sequences can be sequenced by hybridization to ligated oligonucleotide probes was well known at the time of the invention.

- It would have been obvious to repeatedly extend an initializing primer along a polynucleotide by ligation to an oligonucleotide probe, and identify a nucleotide after each round of ligation in the DNA sequencing methods of Whiteley, Landegren, Martinelli, Drmanac I and/or Drmanac II. Motivation to combine the references may be found in the common

1    knowledge of those skilled in the art, the prior art as a whole, and/or the

2    nature of the problem itself.

3
     **C.    The '119 Patent**
4

5          **1.    Anticipation**

6
     Claim 1 of the '119 Patent is anticipated by:
7

8    • Mag

9
     Claim 1 of the '119 Patent is obvious based upon:
10

11   • Mag

12   **D.    Additional Prior Art**

13        Additional art invalidating claims 1, 2, 6, 7, 8, 11, 12, 16, 17 and 18 of the '341 Patent,

14   claim 1 of the '119 Patent, and claim 1 of the '597 Patent under 35 U.S.C. §§ 102 and/or 103 and

15   providing information regarding the state of the art include:

16
          • References cited in the '341 Patent, the '119 Patent, and the '597 Patent
17
            (*see* Ex. D); and
18

19        • References cited in the PCT search report of WO 96/33205, cited by the

20          EPO in examining EP 0871646, and cited by the JPO in examining

21          Japanese Patent Publication No. JP H11-503908 (*see* Ex. E).

22

23

24

25

26

27

28

### E.     PATENT LOCAL RULE 3-3(c)

In accordance with Patent Local Rule 3-3(c), charts identifying where in each item of the prior art listed above each element of each asserted claim of the '341, '597 and '119 Patents are attached as **Exhibit A, Exhibit B, and Exhibit C.** Where elements are disclosed at multiple locations within a single item of prior art, AB has not necessarily identified every location of that element. AB reserves the right to add additional citations to these charts, as well as update the charts once a claim construction is issued in this case.

### F.     PATENT LOCAL RULE 3-3(d)

#### 1.     Indefiniteness

In accordance with Patent Local Rule 3-3(d), AB identifies the following grounds of invalidity of the asserted claims based on indefiniteness under 35 U.S.C. § 112(2).

Claim 1 of the '597 Patent is invalid because the claim fails to particularly point out and distinctly claim the subject matter regarded by the inventors as the invention. As a result, the claim fails to reasonably apprise those skilled in the art as to its scope when read in light of the specification, rendering the limits of the claim unknown.

In particular, the relationship between step (a) and step (b) is unclear. Step (b) merely requires that a nucleotide be identified, but the claim does not state how that identified nucleotide is related to the limitations of step (a). For example, step (b) does not identify the relative position of the identified nucleotide with respect to the initializing oligonucleotide, the oligonucleotide probe and/or the extended duplex. Nor is it clear from the claim language what mechanism of identification is used. Given this lack of clarity, one skilled in the art would not be apprised of the scope of the claim.

Claim 1 of the '341 Patent and all claims dependent therefrom are invalid because claim 1 fails to particularly point out and distinctly claim the subject matter regarded by the inventors as the invention. For example, the phrases "extended oligonucleotide probe" and "just-ligated extension probe" render claim 1 and all claims dependent therefrom indefinite. It is unclear whether these terms refer to the same or different probes, or whether the terms refer to just a portion of the extended or ligated probes. Neither of these terms is used in the specification, let

1   alone defined in the specification. As a result, the claim fails to reasonably apprise those skilled

2   in the art as to its scope when read in light of the specification, rendering the limits of the claim

3   unknown.

4           Claim 1 of the '341 Patent and all claims depending therefrom are also invalid as being

5   vague and indefinite because the antecedent basis for the phrase "said extendable probe terminus"

6   appearing in step (b) is not clear. Both steps (a) and (d) of Claim 1 recite "an extendable probe

7   terminus." Step (a) of Claim 1 requires providing an initializing oligonucleotide probe having

8   "an extendable probe terminus." Step (b) of the method recites ligating an extension probe to

9   "said extendable probe terminus" to form an extended duplex. Step (c) calls for identifying at

10  least one nucleotide in the target polynucleotide. Step (d) recites the optional generation of "an

11  extendable probe terminus" on the extended probe if one is not already present. Step (e) requires

12  that steps (b), (c), and (d) be repeated until a sequence of nucleotides is determined. Claim 1 is

13  indefinite because it is not clear if, in the second cycle of the method, the step of "ligating an

14  extension oligonucleotide probe to said extendable probe terminus" refers to a ligation reaction

15  between the extension oligonucleotide probe and the extendable probe terminus of the initializing

16  probe of step (a) or with the extendable probe terminus of the extended probe recited step (d). As

17  a result of this vague and indefinite claim language, one of ordinary skill in the art would not be

18  able to determine the metes and bounds of the claimed invention.

19          Claim 1 of the '341 Patent and all claims depending therefrom are also invalid as being

20  vague and indefinite because the phrase "a sequence of nucleotides in a target polynucleotide" in

21  the preamble and the phrase "a sequence of nucleotides in the target polynucleotide" appearing in

22  step (e) are not clear. Claim 1 of the '597 patent is invalid as being vague and indefinite because

23  the phrase "a sequence of nucleotides in a polynucleotide" in the preamble and the phrase "the

24  sequence of nucleotides in the polynucleotide" appearing in step (e) are not clear. It is not clear if

25  the steps of the claims require identification of only one nucleotide in the polynucleotide, or

26  whether more than one nucleotide must be identified. Moreover, it is unclear whether the claim

27  language requires the identification of contiguous nucleotides comprising the entire sequence of

28  the polynucleotide, or whether the identification of non-contiguous nucleotides would satisfy the

AB'S PRELIMINARY INVALIDITY CONTENTIONS                    11
Case No. C07 02845 WHA
sd-399856

1  claim requirements. Further, if the claims only require identifying one nucleotide, repeating step

2  (e) of the '341 patent and step (c) of the '597 patent are unnecessary. As a result of this vague

3  and indefinite claim language, one of ordinary skill in the art would not be able to determine the

4  metes and bounds of the claimed invention.

5      Claim 7 of the '341 Patent and all claims dependent therefrom are invalid because claim 7

6  fails to particularly point out and distinctly claim the subject matter regarded by the inventors as

7  the invention. For example, the term "regenerating" lacks antecedent basis. It is unclear whether

8  this term refers to the generating step (d) of claim 1, whether it refers only to the generating step

9  (d) of claim 1 during repeating step (e), or whether it refers to some omitted steps, whereby a

10 particular extendable probe terminus is first generated, removed and subsequently generated yet

11 again. As a result, the claim fails to reasonably apprise those skilled in the art as to its scope

12 when read in light of the specification, rendering the limits of the claim unknown.

13     Other indefiniteness grounds may result from claim constructions proposed or adopted

14 during this litigation.

15          **2.    Enablement and Written Description**

16     In accordance with Patent Local Rule 3-3(d), AB identifies the following grounds of

17 invalidity of the asserted claims based on lack of enablement and lack of written description

18 under 35 U.S.C. § 112(1):

19     Claim 1 of the '341 Patent and all of its dependent claims are not supported by an

20 enabling disclosure. Undue experimentation would be required to practice the method of Claim 1

21 because step (e) of Claim 1 requires that a subsequent extension oligonucleotide probe be ligated

22 to the extendable probe terminus of initializing oligonucleotide probe in step (a). The disclosure

23 of the '341 Patent does not provide any guidance whatsoever as to how to remove completely the

24 first extension oligonucleotide probe ligated to the initializing oligonucleotide probe that occurred

25 in the first cycle of the method so that a second extension probe can be ligated to the same

26 initializing oligonucleotide. At best, the '341 Patent teaches how to cleave a portion of the

27 extension oligonucleotide probe ligated to initializing probe. However, such a cleavage step

28 would not regenerate "said extendable probe terminus" of the initializing oligonucleotide probe

1    but rather would create a new extendable probe terminus within the extension probe.

2    Accordingly, one of ordinary skill in the art would not be able to practice the full scope of the

3    claimed invention without undue experimentation.

4    Claim 1 of the '597 Patent is not enabled and lacks adequate written description for failure

5    to include an essential element. Claim 1 requires that an initializing oligonucleotide is extended

6    by ligation to an oligonucleotide probe to create an extended duplex. The repeating step (c)

7    requires that the initializing oligonucleotide be extended by an oligonucleotide probe. In contrast,

8    the disclosure of the '597 Patent teaches extending the initializing oligonucleotide with an

9    oligonucleotide probe to create an extended duplex, which is further extended by ligation with

10    one or more additional oligonucleotide probes. Claim 1 does not require that the extended duplex

11    be further extended by one or more additional oligonucleotide probes. Claim 1 thus omits the

12    required element that the extended duplex be further extended by ligation with a subsequent

13    oligonucleotide probe in the repeating step.

14    The '597 Patent does not enable one of ordinary skill in the art to make or use the full

15    scope of the claimed subject matter without undue experimentation, and fails to convey to one of

16    ordinary skill in the art that the named inventors were in possession of the claimed subject matter

17    at the time the specification was filed.

18

19    ### G.    INEQUITABLE CONDUCT

20    Each of the asserted claims may also be unenforceable by Solexa for inequitable conduct,

21    as asserted in the pleadings.

22    Specifically, each of the '341, '119, and '597 Patents are void and unenforceable by

23    Solexa due to inequitable conduct in their prosecution before the United States Patent and

24    Trademark Office (the "PTO"). The applicant failed to disclose material prior art to the PTO

25    during prosecution of the '341, '119 and '597 Patents even though such prior art was known to

26    the applicant, thereby rendering the '341, '119 and '597 Patents unenforceable by Solexa. In

27    particular, U.S. Patent No. 4,988,617 ("Landegren") and U.S. Patent No. 4,883,750 ("Whiteley")

28    were known to the applicant, Stephen C. Macevicz. The disclosures of Landegren and Whiteley

1   describe methods for determining the sequence of a nucleic acid which anticipate or make

2   obvious the claims of the '341 and '597 Patents and are also material to claims of the '119 Patent.

3   Dr. Macevicz discussed Landegren and Whiteley in a letter dated May 12, 1995 to Bio-Rad

4   Laboratories.  This letter demonstrates that Dr. Macevicz knew of Landegren and Whiteley

5   during the prosecution of the applications that resulted in the '341, '119 and '597 Patents.

6   Nonetheless, the applicant did not disclose these highly material references to the examiners

7   overseeing the prosecution of the applications.

8   　　　　Additionally, Claim 1 of the '597 Patent is separately unenforceable by Solexa due to

9   inequitable conduct.  Although Claim 1 of the '597 Patent is identical to Claim 1 as originally

10  filed in the '341 Patent, the applicant did not disclose to the PTO during the prosecution of the

11  '597 Patent that the original Claim 1 of the '341 Patent had been rejected.

12  　　　　Claim 1 of the '341 Patent in its original form was rejected as indefinite for failing to

13  identify the relative position of relevant nucleotides with respect to the initializing

14  oligonucleotide, the oligonucleotide probe, and the extended duplex.  The Examiner also stated

15  that it was not clear what mechanism, such as the employment of a label, was being utilized in the

16  identification step.  In response to the rejections, the claim was amended to clarify and further

17  define the identifying step in what would ultimately become Claim 1 of the '341 Patent.  The

18  amended claim was allowed after an Examiner's amendment.

19  　　　　At no time during the prosecution of the '597 Patent did the applicant disclose the Office

20  Action or Response thereto relating to the rejection of claim language identical to that previously

21  pending in the '341 Patent.  Claim 1 of the '597 Patent was not amended during prosecution and

22  was allowed.  Nevertheless, a reasonable examiner would consider a rejection directed toward a

23  claim having the identical language in a related case to be material.

24  　　　　Finally, the '341 Patent is separately unenforceable by Solexa due to inequitable conduct.

25  Two maintenance fee payments have been paid for the '341 Patent.  Although these maintenance

26  fees were paid as a small entity, the '341 Patent was assigned to a large entity at the time each

27  maintenance fee was paid.  As early as February 19, 1999, Lynx, the then-owner of the '341

28  Patent, filed a statement with the PTO formally notifying it that the application that issued as the

1   '119 Patent was now owned by a large entity. The rights to the '119 Patent were co-assigned to

2   Lynx along with the rights to the '341 Patent. Despite this, Lynx paid the first maintenance fee

3   for the '341 Patent as a small entity on November 9, 2001. More than five and a half years later,

4   after the first large entity notification was filed and after at least six assertions to the PTO that the

5   '119 or '597 Patents were owned by a large entity, Solexa again paid the '341 Patent maintenance

6   fee as a small entity on November 14, 2005. At no time has the maintenance fee for the '341

7   Patent been properly paid. Lynx and Solexa knew that at the time they paid the maintenance fees

8   that they did not qualify as a small entity, yet they continued to make improper maintenance fee

9   payments.

10      AB reserves the right to supplement its disclosures regarding these defenses as discovery

11  and case developments proceed, as new information arises, and/or as otherwise necessary and

12  appropriate.

13          **H.     DOCUMENTS**

14      Pursuant to Patent Local Rule 3-4(a), AB is providing or making available for copying

15  documents sufficient to show the operation of the relevant aspects of the accused device. These

16  documents are provided in a good-faith effort to provide sufficient information regarding

17  operation of the relevant aspects of the accused device. AB reserves the right to supplement or

18  correct the documents to conform to the actual operation of the accused device. AB is not at this

19  time providing information regarding the details of the operation of the computers supplied with

20  the accused device because, as AB has informed Solexa, those computers are standard items

21  purchased from others, and the details of the operation of the particular computer hardware is not

22  relevant to the infringement allegations.

23      Pursuant to Patent Local Rule 3-4(b), AB is providing copies of each prior art document

24  listed above that does not appear in the file history of the patents.

25

26

27

28

1

Dated: November 19, 2007

2

BRYAN WILSON
DAVID C. DOYLE
MORRISON & FOERSTER LLP

3

4

By: _David Doyle / ECF_

5

David C. Doyle

6

Attorneys for Plaintiff
APPLERA CORPORATION –
APPLIED BIOSYSTEMS GROUP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| 1. A method for determining a sequence of nucleotides in a target polynucleotide, the method comprising the steps of:<br><br>(a) providing a probe-target duplex comprising an initializing oligonucleotide probe hybridized to a target polynucleotide, said probe having an extendable probe terminus;<br><br>(b) ligating an extension oligonucleotide probe to said extendable probe terminus, to form an extended duplex containing an extended oligonucleotide probe;<br><br>(c) identifying, in the extended duplex, at least one nucleotide in the target polynucleotide that is either (1) complementary to the just-ligated extension probe or (2) a nucleotide residue in the target polynucleotide which is immediately downstream of the extended oligonucleotide probe;<br><br>(d) generating an extendable probe terminus on the extended probe, if an extendable probe terminus is not already present, such that the terminus generated is different from the terminus to which the last extension probe was ligated; and<br><br>(e) repeating steps (b), (c) and (d) until a sequence of | U.S. Patent No. 4,988,617 ("Landegren") discloses an assay for determining the nucleic acid sequence of a target polynucleotide.[1] (*See* Landegren at the Abstract, Col. 2, lines 34-39, and Col. 4, lines 12-15.) The method involves hybridizing an initializing oligonucleotide probe and extension oligonucleotide probe to a target polynucleotide, wherein the initializing oligonucleotide probe is adjacent to and contiguous with an extension oligonucleotide probe. (Landegren at Col. 2, line 68 – Col. 3, line 4, Col. 3, lines 5-9, and Col. 7, lines 4-7.) The two probes are then ligated, demonstrating that the initializing oligonucleotide contains an extendable probe terminus. (Landegren at Col. 3, lines 10-15 and Col. 9, lines 35-36.) At least one nucleotide of the target polynucleotide that is complementary to the just-ligated extension probe is identified. (Landegren at Col. 2, lines 56-58, Col. 3, lines 21-22, Col. 8, lines 43-46, Col. 8, lines 63-66, Col. 10, lines 15-18, and Col. 4, lines 31-50.) The extension oligonucleotide contains an extendable probe terminus. (Landegren at Claim 8.) Landegren provides a method for repeating steps (b), (c) and (d) using a probe to extend the extendable probe terminus. (Landegren at Col. 7, line 67 – Col. 8, line 11, Col. 8, line 66 to Col. 9, line 2, Col. 11, lines 39-44, and Claim 8.)<br><br>U.S. Patent No. 4,883,750 ("Whiteley") also discloses an assay for determining the nucleic acid sequence of a target polynucleotide. (*See* Whiteley at the Abstract, Col. 3, lines 28-30 and 41-43, and Col. 1, lines 6-8.) The method involves hybridizing the target polynucleotide with an initializing oligonucleotide probe and an extension oligonucleotide probe, wherein the initializing oligonucleotide probe is adjacent to and contiguous with an extension oligonucleotide probe. (Whiteley at Col. 3, lines 44-48, Col. 6, lines 65-66, and Col. 5, lines 8-18.) One of the probes is terminated in a manner that permits ligation to the contiguous probe, thus it contains an extendable probe terminus. (Whiteley at Col. 6, lines 58-59.) The two probes are then ligated. (Whiteley at Col. 3, lines 51-53, Col. 5, lines 29-40, Col. 7, line 39, and Claim 18.) At least one nucleotide complementary to the just-ligated extension probe is identified. (Whiteley at Col. 3, lines 54-61, Col. 5, line 64 – Col. 6, line 4, and Claim 20.) The extension |

---

[1] AB's invalidity analysis uses the term "target polynucleotide" as it was used by Solexa in its Contentions. AB does not agree with this claim construction.

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| nucleotides in the target polynucleotide is determined. | oligonucleotide contains an extendable probe terminus. (Whiteley at Example 1, claim 4, and Col. 6, lines 37-52.) Whiteley provides a method for repeating steps (b), (c), and (d) using a probe to extend the extendable probe terminus. (Whiteley at Col. 13, lines 12-17.) |
| | U.S. Patent No. 5,403,708 ("Brennan") discloses a DNA sequencing method employing the ligation of multiple labeled oligonucleotides to an initializing primer hybridized to a target polynucleotide, where the labeled oligonucleotides permit the identification of one or more nucleotides complementary to the ligated oligonucleotides. (*See* Brennan at Col. 2, line 23 – Col. 3, line 16, Col. 4, lines 30-63, Col. 5, line 42- 54, Col. 7, lines 42 – 55, and Figure 1B.) |
| 2. The method of claim 1 wherein each extension probe has a chain-terminating moiety at a terminus distal to said initializing oligonucleotide probe. | *See* claim 1. It was well known in the art at the time of the invention that chain-terminating moieties are useful in DNA sequencing methods. |
| | Brennan discloses a DNA sequencing method employing the ligation of oligonucleotides to a primer hybridized to a polynucleotide, where the oligonucleotide contains a labeled nucleotide and has a 5′ or 3′ chain-terminating nucleotide. (*See* Brennan at Col. 3, lines 12-16 and 38-46, Col. 5, lines 18-41, Col. 6, line 27 – Col. 7, line 31, and claims 2 and 3.) |
| | Tsien discloses a DNA sequencing method employing the incorporation of chain terminating moieties comprising a deoxynucleotide triphosphate (dNTP) having a blocking group at its 3′-OH position. (*See* Tsien at page 12, line 22 - page 13, line 35, page 14, lines 19-26, page 20, line 24 - page 32, line 7, and claim 4.) |
| | Canard discloses a DNA sequencing method employing the incorporation of chain terminating moieties comprising a dNTP ester blocked at its 3′-OH position. (*See* U.S. Patent No. 5,798,210 ("Canard") at Col. 3, lines 8-25, Col. 8, lines 40-42, and Col. 9, lines 14-18 and 39-45.) |
| | Cantor I, II, and III disclose DNA sequencing methods employing the ligation of a nucleotide or short sequences (oligonucleotides) to a primer hybridized to a polynucleotide, wherein the nucleotide is a dideoxynucleotide triphosphate (ddNTP) or the oligonucleotide contains a 5′ or 3′ chain-terminating nucleotide. (*See* Cantor I, page 17, lines 10-19 and page 46, line 21 - page 47, line 9. *See* Cantor II, Col. 8, lines 47-52 and Col. 17, lines 16-42. *See* Cantor III, Col. 10, line 63 – Col. 11, line 9 and Col. 29, line 61 – Col. 30, line 20.) |

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| 6. The method of claim 2 further including a step of capping an extended oligonucleotide probe whenever no extension probe has ligated to the extendable terminus in the ligation step. | *See* claim 2.  It was well known in the art that capping is useful for preventing "out of phase" signals during DNA sequencing.<br><br>Brenner discloses capping of a polynucleotide that has not undergone ligation to a probe in a DNA sequencing reaction.  The capped polynucleotide is rendered inert to further ligation steps in subsequent cycles of sequencing.  (*See* Brenner at Col. 13, lines 53-67.)<br><br>Drmanac I and II disclose treatment with a phosphatase from DNA and/or RNA to prevent ligation, thus rendering the polynucleotide inert to further ligation steps.  (*See* Drmanac I at Col. 24, lines 44-51 and Drmanac II at Page 50, lines 18-29.) |
| 7. The method of claim 2 wherein said step of regenerating includes cleaving a chemically scissile internucleosidic linkage in said extended oligonucleotide probe. | *See* claim 2.  It was well known in the art to cleave a chemically scissile internucleosidic linkage to generate a new extendable terminus in a sequencing reaction.<br><br>Canard discloses a DNA sequencing method employing the incorporation of chain terminating moieties blocked at its 3′-OH position, where the blocking group is chemically or enzymatically removed from each dNTP after incorporation into the complementary DNA molecule, thus generating an extendable nucleoside.  (*See* Canard at Col. 3, lines 8-25, Col. 8, lines 40-42, Col. 9, lines 14-18 and 39-45, and claim 4.)<br><br>Tsien discloses a DNA sequencing method employing the incorporation of chain terminating moieties having a blocking group at its 3′-OH position, where the blocking group is chemically removed from each dNTP after incorporation into the complementary DNA molecule, thus creating an extendable nucleotide.  (*See* Tsien at page 12, line 22 - page 13, line 35, page 14, lines 19-26, page 20, line 24 - page 32, line 7, and claim 5.)<br><br>Drmanac I and II disclose a DNA sequencing method incorporating a chemically cleavable internucleosidic bond, wherein the bond is cleaved after the labeled probe is detected, thus generating an extendable nucleotide.  (*See* Drmanac I at Col. 30, lines 11-32, and Drmanac II at Page 61, line 36 through Page 62, line 22.) |
| 8. The method of claim 7 wherein said chemically scissile internucleosidic linkage is a phosphoramidate. | *See* claim 7.  It was well known in the art that phosphoramidate linkages could be incorporated into oligonucleotides and were chemically scissile.<br><br>Mag describes the generation of oligonucleotides |

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| | containing phosphoramidate linkages, and describes the chemically scissile nature of the linkages. (*See* Mag at page 7319 and page 7322.)<br><br>Bannwarth also describes oligonucleotides containing phosphoramidate linkages and describes the chemically scissile nature of the linkages. (*See* Bannwarth at pages 1517-1518.) |
| 11. The method of claim 1, wherein step (a) includes providing, in separate aliquots, a plurality of distinct target-primer duplexes, each distinct duplex comprising an initializing oligonucleotide primer hybridized to a target polynucleotide, wherein the target polynucleotide in each duplex is the same, but the initializing oligonucleotide in each duplex is bound to a different sequence of the target polynucleotide; and steps (b) to (e) are carried out independently on each aliquot. | *See* claim 1. It was well known in the art at the time of the invention that using different initializing primers in separate aliquots of the same target polynucleotide are useful in DNA sequencing methods.<br><br>Brennan discloses a method for DNA sequencing that anneals different overlapping primers to the polynucleotide in separate samples or aliquots, thus forming distinct duplexes with different known origins for each sequencing reaction. (*See* Brennan at Col. 4, line 44 – Col. 5, line 17, and Figure 1.)<br><br>Drmanac I and II disclose a method for DNA sequencing that anneals different primers to the same polynucleotide in separate aliquots, thus forming distinct duplexes. (*See* Drmanac I at Col. 9, line 58 – Col. 10, line 3, and Drmanac II at Page 19, lines 15-28.)<br><br>Cantor I and III disclose DNA sequencing methods employing separate aliquots of streptavidin-coated magnetic beads attached to initializing oligonucleotides, whereby the oligonucleotides can anneal to the same polynucleotide, thus forming distinct duplexes. (*See* Cantor I at Page 33, line 18 – Page 34, line 2. *See* Cantor III at Col. 20, line 64 through Col. 21, line 15.)<br><br>Brenner discloses separate aliquots containing populations of the same target polynucleotide attached via an adaptor sequence to microparticles, thus providing for parallel sequencing. (*See* Brenner at Col. 11, lines 6-34.) |
| 12. The method of claim 11 wherein for each aliquot, said extension oligonucleotide probe has a chain-terminating moiety at a terminus distal to said primer. | *See* claim 11. It was well known in the art at the time of the invention that chain-terminating moieties are useful in DNA sequencing methods.<br><br>Brennan discloses a DNA sequencing method employing the ligation of termination oligonucleotides to a primer hybridized to a polynucleotide, where the sequencing oligonucleotide contains a labeled nucleotide and has a 5' or 3' chain-terminating nucleotide. (*See* Brennan at Col. 3, lines 12-16 and 38-46, Col. 5, lines 18-41, Col. 6, line 27 – |

| Exhibit A – '341 Patent | |
|---|---|
| '341 Patent Claim | Invalidating Prior Art |
| | Col. 7, line 31, and claims 2 and 3.) |
| | Tsien discloses a DNA sequencing method employing the incorporation of chain terminating moieties comprising a deoxynucleotide triphosphate (dNTP) having a blocking group at its 3'-OH position. (*See* Tsien at page 12, line 22 - page 13, line 35, page 14, lines 19-26, page 20, line 24 - page 32, line 7, and claim 4.) |
| | Canard discloses a DNA sequencing method employing the incorporation of chain terminating moieties comprising a dNTP ester blocked at its 3'-OH position. (*See* Canard at Col. 3, lines 8-25, Col. 8, lines 40-42, and Col. 9, lines 14-18, and 39-45.) |
| | Cantor I, II, and III disclose DNA sequencing methods employing the ligation of a nucleotide or short sequences (oligonucleotides) to a primer hybridized to a polynucleotide, wherein the nucleotide is a ddNTP or the oligonucleotide contains a 5' or 3' chain-terminating nucleotide. (*See* Cantor I, page 17, lines 10-19, and page 46, line 21 - page 47, line 9. *See* Cantor II, Col. 8, lines 47-52, and Col. 17, lines 16-42. *See* Cantor III, Col. 10, line 63 – Col. 11, line 9, and Col. 29, line 61 – Col. 30, line 20.) |
| 16. The method of claim 11 further including a step of capping an extended oligonucleotide probe whenever no extension probe has ligated to the extendable terminus in the ligation step. | *See* claim 11. It was well known in the art that capping is useful for preventing "out of phase" signals during DNA sequencing.<br><br>Brenner discloses capping of a polynucleotide that has not undergone ligation to a probe in a DNA sequencing reaction. The capped polynucleotide is rendered inert to further ligation steps in subsequent cycles of sequencing. (*See* Brenner at Col. 13, lines 53-67.)<br><br>Drmanac I and II disclose treatment with a phosphatase from DNA and/or RNA to prevent ligation, thus rendering the polynucleotide inert to further ligation steps. (*See* Drmanac I at Col. 24, lines 44-51 and Drmanac II at Page 50, lines 18-29.) |
| 17. The method of claim 11 wherein for each aliquot, said step of regenerating includes cleaving a chemically scissile internucleosidic linkage in said extended oligonucleotide probe. | *See* claim 11. It was well known in the art to cleave a chemically scissile internucleosidic linkage to generate a new extendable terminus in a sequencing reaction.<br><br>Canard discloses a DNA sequencing method employing the incorporation of chain terminating moieties blocked at its 3'-OH position, where the blocking group is chemically or enzymatically removed from each dNTP after incorporation into the complementary DNA molecule, thus generating an |

| | Exhibit A – '341 Patent | |
|---|---|---|
| | **'341 Patent Claim** | **Invalidating Prior Art** |
| | | extendable nucleoside. (*See* Canard at Col. 3, lines 8-25, Col. 8, lines 40-42, Col. 9, lines 14-18 and 39-45, and claim 4.) |
| | | Tsien discloses a DNA sequencing method employing the incorporation of chain terminating moieties having a blocking group at its 3′-OH position, where the blocking group is chemically removed from each dNTP after incorporation into the complementary DNA molecule, thus creating an extendable nucleotide. (*See* Tsien at page 12, line 22 - page 13, line 35, page 14, lines 19-26, page 20, line 24 - page 32, line 7, and claim 5.) |
| | | Drmanac I and II disclose a DNA sequencing method incorporating a chemically cleavable internucleosidic bond, wherein the bond is cleaved after the labeled probe is detected, thus generating an extendable nucleotide. (*See* Drmanac I at Col. 30, lines 11-32, and Drmanac II at Page 61, line 36 through Page 62, line 22.) |
| | 18. The method of claim 17 wherein said chemically scissile internucleosidic linkage is a phosphoramidate. | *See* claim 17. It was well known in the art that phosphoramidate linkages could be incorporated into oligonucleotides and were chemically scissile. |
| | | Mag describes the generation of oligonucleotides containing phosphoramidate linkages, and describes the chemically scissile nature of the linkages. (*See* Mag at page 7319 and page 7322.) |
| | | Bannwarth also describes oligonucleotides containing phosphoramidate linkages and describes the chemically scissile nature of the linkages. (*See* Bannwarth at pages 1517-1518.) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

| Exhibit B – '597 Patent | |
|---|---|
| '597 Patent Claim | Invalidating Prior Art |
| 1. A method for identifying a sequence of nucleotides in a polynucleotide, the method comprising the steps of:<br><br>(a) extending an initializing oligonucleotide along the polynucleotide by ligating an oligonucleotide probe thereto to form an extended duplex;<br><br><br><br>(b) identifying one or more nucleotides of the polynucleotide; and<br><br>(c) repeating steps (a) and (b) until the sequence of nucleotides is determined. | U.S. Patent No. 4,883,750 ("Whiteley") discloses an assay for determining the nucleic acid sequence of a polynucleotide.  (*See* Whiteley at the Abstract, Col. 3, lines 28-30 and 41-43, and Col. 1, lines 6-8.)  The method involves hybridizing the polynucleotide with an initializing oligonucleotide probe and extension oligonucleotide probe, wherein the initializing oligonucleotide probe is adjacent to and contiguous with an extension oligonucleotide probe. (Whiteley at Col. 3, lines 44-48, Col. 5, lines 8-18, Col. 6, lines 65-66, and Col. 7, lines 8-9.)  The two probes are then ligated, which extends the initializing oligonucleotide along the polynucleotide.  (Whiteley at Col. 3, lines 51-53, Col. 5, lines 29-40, Col. 6, lines 58-59, Col. 7, line 39, and claim 18.)  At least one nucleotide is identified.  (Whiteley at Col. 3, lines 54-61, Col. 5, line 64 – Col. 6, line 4, and claim 20.)  Whiteley provides a method for repeating steps (a) and (b) to determine a sequence of nucleotides. (Whiteley at Col. 13, lines 12-17.)<br><br>U.S. Patent No. 4,988,617 ("Landegren") discloses an assay for determining the nucleic acid sequence of a polynucleotide. (*See* Landegren at the Abstract, Col. 2, lines 34-39, and Col. 4, lines 12-15.) The method involves hybridizing an initializing oligonucleotide probe and extension oligonucleotide probe to a polynucleotide, wherein the initializing oligonucleotide is adjacent to and contiguous with an extension oligonucleotide probe. (Landegren at Col. 2, line 68 – Col. 3, line 15, and Col. 7, lines 4-7.)  The two probes are then ligated, which extends the initializing oligonucleotide along the polynucleotide.  (Landegren at Col. 3, lines 10-15 and Col. 9, lines 35-36.)  At least one nucleotide is identified. (Landegren at Col. 2, lines 56-58, Col. 3, lines 21-22, Col. 4, lines 31-50, Col. 8, lines 43-46, Col. 8, lines 63-66, and Col. 10, lines 15-18.) Landegren provides a method for repeating steps (a) and (b) to determine a sequence of nucleotides. (Landegren at Col. 7, line 67 – Col. 8, line 11, Col. 8, line 66 to Col. 9, line 2, Col. 11, lines 39-44, Col. 13, lines 17-20, and claim 8.)<br><br>U.S. Patent No. 5,800,994 ("Martinelli") discloses an assay for determining the nucleic acid sequence of a polynucleotide. (*See* Martinelli at Col. 9, lines 28-29, and claims 1, 14, 18, 27, 28-30, 33, 34, 38, 39, 41, and 42.) The method involves hybridizing an initializing oligonucleotide probe and extension oligonucleotide probe to a polynucleotide, wherein the initializing oligonucleotide is adjacent to and contiguous with an extension oligonucleotide probe. (Martinelli at Col. 3, lines 58-61 and |

| Exhibit B – '597 Patent | |
| --- | --- |
| '597 Patent Claim | Invalidating Prior Art |
| | Col. 4, lines 5-7.)  The two probes are then ligated, which extends the initializing oligonucleotide along the polynucleotide.  (Martinelli at Col. 3, lines 13-18, and claims 12 and 13.)  At least one nucleotide is identified. (Martinelli at Col. 3, lines 1-5, Col. 5, lines 20-25, and claim 1.)  Martinelli provides a method for repeating steps (a) and (b) to determine a sequence of nucleotides. (Martinelli at Col. 4, lines 56-61 and Col. 5, lines 54-58.)<br><br>U.S. Patent No. 7,070,927 ("Drmanac I") and WO 95/09248 ("Drmanac II") disclose an assay for determining the nucleic acid sequence of a polynucleotide. (*See* Drmanac I Col. 1, lines 25-30.  *See* Drmanac II at Page 1, lines 22-27.)  The method involves hybridizing an initializing oligonucleotide probe and extension oligonucleotide probe to a polynucleotide, wherein the initializing oligonucleotide is adjacent to and contiguous with an extension oligonucleotide probe.  (Drmanac I at Col. 2, lines 56-62, Col. 3, lines 46-53, Col. 3, line 56 – Col. 4, line 3, and Col. 5, lines 45-56.  Drmanac II at Page 4, lines 21-27, Page 6, lines 13-21, Page 6, line 24 – page 7, line 2, and Page 10, lines 13-28.)  The two probes are then ligated, which extends the initializing oligonucleotide along the polynucleotide.  (Drmanac I at Col. 7, lines 1-2. Drmanac II at Page 13, lines 15-16.)  At least one nucleotide is identified by identifying one or more labels from the labeled probes.  (Drmanac I at Col. 4, lines 1-3, Col. 5, line 64 – Col. 6, line 3, Col. 7, lines 14 – 21, and Col. 26, lines 27-28.  Drmanac II at Page 6, line 37 – page 7, line 2, Page 11, lines 1-9, Page 13, lines 29-36, and Page 54, lines 4-5.)  Drmanac provides a method for repeating steps (a) and (b) to determine a sequence of nucleotides. (Drmanac I at Col. 8, lines 55-67 and Col. 13, lines 55-67. Drmanac II at Page 17, lines 8-22 and Page 27, line 24 – page 28, line 2.) |

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Exhibit C – '119 Patent | |
|---|---|
| '119 Patent Claim | Invalidating Prior Art |
| 1. An oligonucleotide probe of the formula:<br><br>HO—(3′)(B)j(5′)—<br>OP(==O)(O—)NH—(B)k-Bt*<br><br>wherein:<br><br>B is a nucleotide or an analog thereof;<br><br>j is in the range of from 1 to 12;<br><br>k is in the range of from 1 to 12, such that the sum of j and k is less than or equal to 12;<br><br>Bt* is a labeled, non-extendable chain-terminating moiety. | Mag discloses a dodecameric oligonucleotide having the formula (12:d[<u>AGAGAT</u>$_{NH}$p<u>ATCTCT</u>]), from 5′ to 3′. (Mag at page 7321.)  The letters in the dodecamer indicate nucleotides. (Mag at page 7321.)  The single underlined portion of the oligonucleotide corresponds to (B)k and contains 6 residues. (Mag at page 7321.)  The double underlined portion of the oligonucleotide corresponds to (B)j and contains 6 residues.  The sum of j and k is equal to 12.  (Mag at page 7321.)  The disclosed dodecamer contains a 5′ O-(dimethoxytrityl) (DMTO) protecting group at position Bt*, which is attached to the oligonucleotide. (Mag at page 7320, Figure 2.)  The DMTO protecting group is a non-extendable, chain terminating moiety.  DMTO serves as a label, as shown by color quantization of the cleaved dimethoxytrityl group at 498 nm.  (Mag at page 7322.) |

1

# Exhibit D

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Exhibit D |
| --- |
| References cited in the '341, the '597, and the '119 Patents |
| U.S. Patent No. 3,846,402 (November 1974) |
| U.S. Patent No. 4,123,610 (October 1978) |
| U.S. Patent No. 4,362,876 (December 1982) |
| U.S. Patent No. 4,415,732 (November 1983) |
| U.S. Patent No. 4,458,066 (July 1984) |
| U.S. Patent No. 4,661,450 (April 1987) |
| U.S. Patent No. 4,689,405 (August 1987) |
| U.S. Patent No. 4,725,677 (February 1988) |
| U.S. Patent No. 4,734,363 (March 1988) |
| U.S. Patent No. 4,757,141 (July 1988) |
| U.S. Patent No. 4,816,571 (March 1989) |
| U.S. Patent No. 4,855,225 (August 1989) |
| U.S. Patent No. 4,876,187 (October 1989) |
| U.S. Patent No. 4,973,679 (November 1990) |
| U.S. Patent No. 4,980,460 (December 1990) |
| U.S. Patent No. 5,002,867 (March 1991) |
| U.S. Patent No. 5,011,769 (April 1991) |
| U.S. Patent No. 5,013,830 (May 1991) |
| U.S. Patent No. 5,091,519 (February 1992) |
| U.S. Patent No. 5,114,839 (May 1992) |
| U.S. Patent No. 5,124,246 (June 1992) |
| U.S. Patent No. 5,149,796 (September 1992) |
| U.S. Patent No. 5,151,507 (September 1992) |
| U.S. Patent No. 5,188,934 (February 1993) |
| U.S. Patent No. 5,218,103 (June 1993) |
| U.S. Patent No. 5,264,562 (November 1993) |
| U.S. Patent No. 5,272,250 (December 1993) |
| U.S. Patent No. 5,302,509 (April 1994) |
| U.S. Patent No. 5,367,066 (November 1994) |
| U.S. Patent No. 5,380,833 (January 1995) |
| U.S. Patent No. 5,403,708 (April 1995) |
| U.S. Patent No. 5,407,799 (April 1995) |
| U.S. Patent No. 5,476,925 (December 1995) |
| U.S. Patent No. 5,503,980 (April 1996) |
| U.S. Patent No. 5,625,050 (April 1997) |
| U.S. Patent No. 5,652,355 (July 1997) |
| U.S. Patent No. 5,679,524 (October 1997) |
| U.S. Patent No. 5,750,341 (May 1998) |
| U.S. Patent No. 5,769,524 (October 1997) |
| PCT/GB89/00304 |
| PCT/CA90/00267 |
| PCT/US90/05565 |
| PCT/US90/06178 |
| PCT/US90/07067 |
| PCT/US91/05287 |
| PCT/US91/00968 |

| Exhibit D |
| References cited in the '341, the '597, and the '119 Patents |

| |
| --- |
| PCT/US91/08347 |
| PCT/EP92/01219 |
| PCT/EP92/01220 |
| PCT/US92/01675 |
| PCT/US93/04145 |
| PCT/FR94/00345 |
| PCT/US94/05896 |
| PCT/US94/09039 |
| PCT/GB95/00109 |
| DE 4141178 |
| EP 0 395 398 |
| EP 0 549 107 |
| Atabekov et al., FEBS Letters 232(1) : 96-98 (1988) |
| Baase, Computer Algorithms (Addison-Wesley, Menlo Park, 1978) |
| Bankier et al., Meth. Enzymol., 155: 51-93 (1987) |
| Bannwarth W., Helvetica Chimica Acta 71 : 1517-1527 (1988) |
| Barany, PCR Methods and Applications, 1: 5-16 (1991) |
| Bevan et al., PCR Methods and Applications, 1: 222-228 (1992) |
| Beaucage and Iyer, Tetrahedron, 48: 2223-2311 (1992) |
| Brenner and Livak, Proc. Natl. Acad. Sci., 86: 8902-8906 (1989) |
| Breslauer et al., Proc. Natl. Acad. Sci. 83: 3746-3750 (1986) |
| Broude et al., Proc. Natl. Acad. Sci. (USA) 91:3072-3076, (1994) |
| Caetano-Anolles et al., Mol. Gen. Genet., 235: 157-165 (1992) |
| Carrano et al., Genomics, 4:129-136 (1989) |
| Chretien et al., DNA and Cell Biology, 11: 337-343 (1992) |
| Church et al., Science, 240: 185-188 (1988) |
| Connell et al., Biotechniques, 5: 342-348 (1987) |
| Dove and Davidson, J. Mol. Biol. 5: 467-478 (1962) |
| Eckstein, editor, Oligonucleotides and Analogues: A Practical Approach (IRL Press, Oxford, 1991) |
| Engler et al., DNA Ligases, pages 3-30 in Boyer, editor, The Enzymes, Vol. 15B (Academic Press, New York, 1982) |
| Ferris et al., Nucleosides & Nucleotides, 8: 407-414 (1989) |
| Fujita et al., Biotechniques, 9: 584-591 (1990) |
| Gibbs et al., Proc. Natl. Acad. Sci., 86: 1919-1923 (1989) |
| Gotoh, Adv. Biophys. 16: 1-52 (1983) |
| Green et al., PCR Methods and Applications, 1: 77-90 (1991) |
| Grothues et al., Nucleic Acids Research, 21: 1321-1322 (1993) |
| Gryaznov et al., Nucleic Acid Research, 20: 3403-3409 (1992) |
| Gryaznov et al., Nucleic Acids Research, 21: 1403-1408 (1993) |
| Gryaznov et al., Nucleic Acids Research, 22: 2366-2369 (1994) |
| Gryaznov et al., J. of the American Chemical Society 116 (7) : 3143-3144 (1994) |
| Gyllensten et al., PCR Methods and Applications, 1: 91-98 (1991) |
| Gyllensten et al., Proc. Natl. Acad. Sci, 85: 7652-7656 (1988) |
| Hanvey et al., Science, 258: 1481-1485 (1992) |
| Harrison et al., Biotechniques, 14: 88-97 (1993) |
| Haugland, Handbook of Fluorescent Probes and Research Chemicals (Molecular Probes, Inc., Eugene, 1992) |
| Hawkins et al., Electrophoresis, 13: 552-559 (1992) |

| Exhibit D |
| --- |
| References cited in the '341, the '597, and the '119 Patents |

Hogrefe *et al.,* J. Biol. Chem., 265: 5561-5566 (1990)

Horn and Urdea, Tetrahedron Lett., 27: 4705 (1986)

Hou *et al.,* Nucleic Acids Research, 21: 3331-3332 (1993)

Hultman *et al.,* Nucleic Acids Research, 17: 4937-4946 (1989)

Hultman *et al.,* Biotechniques, 10: 84-93 (1991)

Hunkapiller *et al.,* Science, 254: 59-67 (1991)

Hutton, Nucleic Acids Research, 10: 3537-3555 (1977)

Innis *et al.,* editors, PCR Protocols (Academic Press, New York, 1990)

Inoue *et al.,* FEBS Letters 215(2) :327-330 (1987)

Jablonski *et al.,* Nucleic Acids Research, 14: 6115-6128 (1986)

Kaczorowski *et al.,* Anal. Biochem., 221: 127-135 (1994)

Karger *et al.,* Nucleic Acids Research, 19: 4955-4962 (1991)

Keller and Manak, DNA Probes, 2nd Edition (Stockton Press, New York, 1993)

Kempe *et al.,* Nucleic Acids Research 10(21) :6695-6714 (1982)

Kieleczawa *et al.,* Science, 258: 1787-1790 (1992)

Kong Thoo Lin *et al.,* Nucleic Acids Research, 20: 5149-5152

Kornberg and Baker, DNA Replication, 2nd Ed. (Freeman, San Francisco, 1992)

Kotler *et al.,* Proc. Natl. Acad. Sci., 90: 4241-4245 (1993)

Kuznetsova *et al.,* Molecular Biology (Moscow) 28(2), Part 1: 190-195 (1994)

Lavina *et al.,* Biochemie 75 : 25-27 (1993)

Lehman, Science, 186: 790-797 (1974)

Lee *et al.,* Nucleic Acids Researchs, 20: 2471-2483 (1992)

Letsinger *et al.,* J. Am. Chem. Soc., 94: 292-293 (1971)

Letsinger *et al.,* Biochem., 15: 2810-2816 (1976)

Lowe *et al.,* Nucleic Acids Research, 18: 1757-1761 (1990)

Marsh *et al.,* Strategies, 5:73-76 (1992)

Matson *et al.,* Anal. Biochem., 224: 110-116 (1995)

Matthews *et al.,* Anal. Biochem., Vol 169, pgs. 1-25 (1988)

Maxam *et al.,* Proc. Natl. Acad. Sci., 74: 560-564 (1977)

McGraw *et al.,* Biotechniques, 8: 674-678 (1990)

Metzker *et al.,* Nucleic Acids Research, 22: 4259-4267 (1994)

Miyazawa *et al.,* J. Mol. Biol., 11: 223-237 (1965)

Nichols *et al.,* Nature, 369: 492-493 (1994)

Nielson *et al.,* Science, 254:1497-1500 (1991)

Nishikawa *et al.,* Electrophoresis, 12: 623-631 (1991)

Pease *et al.,* Proc. Natl. Acad. Sci., 91: 5022-5026 (1994)

Perreault *et al.,* Nature 344 :565-567 (1990)

Prober *et al.,* Science, 238: 336-341 (1987)

Sambrook *et al.,* Molecular Cloning: A Laboratory Manual., 2nd Edition (Cold Spring Harbor Laboratory, New York, 1989)

Sanger *et al.,* Proc. Natl. Acad. Sci., 74: 5463-5467 (1977)

Sanger *et al.,* J. Mol. Biol., 143: 161-178 (1980)

Scheit, Nucleotide Analogs (John Wiley, New York, 1980)

Schreier *et al.,* J. Mol. Biol., 129: 169-172 (1979)

Section II, Meth. Enzymol., 155: 51-334 (1987)

Shabarova *et al.,* Nucleic Acids Research, 19: 4247-4251 (1991)

Smith *et al.,* Nucleic Acids Research, 13: 2399-2412 (1985)

Smith *et al.,* Nature, 321: 674-679 (1987)

Southern *et al.,* J. Biotechnology, 35: 217-227 (1994)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Exhibit D |
|---|
| References cited in the '341, the '597, and the '119 Patents |
| Stratagene catalog (1994), p. 109. Published by Stratagene Cloning Systems, 11011 North Torrey Pines Road, La Jolla, Ca 92037 |
| Studier, Proc. Natl. Acad. Sci., 86: 6917-6921 (1989) |
| Syvanen *et al.,* Nucleic Acids Research, 16: 11327-11338 (1988) |
| Szybalski, Gene, 90: 177-178 (1990) |
| Telenius *et al.,* Genomics, 13: 718-725 (1992) |
| Tong *et al.,* Anal. Chem., 64: 2672-2677 (1992) |
| Trainor, Anal. Biochem., 62: 418-426 (1990) |
| Versalovic *et al.,* Nucleic Acids Research, 19: 6823-6831 (1991) |
| Wada *et al.,* Rev. Sci. Instrum., 54: 1569-1572 (1983) |
| Wahlberg *et al.,* Electrophoresis, 13: 547-551 (1992) |
| Welsh *et al.,* Nucleic Acids Research, 19: 5275-5279 (1991) |
| Wetmur, Critical Reviews in Biochemistry and Molecular Biology, 26: 227-259 (1991) |
| Wolf *et al.,* Nucleic Acids Research, 15: 2911-2926 (1987) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit E

1

2

3

4

5

6

| Exhibit E |
|---|
| References cited in the PCT search report of WO 96/33205, cited by the EPO in examining EP 0871646, and cited by the JPO in examining Japanese Patent Publication No. JP H11-503908 |
| U.S. Patent No. 5,403,708 (April 4, 1995) |
| WO 94/11530 |
| Broude *et al.*, Proc. Natl. Acad. Sci. USA, 91:3072-3076 (Apr. 1994) |
| Hogrefe et al., J. Biol. Chem., 265:5561-6 (1990) |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28