BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com; EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com; SComer@mofo.com; BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   C07 02845 WHA<br><br>**PLAINTIFF APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE AB'S "DISGORGEMENT DAMAGES" THEORY AND OTHER THEORIES OF DAMAGES**<br><br>Trial Date: September 29, 2008<br>Time:       7:30 a.m.<br>Place:      Courtroom 9, 19th Floor<br>Judge:      William H. Alsup |

## I. INTRODUCTION

Defendants' Motion in Limine No. 1 is actually a collection of four motions in limine on different damages topics assembled into one. All four of these motions should be denied for the reasons discussed below.

## II. ARGUMENT

### A. Dr. Cox Will Testify Regarding Damages Against Illumina, Not Against Dr. Macevicz.

Defendants' first motion seeking to preclude damages against Dr. Macevicz is moot because it is based on Defendants' misinterpretations of the opening expert report of Dr. Alan Cox, AB's damages expert.[1] Dr. Cox expressly states in his report that he is offering his opinions on the assessment of damages against *Illumina*[2] for interference with contract and aiding and abetting Dr. Macevicz's breach of fiduciary duty. (Labbe Decl. Ex. 1 at 2.)

Defendants' misinterpretations could have been avoided through a careful reading of Dr. Cox's opening expert report. Another likely contributing factor, however, is Defendants' own decision not to depose Dr. Cox at all on his opening report regarding AB's damages against Illumina. (Kramer Decl. Ex. 1 at 3.)

In any event, neither AB nor Dr. Cox claims that this assessment of damages should be applied against Dr. Macevicz. Therefore, Defendants' various arguments about "disgorgement damages,"[3] restitution, the pleadings, and the release – all of which are directed at supporting their contention that AB should not be allowed to claim damages against Dr. Macevicz – are irrelevant. Defendants' motion in limine should be denied.

---

[1] Instead, Defendants chose to limit themselves to a 4-hour deposition on Dr. Cox's rebuttal report regarding infringement damages. (Declaration of Brian M. Kramer ("Kramer Decl.") Ex. 1 at 1, 3.)

[2] "Illumina" refers collectively to Illumina and Solexa.

[3] Defendants' arguments assume that Dr. Cox's usage of the term "disgorgement" was intended to carry some particular legal meaning, when in fact it was not. Dr. Cox is an economist, not a lawyer.

### B. Defendants Fail To Address Dr. Cox's Valuation Of Stock Options.

Second, Defendants' allegation that AB has not provided discovery to support its actual damages completely ignores Dr. Cox's detailed analysis and opinions based on the valuation of stock options that Illumina conferred upon Dr. Macevicz. Assuming that the facts show that AB is entitled to ownership of the patents at issue, that Illumina provided stock options to Dr. Macevicz in exchange for purporting to assign the patents to Illumina, and that Illumina thereby acted wrongfully against AB, then the value of those stock options would represent damages owed by Illumina to AB. Dr. Cox's analysis applies the Black-Scholes model to calculate the value of various stock option grants Illumina conferred upon Dr. Macevicz. (Labbe Decl. Ex. 1 at 6-10.) Dr. Cox calculated the value of these options separately to cover different assumed fact scenarios – for example, if it turns out that some of the options were paid in exchange for the purported assignment of the patents but other options were not. (*Id.*)

Defendants do not mention or address Dr. Cox's stock options analysis at all in their second motion in limine. Moreover, their lack of discovery on AB's damages claims is largely attributable to their own decision not to depose Dr. Cox on his opening report regarding AB's damages. (Kramer Decl. Ex. 1 at 3.) Accordingly, Defendants' motion in limine should be denied.

### C. AB May Recover Attorneys' Fees That Were Properly Expended In Pursuit Of Converted Property.

AB's First Amended Complaint includes a cause of action against Defendants for conversion. (First Amended Complaint, Docket No. 46, ¶¶ 47-50.) Under Civil Code § 3336, damages for conversion may include "[a] fair compensation for the time and money properly expended in pursuit of the property." *Gladstone v. Hillel*, 250 Cal. Rptr. 372, 380 (Ct. App. 1988). Defendants acknowledge this in a footnote to their motion, but assert that this statute does not authorize recovery of attorneys' fees, relying on the *Haines v. Parra* case. 239 Cal. Rptr. 178, 181 (Ct. App. 1987).

The *Gladstone* case, however, cited the *Haines* case and distinguished the rationale of *Haines* as an outdated interpretation of the law:

PLAINTIFF'S OPP TO DEFS' MIL #1 TO EXCLUDE DAMAGES THEORIES
Case No. C07 02845 WHA
sd-439092

2

> When *Civil Code section 3336* was enacted in 1872, the Legislature may have contemplated compensation for time spent searching the countryside in search of misappropriate livestock or other chattels. But Gladstone <u>could only rely on legal process to recover the property</u> that appellants withheld.

*Gladstone*, 250 Cal. Rptr. at 381 (emphasis added). Accordingly, the *Gladstone* court refused to interpret § 3336 as "rigorously excluding all items having some connection with litigation." *Id.*

The same reasoning applies here. AB is not seeking attorneys' fees based on the prototypical claim of fee-shifting. Instead, AB has a claim for conversion of inventions and patents and can "only rely on legal process to recover the property." *Id.* Therefore, the Court should deny Defendants' motion and permit the jury to award damages that include any portion of AB's legal fees that it determines were "properly expended in the pursuit" of converted inventions and patents.

### D. AB May Recover Punitive Damages.

Defendants' fourth motion in limine asserts only that AB may not recover punitive damages if it cannot recover actual damages. AB has already shown above that it may recover actual damages. *See supra* Sections II.A-C. Therefore, AB may also recover punitive damages if the jury determines them to be appropriate, and Defendants' motion should be denied.

### III. CONCLUSION

For the foregoing reasons, AB requests that the Court deny Defendants' motions in limine to exclude AB's damages theories.

Dated: August 28, 2008          MORRISON & FOERSTER LLP

                                By:   /s/ David C. Doyle
                                      David C. Doyle
                                      Attorneys for Plaintiff
                                      APPLERA CORPORATION -
                                      APPLIED BIOSYSTEMS GROUP

PLAINTIFF'S OPP TO DEFS' MIL #1 TO EXCLUDE DAMAGES THEORIES
Case No. C07 02845 WHA
sd-439092

3