BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com; EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com; SComer@mofo.com; BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   C07 02845 WHA<br><br>**PLAINTIFF APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO MACEVICZ AS A FIDUCIARY**<br><br>Trial Date: September 29, 2008<br>Time:      7:30 a.m.<br>Place:     Courtroom 9, 19th Floor<br>Judge:     William H. Alsup |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MIL #2 TO EXCLUDE REFERENCE TO MACEVICZ AS A FIDUCIARY
CASE NO. C07 02845 WHA
sd-439108

## I. INTRODUCTION

Illumina argues that AB should not be allowed to offer evidence of the fiduciary relationship between Dr. Macevicz and AB. The motion should be denied because this evidence is relevant to issues including AB's claims of breach of fiduciary duty, constructive fraud, constructive trust, and defense of equitable title. In fact, there is no dispute that Dr. Macevicz owed a fiduciary duty to AB, and there will be a stipulated jury instruction describing that duty.

Illumina's argument that AB's claims of breach of fiduciary duty and constructive fraud are barred under the statute of limitations for attorney malpractice misstates the case law. California Civil Procedure Code section 340.6 does not apply to claims made against Dr. Macevicz outside of his provision of legal services to AB, nor to claims made against Illumina. Further, Illumina also fails to address the fact that a fiduciary duty can give rise to the obligation to assign a patent, which Illumina concedes supports AB's assertion of its equitable title defense, or the overwhelming legal support for the fact that Macevicz's fiduciary relationship with AB also supports AB's constructive trust claims. Finally, the statute of limitations does not bar AB's affirmative defenses in any event. For all of these reasons, Illumina's motion must be denied.

## II. THE STATUTE OF LIMITATIONS FOR ATTORNEY MALPRACTICE DOES NOT APPLY TO AB'S CLAIMS.

### A. The Statute Does Not Apply to AB's Claims Against Dr. Macevicz.

Illumina argues that the statute of limitations for attorney malpractice (Civil Procedure section 340.6) "applies to any claim against an attorney other than for actual fraud." (Mot. at 3.) However, that overlooks an entire clause in the remaining text of the statute. The statute applies only to "[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, *arising in the performance of professional services . . .*" Cal. Civ. Proc. Code § 340.6 (emphasis added). Illumina cites *Quintilliani v. Mannerino*, but also omits that court's lengthy discussion of the fact that a claim against an attorney for non-legal business activities is excluded from Section 340.6. (Mot. at 3 n.8.) The *Quintilliani* court specifically explained that

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MIL #2 TO EXCLUDE REFERENCE TO MACEVICZ AS A FIDUCIARY
CASE NO. C07 02845 WHA
sd-439108

1

> An attorney who undertakes to provide both legal and nonlegal services to a client, and who is sued because of deficiencies in performing the nonlegal services, may not claim the protection of section 340.6 because "*[t]he California statute does not include actions for wrongs by the defendant that were not committed as an attorney. . . . The statute only applies to the performance of legal services.*"

62 Cal. App. 4th 54, 65 (1998) (emphasis in original) (citation omitted).

The statute plainly does not apply here, because Dr. Macevicz was not performing legal services for AB when he wrote his patent applications, failed to disclose them to AB, and then assigned them to Lynx. Indeed, his defense is based on the assertion that he was undertaking these activities on his own behalf. More generally, because one need not be an attorney to owe a duty to assign patent rights, Section 340.6 does not protect Dr. Macevicz from liability for breaching his fiduciary duty as an employee to assign his patents to AB. *See Von Rott v. Johnson*, 148 Cal. App. 3d 608, 612-613 (1983) (Rejecting application of "Section 340.6 [which] by its terms applies only to actions arising out of the performance of professional services by attorneys . . . [because] as pledgeholder, defendant acted simply as an escrow, holding shares of the corporation for the benefit of plaintiff . . . One need not be an attorney to act as pledgeholder"); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1520-21 (9th Cir. 1985) (Declining to apply Section 340.6 where gravamen of claim was that attorney breached fiduciary duties in his capacity as director of corporation rather than in capacity as attorney).

None of the acts alleged by AB in support of its breach of fiduciary duty and constructive fraud claims are acts which one must be an attorney to commit. Therefore, the statute of limitations for attorney malpractice in Section 340.6 does not apply to either AB's fiduciary duty or constructive fraud claims.

**B.    The Statute Does Not Apply to AB's Claims Against Illumina.**

Illumina also argues that Section 340.6 bars the entirety of AB's breach of fiduciary duty and constructive fraud claims. (Mot. at 2.) This ignores the fact that while Section 340.6 applies merely to "[a]n action against an *attorney*," AB alleges that all defendants, including non-attorney defendant Illumina, are liable for breach of fiduciary duty and constructive fraud. Cal. Civ. Proc. Code § 340.6 (emphasis added). (First Amended Complaint ("FAC"), Docket No. 46, ¶¶ 35-46.)

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MIL #2 TO EXCLUDE REFERENCE TO MACEVICZ AS A FIDUCIARY
CASE NO. C07 02845 WHA
sd-439108

2

1  With respect to Illumina, AB alleges that "Lynx aided and abetted Macevicz in violating his
2  fiduciary duties to AB by encouraging and accepting Macevicz's purported assignment of the
3  Application, the Patents, and the Foreign Patents and Applications to Lynx. Illumina/Solexa has
4  adopted, ratified and benefited from the wrongful conduct of Macevicz and Lynx." (FAC ¶¶ 38,
5  43; *see* FAC ¶ 45.)

6  On their face, these claims require that AB prove that Dr. Macevicz breached his fiduciary
7  duties to AB. Thus, testimony of Macevicz's fiduciary relationship to AB, regardless of whether
8  in his capacity as an employee or an attorney, is necessary for AB to prove its claims against
9  non-attorney defendants Illumina and Solexa. Illumina has not and cannot produce legal support
10 for extending the protection of Section 340.6 to claims against non-attorneys. Such an extension
11 would fly in the face of the purpose of Section 340.6, which is for time-limiting claims covered
12 by attorney malpractice insurance. *Quintilliani*, 62 Cal. App. 4th at 67 n.3.

### III. TESTIMONY REGARDING MACEVICZ'S FIDUCIARY DUTY IS RELEVANT TO AB'S EQUITABLE TITLE AND CONSTRUCTIVE TRUST CLAIMS.

15 Illumina also attempts more generally to exclude evidence of Dr. Macevicz's fiduciary
16 relationship with AB. Illumina approaches this by conceding that actual notice, and not just
17 inquiry notice, is required to prove its statute of limitations defense. ((Mot. at 5-6.) "Defendants
18 do not intend to advance inquiry notice as a basis for its statute of limitations defense at trial.
19 Rather, Defendants will only rely on AB's actual notice.") This admission, however, does not
20 limit the relevance of Macevicz's fiduciary relationship with AB to numerous other issues at trial.

#### A. Because Macevicz Breached His Fiduciary Duty to Assign the Patents-In-Suit to AB, AB Has Equitable Title Defense to the Patents.

23 Illumina admits that AB has an equitable title defense to infringement "if Macevicz was
24 obligated to assign his inventions to AB, therefore according AB a 'beneficial interest' in the
25 patents." (Mot. at 4 (citing *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1578 n.3 (Fed.
26 Cir. 1991) ("Equitable title may be defined as the beneficial interest of one person whom equity
27 regards as the real owner, although the legal title is vested in another.") (internal quotation
28 omitted)).) Macevicz's fiduciary duty to AB in fact obligated him to assign his inventions to AB,

giving rise to AB's equitable title defense. *See, e.g.*, *Cziraki v. Thunder Cats, Inc.*, 111 Cal. App. 4th 552, 556 (2003) (as a result of breach of fiduciary duties to corporation, parties were obligated to assign their patents to the corporation); *Great Lakes Press Corp. v. Froom*, 695 F. Supp. 1440, 1447 (W.D.N.Y. 1987) (party with fiduciary duty to company was obligated to assign patents to that company); *North Branch Prods., Inc. v. Fisher*, No. 1033-58, 1961 U.S. Dist. LEXIS 3974, at *7 (D.D.C. Sept. 27, 1961) (because "defendant was in a fiduciary relationship with the plaintiff at the time the inventions claimed in the patents were developed and the applications for said patents were filed by, and the patents issued to, defendant [, t]he defendant violated his fiduciary relationship with the company . . . [such that t]he plaintiff has the equitable right to the patents and patent applications in suit."); *Grip Nut Co. v. Sharp*, 150 F.2d 192, 197 (7th Cir. 1945) (ordering party to assign patents to company because party in charge of the company's patent policies has fiduciary duty to assign patents to company); *Kennedy v. Wright*, 676 F. Supp. 888, 892 (C.D. Ill. 1988) ("where the inventor . . . occupies a special relationship of trust and confidence to the business . . . the fiduciary agent will be compelled to assign the patent.").

Thus, because a fiduciary duty may obligate the fiduciary to assign any patents received to his company, the breach of this fiduciary duty, among other things, will give rise to AB's equitable title defense that Defendants concede exists "if Macevicz was obligated to assign his inventions to AB." (Mot. at 4.) This would be a complete defense to any alleged infringement of the Macevicz patents, supported by evidence of Dr. Macevicz's fiduciary relationship with AB. *See Schmitt v. Nelson Valve Co.*, 125 F. 754, 760 (3rd Cir. 1903) (equitable title is complete defense to patent infringement because a "complainant who has refused performance of a contract cannot be awarded relief to which, if he had performed it, he would not have been entitled.") (internal quotation omitted).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MIL #2 TO EXCLUDE REFERENCE TO MACEVICZ AS A FIDUCIARY
CASE NO. C07 02845 WHA
sd-439108

4

**B.     Illumina Holds the Patents-In-Suit in a Constructive Trust for AB.**

Evidence of Macevicz's fiduciary relationship with AB also supports an element of AB's constructive trust claim.[1] "California Civil Code § 2224 (Deering 1984) provides: 'One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained for the benefit of the person who would otherwise have had it.'" *United States v. $4,224,958.57*, 392 F.3d 1002, 1004 (9th Cir. 2004) (internal quotation omitted). It is well-settled law in California that breach of a promise to convey property "when the transferee is in a confidential relationship with the transferor at the time of the transfer constitutes sufficient 'fraud' to create a constructive trust." *Atwood v. Elwood*, 132 Cal. App. 2d 761, 768 (1955) (internal quotation omitted).

Evidence of Dr. Macevicz's fiduciary relationship with AB therefore supports AB's proof that the requisite confidential relationship existed between Macevicz and AB for its constructive trust claim. *Id.* at 768-769 ("Confidential and fiduciary relations are, in law, synonymous, and may be said to exist whenever trust and confidence is reposed by one person in the integrity and fidelity of another."). *See Grip Nut Co. v. Sharp*, 150 F.2d at 197 (Holding that defendant held plaintiff's patents in constructive trust for plaintiff where defendant "had complete charge of plaintiff's manufacturing and patent policies and [] had full knowledge of plaintiff's plans[, because u]pon entering into the employ of plaintiff, there rested upon [defendant] the duty of fidelity to his employer's interest and of acting for the furtherance and advancement of the business in which he was engaged, and not to its injury.").

---

[1] "The essence of the constructive trust theory is to prevent unjust enrichment and to prevent a person from taking advantage of his own wrongdoing, a constructive trust may be imposed in practically any case where there is a wrongful acquisition or detention of property to which another is entitled." *United States v. Pegg*, 782 F.2d 1498, 1501 (9th Cir. 1986) (internal quotations omitted).

## IV. AB'S AFFIRMATIVE DEFENSES CANNOT BE BARRED BY THE STATUTE OF LIMITATIONS.

Even if Illumina's arguments about the statute of limitations were correct, Dr. Macevicz's fiduciary duties would remain relevant to AB's affirmative defenses including unclean hands, estoppel, and equitable rights to practice the patents. *See Styne v. Stevens*, 26 Cal. 4th 42, 51 (2001) ("Under well-established authority, a defense may be raised at any time, even if the matter alleged would be barred by a statute of limitations if asserted as the basis for affirmative relief."); *see* generally 3 Bernard E. Witkin, *California Procedure* § 423 (4th ed. 1996).

## V. ILLUMINA HAS OFFERED NO EVIDENCE OF PREJUDICE.

Finally, Illumina argues without further explanation that it would be prejudiced by evidence of Dr. Macevicz's fiduciary duties to AB. However, Illumina does not dispute that Dr. Macevicz owed fiduciary duties to AB, and in fact there will be a stipulated jury instruction that describes the nature of those fiduciary duties. There can be no prejudice in making the jury aware of Dr. Macevicz's obligations to the company. To the contrary, the fiduciary relationship between Dr. Macevicz and AB is a central part of this case, and it would be prejudicial to AB if it were *not* allowed to present this to the jury.

## VI. CONCLUSION

There is no support for Illumina's motion and it should be denied.

Dated: August 28, 2008               MORRISON & FOERSTER LLP

By: /s/ David C. Doyle
David C. Doyle

Attorneys for Plaintiff
APPLERA CORPORATION –
APPLIED BIOSYSTEMS GROUP