BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com; EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com; SComer@mofo.com; BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   C07 02845 WHA<br><br>**PLAINTIFF APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY OF ALAN J. COX, PH.D., REGARDING NON-INFRINGING ALTERNATIVES**<br><br>Trial Date:  September 29, 2008<br>Time:         7:30 a.m.<br>Place:        Courtroom 9, 19th Floor<br>Judge:       William H. Alsup |

## I.     INTRODUCTION

Defendants argue that AB's damages expert, Dr. Alan Cox, lacks sufficient expert qualifications and personal knowledge to testify regarding the availability of non-infringing alternatives. This argument is misdirected and irrelevant. Dr. Cox will provide expert testimony and opinions regarding *damages*. While some of Dr. Cox's opinions are based in part on assumed fact scenarios as to the availability of non-infringing alternatives, AB does not seek to have him vouch for the credibility of AB's fact witnesses or fact scenario.

Defendants' motion also makes at least two incorrect assumptions about the evidence that AB will present at trial regarding the availability of non-infringing alternatives. First, Defendants wrongly assume that Kevin McKernan's testimony on that issue will be expert in nature. Second, Defendants wrongly assume that AB will not offer any other evidence on that issue.

In sum, Defendants' arbitrary and incorrect assumptions about the separate evidence AB will present on non-infringing alternatives do not provide any basis for excluding Dr. Cox's testimony on *damages*. Therefore, Defendants' motion should be denied.

## II.     ARGUMENT

### A.     Dr. Cox Will Provide Expert Testimony Regarding Damages, Not Fact Testimony Regarding The Availability Of Non-Infringing Alternatives.

Dr. Cox does not seek to vouch for the credibility of AB's fact witnesses or fact scenario. Instead, he will present expert testimony and opinions regarding damages. (Declaration of Brian M. Kramer In Support Of AB's Oppositions To Defendants' Motion In Limine Nos. 1-5 ("Kramer Decl."), Ex. 2 at 2-3).) Some of his opinions are based on applying the principles and standards of his discipline to assumed fact scenarios as to the availability of non-infringing alternatives. This is expressly permitted by the Court's standing order. (3/5/07 Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable William Alsup ("Standing Order") ¶ 15.)

Defendants' arguments regarding whether Dr. Cox has the expert qualifications or personal knowledge to testify about the availability of non-infringing alternatives are irrelevant. AB is not offering Dr. Cox as a fact witness on whether non-infringing alternatives were

PLAINTIFF'S OPP TO DEFS' MIL #3 TO EXCLUDE DR. COX'S TESTIMONY RE NON-INFRINGING ALTERNATIVES
Case No. C07 02845 WHA
sd-439094

1

available. Defendants' motion does not even attempt to challenge Dr. Cox's qualifications to opine on the issues on which he will actually testify – the proper analysis and calculation of damages – which are squarely within his expertise. (Kramer Decl. Ex. 2 at 1).)

### B. Defendants' Motion Is Based On Incorrect And Arbitrary Assumptions About AB's Evidence On The Availability Of Non-Infringing Alternatives.

Defendants make various unfounded assumptions about what separate evidence AB will present at trial regarding the availability of non-infringing alternatives. Defendants are wrong about the nature and scope of this evidence, and their motion improperly seeks to take this fact issue away from the jury. (Standing Order ¶ 15 ("It is the jury's responsibility to sort out whose fact scenario is correct, including issues of credibility.")) Even the first part of Defendants' own motion recognizes that this is a fact issue for the jury. (Mot. at 2.)

#### 1. Kevin McKernan Will Provide Fact Testimony On This Issue, Not Expert Opinion.

Without explanation, Defendants assert that Kevin McKernan's testimony must be expert in nature.[1] This assertion is incorrect – he is a fact witness. Dr. McKernan was a vice president and co-chief scientific officer of Agencourt Personal Genomics ("APG").[2] (Kramer Decl. Ex. 3 at 6:19-24.) He will provide fact testimony based on his extensive involvement in and personal knowledge of the development of the accused products, APG's business strategy, and APG's consideration of other DNA sequencing technologies. Such testimony does not constitute expert opinion and therefore does not require expert designation or an expert report from Dr. McKernan. In short, Defendants have not provided any basis for their mistaken assumption that AB intends to offer expert testimony from Dr. McKernan.

---

[1] Indeed, Defendants have not even sought to determine what the content and substance of Dr. McKernan's testimony on the availability of non-infringing alternatives would be. Despite insisting on taking his deposition on short notice at the close of fact discovery, Defendants did not ask him any questions on this issue.

[2] APG was acquired by AB in 2006.

PLAINTIFF'S OPP TO DEFS' MIL #3 TO EXCLUDE DR. COX'S TESTIMONY RE NON-INFRINGING ALTERNATIVES
Case No. C07 02845 WHA
sd-439094

2

### 2. AB May Offer Other Evidence On This Issue At Trial.

Defendants also fail to explain their unstated assumption that AB will not offer evidence other than Dr. McKernan's testimony with respect to the availability of non-infringing alternatives. AB has yet to make its final decisions regarding how it will use exhibits or what particular questions it will ask its other witnesses at trial, both of which are additional sources of evidence that AB may present on this issue.

Finally, the Court's recent order granting in part AB's summary judgment of non-infringement also confirms the availability of non-infringing alternatives, since it found that the two-base encoding SOLiD System does not infringe the '341 and '597 patents. (8/22/08 Order, Docket No. 232.) If the one-base encoding prototype were found to infringe, then the two-base encoding SOLiD System – which AB actually pursued and took to market – would clearly have been a non-infringing alternative.

### III.    CONCLUSION

For the foregoing reasons, AB requests that the Court deny Defendants' motion in limine to preclude AB from presenting Dr. Cox's testimony regarding damages based on assumed fact scenarios as to the availability of non-infringing alternatives.

Dated: August 28, 2008                MORRISON & FOERSTER LLP

By:  /s/ David C. Doyle
     David C. Doyle

     Attorneys for Plaintiff
     APPLERA CORPORATION -
     APPLIED BIOSYSTEMS GROUP