1  BRYAN WILSON (CA SBN 138842)
   ERIC C. PAI (CA SBN 247604)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792
   E-Mail: BWilson@mofo.com; EPai@mofo.com
5
   DAVID C. DOYLE (CA SBN 70690)
6  STEVEN E. COMER (CA SBN 154384)
   BRIAN M. KRAMER (CA SBN 212107)
7  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
8  San Diego, California 92130-2040
   Telephone: 858.720.5100
9  Facsimile: 858.720.5125
   E-Mail: DDoyle@mofo.com; SComer@mofo.com;
10 BMKramer@mofo.com

11 Attorneys for Plaintiff
   APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

12
13                    UNITED STATES DISTRICT COURT
14                    NORTHERN DISTRICT OF CALIFORNIA
15                    SAN FRANCISCO DIVISION
16

17 | APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No.   C07 02845 WHA
18 | | **PLAINTIFF APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE AB'S RELIANCE ON THE CARR PATENT**
19 | Plaintiff, |
20 | v. |
21 | ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, |
22 | |
23 | Defendants. | Trial Date: September 29, 2008
   | | Time:  7:30 a.m.
   | | Place: Courtroom 9, 19th Floor
   | | Judge: William H. Alsup

PLAINTIFF'S OPP TO DEFS' MIL # 4 TO EXCLUDE RELIANCE ON CARR PATENT
Case No. C07 02845 WHA
sd-439095

## I. INTRODUCTION

The Carr patent should not be excluded because (1) AB does not rely on it to invalidate the claims as written, so the Local Rules governing disclosure of invalidating prior art do not apply, and (2) in any event the substance of the Carr patent was disclosed to Illumina well before the discovery cutoff, and a copy of the Carr patent itself was produced nearly two months ago, so Illumina has not been prejudiced.

## II. FACTUAL BACKGROUND

AB's primary prior art reference regarding the Macevicz '119 patent is Mag et al., *Tetrahedron Letters* 33(48):7319-7322 (1992) ("Mag"). (Declaration of Brian M. Kramer In Support Of AB's Oppositions To Defendants' Motion In Limine Nos. 1-5 ("Kramer Decl."), Ex. 4.) AB produced the four-page Mag article to Illumina on November 19, 2007. The Mag article was discussed extensively in AB's invalidity contentions and expert reports regarding the '119 patent. The Mag article identifies the Carr patent and notes: "The incorporation of a P-N linkage into a specific position of an ODN (primer) and the subsequent chemical cleavage can be applied for the nicking and manipulation of DNA, *e.g.*, in a DNA probe based affinity assay." (*Id.* at 7322 (citing Carr).) The existence of the Carr patent and its discussion of a P-N (phosphorous-nitrogen) linkage cannot be a surprise to Illumina, and it claims no surprise. To avoid any contention of surprise, AB sent Illumina a copy of the Carr patent on June 30, 2008.

## III. ARGUMENT

### A. The Carr Patent Is Not Asserted by AB as Invalidating Prior Art.

AB does not rely upon the Carr patent as an invalidating prior art reference. Rather the Carr patent will be used, as it is in the Mag article, to show the state of the art in response to Illumina's argument that AB infringes the '119 patent based on the doctrine of equivalents. The '119 patent describes a probe and expressly requires a phosphoramidate linkage. Illumina admits that AB's probes do not have a phosphoramidate linkage. Instead, it argues that the linkage used in the AB probes – a phosphorothiolate linkage – meets the definition of phosphoramidate linkage under the doctrine of equivalents. AB has and will continue to argue that as a matter of law, its phosphorothiolate linkage cannot be deemed the equivalent of the claimed linkage because to do

so would impermissibly broaden the scope of the '119 patent to ensnare the state of the art as exemplified by Carr.

As the patentee claiming infringement under the doctrine of equivalents, Illumina bears the burden of proving that its newly-expanded claim scope would not capture the prior art. *See Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*, 904 F.2d 677, 685 (Fed. Cir. 1990) ("[T]he burden is on [the patentee] to prove that the range of equivalents which it seeks would not ensnare the prior art. . . ."). AB identified the Carr patent as an example of prior art that would be ensnared by Illumina's proposed range of equivalents. AB does not contend that the Carr patent anticipates the Macevicz '119 patent as written. Rather, AB asserts that Illumina cannot expand its literal claim scope to a range that would encompass the Carr patent. Illumina should not be permitted to obtain a broader claim scope than it would otherwise be entitled based on an evidentiary exclusion.

**B.     AB Has Complied With the Patent Local Rules and 35 U.S.C. § 282.**

AB's disclosure of the Carr patent did not violate the Patent Local Rules, which require the production of prior art that the party contends "allegedly anticipates each asserted claim or renders it obvious." Pat. Local R. 3-3(a); 3-4(b). AB does not allege that the Carr patent anticipates or renders obvious the claim as written. Thus, the Patent Local Rules did not establish a deadline for disclosing the Carr patent. Instead, the statutory deadline for disclosing the Carr patent is fixed by 35 U.S.C. § 282, which provides that a party has until thirty days before trial to disclose prior art as "showing the state of the art." 35 U.S.C. § 282. That deadline has not yet passed, and in any event AB has already produced the Carr patent.

**C.     AB Did Not Violate Rule 37.**

Fed. R. Civ. P. 37 does not allow exclusion of evidence when "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, any delay in providing a copy of the Carr patent was both substantially justified and harmless. AB is not using Carr offensively as an invalidating prior art reference. Instead, AB is using Carr defensively on the issue of noninfringement as state of the art evidence exactly as it is described in the Mag reference provided to Illumina in November 2007. Illumina claims that AB "foreclosed

1  discovery into this document." (Mot. at 2.)  Illumina did not ask AB for any additional discovery
2  into the document and has offered no examples of additional discovery it could have obtained
3  about the publicly available patent.  The document speaks for itself.  No amount of discovery
4  could change whether Illumina's proposed range of equivalents for the phosphoramidate claim
5  limitation would ensnare the Carr patent.
6       In sum, the Court should not exclude the Carr patent.  AB should be permitted to rely on
7  the Carr reference to rebut Illumina's argument for a legally impermissible range of equivalents
8  to the phosphoramidate claim limitation.

Dated: August 28, 2008        MORRISON & FOERSTER LLP

                              By:   /s/ David C. Doyle
                                    David C. Doyle

                                    Attorneys for Plaintiff
                                    APPLERA CORPORATION -
                                    APPLIED BIOSYSTEMS GROUP

PLAINTIFF'S OPP TO DEFS' MIL # 4 TO EXCLUDE RELIANCE ON CARR PATENT
Case No. C07 02845 WHA
sd-439095

3