1   BRYAN WILSON (CA SBN 138842)
    ERIC C. PAI (CA SBN 247604)
2   MORRISON & FOERSTER LLP
    755 Page Mill Road
3   Palo Alto, California 94304-1018
    Telephone: 650.813.5600
4   Facsimile: 650.494.0792
    E-Mail: BWilson@mofo.com; EPai@mofo.com
5
    DAVID C. DOYLE (CA SBN 70690)
6   STEVEN E. COMER (CA SBN 154384)
    BRIAN M. KRAMER (CA SBN 212107)
7   MORRISON & FOERSTER LLP
    12531 High Bluff Drive, Suite 100
8   San Diego, California  92130-2040
    Telephone: 858.720.5100
9   Facsimile: 858.720.5125
    E-Mail: DDoyle@mofo.com; SComer@mofo.com;
10  BMKramer@mofo.com

11  Attorneys for Plaintiff
    APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

12

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                   SAN FRANCISCO DIVISION

16

17  APPLERA CORPORATION – APPLIED            Case No.    C07 02845 WHA
    BIOSYSTEMS GROUP, a Delaware corporation,
18                                           **PLAINTIFF APPLERA
                    Plaintiff,               CORPORATION – APPLIED
19                                           BIOSYSTEMS GROUP'S
        v.                                   OPPOSITION TO DEFENDANTS'
20                                           MOTION IN LIMINE NO. 5 TO
    ILLUMINA, INC., a Delaware corporation,  EXCLUDE AB'S INVALIDITY
21  SOLEXA, INC., a Delaware corporation, and CONTENTIONS NOT SET
    STEPHEN C. MACEVICZ, an individual,      FORTH IN AB'S FINAL
22                                           INVALIDITY CONTENTIONS**
                    Defendants.
23                                           Trial Date: September 29, 2008
                                             Time:      7:30 a.m.
24                                           Place:     Courtroom 9, 19th Floor
                                             Judge:     William H. Alsup
25

26

27

28

1    Illumina's motion (1) misconstrues AB's invalidity arguments based on the Mag

2    reference; (2) misstates the requirements under the Patent Local Rules; and (3) omits AB's

3    extensive disclosure of the Brennan reference as rendering the Macevicz patents obvious,

4    including the combination of Mag and Brenner as rendering obvious another claim of the

5    Macevicz patents.

6    AB's Preliminary and Final Invalidity contentions accurately set forth its invalidity

7    position regarding claim 1 of the '119 patent.  AB contends that *Tetrahedron Letters*

8    33(48):7319-7322 (1992) ("Mag") anticipates and/or renders obvious claim 1 of the '119 patent.

9    Accordingly, AB listed the Mag reference in its Preliminary Invalidity Contentions and Final

10    Invalidity Contentions.  AB is alleging "single reference obviousness," similar to the obviousness

11    finding by the Federal Circuit in *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d

12    1349, 1356 (Fed. Cir. 2000) ("In appropriate circumstances, a single prior art reference can render

13    a claim obvious.").  Because AB is relying on single-reference obviousness, it was not required to

14    list any additional patents in its Preliminary and Final Invalidity Contentions under the local rules.

15    Patent Local Rule 3-3(a) only requires that the invalidity contentions include "identity of each

16    item of prior art that allegedly anticipates each asserted claim or renders it obvious."  AB did that.

17    Just because AB is relying solely on the Mag reference does not mean that other prior art

18    references cannot be presented as evidence that persons of skill in the art would use to "modify"

19    the teachings of Mag to arrive at the claimed invention in order to support the obviousness

20    conclusion.  The *SIBIA* case describes the sources of evidence that can be used to show why one

21    would modify the teaching of a single reference to derive the claimed invention.

22    
23    
24    
25    
26    
27    

> In appropriate circumstances, a single prior art reference can render
> a claim obvious.  However, there must be a showing of a suggestion
> or motivation to modify the teachings of that reference to the
> claimed invention in order to support the obviousness conclusion.
> This suggestion or motivation may be derived from the prior art
> reference itself, from the knowledge of one of ordinary skill in the
> art, or from the nature of the problem to be solved.  Determining
> whether there is a suggestion or motivation to modify a prior art
> reference is one aspect of determining the scope and content of the
> prior art, a fact question subsidiary to the ultimate conclusion of
> obviousness.

28    

PLAINTIFF'S OPP TO DEFS' MIL #5 TO EXCLUDE INVALIDITY CONTENTIONS
Case No. C07 02845 WHA
sd-439096

1

1    *SIBIA*, 225 F.3d at 1356 (internal citations omitted).  AB can call on "one of ordinary skill in the

2    art" (*e.g.*, its expert witnesses) to testify about the suggestion or motivation to modify the Mag

3    reference.  Illumina acknowledges that AB provided expert reports on this very issue.  For

4    example, AB's expert, Dr. Metzker, gave an opinion on AB's single reference obviousness

5    contention based on the Mag reference in a section of his report entitled "Claim 1 of the '119

6    patent is obvious over Mag."  (Declaration of Brian M. Kramer In Support Of AB's Oppositions

7    To Defendants' Motion In Limine Nos. 1-5 ("Kramer Decl."), Ex. 5 at 29.)  Dr. Metzker's report

8    refers to U.S. Patent No. 5,403,708 ("Brennan"), which is part of the basis for Dr. Metzker's

9    knowledge of motivation to modify the Mag reference.

10           While AB was not required under the Patent Local Rules to expressly list Mag as being

11   combined with the Brennan reference with regard to the '119 patent, Illumina's motion omits that

12   AB lists the combination of Brennan and Mag as rendering claim 8 of the related '341 patent

13   invalid for obviousness.  (Labbe Decl. Ex. 2 at 9.)  Claim 8 of the '341 patent claims the use of a

14   probe with the identical phosphoramidate linkage as the probe claimed in the '119 patent.  (*See*

15   '341 patent (Docket No. 212-2), col. 22:46-47 ("8.  The method of claim 7 wherein said

16   chemically scissile internucleosidic linkage is a phosphoramidate.")  Thus, Illumina was already

17   on notice of AB's contention that Mag, considered with Brennan, renders a probe with a chain

18   terminating moiety and phosphoramidate linkage obvious.

19           AB's Invalidity Contentions repeatedly cite the Brennan reference as rendering other

20   claims of the Macevicz patents invalid as obvious.  The three Macevicz patents all share the same

21   specification.  AB specifically lists Brennan as part of a combination of references that renders

22   obvious claims 1, 2, 6, 7, 8, 11, 12, 16, 17, 18 of the '341 patent.  (Labbe Decl. Ex. 2 at 3-11.)

23   Illumina was well aware of AB's position that Brennan provided relevant information for its

24   obviousness claims.  Illumina's complaint appears to be that AB's April 11, 2008 Final Invalidity

25   contentions did not include an express Mag/Brennan combination for claim 1 of the '119 patent,

26   and that the express combination did not appear regarding the '119 patent until Drs. Metzker's

27   and Sibson's May 30, 2008 expert reports.  Even that is not entirely true, as AB listed all patents

28   cited within the Macevicz patents (including Brennan) as forming the basis of AB's anticipation,

PLAINTIFF'S OPP TO DEFS' MIL #5 TO EXCLUDE INVALIDITY CONTENTIONS
Case No. C07 02845 WHA
sd-439096

1    obviousness, and state of the art claims. (*Id.* at 13.) Even if AB's invalidity contentions were

2    imperfect, Illumina has not explained how it was prejudiced by the six week gap between the

3    Invalidity Contentions and the more descriptive expert reports.

4         Because AB complied with the Patent Local Rules and otherwise disclosed the

5    combination of Mag and Brennan, Illumina's motion should be denied.

6

7         Dated: August 28, 2008          MORRISON & FOERSTER LLP

8

9                                    By:    /s/ David C. Doyle
                                            David C. Doyle
10
                                            Attorneys for Plaintiff
11                                          APPLERA CORPORATION -
                                            APPLIED BIOSYSTEMS GROUP
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28