# EXPERT REPORT
# OF MICHAEL L. METZKER, PH.D.

Applera Corporation – Applied Biosystems Group,

v.

Illumina, Inc., Solexa, Inc., and Stephen C. Macevicz,

Case No. C07 02845 WHA

1

**EXHIBIT 5**

I.   BACKGROUND ........................................................................................................... 2
II.  discussion .................................................................................................................... 3
   A.   Background of the Technology.......................................................................... 3
   B.   The Person of Ordinary Skill in the Art............................................................. 6
   C.   The '341 patent .................................................................................................. 6
   D.   The '119 patent .................................................................................................. 8
   E.   The '597 patent .................................................................................................. 9
   F.   Claim Construction .......................................................................................... 10
   G.   The Prior Art.................................................................................................... 10
        1.   *Southern* ............................................................................................... 11
        2.   *Whiteley*................................................................................................ 12
        3.   *Brennan* ............................................................................................... 12
        4.   *Sibson*................................................................................................... 13
        5.   *Brenner* ................................................................................................ 14
        6.   *Mag* ...................................................................................................... 15
        7.   *Landegren* ............................................................................................ 15
   H.   Claims 1 and 2 of the '341 patent Are Anticipated By Southern ...................... 16
   I.   Claims 1, 2, 6, 7, 8, 11, 12, 16, 17, and 18 of the '341 patent Are Obvious in Light of Southern ........................................................................................................................ 17
   J.   Claim 1 of the '341 patent is Anticipated By Whiteley...................................... 19
   K.   Claims 1, 2, 6, 7, 8, 11, 12, 16, 17, and 18 of the '341 patent Are Obvious In Light Of Whiteley............................................................................................................................ 20
   L.   Claims 1, 2, 6, 7, 8, 11, 12, 16, 17, and 18 of the '341 patent Are Obvious In Light Of Brennan and the State Of The Art........................................................................................ 23
   M.   Claim 1 of the '597 patent is anticipated by the prior art ................................. 27
        1.   Claim 1 of the '597 patent is anticipated by Southern 1995................... 27
        2.   Claim 1 of the '597 patent is anticipated by the Whiteley patent.............. 27
        3.   Claim 1 of the '597 patent is obvious over Southern 1995..................... 27
        4.   Claim 1 of the 597 patent is obvious over the Whiteley patent ............. 28
   N.   Claim 1 of the '119 patent is obvious over Mag............................................... 29
   O.   Indefiniteness ................................................................................................... 29
   P.   Written Description.......................................................................................... 29
   Q.   Inequitable Conduct ......................................................................................... 30
III. DOCUMENTS AND INFORMATION CONSIDERED.......................................... 30
IV.  COMPENSATION .................................................................................................... 30
V.   PREVIOUS TESTIMONY ........................................................................................ 31

1

**EXHIBIT 5**

### N. Claim 1 of the '119 patent is obvious over Mag

<u>Claim 1</u>: One of ordinary skill in the art would have considered claim 1 of the '119 patent to have been obvious over the Mag article taken with Brennan. The Mag article discloses a dodecameric oligonucleotide having the formula (12:d[<u>AGAGAT</u>$_{NH}$p<u>ATCTCT</u>]), from 5' to 3'. (*See* Mag at page 7321.) The letters A, C, G, and T in the dodecamer indicate nucleotides. (*See* Mag at page 7321.) The $_{NH}$p letters indicate an internucleosidic linkage, specifically a phosphoramidate one (see, Mag at page 7321.) The single underlined portion of the oligonucleotide corresponds to (B)k and contains 6 residues. *See* (Mag at page 7321.) The double underlined portion of the oligonucleotide corresponds to (B)j and contains 6 residues. The sum of j and k is equal to 12. (*See* Mag at page 7321.) Brennan teaches the use of an internucleosidic linkage, specifically a phosphorothioate one in extension oligonucleotides. (*See* Brennan at Col. 6, lines 24-26.) The Mag Reference discusses the chemically scissile nature of such phosphoramidate and phosphorothioate linkages. (*See* Mag at page 7319 and 7322.) Brennan also teaches the use of a labeled terminating moiety. (*See* Brennan at Col. 6, lines 33-44.) Taken together, one of ordinary skill in the art would have considered claim 1 of the '119 patent to be obvious over Mag with the teachings of Brennan.

### O. Indefiniteness

There is no clear relationship existing between step (a) and step (b) of claim 1 of the '597 patent. At best, step (b) merely requires that a nucleotide be identified, but the claim does not state how that identified nucleotide is related to the limitations of step (a). Step (b) does not identify the position of the identified nucleotide with respect to the initializing oligonucleotide, the oligonucleotide probe or the extended duplex. It is also not clear from the claim language what mechanism of identification is used. Given this lack of clarity, one skilled in the art would not be apprised of the scope of the claim.

### P. Written Description

Claim 1, step (a) of the '341 patent is not supported by an adequate written description because the claim requires that an initializing oligonucleotide probe hybridize to a target

- o  Expert witness for HIV criminal case, Lafayette, LA: State of Louisiana v. Richard J. Schmidt, Criminal Docket No. 73313
- o  Expert witness for Fluorescent Dye Infringement case for ABI: Perkin Elmer v. Amersham, Civil Action No. C-00-1937 CRB
- o  Expert witness for HIV criminal case, Thurston Co., WA: State of Washington v. Anthony Eugene Whitfield, Case No. 04-1-06-17-5

Signed at Houston TX, on May 30, 2008.

31

**EXHIBIT 5**