1  THOMAS I. ROSS (admitted *pro hac vice*)
   KEVIN M. FLOWERS (admitted *pro hac vice*)
2  JEFFREY H. DEAN (admitted *pro hac vice*)
   MARK H. IZRAELEWICZ (admitted *pro hac vice*)
3  JOHN R. LABBE (admitted *pro hac vice*)
   CULLEN N. PENDLETON (admitted *pro hac vice*)
4  MARSHALL, GERSTEIN & BORUN LLP
   6300 Sears Tower
5  233 South Wacker Drive
   Chicago, Illinois 60606-6357
6  (312) 474-6300 (telephone)
   (312) 474-0448 (facsimile)
7  E-Mail: tross@marshallip.com
   E-Mail: kflowers@marshallip.com
8  E-Mail: jdean@marshallip.com
   E-Mail: mizraelewicz@marshallip.com
9  E-Mail: jlabbe@marshallip.com
   E-Mail: cpendleton@marshallip.com
10
   Counsel for Defendants
11 ILLUMINA, INC., SOLEXA, INC.,
   and STEPHEN C. MACEVICZ

12
                    UNITED STATES DISTRICT COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14
                    SAN FRANCISCO DIVISION
15

16
   APPLERA CORPORATION—APPLIED )    Case No. 07-CV-02845 WHA
17 BIOSYSTEMS GROUP, a Delaware )
   corporation,                 )    District Judge William H. Alsup
18                              )
                                )
19         Plaintiff/counterdefendant, )  **DEFENDANTS' OPPOSITION TO**
                                )       **PLAINTIFF'S MOTION IN LIMINE**
20      - vs. -                 )       **NO. 2 TO EXCLUDE EVIDENCE OF**
                                )       **WILLFUL INFRINGEMENT**
21 ILLUMINA, INC., a Delaware corporation, )
   SOLEXA, INC., a Delaware corporation, ) Date: September 8, 2008
22 and STEPHEN C. MACEVICZ, an  )        Time: 2:00 P.M.
   individual,                  )        Place: Courtroom 9, 19th Floor
23                              )
                                )
24         Defendants/counterclaimants. )
                                )
25                              )

26

27

28
   **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF WILLFUL**
   **INFRINGEMENT; CASE NO: 07-CV-02845 WHA**

## I. INTRODUCTION

AB argues that its alleged "strong case" on ownership of the Macevicz patents precludes, as a matter of law, proof of "objectively reckless" infringement of the patents-in-suit. AB also argues that Illumina's failure to seek a preliminary injunction or seek summary judgment of ownership now precludes it from presenting evidence of willful infringement to the jury.

AB's motion is without merit for several reasons: (1) the "objectively reckless" standard for willfulness can be met whether or not a patentee moves for a preliminary injunction or for summary judgment; (2) Illumina's willful infringement claims are not based on AB's actions after learning of the Macevicz patents in 2006; and (3) the "strength" of AB's summary judgment motion on the issue of ownership (which the Court denied) cannot, as a matter of law, support AB's motion to exclude evidence of willful infringement. AB's argument is also legally flawed because whether AB had a colorable claim to ownership of the patents-in-suit during one period of infringement is irrelevant to whether infringement by Agencourt Personal Genomics, AB's predecessor, at an earlier time was objectively reckless. AB's motion must be denied.

## II. ARGUMENT

### A. AB's "ownership" defenses do not preclude a finding of willful infringement by either AB or its predecessor, Agencourt Personal Genomics

First, the Court's denial of AB's summary judgment motion on ownership does not establish, as a matter of law, that the ownership case presents a "close question," much less preclude Illumina from offering evidence of willful infringement as a matter of law. As the Ninth Circuit stated in *Dessar v. Bank of America Nat. Trust and Sav. Ass'n*, 353 F.2d 468 (9th Cir. 1965) the denial of a motion for summary judgment "merely postpones decision of any question; it decides none."[1] Illumina therefore cannot be precluded from offering evidence of willful infringement.

Second, even assuming *arguendo* that AB has a "strong case" for ownership of the patents-in-suit, Illumina cannot be barred from presenting evidence of willful infringement. AB's motion,

---

[1] *Dessar*, 353 F.2d at 470; *see also Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) ("More recently, we stated that the law of the case doctrine does not apply to pretrial rulings such as motions for summary judgment.") (citing *Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 79-80 (9th Cir 1979)).

though it seeks exclusion of all evidence of willfulness, fails to mention that Illumina's allegations of willful infringement are based on the activities of two parties, AB and its predecessor, Agencourt Personal Genomics, Inc.'s ("Agencourt").[2] Because an "ownership" defense is personal to "the owner," even if acts of infringement **after** the merger between AB and Agencourt were not objectively reckless because AB thought it owned the patents-in-suit, this defense cannot excuse any acts of infringement by Agencourt **before** its acquisition by AB. Simply put, Agencourt's infringing acts prior to the merger, if objectively reckless at the time they were committed, did not, and could not, retroactively become reasonable after it was acquired by AB. The jury should be allowed to hear evidence regarding whether Agencourt's conduct was objectively reckless, and AB's defenses, if any, are irrelevant to that inquiry.

### B. Illumina's failure to seek a preliminary injunction or move for summary judgment of ownership does not preclude a finding of willful infringement

AB's argument that Illumina's failure to seek a preliminary injunction or move for summary judgment of ownership precludes a finding of objective recklessness, and therefore of willful infringement, as a matter of law is without legal basis.

First, the only "authority" AB cites for this position is a statement by counsel for Illumina in a letter to a different court in a different case involving different patents. AB cites no authority for the notion that attorney argument somehow establishes the legal standard for determination of any issue, nor can it. The Court is not bound to apply counsel's legal conclusions, and AB has not even attempted to show that Illumina is subject to any form of estoppel.

Second, the case law cited by AB does not support its argument. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1370-72 (Fed. Cir. 2007) (en banc) does not create a bright-line rule that requires a patent owner to move for a preliminary injunction or summary judgment or else forfeit a willfulness claim. Instead, *Seagate* states that "to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its

---

[2] Agencourt developed the accused one-base-encoding SOLiD System and one-base-encoding and two-base-encoding probes beginning in September 2004, and became a wholly owned subsidiary of AB in May 2006. AB now makes, uses, and sells two-base-encoding probes.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF WILLFUL INFRINGEMENT; CASE NO: 07-CV-02845 WHA

**2**

actions constituted infringement of a valid patent" and that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id*. at 1371.

### III.   CONCLUSION

In conclusion, AB has cited no authority to support its contention that its "strong" (and denied) motion for summary judgment of ownership of the patents-in-suit precludes Illumina from presenting evidence of willful infringement by AB, much less precludes Illumina from presenting evidence of willful infringement by Agencourt, to whom these defenses do not apply. AB has likewise cited no authority to support its contention that failure to seek a preliminary injunction or move for summary judgment of ownership precludes a finding of willful infringement. The Court should allow the jury to consider evidence regarding whether AB and Agencourt acted in an objectively reckless manner in their development, use, and sale of the accused products and methods.

Dated: August 28, 2008                    Respectfully submitted,

 /s/ John R. Labbé
THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

*Attorneys for Defendants*

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF WILLFUL INFRINGEMENT; CASE NO: 07-CV-02845 WHA**