THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com
E-Mail: mizraelewicz@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No. 07-CV-02845 WHA |
| | Judge William H. Alsup |
| Plaintiff/Counterdefendant, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY OF DR. GERALD SIUTA** |
| v. | |
| ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | |
| Defendants/Counterclaimants. | |

## I.   INTRODUCTION

This patent infringement case concerns two alleged infringers, AB and APG. Their infringing activities are separate from one another, different in kind, and occurred at different times. Dr. Siuta's Expert Report On Infringement Damages, served May 30, 2008, accordingly presents two respective hypothetical negotiations, one for determining reasonable royalty damages relating to APG's infringement and the other relating to AB's. It is logical and proper under the patent law on reasonable royalty damages to have separate hypothetical negotiations for determining reasonable royalty damages due to separate infringing activities. AB's Motion In Limine No. 3 should be denied.

## II.   BACKGROUND

Missing from AB's motion brief is a discussion of the infringement issues in this case. AB is charged with infringement of the patents-in-suit based on its commercialization of a "two-base encoding" version of a so-called SOLiD System technology, commencing July 2007. However, a further aspect of this patent infringement case is that an independent research company, Agencourt Personal Genomics ("APG"), separately developed the SOLiD System technology. APG was not a commercial entity but did make and use a "one-base encoding" version, as well as a "two-base encoding" version, of the SOLiD technology, commencing in 2005 and up to at least April 2006. AB acquired APG in July 2006 in order to then commercialize some version of the SOLiD System.

## III.  ARGUMENT

The patent damages in this case are based upon reasonable royalty damages. Reasonable royalty damages are determined on the basis of a hypothetical negotiation between a willing licensor and a willing licensee, in which it is assumed that the subject patents are valid and infringed. *See Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995). The relevant time frame for the negotiation would be "the time infringement commenced." *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1119 (Fed. Cir. 1996). Dr. Siuta has offered the opinion in this case that a first hypothetical negotiation would be conducted with APG by September 2005

for a technology access / developmental use license only, since APG was not a commercial entity. Dr. Siuta concludes that a second hypothetical negotiation would occur in July 2007 with AB for a commercial sales license. Of course, negotiations would be under the patent rubric of a willing licensor and a willing licensee such that both negotiations would result in a calculation of royalty damages.

The damages issues as between APG and AB are not identical. In such a situation, it is appropriate to separately assess patent damages for each infringement. *See Applied Medical Resources Corp. v. United States Surgical Corp.*, 435 F.3d 1356, 1361-63 (Fed. Cir. 2006) (Because the same company sold two different products commencing on different dates, the Federal Circuit affirmed the lower court's reliance upon two different hypothetical negotiations.). There is nothing unreasonable about postulating two separate hypothetical negotiations for APG's infringing activity and AB's.

## IV.  CONCLUSION

The Court should permit the jury to hear Dr. Siuta's testimony regarding the two hypothetical negotiations.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3**
**CASE NO. 07-CV-02845 WHA**

DATED: August 28, 2008

/s/ John R. Labbé
THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: tross@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com
E-Mail: mizraelewicz@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3**
**CASE NO. 07-CV-02845 WHA**

3