1  BRYAN WILSON (CA SBN 138842)
   ERIC C. PAI (CA SBN 247604)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792
   E-Mail: BWilson@mofo.com; EPai@mofo.com
5
   DAVID C. DOYLE (CA SBN 70690)
6  STEVEN E. COMER (CA SBN 154384)
   BRIAN M. KRAMER (CA SBN 212107)
7  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
8  San Diego, California  92130-2040
   Telephone: 858.720.5100
9  Facsimile: 858.720.5125
   E-Mail: DDoyle@mofo.com; SComer@mofo.com;
10 BMKramer@mofo.com

11 Attorneys for Plaintiff
   APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                SAN FRANCISCO DIVISION

16

17 APPLERA CORPORATION – APPLIED          Case No.   C07 02845 WHA
   BIOSYSTEMS GROUP, a Delaware corporation,
18                                         **APPLERA CORPORATION –**
                   Plaintiff,              **APPLIED BIOSYSTEMS**
19                                         **GROUP'S CASE-IN-CHIEF**
            v.                             **WITNESS LIST**
20
   ILLUMINA, INC., a Delaware corporation,  Trial Date: September 29, 2008
21 SOLEXA, INC., a Delaware corporation, and Time:       7:30 a.m.
   STEPHEN C. MACEVICZ, an individual,      Place:      Courtroom 9, 19th Floor
22                                          Judge:      William H. Alsup
                   Defendants.
23

24

25

26

27

28

1    Plaintiff Applera Corporation – Applied Biosystems Group ("AB") submits the following

2    list of witnesses for trial.  AB submits this list based on its understanding of the Court's order

3    granting in part AB's motion for summary judgment and denying Solexa's motion for partial

4    summary judgment (Docket No. 232).  However, since Solexa has filed a motion for clarification

5    and reconsideration of that order, AB reserves the right to amend this list in response to additional

6    orders of the Court.

7    The witnesses AB expects to call in its case in chief are listed below.  In addition to the

8    summary descriptions below, each witness will testify about their own background, and the

9    foundation for their testimony.

10   **I.    AB'S WITNESS LIST FOR ITS CASE-IN-CHIEF ON PHASE I OF TRIAL**

11   **A.    Scott Bortner**

12   Dr. Bortner is a patent prosecution attorney with AB.  He may be called to testify about

13   how and when AB discovered its claims against Defendants with respect to the patents at issue,

14   and the circumstances under which AB did patent searches.  Dr. Bortner's testimony will not be

15   cumulative because he will describe work he did himself.

16   **B.    Alan Cox**

17   Dr. Cox is an economist with NERA, and will testify about damages. He is the primary

18   witness who will testify about AB's damages.  Foundational matters to support Dr. Cox's

19   opinions may be offered by other witnesses if these matters are disputed.

20   **C.    Jay Flatley**

21   Mr. Flatley is the President and CEO of Illumina.  AB expects to call Mr. Flatley as an

22   adverse witness to testify about Illumina's evaluation of the patents at issue in this case,

23   Illumina's attempted acquisition of Agencourt Personal Genomics, and Illumina's knowledge of

24   Dr. Macevicz's obligation to assign the patents to AB.  This testimony will be non-cumulative

25   because it involves Mr. Flatley's knowledge and communications as the President of Illumina.

26   **D.    Steven Fung**

27   Dr. Fung is a recently retired AB scientist.  He will testify about AB's business, his work

28   at AB including patents on which he was an inventor, Dr. Macevicz and the circumstances under

1  which he signed Dr. Macevicz's lab notebook. Dr. Fung's testimony is non-cumulative because

2  he is one of the persons at AB having the most contact with Dr. Macevicz.

3           **E.    Paul Grossman**

4           Dr. Grossman is a former scientist, attorney, and executive of AB.  He will testify about

5  the evolution of AB and its technology, the work that he did at AB, Dr. Macevicz, the

6  circumstances under which he signed Dr. Macevicz's lab notebook, AB's lack of knowledge that

7  Dr. Macevicz applied for the patents at issue, the circumstances under which he learned of Dr.

8  Macevicz's misappropriation of the patents at issue in the case, and the extent of AB's patent

9  searching.   Dr. Grossman has personal knowledge of these matters that makes his testimony non-

10 cumulative.

11          **F.    Michael Hunkapiller**

12          Dr. Hunkapiller is a former President of AB.  He will testify about the scope of AB's

13 business, AB's discussions with Dr. Macevicz about technology developed by Dr. Macevicz other

14 than the patents at issue in this case, and his lack of knowledge of the patents at issue in this case.

15 Dr. Hunkapiller's testimony is not cumulative because he was the senior executive at AB during

16 the relevant time period, and made decisions about which other witnesses do not have personal

17 knowledge.

18          **G.    James Kitch**

19          Mr. Kitch is a Cooley Godward attorney who was corporate counsel to AB and Lynx.  He

20 will testify about whether Lynx paid value to Dr. Macevicz for the patents that Dr. Macevicz

21 assigned to Lynx.  Mr. Kitch's testimony is non-cumulative because he was outside corporate

22 counsel to both AB and Lynx.

23          **H.    Stephen Macevicz**

24          AB expects to call Dr. Macevicz as an adverse witness to testify about his inventions, his

25 work history, his obligations to AB, his communications with AB about the patents at issue in the

26 case, and other related matters.  Dr. Macevicz is a defendant and his testimony will not be

27 cumulative.

28

### I.     Michael Metzker

Dr. Metzker is an expert witness for AB. AB expects to call Dr. Metzker to provide background information about the technology at issue in the case. As the only technical expert, his testimony will not be cumulative.

### J.     Frank Oaks

Dr. Oaks is a former long-term AB employee who now works for Illumina. AB expects to call Dr. Oaks to testify about the scope of AB's business, AB's lack of knowledge of the patents at issue in the case, and AB's interest in the technology that is the subject of the patents at issue in the case. Dr. Oaks' testimony is non-cumulative because of his positions at both AB and Illumina.

### K.     Vince Powers

Dr. Powers is a patent attorney who has prosecuted patents for AB and for Lynx, and is a former AB employee. Dr. Powers will testify about his prosecution of the patents at issue in the case, his lack of knowledge of any obligation of Dr. Macevicz to assign the patents to AB, that he did not tell anyone at AB about the patents at issue while he was employed at AB, and that he did not have the patents at issue in mind when he was employed at AB. Dr. Powers' testimony is not cumulative because Illumina contends that he had knowledge which should be imputed to AB, which is a central issue in the case.

### L.     Kathy San Roman

Ms. San Roman is an Illumina employee and former AB employee, who was director of human resources for Lynx. AB expects to call Ms. San Roman as an adverse witness to testify regarding stock options granted to Dr. Macevicz, and AB's and Lynx's invention assignment agreements. Ms. San Roman's testimony is non-cumulative, as she is Illumina's corporate designee on these topics.

### M.     John West

Mr. West is the former CEO of Solexa and a former AB employee. AB expects to call Mr. West to testify about AB's lack of knowledge of the patents at issue in the case, Solexa's knowledge of Dr. Macevicz's obligation to assign the patents AB, and Solexa's valuation of the

1  patents.  Mr. West's testimony is non-cumulative because he was designated by Illumina to be its

2  corporate designee on some of these topics.

3          **N.       Shaf Yousaf**

4      Mr. Yousaf is an AB vice-president.  He may be called to testify about AB's background,

5  and about foundational facts as necessary to support the testimony of Dr. Cox.  Mr. Yousaf's

6  testimony will be brief and non-cumulative.

7

8  **II.     AB'S WITNESS LIST FOR ITS CASE-IN-CHIEF ON PHASE II OF TRIAL**

9          **A.       Keith Backman**

10     Dr. Keith Backman has been designated as an expert witness for Illumina.  AB intends to

11 call him to testify in person, if available, or by videotaped deposition to address his construction

12 of claim 1 of the '597 patent and his arguments regarding why it is not anticipated by the

13 references cited by AB.  His testimony is not expected to cumulative of any other witness.

14         **B.       Alan Blanchard**

15     Dr. Alan Blanchard is an inventor of the SOLiD System and is expected to testify

16 regarding the conception and development of the system and of the prototypes, including the one-

17 base encoding prototype.  His testimony is expected to include conception and development of

18 the ligation strategy and phosphorothiolate linkage, two-base encoding, and the state of

19 development of the system as of the running of the one-base prototype, including the software

20 programming and the work required to develop the software for two-base encoding.  His

21 testimony is expected to be based on his own activities and tailored to avoid being substantially

22 cumulative of the testimony of Gina Costa and Kevin McKernan.

23         **C.       Timothy Burcham**

24     Dr. Timothy Burcham is the leader of AB's Research and Development Group in Foster

25 City.  He may be called to testify if the need arises regarding the probe chemistry, other probe

26 configurations with which AB has experimented, and the details of how the probes function in the

27 SOLiD System.  His testimony is not expected to be cumulative, but to fill in any gaps in the

28 evidence relating to the probes.

**D.**    **Scott Chambers**

Dr. Chambers worked at the United States Patent and Trademark Office between 1988 and 1999, starting as a Patent Examiner in the biotechnology group and ending as an Associate Solicitor.  Dr. Chambers is currently the Chair of the Intellectual Property section at Patton Boggs LLP, where he is a counselor to life sciences companies.

Dr. Chambers is expected to testify about the opinions in his expert report including Patent Office practice and procedure.  He is also expected to testify about the materiality of AB's allegations that Dr. Macevicz (1) misrepresented his status as a "small entity," (2) failed to disclose his obligations to assign his invention to AB, and (3) failed to disclose the Whiteley and Landegren references to the Patent and Trademark Office during prosecution.  Dr. Chambers is also expected to provide opinion testimony about the "objective recklessness" or lack thereof regarding Illumina's claim that the infringement in this case was willful.  As the only patent office expert, his testimony will not be cumulative.

**E.**    **Gina Costa**

Dr. Gina Costa is the Director of Research and Development Projects for SOLiD System Sequencing in Beverly, Massachusetts.  She is expected to testify regarding the origin of Agencourt Personal Genomics and its development of the SOLiD System and its prototypes, the purpose, results, details, and chemistry involved in running the one-base prototype and the SOLiD System, the purpose, use, and advantages of the phosphorothiolate linkage, and the experimentations with other probe chemistries.  She is also expected to testify about Agencourt Personal Genomics and its grant proposals and supplemental funding requests, experiments and prototypes run in relation to the proposals and requests (including the details of the cycles, rounds, and targets), and the results of those runs, experiments, proposals and requests.  She is also expected to testify regarding alternatives available other than the one-base prototype.  Her testimony is expected to tailored to avoid being substantially cumulative of the testimony of Alan Blanchard and Kevin McKernan.

### F.    Alan Cox

Dr. Cox is an economist with NERA and an expert witness.  AB expects to call him, if necessary, to rebut testimony or evidence offered by Illumina regarding damages.  Foundational matters to support Dr. Cox's opinions may be offered by other witnesses if these matters are disputed.  As the only damages expert, his testimony will not be cumulative.

### G.    Michael Hunkapiller

Dr. Michael Hunkapiller is expected to testify regarding the details of his invention described in the Whiteley patent and his contributions to and development of that invention.  As the only inventor of the Whiteley patent to be called to testify, his testimony will not be cumulative.

### H.    Samuel Kirchner

Samuel Kirchner is expected to testify, if needed, regarding finance issues relating to the probes used in connection with the SOLiD System.  His testimony is expected to be limited to particular finance issues and non-cumulative.

### I.    Stephen Macevicz

Dr. Stephen Macevicz is a defendant in this action and the named inventor on the asserted patents.  AB expects to call him, if necessary, to testify as to his purported diligence in constructively reducing his claimed invention to practice, his knowledge of the prior art, and his knowledge regarding use of phosphoramidate, phosphorothioate, phosphorothiolate probe linkages.  As the only named inventor on the asserted patents, his testimony is expected to be non-cumulative.

### J.    Kevin McKernan

Kevin McKernan is Director of Scientific Operations for SOLiD System Sequencing.  AB expects to call him to testify regarding the founding of Agencourt, the company finances and operating budget, revenues, and business strategy, the sale of the company, the competing bids for the company by Illumina and AB and discussions with Illumina regarding the Macevicz patents, discovery, knowledge, and assessment of the Macevicz patents, Macevicz's use of phosphorothioate as noncleavable linkage, the good faith basis for believing that AGP was not

1    infringing the Macevicz patents, the lack of willful infringement, the conception of the invention

2    that led to the SOLiD System, the purpose, use, and advantages of phosphorothiolate linkages,

3    why those linkages were chosen over other linkages, including phosphoramidates, the cleavage

4    conditions, the purpose of the one-base prototype, Illumina's assertion that APG would have been

5    willing to pay $15 million to Illumina, the availability of noninfringing alternatives, including the

6    two-base system, and the revenues and benefits derived from the one-base prototype.  His

7    testimony is expected to be focused on business issues and the choice of the phosphorothiolate

8    linkage and is therefore expected to be minimally cumulative of the testimony of Alan Blanchard

9    and Gina Costa.  However, given that the three people have worked together on these complex

10   projects, some degree of overlap is likely.

### K.    Steve Menchen

12   Dr. Steve Menchen works in AB's Chemistry group and may be called to testify if the

13   need arises regarding the details of the probe design, structure, chemistry, manufacture, supply of

14   phosphorothiolate linkage, and cleavage chemicals and conditions.  His testimony is not expected

15   to be cumulative, but to fill in any gaps in the evidence relating to the probes.

### L.    Michael Metzker

17   Dr. Michael Metzker is an expert witness.  He is expected to testify regarding

18   noninfringement and invalidity of the asserted claims of the Macevicz patents.

19   Dr. Metzker will provide a tutorial regarding the structure of nucleotides and DNA, as

20   well as Sanger sequencing, the evolution of sequencing techniques, and the inventions described

21   and claimed in the Macevicz patents.

22   Dr. Metzker will also offer testimony on every topic concerning the '119 patent as set out

23   in his Expert Report on infringement.  For example, Dr. Metzker will testify regarding

24   noninfringement of claim 1 of the '119 patent by the probes used in the one-base prototype and

25   the SOLiD System, as set out in his Expert Report.  He is expected to testify concerning the

26   limitations found in claim 1 of the '119 patent and how the claim is not infringed by the AB or

27   APG probes.  He is expected to testify that the probes do not infringe claim 1 of the '119 patent

28   literally or under the doctrine of equivalents.  He is expected to testify that phosphorothiolate

1  linkage used by AB and APG are substantially different from the phosphoramidate probes

2  claimed in claim 1 of the '119 patents.  He is expected to testify regarding the function, way, and

3  result of the claimed invention compared to the accused probes, including the difference in the

4  physical, chemical, atomic, nature of the linkages, the purpose of the linkages, and the conditions

5  under which they are used and cleaved.

6      Dr. Metzker will also testify with regard to all topics concerning the infringement of the

7  asserted claims of the '597 patent by the one-base prototype as set out in his Expert Report on

8  noninfringement.  Dr. Metzker is expected to testify that the asserted claim of the '597 patent is

9  not infringed by satisfied by the one-base-encoding version of the SOLiD System, either literally

10  or under the doctrine of equivalents.

11     Dr. Metzker is also expected to testify regarding invalidity of the asserted claims of all

12  three Macevicz patents, including anticipation and obviousness of the claimed inventions, as set

13  forth in his expert report.

14     Dr. Metzker is expected to testify concerning what is taught by the prior art references

15  relevant to inequitable conduct, as set forth in his expert report.

16     Dr. Metzker is also expected to rebut the testimony of Illumina's experts on the foregoing

17  topics.  As the only technical expert on infringement issues, his testimony is expected to be non-

18  cumulative.  AB expects to avoid overlap in testimony on invalidity with its other expert, Ross

19  Sibson.

20          **M.    Charles Moehle**

21     Charles Moehle is knowledgeable about AB's licensing practices and may be called to

22  testify, if necessary, regarding patent royalty rates paid and received by AB for similar

23  technologies.  As the only AB licensing witness, his testimony will not be cumulative

24          **N.    Steve Moore**

25     Steve Moore works in AB's Consumable Pilot Manufacturing group and may be called to

26  testify if the need arises regarding the probes purchased by AB for the SOLiD System, including

27  the probe chemistry and the amounts paid for the probes and their components.  His testimony is

28  not expected to be cumulative, but to fill in any gaps in the evidence relating to the probes.

1

### O.    Kathy Perry

2    Dr. Kathy Perry works in AB's Molecular Biology group and may be called to testify if

3    the need arises regarding the details of the probe chemistry, including the phosphorothiolate

4    linkage, cleavage conditions, and other linkages chemistries that AB has tried.  Her testimony is

5    not expected to be cumulative, but to fill in any gaps in the evidence relating to the probes.

6

### P.    John Quackenbush

7    Dr. Quackenbush is Illumina's expert witness.  AB intends to call him in person if

8    available or by videotaped deposition to address the construction of the '597 patent and his

9    arguments regarding why it is not anticipated by the Whiteley patent.  To the extent that his

10    construction is duplicative of Dr. Backman's testimony, AB may seek to offer the relevant pages

11    of Dr. Quackenbush's expert report and/or deposition.  His testimony is expected to be focused

12    and minimally cumulative with that of Illumina's other expert witness, Keith Backman.

13

### Q.    Edward Salay

14    Edward Salay is knowledgeable about AB's finances and may be called to testify, if

15    necessary, regarding damages issues.  His testimony is expected to be limited to particular finance

16    issues and non-cumulative.

17

### R.    Ross Sibson

18    Dr. Ross Sibson is an expert witness.  Dr. Sibson is also expected to testify regarding

19    invalidity of the asserted claims of all three Macevicz patents, including anticipation and

20    obviousness of the claimed inventions, and the teachings of Dr. Sibson's own inventions, as set

21    forth in his expert report.  Dr. Sibson is also expected to rebut the testimony of Illumina's experts

22    on the foregoing topics.  His testimony is expected to be limited to invalidity issues and non-

23    cumulative of Michael Metzker's testimony.

24

### S.    Carla Wike

25    Carla Wike is knowledgeable about AB's marketing and sales practices and may be called

26    to testify, if necessary, regarding damages issues, alleged inducement, and communications with

27    customers.  Her testimony is expected to be limited to sales and marketing issues and non-

28    cumulative.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### T.    Shaf Yousaf

Shaf Yousaf is a Division President of Applied Biosystems and is knowledgeable about the overall SOLiD System project and may be called to testify, if necessary, regarding damages issues and alleged inducement.  His testimony is expected to be limited to filling in any missing testimony and on the overall SOLiD System and project, as necessary, and therefore non-cumulative.