1    BRYAN WILSON (CA SBN 138842)
     ERIC C. PAI (CA SBN 247604)
2    MORRISON & FOERSTER LLP
     755 Page Mill Road
3    Palo Alto, California 94304-1018
     Telephone: 650.813.5600
4    Facsimile: 650.494.0792
     E-Mail: BWilson@mofo.com;
5    EPai@mofo.com

6    DAVID C. DOYLE (CA SBN 70690)
     STEVEN E. COMER (CA SBN 154384)
7    BRIAN M. KRAMER (CA SBN 212107)
     MORRISON & FOERSTER LLP
8    12531 High Bluff Drive, Suite 100
     San Diego, California 92130-2040
9    Telephone: 858.720.5100
     Facsimile: 858.720.5125
10   E-Mail: DDoyle@mofo.com;
             SComer@mofo.com;
11           BMKramer@mofo.com

12   Attorneys for Plaintiff
     APPLERA CORPORATION – APPLIED
13   BIOSYSTEMS GROUP

     KEVIN M. FLOWERS (*pro hac vice*)
     THOMAS I. ROSS (*pro hac vice*)
     JEFFREY H. DEAN (*pro hac vice*)
     JOHN R. LABBÉ (*pro hac vice*)
     CULLEN N. PENDLETON (*pro hac vice*)
     MARK H. IZRAELEWICZ (*pro hac vice*)
     MARSHALL, GERSTEIN & BORUN LLP
     6300 Sears Tower
     233 South Wacker Drive
     Chicago, IL 60606-6357
     Telephone: 312.474.6300
     Facsimile: 312.474.0448
     Email: kflowers@marshallip.com
            tross@marshallip.com
            jdean@marshallip.com
            jlabbe@marshallip.com
            cpendleton@marshallip.com
            mizraelewicz@marshallip.com

     Attorneys for Defendants
     ILLUMINA, INC., SOLEXA, INC., AND
     STEPHEN C. MACEVICZ

14

15

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                       SAN FRANCISCO DIVISION

19

20   APPLERA CORPORATION – APPLIED              Case No.   C07 02845 WHA
     BIOSYSTEMS GROUP, a Delaware corporation,
21                                              **JOINT PROPOSED JURY**
                    Plaintiff,                  **INSTRUCTIONS FOR PHASE I OF**
22                                              **TRIAL**
             v.
23                                              Trial Date: September 29, 2008
     ILLUMINA, INC., a Delaware corporation,    Time:       2:00 p.m.
24   SOLEXA, INC., a Delaware corporation, and  Place:      Courtroom 9, 19th Floor
     STEPHEN C. MACEVICZ, an individual,        Judge:      William H. Alsup
25                                              Trial Date: September 29, 2008
                    Defendants.
26

27

28

                                                                              1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases, the parties hereby submit  their proposed Jury Instructions for Phase I – Ownership attached as Exhibit A.

Dated:  August 29, 2008          MORRISON & FOERSTER LLP


By:    /s/ Eric C. Pai
          Eric C. Pai

Attorneys for Plaintiff
APPLERA CORPORATION -
APPLIED BIOSYSTEMS GROUP

Dated:  August 29, 2008          MARSHALL GERSTEIN & BORUN LLP


By:    /S/ John R. Labbè
          JOHN R. LABBÈ
Attorneys for Defendants
ILLUMINA, INC., SOLEXA, INC.
AND STEPHEN C. MACEVICZ


I, Steven E. Comer, am the ECF User whose ID and password are being used to file this JOINT SUBMISSION OF PROPOSED JURY INSTRUCTIONS FOR PHASE I - OWNERSHIP.  In compliance with General Order 45, X.B., I hereby attest that ERIC C. PAI and JOHN R. LABBÉ have concurred in this filing.


Dated:  August 29, 2008          /s/ Steven E. Comer
                                      Steven E. Comer

2

**STIPULATED INSTRUCTION NO. 1: STATEMENT OF THE CASE**

Plaintiff Applied Biosystems, Inc. (or "AB") is suing defendants Illumina, Inc.,

Solexa, Inc., and Stephen C. Macevicz (or collectively, "Defendants") over the ownership of

three patents applied for by Dr. Macevicz. He assigned these patents to Lynx Therapeutics, Inc.

(or "Lynx") before it was acquired by Solexa, which is now a part of Illumina. At this time, all

of the assets of Lynx and Solexa belong to Illumina. For these instructions, Illumina will refer to

both Illumina and Solexa.

AB's claims against Defendants are based on allegations of breach of contract,

interference with contract, breach of fiduciary duty, constructive fraud, and conversion. AB

alleges specifically that Dr. Macevicz entered into an Employee Invention Agreement (or

"Invention Agreement") with AB when he worked for AB. AB further alleges that Dr. Macevicz

applied for patents on inventions while he was employed by AB as its Chief Patent Counsel that

he was obligated to disclose and assign to AB under the terms of his Invention Agreement. AB

contends that Dr. Macevicz did not disclose or assign these patents to AB. Dr. Macevicz left

AB, went to work at Lynx, and assigned the patents to Lynx when he did so.

Defendants contend that Dr. Macevicz did not have an obligation to assign these patented

inventions to AB under the terms of the Invention Agreement. Defendants also contend that

AB's lawsuit was not filed within the time set by law and is therefore barred by the statute of

limitations. Illumina further contends that even if Dr. Macevicz breached his Invention

Agreement with AB, Illumina was a bona fide purchaser for value.


Authority:        Docket

**STIPULATED INSTRUCTION NO. 2: BURDEN OF PROOF AND PREPONDERANCE OF THE EVIDENCE**

AB has the burden of proving by a preponderance of the evidence all of the facts necessary to establish the essential elements of each separate claim.  The essential elements of each separate claim are set forth elsewhere in these instructions.  In addition to these essential elements, AB has the burden of proving by a preponderance of the evidence all of the facts necessary to establish the nature and extent of the damages claimed to have been suffered, the elements of AB's damage, and the amount thereof.

Likewise, Defendants have the burden of proving by a preponderance of the evidence all of the facts necessary to establish the essential elements of their affirmative defenses.  The essential elements of each separate affirmative defense are also set forth below in these instructions.

"Preponderance of the evidence" means evidence that has more convincing force than that opposed to it.  If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue is more convincing, your finding on that issue must be against the party who had the burden of proving it.

You should consider all of the evidence bearing upon every issue regardless of who produced it.  You should also remember that arguments made by the attorneys do not qualify as evidence.


Authority:        BAJI 2.60 (Spring 2008).

**STIPULATED INSTRUCTION NO. 3: BREACH OF CONTRACT—INTRODUCTION**

AB alleges ~~claims~~ that AB and Dr. Macevicz entered into an Invention Agreement in which Dr. Macevicz promised to disclose to AB any inventions that he might make while employed with AB, and to assign those inventions to AB unless Dr. Macevicz could prove that they fell within certain exceptions provided by the Invention Agreement.

AB further alleges ~~claims~~ that Dr. Macevicz breached the terms of the Invention Agreement by failing to fully disclose his inventions to AB pursuant to Paragraphs 2 and 7 of the Invention Agreement; failing to provide to AB in writing all evidence necessary to substantiate his belief that the inventions fell within the exceptions provided by the Invention Agreement; applying for patents on the inventions under his own name; and assigning the inventions, applications, and patents to Lynx instead of AB.

Dr. Macevicz admits that he did not give AB written notice of any of the inventions at issue in this case while he was employed by AB, but Dr. Macevicz denies that he breached the assignment requirement of the Invention Agreement on the ground that his inventions fell within the exceptions to the assignment obligation under the agreement.


Authority:        CACI 300 (February 2008); Employee Invention Agreement.

**STIPULATED INSTRUCTION NO. 4: BREACH OF CONTRACT—THE INVENTION AGREEMENT**

To ~~recover damages from~~ <u>succeed on its breach of contract claim against</u> Dr. Macevicz, AB must <u>have proven that</u> ~~prove all of the following~~:

 (1) AB and Dr. Macevicz entered into an Invention Agreement;

 (2) AB did all, or substantially all, of the significant things that the Invention Agreement required it to do;

 (3) <u>Dr. Macevicz conceived of and developed his inventions during the time he was employed by AB</u>;

 (4) Dr. Macevicz failed to do what the Invention Agreement required him to do; and

 (5) AB was harmed by that failure.

Authority: CACI 303 (February 2008).

4

**STIPULATED INSTRUCTION NO. 5: BREACH OF CONTRACT—THE INVENTION AGREEMENT—BREACH OF OBLIGATION TO NOTIFY AB OF INVENTIONS**

Paragraph 7 of the Invention Agreement required Dr. Macevicz to notify AB in writing about his inventions even if he believed that he was not required to assign them to AB pursuant to paragraph 2 of the Invention Agreement. You must find that Dr. Macevicz breached the Invention Agreement if AB has proven that Dr. Macevicz did not advise AB promptly in writing of any inventions that he believed met the exception criteria. You must also find that Dr. Macevicz breached the Invention Agreement if AB has proven that Dr. Macevicz did not provide to AB in writing all evidence necessary to substantiate his belief.

Authority:        Employee Invention Agreement ¶ 7.

**DISPUTED INSTRUCTION NO. 6 (OFFERED BY AB): BREACH OF CONTRACT—THE INVENTION AGREEMENT—BREACH OF OBLIGATION TO ASSIGN INVENTIONS TO AB**

Paragraph 2 of the Invention Agreement requires Dr. Macevicz to assign his inventions to AB unless Dr. Macevicz has proven that:

(a)    The inventions were developed entirely on Dr. Macevicz's own time, and

(b)    No equipment, supplies, facility, or trade secret of AB was used in the development of the inventions, and

(c)    (i) The inventions do not relate to AB's business or actual or demonstrably anticipated research or development, or (ii) the inventions did not result from any work performed by Dr. Macevicz for AB.

If you find that Dr. Macevicz has not proven that his inventions met these criteria, then you must find that Dr. Macevicz breached the Invention Agreement by failing to assign his inventions to AB.

Authority:    Employee Invention Agreement ¶ 2.

**DISPUTED INSTRUCTION NO. 6 (OFFERED BY DEFENDANTS): BREACH OF CONTRACT—THE INVENTION AGREEMENT—BREACH OF OBLIGATION TO ASSIGN INVENTIONS TO AB**

Paragraph 2 of the Invention Agreement requires Dr. Macevicz to assign his inventions to AB unless Dr. Macevicz has proven that:

(a)     The inventions were developed entirely on Dr. Macevicz's own time, and

(b)     No equipment, supplies, facility, or trade secret of AB was used in the development of the inventions, and

(c)     (i) The inventions do not relate to AB's business or actual or demonstrably anticipated research or development, or (ii) the inventions did not result from any work performed by Dr. Macevicz for AB.

Dr. Macevicz denies that he breached Paragraph 2 of the Invention Agreement because (a) he developed his invention entirely on his own time; (b) he did not use any equipment, supplies, facility, or trade secret of AB in the development of his invention; and (c) either (i) the invention did not relate to AB's business or actual or demonstrably anticipated research or development, or (ii) the invention did not result from any work performed by Dr. Macevicz for AB.

Authority:      Employee Invention Agreement ¶ 2.

pa-1279703

**DISPUTED INSTRUCTION NO. 7 (OFFERED BY AB): BREACH OF CONTRACT—THE INVENTION AGREEMENT— BREACH OF OBLIGATION TO ASSIGN INVENTIONS TO AB —CALIFORNIA LABOR CODE § 2870**

Paragraph 7 of the Invention Agreement refers to California Labor Code § 2870.  To show that the assignment provisions of the Invention Agreement did not apply to his inventions, Dr. Macevicz must have proven that his inventions:

(1)     Were developed entirely on Dr. Macevicz's own time without using AB's equipment, supplies, facilities, or trade secret information; and

(2)     Did not relate at the time of conception or reduction to practice to AB's business, or actual or demonstrably anticipated research or development; and

(3)     Did not result from any work performed by Dr. Macevicz for AB.

If you find that Dr. Macevicz has proven that his inventions met these criteria, then you must find that Dr. Macevicz did not breach the assignment obligation of the Invention Agreement.

Authority:     Lab. Code § 2870 (2006); Employee Invention Agreement ¶ 7.

8

**DISPUTED INSTRUCTION NO. 7 (OFFERED BY DEFENDANTS): BREACH OF CONTRACT—THE INVENTION AGREEMENT— BREACH OF OBLIGATION TO ASSIGN INVENTIONS TO AB — CALIFORNIA LABOR CODE § 2870**

Defendants contend that this instruction should not be given.

**STIPULATED INSTRUCTION NO. 8: INTERFERENCE WITH CONTRACT—ELEMENTS**

AB claims that Illumina intentionally caused Dr. Macevicz to breach the Invention Agreement with AB.  Illumina, as you will recall, includes both Lynx as well as Solexa.

To succeed on establish this claim, AB must have proven prove all of the following:

(1)     There was an Invention Agreement between AB and Dr. Macevicz;

(2)     Illumina knew of the Invention Agreement;

(3)     Illumina intended to cause Dr. Macevicz to breach the Invention Agreement;

(4)     Illumina's conduct caused Dr. Macevicz to breach the Invention Agreement;

(5)     AB was harmed; and

(6)     Illumina's conduct was a substantial factor in causing AB's harm.

Authority:        CACI 2200 (February 2008).

**STIPULATED INSTRUCTION NO. 9: INTERFERENCE WITH CONTRACT—INTENT**

In deciding whether Illumina acted intentionally, you may consider whether Illumina knew that a breach was substantially certain to result from its conduct.

Authority:          CACI 2203 (February 2008).

11

**STIPULATED INSTRUCTION NO. 10: BREACH OF FIDUCIARY DUTY (AGAINST**

**DR. MACEVICZ)—INTRODUCTION**

AB claims that Dr. Macevicz breached his fiduciary duty to AB.

Dr. Macevicz owed AB fiduciary duties. Dr. Macevicz's fiduciary duties required him to act with the utmost good faith in the best interests of AB. Dr. Macevicz owed AB his undivided loyalty, and was obligated not to knowingly act against AB's interests, or act on behalf of any party whose interests were adverse to AB, or take advantage of his acts relating to the interests of AB, without AB's knowledge or consent. Dr. Macevicz denies that he breached his fiduciary duty to AB.

Authority:        *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 29, (2003); *Eisenbaum v. W. Energy Res., Inc.*, 218 Cal. App. 3d 314, 322 (1990); *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 189 (1971).

**DISPUTED INSTRUCTION NO. 11 (OFFERED BY AB): BREACH OF FIDUCIARY DUTY (AGAINST DR. MACEVICZ)—DUTY OF UNDIVIDED LOYALTY—ELEMENTS**

AB claims that it was harmed by Dr. Macevicz's breach of <u>his fiduciary duty to AB</u> ~~the fiduciary duty of loyalty~~.

To <u>succeed on</u> ~~establish~~ this claim, AB must <u>have proven</u> ~~prove~~ all of the following:

(1)    Dr. Macevicz was AB's fiduciary;

(2)    Dr. Macevicz knowingly acted against AB's interests, acted on behalf of any party whose interests were adverse to AB, or took advantage of his acts relating to the interests of AB;

(3)    AB did not give written informed consent to Dr. Macevicz's conduct;

(4)    AB was harmed; and

(5)    Dr. Macevicz's conduct was a substantial factor in causing AB's harm.

Authority:    CACI 4102 (February 2008); *Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 416 (2007).

**DISPUTED INSTRUCTION NO. 11 (OFFERED BY DEFENDANTS): BREACH OF FIDUCIARY DUTY**

**(AGAINST DR. MACEVICZ)—DUTY OF UNDIVIDED LOYALTY—ELEMENTS**

AB claims that it was harmed by Dr. Macevicz's breach of <u>his fiduciary duty to AB</u> ~~the fiduciary duty of loyalty~~.

To <u>succeed on</u> ~~establish~~ this claim, AB must <u>have proven</u> ~~prove~~ all of the following:

    (1)    Dr. Macevicz was AB's fiduciary;

    (2)    Dr. Macevicz knowingly acted against AB's interests, acted on behalf of any party whose interests were adverse to AB, or took advantage of his acts relating to the interests of AB;

    (3)    AB did not give written informed consent to Dr. Macevicz's conduct;

    (4)    AB was harmed; and

    (5)    Dr. Macevicz's conduct was a substantial factor in causing AB's harm.

<u>Dr. Macevicz denies that he breached his fiduciary duty to AB, denies that AB suffered any harm, and denies that his conduct was a substantial factor in causing harm.</u>

Authority:      CACI 4102 (February 2008); *Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 416 (2007).

**DISPUTED INSTRUCTION NO. 12 (OFFERED BY AB): AIDING AND ABETTING BREACH OF FIDUCIARY DUTY (AGAINST ILLUMINA/SOLEXA)—ELEMENTS**

AB claims that it was harmed by Dr. Macevicz's breach of fiduciary duty and that Illumina is responsible for the harm because it aided and abetted Dr. Macevicz in committing the breach of fiduciary duty.

If you find that Dr. Macevicz committed a breach of fiduciary duty that harmed AB, then you must determine whether Illumina is also responsible for the harm. Illumina is responsible as an aider and abetter if AB proves all of the following:

1. That Illumina knew that a breach of fiduciary duty was being committed by Dr. Macevicz against AB;

2. That Illumina gave substantial assistance or encouragement to Dr. Macevicz; and

3. That Illumina's conduct was a substantial factor in causing harm to AB.

Mere knowledge that a breach of fiduciary duty was being committed and the failure to prevent it do not constitute aiding and abetting.


Authority:        CACI 3610 (April 2008).

**DISPUTED INSTRUCTION NO. 12 (OFFERED BY DEFENDANTS): AIDING AND ABETTING BREACH OF FIDUCIARY DUTY (AGAINST ILLUMINA/SOLEXA)—ELEMENTS**

AB claims that it was harmed by Dr. Macevicz's breach of fiduciary duty and that Illumina is responsible for the harm because it aided and abetted Dr. Macevicz in committing the breach of fiduciary duty.

If you find that Dr. Macevicz committed a breach of fiduciary duty that harmed AB, then you must determine whether Illumina is also responsible for the harm. Illumina is responsible as an aider and abetter if AB proves all of the following:

1. That Illumina knew that a breach of fiduciary duty was being committed by Dr. Macevicz against AB;

2. That Illumina gave substantial assistance or encouragement to Dr. Macevicz; and

3. That Illumina's conduct was a substantial factor in causing harm to AB.

Mere knowledge that a breach of fiduciary duty was being committed and the failure to prevent it do not constitute aiding and abetting.

Illumina denies that Dr. Macevicz breached a fiduciary duty, denies that it had any knowledge that Dr. Macevicz's conduct constituted any breach of fiduciary duty, further denies that it aided and abetted Dr. Macevicz in any breach of his fiduciary duty to AB, denies that AB was harmed, and denies that Illumina's conduct was a substantial factor in causing AB's harm.

Authority:          CACI 3610 (April 2008).

**DISPUTED INSTRUCTION NO. 13 (OFFERED BY AB): CONSTRUCTIVE FRAUD (CAL. CIV. CODE § 1573) (AGAINST DR. MACEVICZ)—ELEMENTS**

AB also seeks to recover damages from Dr. Macevicz for what the law calls "constructive fraud." "Constructive fraud" refers to acts, omissions, or concealments that amount to a breach of duty arising from a confidential or fiduciary relationship, such as that which exists between a corporate agent and his corporation, and a lawyer and his client (*i.e.*, Dr. Macevicz and AB). Unlike actual fraud, constructive fraud does not require that Dr. Macevicz actually intended to defraud AB.

To succeed on this claim, AB must have proven the following:

> (1)     Dr. Macevicz breached his fiduciary duty to AB <u>by misleading AB to its prejudice</u>
>
> (2)     AB suffered damages as a result of Dr. Macevicz's breach of duty.

As discussed above, AB does not need to establish actual fraud in order to recover for constructive fraud. Therefore, AB may recover for constructive fraud even if, for example, you find that no actual false statement was made by Dr. Macevicz and even if you find that Dr. Macevicz did not intend to mislead AB.

Authority:     3-19A Cal. Forms of Jury Instructions MB 1900A.05 (2008); Cal. Civ. Code § 1573; *Salahutdin v. Valley of Cal., Inc.*, 24 Cal. App. 4th 555, 562-563 (1994); *Byrum v. Brand*, 219 Cal. App. 3d 926, 938 (1990); *Barrett v. Bank of Am.*, 183 Cal. App. 3d 1362, 1368 (1986); *Byrum v. Brand*, 219 Cal. App. 3d 926, 938 (1990).

**DISPUTED INSTRUCTION NO. 13 (OFFERED BY DEFENDANTS): CONSTRUCTIVE FRAUD (CAL. CIV. CODE § 1573) (AGAINST DR. MACEVICZ)—ELEMENTS**

AB also seeks to recover damages from Dr. Macevicz for what the law calls "constructive fraud." Constructive fraud arises when one in a fiduciary relationship misleads another causing prejudice. AB does not need to establish actual fraud in order to recover for constructive fraud. Therefore, AB may recover for constructive fraud even if, for example, you find that no actual false statement was made by Dr. Macevicz and even if you find that Dr. Macevicz did not intend to mislead AB.

To succeed on this claim, AB must have proven the following:

(1)     Dr. Macevicz breached his fiduciary duty to AB by misleading AB to its prejudice

(2)     AB suffered damages as a result of Dr. Macevicz's breach of duty.

As discussed above, AB does not need to establish actual fraud in order to recover for constructive fraud. Therefore, AB may recover for constructive fraud even if, for example, you find that no actual false statement was made by Dr. Macevicz and even if you find that Dr. Macevicz did not intend to mislead AB.

Dr. Macevicz denies that his acts constitute constructive fraud and denies that AB suffered any damages resulting from any such constructive fraud.

Authority:     3-19A Cal. Forms of Jury Instructions MB 1900A.05 (2008); Cal. Civ. Code § 1573; *Salahutdin v. Valley of Cal., Inc.*, 24 Cal. App. 4th 555, 562-563 (1994); *Byrum v. Brand*, 219 Cal. App. 3d 926, 938 (1990); *Barrett v. Bank of Am.*, 183 Cal. App. 3d 1362, 1368 (1986); *Byrum v. Brand*, 219 Cal. App. 3d 926, 938 (1990).

18

**DISPUTED INSTRUCTION NO. 14 (OFFERED BY AB): CONSTRUCTIVE FRAUD (CAL. CIV. CODE § 1573) (AGAINST ILLUMINA/SOLEXA)—ELEMENTS**

AB claims that it was harmed by Dr. Macevicz's constructive fraud and that Illumina is responsible for the harm because it aided and abetted Dr. Macevicz in committing the constructive fraud.

If you find that Dr. Macevicz committed a constructive fraud that harmed AB, then you must determine whether Illumina is also responsible for the harm.  To succeed on this claim, AB must have proven all of the following:

1. That Illumina knew constructive fraud was being committed by Dr. Macevicz against AB;

2. That Illumina gave substantial assistance or encouragement to Dr. Macevicz; and

3. That Illumina's conduct was a substantial factor in causing harm to AB.

Mere knowledge that constructive fraud was being committed and the failure to prevent it do not constitute aiding and abetting.


Authority:          CACI 3610 (April 2008).

**DISPUTED INSTRUCTION NO. 14 (OFFERED BY DEFENDANTS): CONSTRUCTIVE FRAUD (CAL. CIV. CODE § 1573) (AGAINST ILLUMINA/SOLEXA)—ELEMENTS**

AB claims that it was harmed by Dr. Macevicz's constructive fraud and that Illumina is responsible for the harm because it aided and abetted Dr. Macevicz in committing the constructive fraud.

If you find that Dr. Macevicz committed a constructive fraud that harmed AB, then you must determine whether Illumina is also responsible for the harm.  To succeed on this claim, AB must have proven all of the following:

1. That Illumina knew constructive fraud was being committed by Dr. Macevicz against AB;

2. That Illumina gave substantial assistance or encouragement to Dr. Macevicz; and

3. That Illumina's conduct was a substantial factor in causing harm to AB.

Mere knowledge that constructive fraud was being committed and the failure to prevent it do not constitute aiding and abetting.

Illumina denies that Dr. Macevicz's acts constituted constructive fraud, denies that it had any knowledge that Dr. Macevicz's conduct constituted constructive fraud, and further denies that it aided and abetted Dr. Macevicz in any constructive fraud.


Authority:        CACI 3610 (April 2008).

**DISPUTED INSTRUCTION NO. 15 (OFFERED BY AB): CONVERSION**

AB claims that Defendants wrongfully exercised control over AB's personal property, namely the inventions, applications, and patents at issue in this case.

To ~~establish~~ succeed on this claim, AB must ~~prove~~ have proven all of the following:

    (1)    AB had a right to possess the inventions, applications, and patents that Dr. Macevicz failed to disclose and assign to AB;

    (2)    Defendants intentionally prevented AB from having access to the inventions, applications, and patents for a significant period of time;

    (3)    AB did not consent;

    (4)    AB was harmed; and

    (5)    Defendants' conduct was a substantial factor in causing AB's harm.

Authority:        CACI 2100 (February 2008).

**DISPUTED INSTRUCTION NO. 15 (OFFERED BY DEFENDANTS): CONVERSION**

AB claims that Defendants wrongfully exercised control over AB's personal property, namely the inventions, applications, and patents at issue in this case.

To succeed on this claim, AB must have proven all of the following:

(1) AB either owned or had possession of ~~had a right to possess~~ the inventions, applications, and patents that Dr. Macevicz failed to disclose and assign to AB;

(2) Defendants intentionally prevented AB from having access to the inventions, applications, and patents for a significant period of time;

(3) AB did not consent;

(4) AB was harmed; and

(5) Defendants' conduct was a substantial factor in causing AB's harm.

Authority:     CACI 2100 (February 2008); *Moore v. Regents of the Univ. of Cal.*, 793 P.2d 479, 488 (Cal. 1990) ("Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion." (quoting *Del E. Webb Corp. v. Structural Materials Co.*, 176 Cal. Rptr. 824, 833 (Cal. Ct. App. 1981)).

**STIPULATED INSTRUCTION NO. 16: AFFIRMATIVE DEFENSE—BONA FIDE PURCHASER (ILLUMINA/SOLEXA)**

Illumina claims as a defense that it was an innocent purchaser for value of Dr. Macevicz's patents without notice that Dr. Macevicz was not the rightful owner of the patents. To succeed on this defense, Illumina must have proven the following:

(1)     Illumina purchased the patents from Dr. Macevicz for value; and

(2)     Illumina did not know, and should not have known, that Dr. Macevicz was not the rightful owner of the patents.

If Illumina has proven both of these things, then you must find that Illumina was a bona fide purchaser for value of Dr. Macevicz's patents.

Authority:          3-21A California Forms of Jury Instructions MB 2100A.56 (2008); *Filmtec Corp. v. Allied-Signal, Inc.*, 939 F.2d 1568, 1573 (Fed. Cir. 1991).

pa-1279703

**DISPUTED INSTRUCTION NO. 17 (OFFERED BY DEFENDANTS): AFFIRMATIVE DEFENSE -**

**STATUTE OF LIMITATIONS – CLAIMS ARISING IN PERFORMANCE OF ATTORNEY SERVICES**

Defendant Macevicz contends that AB's lawsuit against him was not filed within the time set by law. AB's lawsuit was filed too late if Macevicz proves that his alleged wrongful act or omission occurred before December 26, 2002 unless AB proves that after December 26, 2002 Macevicz knowingly concealed the facts constituting the wrongful act or omission.

Authority:          CACI 611 (February 2008); Cal. Civ. Proc. Code § 340.6 (four-year statute of limitations); *Stoll v. Superior Court*, 12 Cal. Rptr. 2d 354, 357 (Cal. Ct. App. 1992) (applying section 340.6 to breach of fiduciary duty claim against an attorney); *Southland Mech. Constructors Corp. v. Nixen*, 173 Cal. Rptr. 917, 924 (Cal. Ct. App. 1981) (holding that section 340.6 applies to breach of contract claims against an attorney).

**DISPUTED INSTRUCTION NO. 17 (OFFERED BY AB): AFFIRMATIVE DEFENSE - STATUTE OF LIMITATIONS – CLAIMS ARISING IN PERFORMANCE OF ATTORNEY SERVICES**

AB contends that this instruction should not be given.

pa-1279703

**DISPUTED INSTRUCTION NO. 18 (OFFERED BY AB): AFFIRMATIVE DEFENSE—STATUTE OF LIMITATIONS**

Defendants contend that AB's lawsuit was not filed within the time set by law. To succeed on this defense, Defendants must have proven that the claimed harm for each of AB's claims occurred before the applicable date for that claim (listed below) unless AB has proven that before that date, AB did not know that the harm had occurred.

Different dates apply to each of AB's claims, so you should consider whether the statute of limitations applies separately for each claim. The applicable dates for this case are as follows:

Breach of Contract: before December 26, 2002.

Interference with Contract: before December 26, 2004.

Breach of Fiduciary Duty (against Dr. Macevicz): before May 31, 2003.

Breach of Fiduciary Duty (against Illumina/Solexa): before May 31, 2005.

Constructive Fraud: before May 31, 2004.

Conversion: before December 26, 2003.

In deciding whether AB knew that the claimed harm had occurred, you may attribute the knowledge of an AB employee to AB. In other words, you must determine whether an AB employee knew before the applicable date that the claimed harm had occurred. While the knowledge of an employee may be attributed to AB, it cannot be so attributed unless it is clearly shown that the employee, while acting within the scope of his authority for AB and in a transaction to which the information is material, had the information present in his mind.

Another limitation is that the knowledge of an AB employee may not be attributed to AB if it would be a violation of the employee's professional or ethical duties to communicate the knowledge to AB (see Instruction No. 19).

If you find that AB did not know that the claimed harm had occurred before the applicable date, then you must find that Defendants' statute of limitations defense fails.

Authority:        CACI 4120 (February 2008); *Wittenbrock v. Parker*, 102 Cal. 93, 103 (1894). *Hobart v. Hobart Estate Co.*, 26 Cal. 2d 412, 437-40 (1945); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905 RMW, 2007 U.S. Dist. LEXIS 84689, at *12-13 (N.D. Cal. Nov. 2, 2007); *I-Enterprise Co. LLC v. Draper Fisher Jurvetson Mgm't Co., LLC*, No. C-03-1561 MMC, 2005 U.S. Dist. LEXIS 39481, at *51 (N.D. Cal. Dec. 30, 2005); *Bennett v. Hibernia Bank*, 47 Cal. 2d 540, 562 (1956); *Gardiner v. Equitable Office Bldg. Corp.*, 273 F. 441, 447 (2d Cir. 1921); Cal. Civ. Proc. Code §§ 337 (four-year statute of limitations), 338 (three-year statute of limitations) 338(c) (three-year statute of limitations), 339 (two-year statute of limitations), 339(1) (two-year statute of limitations), 343 (four-year statute of limitations).

27

**DISPUTED INSTRUCTION NO. 18 (OFFERED BY DEFENDANTS): AFFIRMATIVE DEFENSE—**

**STATUTE OF LIMITATIONS – ACTUAL / IMPUTED KNOWLEDGE OF FACTS**

Defendants Illumina and Solexa contend that AB's lawsuit against them was not filed within the time set by law.  To succeed on this defense, Defendants must have proven that the claimed harm occurred before the applicable date for that claim (listed below) unless AB has proven that before that date, AB  had not discovered, and did not know of facts that would have caused a reasonable person to suspect, that the harm had occurred.  To overcome this defense, AB need not have proven that an earlier discovery could not have been made upon a diligent inquiry.

Different dates apply to each of AB's claims against Illumina and Solexa as follows:

<u>Interference with Contract</u>:  before December 26, 2004.

<u>Breach of Fiduciary Duty (against Illumina/Solexa)</u>:  before May 31, 2005.

<u>Constructive Fraud</u>:  before May 31, 2004.

<u>Conversion</u>:  before December 26, 2003.

In deciding whether AB knew of facts that would have caused a reasonable person to suspect that the claimed harm had occurred, you may attribute the knowledge of an AB employee to AB.  AB, as an employer, is deemed to know that which its employee knows while acting within the scope of his or her authority for the employer.  The employer is charged with knowledge which its employee acquired before the commencement of employment when that knowledge can reasonably said to be present in the mind of the employee while working for the employer.

Authority:         CACI 4120 (February 2008); *Hobart v. Hobart Estate Co.*, 26 Cal. 2d 412, 437-
                   40 (1945); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905 RMW,

2007 U.S. Dist. LEXIS 84689, at *12-13 (N.D. Cal. Nov. 2, 2007); *I-Enterprise Co. LLC v. Draper Fisher Jurvetson Mgm't Co., LLC*, No. C-03-1561 MMC, 2005 U.S. Dist. LEXIS 39481, at *51 (N.D. Cal. Dec. 30, 2005); *Bennett v. Hibernia Bank*, 47 Cal. 2d 540, 562 (1956); *Gardiner v. Equitable Office Bldg. Corp.*, 273 F. 441, 447 (2d Cir. 1921); 338 (three-year statute of limitations) 338(c) (three-year statute of limitations), 339 (two-year statute of limitations), 339(1) (two-year statute of limitations), 343 (four-year statute of limitations); *O'Riordan v. Federal Kemper Life Assurance,* 36 Cal. 4th 281, 288 (2005).

**DISPUTED INSTRUCTION NO. 19 (OFFERED BY AB): PROFESSIONAL AND ETHICAL DUTIES OF ATTORNEYS**

The knowledge of an AB employee may not be attributed to AB if it would be a violation of the employee's professional or ethical duties to communicate the knowledge to AB. Defendants contend that Dr. Vince Powers acquired relevant knowledge while working as an outside patent attorney for Lynx through Dr. Macevicz and before becoming an AB employee, and Defendants further contend that such knowledge may be attributed to AB.

In deciding whether it would have been a violation of Dr. Powers's professional or ethical duties to communicate such knowledge to AB, you should consider the following rules of professional responsibility and ethical duties that attorneys are required to follow and uphold with respect to former clients:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client

(1) whose interests are materially adverse to that person; and

(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;

unless the former client gives informed consent, confirmed in writing.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.


Authority:      American Bar Association Model Rule of Professional Conduct 1.9 (Duties to Former Clients).

31

**DISPUTED INSTRUCTION NO. 19 (OFFERED BY DEFENDANTS): PROFESSIONAL AND ETHICAL DUTIES OF ATTORNEYS**

Defendants contend that this instruction should not be given.

pa-1279703

**DISPUTED INSTRUCTION NO. 20 (OFFERED BY AB): COMPENSATORY DAMAGES**

If you decide that AB has proved any of its claims against Illumina, you also must decide how much money will reasonably compensate AB for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Illumina's wrongful conduct, even if the particular harm could not have been anticipated. AB does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

<u>If you decide that AB has proved its claim for conversion against Illumina, AB's compensatory damages may include reasonable compensation for the time and money spent by AB in attempting to recover the Inventions, including the attorneys' fees and costs of this lawsuit.</u>


Authority:        CACI 3900 (February 2008).

**DISPUTED INSTRUCTION NO. 20 (OFFERED BY DEFENDANTS): COMPENSATORY DAMAGES**

If you decide that AB has proved any of its claims against Illumina, you also must decide how much money will reasonably compensate AB for the harm. This compensation is called "damages." <u>In awarding damages, you must only consider the wrongful actions, if any, of Illumina. You may not award damages for the wrongful actions, if any, of Dr. Macevicz.</u>

The amount of damages must include an award for each item of harm that was caused by Illumina's wrongful conduct, even if the particular harm could not have been anticipated. AB does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

Authority:     CACI 3900 (February 2008).

**DISPUTED INSTRUCTION NO. 21 (OFFERED BY DEFENDANTS): JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

Authority:        CACI 3964.

**DISPUTED INSTRUCTION NO. 21 (OFFERED BY AB): JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

AB contends that this instruction should not be given.

36

**DISPUTED INSTRUCTION NO. 22 (OFFERED BY DEFENDANTS): NO PUNITIVE DAMAGES**

You must not include in your award any damages to punish or make an example of

Illumina. Such damages would be punitive damages, and they cannot be a part of your verdict.

You must award only the damages that fairly compensate AB for its loss.


Authority:     CACI 3924.

**DISPUTED INSTRUCTION NO. 22 (OFFERED BY AB): NO PUNITIVE DAMAGES**

AB contends that this instruction should not be given.

**STIPULATED INSTRUCTION NO. 23 (OFFERED BY AB): PUNITIVE DAMAGES - BIFURCATED TRIAL (FIRST PHASE)**

If you decide that Illumina's conduct caused AB harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether AB has proved that Illumina engaged in that conduct with malice, oppression, or fraud. To do this, AB must prove one of the following by clear and convincing evidence (in other words, by proving that it is highly probable):

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Illumina, who acted on behalf of Illumina; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Illumina; or

3. That one or more officers, directors, or managing agents of Illumina knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Illumina acted with intent to cause injury or that Illumina's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Illumina's conduct was despicable and subjected AB to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Illumina intentionally misrepresented or concealed a material fact and did so intending to harm AB.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

Authority:        CACI 3946 (February 2008); CACI 201.

**STIPULATED INSTRUCTION NO. 24 (OFFERED BY AB): PUNITIVE DAMAGES - BIFURCATED TRIAL (SECOND PHASE)**

You must now decide the amount, if any, that you should award AB in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a) How reprehensible was Illumina's conduct? In deciding how reprehensible Illumina's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether Illumina disregarded the health or safety of others;

3. Whether AB was financially weak or vulnerable and Illumina knew AB was financially weak or vulnerable and took advantage of it;

4. Whether Illumina's conduct involved a pattern or practice; and

5. Whether Illumina acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and AB's harm or between the amount of punitive damages and potential harm to AB that Illumina knew was likely to occur because of its conduct?  Punitive damages may not be used to punish Illumina for the impact of its alleged misconduct on persons other than AB.

(c) In view of Illumina's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount

that is otherwise appropriate merely because Illumina has substantial financial resources. Any

award you impose may not exceed Ilumina's ability to pay.


Authority:        CACI 3942.

42