1  BRYAN WILSON (CA SBN 138842)
   ERIC C. PAI (CA SBN 247604)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792
   E-Mail: BWilson@mofo.com; EPai@mofo.com
5
   DAVID C. DOYLE (CA SBN 70690)
6  STEVEN E. COMER (CA SBN 154384)
   BRIAN M. KRAMER (CA SBN 212107)
7  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
8  San Diego, California 92130-2040
   Telephone: 858.720.5100
9  Facsimile: 858.720.5125
   E-Mail: DDoyle@mofo.com; SComer@mofo.com;
10 BMKramer@mofo.com

11 Attorneys for Plaintiff
   APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                         SAN FRANCISCO DIVISION

16

17 APPLERA CORPORATION – APPLIED            Case No.   C07 02845 WHA
   BIOSYSTEMS GROUP, a Delaware corporation,
18                                          **MEMORANDUM OF LAW IN
                    Plaintiff,              SUPPORT OF APPLERA
19                                          CORPORATION – APPLIED
          v.                                BIOSYSTEMS GROUP'S
20                                          DISPUTED JURY
   ILLUMINA, INC., a Delaware corporation,  INSTRUCTIONS FOR PHASE I
21 SOLEXA, INC., a Delaware corporation, and OF TRIAL**
   STEPHEN C. MACEVICZ, an individual,
22                                          Trial Date: September 29, 2008
                    Defendants.             Time:       7:30 a.m.
23                                          Place:      Courtroom 9, 19th Floor
                                            Judge:      William H. Alsup
24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED JURY INSTRUCTIONS
Case No. C07 02845 WHA
pa-1279695

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1
    A. General Objection – Defendants' Contentions and Characterizations ................... 1
    B. Specific Instructions ................................................................................................ 1
        1. Disputed Instruction No. 6: Breach Of Contract – The Invention Agreement – Breach Of Obligation To Assign Inventions To Ab .............. 1
        2. Disputed Instruction No. 7: Breach Of Contract – The Invention Agreement – Breach Of Obligation To Assign Inventions To Ab – California Labor Code § 2870 ..................................................................... 2
        3. Disputed Instruction No. 11: Breach Of Fiduciary Duty (Against Dr. Macevicz) – Duty Of Undivided Loyalty – Elements ......................... 2
        4. Disputed Instruction No. 12: Aiding And Abetting Breach Of Fiduciary Duty (Against Illumina/Solexa) – Elements .............................. 3
        5. Disputed Instruction No. 13: Constructive Fraud (Cal. Civ. Code § 1573) (Against Dr. Macevicz) – Elements ................................................... 3
        6. Disputed Instruction No. 14: Constructive Fraud (Cal. Civ. Code § 1573) (Against Illumina/Solexa) – Elements .............................................. 4
        7. Disputed Instruction No. 15: Conversion ....................................................... 5
        8. Disputed Instruction No. 17: Affirmative Defense – Statute Of Limitations – Claims Arising In Performance Of Attorney Services ......... 5
        9. Disputed Instruction No. 18: Affirmative Defenses – Statute Of Limitations ................................................................................................ 7
        10. Disputed Instruction No. 19: Professional And Ethical Duties Of Attorneys .................................................................................................... 8
        11. Disputed Instruction No. 20: Compensatory Damages ............................... 9
        12. Disputed Instruction No. 21: Jurors Not To Consider Attorneys Fees And Court Costs ................................................................................. 10
        13. Disputed Instruction No. 22: No Punitive Damages .................................. 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Burlesci v. Petersen*,
    68 Cal.App.4th 1062 (1998) ............................................................................................. 5

*Cerra v. Blackstone,*
    172 Cal.App.3d 604 (1985) .............................................................................................. 5

*Davis & Cox v. Summa Corp.*,
    751 F.2d 1507 (9th Cir. 1985) .......................................................................................... 7

*Gladstone v. Hillel*,
    250 Cal. Rptr. 372 (Ct. App. 1988) ................................................................................ 10

*Haines v. Parra,*
    239 Cal Rptr. 178 (Ct. App. 1987) ................................................................................. 10

*Hobart v. Hobart Estate Co.*,
    26 Cal. 2d 412 (1945) ....................................................................................................... 8

*Quintilliani v. Mannerino*,
    62 Cal. App. 4th 54 (1998) ............................................................................................... 6

*Salahutdin v. Valley of Cal., Inc.*,
    24 Cal. App. 4th 555 (1990) ............................................................................................. 4

*Von Rott v. Johnson*,
    148 Cal. App. 3d 608 (1983) ............................................................................................ 7

*Wittenbrock v. Parker*,
    102 Cal. 93 (1894) ............................................................................................................ 8

**STATUTES**

Cal. Civ. Code
    § 1573 .......................................................................................................................... 3, 4

Cal. Civ. Proc. Code
    § 340.6 ......................................................................................................................... 6, 7

California Labor Code
    § 2870 ............................................................................................................................... 2

Civil Code
    § 3336 ......................................................................................................................... 9, 10

## I. INTRODUCTION

Applied Biosystems ("AB") submits this Memorandum of Law in support of its positions on the following disputed jury instructions for Phase I of trial.

### A. General Objection – Defendants' Contentions and Characterizations

AB has one general objection that applies to many of Defendants' disputed jury instructions for Phase I of trial. In many disputed instructions for which AB has proposed simple, neutral statements of the elements of a cause of action or defense, Defendants have added unnecessary sentences or paragraphs of their contentions or preferred characterizations of the case. These additions are unnecessary, prejudicial to AB, and will serve only to confuse the jury.

Several of these disputed instructions are preceded by stipulated introductory instructions that already lay out the basic contentions and points that each side will address. Repetition of these contentions in each subsequent instruction on the specific elements unnecessarily lengthens these instructions and makes it more difficult for the jury to focus on the specific points of law on which the jury is being instructed.

AB has sought to avoid the unnecessary inclusion of its contentions and characterizations of the case in its proposed disputed instructions. The point of jury instructions is to provide the jury with clear and concise statements of the law, not attorney spin and argument. All of Defendants' unnecessary contentions and characterizations should be rejected and omitted from the relevant instructions.

### B. Specific Instructions

#### 1. DISPUTED INSTRUCTION NO. 6: BREACH OF CONTRACT – THE INVENTION AGREEMENT – BREACH OF OBLIGATION TO ASSIGN INVENTIONS TO AB

AB's Desired Language: "If you find that Dr. Macevicz has not proven that his inventions met these criteria, then you must find that Dr. Macevicz breached the Invention Agreement by failing to assign his inventions to AB."

Defendants' Desired Language: "Dr. Macevicz denies that he breached Paragraph 2 of the Invention Agreement because (a) he developed his invention entirely on his own time; (b) he did not use any equipment, supplies, facility, or trade secret of AB in the development of his invention; and (c) either (i) the invention did not relate to AB's business or actual or

demonstrably anticipated research or development, or (ii) the invention did not result from any work performed by Dr. Macevicz for AB."

This language is an example of Defendants' unnecessary addition of their contentions and characterizations to which AB objects. The point of this instruction is to provide a clear statement of the exception criteria in Paragraph 2 of the Invention Agreement between Dr. Macevicz and AB. Defendants' proposal simply repeats all of these criteria, almost word for word, adding nothing except their argument that all of the criteria are met. Moreover, it also deletes AB's proposed language, which is more useful in that it actually tells the jury what impact the criteria have on the ultimate issue.

### 2.   DISPUTED INSTRUCTION NO. 7: BREACH OF CONTRACT – THE INVENTION AGREEMENT – BREACH OF OBLIGATION TO ASSIGN INVENTIONS TO AB – CALIFORNIA LABOR CODE § 2870

<u>AB's Desired Language</u>: Entire Instruction

Paragraph 7 of the Invention Agreement expressly refers to California Labor Code § 2870 as providing the conditions under which the assignment provisions of the agreement did not apply to Dr. Macevicz's inventions. Therefore, AB has included this instruction reciting the statutory language as a necessary statement of the law. The typical juror will not know what § 2870 says.

Defendants contend that this instruction is unnecessary because they have decided not to rely on § 2870 as an affirmative defense. While that decision is Defendants' prerogative, it does not change the fact that the Invention Agreement itself specifically invokes § 2870 and makes the statute a relevant and necessary consideration in the case.

### 3.   DISPUTED INSTRUCTION NO. 11: BREACH OF FIDUCIARY DUTY (AGAINST DR. MACEVICZ) – DUTY OF UNDIVIDED LOYALTY – ELEMENTS

<u>Defendants' Desired Language</u>: "Dr. Macevicz denies that he breached his fiduciary duty to AB, denies that AB suffered any harm, and denies that his conduct was a substantial factor in causing harm."

This is another case in which Defendants have added their contentions to a form instruction that simply lists the elements for breach of fiduciary duty. This is the sole reason that the instruction is disputed between the parties. Defendants' addition should be rejected.

### 4. DISPUTED INSTRUCTION NO. 12: AIDING AND ABETTING BREACH OF FIDUCIARY DUTY (AGAINST ILLUMINA/SOLEXA) – ELEMENTS

Defendants' Desired Language: "Illumina denies that Dr. Macevicz breached a fiduciary duty, denies that it had any knowledge that Dr. Macevicz's conduct constituted any breach of fiduciary duty, further denies that it aided and abetted Dr. Macevicz in any breach of his fiduciary duty to AB, denies that AB was harmed, and denies that Illumina's conduct was a substantial factor in causing AB's harm."

This is another case in which Defendants have added their contentions to a form instruction that simply lists the elements for aiding and abetting breach of fiduciary duty. This is the sole reason that the instruction is disputed between the parties. Defendants' addition should be rejected.

### 5. DISPUTED INSTRUCTION NO. 13: CONSTRUCTIVE FRAUD (CAL. CIV. CODE § 1573) (AGAINST DR. MACEVICZ) – ELEMENTS

AB's Desired Language: "'Constructive fraud' refers to acts, omissions, or concealments that amount to a breach of duty arising from a confidential or fiduciary relationship, such as that which exists between a corporate agent and his corporation, and a lawyer and his client (*i.e.*, Dr. Macevicz and AB)."

Defendants' Desired Language: "Constructive fraud arises when one in a fiduciary relationship misleads another causing prejudice."

The key point AB is concerned about here is that the concept of constructive fraud clearly includes omissions and concealments, not just acts:

> "[A]s a general principle constructive fraud comprises <u>any act, omission or concealment</u> involving a breach of legal or equitable duty, trust or confidence which results in damage to another *even though the conduct is not otherwise fraudulent*. Most acts by an

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED JURY INSTRUCTIONS
Case No. C07 02845 WHA
pa-1279695

3

> agent in breach of his fiduciary duties constitute constructive fraud. The failure of the fiduciary to disclose a material fact to his principal which might affect the fiduciary's motives or the principal's decision, which is known (or should be known) to the fiduciary, may constitute constructive fraud. Also, a careless misstatement may constitute constructive fraud *even though there is no fraudulent intent*." ( 2 Miller & Starr, *supra,* at pp. 120-121, fns. omitted.)

*Salahutdin v. Valley of Cal., Inc.*, 24 Cal. App. 4th 555, 562 (1990). Defendants' proposed language refers only generally to the idea of misleading another in a way that causes prejudice. That does not make it clear that constructive fraud can consist of omissions and concealments, and could mislead the jury into thinking that there must be an overt or affirmative act.

\* \* \* \* \*

<u>Defendants' Desired Language</u>: "Dr. Macevicz denies that his acts constitute constructive fraud and denies that AB suffered any damages resulting from any such constructive fraud."

This is another case in which Defendants have added their contentions to a form instruction that simply lists the elements for constructive fraud. Defendants' addition should be rejected.

\* \* \* \* \*

Defendants also propose various rearrangements of the sentences in the form instruction that do not improve it. Provided that one leaves in the sentence about "acts, omissions, or concealments" as AB proposes, then Defendants' rearrangements serve only to disrupt the flow of the instruction and make it awkward to read.

**6. DISPUTED INSTRUCTION NO. 14: CONSTRUCTIVE FRAUD (CAL. CIV. CODE § 1573) (AGAINST ILLUMINA/SOLEXA) – ELEMENTS**

<u>Defendants' Desired Language</u>: "Illumina denies that Dr. Macevicz's acts constituted constructive fraud, denies that it had any knowledge that Dr. Macevicz's conduct constituted constructive fraud, and further denies that aided and abetted Dr. Macevicz in any constructive fraud."

This is another case in which Defendants have added their contentions to a form instruction that simply lists the elements for aiding and abetting breach of fiduciary duty. This is the sole reason that the instruction is disputed between the parties. Defendants' addition should be rejected.

### 7.  DISPUTED INSTRUCTION NO. 15: CONVERSION

<u>AB's Desired Language</u>: "AB had a right to possess the inventions . . . ."

<u>Defendants' Desired Language</u>: "AB either owned or had possession of . . . ."

On this issue, Defendants' rewrite of the form instruction also seeks to rewrite the law of conversion. Based on Defendants' language, the jury would be misled to believe that AB needed to have complete ownership or actual possession of the inventions to bring an action for conversion. The case law, however, is clear that a right to possess is sufficient:

> "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's <u>ownership or right to possession</u> of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. Conversion is a strict liability tort. The foundation of the action rests neither in the knowledge nor the intent of the defendant. Instead, the tort consists in the breach of an absolute duty; the act of conversion itself is tortious. Therefore, questions of the defendant's good faith, lack of knowledge, and motive are ordinarily immaterial."

*Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1066 (1998) (internal citations omitted.); *see also Cerra v. Blackstone,* 172 Cal.App.3d 604, 609 (1985) ("The first element of that cause of action is his ownership or right to possession of the property at the time of the conversion."). Defendants' departure from the form instruction and the case law should be rejected.

### 8.  DISPUTED INSTRUCTION NO. 17: AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS – CLAIMS ARISING IN PERFORMANCE OF ATTORNEY SERVICES

<u>Defendants' Desired Language</u>: Entire Instruction

This instruction should be rejected because it attempts to apply the wrong statute of limitations period to this action. The same legal argument was raised by Defendants' Motion in Limine No. 2, and refuted by AB's Opposition to that motion.

Defendants' assertion is that the one-year statute of limitations for attorney malpractice (Civil Procedure section 340.6) applies to AB's claims against Dr. Macevicz. However, that overlooks an entire clause in the remaining text of the statute:

> An action against an attorney for a wrongful act or omission, other than for actual fraud, <u>arising in the performance of professional services</u> shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.

Cal. Civ. Proc. Code § 340.6 (emphasis added). *Quintilliani v. Mannerino* discusses at length that a claim against an attorney for non-legal business activities is excluded from Section 340.6:

> An attorney who undertakes to provide both legal and nonlegal services to a client, and who is sued because of deficiencies in performing the nonlegal services, may not claim the protection of section 340.6 because "[*t*]*he California statute does not include actions for wrongs by the defendant that were not committed as an attorney . . . . The statute only applies to the performance of legal services.*"

*Quintilliani v. Mannerino*, 62 Cal. App. 4th 54, 65 (1998) (emphasis and ellipses in original) (citation omitted).

The statute plainly does not apply here, because Dr. Macevicz was not performing legal services for AB when he wrote his patent applications, failed to disclose them to AB, and then assigned them to Lynx. Indeed, his defense is based on the assertion that he was undertaking these activities on his own behalf. More generally, because one need not be an attorney to owe a duty to assign patent rights, Section 340.6 does not protect Dr. Macevicz from liability for breaching his fiduciary duty as an employee to assign his patents to AB.

> In his role as pledgeholder, defendant acted simply as an escrow, holding shares of the corporation for the benefit of plaintiff until Keller had completed the payments due under the contract. (See generally Fin. Code, § 17003.) One need not be an attorney to act as pledgeholder, and it is clear that one acting as a pledgeholder is not performing legal services.

*Von Rott v. Johnson*, 148 Cal. App. 3d 608, 612-613 (1983); *see also Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1520-21 (9th Cir. 1985) (declining to apply Section 340.6 where gravamen of claim was that attorney breached fiduciary duties in his capacity as director of corporation rather than in capacity as attorney).

None of the acts alleged by AB in support of its breach of fiduciary duty and constructive fraud claims are acts which one must be an attorney to commit.  Therefore, the statute of limitations for attorney malpractice in Section 340.6 does not apply here.

### 9. DISPUTED INSTRUCTION NO. 18: AFFIRMATIVE DEFENSES – STATUTE OF LIMITATIONS

<u>Defendants's Desired Language</u>: "Illumina and Solexa . . ."

Defendants have excluded Dr. Macevicz from the statutes of limitations covered in this instruction based on their argument that CCP § 340.6 applies to AB's claims against Dr. Macevicz.  This is the same argument just discussed and refuted above.

\* \* \* \* \*

<u>Defendants' Desired Language</u>: "did not know of facts that would have caused a reasonable person to suspect . . ."

This language throughout Defendants' version deals with the standard for inquiry or constructive notice under the statute of limitations.  Defendants, however, have taken the position that they will rely at trial only on attempting to show that AB had actual notice of its claims against Defendants for statute of limitations purposes.  Therefore, the jury instruction on this issue should track the language of actual notice of the claimed harm, not inquiry or constructive notice.

In particular, Defendants' Motion in Limine No. 2, which seeks to exclude all evidence of Dr. Macevicz's fiduciary relationship with AB, is based on Defendants' position of relying only on actual notice of AB's claims.  Without conceding that inquiry notice is no longer an issue to be

1  tried in the case, the logical chain in Defendants' motion (which was also legally incorrect) would
2  have been unsustainable, since the fiduciary relationship between Dr. Macevicz and AB would
3  have been relevant to the inquiry notice question. As explained by the California Supreme Court:

> Another pertinent factor is that there was a fiduciary relationship between the parties at the time of the fraudulent representations. Although the general rules relating to pleading and proof of facts excusing a late discovery of fraud remain applicable, it is recognized that in cases involving such a relationship facts which would ordinarily require investigation may not excite suspicion, and that the same degree of diligence is not required.

*Hobart v. Hobart Estate Co.*, 26 Cal. 2d 412, 439-40 (1945). During discussions over this disputed instruction, Defendants would not agree to delete this language relating to inquiry notice. Nor would they agree to withdraw their Motion in Limine No. 2. Defendants cannot have it both ways – this jury instruction should be limited to the language of actual notice.

\* \* \* \* \*

AB's Desired Language: "Another limitation is that the knowledge of an AB employee may not be attributed to AB if it would be a violation of the employee's professional or ethical duties to communicate the knowledge to AB."

The case law is clear that knowledge cannot be imputed from an agent to a principal if communicating that information to the principal would have caused the agent to breach his professional duties:

> The rule that notice to the agent is notice to the principal applies not only to knowledge acquired by the agent in the particular transaction, but to knowledge acquired by him in a prior transaction, and present to his mind at the time he is acting as such agent, provided it be of such a character as he may communicate to his principal without breach of professional confidence.

*Wittenbrock v. Parker*, 102 Cal. 93, 103 (1894). Therefore, this language as to when knowledge may not be imputed from an AB employee to AB should be included in the instruction.

### 10. DISPUTED INSTRUCTION NO. 19: PROFESSIONAL AND ETHICAL DUTIES OF ATTORNEYS

AB's Desired Language: Entire Instruction.

This instruction is tied to the language just discussed above with regard to when knowledge may not be imputed to an employer because of an employee's ethical duties. In this case, it is relevant to Vince Powers, who served as an attorney for Illumina and Dr. Macevicz before becoming an employee of AB.

Vince Powers's ethical duties to his former clients are relevant in this case because, if Vince Powers did have any knowledge of AB's claims against Illumina and Dr. Macevicz, his ethical duties to them would have barred him from communicating that knowledge to AB. Therefore, this instruction, which states the ethical duties of attorneys to their former clients, needs to be provided to the jury.

### 11.    DISPUTED INSTRUCTION NO. 20: COMPENSATORY DAMAGES

<u>Defendants' Desired Language</u>: "In awarding damages, you must only consider the wrongful actions, if any, of Illumina. You may not award damages for the wrongful actions, if any, of Dr. Macevicz."

Three of AB's causes of action against Illumina have some form of Dr. Macevicz's wrongful conduct as a required element: interference with contract, aiding and abetting breach of fiduciary duty, and constructive fraud. While AB does not seek damages *against* Dr. Macevicz, this instruction is likely to confuse the jury

\*\*\*\*\*\*

<u>AB's Desired Language</u>: "If you decide that AB has proved its claim for conversion against Illumina, AB's compensatory damages may include reasonable compensation for the time and money spent by AB in attempting to recover the Inventions, including the attorneys' fees and costs of this lawsuit."

This is the same issue that is raised by the third part of Defendants' Motion in Limine No. 1 on damages and refuted by AB's Opposition to that motion. Under Civil Code § 3336, damages for conversion may include "[a] fair compensation for the time and money properly expended in

pursuit of the property." *Gladstone v. Hillel*, 250 Cal. Rptr. 372, 380 (Ct. App. 1988). Defendants's position is that this statute does not authorize recovery of attorneys' fees, relying on the *Haines v. Parra* case. 239 Cal. Rptr. 178, 181 (Ct. App. 1987).

The *Gladstone* case, however, cited the *Haines* case and distinguished the rationale of *Haines* as an outdated interpretation of the law:

> When *Civil Code section 3336* was enacted in 1872, the Legislature may have contemplated compensation for time spent searching the countryside in search of misappropriate livestock or other chattels. But Gladstone <u>could only rely on legal process to recover the property</u> that appellants withheld.

*Gladstone*, 250 Cal. Rptr. at 381 (emphasis added). Accordingly, the *Gladstone* court refused to interpret § 3336 as "rigorously excluding all items having some connection with litigation." *Id.*

The same reasoning applies here. AB is not seeking attorneys' fees based on the prototypical claim of fee-shifting. Instead, AB has a claim for conversion of inventions and patents and can "only rely on legal process to recover the property." *Id.* Therefore, AB's proposed language should be included to permit the jury to award damages that include any portion of AB's legal fees that it determines were "properly expended in the pursuit" of converted inventions and patents.

### 12.    DISPUTED INSTRUCTION NO. 21: JURORS NOT TO CONSIDER ATTORNEYS FEES AND COURT COSTS

<u>Defendants' Desired Language</u>: Entire Instruction.

This dispute turns on the same issue addressed with respect to Instruction No. 20 above and should be resolved in the same way. The instruction should not be included. Jurors should be permitted to consider AB's attorneys' fees and costs if they were properly expended in the pursuit of converted property.

### 13.    DISPUTED INSTRUCTION NO. 22: NO PUNITIVE DAMAGES

<u>Defendants' Desired Language</u>: Entire Instruction.

Although Defendants have stipulated to include bifurcated trial instructions on punitive damages, Defendants insist on including this instruction prohibiting punitive damages right before the instruction that explains to the jurors how they may determine that punitive damages may be warranted. Such juxtaposition of contradictory instructions could likely create considerable jury confusion that would be prejudicial to AB. Jurors could easily be misled to think that this stated prohibition on finding punitive damages – which they receive as an instruction as to what the law requires – would mean that they were legally precluded from finding that punitive damages would be warranted when considering the following instructions. Therefore, this instruction should be excluded.

Dated: August 29, 2008  MORRISON & FOERSTER LLP

By: /s/ David C. Doyle
David C. Doyle

Attorneys for Plaintiff
APPLERA CORPORATION –
APPLIED BIOSYSTEMS GROUP