# SAMPLE VERDICT FORM

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## FINDINGS ON INFRINGEMENT

(The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.)

**A. Direct Infringement**

1. Has Illumina proven that it is more likely than not that the use of the one-base encoding prototype machine at Agencourt Personal Genomics literally performed every step of the claim 1 of the '597 patent?

    Yes (Infringement) _____    No (No infringement) _____

**B. Infringement Under the Doctrine of Equivalents**

Answer Question 2a only if you answered "No" to Question 1. Answer questions 2b for claim 1 of the '119 patent regardless of your answers to question.

2a. Has Illumina proven that it is more likely than not that the use of the one-base encoding prototype machine at Agencourt Personal Genomics included steps that were identical or equivalent to every step of Claim 1 of the '597 patent? In other words, for any step that was not literally performed in the one-base encoding prototype machine, would a person of ordinary skill in the field think that the differences between the performed step and the claim requirement were not substantial as of the time of the alleged infringement?

    Yes (Infringement) _____    No (No infringement) _____

2b. Has Illumina proven that it is more likely than not that the probes used in the SOLiD System are identical or equivalent to every requirement of claim 1 of the '119 patent? In other words, would a person of ordinary skill in the field think that any differences between missing parts of the probes used in the SOLiD System and the requirements of claim 1 of the '119 patent were not substantial as of the time of the alleged infringement?

    Yes (Infringement) _____    No (No infringement) _____

If you answered "yes" to any part of questions 1-2, then go to questions 3. If you answered "no" to all of questions 1-2, then skip to question 5.

**C.    *De Minimis* Infringement**

Answer this question only if you answered "Yes" to either Question 1 or Question 2a.

3.    Has Illumina proven that it is more likely than not that the use of the one-base encoding prototype machine at Agencourt Personal Genomics was more than a *de minimis* use of the invention in claim 1 of the '597 patent?

Yes _____          No _____

**D.  Willful Infringement**

Answer this question separately based on the actions by Agencourt Personal Genomics before its acquisition by Applied Biosystems and by Applied Biosystems after its acquisition of Agencourt Personal Genomics.

4a. For any claim found to infringe, if any, has Illumina proven that it is highly probable that Agencourt Personal Genomics (i) acted despite an objectively high likelihood that its actions constituted infringement of a valid and enforceable patent and (ii) actually knew, or it was so obvious that it should have known, that its actions constituted infringement of a valid and enforceable patent?

Yes _____          No _____

4b. For any claim found to infringe, if any, has Illumina proven that it is highly probable that Applied Biosystems (i) acted despite an objectively high likelihood that its actions constituted infringement of a valid and enforceable patent and (ii) actually knew, or it was so obvious that it should have known, that its actions constituted infringement of a valid and enforceable patent?

Yes _____          No _____

# FINDINGS ON INVALIDITY

(The questions regarding invalidity should be answered regardless of your findings with respect to infringement.)

**A.   Anticipation**

5. Has Applied Biosystems proven that it is highly probable that the claims of Illumina's patent were "anticipated," or, in other words, not new, based on any of the below prior art references? Answer yes or no for every available box based on the prior art references.

   5a.   '341 Patent

|          | Southern | Whiteley | Sibson I | Sibson II | Sibson III | Sibson IV | Landegren |
|----------|----------|----------|----------|-----------|------------|-----------|-----------|
| Claim 1  |          |          |          |           |            |           |           |
| Claim 2  |          |          |          |           |            |           |           |
| Claim 7  |          |          |          |           |            |           |           |
| Claim 11 |          |          |          |           |            |           |           |
| Claim 12 |          |          |          |           |            |           |           |

   5b.   '597 Patent

|         | Southern | Whiteley | Sibson I | Landegren | Martinelli | Drmanac I | Drmanac II |
|---------|----------|----------|----------|-----------|------------|-----------|------------|
| Claim 1 |          |          |          |           |            |           |            |

   5c.   '119 Patent

|         | Mag | Carr |
|---------|-----|------|
| Claim 1 |     |      |

**B.   Obviousness**

6a.   Has Applied Biosystems proven that it is highly probable that one of ordinary skill in the art at the time of the alleged invention would have found the claims of the '341 and '597 patents obvious in light of "Southern," either alone or in combination with Brenner, Mag, Tsien, Canard I, Canard II, Rosenthal, Metzker I, and/or Metzker II?

| **'341 Patent** | YES<br>Obvious | NO<br>Not obvious |
|-----------------|----------------|-------------------|
| Claim 1         | _____          | _____             |
| Claim 2         | _____          | _____             |
| Claim 6         | _____          | _____             |

| | | |
|---|---|---|
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 11 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| **'597 Patent** | | |
| Claim 1 | _____ | _____ |

      6b.    Has Applied Biosystems proven that it is highly probable that one of ordinary skill in the art at the time of the alleged invention would have found the claims of the '341 and '597 patents obvious in light of "Whiteley," either alone or in combination with Sibson I, Sibson II, Sibson III, Sibson IV, Brenner, Brennan, and/or Mag?

| **'341 Patent** | YES<br>Obvious | NO<br>Not obvious |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 2 | _____ | _____ |
| Claim 6 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 11 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| **'597 Patent** | | |

| | | |
|---|---|---|
| Claim 1 | _____ | _____ |

6c.   Has Applied Biosystems proven that it is highly probable that one of ordinary skill in the art at the time of the alleged invention would have found the claims of the '341 and '597 patents obvious in light of "Brennan," either alone or in combination with Southern, Brenner, Mag, Tsien, Canard I, Canard II, Rosenthal, Metzker I, and/or Metzker II?

| **'341 Patent** | YES<br>Obvious | NO<br>Not obvious |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 2 | _____ | _____ |
| Claim 6 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 11 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| **'597 Patent** | | |
| Claim 1 | _____ | _____ |

6d.   Has Applied Biosystems proven that it is highly probable that one of ordinary skill in the art at the time of the alleged invention would have found claim 1 of the '597 patent obvious in light of "Landegren," either alone or in combination with other prior art references?

| **'597 Patent** | YES<br>Obvious | NO<br>Not obvious |
|---|---|---|
| Claim 1 | _____ | _____ |

6e.     Has Applied Biosystems proven that it is highly probable that one of ordinary skill in the art at the time of the alleged invention would have found claim 1 of the '119 patent obvious in light of "Mag," either alone or in combination with the Brennan Patent?

| **'119 Patent** | YES<br>Obvious | NO<br>Not obvious |
|---|---|---|
| Claim 1 | _____ | _____ |

C.     **Written Description Requirement**

7.     Has Applied Biosystems proven that it is highly probable that the asserted claims of the '341 and '597 patents do not contain an adequate written description of the claimed invention?

Yes _____     No _____

E.     **Lack of Enablement**

8.     Has Applied Biosystems proven that it is highly probable that the asserted claims of the '341 and '597 patents lack a description of the claimed invention that is sufficiently full and clear to enable a person of ordinary skill in the field to make and use the invention?

Yes _____     No _____

D.     **Indefiniteness**

9.     Has Applied Biosystems proven that it is highly probable that one skilled in the art would not understand the bounds of the asserted claims of the '341 and '597 patents?

Yes _____     No _____

**FINDINGS ON UNENFORCEABILITY**

      10.    Has Applied Biosystems proven that it is highly probable that Dr. Macevicz, his attorneys, or others involved in the prosecution or reexamination of the Macevicz patents knew of and withheld any material information with the intent to deceive the patent examiner?

      ("Yes" is a finding for the Applied Biosystems; "No" is a finding for Illumina)

      Yes _____      No _____

      11.    Has Applied Biosystems proven that it is more likely than not that Illumina should be estopped from enforcing the Macevicz patents against Applied Biosystems?

      ("Yes" is a finding for the Applied Biosystems; "No" is a finding for Illumina)

      Yes _____      No _____

      12.    Has Applied Biosystems proven that it is more likely than not that Illumina has come into court with unclean hands and should not be permitted to enforce the Macevicz patents?

      ("Yes" is a finding for the Applied Biosystems; "No" is a finding for Illumina)

      Yes _____      No _____

## FINDINGS ON DAMAGES (IF APPLICABLE)

If you found any claims infringed and not invalid and not unenforceable due to inequitable conduct, proceed to answer the remaining questions. If you did not so answer, do not answer the remaining questions and proceed to check and sign the verdict form.

13.    What is the payment that would have resulted from a negotiation between Solexa and Agencourt Personal Genomics taking place in or before September 2005, considering the *Georgia-Pacific* factors, the expectations of the parties had they entered into an agreement, and that the parties acted reasonably and were willing to enter into an agreement? You may state the payment in a flat one-time payment amount or as a percentage of sales.

CHOOSE ONE:  $_____  OR    %_____

Sales of infringing products to present time: $ _____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Security Guard that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

| DATED: _____, 20 | By:_____<br>Presiding Juror |
|---|---|
| | |