1  THOMAS I. ROSS (admitted *pro hac vice*)
   KEVIN M. FLOWERS (admitted *pro hac vice*)
2  JEFFREY H. DEAN (admitted *pro hac vice*)
   MARK H. IZRAELEWICZ (admitted *pro hac vice*)
3  JOHN R. LABBE (admitted *pro hac vice*)
   CULLEN N. PENDLETON (admitted *pro hac vice*)
4  MARSHALL, GERSTEIN & BORUN LLP
   6300 Sears Tower
5  233 South Wacker Drive
   Chicago, Illinois 60606-6357
6  (312) 474-6300 (telephone)
   (312) 474-0448 (facsimile)
7  E-Mail: tross@marshallip.com
   E-Mail: kflowers@marshallip.com
8  E-Mail: jdean@marshallip.com
   E-Mail: mizraelewicz@marshallip.com
9  E-Mail: jlabbe@marshallip.com
   E-Mail: cpendleton@marshallip.com
10
   Counsel for Defendants
11 ILLUMINA, INC., SOLEXA, INC.,
   and STEPHEN C. MACEVICZ

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>　　　　Plaintiff/Counterdefendant,<br><br>　- vs. -<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>　　　　Defendants/Counterclaimants. | Case No. 07-CV-02845 WHA<br><br>District Judge William H. Alsup<br><br>**SOLEXA INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)** |

**SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)**
**CASE NO: 07-CV-02845 WHA**

1

# SUPPORT FOR DISPUTED INSTRUCTION NO. 1 OFFERED BY SOLEXA RE INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

<u>Disputed Language</u>: "If Applied Biosystems has offered evidence sufficient to show that the broadened claim scope sought by Illumina would capture the prior art, the burden shifts to Illumina to prove that what it attempts to cover under the doctrine of equivalents is not in the prior art or would not have been obvious from the prior art."

## ARGUMENT

Solexa proposes that the jury instruction for infringement under the Doctrine of Equivalents follow the current Model Patent Jury Instructions for the Northern District of California ("Model Instructions"), 3.4, which reads, in relevant part:

> If this instruction is applicable in a given case, then the court should instruct the jury that if [alleged infringer] has offered evidence sufficient to show that the accused [product] [method] is in the prior art, the burden shifts to the [patent holder] to prove that what it attempts to cover under the doctrine of equivalents is not in the prior art or would not have been obvious from the prior art.[1]

Solexa's proposed instruction merely substitutes names of the parties and accused products for the bracketed terms, as appropriate.

Solexa opposes AB's proposal to change the language referring to whether the "*accused [product] [method] is in the prior art,*" to refer instead to whether "the *broadened claim scope sought by Illumina would capture the prior art . . . .*" AB's proposed changes would discard the clear language of the Model Instructions for vague, ambiguous, and undefined terms and phrases, such as "broadened" or "capture the prior

---

[1] Model Patent Jury Instructions for the Northern District of California (Oct. 9, 2007) at 13, n.2.

**SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)**
**CASE NO: 07-CV-02845 WHA**

2

art." Moreover, because application of the Doctrine of Equivalents does not "broaden" or "expand" the claims,[2] AB's proposed language is legally incorrect and should be rejected.

---

[2] *Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*, 904 F.2d 677, 684 (Fed. Cir. 1990) (stating that characterizing "claims as being 'expanded' or 'broadened' under the Doctrine of Equivalents . . . [is] inaccurate. . . . [T]he Doctrine of Equivalents does not involve expansion of the *claims*."), *overruled in part on other grounds by Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83 (1993).

SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)
CASE NO: 07-CV-02845 WHA

3

# SUPPORT FOR DISPUTED INSTRUCTION NO. 2 OFFERED BY SOLEXA RE LIMITATIONS ON THE DOCTRINE OF EQUIVALENTS (PROSECUTION HISTORY ESTOPPEL)

Because the Northern District's Model Instructions do not have instructions on prosecution history estoppel, Solexa proposes that the following language from the Federal Circuit Bar Association Model Patent Jury Instructions ("Federal Circuit Model Instruction"), No. 3.1d, be added:

Proposed Language: "If you find that Agencourt and/or Applied Biosystems infringed under the doctrine of equivalents, you must consider the following limitations on the application of the doctrine of equivalents.

Argument-based prosecution history estoppel:

You may not find that a product or method infringes a claim under the doctrine of equivalents if you find that, during the patent application process, the applicant for the patent distinguished an unmet requirement from the allegedly "equivalent" alternative aspect of that product or method.

Amendment-based prosecution history estoppel:

Applied Biosystems has argued that Solexa cannot assert infringement under the doctrine of equivalents due to statements Solexa made to the PTO in order to get the claim allowed in the first place. In order to find an Agencourt's and/or Applied Biosystems product or method to be equivalent you must also make certain findings regarding the statements Solexa made to the PTO in order to get the patent. Specifically, in order to find equivalents, you must first also find one or more of the following: (1) the amendment that is asserted by Applied Biosystems to limit the scope of equivalents substituted a broader requirement for a narrower requirement or replaced a requirement of equal scope; (2) the reason for making this amendment was not related to patentability; (3) a person having ordinary skill in the field of technology of the patent at the time of the amendment would not have foreseen the potential substitution of the allegedly "equivalent" alternative for the unmet claim requirement; (4) the reason for the amendment is tangential or relates to some issue other than the assertion of equivalence at issue; or (5) some other reason, such as the shortcomings of language, prevented the applicant from using claim language that included the allegedly "equivalent" alternative. You may not find that the alternative feature of accused one-base-encoding SOLiD System and SOLiD System probes is an equivalent to an unmet requirement of a claim if that requirement was added to the claim (or to any claim of the patent) by amendment during the prosecution of the applications that led to issuance of the patent, unless you also find that at least one of these factors that I have identified to you."

SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)
CASE NO: 07-CV-02845 WHA

4

# ARGUMENT

Solexa opposes AB's proposal to add in additional language from the Federal Circuit Model Instructions regarding "vitiation," "prior art," and the "dedication-disclosure rule" because these concepts are already covered either by Model Instruction 3.4[3] or other instructions the Court will provide the jury. The Court can refuse to give redundant instructions,[4] and should do so when needless repetition presents a needless risk of confusing the jury.

Solexa also opposes AB's attempt to use the jury instructions to circumvent the Court's denial of its motion for summary judgment of non-infringement of the '119 patent under the Doctrine of Equivalents based on the substitution of the phosphoramidate limitation. If the Court, *sua sponte* or on motion, reverses itself in favor of AB, there is no need for this instruction. If the Court does not do so, this instruction is false, misleading, and inappropriate.

---

[3] *See* 2nd (vitiation) and final paragraphs (Dedication-Disclosure Rule) of Model Instruction 3.4.

[4] *United States v. Lopez-Alvarez*, 970 F.2d 583, 597 (9th Cir.), *cert. denied*, 113 S. Ct. 504 (1992).

# SUPPORT FOR DISPUTED INSTRUCTION NO. 3 OFFERED BY SOLEXA RE DE MINIMIS INFRINGEMENT

Solexa contends than an instruction on *de minimis* infringement is unnecessary and that the Court should reject AB's *de minimis* infringement argument as a matter of law. However, we propose the following instruction should the Court decide to charge the jury on *de minimis* infringement.

Solexa's Proposed Instruction: "Applied Biosystems asserts that Agencourt's use of the one-base-encoding SOLiD System falls within a narrow exception that excuses infringement where the infringing activity was performed for non-commercial purposes, for amusement, to satisfy idle curiosity, or for strictly philosophical inquiry.[5] This is referred to "de minimis" infringement. Infringement of a patent in the furtherance of the development of a product is for a commercial purpose even if the activity does not result in the sale of a commercial product.[6]

Applied Biosystems has the burden of proving that it is more likely than not that Agencourt's activity with regard to its one-base-encoding SOLiD System was performed for non-commercial purposes, for amusement, to satisfy idle curiosity, or for strictly philosophical inquiry."

AB's Proposed Instruction: "Applied Biosystems contends that even if the one-base encoding prototype satisfied the claim limitations of claim 1 of the '597 patent, Agencourt's use of the one-base prototype was excused as "de minimis." An act of infringement is "de minimis" if it does not have definite, cognizable, and substantial commercial purposes. Applied Biosystems has the burden to prove not only that the manufacture or use of an infringing product was insignificant in amount but also that the alleged infringing activity terminated at the de minimis stage. If you find that Agencourt's use of the one-base encoding prototype was de minimis, Applied Biosystems is not liable for infringement."

---

[5] *Embrex, Inc. v. Serv. Eng'g Corp.*, 216 F.3d 1343, 1349 (Fed. Cir. 2000) (Recognizing the narrow "de minimis" defense to infringement only where the infringing actions were "performed 'for amusement, to satisfy idle curiosity, or for strictly philosophical inquiry.'") (quoting *Roche Prods., Inc. v. Bolar Pharm. Co.,* 733 F.2d 858, 863 (Fed. Cir. 1984), *superseded by statute on other grounds as stated in Teva Pharms., USA, Inc. v. Abbott Labs.*, 301 F. Supp. 2d 819, 827 (N.D. Ill., 2004)).

[6] *Baxter Diagnostics, Inc. v. AVL Scientific Corp.*, 924 F. Supp. 994, 1016 (C.D. Cal. 1996) (The accused development activity had a "cognizable commercial purpose" even though the product was never actually marketed or sold.)

**SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II) CASE NO: 07-CV-02845 WHA**

6

# ARGUMENT

Solexa opposes AB's proposed construction because it is legally inaccurate, confusing the "experimental use" exception to patent infringement with the *de minimis* exception. According to the Federal Circuit, the two exceptions are distinct: "This court has construed **both** the experimental use and *de minimis* exceptions very narrowly."[7] The standard proposed by AB relates to the experimental use, not the *de minimis*, exception: "We cannot construe the experimental use rule so broadly as to allow a violation of the patent laws in the guise of 'scientific inquiry,' when that inquiry has **definite, cognizable, and not insubstantial commercial purposes**."[8] Moreover, even if this statement applies to the *de minimis* exception to patent infringement, AB's proposed instruction misstates the standard, substituting the term "substantial" for the term "not insubstantial" found in the case law. "Not substantial" and "not insubstantial" are not equivalent terms. AB's attempt to rewrite the law to lower its burden to show it is entitled to this "very narrow" defense is legal error and must be rejected.

---

[7] *Embrex*, 216 F.3d at 1349 (emphasis added).

[8] *Roche Prods.*, 733 F.2d at 863.

**SUPPORT FOR DISPUTED INSTRUCTION NO. 4 OFFERED BY SOLEXA RE EQUITABLE ESTOPPEL**

<u>Disputed language:</u> "The owner of a patent may forfeit its right to any relief from an infringer where: 1) the patent holder has knowledge of the true facts about an issue but communicates something to the infringing party about that issue in a misleading way, 2) the infringer relies upon the misleading communication from the patent holder, and 3) the infringer will be significantly harmed if the patent holder is allowed to assert a claim relating to the issue that is inconsistent with the patent holder's prior misleading communication about the issue. This is referred to as an "equitable estoppel," and it is a defense that Applied Biosystems contends precludes any recovery by Solexa in this lawsuit, but only with regard to Applied Biosystems infringement.

Applied Biosystems contends that Solexa made a misleading communication about the existence of the Macevicz patent before Solexa filed this lawsuit. A communication may be made through written or spoken words, conduct, silence, or a combination of words, conduct, and silence. Conduct may include action or inaction. Whether in fact Solexa communicated with Applied Biosystems about the existence of the Macevicz patents prior to the filing of this lawsuit, and whether in fact that communication, if you find there to have been any, was misleading, are questions that must be answered by considering the facts and circumstances as they existed at the time and in the way that reasonably prudent businesspeople would have viewed them.

Significant harm to Applied Biosystems can be economic or evidentiary in form. Whether Applied Biosystems suffered evidentiary harm is a question that must be answered by evaluating whether Applied Biosystems will be unable to present a full and fair defense on the merits of Solexa's infringement claims. Not being able to present a full and fair defense on the merits of Solexa's claims can occur due to the loss of important records, the death or impairment of an important witness(es), the unreliability of memories about important events because they occurred in the distant past, or other similar types of things. Whether Applied Biosystems suffered economic prejudice is a question that must be answered by evaluating whether Applied Biosystems changed its economic position in a significant way as a result of its reliance on any misleading communication from Solexa about existence of the Macevicz patents, and whether Applied Biosystems's losses as a result of any change in economic position could have been avoided if Solexa had not communicated with Applied Biosystems in a misleading way. Having to pay damages to Solexa if found to infringe on its patent does not amount to economic prejudice by itself; rather, Applied Biosystems's liability for infringement damages or any other economic losses that Applied Biosystems may incur if Solexa is allowed to proceed with its claim(s) must have been avoidable if Solexa had not communicated with Applied Biosystems in a misleading way.

It is important to remember, however, that the ultimate determination of whether an equitable estoppel should apply in this case is a question of fairness given all the facts and

**SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)**
**CASE NO: 07-CV-02845 WHA**

8

circumstances. While you may not find that equitable estoppel applies if the evidence does not establish each of the three elements noted above -- misleading communication, reliance on the communication, and significant harm -- you may find that even though all of the elements have been proved, an equitable estoppel should not apply, in fairness, given all the facts and circumstances in this case.

Although the question of whether equitable estoppel applies in this case is one that I will decide, I will ask for your findings so that I can consider them in making that decision. You should make determinations on this issue as you would for any other issue in this case because I will consider them seriously in making my determination. "

## ARGUMENT

The parties' dispute over their respective equitable estoppel instruction stems from our fundamentally different view of this defense. Solexa contends that Applied Biosystems's "estoppel" defense of is nothing other than the equitable estoppel defense to patent infringement, which "cognizable under 35 U.S.C. § 282."[9] As such, this defense is governed by Federal Circuit law. Accordingly, Solexa proposes that the Court adopt the equitable estoppel defense set forth in the Federal Circuit Bar Association Model Patent Jury Instructions (January 2008).

Applied Biosystems, however, contends that its defense is based on Macevicz's alleged breach of his employment agreement by failing to give Applied Biosystems notice of his invention. Applied Biosystems proposes using a California state law model instruction directed to the estoppel defense to a breach of contract claim.

The Federal Circuit, in its en banc *A.C. Aukerman* decision explicitly set forth that the patent owner must have, through misleading conduct, led the accused infringer to

---

[9] *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc).

**SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)**
**CASE NO: 07-CV-02845 WHA**

believe that patent owner was not going to assert the patents against that infringer.[10] The acts of the inventor, here Steven Macevicz, are irrelevant under the Federal Circuit's reasoning, yet Applied Biosystems proposes an instruction that substitutes Steven Macevicz for the patent owner in the equitable estoppel analysis, which is contrary to the law.[11]

---

[10] *Id.* at 1043.

[11] *See id.* ("The first element of equitable estoppel concerns the statements or conduct of the patentee which must 'communicate something in a misleading way.'")

**SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)**
**CASE NO: 07-CV-02845 WHA**

10

**SUPPORT FOR DISPUTED INSTRUCTION NO. 5 OFFERED BY SOLEXA RE UNCLEAN HANDS**

<u>Disputed language</u>: "The owner of a patent may be barred from enforcing the patent against an infringer where the owner of the patent acts or acted inequitably, unfairly, or deceitfully towards the infringer or the Court in a way that has immediate and necessary relation to the relief that the patent holder seeks in a lawsuit. This is referred to as "unclean hands," and it is a defense that Applied Biosystems contends precludes any recovery by Solexa against Applied Biosystems in this lawsuit.

There is no set formula for determining whether unclean hands applies in this lawsuit. Rather, you must consider and weigh all the facts and circumstances in view of the principles noted above to determine whether you believe that, on balance, Solexa acted in such an unconscionable way towards Applied Biosystems or the Court in the matters relating to the controversy between Solexa and Applied Biosystems that, in fairness, Solexa should be denied the relief it seeks in this lawsuit.

Although the question of whether Solexa's claims are barred by unclean hands is one that I will decide, I will ask for your findings so that I can consider them in making that decision. You should make determinations on this issue as you would for any other issue in this case because I will consider them seriously in making my determination."

**ARGUMENT**

As with equitable estoppel, the parties' dispute over their respective unclean hands instructions stems from our fundamentally different views of this defense. Solexa contends that unclean hands is an equitable defense that is rooted in patent law, and is subject to Federal Circuit precedent.[12] Accordingly, Solexa proposes that the Court adopt the unclean hands defense set forth in the Federal Circuit Bar Association Model Patent Jury Instructions (January 2008).

Applied Biosystems, however, contends that its unclean hands defense is based on Macevicz's alleged breach of his employment agreement by failing to give Applied

---

[12] *A.C. Aukerman Co.*, 960 F.2d at 1028.

**SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)**
**CASE NO: 07-CV-02845 WHA**

11

Biosystems notice of his invention. Applied Biosystems proposes using a California state law model instruction directed to breach of contract actions.

As set forth in the Federal Circuit Bar Association Model Instructions, the equitable defense of unclean hands looks to the whether the "owner of a patent…acted inequitably, unfairly, or deceitfully towards the infringer."[13] The acts of the inventor, here Steven Macevicz, are irrelevant.

Applied Biosystems proposes an instruction that substitutes Steven Macevicz for the patent owner. Applied Biosystems's instruction seeks to improperly punish Solexa for Steven Macevicz's silence even though the alleged silence took place while Steven Macevicz was employed by Applied Biosystems, not Solexa.

---

[13] Disputed Instruction No. 4, Proposed by Solexa.

SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)
CASE NO: 07-CV-02845 WHA

12

**SUPPORT FOR DISPUTED INSTRUCTION NO. 6 OFFERED BY SOLEXA RE INEQUITABLE CONDUCT**

<u>Disputed Language</u>: "Specifically, AB contends that Dr. Macevicz (1) misrepresented his status as a "small entity," (2) failed to disclose his obligations to assign his invention to AB"

**ARGUMENT**

Solexa opposes AB's attempt add this language to the jury instructions because it pertains to matters which are not part of the case. The first matter is not part of the case because the Court denied AB's belated motion to amend its complaint to add this allegation. AB sought leave to file a second amended complaint to add "additional grounds supporting its claim that the patents-in-suit should be declared unenforceable by Illumina due to inequitable conduct." (Docket No. 184 at 2). One of the "additional grounds" concerned alleged misrepresentations of Defendant's entitlement to status as a "small entity" (Docket No. 185-2 at 14). The Court denied AB's motion to amend the complaint to add this allegation (Docket No. 196). The second matter, alleged failure to "disclose his obligations to assign his invention to AB," has never been pled by AB as a ground for unenforceability of the patents.[14] Allegations of inequitable conduct must be pled with particularity. *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003). Because neither matter has ever been a part of this case, much less pled with the required particularity, allowing AB to amend its complaint by means of the jury instructions would be legal error.

---

[14] Moreover, even if it had done so, AB has failed to offer any reason why failure to disclose to the PTO an obligation to assign could possibly render the patents-in-suit unenforceable.

**SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)**
**CASE NO: 07-CV-02845 WHA**

13

**SUPPORT FOR DISPUTED INSTRUCTION NO. 7 OFFERED BY SOLEXA RE TIMING OF HYPOTHETICAL NEGOTIATIONS**

<u>Disputed Language</u>: "Because the Macevicz patents were granted before the alleged infringing activity began, you should assume the hypothetical negotiations take place as of the dates you determine that Agencourt's and Applied Biosystems's infringement began."

**ARGUMENT**

Applied Biosystems, and its predecessor Agencourt Personal Genomics ("Agencourt") are accused by Solexa to be liable for infringement of the patents; however, their alleged infringing activities are of a different nature and occurred at different times. Agencourt separately developed the SOLiD System technology with its work on the one-base-encoding SOLiD System, and the associated SOLiD System probes. Later in July 2006, Applied Biosystems purchased Agencourt and then sought to commercialize a different version of the SOLiD System, the two-base-encoding SOLiD System.

As the Court knows, reasonable royalty damages are determined on the basis of a hypothetical negotiation between a willing licensor and a willing licensee, in which it is assumed that the subject patents are valid and infringed.[15] The relevant time frame for the negotiation would be "the time infringement commenced."[16] As to Agencourt, the date of hypothetical negotiation would be not later than September 2005.

At trial, Solexa contends that the hypothetical negotiation between Solexa and Agencourt in September of 2005 would have been limited to a developmental use license, but not a commercial sale license, since Agencourt was not a commercial entity at that

---

[15] *See Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995).

[16] *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1119 (Fed. Cir. 1996).

**SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II) CASE NO: 07-CV-02845 WHA**

time. Applied Biosystems, however, in its effort to commercialize the SOLiD technology would have needed an additional license covering the sales activity.

For these reasons, Solexa contends that there are two different hypothetical negotiations, one in September 2005 as between Agencourt and Solexa, and the other in June 2007 as between Applied Biosystems and Solexa.

Solexa's proposed instruction seeks to inform the jury with regard to the nature of the damages issue in this case.

# SUPPORT FOR DISPUTED INSTRUCTION NO. 8 OFFERED BY SOLEXA RE DAMAGES – REASONABLE ROYALTY – FACTORS TO CONSIDER

Disputed Language:

In determining the reasonable royalty, you may consider real-world facts including the following to the extent they are helpful to you:

"The rates paid by Agencourt and Applied Biosystems to license other patents comparable to the Macevicz patents;

"The commercial relationship between the Solexa, Agencourt and Applied Biosystems, such as whether or not they are competitors in the same territory in the same line of business;"

"The extent to which Agencourt and Applied Biosystems have made use of the inventions; and any evidence that shows the value of that use;"

"The amount that a licensor (such as Solexa) and a licensee (such as Agencourt and Applied Biosystems) would have agreed upon (at the time the infringement began) if both sides had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to use the patented inventions—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a patentee who was willing to grant a license; and"

## ARGUMENT

As noted above with regard to Disputed Instruction No. 7, Solexa contends seeks damages from both Agencourt and Applied Biosystems's activities. Each infringing actor is subject to a different hypothetical negotiation, thus necessitating including references to "Agencourt" in the *Georgia Pacific* factors (as reproduced above). For the reasons stated above, Solexa should be permitted to provide the jury with an instruction that accurately tracks the facts of this case.

SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)
CASE NO: 07-CV-02845 WHA

16

| | |
|---|---|
| Dated: August 29, 2008 | Respectfully submitted, |
| | /s/   John R. Labbé |
| | THOMAS I. ROSS (admitted *pro hac vice*) |
| | KEVIN M. FLOWERS (admitted *pro hac vice*) |
| | JEFFREY H. DEAN (admitted *pro hac vice*) |
| | MARK H. IZRAELEWICZ (admitted *pro hac vice*) |
| | JOHN R. LABBE (admitted *pro hac vice*) |
| | CULLEN N. PENDLETON (admitted *pro hac vice*) |
| | MARSHALL, GERSTEIN & BORUN LLP |
| | 6300 Sears Tower |
| | 233 South Wacker Drive |
| | Chicago, Illinois 60606-6357 |
| | (312) 474-6300 (telephone) |
| | (312) 474-0448 (facsimile) |
| | E-Mail: tross@marshallip.com |
| | E-Mail: kflowers@marshallip.com |
| | E-Mail: jdean@marshallip.com |
| | E-Mail: mizraelewicz@marshallip.com |
| | E-Mail: jlabbe@marshallip.com |
| | E-Mail: cpendleton@marshallip.com |
| | |
| | Counsel for Defendants |
| | ILLUMINA, INC., SOLEXA, INC., |
| | and STEPHEN C. MACEVICZ |

**SOLEXA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED DISPUTED JURY INSTRUCTIONS (PHASE II)**
**CASE NO: 07-CV-02845 WHA**

17