THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff/counterdefendant,<br><br>- vs. -<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants/counterclaimants. | Case No. 07-CV-02845 WHA<br><br>Judge William H. Alsup<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DISPUTED JURY INSTRUCTIONS FOR PHASE 1 OF TRIAL**<br><br>Final Pretrial Conference: Sept. 8, 2008<br>Time: 2:00 P.M.<br><br>Trial: Sept. 29, 2008<br><br>Courtroom 9, 19th Floor |

**Disputed Jury Instructions Nos. 6, 11, 12, 14**

Defendants propose that their defense contentions be listed at the end of instructions 6, 11, 12, and 14. This information would explain to the jury the basis for Defendants' defenses to each claim. Just as AB is entitled to have instructions about each of its claims against Defendants, the Court should allow the Defendants to explain its defenses to the jury, as well.

**Disputed Jury Instruction No. 7**

AB's proposed jury instruction No. 7 relates to California Labor Code § 2870. Macevicz will not rely upon § 2870 at trial as a defense to AB's breach of contract claim. Accordingly, this instruction is irrelevant and would be confusing to the jury. Another instruction provides the jury with the relevant exception criteria under paragraph 2 of Macevicz's Employee Invention Agreement. Macevicz claims that his inventions fell within these exception criteria. He does not assert that the Employee Invention Agreement is invalid or unenforceable under § 2870. Paragraph 7 of the Employee Invention Agreement does not "incorporate" § 2870 into the agreement. Rather, paragraph 7 contains a savings clause that refers to § 2870. But Macevicz will not rely on § 2870 at trial.

**Disputed Jury Instruction No. 13**

The Court should reject AB's instruction regarding constructive fraud because it does not sufficiently emphasize the requirement that AB be misled to its prejudice, which is an essential element of constructive fraud, explicitly required by statute. The first paragraph of California Civil Code § 1573 defines constructive fraud arising from a breach of duty as follows:

> Constructive fraud consists:
>
> 1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him.

In applying this statute, courts have recognized that constructive fraud requires a showing that the plaintiff was misled to his or her prejudice. *See Warren v. Merrill*, 143

Cal. App. 4th 96, 109 (2006) (affirming trial court's judgment finding constructive fraud where "constructive fraud arises on breach of duty by one in a fiduciary duty who misleads another to his prejudice"); *Tyler v. Children's Home Society*, 29 Cal. App. 4th 511, 548-549 (1994) (affirming trial court entry of judgment against plaintiffs on cause of action for constructive fraud because "constructive fraud requires a showing that the plaintiff was misled to his or her prejudice"). "Actual reliance and causation of injury must be shown." *Id.* at 548.

Plaintiff's proposed jury instruction is based on a Matthew Bender model because constructive fraud is not addressed in the model CACI instructions. But the Mathew Bender instruction disregards the key element of misleading as required by the statute. AB has agreed to insert the "misleading" element in one sentence in the instruction, but it should also be included in the introduction to the instruction. The Mathew Bender instruction directly equates constructive fraud with a breach of fiduciary duty. Strangely, the Mathew Bender treatise primarily relies upon a case that held that a "constructive fraud arises on a breach of duty by one in a fiduciary relationship who misleads another to his prejudice." 3-19A California Forms of Jury Instruction MB 1900A.05 (citing *Warren v. Merrill*, 143 Cal. App. 4th 96, 109 (2006)). Accordingly, the Court should adopt the Defendants proposed instruction, which places the proper emphasis on the "misleading" element, which distinguishes the tort of fraud from other torts.

**Disputed Jury Instruction No. 15**

AB's proposed conversion instruction, although based on the CACI model, omits one key point especially relevant in this case. The Supreme Court of California has said: "Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion." *Moore v. Regents of the Univ. of Cal.*, 793 P.2d 479, 488 (Cal. 1990) (quoting *Del E. Webb Corp. v. Structural Materials Co.*, 176 Cal. Rptr. 824, 833 (Cal. Ct. App. 1981)). Although a "right to possession" may typically be the same as actual possession, in this case, the term "right to possession" may confuse the jury. The jury may mistakenly believe that if Dr. Macevicz was obligated

to assign his inventions to AB, then AB would have a "right to possess" the inventions. But just because AB might be a beneficiary under its Employee Invention Agreement with Dr. Macevicz, it did not have a "right to possess" Dr. Macevicz's inventions unless he actually assigned them to him. For instance, in *Del E. Webb*—the case the Supreme Court of California quoted in *Moore*—a general contractor sued a supplier of roofing materials for both breach of an oral contract and conversion when the supplier failed to deliver roofing supplies for which the general contractor had already paid. *Del E. Webb Corp. v. Structural Materials Co.*, 176 Cal. Rptr. 824, 827-28 (Cal. Ct. App. 1981). Although the contractor had already paid for the supplies, the court found that he could not sustain a claim against the supplier for conversion because the contractor never owned or possessed the supplies. Rather, the contractor's "checks represented payment for materials to be delivered in the future." *Id.* at 833. Accordingly, although the contractor could sustain a claim for a breach of an oral contract, he could not sustain his claim for conversion. *Id.* To avoid any confusion for the jury, the Court should adopt the Defendants' modification to the CACI model instruction.

**Disputed Jury Instruction No. 17**

Defendants' proposed jury instruction 17 is modeled on CACI 611. The only dispute is whether it should be used at this trial. Macevicz is entitled to rely upon California Code of Civil Procedure § 340.6, which sets forth a special four-year statute of limitations within which actions against an attorney for any "wrongful act or omission, other than for actual fraud" must be commenced. Cal. Civ. Proc. Code § 340.6 (four-year statute of limitations). The statute applies for both tort claims and breach of contract claims against an attorney related to the attorney's professional services. *Stoll v. Superior Court*, 12 Cal. Rptr. 2d 354, 357 (Cal. Ct. App. 1992) (applying section 340.6 to breach of fiduciary duty claim against an attorney); *Southland Mech. Constructors Corp. v. Nixen*, 173 Cal. Rptr. 917, 924 (Cal. Ct. App. 1981) (holding that section 340.6 applies to breach of contract claims against an attorney).

For example, in *Stoll* the court decided that this statute applied to a breach of fiduciary duty claim against an attorney who had been retained to assist a client in purchasing property for a ski resort. *Id.* In that case, the attorney failed to disclose to his client that he had a conflict of interest because he had previously entered a "finder's fee agreement" with another party to assist with the sale of the ski resort that the client ultimately purchased. *Id.* at 355. After a careful consideration of the legislative intent and policy justifications underlying section 340.6, the court reversed the trial court's application of the "catch-all" four-year statute of limitations found in California Code of Civil Procedure § 343. *Id.* at 357. The Court held, and the courts since have agreed, that an action against an attorney complaining of a breach of fiduciary duty is governed by the one-year rule in section 340.6 because the statute applies to any claim against an attorney other than for actual fraud. *Id.* at 354, 357; *see also Quintilliani v. Mannerino*, 72 Cal. Rptr. 2d 359, 367-68 (Cal. Ct. App. 1998) (applying one-year statute of limitations to breach of fiduciary duty claim against an attorney); *Southland*¸ 173 Cal. Rptr. 917, 924 (Cal. Ct. App. 1981) (applying § 340.6 to actions in contract, as well as in tort).

**Disputed Jury Instruction No. 18**

Defendants object to AB's proposed paragraph regarding imputed knowledge of an employee, and Defendants proposed alternative language. The jury will probably be unfamiliar with the concept of imputed knowledge or how a corporate entity (which cannot itself think or have knowledge) can acquire knowledge through the knowledge of its employees. Defendants' proposed instruction regarding imputed knowledge is simple and fair.

The Supreme Court of California has explained imputed knowledge as follows: "The principal is charged with knowledge which his agent acquires before the commencement of the relationship when that knowledge can *reasonably* be said to be present in the mind of the agent while acting for the principal." *O'Riordan v. Federal Kemper Life Assurance*, 36 Cal. 4th 281, 288 (2005) (quoting *Columbia Pictures Corp. v. DeToth*, 87 Cal. App. 2d 620, 631 (1948)) (emphasis added). Defendants' proposed instruction is based on this language. AB attempts to raise the burden of proof in this instruction by using the lan-

guage "clearly shown," although this instruction should not be governed by the clear and convincing standard of proof.

Defendants further object to including in this instruction that "knowledge of an AB employee may not be attributed to AB if it would be a violation of the employee's professional or ethical duties to communicate the knowledge to AB." AB only cites one case from 1894 for this proposition. But the *Wittenbrock* case stands only for the unremarkable proposition that an agent may not communicate information to his principal if doing so would "breach a professional confidence" owed to another. *Wittenbrock v. Parker*, 102 Cal. 93, 103 (1894). Defendants will not contend that Vince Powers or any other AB employee should have breached a confidence owed to another client. Defendants need only show that Dr. Powers's knowledge about public facts was imputed to AB. The fact that Macevicz's patents had issued became public knowledge once they issued. Accordingly, giving this instruction would simply confuse the jury. If such an instruction must be given, it should tell the jury that communicating public information would not violate a lawyer's professional or ethical duties.

**Disputed Jury Instruction No. 19**

The Court should reject AB's proposed jury instruction regarding the ethical duties of an attorney to a former client because it will only confuse the jury. The Defendants will not argue at trial that Dr. Powers should have disclosed confidential information to AB. Rather, the Defendants will only argue that publicly available information in the mind of Dr. Powers about the issuance of the Macevicz patents was imputed to AB. The jury will be further confused by the complexity of AB's proposed instruction. Only the very last clause of the instruction even arguably has any relevance to this case, and that sentence merely begs the question about which the jury needs instruction. According to that sentence, a lawyer may not "reveal information relating to [a prior] representation except as these Rules would permit or require with respect to a client." This instruction will only serve to confuse the jury. The jury will not know what the rules would otherwise permit.

Because the Defendants will not argue that Dr. Powers should have divulged confidential information to AB, the Court should not give AB's proposed instruction about a lawyer's ethical duties to a former client because it will only confuse the jury.

**Disputed Jury Instruction No. 20**

AB's propose instruction regarding compensatory damages has three defects: 1) It fails to instruct the jury that it may not award damages based on Macevicz's conduct; 2) it tells the jury that it may award attorney fees as damages, when it may not; and 3) it fails to instruct the jury regarding the specific requirements for any particular kind of damages.

First, the Court should instruct the jury that it may not consider Dr. Macevicz's actions when awarding damages. AB's complaint does not include claims for damages against Dr. Macevicz, and the Court has refused to allow AB to amend its pleading to seek damages. But AB will argue extensively at trial about Macevicz's alleged wrongful conduct. Accordingly, the Court should instruct the jury that it may not consider Macevicz's wrongful conduct when awarding damages.

Second, the damages instruction must not say that the jury can award attorney fees or litigation costs as damages. Such an instruction would be directly contrary to California law, which follows the American Rule. During jury instruction negotiations, the only law that AB cited to justify its demand for attorney fees as damages was California Civil Code § 3336, which provides that the remedy for conversion may include a "fair compensation for the time and money properly expended in pursuit of the property."[1] But California Civil Procedure Code § 1021 provides that attorney fees may not be awarded as damages "[e]xcept as attorney's fees are specifically provided for by statute." *Haines v. Parra*, 239 Cal. Rptr. 178, 181 (Cal. Ct. App. 1987) ("Expenses 'incurred in preparation for litigation and not in pursuit of property' cannot be allowed as damages under Civil Code section 3336."); *Russell v. United Pac. Ins. Co.*, 29 Cal. Rptr. 346, 354 (Cal. Ct. App. 1963) ("Sec-

[1] Indeed, AB has not cited any law to justify its deviation from the model in its proposed instruction.

tion 3336 of the Civil Code, which sets out the measure of damages in conversion actions, does not expressly provide for attorneys' fees for the converting of property. It has long been held that such fees are not within the rule of damages provided for by that section.").

Finally, AB's proposed instruction regarding compensatory damages fails to spell out the specific forms of damages, other than attorney fees, that AB seeks. Under the model CACI instructions, AB's proposed instruction is only intended to be an introduction to compensatory damages. For instance, if AB intends to seek "disgorgement damages" at trial, it should have proposed a specific instruction about how the jury can calculate those damages. Because AB has failed to provide specific instructions to explain the nature of damages that it seeks, the Court should bar AB from seeking damages beyond those explained in its proposed jury instruction.

**Disputed Jury Instruction No. 21**

For the reasons described regarding Disputed Jury Instruction No. 20, AB may not recover attorney fees or litigation expenses as damages. Accordingly, the Court should give CACI model instruction 3964, which instructs the jury not to include attorney fees or litigation expenses in its damages award.

**Disputed Jury Instruction No. 22**

The Court should give CACI model instruction 3924 during the first phase of the trial instructing the jury not to include punitive damages as part of its damages award. The punitive damages determination should be bifurcated with the jury first determining whether AB is entitled to punitive damages and then determining the amount of punitive damages. Accordingly, the Court should instruct the jury during the first phase that it may not include punitive damages as part of its damages award.

Dated: August 29, 2008

Respectfully submitted,

/s/ John R. Labbé

THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ