THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No. 07-CV-02845 WHA |
|  | Judge William H. Alsup |
| Plaintiff/counterdefendant, | **DEFENDANTS' PROPOSED SPECIAL VERDICT FORM FOR PHASE I** |
| - vs. - |  |
| ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | Final Pretrial Conference: Sept. 8, 2008 Time: 2:00 P.M. |
|  | Trial: Sept. 29, 2008 |
| Defendants/counterclaimants. | Courtroom 9, 19th Floor |

1    The Defendants attach their proposed Special Verdict Form for Phase I of trial as

2  Exhibit A hereto. The parties have been unable to reach agreement on a Joint Special Ver-

3  dict Form.

4    AB's proposed verdict form is deficient for three major reasons.

5    First, AB's form fails to separate its breach of contract claim between paragraph 7

6  and paragraph 2 of the Employee Invention Agreement ("Invention Agreement"). The

7  jury's verdict will be unclear if it is only asked to determine whether Macevicz breached

8  the agreement. Instead, it is important that the jury decide separately whether Macevicz

9  breached the notice provision of paragraph 7 of the Invention Agreement and/or whether he

10  breached the assignment provision of paragraph 2 of the Invention Agreement. Macevicz's

11  breach of the notice provision alone could not form the basis for an order awarding AB the

12  patents-in-suit. To the extent that Dr. Macevicz's failure to give written notice was a tech-

13  nical breach of the Invention Agreement, AB has no remedy. Even if Dr. Macevicz cur-

14  rently held title to his disputed inventions (which he does not), his mere failure to give

15  written notice about those inventions (assuming that he was not obligated to assign them to

16  AB) would not form a basis for injunctive relief. Moreover, under U.S. patent law, the

17  "general rule is that an individual owns the patent rights to the subject matter of which he is

18  an inventor, even though he conceived it or reduced it to practice in the course of his em-

19  ployment." *Banks v. Unisys Corp.*, 228 F.3d 1357, 1359 (Fed. Cir. 2000). The only excep-

20  tion to this rule is where the employee and employer have a contractual obligation to the

21  contrary. *Id.* The notice requirement of paragraph 7, however, does not create such an obli-

22  gation.

23    Second, AB's form fails to recognize the California statute governing actions

24  against attorneys, and its associated, specific statute of limitations.  If the jury should find

25  that the attorney statute of limitations applies, then Dr. Macevicz has no liability in this

26  case; however, the attorney statute of limitations does not apply to Illumina and Solexa.

27  Accordingly, the Defendants' form includes two separate questions on statute of limita-

28  tions.

---

**DEFENDANTS' PROPOSED SPECIAL VERDICT FORM**
**CASE NO: 07-CV-02845 WHA**

1    Third, Defendants' proposed form omits any questions about damages because the

2    Defendants do not believe that AB may seek damages in this case. (*See* Defendants' Mo-

3    tion in Limine No. 1.) AB has never provided fact or expert discovery to substantiate its

4    damages claims. Moreover, AB's proposed compensatory damages instruction is inade-

5    quate to instruct the jury on how much damages to award.

6    Finally, AB's proposed form omits the bona-fide purchaser for value affirmative de-

7    fense for Illumina and Solexa.

8

9    Dated: August 29, 2008                 Respectfully submitted,

10                                      /s/   John R. Labbé
                                      THOMAS I. ROSS (admitted *pro hac vice*)
11                                     KEVIN M. FLOWERS (admitted *pro hac vice*)
                                      JEFFREY H. DEAN (admitted *pro hac vice*)
12                                     MARK H. IZRAELEWICZ (admitted *pro hac vice*)
                                      JOHN R. LABBE (admitted *pro hac vice*)
13                                     CULLEN N. PENDLETON (admitted *pro hac vice*)
                                      MARSHALL, GERSTEIN & BORUN LLP
14                                     6300 Sears Tower
                                      233 South Wacker Drive
15                                     Chicago, Illinois 60606-6357
                                      (312) 474-6300 (telephone)
16                                     (312) 474-0448 (facsimile)
                                      E-Mail: tross@marshallip.com
17                                     E-Mail: kflowers@marshallip.com
                                      E-Mail: jdean@marshallip.com
18                                     E-Mail: mizraelewicz@marshallip.com
                                      E-Mail: jlabbe@marshallip.com
19                                     E-Mail: cpendleton@marshallip.com

20                                     Counsel for Defendants
                                      ILLUMINA, INC., SOLEXA, INC.,
21                                     and STEPHEN C. MACEVICZ

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED SPECIAL VERDICT FORM
CASE NO: 07-CV-02845 WHA

2