1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   APPLERA CORPORATION-APPLIED
     BIOSYSTEMS GROUP, a Delaware
11   corporation,                                          No. C 07-02845 WHA

12              Plaintiff,

13      v.                                                 **ORDER RE SOLEXA'S MOTION**
                                                           **FOR CLARIFICATION AND**
14   ILLUMINA, INC., a Delaware corporation,               **RECONSIDERATION OF SUMMARY**
     SOLEXA INC., a Delaware corporation,                  **JUDGMENT ORDER**
15   and STEPHEN C. MACEVICZ, an
     individual
16
                Defendants.
17   _____/

18
          The Court has received Solexa's motion for clarification and for leave to file a motion
19
     seeking reconsideration of the Court's order dated August 22, 2008 (Dkt. 232), and Applied's
20
     response thereto. As an initial matter, the Court only intended its order granting in part and
21
     denying in part Applied's motion for summary judgment of non-infringement to apply to
22
     Applied's two-base encoding devices — *not* its prototype one-base version. The Court reserves
23
     the issue of infringement on all asserted patents with respect to the one-base system for trial.
24
          Next, Solexa requests reconsideration of the Court's ruling that it waived its doctrine of
25
     equivalents infringement contention as to the '341 and '597 patents. That motion is denied. To
26
     start, Solexa has not even attempted to justify its motion pursuant to Civil Local Rule 7-9(b),
27
     which provides that the party moving for reconsideration must show:
28
                     (1) That at the time of the motion for leave, a material
                     difference in fact or law exists from that which was presented
                     to the Court before entry of the interlocutory order for which

**United States District Court**
For the Northern District of California

1    reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for

2    reconsideration did not know such fact or law at the time of the interlocutory order; or

3

4    (2) The emergence of new material facts or a change of law occurring after the time of such order; or

5    (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court

6    before such interlocutory order.

7    None of these requirements were discussed by Solexa. For that reason alone, the motion should

8    be denied.

9    In addition, the fact remains that Solexa made no argument even remotely relating to

10   the doctrine of equivalents in its briefing. Solexa does not dispute this. Instead, Solexa argues

11   that Applied did not put Solexa on notice that the doctrine of equivalents was an issue on the

12   motion. In their words, "[t]here was simply no substance to which Solexa had to respond" (Br.

13   6). This is far from the truth. Applied's moving papers should have put Solexa well on notice

14   that equivalency was an issue. For over a page, Applied argued that Solexa was precluded

15   from arguing for infringement based on equivalency. Solexa gave no response. Nor did it

16   raise any direct infringement argument based on equivalency. Accordingly, Solexa's motion

17   for leave to file a motion seeking reconsideration is **DENIED**.

18

19        **IT IS SO ORDERED**.

20

21   Dated:  September 2, 2008.

22   WILLIAM ALSUP
     UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

2