IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLERA CORPORATION-APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual<br><br>  Defendants. | No. C 07-02845 WHA<br><br>**FINAL PRETRIAL ORDER** |

**FOR GOOD CAUSE** and after a final pretrial conference, the Court issues the following final pretrial order:

1. Subject to trailing, this case shall go to a **JURY TRIAL** on **SEPTEMBER 29, 2008**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

2. Rulings on the motions *in limine* shall be summarized jointly by counsel and submitted by September 19, 2008.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order

*in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

    4.    The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

    5.    A jury of **TEN PERSONS** shall be used.

    6.    Each side shall have **TWENTY HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit. In setting this limit, the Court has carefully considered the witness summaries provided for the final pretrial conference. The Court also took into account the competing demands on the Court's calendar and the need to reduce the burden on the members of the jury who will decide the case.

    7.    The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

    8.    At the trial, the jury shall be told that the trial will be in two phases. The first phase will be all issues on the complaint (and defenses). The jury will then render a verdict. Possibly, this will also resolve any standing issues as to the counterclaim as well. We then will proceed promptly with the same jury to the counterclaims (and defenses). Unless and until necessary, the jury will not be told how the verdict in phase one will impact phase two. The jury will then render a verdict on the counterclaim issues. The parties will each have up to a maximum of nine hours for phase one. Any time not used during phase one may be used in phase two. The Court will decide before phase two whether or not to request an advisory opinion from the jury on the issue of inequitable conduct.

**IT IS SO ORDERED.**

Dated: September 9, 2008.

                                            WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE