BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com; EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com; SComer@mofo.com; BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   C07 02845 WHA<br><br>**APPLERA CORPORATION— APPLIED BIOSYSTEMS GROUP'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 REGARDING HARMLESSNESS OF INTRODUCING BRENNAN PATENT AS PART OF '119 PATENT INVALIDITY DEFENSE**<br><br>Trial Date: September 29, 2008<br>Time:       7:30 a.m.<br>Place:      Courtroom 9, 19th Floor<br>Judge:     William H. Alsup |

AB'S BRIEF RE HARMLESSNESS OF DISCLOSURE OF BRENNAN PATENT
Case No. C07 02845 WHA
sd-441316

Applied Biosystems ("AB") respectfully submits this supplemental memorandum in opposition to Defendant's Motion in Limine No. 5 to exclude reference to the "Brennan" patent as part of AB's argument that claim 1 of the '119 patent is obvious.

## I. INTRODUCTION

The issue before the Court is whether AB's May 30, 2008 detailed disclosure of the Mag/Brennan combination in its expert reports, rather than its April 11, 2008 Final Invalidity Contentions, was harmless under Federal Rule of Civil Procedure 37(c). The late disclosure was harmless because: (1) there was no surprise to Illumina; (2) to the extent there was surprise, Illumina cured it through its expert report addressing the Mag/Brennan combination; (3) allowing the evidence will not disrupt the trial because the evidence will already be admitted for the '341 patent; (4) the Brennan reference is important to the case, and (5) AB's late disclosure was not done in bad faith.

## II. BACKGROUND

"Mag" refers to *Tetrahedron Letters* 33(48):7319-7322 (1992). It was disclosed to Illumina in AB's November 19, 2007 Preliminary Invalidity Contentions as invalidating both claim 1 of the '119 patent and claim 8 of the '341 patent. (Labbé Decl., Ex. 5, Dckt. No. 256-6 at 6, 9.) Claim 1 of the '119 patent claims a labeled probe with a phosphoramidate linkage. Claim 8 of the '341 patent claims a method of using the same probe. Illumina acknowledged this relationship in its trial brief:

> Claims 8 and 18 of the '341 patent recite, inter alia, that the extension probes contain a "phosphoramidate" linkage; because the AB probes used in the one-base-encoding version of the SOLiD System use a "phosphorothiolate" linkage, Solexa contends that claim 8 of the '341 patent is infringed under the Doctrine of Equivalents. . . . <u>There will likely be considerable overlap between the evidence offered regarding the "phosphoramidate" limitation in these claims and in claim 1 of the '119 patent.</u>

(Illumina's Trial Brief, Dckt. No. 281 at 19 (emphasis added).) Mag teaches a probe containing the claimed phosphoramidate linkage. While the addition of a label is obvious based on Mag alone, AB also disclosed combining Mag with Brennan's labeled probe. (Labbé Decl., Exs. 3-4, Dckt. No. 256-4 at 8-9, 11, 18-19, 24; No. 256-5 at 12-13, 25, 29.)

AB'S BRIEF RE HARMLESSNESS OF DISCLOSURE OF BRENNAN PATENT        1
Case No. C07 02845 WHA
sd-378022

"Brennan" refers to U.S. Patent No. 5,403,708. The Brennan patent is not new to Illumina – it has played a central role in limiting the Macevicz patents. It was cited by the Examiner in rejecting claim 1 of the '341 patent. Macevicz's arguments to overcome Brennan were discussed by the Court in its Claim Construction ruling. (*See* Dckt. No. 133 at 14.) In AB's November 19, 2007 Preliminary Invalidity Contentions, AB listed the Brennan patent as an invalidating reference against 10 of 12 asserted claims. (Dckt. No. 256-6 at 2-9.) AB's Preliminary Invalidity Contentions also disclosed Mag in combination with a number of references, including Brennan as rendering claim 8 of the '341 patent obvious. (*Id.* at 6.)

AB was allowed to serve Final Invalidity Contentions (Dckt. No. 256-3) on April 11, 2008, because Solexa filed Final Infringement Contentions following the Court's Claim Construction Order. *See* Patent L.R. 3-6(b)(1). AB again disclosed Mag and Brennan as rendering claim 8 of the '341 patent obvious. (Dckt. No. 256-3 at 9.) AB also disclosed the Mag reference as invalidating claim 1 of the '119 patent. (*Id.* at 13.) AB's Final Invalidity Contentions should have also included the express combination of Mag and Brennan in the section regarding claim 1 of the '119 patent. AB did not make the express disclosure of the Mag/Brennan combination until the following month when it served its May 30, 2008 expert reports of Drs. Michael Metzker and Ross Sibson. (Dckt. No. 256-4 at 8-9, 11, 18-19, 24; No. 256-5 at 12-13, 25, 29.) Dr. Metzker's report discusses seven prior art references (including Mag and Brennan) and describes how the seven references render invalid the twelve asserted claims from the three Macevicz patents. His report includes a section entitled "Claim 1 of the '119 patent is obvious over Mag," which includes a discussion of how the Brennan reference provides knowledge of using a phosphorothioate linkage in extension oligonucleotides. (Dckt. No. 256-5 at 29 (noting that "one of ordinary skill in the art would have considered claim 1 of the '119 patent to be obvious over Mag with the teachings of Brennan").) The Expert Report of Ross Sibson contains a similar section entitled "Claim 1 is Obvious Over the Mag Article in View of the Brennan Patent." (Dckt. No. 256-4 at 26.)

Illumina hired Dr. Keith Backman to submit an expert report in response to the reports by Drs. Metzker and Sibson. Dr. Backman did not start working on the case until "Spring," which

1  he estimated to be March 2008.  (*See* Accompanying Declaration of Brian M. Kramer ("Kramer

2  Decl."), Ex. 1, Backman Depo. at 6:7-17.)  Dr. Backman did not list AB's Preliminary Invalidity

3  Contentions or Final Invalidity Contentions as documents he relied on in forming his opinions

4  about the validity of the patents.  (*Id.*, Ex. 2, Backman 06/13/08 Expert Report at 1-2.)  Nor did he

5  mention them at his deposition.  Instead, he only considered the expert reports of Drs. Metzker

6  and Sibson.  (*Id.*)  At the pretrial conference, counsel for Illumina told the Court that Dr.

7  Backman stated in his expert report that AB did not put the Mag/Brennan combination in its

8  invalidity contentions and that he did not have time to fully consider it.  (*Id.,* Ex. 3 at 87:15-23.)

9  He said no such thing.  Dr. Backman did not even consider the Invalidity Contentions—he relied

10  solely on the expert reports that disclosed Mag/Brennan against claim 1 of the '119 patent.

### III.  ARGUMENT

The Ninth Circuit has not adopted a formula for assessing whether a late disclosure was "substantially justified or harmless," but the Fourth Circuit's test in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596-98 (4th Cir. 2003), has been applied in at least one other patent case in this Circuit.  *See Dey. L.P. v. Ivax Pharms., Inc.*, 233 F.R.D. 567, 571-72 (C.D. Cal. 2005) (applying the "*Sherwin-Williams* factors" and finding that exclusion of evidence was not warranted).  In *Sherwin-Williams* the Court of Appeals suggested that district courts consider five factors when determining whether to exclude evidence under Rule 37(c): (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it failure to disclose the evidence.  *Southern States Rack & Fixture*, 318 F.3d at 596-98.  Consideration of the five factors weighs in favor of a finding that disclosing the Mag/Brennan combination by May 30, 2008, as opposed to April 11, 2008, was harmless.

### A.  Illumina Was Not Surprised By the Brennan Patent or the Combination of Brennan and Mag.

Illumina knew about the Brennan patent.  Brennan was a key prior art reference in the prosecution history, and this Court's claim construction order cited Macevicz's arguments made

to the PTO to overcome Brennan.  AB's Preliminary and Final Invalidity Contentions cite the Brennan patent as rendering 10 of the 12 asserted claims invalid.

Mag was disclosed in November 2007 as a reference that renders claim 1 of the '119 patent anticipated and obvious.  (Dckt. No. 256-6, Preliminary Invalidity Contentions at 9.)  Both Mag and Brennan were disclosed as prior art references rendering claim 8 of the '341 patent invalid.  (*Id.* at 6.)  While Mag and Brennan were two of five references cited for that proposition (*id.*), considering Mag and Brennan together at the same time is not something that could be considered a "surprise" to Illumina when it saw the express Mag/Brennan combination with respect to the '119 patent on May 30, 2008.

### B. Any Surprise Was Cured By Having an Expert Prepare a Report on the Mag/Brennan Combination.

Illumina's expert, Dr. Backman, prepared an expert report setting forth in detail his opinion that the Mag/Brennan combination does not render claim 1 of the '119 patent obvious.  He discusses the Brennan patent throughout the entire report.  He first discusses the Mag/Brennan combination in the context of claim 8 of the '341 patent.  Specifically, in a two-page section entitled "Specific rebuttals to Drs. Metzker and Sibson's arguments that Brennan rendered claim 8 of the '341 patent obvious," Dr. Backman opines that "Whether Mag taught a phosphoramidate linkage does not in any way cure the underlying defect of Brennan with respect to the obviousness . . . ." (Kramer Decl., Ex. 2, Backman Report at 41-43.)  Dr. Backman includes another section entitled "Claim 1 of the '119 patent was not obvious to one of ordinary skill in the art in 1994-95."  (*Id.* at 82-86.)  That section includes a discussion starting with the topic sentence:  "One of ordinary skill in the art would not have been motivated to combine the Mag and Brennan references in the way argued by Drs. Metzker and Sibson, i.e., to label the probes of Mag, because Mag did not teach or suggest that the dodecamer discussed in Mag would be useful for DNA sequencing."  (*Id.* at 84-86, ¶ 290.)

### C. Introducing the Mag/Brennan Combination Will Not Disrupt Trial.

Regardless of Illumina's motion in limine, AB is going to at least argue that Mag alone renders invalid claim 1 of the '119 patent.  And it will argue that the Mag/Brennan combination

will renders claim 8 of the '341 patent obvious.  Illumina does not claim that AB did not adequately disclose the Mag/Brennan combination for claim 8 of the '341 patent.  (Dckt. No. 256-6, Preliminary Invalidity Contentions at 6.)  Illumina admits in its trial brief that "[t]here will likely be considerable overlap between the evidence offered regarding the "phosphoramidate" limitation in these claims [claims 8 and 18 of the '341 patent] and in claim 1 of the '119 patent." (Dckt. No. 281 at 19.)  That is correct.  Because the Mag/Brennan combination is already going to be part of the trial, AB's additional argument that the same combination renders claim 1 of the '119 patent invalid will not disrupt the trial.

### D. The Mag/Brennan Combination is Important to AB's Case.

The parties' dispute over this issue signifies the importance of the Mag/Brennan combination to AB's invalidity defenses.  AB intends to argue that the Mag/Brennan combination renders claim 8 of the '341 patent obvious.  AB should not be excluded from arguing that it also renders the '119 patent obvious.

### E. AB's Explanation for Its Failure to Disclose Should Not Preclude it From Introducing Brennan Regarding the '119 Patent at Trial.

AB's failure to disclose Mag/Brennan as an obviousness combination against claim 1 of the '119 patent until May 30, 2008, was an inadvertent oversight.  It was not purposeful, or an attempt to sandbag Illumina, as proven by AB's disclosure of the Mag/Brennan combination with respect to claim 8 of the '341 patent.  Regardless, according to the Advisory Committee Notes to Rule 37(c), "[e]ven if the failure [to disclose] was not substantially justified, a party should be allowed to use the material that was not disclosed if the lack of earlier notice was harmless." (Fed. R. Civ. P. 37 (c)(1) Advisory Committee Notes (2000).)  Therefore, even if AB had no explanation why it failed to list the Brennan patent in the '119 patent section of its Invalidity Contentions, it should not be excluded because the late disclosure was harmless.  The Court should deny Illumina's Motion in Limine No. 5 and allow AB to discuss the Brennan patent with respect to invalidity of claim 1 of the '119 patent.

Dated: September 12, 2008         Morrison & FOERSTER LLP

By:  /s/ Brian M. Kramer
     Brian M. Kramer

AB'S BRIEF RE HARMLESSNESS OF DISCLOSURE OF BRENNAN PATENT   5
Case No. C07 02845 WHA
sd-378022