THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, <br><br> Plaintiff/Counterdefendant, <br><br> - vs. - <br><br> ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, <br><br> Defendants/Counterclaimants. | Case No. 07-CV-02845 WHA <br><br> District Judge William H. Alsup <br><br> **DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 5** |

At the Final Pretrial Conference on September 8, 2008, this Court granted Defendants' Motion in Limine No. 5 to preclude AB's argument regarding obviousness of claim 1 of the '119 patent in view of the Mag and Brennan references, but invited the parties to file supplemental briefs to address whether AB's failure to disclose its Mag-plus-Brennan argument in its Preliminary and Final Invalidity Contentions was not harmless under Fed. R. Civ. P. 37(c)(1).[1] AB cannot prove that its violation of the Local Patent Rules was harmless for at least the reasons explained below.

## ARGUMENT

This Court's Local Patent Rules required AB to disclose all of its invalidity arguments to Solexa early in this case, and to diligently amend those contentions if and when new information came to light.[2] AB took the opposite approach: it neither disclosed its Mag-plus-Brennan obviousness argument regarding claim 1 of the '119 patent in its Preliminary or Final Invalidity Contentions,[3] nor moved to amend its Invalidity Contentions to include that new argument.

Rule 37(c)(1) provides that a preclusion sanction shall be imposed unless the party failing to disclose the information acted with substantial justification or its failure to

---

[1] *See* Docket No. 285 (Minute Order of September 11, 2008) ("Defendant's Motions: . . . #5 – Granted, for now, but each side can submit 5 page brief on it by 9/12/08."); *See also* Exhibit 1 to Declaration of Mark H. Izraelewicz in Support of Defendants' Supplemental Brief in Support of Motion in Limine No. 5 ("Izraelewicz Decl.") ((Rough) Transcript of Final Pretrial Conference) at 98, lines 9-16 ("Court: 'Here's the way we are going to deal with this. The burden is on you. You [AB] are the one that goofed up. So, this is excluded for now. But I'm going to give you one last chance. And that is, by the end of the week, on Friday at noon, both sides can submit up to five pages on -- to explain why this should -- is or is not harmless. And burden -- if it's a close call, and the burden is on you [AB], you are going to lose this.'")

[2] Patent L.R. 3-3 (Dec. 2000); *02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-1366 (Fed. Cir. 2006) (the purpose of this requirement is to "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed") (*id.* at 1366, n. 12).

[3] Which AB served on November 19, 2007 and April 11, 2008, respectively.

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 5
CASE NO: 07-CV-02845 WHA
CASE NO: 07-CV-02845 WHA

disclose was harmless.[4] "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness,"[5] and at the Final Pretrial Conference this Court held that AB's only possible chance to avoid preclusion is to prove that its violation of the Local Patent Rules was harmless.

AB cannot satisfy its burden to show that its "hide-the-ball" tactic was harmless. AB cannot prove its tactic was harmless because in withholding this argument from Solexa until after discovery had closed, AB prevented Solexa from undertaking <u>any</u> discovery regarding this argument. Had AB not violated the Local Patent Rules, Solexa would have had the benefit of up to six months of discovery to consider and investigate AB's new argument, six months during which Solexa could have sought documents (from both AB and the public record) that could be used to rebut the argument and could have conducted a 30(b)(6) deposition of AB and/or served interrogatories that would have required AB to explain why one of skill in the art would have been motivated to combine Mag and Brennan. Because AB violated the Local Patent Rules, Solexa was completely foreclosed from pursuing any of these discovery options, and instead had only two weeks in which to work with its expert, Dr. Backman, to consider and formulate a rebuttal to the argument (while also formulating responses to all of the other arguments in AB's opening expert reports). The prejudice to Solexa resulting from AB's conduct is manifest.

AB's argument that Solexa was not prejudiced by the "six week gap between the invalidity contentions and the more descriptive expert reports"[6] asks this Court to ignore the fact that Solexa was precluded from engaging in <u>any</u> discovery regarding AB's undisclosed argument. Although AB tries to minimize the importance of Solexa's use of fact discovery, Solexa was indisputably harmed in not being able to seek documents, propound interrogatories, and depose witnesses regarding AB's undisclosed argument.

---

[4] Fed. R. Civ. P. 37(c)(1).

[5] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

[6] Docket No. 261 (AB's Opposition to Defendants' MIL No. 5) at 3, lines 2-3.

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 5
CASE NO: 07-CV-02845 WHA

2

Instead, Solexa was left with one option: the rebuttal expert report of Dr. Keith Backman. That the Scheduling Order provided for rebuttal reports two weeks after AB served its opening expert reports[7] (in which it first disclosed its new argument) cannot erase the harm caused by Solexa's inability to request documents, propound interrogatories, and depose AB regarding AB's new argument. For example, AB's own documents and/or depositions of AB's scientists might have shown that AB's scientists held views contrary to AB's legal counsel and retained experts regarding the Mag-plus-Brennan combination. These discovery tools, all of which were foreclosed by AB's improper withholding of its argument, could have yielded evidence to rebut AB's argument. AB never gave Solexa the opportunity to discover this information, and thus cannot now satisfy its burden of proving that Solexa was not harmed.

AB has offered no excuse for its failure to disclose its new argument or to seek leave to amend its Invalidity Contentions to include that argument. That is because there was no excuse. AB did not seek leave to amend its Invalidity Contentions because under the Local Patent Rules, AB would have been required to show "good cause" to amend its contentions.[8] The policy requiring a party to show "good cause" to amend its Invalidity Contentions is "decidedly conservative," and is designed to prevent a "shifting sands" approach to patent litigation.[9] "'Good cause' must include some evidence of a party's diligence, and an explanation for why an amendment was not included in the original."[10]

---

[7] Of course, the two-week period for rebuttal expert reports assumed the parties had disclosed their respective contentions in compliance with the Local Patent Rules.

[8] Local Patent Rule 3-7 provides that "[a]mendment or modification of…Preliminary or Final Invalidity Contentions…may be made only by order of the Court, which shall be entered only upon a showing of good cause."

[9] *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002).

[10] *Yodlee, Inc. v. Cashedge, Inc.*, 2007 WL 2261566, at *3 (N.D. Cal. August 06, 2007); *see also O2 Micro*, 467 F.3d at 1366 ("We agree with the Northern District of California that 'good cause' requires a showing of diligence.")

To establish "good cause" to amend its contentions, AB would have had to explain how it acted diligently, and why it did not timely disclose its Mag-plus-Brennan argument regarding '119 claim 1.[11] AB obviously could not have shown "good cause," because even at the Final Pretrial Conference earlier this week it could not argue that it was diligent or offer any excuse or explanation for its failure to disclose this argument.

AB's failure to timely disclose its obviousness argument during discovery was particularly egregious because, more than one month before the close of discovery, Solexa notified AB (in response to an AB interrogatory) that "Solexa interprets AB's failure to offer a second reference for use in an obvious analysis as a waiver of any argument at trial (or in AB's expert report(s)) as to the obviousness of claim 1 of the '119 patent based on any such combination."[12] Rather than respond to Solexa's explicit notice that AB had failed to provide a fulsome invalidity contention, AB waited until <u>after</u> discovery had closed to disclose its argument, and <u>never</u> sought leave to amend its contentions. This Court should not condone such gamesmanship.

In *Inamed Corp. v. Kuzmak*, 275 F. Supp. 2d 1100 (C.D. Cal. 2002), the defendant's interrogatory responses failed to state its trial defense that the settlement agreement was unenforceable because the attorney did not have his client's authority to settle.[13] Like AB, the defendant in *Inamed* was well aware of the issue, had no explanation for its late-disclosed contention, and took "no steps to advise Inamed of the defense or supplement its interrogatory response." In excluding the defendant's late-disclosed

---

[11] *Yodlee*, 2007 WL 2261566, at *3; *see also O2 Micro*, 467 F.3d at 1366 ("We agree with the Northern District of California that 'good cause' requires a showing of diligence."); *see also Cargill Inc. v. Progressive Dairy Solutions, Inc.*, 2008 WL 2235354, *9 (E.D. Cal. May 29, 2008) (Failure to disclose is not "substantially justified" under Fed. R. Civ. P. 37(c)(1) when proponent of evidence fails to explain why late-disclosed evidence was unavailable previously.).

[12] Exhibit 2 to Izraelewicz Decl. (Solexa's Response to AB's Second Set of Interrogatories, dated April 28, 2008) at 10, lines 12-16.

[13] *Inamed*, 275 F. Supp. 2d at 1117.

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 5
CASE NO: 07-CV-02845 WHA

4

contention, the Court reasoned that Inamed was harmed because it did not have the benefit of time that would have allowed for a more reasoned response to the new contention.[14]

Here, AB's withholding of its Mag-plus-Brennan obviousness contention ensured that Solexa would only have two weeks, rather than up to six months, to consider AB's argument and work with Dr. Backman to formulate a rebuttal argument. Coupled with the lack of any discovery on AB's contention, the harm to Solexa from AB's untimely disclosure is manifest.

## CONCLUSION

During fact discovery, Solexa unequivocally warned AB that AB's invalidity contention regarding obviousness of claim 1 of the '119 patent was insufficient, and challenged AB to supplement its contention. Despite this warning, and despite its admitted knowledge of its Mag-plus-Brennan obviousness argument at the time it served its Invalidity Contentions, AB never disclosed this argument during discovery.

The Patent Local Rules were designed to prevent AB from shifting its theories late in discovery, leaving Solexa with little time to conduct discovery on a new theory.[15] Not only did AB shift its theory regarding obviousness of claim 1 of the '119 patent, it did so after the close of discovery, such that Solexa had no time to conduct discovery.

In essence, AB seeks to evade the "good cause" burden it would have faced to amend its Invalidity Contentions, and seeks to "amend" its contentions at this late date without any showing of diligence or explanation for its late disclosure. This Court should not allow AB to profit from its conscious decision to violate the Local Patent Rules. The Court should maintain its grant of Defendants' Motion in Limine No. 5.

---

[14] *Id.* at 1118.

[15] *See O2 Micro,* 467 F.3d at 1365 ("Discovery is designed to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case.").

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 5**
**CASE NO: 07-CV-02845 WHA**

Dated: September 12, 2008          Respectfully submitted,

 /s/ Mark H. Izraelewicz
THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

*Attorneys for Defendants*

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 5**
**CASE NO: 07-CV-02845 WHA**