# Exhibit 1

```
                                              Pages 1 - ckck

                  UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
            BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

APPLERA CORPORATION-APPLIED   )
BIOSYSTEMS GROUP, A Delaware  )
Corporation,                  )
                              )
              Plaintiff,      )
                              )
      v.                      )   NO. C 07-2845 WHA
                              )
ILLUMINA, INC., ET AL.,       )
                              )
              Defendants.     )
_____)
                                      San Francisco, California
                                      Monday, September 8, 2008

             ROUGH DRAFT***TRANSCRIPT OF PROCEEDINGS
APPEARANCES:

For Plaintiff:          Morrison & Foerster
                        12531 High Bluff Drive
                        Suite 100
                        San Diego, California  92130-2040
                   BY:  DAVID C. DOYLE, ESQ.
                        BRIAN M. KRAMER, ESQ.
                        and
                        Morrison & Foerster
                        755 Page Mill Road
                        Palo Alto, California  94304-1018
                   BY:  BRYAN J. WILSON, ESQ.
                        ERIC C. PAI, ESQ.

For Defendant:          Marshall, Gerstein & Borun
                        233 South Wacker Drive
                        6300 Sears Tower
                        Chicago, Illinois  60606-6357
                   BY:  THOMAS J. ROSS, ESQ.
                        KEVIN M. FLOWERS, ESQ.
                        JOHN R. LABBE', ESQ.

Also Present:           KURTIS MACFERRIN, ESQ.
                        CHRIS CABOU, ESQ.

Reported By:            BELLE BALL, CSR, RMR, CRR
                        Official Reporter
```

Belle Ball, CSR, RMR, CRR   (415) 373-2529
Official Reporter, U. S. District Court

```
 1    MONDAY, SEPTEMBER 8, 2008
 2                                                    10:00 A.M.
 3                       P R O C E E D I N G S
 4         THE CLERK:  Calling Civil Action C 07-2845, Applera
 5    Corporation versus Illumina, Inc., on for pretrial conference.
 6         Counsel, please state your appearances for the
 7    Record.
 8         MR. DOYLE:  Good morning, Your Honor, David Doyle,
 9    Bryan Wilson, Eric Pai and Brian Kramer, all on behalf of
10    Applera and Applied Biosystems.
11         THE COURT:  All right.  Welcome.
12         MR. ROSS:  Good morning, Your Honor, Thomas Ross,
13    Kevin Flowers and John Labbé for the Defendants.
14         THE COURT:  All right.  Okay.  Let's start with
15    motions in limine.  We'll start with Plaintiff's motions.
16         This is not going to be long extended argument.
17    Usually three to five minutes per side, something like that,
18    depending on whether I have questions.  So, you've got to get
19    right to the point.
20         Let's go to Motion in Limine No. 1 by the Plaintiffs.
21    Who's going to argue that?
22         MR. PAI:  I will, Your Honor.
23         THE COURT:  Are you?  Let's hear what you have to
24    say.
25         MR. PAI:  Your Honor, this motion in limine has to do
```

1    harmlessness.
2           But, again, respectfully, I submit that the
3    disclosure in the invalidity contentions was adequate.  The
4    invalidity contentions --
5           **THE COURT:**  Let me argue with you a minute on that.
6           **MR. KRAMER:**  Sure.
7           **THE COURT:**  Because you're not being fair to what was
8    disclosed -- I'm looking at Page 9.  "Claim 8 of the '341
9    patent is obvious based upon" -- and then you -- you act like
10   all it says is "Brennan plus Mag."  It's a much longer list.
11          It says, Whiteley, comma, Landegren, comma, Sibson,
12   Roman I, comma, Sibson, Roman II, comma, Mundy, comma,
13   Southern, and/or Brennan, taken alone, together or in view of
14   the state of the art that phosphoramidate linkages are
15   chemically cleavable during sequencing were well known at the
16   time of the invention as taught by Mag, et cetera.
17          So, that statement would pick up a lot more than
18   "Brennan plus Mag."
19          **MR. KRAMER:**  Yes.  And when we get to the point of
20   the expert --
21          **THE COURT:**  So, now you're saying they were on notice
22   of Whiteley, on Landegren, on Sibson I plus Mag, all of
23   those -- how many combinations are there?  There are a lot of
24   combinations there.
25          And your theory is that they had to guess at which

1  ones you forgot to put in under Claim 1 of the '119?  That is a
2  ridiculous argument.  No.  That's a loser.
3          **MR. KRAMER:**  I would say --
4          **THE COURT:**  The only issue you've possibly got going
5  for you is harmlessness.  For you to make -- that's such a
6  phony argument, to argue that it was some kind of a clerical
7  error, and that you didn't cut and paste it, and it's a
8  completely -- no.  That argument is rejected.
9          Here's the way we are going to deal with this.  The
10 burden is on you.  You are the one that goofed up.  So, this is
11 excluded for now.
12         But I'm going to give you one last chance.  And that
13 is, by the end of the week, on Friday at noon, both sides can
14 submit up to five pages on -- to explain why this should -- is
15 or is not harmless.  And burden -- if it's a close call, and
16 the burden is on you, you are going to lose this.
17         **MR. KRAMER:**  Sure.
18         **THE COURT:**  So, on the other hand, I do believe the
19 Rule 37(c) standard applies, and if I decide it was harmless,
20 then it's going to be allowed.
21         So, there we are.  So, the only issue left to be
22 addressed is whether or not it's harmless.  And the burden is
23 on Mr. Kramer, who is already -- who violated the disclosure
24 rule.
25         All right.  So, that one, we don't have a ruling on

1    quite yet.  Does that end all of the motions in limine?
2             **MR. DOYLE:**  It does, Your Honor.
3             **THE COURT:**  Great.
4             **MR. FLOWERS:**  Thank you, Your Honor.
5             **THE COURT:**  Now we go to -- the way we are going to
6    try this case, we are going to talk about time limits and I
7    have carefully considered everything that's been submitted, and
8    here's the way the time limits are going to work.  Each side
9    will get an opening statement and we will decide on that later.
10   Probably 30 minutes per side.  Then you are going to get eye
11   thighs on Phase One, now.  This is on the y this is on Phase
12   One now, this is on -- but for the grand total of the entire
13   case, evidence-wise, each side gets 20 hours.  That includes
14   both the -- the part to recover the -- the patents, and you can
15   use up the nine hours on that part of the case.  If you use all
16   nine hours, you get eleven hours left on the infringement part
17   of the case.  So if you want to take a gamble and use more on
18   the first part of the case, that's up to you.  But when you run
19   out of time, you run out of time.  So you -- you can say nine
20   plus eleven, you can say five plus 15, however you want to
21   divide it up, I'm going to give you some discretion on that.
22   But nine hours it is maximum you can use on the part of the
23   case that deals with who owns the patents.  Y is the maximum y.
24            This is both your cross and your direct.  This is --
25   so any time you are asking questions, the clock is running