BRYAN WILSON (CA SBN 138842)
ERIC C. PAI (CA SBN 247604)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-Mail: BWilson@mofo.com; EPai@mofo.com

DAVID C. DOYLE (CA SBN 70690)
STEVEN E. COMER (CA SBN 154384)
BRIAN M. KRAMER (CA SBN 212107)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
E-Mail: DDoyle@mofo.com; SComer@mofo.com; BMKramer@mofo.com

Attorneys for Plaintiff
APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | Case No.   C07 02845 WHA<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF APPLERA CORPORATION – APPLIED BIOSYSTEMS GROUP'S MISSING ARGUMENT REGARDING DISPUTED PHASE II JURY INSTRUCTION ON INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**<br><br>Trial Date: September 29, 2008<br>Time:        7:30 a.m.<br>Place:       Courtroom 9, 19th Floor<br>Judge:      William H. Alsup |

1   At the September 8, 2008 Final Pretrial Conference, the Court granted Applied
2   Biosystems' ("AB's") oral motion for administrative relief to submit this Supplemental
3   Memorandum of Law in support of its proposed jury instruction regarding infringement under the
4   doctrine of equivalents. (Dckt. No. 292 at 123:9-21.) AB's Memorandum of Law in Support of
5   its Disputed Jury Instructions (Dckt. No. 278), did not include any argument addressing what is
6   now labeled "Disputed Instruction No. 1." When AB filed its brief, it was under the impression
7   that the parties had reached a stipulated instruction. AB did not discover that the instruction
8   entitled "Infringement Under the Doctrine of Equivalents" was switched from a proposed
9   stipulated instruction to a proposed disputed instruction until weekend preparations for the Final
10  Pretrial Conference. AB submits this supplemental argument in support of its proposed
11  instruction for Disputed Instruction No. 1. The arguments in AB's Memorandum of Law in
12  Support of its Disputed Jury Instructions labeled as Nos. 1-7 should be considered as AB's
13  arguments in support of its Disputed Instructions Nos. 2-8.

**SUPPORT FOR DISPUTED INSTRUCTION NO. 1 OFFERED BY AB RE INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

Disputed Language: "If Applied Biosystems has offered evidence sufficient to show that the broadened claim scope sought by Illumina would capture the prior art, the burden shifts to Illumina to prove that what it attempts to cover under the doctrine of equivalents is not in the prior art or would not have been obvious from the prior art."

19  As an initial matter, AB notes that limitations on the doctrine of equivalents, whether
20  based on prosecution history estoppel or prior art, are questions of law for the Court. They are
21  not to be decided by the jury. *See Cybor Corp. v. Fas Techs.*, 138 F.3d 1448, 1460 (Fed. Cir.
22  1998) (en banc) ("Prosecution history estoppel is a legal question. . . ."); S*treamfeeder, L.L.C. v.*
23  *Sure-Feed Sys., Inc.*, 175 F.3d 974, 982 (Fed. Cir. 1999) ("Determining whether the scope of
24  equivalents accorded to a particular claim would encompass the prior art is an issue of law. . . .").
25  Thus, this instruction should not be given to the jury. To the extent the Court sends the issue of
26  the limitations on the scope of the doctrine of equivalents to the jury, AB's proposed instruction
27  should be given.

1    The proposed jury instruction is particularly relevant to AB's legal argument regarding
2 noninfringement of claim 1 of the Macevicz '119 patent under the doctrine of equivalents.
3 Solexa argues that the claimed phosphoramidate linkage is equivalent to AB's phosphorothiolate
4 linkage.  AB argues as a matter of law that Solexa's proposed scope of equivalents for claim 1's
5 phosphoramidate limitation is impermissibly broad because it would encompass prior art
6 references, namely the Beaton and Carr references.
7    The specific focus of the dispute is whether the jury instruction should require that AB
8 prove that "the accused product" is in the prior art or whether "the broadened claim scope sought
9 by [Solexa] would capture the prior art."  The distinction is subtle, but important.  AB need not
10 prove that the "accused product" (i.e., the SOLiD System™ probe) is in the prior art.  Instead, it
11 need only show that the scope of equivalents sought by Solexa would capture the prior art.  As
12 proposed by Solexa, the jury may think that AB is required to show that its own SOLiD System
13 probes (the accused product) existed before Macevicz filed his patent.  That is not the law.
14    Solexa's proposed construction comes from a footnote in the Northern District's Model
15 Patent Jury Instruction 3.4, which says that if this instruction is given, "the court should instruct
16 the jury that if [alleged infringer] has offered evidence sufficient to show that the accused
17 [product] [method] is in the prior art, the burden shifts to the [patent holder] to prove that what it
18 attempts to cover under the doctrine of equivalents is not in the prior art or would not have been
19 obvious from the prior art."  Model Patent Jury Instructions 3.4 at n.2.  The model instruction is
20 flawed to the extent it suggests that the actual accused device at issue in the infringement case
21 must be shown to be in the prior art before the burden shifts to the patent holder to prove that
22 what it attempts to cover under the doctrine of equivalents is not in the prior art or would not have
23 been obvious from the prior art.  The cases cited by the Model Instruction prove AB's point.  For
24 example, the Model Instruction cites S*treamfeeder*, 175 F.3d at 981-84.  That case expressly
25 frames the accused infringer's burden as "presenting prior art which <u>shows that the accused range</u>
26 <u>of equivalents</u> would encompass the prior art." *Id.* at 984 (emphasis added).  It does not say that
27 the "accused product" must be shown to be in the prior art.  Another case cited by the Model
28 Instruction, *Ultra-Tex Surfaces, Inc. v. Hill Bros. Chem. Co.*, 204 F.3d 1360, 1364 (Fed. Cir.

2

2000), similarly frames the relevant question as "determining whether a claim that has been 'broadened' under the doctrine of equivalents impermissibly ensnares the prior art in its newly expanded form." Again, it does not require that the accused infringer show that the accused device itself is in the prior art. Admittedly, a third Federal Circuit case cited by the Model Instruction uses language similar to the proposed rule. *See Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1323 (Fed. Cir. 2000) ("Absent any evidence proffered by [the accused infringer] to show that its device was in the prior art, there was nothing for [the patentee] to rebut."). But when reading the *Fiskars* opinion in whole, and when applying common sense, it is clear that the Federal Circuit (and the drafters of the Model Instructions) are not referring the infringer's actual accused device. They are instead referring to prior art that has similar or the same features as the accused device. If the accused infringer in any case shows that its actual accused product is in the prior art, then the patent would be invalid under 35 U.S.C. § 102. *See, e.g.*, *Lewmar Marine, Inc. v. Barient, Inc.*, 827 F.2d 744, 747 (Fed. Cir. 1987) ("That which would *literally* infringe if later in time anticipates if earlier than the date of invention."). In other words, if AB could show that the actual SOLiD System probes were prior art to the Macevicz patents, they would anticipate the claims and could not be found to infringe. There would be no need to conduct an analysis of the proper scope of the doctrine of equivalents. It makes no sense to require or suggest that Applied Biosystems must show that the SOLiD Systems probes were in the prior art in order to limit the doctrine of equivalents. Use of the term "accused product" in Solexa's proposed instruction is likely to confuse the jury. Moreover, AB's proposed instruction is directly supported by the cases cited in Model Instruction 3.4. Accordingly, AB's proposed modification to the Model Instruction is appropriate and should be given to the jury if the Court decides to instruct the jury on this question of law.

Dated: September 12, 2008          MORRISON & FOERSTER LLP

By:    /s/  Brian M. Kramer
        Brian M. Kramer

        Attorneys for Plaintiff – Applied
        Biosystems, Inc.

3