1  THOMAS I. ROSS (admitted *pro hac vice*)
   KEVIN M. FLOWERS (admitted *pro hac vice*)
2  JEFFREY H. DEAN (admitted *pro hac vice*)
   MARK H. IZRAELEWICZ (admitted *pro hac vice*)
3  JOHN R. LABBE (admitted *pro hac vice*)
   CULLEN N. PENDLETON (admitted *pro hac vice*)
4  MARSHALL, GERSTEIN & BORUN LLP
   6300 Sears Tower
5  233 South Wacker Drive
   Chicago, Illinois 60606-6357
6  (312) 474-6300 (telephone)
   (312) 474-0448 (facsimile)
7  E-Mail: kflowers@marshallip.com
   E-Mail: tross@marshallip.com
8  E-Mail: jdean@marshallip.com
   E-Mail: mizraelewicz@marshallip.com
9  E-Mail: jlabbe@marshallip.com
   E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC., AND STEPHEN C. MACEVICZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLERA CORPORATION—APPLIED BIOSYSTEMS GROUP, a Delaware corporation, | Case No. 07-CV-02845 WHA |
| | Judge William H. Alsup |
| Plaintiff/counterdefendant, | Trial: Sept. 29, 2008 |
| - vs. - | Courtroom 9, 19th Floor |
| ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual, | |
| Defendants/counterclaimants. | |

SOLEXA'S OPPOSITION TO AB'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; Case No. C07 02845 WHA

## I.   INTRODUCTION

In its motion seeking leave to file a motion for reconsideration, AB posits a new "one-part" test for claim vitiation that finds even less support in the law than its previously proposed three-part test.[1] AB's motion seeking reconsideration is based solely on its misinterpretation of the Federal Circuit's *Carnegie-Mellon* decision.[2] Contrary to AB's arguments, *Carnegie-Mellon* did not "resolve[] any ambiguity"[3] in the law concerning claim vitiation; it merely applied existing law to a very specific set of facts. Because *Carnegie Mellon* did not change the law concerning claim vitiation (and because there has been no further development of the record since the Court denied AB's motion for summary judgment of non-infringement), AB cannot satisfy the requirements of Civil Local Rule 7-9(b)(1) or (2), and its motion seeking reconsideration must therefore be denied.

## II.   ARGUMENT

### A.   To justify reconsideration, AB had to show that *Carnegie-Mellon* changed the law regarding claim vitiation

AB argues that *Carnegie-Mellon* constitutes grounds for reconsideration under Civil Local Rule 7-9(b)(1) and (2).[4] But under Civil Local Rule 7-9(b)(1), AB had to show that "a <u>material difference</u> in . . . law exists from that which was presented to the Court before entry of the interlocutory order" and "that in the exercise of reasonable diligence the party applying for

---

[1] When AB moved for summary judgment of non-infringement of claim 1 of the '119 patent, it argued that a three-factor test for "vitiation" precluded a finding that AB's phosphorothiolate bond could be equivalent to the phosphoramidate bond recited in claim 1. *See* Docket No. 231 at 20-21. In its opposition, Solexa pointed out that the test for claim vitiation requires consideration of the "totality of the circumstances," and that even under AB's proposed test, a finding of equivalence would not vitiate the claim limitation. *See* Docket No. 213 at 20-25. In its order denying AB's motion, this Court agreed that Federal Circuit precedent requires consideration of the "totality of the circumstances," noted that "Federal Circuit decisions on this issue seem to blow hot and cold, at least arguably" and held that the "specific record presented on summary judgment here is too undeveloped to be confident on this issue." Docket No. 231 at 20-21.

[2] *Carnegie-Mellon University v. Hoffman-La Roche, Inc.*, Nos. 2007-1266 & 2007-1267 (Fed. Cir. Sept. 8, 2008) (slip op. filed as Docket No. 287-2).

[3] Docket No. 286 at 2.

[4] Docket No. 286 at 3. AB's motion waived any reliance on Local Rule 7-9(b)(3).

reconsideration did not know such . . .law at the time of the interlocutory order." Similarly, under Civil Local Rule 7-9(b)(2), AB had to show "a change of law occurring after the time of such order." As explained below, because *Carnegie-Mellon* did not create either a "material difference" in law or a "change of law," but merely applied existing law already considered by this Court, AB has failed to satisfy its burden to justify reconsideration under either Local Rule 7-9(b)(1) or (2).

**B.     *Carnegie-Mellon* did not change the law regarding claim vitiation**

AB's motion fails because *Carnegie-Mellon* did not, either expressly or by implication, change the law regarding claim vitiation, and certainly did not create the new bright-line rule urged by AB. To the contrary, the *Carnegie-Mellon* panel expressly applied the "totality of the circumstances" test set out in the *Freedman Seating* case.[5]

"In order for a subsequently issued circuit decision to justify reconsideration of a district court ruling, the circuit decision must effect a 'change of law.'"[6] A subsequent appeals court decision that merely restates or reapplies existing legal principles does not represent a "change of law," material or otherwise, that justifies reconsideration.[7]

Nor does a subsequent appeals court decision change the law by implication where the decision is based on existing precedent. For example, in the recent *Stanford v. Roche* case, the defendant sought leave to file a motion for reconsideration of a claim construction order, arguing that an intervening Federal Circuit decision had "caused an intervening change in the law"

---

[5] *Freedman Seating Co. v. Am. Seating Co.*, 420 F. 3d 1350 (Fed. Cir. 2005) (Docket No. 287-2 at 23). This is the same test relied upon by the Court in denying summary judgment. Docket No. 232 at 20.

[6] *Cruz v. United States*, 2003 U.S. Dist. LEXIS 10948, *8 (N.D. Cal., June 24, 2003).

[7] *Minton v. Nat'l Assoc. of Securities Dealers*, 336 F.3d 1373, 1379 (Fed. Cir. 2003) (holding that a Federal Circuit decision "did not alter, let alone expand, the law . . . in any way, let alone a material way [where it] simply applied settled . . . law to the facts before it"); *Cruz v. United States*, 2003 U.S. Dist. LEXIS 10948, *9-*10 (holding a subsequent appeals court decision "did not change the law that prevailed at the time this Court ruled on the . . . Defendants' motion to dismiss [where it] simply applied well-established principles . . . under the narrow set of facts presented in that case").

SOLEXA'S OPPOSITION TO AB'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; Case No. C07 02845 WHA         2

because the Federal Circuit found that "after-arising technology could be infringing."[8] Judge Patel denied the motion, explaining that a subsequent decision does not provide "a change in intervening law" when it reaches a decision based on a case already considered by the court.[9] Similarly here, the panel in *Carnegie-Mellon* was not "changing the law" set out in *Freedman Seating*, it was merely applying it.

Although the *Carnegie-Mellon* panel expressly applied the "totality of the circumstances" test stated in *Freedman Seating*, AB asks the Court to reconsider its denial of AB's motion based on the unsubstantiated assertion that the Federal Circuit now permits district courts, under some undefined conditions, to set aside the *Freedman Seating* test in favor of a bright-line rule that "the claim language alone, without further factual development"[10] precludes application of the Doctrine of Equivalents. But as Solexa pointed out in its Reply in Support of its Motion for Partial Summary Judgment of Infringement,[11] the Federal Circuit has already expressly rejected the bright-line rule urged by AB (that restrictive claim language alone precludes infringement under the Doctrine of Equivalents).[12]

Nothing in *Carnegie-Mellon*, including the passages cited by AB, indicates that the Federal Circuit panel contemplated the new bright-line rule urged by AB, much less adopted it. Indeed, the *Carnegie-Mellon* panel could not have adopted this alleged new rule, to the extent that it would overrule the *Freedman Seating* or *Abraxis Bioscience* cases, since *Carnegie-Mellon* was

---

[8] *Bd. of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Systems*, 2008 U.S. Dist. LEXIS 17114, *4 (N.D. Cal. Mar. 4, 2008) (Patel, J.).

[9] *Id.* at *6 ("Stanford also incorrectly argues a change in intervening law. *Innogenetics* did find that after-arising technology could be infringing. This court, however, held the same based upon the identical case that *Innogenetics* relies upon, *SuperGuide Corp. v. DirecTV Enters., Inc.*, 358 F.3d 870, 878-80 (Fed. Cir. 2004).").

[10] Docket No. 286 at 3.

[11] Docket No. 221 at 2 and fn. 6.

[12] *Abraxis Bioscience, Inc. v. Mayne Pharma Inc.*, 467 F.3d 1370, 1379, 1381 (Fed. Cir. 2006) (affirming judgment of infringement under the Doctrine of Equivalents over accused infringer's argument that use of restrictive terms in the claims precluded equivalents as a matter of law).

SOLEXA'S OPPOSITION TO AB'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; Case No. C07 02845 WHA     3

not an *en banc* decision.[13] There is simply no basis for AB's assertion that *Carnegie-Mellon* changed the law concerning claim vitiation, "materially" or otherwise.

### C. AB misinterprets the holding in *Carnegie-Mellon*

AB misinterprets the holding in *Carnegie-Mellon* because AB fails to take into account the totality of the circumstances in that case. Contrary to AB's assertions, the Federal Circuit did not affirm Judge Illston's grant of summary judgment of non-infringement "based on the choice of claim language alone."[14]

The claim at issue in *Carnegie-Mellon* related, in part, to DNA encoding a protein called DNA polymerase. The key issue for the Doctrine of Equivalents analysis was whether the claim, which recited that the "bacterial source [is] *E. coli*," covered the defendant's product, for which the "bacterial source" was *Thermus aquaticus* ("*Taq*"), a different species.

Although the Federal Circuit agreed with Judge Illston that "a finding that *Taq* is an equivalent of *E. coli* would [vitiate] the 'bacterial source [is] *E. coli*' claim limitation," the opinion as a whole shows that the Federal Circuit panel did not do so solely on the basis of the claim language. To the contrary, the panel had already affirmed Judge Illston's decision that the patent's broader claims to any "bacterial source" were invalid because the specification only described DNA polymerase-encoding DNA from *E. coli*, i.e., the patent did not provide adequate written descriptive support for any broader claims (which would cover *Taq*).[15] That is not the case here (indeed, AB said nothing about claim 1 of the '119 patent in the section of its Final

---

[13] *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 n.3 (Fed. Cir. 2006) (the Federal Circuit can only overrule precedent through an *en banc* decision). Even if *Carnegie-Mellon* had announced a "materially changed" all-elements rule, AB's request for reconsideration would still be unwarranted because the Supreme Court decisions cited by Solexa, such as *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605 (1950), and *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17 (1997), would still be controlling.

[14] Docket No. 286 at 5.

[15] The *Carnegie-Mellon* decision repeatedly indicates that the claims were limited to an *E. coli* source for the DNA polymerase. *See* Docket No. 287-2 at, *e.g.*, 5 ("Throughout the specification, the patents teach that the host bacterial strain that is used to achieve that objective is *E. coli*."), 15 ("[T]he narrow specifications . . . patents only disclose the *polA* gene coding sequence from one bacterial source, *viz.*, *E. coli*."), and 17 ("We agree with the district court that the narrow disclosure of the *E. coli polA* gene . . . fails to adequately support the entire claimed genus . . . .").

Invalidity Contentions[16] setting out its allegations regarding enablement and written description deficiencies in the patents-in-suit).[17]

### III.     CONCLUSION

AB has failed to show that the law regarding claim vitiation has materially changed since this Court denied AB's motion for summary judgment of non-infringement. Instead, AB has simply pointed to a Federal Circuit decision that applied the existing law to reach a decision that AB thinks is favorable, that is, a case in which the Federal Circuit "blows hot" regarding claim vitiation. Because this falls far short of satisfying AB's burden under Civil Local Rule 7-9(b)(1) or (2), this Court should deny AB's motion seeking leave to file a motion for reconsideration.

Dated: September 18, 2008         Respectfully submitted,

   /s/   Cullen N. Pendleton
THOMAS I. ROSS (admitted *pro hac vice*)
KEVIN M. FLOWERS (admitted *pro hac vice*)
JEFFREY H. DEAN (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: tross@marshallip.com
E-Mail: kflowers@marshallip.com
E-Mail: jdean@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com

Counsel for Defendants
ILLUMINA, INC., SOLEXA, INC.,
and STEPHEN C. MACEVICZ

---

[16] Exhibit 2 to Declaration of John R. Labbe in Support of Defendants' Motion in Limine No. 5 (Docket No. 256-3).

[17] *See id*. at 17-18 (alleging invalidity only of claim 1 of the '341 patent and claim 1 of the '597 patent on the basis of lack of adequate written description).

SOLEXA'S OPPOSITION TO AB'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; Case No. C07 02845 WHA                              5