IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLERA CORPORATION-APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual<br><br>Defendants. | No. C 07-02845 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

Plaintiff's motion for leave to file a motion for reconsideration is **DENIED**. Civil Local Rule 7-9(b) provides that the party moving for reconsideration must show:

> (1) That at the time of the motion for leave, *a material difference in fact or law exists* from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or *a change of law* occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Plaintiff has not shown that the Federal Circuit's recent decision in *Carnegie Mellon Univ. v. Hoffmann-La Roche Inc.*, 2008 WL 4111410 (Fed. Cir. Sep. 8, 2008), created either a

"material difference in law" or a "change of law" that would justify reconsideration. Rather, Carnegie merely applied existing Federal Circuit law regarding claim vitiation, *i.e.*, an examination of the "totality of the circumstances," to the facts on its record.

**IT IS SO ORDERED**.

Dated: September 19, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2