IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

APPLERA CORPORATION-APPLIED
BIOSYSTEMS GROUP, a Delaware
corporation,

    Plaintiff,

  v.

ILLUMINA, INC., a Delaware corporation,
SOLEA INC., a Delaware corporation, and
STEPHEN C. MACEVICZ, an individual,

    Defendants.
                                       /

No. C 07-02845 WHA

**ORDER GRANTING
SOLEXA'S MOTION TO
STRIKE AND DENYING
APPLIED'S CROSS MOTION
TO STRIKE**

      The deadlines for completing fact and expert discovery have long since passed. On September 8, 2008, a final pretrial conference was held where the Court heard arguments on the parties' motions in limine. At the hearing, Applied's motion in limine to preclude Solexa from seeking damages related to the '341 and '597 patents was granted. Solexa, however, was given permission to submit a supplemental report by its damage expert, Dr. Gerald Siuta, regarding damages for the '119 patent. In this regard, Applied was given the opportunity to take a two-hour deposition of Dr. Siuta and to submit a rebuttal report to Dr. Siuta's supplemental report.

      In that same hearing, the Court heard argument on Solexa's motion in limine to exclude any testimony by Applied's expert, Dr. Alan Cox, relating to any alleged non-infringing alternatives to the claimed inventions. Solexa's motion was based on the ground that Dr. Cox had relied on a never-before identified expert opinion written by Dr. Kevin McKernan, an employee at Applied. The motion was granted in part with Dr. Cox only being permitted to rely on the two-base encoding system as a non-infringing alternative to the '341 and '597 patents. In addition, the Court offered Applied the opportunity to submit a supplemental report

regarding non-infringing alternatives to the patented inventions. Applied rejected this offer (Tr. 68):

> The Court: What do you want to do? Do you want to? Do you want to just rely on the two-base and — period, and no other things were considered? Or do you want the opportunity for this five-page supplement to fix up and provide foundation for what this expert was going to base his opinion on?
>
> Mr. Doyle (Applied's counsel): We will rely on the two-base, alone, Your Honor. That — this is what this case is about. And, that's what there were doing. They were considering some other things, as Mr. Pai mentioned, but —
>
> The Court: That cannot be mentioned.
>
> Mr. Doyle: Yes, your honor.

As authorized, Solexa then served Dr. Siuta's supplemental damage report for the '119 patent on September 12. Dr. Siuta's report, and ultimate damage figure, was based in large part on the assumption that there were no non-infringing alternatives to the '119 patent. At his deposition, Dr. Siuta admitted that this assumption was based on a representation by his counsel. On October 3, Applied served its five-page rebuttal report from Dr. Cox in which he referred to non-infringing alternatives to the claimed invention of the '119 patent. In support of his assumption that there were non-infringing alternatives, Dr. Cox cited to "conversations" with Dr. Michael Metzker (Applied's technical retained expert) and Dr. Gina Costa (an employee of Applied's predecessor) as well as a rebuttal expert statement of Dr. Metzker. The rebuttal expert statement by Dr. Metzker was also served on October 3.

Solexa now moves to strike Dr. Cox's rebuttal report as it relates to non-infringing alternatives and Applied cross moves to strike the supplemental report of Dr. Siuta as it relates to non-infringing alternatives. Solexa's motion is **GRANTED** and Applied's cross motion is **DENIED**. Significantly, Applied was given its opportunity at the final pretrial conference to supplement is expert reports with a new non-infringing alternatives analysis. It chose not to do so. Based on this representation and the fact that Applied had not offered any other evidence of non-infringing alternatives during discovery, Solexa's counsel rightfully informed Dr. Siuta that he was to assume that there were no non-infringing alternatives. Then, in its rebuttal report, Applied's damage expert, Dr. Cox, relied on previously undisclosed expert opinions. Rule

2

37(c)(1) only excuses a failure to disclose for two reasons: (1) the late disclosure was harmless or (2) the late disclosure was substantially justified. No such excuse has been provided here. *First*, Solexa has already relied on Applied's previous representations in advising Dr. Siuta thereby making the late disclosure harmful. *Second*, there is no substantial justification for the late disclosure because Applied was well aware of this issue at the final pretrial conference when it made the representation that it would *not* rely on any other non-infringing alternative.

\*    \*    \*

To update counsel on the trial date, the Court now expects to hold the first phase of the trial starting December 1 and ending by the 5th or some day the following week and to hold phase two, if needed, starting on January 5, 2009, both phases to be tried to the same jury. This is subject to settlement of a death penalty criminal case set for jury trial in November 2008.

**IT IS SO ORDERED.**

Dated: October 27, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3