United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

APPLERA CORPORATION-APPLIED
BIOSYSTEMS GROUP, a Delaware
corporation,

       Plaintiff,

  v.

ILLUMINA, INC., a Delaware corporation,
SOLEA INC., a Delaware corporation, and
STEPHEN C. MACEVICZ, an individual,

       Defendants.

                             /

No. C 07-02845 WHA

**ORDER DENYING
APPLERA'S MOTION FOR
CLARIFICATION**

The Court has received Applera's motion for "clarification" of the order granting

Solexa's motion to strike.  The circumstances leading up to Solexa's motion to strike were

detailed in the order (Dkt. 323).  As an initial matter, Applera's motion for "clarification" is

nothing more than a disguised motion for reconsideration.  Putting that aside, no "clarification"

is necessary.  Applera cannot get around the fact that it expressly rejected the opportunity to

submit a supplement to its expert report regarding non-infringing alternatives:

> The Court: What do you want to do? Do you want to? Do you
> want to just rely on the two-base and — period, and no other
> things were considered? Or do you want the opportunity for this
> five-page supplement to fix up and provide foundation for what
> this expert was going to base his opinion on?
>
> Mr. Doyle (Applied's counsel): We will rely on the two-base,
> alone, Your Honor. That — this is what this case is about. And,
> that's what there were doing. They were considering some other
> things, as Mr. Pai mentioned, but —
>
> The Court: That cannot be mentioned.

United States District Court

For the Northern District of California

1       Mr. Doyle: Yes, your honor.

2  Applera now argues that its representations were only made in regards to the '341 and '597

3  patents.  Nothing in the record, besides Applera's own argument, supports this conclusion.  The

4  Court in unequivocal terms gave Applera the opportunity to supplement its expert reports with a

5  new five-page submission regarding non-infringing alternatives.  Nothing in the Court's offer or

6  in Applera's rejection indicates that it was limited only to the '341 and '597 patents.  It should

7  have been clear to Applera that the offer was made in regards to all the patents in suit.  In

8  addition, in its opposition to Solexa's motion to strike, Applera did not even raise the argument

9  that its representations were limited to the '341 and '597 patents, instead relying on the

10  argument that Solexa's expert had no sufficient foundation for his damage opinion.  After losing

11  the motion, Applera is simply trying to reargue the motion on a different ground.  Applera was

12  plainly given its opportunity and gave it up.  At this point, if Applera were allowed to

13  supplement its expert reports, prejudice would occur.  Applera itself admits that prior to the

14  final pretrial conference neither side had offered any expert report on whether the '119 patent

15  had non-infringing alternatives.

16       This does not mean, however, that Solexa's damage expert can testify that there *were* no

17  non-infringing alternatives.  He is not qualified to so testify and must make clear that his

18  damage opinion is based on that assumption.

19

20

21  Dated:  November 13, 2008.

22                                WILLIAM ALSUP
                                       UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

2