IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLERA CORPORATION-APPLIED BIOSYSTEMS GROUP, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., a Delaware corporation, SOLEXA, INC., a Delaware corporation, and STEPHEN C. MACEVICZ, an individual,<br><br>Defendants. | No. C 07-02845 WHA |

**FINAL CHARGE TO THE JURY**

1.

Members of the jury, it is my duty to instruct you on the law that applies to this case. Copies of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence presented in the case. To those facts you must apply the law as I give it to you. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

    1.    The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

    2.    The exhibits which have been received into evidence;

    3.    The sworn testimony of witnesses in depositions read into evidence; and

    4.    Any facts to which all the lawyers have stipulated here in the courtroom before you. You must treat any stipulated facts as having been conclusively proven.

3.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

    1.    Arguments and statements by lawyers are not evidence.
The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the

evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

3. Objections by lawyers are not evidence.

4. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.

5. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in light of reason, experience and common sense. You should consider both kinds of evidence. It is for you to decide how much weight to give to any evidence.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2

2. The witness' memory;

3. The witness' manner while testifying;

4. The witness' interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness' testimony;

6. The reasonableness of the witness' testimony in light of all the evidence; and

7. Any other factors that bear on believability.

6.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called the witnesses or produced evidence.

7.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or to do something, that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

9.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

10.

In these instructions, I will often refer to the burden of proof. The burden of proof in this case is known as a burden of proof by a preponderance of the evidence. When a party has the burden of proof on any issue by a preponderance of the evidence, it means you must be persuaded by the evidence that the issue is more probably true than not true. To put it differently, if you were to put the evidence favoring plaintiff and the evidence favoring defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

11.

I now will turn to the claims in this case. AB is suing to establish ownership of the Macevicz patents in suit, which are TX 39, TX 42, and TX 43, also sometimes referred to as the '341, '119, and '597 patents. I will sometimes refer to these as the Macevicz inventions in suit. The patents were issued to Macevicz by the Patent Office and he then assigned them to Lynx Therapeutics, pursuant to his agreement with Lynx in 1995. Lynx ultimately became part of Illumina, Inc. AB, however, contends that Macevicz was obligated to assign the inventions,

4

patent applications and any patents to AB under the Employee Invention Agreement, which is TX 3, back in 1995 when he was employed at AB.

12.

On both sides of this case, there have been corporate changes. When we refer to AB we are referring to Perkins Elmer and any other affiliate. When we refer to Lynx, we are also referring to any other successor company such as Illumina. Unless I tell you otherwise, treat each set of competing companies as one company on each side of the litigation, for their separate identities makes no difference for purposes of this case.

13.

In this case everyone agrees that Macevicz conceived and developed the Macevicz inventions in suit while he was employed by AB. Under Paragraph 2 of the Employee Invention Agreement, Macevicz promised as follows:

> I further agree that I will promptly make full disclosure to the Company, will hold in trust for the sole right and benefit of the Company, and will assign all my right, title and interest to, any and all inventions, discoveries, developments, improvements or trade secrets which I may solely or jointly conceive, develop, or reduce to practice, or cause to be conceived, developed or reduced to practice, during the period of time I am in the employ of the Company

14.

In this case, everyone agrees that up to this point in the agreement, the language covered the inventions in suit, but there was also an exception to this language in favor of the employee on which Macevicz relies to claim ownership. The foregoing promise to assign had the following exception:

> except any invention, discovery, development, improvement of or trade secret as to which I can prove that
>
> (a) it was developed entirely on my own time; and
>
> (b) no equipment, supplies, facility or trade secret of the Company was used in its development; and
>
> (c) (i) it does not relate to the business or actual or demonstrably anticipated research or development of the Company, or (ii) it does not result from any work performed by me for the Company.

5

15.

While defendants contend the criteria were satisfied and that Macevicz never had any duty to assign the inventions, AB contends that the criteria were not satisfied and that the exception did not apply. This will be the first issue you must decide. On this issue, defendants have the burden of proof, as was agreed under the Employment Invention Agreement.

16.

In the last paragraph of the Employee Invention Agreement, Macevicz promised as follows:

> I will advise the Company promptly in writing of any inventions, discoveries, developments, improvement or trade secrets that I believe meet the criteria in subparagraphs 2(a), (b) and (c) above; and I will at that time provide to the Company in writing all evidence necessary to substantiate that belief.

The "criteria in subparagraphs 2(a), (b) and (c)" were the three criteria for inventions that would belong to the employee, as referenced just a moment ago. Everyone agrees in this case that Macevicz did not give the notice required by this provision or provide in writing the evidence necessary to substantiate his claim to ownership.

17.

That failure, however, does not mean that the three criteria for employee ownership were not or could not be established. That is the issue that must be now decided in this trial. It is up to you to decide whether Macevicz has proven that the three criteria were satisfied at the time in question in 1995 when, for example, he applied for patents on the inventions. The failure to comply with the notice provision, however, may be considered by you in a different way. If you find that Macevicz was aware of the notice and evidence requirements of this paragraph and intentionally decided not to give the notice and evidence required by this provision, then you may infer — but are not required to infer — that he did not do so because he believed doing so would be adverse to his interest, namely that he felt he might be unable to prove the three criteria necessary for him to keep the inventions. It is for you the jury to decide how much weight, if any, to give any evidence or inference in this case.

6

18.

If you find in favor of defendants on the ownership issue, then your work will be done in the first phase of the trial. If you find in favor of AB on the first issue, then you must answer additional questions.

19.

The next question is whether defendants have proven that Lynx was an innocent purchaser for value of the Macevicz inventions in suit. Put differently, even if AB should have been the rightful owner of the inventions, if Macevicz sold them to an innocent third party for value, then AB's claim to ownership would be cut off. The burden of proof is on the defendants to prove this and to do so they must prove the following:

1. Lynx purchased the patents from Dr. Macevicz for value; and
2. Lynx did not know, and should not have known, that Dr. Macevicz was not the rightful owner of the patents.

If defendants have proven both of these elements, then you must answer Question No. 2 "Yes." Otherwise, you must answer it "No."

20.

Regardless of how you come out on Question No. 2, you must answer a third question if you decide for AB on the first question. The third question concerns the statute of limitations. As you know, the events in question mainly occurred during 1995 but this lawsuit was not brought until later.

21.

On this issue, AB has the burden to prove that before December 26, 2002, AB did not know that it had a claim against Macevicz concerning the Macevicz inventions in suit. In deciding what AB knew on this point, AB is deemed to have known all facts known to its employees that were pertinent to their work for AB. For purposes of this case, of course, AB is not deemed to know facts known by Macevicz but not by other AB employees.

22.

This concludes the explanation of the law that governs this case. Again, please do not speculate how your answers will affect the second phase of this trial.

23.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. I recommend that you select a foreperson who will be good at leading a fair and balanced discussion of the evidence and the issues.

24.

In your deliberations it is usually a mistake to take a straw vote early on. This is due to the risk of jury members expressing a premature opinion and then, out of pride, digging their heels. Rather, it is usually better to discuss the evidence, pro and con, on the various issues before proceeding to take even a straw vote. In this way, all the viewpoints will be on the table before anyone expresses a vote. This is merely a recommendation, however, and it is up to you to decide on how you wish to deliberate.

25.

Your verdict as to each issue must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

26.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

27.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You

should not be overly influenced by the notes.

28.

When you retire to the jury room to deliberate, the Clerk will bring you the following:

1. All of the exhibits received into evidence;
2. An index of the exhibits;
3. A work copy of these jury instructions for each of you;
4. A work copy of the verdict form for each of you; and
5. An official verdict form.

You do not have to discuss the questions in the strict sequence indicated in the special verdict form, but you must, by the end, answer them unanimously as indicated in the form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels containing your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

29.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

30.

You have been required to be here each day from 7:45 a.m. to 1:00 p.m. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable

lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 a.m.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at all times the jury is deliberating.

31.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived, or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

32.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court through the marshal that you have reached a verdict. The foreperson should hold on to the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: January 12, 2009.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

APPLERA CORPORATION-APPLIED
BIOSYSTEMS GROUP, a Delaware
corporation,

    Plaintiff,

  v.

ILLUMINA, INC., a Delaware corporation,
SOLEXA INC., a Delaware corporation, and
STEPHEN C. MACEVICZ, an individual

    Defendants.
_____/

No. C 07-02845 WHA

**SPECIAL VERDICT**

**YOUR ANSWERS MUST BE UNANIMOUS.**

1.    Have defendants proven that the Macevicz inventions in suit met the three criteria in Paragraph 2 of the Employee Invention Agreement (Trial Exhibit 3) for inventions the employee was entitled to keep?

    Yes _____        No _____

*IF YOU ANSWERED "YES," THEN YOU ARE DONE. GO TO THE END, SIGN, AND DATE THE VERDICT; OTHERWISE, GO TO THE NEXT QUESTION.*

2.  Have defendants proven that Lynx was an innocent purchaser for value of the Macevicz inventions in suit?

    Yes _____     No _____

    *GO TO THE NEXT QUESTION.*

3.  Has AB proven that, before December 26, 2002, AB did not know that it had a claim against Macevicz?

    Yes _____     No _____

Dated: January ___, 2009.

_____
                                            FOREPERSON

2