United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

APPLERA CORPORATION-APPLIED
BIOSYSTEMS GROUP, a Delaware
corporation,

    Plaintiff,

  v.

ILLUMINA, INC., a Delaware corporation,
SOLEXA INC., a Delaware corporation, and
STEPHEN C. MACEVICZ, an individual,

    Defendants.

No. C 07-02845 WHA

**ORDER DENYING
PLAINTIFF'S MOTIONS
FOR JUDGMENT AS A
MATTER OF LAW AND
MOTIONS FOR NEW TRIAL,
AND VACATING HEARING**

    The jury returned a verdict for defendants finding that the Macevicz inventions in suit met the three criteria in Paragraph 2 of the Employee Invention Agreement for inventions defendant Macevicz was entitled to keep. The jury also returned a verdict in favor of Applied, the accused infringer, finding no infringement of Claim 1 of the '119 patent. The jury, however, concluded that Applied had not proven that Claim 1 was invalid. Applied has now filed successive and lengthy motions for judgment or for a new trial.

             \*        \*        \*

    The Court is satisfied that the jury instructions were correct and fairly covered the issues submitted to the jury (or that any problem with them was not preserved). Enough has

already been said on the record to support the instructions. More is unnecessary now.

Before the charging conference, moreover, the Court admonished counsel as follows:

> Although counsel have filed numerous waves of overlapping and even contradictory proposed instructions in the past, the proposed charge is based on the way the trial has actually developed, taking into account issues that have emerged and receded and concessions by counsel. Subject to the upcoming charging conference, the Court believes the proposed charge adequately and fairly covers all issues actually still in play. Therefore, in order to give the district judge a fair opportunity to correct any error as matters now stand, counsel must, at the charging conference, bring to the judge's attention any addition, subtraction or modification or other objections or proposal for the jury instructions. Otherwise, all such points shall be deemed waived and it will not be sufficient merely to argue after the verdict that a proposed instruction filed earlier in the proceedings somehow was not adopted. Rather, any such proposal that counsel still cares about must be raised anew at the charging conference. The charging conference shall be conducted so as to give full and fair opportunity for counsel to raise any and all objections and proposals.

What this now means is that the final charge to the jury was and remains the complete statement of the law governing the trial issues, for all sides either acquiesced in those instructions or their objections (few in the actual event) were overruled. The post-trial motions under Rule 50 must be evaluated, therefore, in light of *that* statement of the law and not in light of new citations, new legal theories and/or legal variations. Rule 50 is not an occasion for yet another round of summary judgment based on new slants on the case law. Of course, an appellate court might later find that an objection to an instruction was preserved, well-taken and not harmless and so require a new trial. But until then, this Court is satisfied that both sides are bound by the jury instructions as the exclusive statement of the governing law for the instant case.

Therefore, the only question at this stage is whether the evidence supported the verdict under the instructions given to the jury. Further slants on the law from case law cites are inadmissible at this stage.

With respect to the Mag reference, the jury *was* instructed that obviousness may be based on a *single* reference (¶ *22*). The jury could reasonably have concluded that Applied had *not* shown by clear and convincing evidence — a high burden of proof — that it would have been obvious to those of ordinary skill in the art to attach a label to the end of the sequence

described in Mag. The reference itself, of course, did not mention attaching a label. While the use of labels was common place at the time in question, almost all inventions are mere combinations of known elements. The trial record contains some evidence that the desirability of the '119 combination was not apparent until the Macevicz sequencing method came along, *i.e.*, one of the inventions themselves. Keeping in mind the clear-and-convincing standard and keeping in mind the deference we must give to jury verdicts, it would be wrong to set aside the verdict. Simply put, Applied did not carry its burden of proof — at least a reasonable jury could have so concluded.

With respect to the combination of the Mag reference and the Brennan patent (U.S. Patent No. 5,403,708), the jury *was* also instructed that obviousness could be based on a combination of references (¶ *22*). Applied contends that the Brennan patent provided an example of a label that could have been added to the oligonucleotide from the Mag reference and therefore rendered the claim obvious. It was not enough to show that the elements could have been arranged; rather, the accused infringer must have shown that a skilled artisan knowing all of the prior art *would have known* that all of the elements could have been arranged as in the claimed invention. Here, the jury could also have reasonably concluded that the evidence was not clear and convincing on this point.

Furthermore, while both sides put forth experts to testify regarding the issue of obviousness, the jury could have found Dr. Backman, the patent owner's expert, more credible and could have rejected the testimony of Dr. Metzker, the accused infringer's expert. Indeed, Applied's own counsel acknowledged in his closing argument "this question of invalidity comes down to a question of who you should believe? Dr. Backman. . . . Or Dr. Metzker. . . . It's Backman and Metzker. And that's why we have jury trials, because this is something that juries are really good at, sizing people up" (Tr. 2440:14–2441:4). Amazingly, now Applied regrets these words and lays less flattering phrases at the jury room door. Given the deference we must accord jury verdicts, the Court finds counsel was right the first time — juries are good at credibility decisions. This order will not disturb the verdict.

3

1   A Rule 50 motion after the verdict is not the occasion for the massive and extensive type of briefs submitted by Applied. The Court heard the evidence at trial. There is sufficient evidence on the record to support the jury's verdict. Examples of such supportive evidence is cited in the patent owners' memorandum. Applied has no one to blame but itself for its inability to persuade the jury under the clear and convincing standard.

\*       \*       \*

With respect to the ownership issue and phase one of the trial, there was likewise ample evidence to support the verdict. Indeed, Applied had some inconsistencies in its trial themes — for example, arguing to the jury that the inventions were highly valuable yet arguing that Macevicz merely gave them away to his new employer for "no consideration." The jury could reasonably have concluded that Macevicz satisfied all three criteria in Paragraph 2 of the Employee Invention Agreement entitling him to keep the inventions in suit. As to each of the three criteria, the evidence was ample to support the verdict. In this regard, the Court adopts the exposition of the evidence as laid out in the opposition memorandum.

There is no basis for a new trial. The verdict was not so far against the weight of the evidence as to warrant a new trial. The losing side had a fair trial. Indeed, the losing side was even allowed to put in undisclosed evidence and to pursue a last-minute theory based on the inventor's notebook and the supposed filching of company files. Having lost fair and square, the losing side must simply accept the jury's verdict and move on.

All other grounds asserted are denied as without merit or having been waived. Because Applied's motion is denied as to ownership, this order need not address Applied's supplemental motion for judgment as a matter of law addressing whether its ownership claims were barred by the statute of limitations. Nonetheless, this order finds that the evidence did not, contrary to the moving party, compel a verdict against application of the statute of limitations. As to any other specific point raised by Applied's motions, this order is in agreement with the memorandum filed by the patent owners.

All post-trial motions are **DENIED**. The hearing scheduled for March 19, 2009 is hereby **VACATED**. This case is now over in the district court and ready for appellate review.

**IT IS SO ORDERED.**

Dated: March 6, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE